UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC.; SPECTRUM ADVANCED SERVICES, LLC; AND SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, <br><br> Defendants. | Civil Action No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS CHARTER COMMUNICATIONS, INC., SPECTRUM ADVANCED SERVICES, LLC, AND SPECTRUM MANAGEMENT HOLDING COMPANY, LLC'S <u>MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO FRCP 12(b)(3)</u>**

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 5 |
| II. | STATEMENT OF THE ISSUES | 5 |
| III. | STATEMENT OF THE FACTS | 6 |
| | A. None of the Defendants Reside in Texas | 6 |
| | B. None of the Defendants Have a Physical Presence in this District | 6 |
| IV. | LEGAL STANDARD | 7 |
| V. | ARGUMENT | 7 |
| | A. The Defendants Have No Physical Place of Business in this District. | 8 |
| | B. The Defendants Have No Employees Conducting Business in This District. | 10 |
| | C. The Activities of Spectrum Gulf Coast, LLC Cannot Be Imputed To Any of the Defendants. | 10 |
| VI. | CONCLUSION | 11 |

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Ambraco, Inc. v. Bossclip B.V.*,
   570 F.3d 233 (5th Cir. 2009) ..................................................................................................7

*Andra Grp., LP v. Victoria's Secret Stores, LLC*,
   6 F.4th 1283 (Fed. Cir. 2021) ................................................................................................10

*Blue Spike, LLC v. Caterpillar, Inc.*,
   No. 6:16-CV-1361-RWS, 2017 WL 4129321 (E.D. Tex. Sept. 19, 2017)..............................11

*Cannon Mfg. Co. v. Cudahy Packing Co.*,
   267 U.S. 333 (1925)................................................................................................................10

*Home Ins. Co. v. Thomas Indus., Inc.*,
   896 F.2d 1352 (11th Cir. 1990) ...............................................................................................7

*In re Cray Inc.*,
   871 F. 3d 1355 (Fed. Cir. 2017)...........................................................................................8, 9

*In re Google*,
   949 F.3d 1338 (Fed. Cir. 2020)..............................................................................................10

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018)................................................................................................7

*Optic153 LLC v. Thorlabs Inc.*,
   No. 6:19-CV-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020) ............................7

*Pierce v. Shorty Small's of Branson Inc.*,
   137 F.3d 1190 (10th Cir. 1998) ...............................................................................................7

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017)..............................................................................................................7

### Statutes

United States Code Title 28 Section 1400(b) .............................................................................7, 8

### Other Authorities

Fed. R. Civ. P. 12(b)(3)......................................................................................................5, 7, 11

https://www.puc.texas.gov/industry/communications/business/sicfa/sicfa.aspx............................6

Local Civil Rule CV-7(a)(1) ................................................................................................. 5

Defendants Charter Communications, Inc. ("CCI"), Spectrum Advanced Services, LLC ("SAS"), and Spectrum Management Holding Company, LLC ("SMHC") (collectively, the "Defendants") move, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss Plaintiff Entropic Communications, LLC's ("Entropic") Amended Complaint (Dkt. 12) ("Amended Complaint") for improper venue.

I.   **INTRODUCTION**

Entropic accuses the Defendants of providing "cable television and internet services" that infringe its patents and asserts that venue exists for each entity in this district. The Defendants, however, are not incorporated in Texas, do not own or lease property in this district, and have no employees here. Although the Amended Complaint identifies four addresses where the Defendants allegedly operate, these sites are leased or owned, and maintained and operated, by one of CCI's separate and distinct subsidiaries--and not by CCI, SAS or SMHC. Furthermore, CCI maintains all corporate formalities; its subsidiaries are not authorized to act and do not act on CCI's behalf and CCI's subsidiaries have not agreed to act on CCI's behalf. Thus, the activities of its subsidiaries cannot form the basis for venue. Accordingly, the Court should dismiss this case under Rule 12(b)(3) for lack of venue.[1]

II.  **STATEMENT OF THE ISSUES**

Pursuant to Local Civil Rule CV-7(a)(1), the issue to be decided by the Court in connection with this Motion is whether Entropic's Amended Complaint should be dismissed under Federal Rule 12(b)(3) for failure to establish proper venue.

---

[1] All of the parties, including Entropic, are Delaware corporations. Entropic, therefore, could have filed its action Delaware.

## III.   STATEMENT OF THE FACTS

### A.   None of the Defendants Reside in Texas

By Entropic's own admission, neither CCI, SAS nor SMHC are incorporated in Texas. Dkt. 12 at ¶¶ 3, 5, 6. CCI is a Delaware corporation. Declaration of Jennifer A. Smith ("Smith Decl.") at ¶ 5. SAS and SMHC are indirect subsidiaries of CCI, also both organized under the laws of the State of Delaware. Smith Decl. at ¶¶ 8-9.

