**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | ▇▇▇▇▇▇▇▇ |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER
TO ENTROPIC COMMUNICATIONS, LLC'S
SECOND AMENDED COMPLAINT**

Defendant Charter Communications, Inc. ("Charter"), through its counsel, hereby responds to the Second Amended Complaint for Patent Infringement ("Complaint") of Plaintiff Entropic Communications, LLC ("Entropic"). Charter denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs. Charter's specific responses to the numbered allegations of the Complaint are in the below numbered paragraphs as follows.

**NATURE OF THE ACTION**

1. Charter admits that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. Except as expressly admitted, Charter denies the allegations in paragraph 1 of the Complaint.

**THE PARTIES**

2. Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies them.

-1-

3.      Charter admits that Charter is a Delaware Corporation with a principal place of business at 400 Washington Blvd, Stamford, Connecticut 06902.  Except as expressly admitted, Charter denies the allegations in paragraph 3 of the Complaint.

4.      Charter admits that its registered agent is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218. Except as expressly admitted, Charter denies the allegations in paragraph 4 of the Complaint.

5.      Charter admits that the website https://corporate.charter.com/about-charter states, "Charter Communications, Inc. (NASDAQ:CHTR) is a leading broadband connectivity company and cable operator serving more than 32 million customers in 41 states through its Spectrum brand."  The web site also contains Charter's SEC submissions which explain that "Charter Communications, Inc. (along with its subsidiaries, the 'Company' or 'Charter')" "offers a full range of state-of-the-art residential and business services including Spectrum Internet®, TV, Mobile and Voice."  Except as expressly admitted, Charter denies the allegations in paragraph 5 of the Complaint.

6.      Charter admits that it has been appointed as the manager of different limited liability companies and that a separate and distinct subsidiary leases or owns, and maintains and operates, the Spectrum stores in this district.  Except as expressly admitted, Charter denies the allegations in paragraph 6 of the Complaint.

7.      Charter admits that it has been appointed as the manager of different limited liability companies and that a separate and distinct subsidiary owns or leases any equipment such as modems and set top boxes.  Charter further admits that a separate and distinct subsidiary maintains and operates the Spectrum stores in this district.  Except as expressly admitted, Charter denies the allegations in paragraph 7 of the Complaint.

8.      Charter admits that it has been appointed as the manager of different limited liability companies and that a separate and distinct subsidiary employs all personnel that install, service, repair and/or replace equipment.  Except as expressly admitted, Charter denies the allegations in paragraph 8 of the Complaint.

9.      Charter admits that it has been appointed as the manager of different limited liability companies and that a separate and distinct subsidiary leases or owns, and maintains and operates, the Spectrum stores in this district.  Charter further admits that a separate and distinct subsidiary employs employees in this district, and that separate and distinct subsidiary owns or leases equipment in this district.  Except as expressly admitted, Charter denies the allegations in paragraph 9 of the Complaint.

<h2 style="text-align:center"><u>JURISDICTION AND VENUE</u></h2>

10.      Charter admits that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  Charter admits that this Court has subject matter jurisdiction over the allegations as pleaded under 28 U.S.C. §§ 1331, and 1338(a).  Except as expressly admitted, Charter denies the allegations in paragraph 10 of the Complaint.

11.      Paragraph 11 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Charter denies the allegations in paragraph 11 of the Complaint, including in Footnote 1.

12.      Charter admits that the Spectrum.com website offers television, phone, and internet services.  Except as expressly admitted, Charter denies the allegations in paragraph 12 of the Complaint.

13.     Charter admits that a separate and distinct subsidiary owns or leases, and maintains and operates, Spectrum stores in this district that offer television, phone, and internet services.  Except as expressly admitted, Charter denies the allegations in paragraph 13 of the Complaint.

14.     Charter admits that a separate and distinct subsidiary owns or leases, and maintains and operates, Spectrum stores in this district that offer television, phone, and internet services.  Charter further admits that a separate and distinct subsidiary owns or leases the Accused Cable Modem Products or Accused Set Top Boxes.  Except as expressly admitted, Charter denies the allegations in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Charter denies the allegations in paragraph 15 of the Complaint.

16.     Charter denies the allegations in paragraph 16 of the Complaint.

17.     Charter admits that a separate and distinct subsidiary owns or leases, and maintains and operates the properties identified in paragraph 17 of the Complaint.  Except as expressly admitted, Charter denies the allegations in paragraph 17 of the Complaint.

