# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS OPPOSED MOTION TO CONSOLIDATE THIS ACTION WITH NO. 2:23-CV-00052-JRG AND TO AMEND THE CASE SCHEDULE**

## I. Introduction

In response to CCI's motion to consolidate the First Action with the Second Action[1] ("Motion," Dkt. 99), Entropic argues that it "intentionally chose" to file the actions separately because there would be "too much material" to proceed as one case and that combining them would be "unfair" to Entropic. Dkt. 113 at 2. Both the facts and Entropic's own actions demonstrate these are preposterous positions.

Prior to filing the Motion, CCI and Entropic conferred regarding the possibility of consolidation, and Entropic represented it would be amenable to consolidation, but only if CCI agreed to maintain the existing trial schedule for the First Action. Reisner Decl. ¶¶ 3-5. Entropic never argued, until now, that the cases are too big to be consolidated. Furthermore, as pointed out by CCI in its opening brief, Entropic recently filed two cases, against Comcast and against Cox. In both of those actions, Entropic asserted all eight patents—the six from the First Action and the two related patents from the Second Action—in single cases.[2] *See* Motion at 1 n.1. If the two cases are really too big to be combined, Entropic would not have been willing to consolidate on the existing trial schedule for the First Action, nor would it have filed single cases against multiple defendants on the exact same patents. Plainly, Entropic really disputes the timing of trial, not the practicality or efficiency of combining the cases.

Moreover, Entropic does not dispute that the factors that favor consolidation are present here. It acknowledges that both actions "involve at least some common questions of law and fact," Dkt. 113 at 3 and does not dispute that both actions are pending before the same court, involve identical parties, share the same inventors and specifications on the '362 Patent (First Action) and

---

[1] Capitalized terms and phrases have the same meaning as in CCI's motion to dismiss. Dkt. 99.
[2] *Entropic Comms., LLC v. Comcast Corp.*, et al., 2:23-cv-1050 (C.D. Cal.), Dkt. 1 (asserting the '775, '690, '008, **'362**, '826, '682, **'866**, and the **'206** Patents) (emphases added); *Entropic Comms., LLC v. Cox Comms., Inc., et al.*, 2:23-cv-1049, (C.D. Cal.), Dkt. 1 (asserting the '775, '690, '008, **'362**, '826, '682, **'866**, and the **'206** Patents) (emphases added).

the '866 and '206 Patents (Second Action), have common prosecution history, and target identical "Accused Products" and "Accused Services." *See* Dkt. 113 at 7-8. As such, to keep these actions separate will almost certainly result in waste of judicial and party resources. At a minimum, it will necessitate two periods of expert discovery, two pretrial processes, and two trials.

Entropic similarly does not dispute that its decision to split the '362 Patent family across two actions will raise a risk of juror confusion and inconsistent outcomes, and will generate multiple disputes over issue and claim preclusion. *Id*. at 3. Its sole response to these avoidable issues is that this Court is capable of sorting out these types of problems—problems that are a direct result of Entropic's decision to split its claims into two suits. Yet, this purported explanation does not answer for the undeniable waste of resources and risk of prejudice to CCI.

Entropic also claims prejudice from delay of the trial date. But it fails to specify how it would be prejudiced by moving the trial other than citing cases for the proposition that non-practicing entities can suffer prejudice by a stay of litigation for an unspecified period of time. Moving the trial several months would have no impact on Entropic whatsoever that could not be fully compensated by a damages award, if any, to which it may be entitled.

## II. Argument

Entropic argues against consolidation and a modest modification of the schedule because it is "impossible" to know if consolidation "will promote any efficiency" and because it would "suffer significant prejudice." Dkt. 113 at 4. These arguments do not pass the slightest scrutiny.

*First*, relying on *AGIS Software Development LLC v. Waze Mobile Limited*, Entropic contends that consolidation is inappropriate because the "cases are at substantially different stages," and there has not been a scheduling conference, among other activities, in the Second Action. Dkt. 113 at 4. The only reason the cases are at "different stages" is because Entropic decided to "stagger" the First and Second Action, even though it could have asserted all patents in

a single action, as it did against Comcast and Cox. *See* Note 1. Moreover, under the Court's Standing Order Regarding Readiness for Scheduling Conference, Entropic should have, but has not, filed a notice that the Second Action is ready for a scheduling conferencing five days after CCI filed its motion to dismiss. Further, *Agis* is inapposite to the issues presented here. There, this Court consolidated three cases involving three different entities for pretrial purposes, but denied a motion to modify trial schedules because the "overlap between the cases" was "not significant enough to warrant delaying trial." 2022 WL 1608047, at *3. Here, unlike *Agis*, there is an overlap of parties, patents, and products, and a modest modification of the scheduling order will only delay a trial in the First Action by a matter of months, while accelerating trial in the Second Action. *Cf. Agis*, 2022 WL 1608047, at *3 (denying plaintiff's request to modify trial schedules given the differences in patents and products, and would further delay a trial schedule that had been reset once before).

Entropic also blames CCI for a delay in bringing the Motion because the parties conferred regarding consolidation on April 21, 2023, but "waited until May 11 to file[.]" Dkt. 113 at 5–6. The only relevant delays here are those caused by Entropic: (1) it delayed seven months before filing the Second Action based on patents that issued in July 2022; (2) it has delayed serving the Complaint in the Second Action; and (3) it has delayed filing a notice that the Second Action is ready for a scheduling conference, as required under the Court's rules.

