# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>*Defendant*. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF'S SUR-REPLY TO DEFENDANT'S OPPOSED MOTION TO CONSOLIDATE THIS ACTION WITH NO. 2:23-CV-00052-JRG <u>AND TO AMEND THE CASE SCHEDULE</u>

Charter makes two primary arguments in its Reply in an attempt to refute the significant prejudice Entropic would suffer as a result of consolidation. The first is false, and the second ignores material facts.

First, Charter claims that "Entropic represented it would be amenable to consolidation, but only if CCI agreed to maintain the existing trial schedule for the First Action." Reply Br. at 1, ECF No. 116. That is false. Instead, Charter asked Entropic whether it would consider consolidation on the existing trial schedule. Entropic, as part of the meet and confer process, said it would consider that option but did not see how it was feasible because, for example, it appeared unworkable if Charter intended to propose terms for construction on the two new patents. *See* Ex. A, Decl. of Jim Shimota, at ¶ 3. In other words, Entropic identified a practical impediment to Charter's proposal that appeared insurmountable, but was offering—as part of the meet and confer process—to consider the compromise if the practical impediments could be removed. *Id*. Entropic never agreed to, offered to, or otherwise said it was "amenable" to consolidation. Entropic merely tried to explore, at Charter's suggestion, whether there was possible compromise for the parties, as required by this Court's local rules. *Id.* at ¶¶ 2-3. Charter never responded or provided additional information, other than to file this motion three weeks later. *Id.*, at ¶ 4. But, regardless, Entropic ultimately determined that the prejudice of consolidation was too great, as detailed in its opposition, for Entropic to agree to consolidation on any schedule.[1]

Second, Charter points to Entropic's cases against Cox and Comcast, which include all eight patents, and argues "[i]f the cases are really too big to be combined, Entropic . . . would [not] have filed single cases against multiple defendants on the exact same patents." Reply Br. at 1. But

---

[1] Entropic also notes that this Court has since consolidated the 2:23-CV-00052 case into a different case. *See Entropic Communications, LLC v. Charter Communications, Inc.*, 2:23-CV-00051-JRG, ECF No. 33.

here's what Charter omits—*those cases were not filed here*. They were filed in the Central District of California. Entropic has respect for this Court's rules and practices, including its traditional practice of one-week trials, and structured its cases accordingly. The Central District of California does not have that restriction and permits longer trials. *See, e.g.*, *The California Institute of Tech. v. Broadcom Ltd., et al.*, Case No. 16-cv-03714 (C.D. Cal.) (original trial was 12 days); *Juno Therapeutics, Inc. et al. v. Kite Pharma, Inc.*, Case No. 17-cv-7639 (C.D. Cal.) (trial was 9 days).

Dated: June 15, 2023

Respectfully submitted,

*/s/ James Shimota*
James Shimota - LEAD ATTORNEY
Jason Engel
George Summerfield
Katherine Allor
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katherine.allor@klgates.com

Nicholas F. Lenning
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
nicholas.lenning@klgates.com

Darlene Ghavimi
Matthew Blair
**K&L GATES LLP**
2801 Via Fortuna
Suite #650
Austin, Texas 78746
Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

Wesley Hill
Texas Bar No. 24032294

                                        Andrea Fair
                                        Texas Bar No. 24078488
                                        **WARD, SMITH & HILL, PLLC**
                                        1507 Bill Owens Pkwy
                                        Longview, TX 75604
                                        Tel: (903) 757-6400
                                        wh@wsfirm.com
                                        andrea@wsfirm.com

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel of record via the Court's CM/ECF system on this 15th day of June, 2023.

                                          */s/ James A. Shimota*
                                          James A. Shimota