# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff,* v. CHARTER COMMUNICATIONS, INC., *Defendant.* | Civil Action No. 2:22-cv-00125-JRG **JURY TRIAL DEMANDED** |

**DECLARATION OF JAMES A. SHIMOTA IN SUPPORT OF PLAINTIFF'S SUR-REPLY TO DEFENDANT'S OPPOSED MOTION TO CONSOLIDATE THIS ACTION WITH NO. 2:23-CV-00052-JRG AND TO AMEND THE CASE SCHEDULE**

I, James A. Shimota, declare:

1. I am a Partner with the law firm of K&L Gates LLP, and I am counsel of record for Plaintiff Entropic Communications, LLC ("Entropic") in the above-captioned matter. I am submitting this declaration in support of Plaintiff's Sur-Reply to Defendant's Opposed Motion to Consolidate This Action with No. 2:23-CV-00052-JRG and to Amend the Case Schedule. I have personal knowledge of the matters stated herein and, if called to testify to such matters, I could and would testify hereto.

2. On April 21, 2023, I spoke with Mr. Daniel Reisner, counsel for Defendant as part of a meet-and-confer process regarding Defendant's expressed intent to file a motion to consolidate. At that time, I told Mr. Reisner that Entropic was generally opposed to consolidation. Mr. Reisner inquired if Entropic would reconsider its position if the consolidation would not disrupt the December 2023 trial date.

3. I responded that I did not understand how that would be feasible, but we would consider consolidation on the existing trial schedule if Charter could somehow explain how it would be feasible. I asked Mr. Reisner whether Defendant, for example, intended to propose terms for construction on the two new patents which would obviate the need for claim construction proceedings related to those patents. I specifically informed him that consolidation would be unworkable if Charter contended there would be a need for further claim construction proceedings under any schedule.

4. Mr. Reisner told me at that time he would ask his team if they believed that no terms in U.S. Patent Nos. 11,381,866 and 11,399,206 in Case 2:23-cv-00052-JRG needed construction. Mr. Reisner said that he would get back to me on that issue, but he never followed up with an answer to my question.

5. In this meet and confer, Entropic never agreed to, offered to, or otherwise said it was "amenable" to consolidation—Entropic identified a practical impediment to consolidation and asked if that impediment could be removed. Based upon the non-response from Mr. Reisner, I assumed that the impediment could not be removed, an assumption confirmed by Charter's subsequent Motion to Consolidate.

I certify under penalty of perjury under the laws of the United States that the foregoing statements are true and correct. Signed this 15th day of June, 2023.

*/s/ James A. Shimota*
James A. Shimota