# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
UNOPPOSED MOTION TO COMPEL RESPONSES TO
INTERROGATORIES 8, 16, 23, AND 29**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF THE FACTS ....................................................................................1

III. LEGAL STANDARD......................................................................................................3

IV. ARGUMENT....................................................................................................................4

V. CONCLUSION................................................................................................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alpine View Co. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ...................................................................................................3

*Archer & White Sales, Inc. v. Henry Schein, Inc.*, No. 2:12-cv-572-JRG,
   2017 WL 11639087, at *2 (E.D. Tex. July 26, 2017) (Gilstrap, J.) .........................................5

*Beattie v. Madison County Sch. Dist.*,
   254 F.3d 595 (5th Cir. 2001) ...................................................................................................3

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201, 1232–33 (Fed. Cir. 2014)................................................................................4

*Export Worldwide, Ltd. v. Knight*,
   241 F.R.D. 259 (W.D. Tex. 2006) ...........................................................................................3

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970).....................................................................................1, 4

*Herbert v. Lando*,
   441 U.S. 153 (1979).................................................................................................................3

*High Point SARL v. Sprint Nextel Corp.*, No. 09-cv-2269,
   2011 WL 3241432, at *2-3 (D. Kan. July 29, 2011) ...............................................................5

*Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-cv-00144-JRG,
   2019 WL 5388442, at *2 (E.D. Tex. May 3, 2019) (Gilstrap, J.)............................................5

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
   213 F.3d 841 (5th Cir. 2000) ...................................................................................................3

*Sky Techs., L.L.C. v. IBM Corp.*,
   No. 2:03-cv-0454, 2005 WL 8161371 (E.D. Tex. Apr. 1, 2005) .............................................4

**Rules**

Federal Rule of Civil Procedure 26(b)(1) .......................................................................................3

Federal Rule of Civil Procedure 33(d)................................................................................1, 3, 4, 5

Federal Rule of Civil Procedure 37 ............................................................................................1, 3

## I. INTRODUCTION

Defendant Charter Communications, Inc. ("Charter") moves pursuant to Federal Rule of Civil Procedure ("Rule") 37 to compel Plaintiff Entropic Communications, LLC ("Entropic") to respond to Charter's Interrogatories 8, 16, 23, and 29 under Rule 33(d) by producing all responsive non-privileged documents constituting agreements provided to Entropic by MaxLinear, Inc. ("MaxLinear") in its possession.  Entropic does not oppose this motion.

## II. STATEMENT OF THE FACTS

Charter served its first set of Interrogatories (Nos. 1-23) to Entropic on November 11, 2022.

As relevant here, Interrogatory No. 8 states:

> Detail any investigation and/or evaluation of the monetary value of any of the Asserted Patents and/or Related Patents, including the dates such activities took place, the Persons or entities involved in such activities, and the nature and results of such investigation and/or evaluation.

Interrogatory No. 16 states:

> Detail all facts including the identification of witnesses and any Documents (by Bates number) that support Your damages claim against Defendants, including, but not limited to: if You are seeking lost profits, all facts and contentions supporting a demand for the patented product, an absence of acceptable non-infringing alternatives, manufacturing and marketing capability to exploit the demand, and the amount of profit You would have made; and, if You are seeking reasonable royalty damages, the amount of the reasonable royalty, including any royalty rate expressed in per unit or percentage of revenue terms; the computation of the alleged reasonable royalty, and the facts and contentions relating to each of the factors set out in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), and any other factor You may contend should be considered in the determination of a reasonable royalty.

And, Interrogatory No. 23 states:



██████████

In response to each of these three Interrogatories, Entropic responded that it will produce responsive non-privileged documents constituting agreements provided to Entropic by MaxLinear pursuant to Rule 33(d).

After Charter sent Entropic a discovery deficiency letter on January 5, 2023, Entropic responded, *inter alia*, by stating that it would produce non-privileged documents constituting agreements provided to Entropic by MaxLinear responsive to Interrogatories 8, 16, and 23 "after satisfying third party notice and confidentiality obligations, which are numerous," that "Entropic is working diligently to resolve these issues and produce [*sic*]," and that "[a]t such time, Entropic will supplement its interrogatory responses to identify any responsive documents pursuant to Federal Civil Rule of Procedure 33(d)." The parties discussed these Interrogatories at a meet and confer on February 10, 2023, and Entropic stated that while it was working to resolve the third party notice and confidentiality issues, it did not know when or if those issues would be resolved. Instead, Entropic has urged Charter to obtain the documents sought through these Interrogatories from third-party MaxLinear, Inc. and/or MaxLinear Communications, LLC. Charter has separately sought the same materials from these entities.

On June 20, 2023, Charter served its fifth set of Interrogatories (Nos. 27-31) on Entropic. Interrogatory No. 29 states:

> Identify all documents You received from MaxLinear, apart from the documents obtained in response to Charter's two subpoenas to MaxLinear, that relate to the Asserted Patents or DOCSIS capable MaxLinear chips.

On July 7, 2023, counsel for Entropic emailed counsel for Charter and wrote that Interrogatory No. 29 "request[s] certain information relating to documents from MaxLinear that are covered by confidentiality agreements with third parties" and again "[i]nvited Charter to seek

these documents from MaxLinear and/or to file a motion to compel." To date, Entropic has not produced the non-privileged documents constituting agreements provided to Entropic by MaxLinear it represented it has in its possession that are responsive to these Interrogatories pursuant to Rule 33(d) nor has it otherwise supplemented its Interrogatory responses. Similarly, to date, MaxLinear has not produced the requested documents.

