UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendants. | Civil Action No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** |

**ENTROPIC'S MOTION TO DISQUALIFY CATHLEEN QUIGLEY**

**TABLE OF CONTENTS**

1. Introduction ........................................................................................................................ 1
2. Timeline ............................................................................................................................. 2
   I. Entropic retains and works closely with Ms. Quigley on this case ................................. 3
   II. Arnold & Porter contacts Ms. Quigley and learns she has been retained by Entropic. 4
   III. Despite knowing she was retained by Entropic, Arnold & Porter recontacts Ms. Quigley ........................................................................................................................... 4
   IV. Ms. Quigley attempts to terminate her engagement with Entropic ............................. 5
   V. Arnold & Porter retains and discloses Ms. Quigley ..................................................... 5
3. Argument ........................................................................................................................... 7
4. Conclusion ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Prot. Ins. Co. v. MGM Grand Hotel-Las Vegas, Inc.*,
    1986 WL 57464 (D. Nev. Mar. 11, 1986) ...................................................................................9

*Calendar Rsch. LLC v. StubHub, Inc.*,
    2017 WL 10378337 (C.D. Ca. Sept. 22, 2017) ...........................................................................8

*Chamberlain Grp., Inc. v. Interlogix, Inc.*,
    2002 WL 653893 (N.D. Ill. Apr. 19, 2002) ................................................................................9

*Cordy v. Sherwin-Williams Co.*,
    156 F.R.D. 575 (D.N.J. Apr. 25, 1994) ......................................................................................9

*Koch Refining Co. v. Jennifer L. Boudreau M/V*,
    85 F.3d 1178 (5th Cir. 1996) .....................................................................................................7

*Rhodes v. E.I. Du Pont de Nemours and Co.*,
    558 F. Supp. 2d 660 (S.D. W. Va. 2008) ...................................................................................8

*Winkelmeyer v. Depuy Orthopaedics, Inc.*,
    2023 WL 2719473 (W.D. Mo. Mar. 30, 2023) ..........................................................................8

# 1. Introduction

When it comes to expert witnesses and conflicts of interest, there is only one bright-line rule: an expert can't switch sides in the same case. Courts unanimously hold that switching sides is impermissible and must result in disqualification. Yet, here, Charter has recently retained and disclosed Entropic's own expert witness—the expert that worked closely with Entropic's counsel in evaluating the asserted patents and developing the infringement case *against Charter*. Entropic is bringing this motion because Charter refuses to agree she is disqualified, even after learning these facts. Specifically:

- Entropic retained Ms. Quigley as an expert in November 2021. She worked closely with Entropic's counsel for months, evaluating Charter's products and the asserted patents. That work continued after this case was filed, working on the infringement claims against Charter. She received and prepared voluminous confidential and privileged information, including attorney work product and litigation strategy.

- Charter contacted Ms. Quigley in October 2022. Charter has admitted that Ms. Quigley told them at that time she was retained by Entropic.

- In February 2023, Charter purportedly set up a separate team—presumably a "taint" team—to contact Ms. Quigley. Charter has claimed that it did not have "substantive" discussions with Ms. Quigley, but also that this separate team concluded that Charter could retain Ms. Quigley.

- On March 2, 2023, Entropic reached out to Ms. Quigley ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

1

- Later in March, Charter then purportedly retained Ms. Quigley and disclosed her as an expert to Entropic.

All of these facts are explained in more detail below and in an accompanying declaration from Entropic's lead counsel. Entropic stands ready to provide any additional documents or information to the Court *in camera*, including emails, time records, and attorney work product like the draft infringement contentions against Charter.

Charter has represented to Entropic that it will not work with Ms. Quigley unless the Court orders it is permissible. But Charter has refused to agree that she is disqualified, refused to rule out moving the Court to permit her retention, and has refused to provide Entropic with a sworn declaration attesting that it will not work with Ms. Quigley in any capacity related to this case. Indeed, Charter has repeatedly threatened that it will move to use Ms. Quigley if Entropic seeks permissible discovery into Charter's communications with Ms. Quigley. Entropic has told Charter it will serve such discovery to investigate these relevant facts. And Charter still has an active retainer agreement with Ms. Quigley.

