# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>█████████████ |

**DECLARATION OF JAMES A. SHIMOTA IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY CATHLEEN QUIGLEY**

I, James A. Shimota, declare:

1. I am a Partner with the law firm of K&L Gates LLP, and I am counsel of record for Plaintiff Entropic Communications, LLC ("Entropic") in the above-captioned matter. I am submitting this declaration in support of Plaintiff's Motion to Disqualify Cathleen Quigley. I have personal knowledge of the matters stated herein and, if called to testify to such matters, I could and would testify hereto. I have reviewed correspondence between K&L Gates attorneys (hereinafter, "K&L Gates") and Cathleen Quigley. Below I have described various materials in such a manner as to avoid a waiver of privilege or work product protections. But Entropic is willing to provide any or all of the below materials to the Court for *in camera* inspection if the Court so orders, and Entropic invites the Court to do so.



---

[1] "Asserted patent(s)" refers to one or more patents presently in litigation in this case. "Unasserted patent(s)" refers to one or more patents owned by Entropic that are not presently asserted against Charter.









38.     On March 30, 2023, Defendant Charter Communications, Inc. ("Charter") disclosed Ms. Quigley as an expert and attached an executed protective order and CV. That same day, Entropic objected notifying Charter that Ms. Quigley was engaged by Entropic on this matter. Entropic demanded that Charter and Arnold & Porter Kay Scholer LLP ("Arnold & Porter") cease communication with Ms. Quigley. Entropic notified Charter that it would be seeking discovery regarding Ms. Quigley and Charter's communications.

39.     On April 4, 2023, Entropic met and conferred with Charter, specifically counsel at Arnold & Porter, regarding Entropic's objections to Ms. Quigley serving as an expert for Charter. Charter explained that it first contacted Ms. Quigley in October 2022, but learned at that time that she was already engaged by Entropic. During that call, Entropic also learned that, in February 2023, after apparently being unable to find an alternative expert, Charter established a separate team somehow "unrelated" to the litigation team, for the express purpose of attempting to retain Ms. Quigley on this matter. During the April 4 call, Entropic was also told by Charter's

counsel that the "separate" team somehow concluded that Ms. Quigley could be retained by Charter. During that call, Entropic reiterated its intent to seek email discovery related to Charter's communications with Ms. Quigley.

40. On April 5, 2023, counsel for Charter threatened by email that if Entropic seeks discovery into Charter's communications with Ms. Quigley, Charter "intend[ed] to seek discovery from Entropic" regarding Ms. Quigley and "would of course reserve the right in such circumstances to seek relief from the Court permitting us to retain Ms. Quigley for use in this case."

41. On April 5, 2023, counsel for Entropic informed Charter that it would not file a motion to disqualify Ms. Quigley if Charter provided a declaration that Arnold & Porter, Charter, and anyone acting on Charter's behalf, agree not to work with Ms. Quigley on any matters that involve the patents asserted in Case Nos. 22-cv-00125, 23-cv-00050, 23-cv-00051, and 23-cv-00052, and any patents in the related families of those asserted patents.

42. On April 11, 2023, Entropic met and conferred with Charter again, specifically Arnold & Porter, regarding Charter's retention of Ms. Quigley. Generally, neither Entropic nor Charter's position changed. Charter repeated its threat to seek leave in the future to use Ms. Quigley as an expert if Entropic seeks discovery into Charter's communications with Ms. Quigley, a threat it had previously communicated via email. Entropic also provided additional detail on Entropic's work with Ms. Quigley and offered to answer any additional questions Charter has regarding Entropic's work with Ms. Quigley, provided that Entropic will not disclose privileged information.

43. To date, Charter has not provided a declaration as Entropic requested, or indicated that it will provide such a declaration. Instead, Charter maintains its position that Ms. Quigley is

not disqualified and leaves open that Charter may seek leave to use Ms. Quigley when Entropic seeks discovery into Charter's communications with Ms. Quigley.



45. Attached as Exhibit B is a true and correct copy of an email exchange between Entropic and Charter that occurred between March 30, 2023 and April 13, 2023.

46. Attached as Exhibit C is a true and correct copy of an email exchange between Entropic and Charter that occurred between March 20, 2023 and April 11, 2023.



I certify under penalty of perjury under the laws of the United States that the foregoing statements are true and correct. Signed this 14th day of April, 2023.

/s/ James A. Shimota
James A. Shimota