# EXHIBIT B

**Neufeld, Courtney A.**

| | |
|---|---|
| **From:** | Reisner, Daniel <Daniel.Reisner@arnoldporter.com> |
| **Sent:** | Thursday, April 13, 2023 10:32 AM |
| **To:** | Lenning, Nicholas F. |
| **Cc:** | Allor, Katherine; Bacchus, Raquel A.; Dacus, Deron (EXTERNAL); Benyacar, David; Boardman, Albert; Brown, Melissa; Baker, Donna; Mayers, Carolene; Long, Betsy; EntropicKLG; wh@wsfirm.com; andrea@wsfirm.com |
| **Subject:** | RE: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures |

**External Sender:**

Nick,

We have told you repeatedly that Charter will not to work with Ms. Quigley (through APKS or another law firm) on the existing cases or patents in the related families without first seeking a Court order and that we reserve the right to seek such an order from the Court. We do not, therefore, understand your need to move to disqualify an expert we have not used and will not use without a court order.

As for the discovery Entropic seeks, we are not conflating two separate issues. They are both directly related to Ms. Quigley. We have tried to resolve these issues but it appears the parties have irreconcilable differences.

Dan

**From:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Sent:** Wednesday, April 12, 2023 8:03 PM
**To:** Reisner, Daniel <Daniel.Reisner@arnoldporter.com>
**Cc:** Allor, Katherine <Katy.Allor@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; zzz.External.ddacus@dacusfirm.com <ddacus@dacusfirm.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Baker, Donna <donna.baker@arnoldporter.com>; Mayers, Carolene <Carolene.Mayers@arnoldporter.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>; EntropicKLG <EntropicKLG@klgates.com>; zzz.External.wh@wsfirm.com <wh@wsfirm.com>; zzz.External.andrea@wsfirm.com <andrea@wsfirm.com>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures

External E-mail

Hi Dan,

I am heading to dinner right now so likely won't be available to talk tonight, but can be available tomorrow if that would be helpful.

But, to respond to your question, you are conflating two separate issues. The first is disqualification, and the second is discovery. Entropic will be seeking discovery into Arnold & Porter's contacts with our expert. That is a separate issue from Ms. Quigley's disqualification. As Katy stated in her email, if Charter provides a

declaration that Arnold & Porter, Charter, and anyone acting on Charter's behalf, agree not to work with Ms. Quigley on any matters that involve the patents asserted in Case Nos. 22-cv-00125, 23-cv-00050, 23-cv-00051, and 23-cv-00052, and any patents in the related families of those asserted patents then we will not move to disqualify Ms. Quigley because the parties then are in agreement that she is disqualified from working on this case. But the declaration is unrelated to the discovery Entropic will be seeking.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

---

**From:** Reisner, Daniel <Daniel.Reisner@arnoldporter.com>
**Sent:** Wednesday, April 12, 2023 4:53 PM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Cc:** Allor, Katherine <Katy.Allor@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; Dacus, Deron (EXTERNAL) <ddacus@dacusfirm.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Baker, Donna <donna.baker@arnoldporter.com>; Mayers, Carolene <Carolene.Mayers@arnoldporter.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>; EntropicKLG <EntropicKLG@klgates.com>; wh@wsfirm.com; andrea@wsfirm.com
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures

Is it your position that if we provide this declaration you will not file a motion seeking discovery? I'm available tonight to discuss if that would be helpful.

> On Apr 12, 2023, at 7:48 PM, Lenning, Nicholas F. <Nicholas.Lenning@klgates.com> wrote:
>
> [External E-mail]
>
> Hi Dan,
>
> I am writing to follow up on the below email from Katy and on our meet and confer yesterday. As we discussed, we have not received a response to our request that Charter provide a declaration that Arnold & Porter, Charter, and anyone acting on Charter's behalf, agree not to work with Ms. Quigley on any matters that involve the patents

2

asserted in Case Nos. 22-cv-00125, 23-cv-00050, 23-cv-00051, and 23-cv-00052, and any patents in the related families of those asserted patents.

Our understanding from your emails and the meet and confer is that Charter does not agree that Ms. Quigley is disqualified from being an expert in this matter, or any related matters. We also understand that Charter has not terminated its retainer agreement with Ms. Quigley that it recently executed. While Charter is representing it will not work with her without the Court's approval, Charter nonetheless is leaving open the possibility of moving the Court for leave to work with her on this case. And Charter has not responded to Entropic's request to put its representation about not working with her into a sworn declaration.

