# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>*Defendant*. | Case No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS

Plaintiff Entropic Communication, LLC ("Entropic") seeks to supplement its infringement contentions with respect to one of the asserted patents, U.S. Patent No. 8,284,690 ("the '690 Patent"), to identify a new use for a previously disclosed infringement theory. Therefore, Entropic files this motion in an abundance of caution.

Entropic has been diligent in seeking relevant discovery in this case and notified Charter immediately following the relevant deposition that supplementation was necessary. Entropic also provided Charter with a copy of its proposed minor supplementation to the '690 Patent Infringement Claim Chart.

I. **BACKGROUND**

Entropic served its infringement contentions on Defendant Charter Communications, Inc. ("Charter") on July 5, 2022, pursuant to Local Patent Rule 3-1 and the Docket Control Order.

By agreement between the parties, and as allowed by the Court, Entropic has twice supplemented its Infringement Contentions in this matter. Each time, Entropic provided its proposed supplementation to Charter as soon as the discovery demonstrated that supplementation was necessary.

During a third-party deposition of a manufacturer of Charter's CMTS devices, testimony was provided describing a previously unknown use for "active probes" in Charter's network that provides a further reason that Charter is infringing, in addition to (not in place of) the reasons already identified in Entropic's Infringement Contentions. Immediately following the deposition, Entropic supplemented its claim chart for the '690 Patent and provided Charter with a redline showing the minor supplementation. (Exs. A, B). Entropic met and conferred with Charter, and Charter indicated that it opposes the present motion.

## II. LEGAL STANDARD

Under P.R. 3-6(b), a party may supplement its infringement contentions upon a showing of good cause. The Fifth Circuit's four-factor test for determining whether "good cause" has been established considers "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Kaist Ip U.S. LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765 at *2 (E.D. Tex. Apr. 16, 2018). "'Good cause' is established when the balance of the four factors weigh in favor of allowing the amendment." *Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 213CV00017RWSRSP, 2018 WL 574867, at *2 (E.D. Tex. Jan. 26, 2018).

## III. ANALYSIS

### A. Entropic's Supplementation is are Based on Newly-Available Information

On July 20, 2023, Entropic took the deposition of third party Commscope, Inc. ("CommScope") concerning Cable Modem Termination System ("CMTS") equipment used by Charter. Charter's use of CommScope's Arris/Commscope E6000 CMTS forms the basis for, *inter alia*, Entropic's Infringement Contentions for the '690 Patent. More specifically, the '690 Patent is generally directed to a "receiver-determined probe," which allows a CMTS to, for example, obtain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Prior to the deposition of CommScope, Entropic's infringement allegations were directed to two uses of receiver-determined probes. The first use of receiver-determined probes is by Charter's Profile Management Application ("PMA"), which ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The second use of receiver-determined probes is by Charter's Proactive Network Maintenance (PNM), which refers to the collection of network data for purposes of characterization and improvement. PNM can be used, for example, to diagnose issues at the customer's premises.

Discovery previously demonstrated that while one other manufacturer of CMTS devices, Casa, provided ▮▮▮▮ Charter's witness, Sharon Bhukhra, indicated that all of Charter's CMTS devices operated the same. Ex. C, Bhukhra Tr. at 29:20-25 ("▮▮▮▮ Thus, while the documentation from CommScope indicated that active probing was available, it was unclear whether Charter disabled the feature.

During the deposition of CommScope, CommScope's representative confirmed active probing was indeed available and that ▮▮▮▮. Entropic is supplementing its infringement contentions to accuse this third additional use of receiver-determined probes (i.e., "active probes") used by the CommScope E6000 CMTS.

IV.   ANALYSIS

Good cause exists for the Court to grant this motion. No factor weighs in favor of denying Entropic's request to supplement, and Charter will suffer no prejudice from Entropic's proposed supplementation—particularly since Entropic is not seeking to allege new theories of its case.

3

### A.     Entropic Acted Diligently

Throughout this case, Charter has represented that it is not knowledgeable about the operation of the CMTS equipment it uses to provide cable and data services to its customers. *See e.g.*, Berger Tr. at 83:5-13 ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████ Entropic was diligent in seeking discovery from Charter's vendor CommScope[1], and sought to supplement its infringement contentions literally the same day that it obtained that discovery.

*See Tivo Inc., v. Verizon Commc'ns Inc.*, Case No. 2:09-cv-00257-JRG, 2012 U.S. Dist. LEXIS 78431 at 11 (E.D. Tex. June 6, 2012) (finding that two month was "a reasonable time after determining that the Cisco product was for sale on the market" to seek to amend contentions). Entropic provided Charter with its supplemental claim chart on the same day as the CommScope deposition. Thus, this factor weighs in favor of amendment.

### B.     Charter Will Suffer No Prejudice

Charter is not prejudiced because the specific "active probe" was already part of Entropic's Infringement Contentions. *See Harris Corp. v. Huawei Device USA, Inc.*, Case No. 2:18-CV-00439-JRG, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019) ("It is expected that during the course of discovery, infringement contentions may be clarified or refined."). Entropic merely seeks to specifically identify a further use of that "active probe." Entropic's supplementation is

---

[1]   Entropic served a subpoena on CommScope, Inc. on April 20, 2023, requesting documents relating to the CMTS products made by CommScope for Charter along with a deposition. CommScope, via the same counsel as Charter (Arnold & Porter) served objections and responses to the subpoena on May 19, 2023. CommScope provided three separate document productions on June 6, June 15 and June 23, 2023. The proposed deposition date was not provided until July 7, 2023.

4

really only seeking to add additional information provided by CommScope in support of the theory previously disclosed in Entropic's Infringement Contentions.

## V.  CONCLUSION

Entropic provided its supplementation as soon as reasonably possible. There is no unreasonable delay or gamesmanship. The supplementation is not prejudicial. Based on the foregoing, the facts and circumstances of this case support a finding of good cause for leave to supplement. For these reasons, Entropic respectfully requests the Court grant its Motion.

Dated: July 21, 2023

Respectfully submitted,

*/s/ James Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine Allor
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Jim.shimota@klgates.com
Jason.engel@klgates.com
George.summerfield@klgates.com
Katy.allor@klgates.com

Nicholas F. Lenning
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
nicholas.lenning@klgates.com

Darlene Ghavimi
Matthew Blair
**K&L GATES LLP**
2801 Via Fortuna
Suite #650
Austin, Texas 78746
Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on July 21, 2023.

*/s/ James Shimota*
James Shimota

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff conferred with counsel via email for Defendant on July 21, 2023, and counsel for Defendant are opposed as to the disposition of the matters raised in this motion.

*/s/ James Shimota*
James Shimota

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that the above document should be filed under seal because it contains material designated by the parties as confidential pursuant to the Protective Order entered in this case (Dkt. 36).

*/s/ James Shimota*
James Shimota

# EXHIBIT A

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT B

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT C

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER