**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | ████████████ |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**
**THE EXPERT REPORT OF DAVID O. TAYLOR**

**TABLE OF CONTENTS**

**Page**

**Contents**

I.     INTRODUCTION ..................................................................................................1

II.    LEGAL STANDARD...........................................................................................2

III.   ARGUMENT ......................................................................................................2

    A.  Professor Taylor's Expert Report Addresses Factual Issues .............................2

        i.       Professor Taylor's Analysis Regarding Charter's License Defense Is Admissible .................................................................................3

        ii.     Professor Taylor's Analysis Of Non-infringing Alternatives Is Admissible.......4

    B.  Professor Taylor Is Qualified to Offer Opinions Regarding Factual Issues ....................5

    C.  Professor Taylor's Expert Report Provides Expert Analysis.............................5

        i.       Professor Taylor Provides A Basis To Include The Patents-in-Suit Within the ███████████ ......................................................................6

        ii.     Professor Taylor Provides A Basis To Conclude that ███████ Are A Non-infringing Alternative .................................................................7

    D.  Professor Taylor Has Been Recognized As An Expert By This Court............................8

IV.   CONCLUSION...................................................................................................9

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Mobile Telecomms. Techs., LLC v. HTC Am., Inc.*,
   Case No. 2:13-cv-946-JRG (E.D. Tex. July 21, 2016)......................................................... 2, 8, 9

**Rules**

Federal Rule of Evidence 702................................................................................................ 2

## I.      INTRODUCTION

Defendant Charter Communications, Inc. ("Charter") submits this memorandum of law in opposition to plaintiff Entropic Communications, LLC's ("Entropic") motion to strike the expert report of David O. Taylor.  *See* Dkt. 141 (under seal).  Professor Taylor is a Professor of Law at the SMU Dedman School of Law in Dallas, Texas who teaches and researches in the areas of patent transactions and other corporate documents involving intellectual property.  Charter offers Professor Taylor's testimony as an expert in intellectual property transactions for three purposes:

Consistent with this Court's past rulings, Professor Taylor will not opine on any conclusion of law.  Because Professor Taylor will opine on questions of fact relating to Charter's licensing defenses based on his extensive experience in the field, the Court should deny Entropic's motion to strike.

## II.      LEGAL STANDARD

Federal Rule of Evidence 702 does not preclude expert testimony regarding a license agreement.  It provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  Fed. R. Evid. 702.

In accordance with that rule, the Court has allowed experts, including Professor Taylor, to offer their opinions on factual issues to assist the jury in deciding contractual disputes.  This Court has previously instructed as to Professor Taylor's opinions on a license:  Professor Taylor can "opine as to the disputed facts and issues of who and who is not an affiliate, and what does and doesn't constitute control are inherently fraught with factual issues" and "given the factual disputes that underlie these ultimate determinations of control and affiliate status, I think witnesses with [Professor Taylor's] type of expertise are appropriate."  *Mobile Telecomms. Techs., LLC v. HTC Am., Inc.*, Case No. 2:13-cv-946-JRG (E.D. Tex. July 21, 2016), Dkt. 237 at 78–80.

## III.     ARGUMENT

### A.      Professor Taylor's Expert Report Addresses Factual Issues

Professor Taylor's Expert Report identifies issues that might be disputed issues of fact where he could assist a jury.  He does not offer legal opinions nor does he directly interpret the ███████████████████████████████     Instead he addresses the factual underpinnings of these agreements.

### i.  Professor Taylor's Analysis Regarding Charter's License Defense Is Admissible

Entropic contends that Professor Taylor's Expert Report "does not provide the jury with any tools to determine whether Charter's license defense is valid." (Dkt. 141 at 5).  This is not true.  While Entropic argues that Professor Taylor "provides no input on whether the Patents-in-Suit fall within the meaning of ███████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Entropic ignores the analysis in Professor Taylor's Expert Report.

