UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS**

Charter submits this sur-reply in further opposition to Entropic's motion for leave to supplement its infringement contentions in connection with the '690 Patent. *See* Dkts. 135 (Mot.), 143 (Opp.), 147 (Reply). The motion should be denied.[1]

I. **Supplementation With Entropic's New Infringement Theory Would Prejudice Charter**

Entropic argues that "Charter fails to address why this use of active probes is so different from prior uses of active probes already in Entropic's contentions." Reply at 1. As an initial matter, that is precisely the problem with Entropic adding a new infringement theory at the last minute: if it is allowed, Charter would have no opportunity to take discovery on pre-equalization probes, which are Entropic's new infringement theory, to understand how cable modem and CMTS vendors implement them, identify potential alternatives, and have a full and fair opportunity to develop its defenses. Entropic's motion seeks to deprive Charter of that.

Regardless, Entropic appears to ignore Charter's prior explanation that probes for pre-equalization "operate differently and fall under different aspects of the DOCSIS specification, which presents different issues for infringement" than the previously accused probes. Opp. at 6. More specifically, the '690 Patent explains that probes ordinarily are defined beforehand, such that "the receiving node knows before reception what reference signal was transmitted." Ex. 7, '690 Patent, 1:52-54. In contrast, the '690 Patent purports to disclose "receiver determined" probes, where a probe is generated "in response to a request from the node that will be receiving the probe." *Id.*, 1:67-2:6. Claim 1[2] of the '690 Patent requires that a "probe request" be received in a "first

---

[1] Entropic concedes it did not satisfy the meet and confer requirement of L.R. CV-7(h). Reply at 5. While Entropic attempts to shift blame to Charter for failing to raise and "discuss its opposition further if it though[t] the issue could be resolved by agreement," that is contrary to the substantive requirements of the rule to engage in a "sincere effort" to "attempt to resolve [the parties'] differing views" before filing. *See* L.R. CV-7(h).

[2] Entropic previously asserted claim 1 and continues to assert claims dependent on claim 1.

node." The Court previously construed "probe request," in accordance with Charter's proposal, as "a request, sent by one network node to another network node, that specifies the form of a probe to be generated and transmitted." Dkt. 123 at 45. Entropic's new infringement theory regarding pre-equalization probes differs from other probes Entropic already accuses because they are not "receiver determined" probes that "specif[y] the form of a probe to be generated and transmitted." This is because the pre-equalization probes are predetermined prior art probes, where the DOCSIS specification—and not the requesting node—dictates the pattern to be used for the probe. *See* Opp. at 8 n.5; *see also* Ex. 8, CM-SP-PHYv3.1-I07-150910 (CHARTER_ENTROPIC00366551) § 7.4.15.3.3 (providing bit sequences to be used for pre-equalization probe). This was confirmed by the "third-party" CommScope deponent whose testimony Entropic argues compelled the request for supplementation in the first place. *See* Mot. at 1; Ex. 9, Coogan Dep., at 43:4-19 (███████████████████████████████████).

      Although Entropic acknowledges the "advanced stage" of this litigation, it suggests that Charter will not be prejudiced because its newfound theory "was already part of the case" and Charter "had access to volumes of third party discovery" and would not need to "look for additional prior art references." Reply at 4. This argument is fundamentally flawed because pre-equalization was never "part of the case." And, while the parties pursued third-party discovery, the parties *did not* pursue discovery or third-party discovery targeted at the implementation of pre-equalization. Given the complex, and apparently conflicting, interpretations of the information available on pre-equalization, it is clear why Charter would be prejudiced by an amendment now, without a full and fair opportunity for discovery and case development. By attempting to "chang[e] the scope of this case at this particular time," Charter will be unable to defend against the newfound theory and

will be prejudiced. *Packet Intelligence LLC v. Netscout Systems, Inc.*, No. 16-cv-00230-JRG, 2017 WL 2531591, at *2 (E.D. Tex. Apr. 27, 2027).

Entropic cites *Harris Corporation v. Huawei Device USA, Inc.*, for the proposition that Charter will not be prejudiced by its amendment. Reply at 4 (citing *Harris*, No. 2:18-CV-00439-JRG, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019)). *Harris* is inapposite because, unlike here, the *Harris* plaintiff sought to amend its contentions at a point where "the *Markman* hearing ha[d] not yet occurred, discovery ha[d] not been completed, and the deadline for disclosing experts [h]ad not passed." *Harris*, 2019 WL 4247067, at *3. Here, at this stage of litigation, Entropic's "supplemental" contentions would "significantly prejudice" Charter. *Oyster Optics, LLC v. Coriant (USA) Inc.*, No. 2:16-CV-01302-JRG, 2018 WL 11448685, at *2 (E.D. Tex. Jan. 8, 2018); *Realtime Data, LLC v. Oracle Am., Inc.*, No. 6:16-cv-00088-RWS-JDL, 2016 WL 11702434, at *4 (E.D. Tex. Dec. 14, 2016).

