IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00125-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Before the Court is Defendant Charter Communications, Inc.'s ("Charter") Opposed Motion to Consolidate this Action with No. 2:23-cv-00052-JRG and to Amend the Case Schedule (the "Motion"). (Dkt. No. 99.) In the Motion, Charter requests that the above-captioned case (the "First Action") be consolidated with the *Entropic Communications, LLC v. Charter Communications, Inc.*, Case No. 2:23-cv-052-JRG (the "Second Action") pursuant to Federal Rule of Civil Procedure 42(a). (Dkt. No. 99 at 1.) Plaintiff Entropic Communications, LLC ("Entropic") opposes the Motion. (Dkt. No. 113.) For the following reasons, the Court finds that the Motion should be **DENIED**.

**II.   BACKGROUND**

Entropic filed the First Action on April 27, 2022. (Dkt. No. 1.) It asserts that Charter infringes six U.S. Patents, including U.S. Patent No. 9,210,362 (the "'362 Patent"). (Dkt. No. 15 at ¶ 1.) The First Action is set to for trial on December 4, 2023 (Dkt. No. 154.)

Entropic filed the Second Action on February 10, 2023. 2:23-cv-052-JRG, Dkt. No. 1. In this action, Entropic asserts that Charter infringes U.S. Patent Nos. 11,381,866 (the "'866 Patent")

and 11,399,206 (the "'206 Patent"). 2:23-cv-052-JRG, Dkt. No. 11 at 2. These patents are from the same family as the '362 Patent from the First Action. (Dkt. No. 99 at 1.) Accordingly, the '362, '866, and '206 Patents share a specification and inventors, and have similar claims. (*Id.*) The Second Action, which is currently consolidated with 2:23-cv-051-JRG, is set for trial on October 7, 2024. 2:23-cv-051-JRG, Dkt. No. 52.

### III. LEGAL STANDARD

Under Rule 42(a), where actions involve a common question of law or fact, "the court *may* . . . consolidate the actions." *Contentguard Holdings, Inc. v. Google, Inc.*, Nos. 2:14-cv-00061-JRG, Nos. 2:13-cv-01112, 2014 WL 1477670, at *4 (E.D. Tex. Apr. 15, 2014) (quoting Fed. R. Civ. P. 41(a)) (emphasis in original)). This rule "is permissive and vests a purely discretionary power in the district court." *Id.* (quoting *Whiteman v. Pitrie*, 220 F.2d 914, 918 (5th Cir. 1955)).

### IV. ANALYSIS

Charter argues that the Court should consolidate the First and Second Actions because the law and facts substantially overlap. (Dkt. No. 99 at 7.) The '362, '866, and '206 Patents share the same specification and inventors, and have similar claims. (*Id.* at 7–8.) Moreover, the Accused Products and Accused Services have the same definition in each Action. (*Id.* at 8.) Charter further argues that trying the First and Second cases separately will lead to jury confusion because the jury in the Second Action will be required to account for the events that occurred in the First Action. (*Id.* at 9–10.) Moreover, Charter argues, consolidation would avoid substantial inefficiencies, namely litigating claim splitting and issue preclusion in the Second Action. (*Id.* at 10–14.) Last, Charter argues that if the Court adopts Charter's proposed schedule, there is no prejudice to Entropic. (*Id.* at 14–15.) Under Charter's proposed schedule, the consolidated case would proceed to trial in April 2024. (Dkt. No. 99-1 at 1.) Charter argues that there would be no prejudice to

Entropic because the shorter time-to-trial for the Second Action would offset the longer time-to-trial in the First Action. (Dkt. No. 99 at 14–15.) Charter further argues that there is no prejudice to Entropic because Entropic is a non-practicing entity seeking only money damages. (*Id.* at 14.)

In response, Entropic argues that it is not possible to assess whether consolidation would promote efficiency given that the Second Action is in its earliest stages. (Dkt. No. 113 at 4–7.) Further, Entropic argues that consolidation would force Entropic to present too many complex, technical issues to a jury, making the presentation of evidence even more difficult for the jury to grapple with. (*Id.* at 8–9.) Last, Entropic argues that any delay in trial in the First Action would be prejudicial. (*Id.* at 9–10.)

In reply Charter argues that Entropic's argument that consolidation would mean there is "too much material" in one case rings hollow because (1) Entropic previously indicated that "it would be amenable to consolidation" and (2) Entropic filed a case in California that included all eight patents from both the First and Second Actions here. (Dkt. No. 116 at 1 (citing Dkt. No. 113 at 2).) Moreover, Charter notes that Entropic does not dispute the risks of jury confusion. (*Id.* at 2.) Further, the fact that the cases are at different stages is the fault of Entropic, Charter argues. (*Id.* at 3–4.) Finally, Charter argues that there is minimal prejudice to Entropic because the delay in time-to-trial is for a specified length, and, in any event, any prejudice to Entropic is far outweighed by the prejudice of forcing Charter to litigate two very similar cases instead of just one. (*Id.* at 4–5.)

In sur-reply Entropic argues that it only ever stated that it would "consider" consolidation on the existing trial schedule. (Dkt. No. 118 at 1.) Moreover, the other cases that Entropic filed which include all eight patents from the First and Second Actions here, were not filed in front of this Court, but in front of a Court that does not have a tradition of one-week trials. (*Id.* at 1–2.)

The Court, in its discretion, finds that the First and Second Actions should not be consolidated. The cases are simply too far apart for it to be practical to consolidate them at this point. The First Action is nearing the end of expert discovery, while fact discovery is just opening in the Second Action. Further, Entropic should not have to delay in bringing its case to trial before a jury. *See Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00113-JRG, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022) ("this Court has repeatedly found that a delay in recovering monetary damages is far from non-prejudicial") (quotations omitted).

The Court is sympathetic to Charter's concern that it should not have to litigate the same case twice, but this concern is overstated. It is the Court's expectation that discovery between these actions will overlap, such that discovery does not have to be wholly duplicative between the First and Second Actions. The Court also expects that the similarities between the patents-in-suit will simplify claim construction. Moreover, the Court will instruct the jury and cabin party arguments to limit jury confusion, which is an inherent risk when any single case from a group of complex cases goes to trial. Charter may litigate claim-splitting and issue preclusion if it wishes, Entropic knew the risks of bringing two cases that cover similar subject matter and it is not unfair to Charter to ask it to defend itself.

It is not lost upon the Court that this ruling may require some additional costs that the parties (and the Court) must bear. However, these additional costs are, in the Court's view, insufficient to overcome the burdens of consolidating two cases that are at very different stages of development and readiness.

## V.  CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 99) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 29th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE