## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:22-CV-00125-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

### I.      INTRODUCTION

Before the Court is Plaintiff's Motion for Leave to Supplement Infringement Contentions (the "Motion") filed by Plaintiff Entropic Communications, LLC ("Entropic"). (Dkt. No. 135.) In the Motion, Entropic requests that the Court grant leave so that it may supplement its infringement contentions with respect to one of the asserted patents, U.S. Patent No. 8,284,690 (the "'690 Patent"). (*See id.* at 1.) Defendant Charter Communications, Inc. ("Charter") opposes the Motion. (*See* Dkt. No. 143.) For the following reasons, the Court finds that the Motion should be **DENIED WITHOUT PREJUDICE**.

### II.     BACKGROUND

Entropic seeks to supplement its infringement contentions to add an additionaly theory regarding Charter's alleged infringing use of the '690 Patent. (Dkt. No. 135 at 1; Dkt. No. 147 at 4.)

### III. LEGAL STANDARDS

#### A. Good Cause

A party seeking to amend its infringement contentions may do so only "by order of the Court . . . upon showing of good cause." *Packet Intelligence LLC, V. Netscout Systems, Inc., et al.*, No. 2:16-CV-230 (JRG), 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017) (citation omitted). In this context, good cause "requires a showing of diligence." *Id.* (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). The Court may also consider additional factors, such as: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-CV-376-JRG, 2014 WL 12605571, at *1 (E.D. Tex. 2014)).).

#### B. Local Rule CV-7(h)

Local Rule CV-7(h) lays out the requirements for meeting and conferring prior to the filing of a motion. The parties do not dispute that they were required to meet and confer prior to the filing of this Motion. For opposed motions such as this one, the Local Rule requires "a personal conference, by telephone or in-person." *Id.* Further, "a request for court intervention is not appropriate until the participants have met and conferred in good faith, and concluded, in good faith that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve." *Id.* However, "for opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance … and are not evidence of good faith."

### IV. ANALYSIS

Entropic argues that the Motion is based upon newly-discovered evidence that was unearthed at a third-party deposition. (Dkt. No. 135 at 2–3.) Entropic also argues that good cause

2

exists because "[n]o factor weighs in favor of denying Entropic's request to supplement." (*Id.* at 3–5.) Entropic further argues that it acted diligently, serving its supplemental infringement contentions on Charter the same day the new facts were discovered, and that Charter will suffer no prejudice because "Entropic's supplementation is really only seeking to add additional information provided by [the third party] in support of the theory previously disclosed." (*Id.* at 4–5.)

In response, Charter first argues that Entropic did not comply with the Meet and Confer requirements of Local Rule CV-7(h). (Dkt. No. 143 at 4.) Specifically, Charter argues that Entropic did not discuss the Motion in person or via telephone, but only over email, as confirmed by the Certificate of Conference in the Motion. (*Id.* at 4–5 (citing Dkt. No. 135 at 7).)

Charter further argues that Entropic has not been diligent in investigating its supplemental infringement contentions because Entropic has been in possession of all of the information necessary for it to supplement its infringement contentions prior to the deposition. (*Id.* at 5–8.) Charter also points out that Entropic has made no argument about the importance of its supplemental contentions. (*Id.* at 8–9.) Charter also argues that it will be prejudiced if Entropic is allowed to supplement its contentions because fact discovery is closed, the deadline for dispositive and *Daubert* motions is upcoming, and trial is nigh. (*Id.* at 9–10.) Finally, Charter argues that there is no availability for a continuance. (*Id.* at 11.)

Entropic argues in reply that it acted diligently, serving the supplemental infringement contentions as soon as a witness confirmed that Charter actually used the accused products in the allegedly infringing manner. (Dkt. No. 147 at 2–4.) However, Entropic concedes that such supplementation was "***possible***." (*Id.* at 2 (emphasis in original).) Entropic also concedes that it "did not explicitly include [the importance] factor in its motion" and argues that the additional

infringing use is important to the damages calculations. (*Id.* at 4.) Entropic also argues that nothing about its supplementation requires a continuance. (*Id.* at 5.) Finally, Entropic contends that it satisfied the meet and confer requirement. (*Id.*) Entropic argues that it was on the phone with counsel for Charter shortly after Charter indicated it opposed the Motion by email. (*Id.*) Moreover, Entropic represents that it has since conferred with counsel for Charter and confirmed that Entropic's motion is unresolvable. (*Id.*)

In sur-reply, Charter re-urges that the supplementation would prejudice Charter and that Entropic did not act diligently. (*Id.* at 1–4.) Charter then argues that Entropic waived any argument regarding the importance of the supplemental contentions by raising it for the first time in its reply brief. (*Id.* at 4–5 (citing, among others, *Hammers v. Mayea-Chang*, No. 2:19-CV-00181-JRG, 2019 WL 6728446, at *8 n.10 (E.D. Tex. Dec. 11, 2019)).)

The Court finds that Entropic should not presently be allowed to supplement its infringement contentions because Entropic did not comply with the requirements of Local Rule CV-7(h). The Local Rule clearly requires a conference prior to the filing of a motion, and also spells out that email is not an appropriate medium for meeting and conferring, except for in circumstances not relevant (and not argued) here. Entropic concedes that it did not properly meet and confer with Charter prior to the filing of the Motion except via email. (Dkt. No. 147 at 5.) Moreover, Charter's argument that "Charter had full opportunity to discuss its opposition further if it though[t] the issue could be resolved by agreement" over the phone, hours after Charter indicated via email that it opposed the Motion, falls flat. It was not Charter's responsibility to raise its opposition to Entropic's Motion. Entropic is the party seeking to file the Motion (and who did file the Motion), Entropic is the party required to include a Certificate of Conference on its Motion, and so it is Entropic who must ensure that the meet and confer requirements of Local Rule CV-

7(h) are satisfied. Specifically Entropic was required to obtain opposing counsel's position on the Motion "by telephone or in person." *Id.*

The meet and confer requirements of Local Rule CV-7(h) are meant to be taken seriously. Entropic failed to do so. Such failure will not be ignored, and repeated failure to comply will subsequently be viewed as intentional and thus sanctionable. This type of "go back and do it right" order is burdensome for everyone, including the Court. The Court does not expect this party or its counsel to offend in the same way again.

V.    **CONCLUSION**

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 135) should be and hereby is **DENIED WITHOUT PREJUDICE**. Entropic may again move to supplement its infringement contentions within 10 days if it so desires.

**So ORDERED and SIGNED this 29th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE