UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Civil Action No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
<u>THE EXPERT REPORT OF DAVID O. TAYLOR</u>**

Defendant Charter Communications, Inc. ("Charter") submits this sur-reply in further opposition to Entropic Communications LLC's ("Entropic") motion for leave to strike the expert report of David O. Taylor. *See* Dkts. 141, 144, and 151. The motion should be denied.

I.   **INTRODUCTION**

Professor Taylor will opine on questions of fact relating to Charter's licensing defenses based on his extensive experience in the field. Contrary to Entropic's argument, Charter has not narrowed what Professor Taylor will opine on and has not ███████████ that his opinions regarding non-infringing alternatives should be struck.

First, Entropic argued in its opening brief that Professor Taylor's Expert Report contains legal conclusions. (Dkt. 141 at 3). In opposition, Charter explained that Professor Taylor will not opine on the law. (Dkt. 144 at 2). This did not narrow the scope of Professor Taylor's testimony as his report explicitly states: ███████████████████████████████ and ████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ████████ (Dkt. 141, Ex. A. at ¶ 29). Second, Charter's opposition explains why Professor Taylor's analysis of non-infringing alternatives is admissible and that Charter has not conceded that they should be struck. (Dkt. 144 at 4–5, 7).

Because Professor Taylor will provide affirmative factual testimony as an expert in intellectual property transactions and will not opine on any conclusion of law, the Court should deny Entropic's motion to strike his report.

## II. ARGUMENT

### A. Professor Taylor's Expert Report Will Assist The Jury

Contrary to Entropic's argument (Dkt. 151 at 2), Professor Taylor's Expert Report will assist the jury. Professor Taylor provides analysis and explanation of how the  that will assist the jury in this case. He also provides: (1) affirmative factual testimony in support of Charter's defense that Charter's

### i. Professor Taylor Provides Analysis Regarding Charter's License Defense

As stated in Charter's opposition, Professor Taylor provides analysis regarding Charter's license defense that is admissible. (*See* Dkt. 144 at 3). In his report, Professor Taylor goes through an analysis of which of the Patents-in-Suit are subject to . (*See* Dkt. 141, Ex. A at ¶¶ 117, 120–122, 127, 114–119; 125–131).

Similarly, regarding Charter's defense that Charter's use of the Accused Cable Modem

Products, Accused Set Top Products, and Accused Services are covered by an ███████████

███████████████████████████████████████, Professor Taylor analyzes how

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████. (*See* Dkt. 141, Ex. A at ¶¶ 151–179).

### ii.   Professor Taylor Provides Analysis Of Non-infringing Alternatives

Professor Taylor's Expert Report provides analysis of non-infringing alternatives. He explains how ████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████████████████ He further explains how ████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████ were available to Charter as a non-infringing alternative. (*See id.* at ¶¶ 180–208).

### B.   There Are Disputed Factual Issues

Entropic's argument that it █████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████████████████ misses the point about the facts that Professor will opine on. (Dkt. 151 at 5). Entropic believes that the only issues are whether the █████████████

██████████████████████████████████████████████████████████████." (*Id.* at 4–5). As laid out in his report, Professor Taylor offers analysis regarding the operation of the



███████████████████████████████-4-██████████. Not mentioned by Entropic is that Professor Taylor analyzes how ████████████████████████████████████ ████████████████████████████████████████████████████████████ ████ (Dkt. 141, Ex. A. at ¶¶ 112–150).  This involves facts that go beyond Entropic's glib statement that ████████████████████." (Dkt. 151 at 5).

Entropic's argument that because it "████████████████████████████ ████████████████████████████████████████" again misses the point of Professor Taylor's Expert Report.  (Dkt. 151 at 5).  As stated in Charter's opposition and *supra*, Professor Taylor's analysis of ████████████████ is admissible and factual issues regarding whether █████████████████████████████████████████, ████████████████████████████████████████████████████████████ ████████████████████████████████████.

## III. CONCLUSION

Charter respectfully asks this Court to deny Entropic's motion to strike the expert report of David O. Taylor.

Dated: August 28, 2023

Respectfully submitted,

*/s/  Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email:  elizabeth.long@arnoldporter.com
Email:  albert.boardman@arnoldporter.com
Email:  melissa.brown@arnoldporter.com
Email:  jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Email:  marc.cohn@arnoldporter.com
Email:  amy.dewitt@arnoldporter.com
Email:  paul.margulies@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

-6-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email and the Court's ECF system on August 28, 2023.

/s/ Elizabeth Long
Elizabeth Long