### B.   None of the Defendants Have a Physical Presence in this District

The Defendants do not have employees in the State of Texas (Declaration of Martin C. Armstrong ("Armstrong Decl.") at ¶ 4), do not hold a State-Issued Certificate of Franchise Authority ("SIFCA") issued by the Public Utility Commission of Texas (Declaration of Jeff Burdett ("Burdett Decl.") at ¶ 5) required to provide cable or video service in Texas[2] and, contrary to Entropic's allegations (Dkt. 12 ¶ 7), do not own, lease, maintain or operate property in Texas, including the four properties identified in the Amended Complaint (Declaration of Teresa Nelson ("Nelson Decl.") at ¶ 5, 8).

Entropic alleges that the Defendants provide the Accused Services, Accused Cable Modem Products, and Accused Set Top Products at the following locations: 700 Alma Dr., Plano Texas 75075, 2100 N. Dallas Pkwy, Plano, Texas 75075, 4255-A Dowlen Rd., Beaumont, Texas 77706 and 1414 Summit Ave., Plano, Texas 75074. Dkt. 12 at ¶¶ 13-17. None of these locations, however, are owned or leased by any of the Defendants. Instead, each location is owned or leased by Spectrum Gulf Coast, LLC, a separate, indirect subsidiary of CCI. Nelson Decl. at ¶ 8. Nor do any of the Defendants have any employees that work at those locations and therefore do not maintain or operate those stores.

---

[2] *See* https://www.puc.texas.gov/industry/communications/business/sicfa/sicfa.aspx

## IV. LEGAL STANDARD

Venue in patent cases is governed exclusively by Section 1400(b) of Title 28 of the United States Code. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S. Ct. 1514, 1520-21 (2017). Under Section 1400(b), venue is proper either (1) in the district in which the defendant resides, or (2) where it has a regular and established place of business and has committed acts of infringement. 28 U.S.C. §1400(b). "[A] domestic corporation 'resides' only in its [s]tate of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517.

Plaintiff bears the burden of establishing that venue in this district is proper. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *1 (W.D. Tex. June 19, 2020). Facts relating to venue pled in the complaint are accepted as true "only to the extent that such facts are uncontroverted by [a] defendant's affidavit." *Pierce v. Shorty Small's of Branson Inc.,* 137 F.3d 1190, 1192 (10th Cir. 1998)(citing *Home Ins. Co. v. Thomas Indus., Inc.,* 896 F.2d 1352, 1355 (11th Cir. 1990)). A district court may look beyond the complaint when deciding a motion to dismiss based on improper venue. *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009) (stating that under Rule 12(b)(3) a court may look at evidence beyond the facts alleged in the complaint and its attachments).

## V. ARGUMENT

Venue is improper in this district for two independent reasons: (a) the Defendants do not have a physical place of business in this district; and (b) the Defendants do not have any employees conducting business in this district.[3]

---

[3] Furthermore, venue is improper as to at least SAS for the additional reason that it does not provide the Accused Products or Services and, therefore, cannot have committed acts of infringement alleged in the Amended Complaint. The Accused Services are "cable television and internet services" and the Accused Products are cable modems and set top products (Dkt. 12 at ¶ 11). As

### A.     The Defendants Have No Physical Place of Business in this District.

Entropic admits that the Defendants are not incorporated in Texas. Dkt. 12 at ¶¶ 3, 5, 6; Smith Decl. at ¶¶ 5, 8, 9. Thus, in order to establish venue, Entropic must show that the Defendants have a regular and established place of business in this district. *See In re Cray Inc.*, 871 F. 3d 1355, 1360 (Fed. Cir. 2017). There are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Entropic cannot satisfy these requirements for any of the Charter Entities.

In determining whether a "place of business" is "of the defendant," the court considers a number of non-exclusive factors, including "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place," "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself." *Cray* at 1363-64. None of these factors support venue in this case.

The Defendants do not own or lease any of the properties within this district identified by Entropic in the Amended Complaint. Nelson Decl. at ¶¶ 5, 8. Instead, each of those locations is owned or leased by Spectrum Gulf Coast, LLC, an indirect subsidiary of CCI. Nelson Decl. at ¶ 8.

As for the other factors, the Amended Complaint does not even allege that any Defendants (1) "exercises other attributes of possession or control over" the properties identified in the

---

detailed above, SAS is only registered to provide telecommunications services and does not provide any of the accused "cable television and internet services" in the district (or elsewhere). Smith Decl. at ¶ 8.

pleading, "(2) lists the alleged place of business" anywhere or (3) "places its name on a sign associated with or on the [relevant] building[s]." *Cray* at 1363-64. The only name associated with the properties in the Amended Complaint is "Spectrum" as depicted in the four photographs of the properties. Dkt. 12 at ¶¶ 16-17. There is no allegation that CCI, SAS or SMHC's names are associated with any of these properties.