18.     Charter admits that the photographs contained in paragraph 17 of the Complaint, which are referenced in paragraph 18, feature the Spectrum logo.  Charter further admits that the website https://corporate.charter.com/about-charter states, "Spectrum is a suite of advanced broadband services offered by Charter Communications, Inc."  Except as expressly admitted, Charter denies the allegations in paragraph 18 of the Complaint.

19.     Charter denies the allegations in paragraph 19.

20.     Paragraph 15 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Charter denies the allegations in paragraph 20 of the Complaint.

## THE PATENTS-IN-SUIT

21.     Charter admits that according to the face of United States Patent No. 8,223,775 ("'775 Patent"), the '775 Patent issued on July 17, 2012 and is entitled "Architecture for a Flexible and High-Performance Gateway Cable Modem."  Charter admits that Exhibit A purports to be a copy of the '775 Patent.  Except as expressly admitted, Charter denies the allegations in paragraph 21 of the Complaint.

22.     Charter admits that according to the face of United States Patent No. 8,284,690 ("'690 Patent"), the '690 Patent issued on October 9, 2012 and is entitled "Receiver Determined Probe."  Charter admits that Exhibit B purports to be a copy of the '690 Patent.  Except as expressly admitted, Charter denies the allegations in paragraph 22 of the Complaint.

23.     Charter admits that according to the face of United States Patent No. 8,792,008 ("'008 Patent"), the '008 Patent issued on July 29, 2014 and is entitled "Method and Apparatus for Spectrum Monitoring."  Charter admits that Exhibit C purports to be a copy of the '008 Patent.  Except as expressly admitted, Charter denies the allegations in paragraph 23 of the Complaint.

24.     Charter admits that according to the face of United States Patent No. 9,210,362 ("'362 Patent"), the '362 Patent issued on December 8, 2015 and is entitled "Wideband Tuner Architecture."  Charter admits that Exhibit D purports to be a copy of the '362 Patent.  Except as expressly admitted, Charter denies the allegations in paragraph 24 of the Complaint.

25.     Charter admits that according to the face of United States Patent No. 9,825,826 ("'826 Patent"), the '826 Patent issued on November 21, 2017 and is entitled "Method and Apparatus for

Spectrum Monitoring."  Charter admits that Exhibit E purports to be a copy of the '826 Patent. Except as expressly admitted, Charter denies the allegations in paragraph 25 of the Complaint.

26.     Charter admits that according to the face of United States Patent No. 10,135,682 ("'682 Patent"), the '682 Patent issued on November 20, 2018 and is entitled "Method and System for Service Group Management in a Cable Network."  Charter admits that Exhibit F purports to be a copy of the '682 Patent.  Except as expressly admitted, Charter denies the allegations in paragraph 26 of the Complaint.

27.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies them

## ENTROPIC'S LEGACY AS A CABLE INNOVATOR

28.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore denies them.

29.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies them.

30.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies them.

31.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies them.

32.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies them.

33.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies them.

34.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies them.

## FIRST CAUSE OF ACTION
### (Infringement of the '775 Patent)

35.     Charter incorporates by reference its answers to paragraphs 1–34 as if set forth fully herein as and for its answers to this paragraph.

36.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore denies them.

37.     Charter denies the allegations in paragraph 37.

38.     Charter denies the allegations in paragraph 38.

39.     Charter denies the allegations in paragraph 39.

40.     Charter denies the allegations in paragraph 40.

41.     Charter denies the allegations in paragraph 41.

42.     Charter denies the allegations in paragraph 42.

43.     Charter denies the allegations in paragraph 43.

44.     Charter denies the allegations in paragraph 44.

45.     Charter denies the allegations in paragraph 45.

46.     Charter denies the allegations in paragraph 46.

47.     Charter denies the allegations in paragraph 47.

48.     Charter denies the allegations in paragraph 48.

49.     Charter denies the allegations in paragraph 49.

50.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and therefore denies them.

## SECOND CAUSE OF ACTION
### (Infringement of the '690 Patent)

51.     Charter incorporates by reference its answers to paragraphs 1–48 as if set forth fully herein as and for its answers to this paragraph.

52.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and therefore denies them.