*Second*, Entropic contends that it will be prejudiced by consolidation and a modification of the scheduling order because it would "override" its "deliberate choice" file two actions "based on the practical realities of working up and trying [eight] technically complex patents." Dkt. 113 at 7; *id.* at 7-10. As discussed above, any such "prejudice" is plainly superficial, and is contradicted by Entropic's "deliberate choice" to assert *all eight* "technically complex patents" in single cases

against Comcast and Cox. *See* Note 1. Entropic relies on *ContentGuard Holdings, Inc. v. Google Inc.*, for the proposition that to "forcibly" consolidate two actions, and "override" a party's "case management decisions," is sufficiently prejudicial to deny consolidation. Dkt. 113 at 9 (citing *ContentGuard*, 14-cv-061-JRG, 2014 WL 1477670, at *4 (E.D. Tex. Apr. 15, 2014)). That case does not support the proposition Entropic suggests. Rather, in *ContentGuard*, the Court acknowledged that a "substantial[] overlap" between two actions "ordinarily justif[ies] consolidation at least for certain pretrial purposes." *Id.* It nevertheless denied the *plaintiff's* motion to consolidate, citing the *plaintiff's gamesmanship* as the reason, because to consolidate two actions deliberately filed to avoid a jurisdiction would invite "future litigants . . . to follow a similar path."[3] *Id.*

Nonetheless, Entropic makes much of the fact that the two patents in the Second Action have 158 claims, suggesting that the addition of two more patents would be unduly prejudicial given "the breadth of infringement across" both actions. Dkt. 113 at 1–2, 5, 8. Yet, the mere fact that there are a large number of claims in related patents is no reason to assume patents in the same family must or should be split between two actions. Nor does Entropic explain why it was willing to combine both cases against CCI under the existing trial schedule at a meet-and-confer, or why it was appropriate to assert all eight of the patents asserted in the First and Second Actions in single actions against two other cable companies. *See* Note 1, *supra*.

---

[3] The Court referenced the plaintiff's "considerable effort to avoid suing [the defendant] in Texas," even though "[f]rom the beginning," the plaintiff was "well aware" of the defendant's involvement and thus "could have named" the defendant in the original action and in the original and amended complaint, "but elected not to do so." *ContentGuard*, 2014 WL 1477670, at *4. Here, Entropic was aware from July 2022 that it *could* have added the patents asserted in the Second Action to the First Action, including in the Second Amended Complaint, "but elected not to do so." *Id.* Applying the Court's reasoning here, the Court should consolidate the two cases to avoid any "invitation" to future litigants to "follow a similar path" as Entropic, *i.e.*, gainfully delay the assertion of related patents to the opposing party's detriment.

*Last*, Entropic suggests it will be prejudiced by a delay of the First Action's trial date because courts have found that a delay in recovery is "far from non-prejudicial" for a "non-practicing entity" such as Entropic. Dkt. 113 at 9-10. Entropic relies on authority addressing motions for a stay, which asks *inter alia* whether a stay "will unduly prejudice the nonmoving party."[4] Unlike here, the moving parties in those cases sought a stay for an unspecified period of time (after completion of *Inter Partes Review* proceedings), and at a late stage of litigation (after the conclusion of fact and expert discovery (both actions) and completion of pre-trial motion practice (*Koninklijke*)).  In any event, Entropic ignores that the question under its cited authority is whether consolidation "will result in prejudice or an unfair advantage to *either party*," not just to Entropic as the non-moving party. *Smartflash LLC v. Google, Inc.*, 6:14-CV-435, 2014 WL 11071872, at *1 (E.D. Tex. July 7, 2014). The prejudice to CCI, as discussed in its opening brief, far outweighs Entropic's claim of prejudice to monetary recovery. And, any delay of the First Action trial date would be due to the decision to "stagger[] the cases" Dkt. 113 at 1.

Entropic claims it is prejudiced because the "suggested schedule is unrealistic" and does not provide enough time for final infringement contentions, for example. Dkt. 113 at 6-7, 10. However, CCI's suggested schedule is simply a proposal. CCI is amenable to any reasonable schedule for the combined cases that provides both parties adequate time to prepare for trial.

**III.    Conclusion**

Entropic cannot justify splitting of its claim across two cases—and all the waste and prejudice to CCI this entails—by arguing its own decision to delay filing the Second Action would result in an unfair prejudice to Entropic if the cases were to be combined. For all of these reasons, CCI's Motion should be granted.

---

[4] *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, 21-CV-0113-JRG, 2022 WL 17484264, at *1 (E.D. Tex. July 7, 2022) (denying motion to stay pending *Inter Partes Review*); *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, 19-CV-152-JRG, 2020 WL 4040716, at *1 (E.D. Tex. July 17, 2020) (same).

|  |  |
|---|---|
| Dated:  June 8, 2023 | Respectfully submitted,<br>/s/  Daniel L. Reisner<br>Daniel L. Reisner<br>David Benyacar<br>Amy DeWitt<br>Elizabeth Long<br>Albert J. Boardman<br>Melissa Brown<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York, 10019-9710<br>Telephone: (212) 836-8000<br>Email:  daniel.reisner@arnoldporter.com<br>Email:  david.benyacar@arnoldporter.com<br>Email:  amy.dewitt@arnoldporter.com<br>Email:  elizabeth.long@arnoldporter.com<br>Email:  albert.boardman@arnoldporter.com<br>Email:  melissa.brown@arnoldporter.com<br><br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Phone: (903) 705-1117<br>Fax: (903) 581-2543<br>Email:  ddacus@dacusfirm.com<br><br>***Attorneys for Defendant***<br>***Charter Communications, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on June 8, 2023.

*/s/ Daniel L. Reisner*
Daniel L. Reisner