### III. LEGAL STANDARD

The rules of discovery are accorded a broad and liberal application to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). "A district court has broad discretion in all discovery matters . . . ." *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)); *see also Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000). The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* Fed. R. Civ. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("Federal Rule of Civil Procedure 37(a)[(3)(B)(iii) and (iv)] empowers the court to compel the production of documents . . . upon motion by the party seeking discovery."). The moving party bears the burden of showing that the materials and information sought are "relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); *Export Worldwide*, 241 F.R.D. at 263.

Rule 33(d) provides that:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

>(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Under Rule 33(d), a party must "specifically identify which documents contain the requested information in its answer to the interrogatory" and "[i]f the party cannot comply with these requirements, it must otherwise answer the interrogatory fully and completely." *Sky Techs., L.L.C. v. IBM Corp.*, No. 2:03-cv-0454, 2005 WL 8161371, at *2 (E.D. Tex. Apr. 1, 2005) (citations and quotation marks omitted).

## IV.  ARGUMENT

There is no dispute that Charter's Interrogatories 8, 16, 23, and 29 are relevant to the claims in this case. Interrogatories 8 and 16, recited *supra*, seek information relevant to Charter's assessment of Entropic's alleged claim of damages and, more specifically, are relevant to Charter's ability to compute patent damages under *Georgia-Pacific Corporation v. United States Plywood Corporation.* 318 F. Supp. 1116 (S.D.N.Y. 1970) (setting out 15 factors to consider in determining the amount of a reasonable royalty for patent damages). Interrogatories 23 and 29 seek information necessary to analyze whether Entropic's patent claims are essential to the DOCSIS standards, which has a direct bearing on Entropic's claim for damages in this case. *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1232–33 (Fed. Cir. 2014) (discussing determining the royalty rate for standard essential patents).

Additionally, because Entropic does not oppose this motion, there is no burden for Entropic to produce information that is already in its possession. Moreover, where, as here, the Protective Order entered by the Court provides for confidentiality protections of third-party documents, and therefore, withholding documents based on third-party notice and confidentiality concerns is no basis for this Court to deny the production of non-privileged documents constituting agreements

provided to Entropic by MaxLinear that Entropic contends are responsive to the Interrogatories under Rule 33(d).  *See* Protective Order, Dkt. 36, at 1-2 ("Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material."); *Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-cv-00144-JRG, 2019 WL 5388442, at *2 (E.D. Tex. May 3, 2019) (Gilstrap, J.) (granting motion to compel, stating, *inter alia*, "there is no reason why [] confidential information cannot be adequately protected via the Protective Order governing this case."); *Archer & White Sales, Inc. v. Henry Schein, Inc.*, No. 2:12-cv-572-JRG, 2017 WL 11639087, at *2 (E.D. Tex. July 26, 2017) (Gilstrap, J.) ("As to concerns regarding confidentiality of such documents, the Protective Order entered by the Court in this case should provide sufficient protection to assuage such concerns."); *see also High Point SARL v. Sprint Nextel Corp.*, No. 09-cv-2269, 2011 WL 3241432, at *2–3 (D. Kan. July 29, 2011) ("[I]t is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery," and "[c]onfidentiality concerns in many cases may be addressed with an appropriate protective order.").  Accordingly, Entropic should be compelled to produce the non-privileged documents constituting agreements provided to Entropic by MaxLinear in its possession that are subject to third party notice and confidentiality provisions that Entropic contends are responsive to Charter's Interrogatories 8, 16, 23, and 29 pursuant to Rule 33(d).

## V. CONCLUSION

Charter respectfully asks this Court to grant Charter's unopposed motion and issue an order compelling Entropic to respond to Interrogatories 8, 16, 23, and 29 under Rule 33(d) by producing all responsive non-privileged documents constituting agreements provided to Entropic by

MaxLinear in Entropic's possession within seven (7) days from the date the Court rules on this Motion.

| | |
|---|---|
| Dated: July 11, 2023 | Respectfully submitted,<br><br>*/s/ Elizabeth Long (with permission)*<br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Phone: (903) 705-1117<br>Fax: (903) 581-2543<br>Email: ddacus@dacusfirm.com<br><br>Daniel L. Reisner<br>David Benyacar<br>Elizabeth Long<br>Albert J. Boardman<br>Melissa Brown<br>Jacob Bass<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York, 10019-9710<br>Telephone: (212) 836-8000<br>Email: daniel.reisner@arnoldporter.com<br>Email: david.benyacar@arnoldporter.com<br>Email: elizabeth.long@arnoldporter.com<br>Email: albert.boardman@arnoldporter.com<br>Email: melissa.brown@arnoldporter.com<br>Email: jacob.bass@arnoldporter.com<br><br>Marc A. Cohn<br>Amy L. DeWitt<br>Paul I. Margulies<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue NW<br>Washington, DC 20001-3743<br>Email: marc.cohn@arnoldporter.com<br>Email: amy.dewitt@arnoldporter.com<br>Email: paul.margulies@arnoldporter.com<br><br>***Attorneys for Defendant***<br>***Charter Communications, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email and the Court's ECF system on July 11, 2023.

><u>*/s/ Elizabeth Long*</u>
>Elizabeth Long

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 36) entered in this case on August 10, 2022.

><u>*/s/ Elizabeth Long*</u>
>Elizabeth Long

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h).  Counsel for Plaintiff indicated that it does not oppose the relief sought in this motion.

><u>*/s/ Elizabeth Long*</u>
>Elizabeth Long