Entropic therefore brings this motion to enforce the bright-line rule, disqualify Ms. Quigley, and end Charter's threats to somehow retaliate for Entropic taking permissible discovery into Charter's litigation conduct with Entropic's retained expert.

## 2. Timeline

Below, Entropic provides a description of its interactions with Ms. Quigley. In addition, Entropic attaches a detailed declaration from lead counsel that describes the results of Entropic's compilation of its interactions with Ms. Quigley. This declaration does not reveal privileged information but if the Court would like to see any of the correspondences or learn more about the interactions, including videoconferences, Entropic can submit additional information or documents *in camera*.

### I. Entropic retains and works closely with Ms. Quigley on this case

**November 2021.** Entropic retained Cathleen Quigley as an expert on November 5, 2021. Shimota Decl., Ex. A. She was retained through The Barr Group, a provider of expert witnesses. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**November 2021 to September 2022.** Immediately after retention, Entropic began working with Ms. Quigley to assess patent infringement claims against Charter. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ That work continued after the complaint was filed in this case. Entropic's counsel continued to exchange emails with Ms. Quigley in March, April, May, and September of 2022. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

## II. Arnold & Porter contacts Ms. Quigley and learns she has been retained by Entropic

**October 2022.** Charter, specifically Arnold & Porter, has represented that it first contacted Ms. Quigley in October 2022 about being an expert witness for Charter in this case. Shimota Decl., Ex. B, p. 6. Entropic does not know exactly what Ms. Quigley said, but Charter has represented that Ms. Quigley told them she was previously retained by Entropic. Charter has represented that, once learning this information, it did not follow up with Ms. Quigley at that time.

## III. Despite knowing she was retained by Entropic, Arnold & Porter recontacts Ms. Quigley

**February 2023.** Charter has represented that it could not find another expert and so decided to reach back out to Ms. Quigley in February 2023. Specifically, Arnold & Porter has represented that they set up a separate team, presumably a "taint" team, allegedly not including attorneys on the litigation, to evaluate whether Ms. Quigley could be engaged. Charter has represented that their team concluded that Ms. Quigley could be engaged.

4

### IV. Ms. Quigley attempts to terminate her engagement with Entropic

**March 2, 2023.** On March 2, 2023, Entropic's counsel reached out to Ms. Quigley ███

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█

Ms. Quigley has not complied with the terms of her engagement agreement, specifically she has not returned all confidential materials and attorney work product she received, and the work product she generated, during the course of her work. The engagement agreement therefore has not been terminated.

### V. Arnold & Porter retains and discloses Ms. Quigley

**March 2023.** Charter has represented that Ms. Quigley executed a retainer agreement with Charter on March 29, 2023. Shimota Decl., Ex. B, p. 8. On March 30, 2023, Charter disclosed Ms.

5

Quigley under the Protective Order as an expert for Charter, asking whether Entropic objected to her receipt of Designated Material. *Id.* at p. 10.

Entropic's counsel responded the same day strongly objecting to Ms. Quigley, and demanding that Charter and Arnold & Porter immediately cease all communication with Ms. Quigley. Entropic informed Charter, to the extent it was not already aware, that "Ms. Quigley was involved in confidential and protected discussions with counsel for Entropic, and as part of her engagement offered advice on infringement issues relating to Charter accused products for patents at issue in this case." *Id*.