Given the deadline under the protective order and Charter's disagreement that Ms. Quigley is disqualified, we intend to file a motion to disqualify on Friday. While you have told us "we" will not work with her unless the Court authorizes it, we have explained why that is insufficient here: (1) we've repeatedly sought clarification that "we" must mean Arnold & Porter, Charter, and anyone working on Charter's behalf and Charter has not provided that; (2) it must include the asserted patents in the listed cases as well as all related patents; (3) we require a sworn declaration; and (4) Charter's refusal to agree that Ms. Quigley is disqualified raises the risk that, if Entropic does not move now, the Court could later determine we've waived our rights. We understand that Charter opposes the relief we're seeking.

If any of our understandings are incorrect, please let us know as soon as possible. Thank you.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

---

**From:** Allor, Katherine <Katy.Allor@klgates.com>
**Sent:** Wednesday, April 05, 2023 4:14 PM

**To:** Reisner, Daniel <Daniel.Reisner@arnoldporter.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; Dacus, Deron (EXTERNAL) <ddacus@dacusfirm.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Baker, Donna <donna.baker@arnoldporter.com>; Mayers, Carolene <Carolene.Mayers@arnoldporter.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; wh@wsfirm.com; andrea@wsfirm.com
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures

Dan,

We will agree not to file a motion to disqualify Ms. Quigley if you provide a declaration that Arnold & Porter, Charter, and anyone acting on Charter's behalf, agree not to work with Ms. Quigley on any matters that involve the patents asserted in Case Nos. 22-cv-00125, 23-cv-00050, 23-cv-00051, and 23-cv-00052, and any patents in the related families of those asserted patents.

Given your suggestion that she would tell a different story and is likely entitled to work with Charter, we have concerns about the contact you have had with her.  We again ask that you voluntarily provide us your correspondences with her including the dates of contact and a list of meeting attendees for each date.  To the extent you refuse, we intend on seeking discovery on the interactions of Arnold & Porter and Charter with Ms. Quigley on this matter.

Lastly, we take your threats seriously and if necessary, are prepared to defend our work product and actions with regards to our retained experts.

Kind regards,
Katy

**Katy Allor**
Partner
K&L Gates LLP
70 W. Madison St.
Suite 3100
Chicago, IL 60602
Phone: +1.312.807.4325
Fax: 312.345.9987
katy.allor@klgates.com
www.klgates.com

**From:** Reisner, Daniel <Daniel.Reisner@arnoldporter.com>
**Sent:** Wednesday, April 5, 2023 4:34 PM
**To:** Allor, Katherine <Katy.Allor@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; Dacus, Deron (EXTERNAL) <ddacus@dacusfirm.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Baker, Donna <donna.baker@arnoldporter.com>; Mayers, Carolene <Carolene.Mayers@arnoldporter.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; wh@wsfirm.com; andrea@wsfirm.com
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures

Katy,

We do not agree with your assessment of the case law.  Moreover, we believe it is likely that Ms. Quigley's version of the facts would be very different from Entropic's version, and that she is likely entitled to work with Charter on this matter.   However, in order to avoid the burden of motion practice, we will agree not to use Ms. Quigley if that puts an end to the matter.

But we will not agree to one-sided discovery into our communications with Ms. Quigley.  As I have repeatedly stated, we have not had any substantive communications with her.  This means, as I also explained, she did zero non-infringement, invalidity, claim construction or other analysis for Charter concerning any Entropic patent.  In the event that Entropic pursues such discovery, we intend to seek discovery from Entropic concerning the timing of any work Ms. Quigley did for Entropic, the circumstances of that work (without seeking the substance of any work-product), the nature of the apparent termination dispute between Ms. Quigley and Entropic, whether Entropic provided any information to Ms. Quigley beyond questions it wanted her to answer, the total fees paid to Ms. Quigley, and the number of technical experts Entropic has engaged and the number of search firms Entropic has employed to determine if it has attempted to conflict out subject matter experts for Charter.  We would of course reserve the right in such circumstances to seek relief from the Court permitting us to retain Ms. Quigley for use in this case.

Please let us know how you would like to proceed.

Dan

**From:** Allor, Katherine <Katy.Allor@klgates.com>
**Sent:** Monday, April 3, 2023 5:18 PM
**To:** Reisner, Daniel <Daniel.Reisner@arnoldporter.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; zzz.External.ddacus@dacusfirm.com <ddacus@dacusfirm.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Baker, Donna <donna.baker@arnoldporter.com>; Mayers, Carolene <Carolene.Mayers@arnoldporter.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; zzz.External.wh@wsfirm.com <wh@wsfirm.com>; zzz.External.andrea@wsfirm.com <andrea@wsfirm.com>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures

External E-mail

Dan,

Given the length of time Charter has been in contact with Ms. Quigley, we intend on seeking discovery into communications between her and Arnold & Porter, Charter itself, and any other counsel working on behalf of Charter.  Based on your representation that your communications and discussions with Ms. Quigley have not been substantive, we expect that Charter will not oppose such a request.