First, Professor Taylor provides an analysis of which of the Patents-in-Suit are subject to

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████ Next, Professor Taylor provides███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████. Professor Taylor provides analysis and explanation of how ██████████████████████████████████████████████

███████████████████████████████████████ that will assist the jury in this case.

ii. **Professor Taylor's Analysis Of Non-infringing Alternatives Is Admissible**

Professor Taylor's Expert Report regarding non-infringing alternatives contains two

sections: (1) ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████ However, Entropic only argues generically that Professor Taylor's Expert

Report ████████████████████████████████████████████████████████████████

████████████████████ (Dkt. 141 at 6).

As to the section of Professor Taylor's Expert Report that analyzes Charter's defense that

Charter's use of the Accused Cable Modem Products, Accused Set Top Products, and Accused

Services ████████████████████████████████████████████████████████████████

██████████████████████████████ ████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████ Professor Taylor provides an analysis as to how ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Regarding the section of Professor Taylor's Expert Report that analyzes Charter's defense

limiting damages ████████████████████████████████████████████████████████



-5-

### B.      Professor Taylor Is Qualified to Offer Opinions Regarding Factual Issues

Professor Taylor is qualified to render his opinions and Entropic makes no attempt to argue otherwise.  Instead, Entropic skirts the issue and argues that he is "is not an expert in technical or economic subjects" but is "an expert in law." (Dkt. 141 at 10).  Professor Taylor does not state in his report that he is "an expert in law" and, in fact, he specifically states that he does "not express any opinions concerning any question of law." (Dkt. 141, Ex. A at ¶ 29).  Entopic ignores that Professor Taylor is being offered as an expert in intellectual property transactions, *not* "an expert in the law" and has testified as an expert witness in more than a dozen cases.  (Dkt. 141, Ex. A at 12–14, *see also id.* at 13 n.1 & 14 n. 3 (noting where Professor Taylor has been recognized as a licensing expert).  Entropic does not acknowledge that in his report Professor Taylor sets forth the underlying legal standards that he applied in forming his opinions, as is common practice in expert reports, but provides no opinion concerning any question of law.

### C.      Professor Taylor's Expert Report Provides Expert Analysis

While Entropic contends that Professor Taylor's "reasoning lacks any methodology, instead it simply parrots facts from documents and witnesses," (Dkt. 141 at 11), Professor Taylor's Expert Report provides background information on the relevant allegations, the applicable legal principles that undergird his opinions, and the parties' history. (Dkt. 141, Ex. A at ¶¶ 31–42).  He

also provides a detailed description of ████████████████████████████████

███████████████████████████████████████  As discussed above,

Professor Taylor intends to testify only as to the factual application of the licenses—opinions he

reached based on his understanding of the law, along with his experience and review of the relevant

evidence.

> **i. Professor Taylor Provides A Basis To Include The Patents-in-Suit Within the** ████████████████

Entropic argues that Professor Taylor ████████████████████████████████

████████████████████████ and cites two purported issues with his report.  (Dkt. 141 at 12–

13).  However, as discussed *supra* in Section III.A.i, Professor Taylor's expert report provides

analysis and explanation of how the █████████████████████████████████████

████████████████████████████████████████████████████████  that

will assist the jury in this case.

First, Entropic contends that while "████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

Second, Entropic argues that Professor Taylor's Expert Report is deficient because he ████

████████████████████████████████████████████████████

██████████████████████████████████████   This point is irrelevant to Professor

Taylor's analysis.  In his report, Professor Taylor discusses that the ███████████████

███████████████████████████████████████████████████████████████████████████,

████████████████████████████████).  He further discusses that by signing the █████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

█████████████████████████

### ii.   Professor Taylor Provides A Basis To Conclude that ██████████████ Are A Non-infringing Alternative

Contrary to Entropic's argument, Professor Tylor's Expert Report provides a basis to

conclude that Charter had non-infringing alternatives ██████████████████.  As discussed *supra*

in Section III.A.ii, Professor Taylor's expert report provides analysis how ██████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████.  (Dkt. 141, Ex. A at