## II.     Entropic Did Not Act Diligently

According to Entropic, it had no way of knowing prior to the CommScope deposition in late July that Charter utilized "pre-equalization" because a Charter witness had testified that Charter ███████████████████████████████████████ and no witness ███████ ███████████████████████████████████ Reply at 2-3. Entropic also contends that it would have been "inappropriate" to seek to supplement "based on" the CommScope User Guide because the document indicated that pre-equalization was "only possible." *Id.* at 2 (emphasis omitted).

These arguments belie the record and do not provide *any* explanation for "why [this new theory] could not have been **discovered earlier**." *Packet Intelligence*, 2017 WL 2531591, at *2 (emphasis added). Entropic does not explain why it did not investigate claims of "active probe" use in pre-equalization after its receipt of the manuals on January 13, 2023, nearly six months ago, or after its receipt of the CommScope User Guide in June 2023. *See* Opp. at 6-8. Nor does Entropic

explain why it never served document requests, interrogatories, or deposition notices regarding pre-equalization or the probes used to implement pre-equalization. *See, e.g.*, *Packet Intelligence*, 2017 WL 2531591, at *2. Entropic also attempts to deflect its lack of diligence by suggesting that pre-equalization is not required by the DOCSIS 3.1 specification that Charter identified. Reply at 3-4; Opp. at 8. At the very least, this illustrates exactly why additional discovery is needed. Finally, to the extent Entropic suggests that it is Charter's fault that "no witness actually confirmed" the CMTS used pre-equalization, it was Entropic's burden to ask. Moreover, Charter's witness did confirm in response to a broader question that ███████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████ *See* Dkt. 143-5, Ex. 4, Williams Dep., at 115:5-9. It is Entropic's burden, not Charter's, to diligently pursue its theories of infringement and to ask the appropriate questions during discovery. As such, this theory could have been "discovered earlier," and Entropic failed to diligently do so. *Packet Intelligence*, 2017 WL 2531591, at *2.

### III. Entropic Waived Any Argument Regarding the Purported Importance for Excluding Its New Infringement Theory

Entropic acknowledges that it did not address this factor and states for the first time in reply that "additional infringing use equates to additional damages," which it "made clear in Entropic's expert report on damages."[3] Reply at 4. Entropic does not cite any facts nor provide any authority to support its conclusory statement that the possibility of "additional damages" is sufficiently important to warrant its eleventh-hour supplementation request. In any event, the Court should reject this contention and find that Entropic waived this argument by raising it for the first time in

---

[3] It was inappropriate to submit an expert report on damages regarding the implementation of pre-equalization given pre-equalization is not at issue in this case. *See also* Reply at 5.

-4-

reply. *See Hammers v. Mayea-Chang*, No. 2:19-CV-00181-JRG, 2019 WL 6728446, at *8 n.10 (E.D. Tex. Dec. 11, 2019) (collecting cases); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2015 WL 5786501, at *5 (E.D. Tex. Sept. 30, 2015) ("The Court does not consider arguments raised for the first time in a reply brief[.]"); *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 795, 811 n.6 (E.D. Tex. 2014) (collecting cases) ("Failure to raise an argument in a motion waives the argument; raising it for the first time in a reply memorandum is too late.").

Regardless, Entropic's barebones argument should not outweigh Entropic's failure to diligently seek this information earlier, if it were purportedly so important. *See* Opp. at 6-8.

### IV.   There is No Availability for a Continuance

Entropic suggests that there is no need for a continuance. Reply at 5. Because Entropic did not raise these arguments in its opening brief, these arguments have been waived. *See supra* Section III. In any event, Entropic does not respond to Charter's argument that to permit the supplemental infringement contentions "at this time would risk, if not guarantee, further delay." *Packet Intelligence*, 2017 WL 2531591, at *2; *see also* Opp. at 11.

### V.   CONCLUSION

Entropic has not shown diligence in pursuing or the importance of the desired amendment. There is significant risk of prejudice to Charter and no possibility of a continuance. Accordingly, Entropic lacks good cause to amend and Charter respectfully asks this Court to deny Entropic's motion.

Dated: August 22, 2023

Respectfully submitted,

*/s/  Paul Margulies (with permission)*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email:  elizabeth.long@arnoldporter.com
Email:  albert.boardman@arnoldporter.com
Email:  melissa.brown@arnoldporter.com
Email:  jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Email:  marc.cohn@arnoldporter.com
Email:  amy.dewitt@arnoldporter.com
Email:  paul.margulies@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email and the Court's ECF system on August 22, 2023.

                                        */s/ Paul Margulies*
                                        Paul Margulies

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 36) entered in this case on August 10, 2022.

                                        */s/ Paul Margulies*
                                        Paul Margulies