Furthermore, CCI does not directly conduct commercial business with the public and does not make, manufacture, or sell any product of any nature, including in Texas, and does not have any employees in the state. Smith Decl. at ¶ 5; Armstrong Decl. at ¶ 4. Accordingly, contrary to Entropics's allegation, it does not maintain or operate the physical locations identified in the district.

Likewise, neither SAS nor SMHC own, lease, maintain or operate any of these physical locations. All of these properties, as explained above, are owned or leased by a separate indirect subsidiary of CCI. Furthermore, although SAS is registered with the Secretary of State of Texas as a Foreign Limited Liability Company, it is only registered with the stated purpose of providing telecommunications services; it is not registered to, and does not, provide any of the accused "cable television and internet services" in the district (or anywhere). Smith Decl. at ¶ 8. As for SMHC, it merely holds certain assets and contracts which are used in connection with the business operations of its subsidiaries. Smith Decl. at ¶ 9. It is not, however, registered to do any business in Texas, does not directly conduct any commercial business relations with the public and does not directly make, manufacture, sell or offer for sale any product or service of any nature, including in Texas. *Id*.

Thus, not a single factor supports Entropic's assertion of venue against any of the defendants and its pleading should be dismissed for lack of venue.[4]

### B. The Defendants Have No Employees Conducting Business in This District.

"[A] 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). Therefore, even if the properties Entropic identified in its Amended Complaint did belong to the Defendants (they cannot for the reasons stated above), the Defendants do not have any employees regularly conducting business at those locations. Armstrong Decl. at ¶ 4. Nor does Entropic even allege they have any such employees or agents. In fact, the Defendants do not have any employees in Texas at all. *Id*.

Thus, for this additional reason--because the Defendants have no employees or agents regularly conducting business in this district--venue is improper.

### C. The Activities of Spectrum Gulf Coast, LLC Cannot Be Imputed To Any of the Defendants.

Entropic does not, nor can it, allege that Spectrum Gulf Coast, LLC's properties are imputed to the Defendants.

"A threshold inquiry when determining whether the place of business of one company can be imputed to another, related company is whether they have maintained corporate separateness." *Andra Grp., LP v. Victoria's Secret Stores, LLC*, 6 F.4th 1283, 1289 (Fed. Cir. 2021) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334-35 (1925)). When they "have maintained corporate separateness, the place of business of one corporation is not imputed to the

---

[4] Entropic does not allege that the place of business of any subsidiary of the Defendants should be imputed to any of the Defendants. Nor could it because each one maintains itself as a separate corporate entity. *See Andra Grp., LP v. Victoria's Secret Stores, LLC*, 6 F.4th 1283, 1289 (Fed. Cir. 2021); *See* Smith Decl. at ¶ 7.

other for venue purposes." *Id.*; *Blue Spike, LLC v. Nook Dig., LLC*, No. 6:16-CV-1361-RWS-JDL, 2017 WL 3263871, at *3 (E.D. Tex. July 28, 2017), adopted by sub nom. *Blue Spike, LLC v. Caterpillar, Inc.*, No. 6:16-CV-1361-RWS, 2017 WL 4129321 (E.D. Tex. Sept. 19, 2017) ("[T]he mere existence of a wholly-owned subsidiary in a judicial district does not, by itself, suffice to establish venue over the subsidiary's parent corporation.")

Entropic makes no allegation that the Defendants have failed to maintain corporate separateness. And in fact, CCI and its direct and indirect subsidiaries, including SAS and SMHC, are separate entities. *See* Smith Decl. at ¶¶ 5, 7. CCI and its subsidiaries observe all required corporate formalities separating them from each other, including the maintenance of their own corporate books and records and meetings of shareholders, members and directors. Smith Decl. at ¶ 7. Entropic, therefore, cannot impute Spectrum Gulf Coast, LLC's ownership or leasehold interests in any of these properties, or operation and maintenance of them, to CCI, SAS or SMHC.

## VI.   CONCLUSION

Plaintiff's First Amended Complaint should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3).

Dated: July 8, 2022

Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Daniel L. Reisner *
David Benyacar*
Albert J. Boardman*

-11-

Palak Mayani Parikh*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email:  palak.mayani@arnoldporter.com
Email: albert.boardman@arnoldporter.com

**Attorneys for Defendants Charter Communications, Inc.,  Spectrum Advanced Services, LLC and Spectrum Management Holding Company, LLC**

\* *pro hac vice* pending

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 8, 2022.

                                        */s/ Deron R. Dacus*
                                        Deron R. Dacus