53.     Charter denies the allegations in paragraph 53.

54.     Charter denies the allegations in paragraph 54.

55.     Charter denies the allegations in paragraph 55.

56.     Charter denies the allegations in paragraph 56.

57.     Charter denies the allegations in paragraph 57.

58.     Charter denies the allegations in paragraph 58.

59.     Charter denies the allegations in paragraph 59.

60.     Charter denies the allegations in paragraph 60.

61.     Charter denies the allegations in paragraph 61.

62.     Charter denies the allegations in paragraph 62.

63.     Charter denies the allegations in paragraph 63.

64.     Charter denies the allegations in paragraph 64.

65.     Charter denies the allegations in paragraph 65.

66.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and therefore denies them.

**THIRD CAUSE OF ACTION**
**(Infringement of the '008 Patent)**

67.     Charter incorporates by reference its answers to paragraphs 1–64 as if set forth fully herein as and for its answers to this paragraph.

68.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and therefore denies them.

69.     Charter denies the allegations in paragraph 69.

70.     Charter denies the allegations in paragraph 70.

71.     Charter denies the allegations in paragraph 71.

72.     Charter denies the allegations in paragraph 72.

73.     Charter denies the allegations in paragraph 73.

74.     Charter denies the allegations in paragraph 74.

75.     Charter denies the allegations in paragraph 75.

76.     Charter denies the allegations in paragraph 76.

77.     Charter denies the allegations in paragraph 77.

78.     Charter denies the allegations in paragraph 78.

79.     Charter denies the allegations in paragraph 79.

80.     Charter denies the allegations in paragraph 80.

81.     Charter denies the allegations in paragraph 81.

82.     Charter denies the allegations in paragraph 82.

83.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and therefore denies them.

## FOURTH CAUSE OF ACTION
### (Infringement of the '362 Patent)

84.     Charter incorporates by reference its answers to paragraphs 1–81 as if set forth fully herein as and for its answers to this paragraph

85.     Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint and therefore denies them.

86.     Charter denies the allegations in paragraph 86.

87.     Charter denies the allegations in paragraph 87.

88.     Charter denies the allegations in paragraph 88.

89.     Charter denies the allegations in paragraph 89.

90.     Charter denies the allegations in paragraph 90.

91.     Charter denies the allegations in paragraph 91.

92.     Charter denies the allegations in paragraph 92.

93.     Charter denies the allegations in paragraph 93.

94.     Charter denies the allegations in paragraph 94.

95.     Charter denies the allegations in paragraph 95.

96.     Charter denies the allegations in paragraph 96.

97.     Charter denies the allegations in paragraph 97.

98.     Charter denies the allegations in paragraph 98.

99.     Charter denies the allegations in paragraph 99.

100.    Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint and therefore denies them.

## FIFTH CAUSE OF ACTION
### (Infringement of the '826 Patent)

101.    Charter incorporates by reference its answers to paragraphs 1–98 as if set forth fully herein as and for its answers to this paragraph

102.    Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint and therefore denies them.

103.    Charter denies the allegations in paragraph 103.

104.    Charter denies the allegations in paragraph 104.

105.    Charter denies the allegations in paragraph 105.

106.    Charter denies the allegations in paragraph 106.

107.    Charter denies the allegations in paragraph 107.

108.    Charter denies the allegations in paragraph 108.

109.    Charter denies the allegations in paragraph 109.

110.    Charter denies the allegations in paragraph 110.

111.    Charter denies the allegations in paragraph 111.

112.    Charter denies the allegations in paragraph 112.

113.    Charter denies the allegations in paragraph 113.

114.    Charter denies the allegations in paragraph 114.

115.    Charter denies the allegations in paragraph 115.

116.    Charter denies the allegations in paragraph 116.

117.    Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint and therefore denies them.

## SIXTH CAUSE OF ACTION
### (Infringement of the '682 Patent)

118.    Charter incorporates by reference its answers to paragraphs 1–115 as if set forth fully herein as and for its answers to this paragraph.

119.    Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint and therefore denies them.