In the ensuing days, the parties exchanged numerous emails regarding Ms. Quigley, and the parties have met and conferred at least twice. *See generally* Shimota Decl., Exs. B & C. Charter maintains that it has not had "substantive discussions" with Ms. Quigley, but has not explained what it considers to be "substantive." Charter will not disclose who has had contact with Ms. Quigley, nor has it explained how it came to the conclusion that it could retain Ms. Quigley without inquiring into the substance and content of her work with Entropic. Charter also refuses to answer whether it received any information from Ms. Quigley related to this case, whether it continues to communicate with Ms. Quigley, or whether Ms. Quigley has worked on related matters, including for example, any potential IPRs. And, of critical significance, Charter refuses to commit to no longer working with Ms. Quigley on this or related matters. Relatedly, Charter does not appear to have terminated its retainer agreement with Ms. Quigley for this case.

Entropic has repeatedly explained to Charter, on meet and confers and by email, that it would not need to bring this motion to disqualify if Charter provides a declaration that Arnold & Porter, Charter, and anyone acting on Charter's behalf, will not work with Ms. Quigley on any matters that involve the patents asserted in Case Nos. 22-cv-00125, 23-cv-00050, 23-cv-00051,

6

and 23-cv-00052, and any patents in the relate families of those asserted patents. Charter refuses. Rather, Charter will only agree to a full disqualification of Ms. Quigley if Entropic agrees not to seek discovery into Charter's communications with Ms. Quigley, which Entropic will not do. Instead, Charter has threatened that if Entropic seeks such discovery, it will seek discovery into Entropic's own communications with Ms. Quigley and may seek leave to use Ms. Quigley.[2] It also is worth repeating that Ms. Quigley has not returned Entropic's confidential materials and attorney work product. Due to the fifteen-day period to object under the Protective Order to Ms. Quigley, Entropic therefore brings this motion to disqualify Ms. Quigley and preserve its rights.

### 3. Argument

There is a clear bright-line rule: an expert cannot switch sides in the same litigation. Indeed, "no one would seriously contend that a court should permit a consultant to serve as one party's expert where it is undisputed that the consultant was previously retained as an expert by the adverse party in the same litigation and had received confidential information from the adverse party pursuant to the earlier retention. This is a clear case for disqualification." *Koch Refining Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178, 1181 (5th Cir. 1996) (quoting *Wang Lab., Inc. v. Toshiba Corp.*, 762 F. Supp. 1246, 1248 (E.D. Va. 1991)). But this is exactly what Charter and Ms. Quigley have done here.

Courts around the country agree:

- "[A]ttorneys and experts in such circumstances **could not legitimately complain** that they did not know their conduct was

---

[2] Entropic has repeatedly offered to provide non-privileged information regarding its work with Ms. Quigley, to the extent Entropic's already fulsome descriptions in emails and meet and confers of Ms. Quigley's receipt of confidential and privileged information is insufficient. Shimota Decl., Ex. C.

7

improper, as side-switching is the **paradigm of inappropriate expert conduct**." *Rhodes v. E.I. Du Pont de Nemours and Co.*, 558 F. Supp. 2d 660, (S.D. W. Va. 2008).

- "If an expert is retained by one party to a suit and then switches sides during the litigation, **the conflict of interest is so obvious that disqualification must follow**." *Winkelmeyer v. Depuy Orthopaedics, Inc.*, 2023 WL 2719473, at *3 (W.D. Mo. Mar. 30, 2023).

- "Courts unanimously require disqualification where it is undisputed that the consultant was previously retained as an expert by the adverse party in the same litigation. Disqualification is required because an expert who switches sides during the same dispute **jeopardizes the fundamental fairness and integrity of the judicial process**." *Calendar Research LLC v. StubHub, Inc.*, 2017 WL 10378337, at *2 (C.D. Ca. Sept. 22, 2017) (quoting *Wang Labs.*, 762 F. Supp. at 1248) (cleaned up).

- "Any party to a lawsuit who retains an expert should not have to worry that the expert will change sides in the middle of the proceeding. To hold otherwise would **adversely affect the confidence parties place in this system of justice**." *Cordy v. Sherwin-Williams Co.*, 156 F.R.D. 575, 582 (D.N.J. Apr. 25, 1994).