As to your request for our authority on why Ms. Quigley is precluded from working for Charter on this matter, the 5th Circuit makes very clear that in situations like this, where an expert changes side mid-case, it is a clear case for disqualification.  *See Koch Refining Company v. Boudreaux*, 85 F.3d 1178, 1181 (5th Cir. 1996) ("[N]o one would seriously contend that a court should permit a consultant to serve as one party's expert where it is undisputed that the consultant was previously retained as an expert by the adverse party in the same litigation and had received confidential information from the adverse

5

party pursuant to the earlier retention. This is a clear case for disqualification."); *see also Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00213-JRG, slip copy (E.D. Tex. March 15, 2022) (finding defendant's relationship with expert went well beyond "a simple consultation" based on the extensive prior work for defendant, on the same accused products as this case, on patents rooted in very closely related technology).

As to the issue of her termination, she provided notice in a responsive email purporting to terminate on March 2, 2023, but has failed to fulfill certain obligations under the agreement.  As to other engagements by K&L Gates with Ms. Quigley, we fail to see the relevance.  But can confirm she was only engaged for Entropic matters.

We are available tomorrow at 1 pm CT for a meet and confer.

Kind regards,
Katy

<image001.jpg>

**Katy Allor**
Partner
K&L Gates LLP
70 W. Madison St.
Suite 3100
Chicago, IL 60602
Phone: +1.312.807.4325
Fax: 312.345.9987
katy.allor@klgates.com
www.klgates.com

---

**From:** Reisner, Daniel <Daniel.Reisner@arnoldporter.com>
**Sent:** Monday, April 3, 2023 9:00 AM
**To:** Allor, Katherine <Katy.Allor@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; Dacus, Deron (EXTERNAL) <ddacus@dacusfirm.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Baker, Donna <donna.baker@arnoldporter.com>; Mayers, Carolene <Carolene.Mayers@arnoldporter.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; wh@wsfirm.com; andrea@wsfirm.com
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures

Katherine,

Ms. Quigley served as an expert for Charter in *Chanbond, LLC v. Atlantic Broadband Group, LLC et al*.  We had first contact with Ms. Quigley in connection with the Entropic case in October 2022. As explained below, we have not had any substantive discussions with her to date and continue not to have such discussions as we work with Entropic to ascertain if you have a valid objection.  In addition, we understand from Ms. Quigley that in her view the relationship with Entropic had been terminated some time ago.  We are preserving the limited communications we had with Ms. Quigley.

You have still not provided any legal authority for your assertion that we cannot work with Ms. Quigley. Nor have you told us whether she has an agreement with Entropic that precludes her working for Charter on this matter. As for the termination, are you saying that the agreement contains a provisions that prevents Ms. Quigley from terminating? When did Ms. Quigley inform Entropic that she wished to terminate the relationship or otherwise convey that she would not continue to work for Entropic? Furthermore, you have not told us if K&L Gates has worked with Ms. Quigley on other matters. It would be helpful if Entropic could provide all of this information before a meet-and-confer so that we can have a productive discussion.

In any event, I cannot meet on Monday. I am generally free on Tuesday but if this requires local counsel we will need to see if Deron is available.

Dan

---

**From:** Allor, Katherine <Katy.Allor@klgates.com>
**Sent:** Friday, March 31, 2023 5:45 PM
**To:** Reisner, Daniel <Daniel.Reisner@arnoldporter.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; zzz.External.ddacus@dacusfirm.com <ddacus@dacusfirm.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Baker, Donna <donna.baker@arnoldporter.com>; Mayers, Carolene <Carolene.Mayers@arnoldporter.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; zzz.External.wh@wsfirm.com <wh@wsfirm.com>; zzz.External.andrea@wsfirm.com <andrea@wsfirm.com>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures

External E-mail

Dan,

Your response fails to answer our question on when you or others at Charter and/or Arnold & Porter first had contact with Ms. Quigley. You also have not confirmed you will cease all communications with her, or that you will preserve communications you have had with her. We expect that you will provide a response to those questions promptly.

As to our engagement with Ms. Quigley, she was engaged by Entropic in November 2021. While she has given notice to terminate the agreement, she has yet to fulfill her obligations under the agreement, so the agreement is not properly terminated.

As to your suggestion that Charter is not precluded from working with Ms. Quigley, we fail to see how Charter can "take precautions not to learn the substance of any communications she had with Entropic or its counsel," given her significant involvement in numerous privileged, substantive discussions pertaining to the patents asserted and accused products in this matter. Such precautions typically include the use of ethical walls with the individual involved being unable to work on the matter, so do not see how such a representation would alleviate our concern. We reserve all rights to seek appropriate relief until we have a better understanding of the facts relating to Ms. Quigley.