¶¶ 151–179).  He provides a basis to conclude that ██████████ Charter has a non-infringing

alternative.  He analyzes how ███████████████████████████████████████████████

███████████████████████████████  ████████████████████  █████████████

██████████████████  ███████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

████████████████████████████████

### D.      Professor Taylor Has Been Recognized As An Expert By This Court

Entropic's argument "that in other cases Professor Taylor has been repeatedly admonished for offering inadmissible 'expert reports' that are little more than veiled legal briefs" is without merit. (Dkt. 141 at 13–14).

First, Entropic's attempt to twist this Court's ruling in the *Mobile Telecommunications* case fails. (Dkt. 141 at 14).  In that case, this Court permitted Professor Taylor to "address the factual underpinnings of what might result in a determination of an affiliate or control." *Mobile Telecomms.*, Dkt. 237 at 78–80.  Similarly, here Professor Taylor would address the factual underpinnings of (1) whether Charter's use of the Accused Cable Modem Products, Accused Set Top Products, and Accused Services are subject to a license under the ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████, ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Second, Entropic's statement that "Professor Taylor's expert report in *Honeywell International* was excluded on these grounds" is incorrect. (Dkt. 141 at 14).  Entropic ignores that in his report Professor Taylor states that the *Honeywell International* Court recognized him "as an expert" and that he "provided expert testimony regarding licensing of patents and patent procedure." (Dkt. 141, Ex. A at 13 n.1).

Finally, this Court has acknowledged Professor Taylor as an expert. *Mobile Telecomms.*, Dkt. No. 237 at 78, 79 (Professor Taylor can "opine as to the disputed facts and issues of who and

who is not an affiliate, and what does and doesn't constitute control are inherently fraught with factual issues" and "given the factual disputes that underlie these ultimate determinations of control and affiliate status, I think witnesses with [Professor Taylor's] type of expertise are appropriate.").   Additionally, this Court has stated "I know Dr. Taylor at SMU.  I would be surprised if he's going to attempt to lecture the jury on what the law is from the witness stand." *Id.*  To that end, both Charter and Professor Taylor recognize it is solely the Court's province to decide the law and instruct the jury as to what the law is.  Consistent with the Court's guidance, Professor Taylor will not instruct what the law is.

## IV.    CONCLUSION

Charter respectfully asks this Court to deny Entropic's motion to strike the expert report of David O. Taylor.


 Dated: August 11, 2023                          Respectfully submitted,

                                                 /s/  Elizabeth Long
                                                 Deron R. Dacus
                                                 State Bar No. 00790553
                                                 The Dacus Firm, P.C.
                                                 821 ESE Loop 323, Suite 430
                                                 Tyler, TX 75701
                                                 Phone: (903) 705-1117
                                                 Fax: (903) 581-2543
                                                 Email: ddacus@dacusfirm.com

                                                 Daniel L. Reisner
                                                 David Benyacar
                                                 Elizabeth Long
                                                 Albert J. Boardman
                                                 Melissa Brown
                                                 Jacob Bass
                                                 ARNOLD & PORTER KAYE SCHOLER LLP
                                                 250 West 55th Street
                                                 New York, New York, 10019-9710
                                                 Telephone: (212) 836-8000
                                                 Email: daniel.reisner@arnoldporter.com

Email: david.benyacar@arnoldporter.com
Email:  elizabeth.long@arnoldporter.com
Email:  albert.boardman@arnoldporter.com
Email:  melissa.brown@arnoldporter.com
Email:  jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Email:  marc.cohn@arnoldporter.com
Email:  amy.dewitt@arnoldporter.com
Email:  paul.margulies@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via email and the Court's ECF system on August 11, 2023.

*/s/ Elizabeth Long*
Elizabeth Long