120.    Charter denies the allegations in paragraph 120.

121.    Charter denies the allegations in paragraph 121.

122.    Charter denies the allegations in paragraph 122.

123.    Charter denies the allegations in paragraph 123.

124.    Charter denies the allegations in paragraph 124.

125.    Charter denies the allegations in paragraph 125.

126.    Charter denies the allegations in paragraph 126.

127.    Charter denies the allegations in paragraph 127.

128.    Charter is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint and therefore denies them.

## RESPONSE TO JURY DEMAND

Entropic's demand for a jury trial does not require a response by Charter.  Charter also requests a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

Charter denies that Entropic is entitled to any of the requested relief and denies any and all allegations contained within the Prayer for Relief of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Charter contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint.  By asserting these affirmative defenses, Charter does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  In addition to the affirmative and other defenses described below, and subject to the responses above, Charter intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses, including inequitable conduct, consistent with the facts that become known through the course of discovery or otherwise.

### FIRST DEFENSE
### NON-INFRINGEMENT OF THE '775 PATENT, THE '690 PATENT, THE '008 PATENT, THE '362 PATENT, THE '826 PATENT, AND THE '682 PATENT

Charter has not infringed and does not directly infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '775 Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682 Patent under any theory of infringement.

### SECOND DEFENSE
### INVALIDITY  OF THE '775 PATENT, THE '690 PATENT, THE '008 PATENT, THE '362 PATENT, THE '826 PATENT, AND THE '682 PATENT

One or more claims of the '775 Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682 Patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102, 103, and 112, and/or invalid under any other ground provided by 35 U.S.C. § 282, and/or based on other judicially-created bases for invalidity.

### THIRD DEFENSE
### NOT AN EXCEPTIONAL CASE

Entropic is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to this Court's inherent power.

**FOURTH DEFENSE**
**<u>EQUITABLE DEFENSES</u>**

Entropic's claims for relief are barred or limited in whole or in part by equitable defenses, including waiver, estoppel, implied license, and/or unclean hands.

**FIFTH DEFENSE**
**<u>LACK OF STANDING</u>**

Entropic's Complaint should be dismissed based on improper venue because Charter neither resides in nor has a regular and established place of business in the Eastern District of Texas.

**SIXTH DEFENSE**
**<u>LICENSE</u>**

Entropic's claims are barred, in whole or in part, to the extent that Charter's use of the Accused Cable Modem Products, Accused Set Top Products, and Accused Services are  They are also barred, in whole or in part, to the extent that Charter's use of the Accused Cable Modem Products, Accused Set Top Products, and Accused Services are subject to MaxLinear's license of any patent needed to practice the DOCSIS standards to CableLabs and its members.[1]

---

[1] MaxLinear Inc. is a DOCSIS IPR Agreement Signatory.  *See https://www-res.cablelabs.com/wp-content/uploads/2021/03/08132524/DOCSIS-IPR-Pool-rev-030821.pdf.*

## SEVENTH DEFENSE
## <u>LIMITATIONS ON DAMAGES, MARKING, & NOTICE</u>

Entropic is barred in whole or in part from recovering damages under 35 U.S.C. §§ 286 and 287.

## EIGHTH DEFENSE
## <u>PROSECUTION HISTORY ESTOPPEL</u>

Entropic is estopped from arguing and has waived arguments that the claims of the '775 Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682 Patent cover any accused products or processes by virtue of amendments, positions, and arguments made to the USPTO when obtaining the patents.

## NINTH DEFENSE
## <u>LIMITATION OF LIABILITY FOR INDIRECT INFRINGEMENT</u>

As noted in Charter's First Affirmative Defense, Charter has not infringed and does not directly infringe any valid and enforceable claim of the '775 Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682 Patent.

Additionally, to the extent that Entropic asserts that Charter indirectly infringes the '775 Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682 Patent, either by contributory infringement or inducement of infringement, Charter is not liable to Entropic for the acts alleged to have been performed before Charter had knowledge of the claims of the '775 Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682 Patent and/or could form the intent to cause infringement.

## TENTH DEFENSE
## <u>UNCLEAN HANDS</u>

Entropic's claims for relief are barred or limited in whole or in part by the equitable defense of unclean hands as a result of ████████████████████████████████████



.

Dated: May 17, 2023

Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Palak Mayani Parikh
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710

Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email:  elizabeth.long@arnoldporter.com
Email:  albert.boardman@arnoldporter.com
Email:  melissa.brown@arnoldporter.com
Email:  palak.mayani@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via the Court's ECF system on May 17, 2023.

*/s/ Deron R. Dacus*
Deron R. Dacus