- "**Were the most important witness' assistance in the litigation to be sold to the highest bidder, the court's integrity would be**

8

- **discredited**. In addition, the public estimation of the judicial system would be diminished." *Am. Protection Ins. Co. v. MGM Grand Hotel-Las Vegas, Inc.*, 1986 WL 57464, at * (D. Nev. Mar. 11, 1986).

- When an expert switches sides "the risk of disclosure of confidential information is high and **the public's trust in the integrity of the judicial system is at stake**." *Chamberlain Grp., Inc. v. Interlogix, Inc.*, 2002 WL 653893, at *5 (N.D. Ill. Apr. 19, 2002).

There is no dispute that Ms. Quigley was retained by Entropic in this litigation and received confidential and privileged information, including litigation strategy, from Entropic's counsel. She signed her expert retention with Entropic in November 2021 and her work was extensive and prolonged. In conjunction with Entropic's counsel, she analyzed Charter's products and infringement of Entropic's patents. And she was still retained by Entropic when Charter contacted her, ██████████████████████████████████████████████████████████████████████████████████████████████, Ms. Quigley is presently retained by both parties to this litigation. Entropic has repeatedly explained to Charter its extensive relationship with Ms. Quigley and that she received volumes of confidential and privileged information.

In light of these facts, there can be no serious dispute that Ms. Quigley is disqualified from serving as Charter's expert in this case. And yet, while Charter has conceded it will not use Ms. Quigley unless the Court granted leave, Charter refuses to agree Ms. Quigley is disqualified, insists

9

it could work with her, and threatens to move for leave to move forward with her should Entropic properly investigate this litigation conduct in discovery.

### 4. Conclusion

Entropic respectfully requests that the Court disqualify Ms. Quigley from serving as an expert for Charter in this, or any related, litigation, as well as any other matters involving the same or related patents, including, for example, IPRs. Once discovery reveals the full facts of this most peculiar situation created by Charter's conduct, Entropic may seek further appropriate relief from the Court.

Dated: April 14, 2023

Respectfully submitted,

*/s/ James Shimota*
James Shimota - LEAD ATTORNEY
Jason Engel
George Summerfield
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Jim.shimota@klgates.com
Jason.engel@klgates.com
George.summerfield@klgates.com

Nicholas F. Lenning
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
nicholas.lenning@klgates.com

Darlene Ghavimi
Matthew Blair
**K&L GATES LLP**
2801 Via Fortuna
Suite #650
Austin, Texas 78746
Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on this fourteenth day of April, 2023.

/s/ James Shimota
James Shimota

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that the above document should be filed under seal because it contains material designated by the parties as confidential pursuant to the Protective Order entered in this case (Dkt. 36).

/s/ James Shimota
James Shimota

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties personally conferred by telephone on April 4, 2023 and April 11, 2023 regarding the substance of this motion, and Entropic has complied with the meet and confer requirements in Local Rule CV-7(h). This motion is opposed. While Charter has agreed not to use Ms. Quigley unless the Court grants leave, Charter also disagrees that Ms. Quigley is disqualified, has refused to provide a declaration attesting that Charter will not use Ms. Quigley, and has repeatedly threatened to move for leave to use Ms. Quigley if Entropic seeks discovery into Charter's communications with Ms. Quigley. Entropic has explained that it would not need to bring this motion if Charter provided a declaration that Arnold & Porter, Charter, and anyone acting on Charter's behalf, agree not to work with Ms. Quigley on any matters that involve the patents asserted in Case Nos. 22-cv-00125, 23-cv-00050, 23-cv-00051, and 23-cv-00052, and any patents in the relate families of those asserted patents. Charter has refused and maintains its position that it may seek leave to use Ms. Quigley if Entropic pursues

discovery into Charter's communications with Ms. Quigley. Because the Protective Order establishes a fifteen-day deadline from the date of Charter's disclosure on March 30, 2023 to move the Court to prevent disclosure of confidential information, Entropic brings this motion now to disqualify Ms. Quigley and preserve its rights.

*/s/ James A. Shimota*
James A. Shimota