We request a meet and confer on these issues on Monday. We are available between 2:00 and 5:00 pm CT.

Kind regards,
Katy

<image001.jpg>

**Katy Allor**
Partner
K&L Gates LLP
70 W. Madison St.
Suite 3100
Chicago, IL 60602
Phone: +1.312.807.4325
Fax: 312.345.9987
katy.allor@klgates.com
www.klgates.com

---

**From:** Reisner, Daniel <Daniel.Reisner@arnoldporter.com>
**Sent:** Friday, March 31, 2023 1:58 PM
**To:** Allor, Katherine <Katy.Allor@klgates.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; Dacus, Deron (EXTERNAL) <ddacus@dacusfirm.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Baker, Donna <donna.baker@arnoldporter.com>; Mayers, Carolene <Carolene.Mayers@arnoldporter.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; wh@wsfirm.com; andrea@wsfirm.com
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures

Katherine,

Ms. Quigley signed a retainer to work for Charter two days ago, on March 29. She has not done any substantive work yet nor have we had any substantive discussions.

Please provide us with the following information so we can evaluate your objection:

1. When did Ms. Quigley begin working for Entropic and when did that work terminate?
2. Does Entropic have an agreement that precludes Ms. Quigley from working with any third parties after termination of the work for Entropic?
3. Has K&L Gates worked with Ms. Quigley on any other matters?
4. What authority do you have that supports your assertion that Charter may not work with Ms. Quigley as long as it takes precautions not to learn the substance of any communications she had with Entropic or its counsel?

Dan

---

**From:** Allor, Katherine <Katy.Allor@klgates.com>
**Sent:** Thursday, March 30, 2023 6:31 PM
**To:** Reisner, Daniel <Daniel.Reisner@arnoldporter.com>; Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; zzz.External.ddacus@dacusfirm.com <ddacus@dacusfirm.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Baker,

8

Donna <donna.baker@arnoldporter.com>; Mayers, Carolene <Carolene.Mayers@arnoldporter.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; zzz.External.wh@wsfirm.com <wh@wsfirm.com>; zzz.External.andrea@wsfirm.com <andrea@wsfirm.com>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures

External E-mail

Counsel,

We strongly object to Charter's disclosure of Cathleen Quigley and demand that Charter and Arnold & Porter immediately cease all communication with Ms. Quigley. To the extent Charter and/or Arnold & Porter were not aware, this serves as notice that Ms. Quigley was engaged on this matter by Entropic.

We request the date of first contact with her and details surrounding when you formally engaged her.

Given that Ms. Quigley was involved in confidential and protected discussions with counsel for Entropic, and as part of her engagement offered advice on infringement issues relating to Charter accused products for patents at issue in this case, we request you provide a detailed summary of the information she has shared with you, and the information you have shared with her to date.

We request Charter preserve all communications it and counsel have had with Ms. Quigley, and are on notice that we will be seeking discovery into those communications. We reserve the right to seek any other appropriate relief from the court on this issue.

Kind regards,
Katy

<image001.jpg>

**Katy Allor**
Partner
K&L Gates LLP
70 W. Madison St.
Suite 3100
Chicago, IL 60602
Phone: +1.312.807.4325
Fax: 312.345.9987
katy.allor@klgates.com
www.klgates.com

---

**From:** Reisner, Daniel <Daniel.Reisner@arnoldporter.com>
**Sent:** Thursday, March 30, 2023 4:07 PM
**To:** Bacchus, Raquel A. <Raquel.Bacchus@klgates.com>; Dacus, Deron (EXTERNAL) <ddacus@dacusfirm.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Baker, Donna <donna.baker@arnoldporter.com>; Mayers, Carolene <Carolene.Mayers@arnoldporter.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Cc:** EntropicKLG <EntropicKLG@klgates.com>; wh@wsfirm.com; andrea@wsfirm.com
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al.: Expert Disclosures

Pursuant to paragraph 5 of the case Protective Order (Dkt. 36), Charter Communications, Inc. discloses Cathleen Quigley as an expert in this matter.

Attached is her executed Protective Order Undertaking (Appendix A) and current curriculum vitae.

Please let us know whether you object to her receipt of Designated Material.


_____

Daniel Reisner
Partner | Bio

<image002.png>

250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.8132 | F: +1 212.836.6432
Daniel.Reisner@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Katy.Allor@klgates.com.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Katy.Allor@klgates.com.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Katy.Allor@klgates.com.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this

message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com