**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC<br><br>     *Plaintiff,*<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>     *Defendant.* | Civil Action No. 2:22-CV-00125-JRG<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ENTROPIC COMMUNICATIONS LLC'S MOTION TO STRIKE
OPINIONS OF STEVEN GOLDBERG**

## <u>TABLE OF CONTENTS</u>

I.   Improper Use of Claim Construction Order, Evidence, Arguments (Op. Rep. ¶¶ 65-67, 77, 79, 80, 83, 348, 351, 434, 480-81, 507, 516, 520, 534, 542, 573; Supp. Rep. ¶ 14)..................... 1

   A.   '775 Patent (Op. Rep. ¶¶ 65-67, 77, 79, 80, 83)................................................................. 2

   B.   '008 and '826 Patents (Op. Rep. ¶¶ 348, 351; Supp. Rep. ¶ 14)...................................... 3

   C.   '362 Patent (Op. Rep. ¶¶ 434, 480-81).............................................................................. 4

   D.   '682 Patent (Op. Rep. ¶¶ 507, 516, 520, 534, 542, 573).................................................. 4

II.  Impermissible Use of Hindsight (Op. Rep. ¶¶ 67, 74, 254-55, 292-93, 389-90) ................... 4

III. Jury Confusion Due to Vague Analysis (Op. Rep. ¶¶ 389-93) ................................................. 7

IV. Violations of Local Patent Rule 3-3 ........................................................................................ 8

   A.   Improperly Disclosed References as to the '690, '826, and '682 Patents (Op. Rep. ¶¶ 195-209, 316-24, and 551-58)......................................................................................... 9

   B.   Dr. Goldberg Offers New Motivations To Combine Not Previously Disclosed (Op. Rep. ¶¶ 207-208, 270, 289, 293, 422, 454, 494, 529, 539, and 555; Supp. Rep. ¶¶ 36 and 45) 11

   C.   The *Tyco* Factors Weigh In Favor Of Striking Dr. Goldberg's Theories That Go Beyond What Was Disclosed in Charter's Invalidity Contentions ................................................ 13

V.   Conclusion ............................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                          **PAGE(S)**

*ATEN Int'l Co. v. Uniclass Tech. Co.*,
  932 F.3d 1364 (Fed. Cir. 2019)...............................................................................2

*Better Mouse Co., LLC v. Steelseries APS*,
  No. 2:14-cv-198-RSP, 2016 WL 3611560 (E.D. Tex. Jan. 5, 2016)........................................7

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009)...............................................................................2

*Grain Processing Corp. v. Am. Maize Prod. Co.*,
  840 F.2d 902 (Fed. Cir. 1988)...............................................................................5

*LML Patent Corp. v. JPMorgan Chase & Co.*,
  No. 2:8-cv-448, 2011 WL 5158285 (E.D. Tex. Aug. 11, 2011)..............................8, 12, 13, 15

*Rudolph Techs., Inc. v. Camtek, Ltd.*,
  666 Fed. App'x. 925 (Fed. Cir. 2016).......................................................................6

*Sensonics, Inc. v. Aerosonic Corp.*,
  81 F.3d 1566 (Fed. Cir. 1996).............................................................................5, 7

*Tyco Healthcare Group LP v. Applied Med. Resources Corp.*,
  No. 9:06-cv-151, 2009 WL 5842062 (E.D. Tex. Mar. 30, 2009)...........................9, 13, 14, 15

**TABLE OF EXHIBITS**

| Exhibit | Title |
|---------|-------|
| A | Opening Expert Report of Steven H. Goldberg Regarding Invalidity ("Opening Report" or "Op. Rep.") |
| B | Deposition Transcript Of Steven H. Goldberg ("Goldberg Tr.") |
| C | Supplemental Expert Report of Steven H. Goldberg Regarding Invalidity ("Supplemental Report" or "Supp. Rep.") |
| D | Charter's Third Supplemental Invalidity Contentions ("Invalidity Contentions" or "Inv. Cont.") |
| E | Charter's Initial Invalidity Contentions ("Initial Inv. Cont.") |
| F | Charter's First Supplemental Invalidity Contentions ("1st Supp. Inv. Cont.") |

Plaintiff Entropic Communications, LLC ("Entropic") respectfully moves to strike Paragraphs 65-67, 74, 77, 79, 80, 83, 195-209, 254-55, 207-08, 270, 289, 292-93, 316-24, 348, 351, 389-93, 422, 434, 454, 480-81, 494, 507, 516, 520, 529, 534, 539, 542, 551-58, and 573 of the Opening Expert Report of Steven H. Goldberg Regarding Invalidity ("Opening Report" or "Op. Rep.") and Paragraphs 14, 36, and 45 of Dr. Goldberg's Supplemental Expert Report ("Supplemental Report" or "Supp. Rep."). Between the two reports, Dr. Goldberg offers invalidity opinions for all of the Patents-In-Suit.[1] Certain of Dr. Goldberg's opinions cannot be presented to the trier of fact because: (1) Dr. Goldberg disregards the Court's Claim Construction Memorandum Opinion and Order (Dkt. 123) ("CC Order") by relying on the parties' claim construction arguments and the Court's reasoning in the CC Order; (2) Dr. Goldberg offers opinions that rely on impermissible hindsight; and (3) Dr. Goldberg's use of non-asserted, unelected prior art will lead to jury confusion. Finally, certain opinions should be excluded because Dr. Goldberg offers new theories that go beyond those disclosed in Charter's P.R. 3-3 invalidity contentions.

I.      **Improper Use of Claim Construction Order, Evidence, Arguments (Op. Rep. ¶¶ 65-67, 77, 79, 80, 83, 348, 351, 434, 480-81, 507, 516, 520, 534, 542, 573; Supp. Rep. ¶ 14)**

The Court should strike Paragraphs 65-67, 77, 79, 80, 83, 348, 351, 434, 480-81, 507, 516, 520, 534, 542, and 573 of the Opening Report and Paragraph 14 of the Supplemental Report because Dr. Goldberg opines in direct contravention of the law and this Court's orders concerning testimony related to claim construction.

First, no one is allowed to contradict the Court's actual claim constructions. "Once a district court has construed the relevant claim terms … then that legal determination governs for purposes of trial. No party may contradict the court's construction to a jury." *Exergen Corp. v. Wal-Mart*

---

[1] The Patents-In-Suit are U.S. Patent Nos. 8,223,775 (the "'775 Patent"); 8,792,008 (the "'008 Patent"); 9,825,826 (the "'826 Patent"); 8,284,690 (the "'690 Patent"); 9,210,362 (the "'362 Patent"); and 10,135,682 (the "'682 Patent"). (Dkts. 97-1 to 97-6).

*Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009).

Second, no party may refer to the process or reasoning leading the Court to its claim constructions. CC Order at 64 ("The parties are **ORDERED** that they may not refer, directly or indirectly, to each other's claim construction positions in the presence of the jury. Likewise, the parties are **ORDERED** to refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the Court, in the presence of the jury."); *see also* Court MIL No. 17. This follows from the law that "[i]t is beyond dispute that claim construction issues are to be decided by the court. It is thus improper for an expert witness to testify before the jury regarding claim construction." *ATEN Int'l Co. v. Uniclass Tech. Co*., 932 F.3d 1364, 1370 (Fed. Cir. 2019).

Unfortunately, Dr. Goldberg repeatedly contravenes each of these two principles.

### A.    '775 Patent (Op. Rep. ¶¶ 65-67, 77, 79, 80, 83)

Beginning with the '775 Patent, Dr. Goldberg opines that "although the [C]ourt ruled that a DOCSIS MAC [processor] and a DOCSIS [MAC] Controller are well known by those of ordinary skill in the art, I disagree." Ex. A[2], Op. Rep. ¶ 79; *also id.* at ¶ 83. Dr. Goldberg then provides his own understanding of "DOCSIS MAC" processor and "DOCSIS [MAC] Controller" in order to arrive at his conclusion that these terms lack written description and enablement. *Id.* at ¶ 80. Furthermore, Dr. Goldberg relies on the Court's reasoning, not the Court's construction, when providing his invalidity opinions as to § 103. *See, id.* at ¶¶ 65-67; *also id*. at ¶ 77.

During his deposition, Dr. Goldberg confirmed that his opinions are intertwined with his disagreements with the CC Order, in particular the Court's rejection of Charter's arguments that the claims are indefinite. *See* Ex. B, Goldberg Tr. at 116:25-117:5 ("the punchline is, and the important opinion here is, is that the Court's construction makes it difficult or impossible to draw

---

[2] The exhibits cited herein are attached to the declaration of James Shimota submitted herewith.

circles . . .""). Furthermore, Dr. Goldberg confirmed that his opinions regarding invalidity in view of prior art, such as U.S. Pat. App. Pub. 2004/0160945 A1 ("Dong"), are based not only on his disagreement with the Court's CC Order, but furthermore on the reasoning in the Order:

> Q:   And so I take it, then, that you're going to explain to the jury that based on the Court's -- the information provided by the Court, there's no clear delineation between the DOCSIS MAC processor and the DOCSIS MAC controller, right? That's going to be one of your opinions to the jury?
>
> A:   My opinion is very close to that stated in at least paragraph 66, yes.
>
> Q:   Okay. And that -- and as a consequence of that you're going to say this is how I analyzed Dong, right? As a consequence of a lack of a clear delineation occasioned by the Court's analysis, this is the way in which I analyzed Dong, the cable modem engine block 26?
>
> A:   And that's kind of what I said in the first sentence of paragraph 67.

Goldberg Tr. at 128:13-129:4. Dr. Goldberg is not applying the Court's constructions to the prior art; he is attempting to unwind the CC Order. These opinions should be stricken.

**B.    '008 and '826 Patents (Op. Rep. ¶¶ 348, 351; Supp. Rep. ¶ 14)**

These Patents are family members. Starting with the '008 Patent, Dr. Goldberg again relies on the reasoning in the CC Order, in direct contravention of the CC Order, as the basis of his written description and enablement arguments. Op. Rep. ¶ 348. Moreover, his analysis of claim 3 of the '008 Patent relies on the Court's analysis of the term "circuit" in the CC Order. Ex. C, Supp. Rep. ¶ 14. Not only is this an impermissible use of the CC Order, but the cited discussion is wholly irrelevant to the '008 Patent as the Court was construing a claim of the unrelated '775 Patent. *Id.* (citing CC Order at 10-11).

Turning to the '826 Patent, Dr. Goldberg relies upon the parties' positions during claim construction, the Court's CC Order, and a hypothetical claim construction that the Court did not adopt to support his invalidity opinions. Op. Rep. ¶ 351 ("I note here that, ***had the Court accepted Entropic's position***, the claim would lack written description and enablement . . .") (emphasis

3

added). This opinion again refers to the parties' claim construction arguments, not the resulting CC order. Given this, the Court should exclude those opinions.

### C.     '362 Patent (Op. Rep. ¶¶ 434, 480-81)

Dr. Goldberg seeks to revisit the claim construction of the '362 Patent. He opines that based on his review of claim construction arguments, "***I agree with Charter's proposed construction***." Op. Rep. ¶ 434 (emphasis added). But that construction was ***not*** adopted by the Court. Furthermore, Dr. Goldberg also engages in claim construction by relying on inventor testimony to narrow the scope of the claims. *See id.* at ¶¶ 480-81. This is all impermissible claim construction testimony which should be stricken.

### D.     '682 Patent (Op. Rep. ¶¶ 507, 516, 520, 534, 542, 573)

Dr. Goldberg cites to the expert declaration Entropic offered during claim construction to inform his understanding of the claims. Op. Rep. ¶ 573 (citing Kramer Decl., ¶ 169); *also* Op. Rep. at ¶ 520. Based on this material, Dr. Goldberg opines that "Entropic ultimately 'won' this argument. For this additional reason, the full scope of the claim is not described or enabled . . . ." *Id.* Additionally, although Dr. Goldberg acknowledges the Court's constructions, he consistently refers to Charter's indefiniteness arguments raised during claim construction and to the Court's reasoning in the CC Order. *Id.* at ¶¶ 507, 516, 534, 542. This obviously directly contravenes the Court's CC Order and Court MIL No. 17 forbidding testimony relying on the claim construction ***process***, as opposed to the constructions themselves.

The Court should exclude Paragraphs 65-67, 77, 79, 80, 83, 348, 351, 434, 480-81, 507, 516, 520, 534, 542, and 573 of the Opening Report and Paragraph 14 of the Supplemental Report.

## II.     Impermissible Use of Hindsight (Op. Rep. ¶¶ 67, 74, 254-55, 292-93, 389-90)

The Court should strike Dr. Goldberg's opinions at Paragraphs 67, 74, 254-55, 292-93, and 389-90 of the Opening Report because he alters the disclosure of the asserted prior art using the

disclosures of the '775, '008, '826, and '362 Patents themselves. Relying on the specification of the Patents-In-Suit in this manner is legally impermissible hindsight. *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1570 (Fed. Cir. 1996) ("To draw on hindsight knowledge of the patented invention, when the prior art does not contain or suggest that knowledge, is to use the invention as a template for its own reconstruction—an illogical and inappropriate process by which to determine patentability."); *also Grain Processing Corp. v. Am. Maize-Prod. Co.*, 840 F.2d 902, 907 (Fed. Cir. 1988). Thus, any opinion based on this type of analysis is inherently unreliable and should not be permitted before the jury.

For the '775 Patent, Dr. Goldberg opines that a POSITA would understand "that there is no technological reason that the processed downstream PDU packets of this limitation cannot be forwarded, in Dong, directly to the data networking engine without the involvement of DOCSIS controller." Op. Rep. ¶ 67 (internal quotation marks omitted). However, to support this opinion, Dr. Goldberg fails to cite any portion of Dong or any other prior art reference to support his understanding that Dong's DOCSIS interface forwards packets as recited in claim 18. *See id.* at ¶¶ 65-67. In fact, Dr. Goldberg only cites to Entropic's claim construction expert's declaration, the Court's CC Order, and '775 Patent itself. *Id.* Thus, based on his report, the only way Dr. Goldberg is able to conclude that Dong forwards packets as claimed is by imbuing the DOCSIS interface of Dong with functionality taken from the ***specification of the '775 Patent***, not from the prior art. This is the purest form of impermissible hindsight. Furthermore, as to his opinion that "there is no technological reason" that Dong cannot work like the '775 Patent, this is also not a permissible opinion. *See id.* at ¶ 67. Just because Dong ***might*** have packet forwarding is no evidence that it does. Since Dr. Goldberg does not analyze whether Dong ***does*** disclose packet forwarding, his conclusion that Dong affirmatively discloses the element is too unreliable to provide to the jury.

Regarding U.S. Pat. App. Pub. 2007/0286311 A1 ("Coyne"), which is asserted against the '008 and '826 Patents, Dr. Goldberg relies upon the Patents' specification[3] to generate a disclosure that is not in Coyne. Coyne lacks the claim element "television channels," recited in the asserted claims of both Patents. To invent a basis for opining that "television channels" are disclosed by Coyne, Dr. Goldberg creates a chain of illogical leaps, using the Patents' specification. First, he compares frequency ranges disclosed in the Patents to frequency ranges listed in Coyne. Op. Rep. ¶¶ 254-55, 292-93. He then asserts that because the '008 and '826 Patents locate "television channels" in that particular frequency range, a "POSITA would readily *extrapolate*" from Coyne that it also locates "television channels" in those ranges. *Id.* at ¶ 255; *also id.* at ¶ 292. Dr. Goldberg confirmed this reasoning at his deposition. Goldberg Tr. at 157:2-159:23.

Dr. Goldberg's opinions are based entirely on the assumption that Coyne would place the same signals in the same frequency range as the '008 and '826 Patents. That does not follow logically. Frequency ranges are locations; the range does not dictate what type of signal is located there. Coyne does not disclose television channels and there is no basis in the reference to conclude otherwise. Dr. Goldberg resorts to "extrapolat[ion]"—creation of what is not, in fact, disclosed in Coyne—to support his assumption. This "extrapolating" is a paradigm instance of impermissible hindsight. *See Rudolph Techs., Inc. v. Camtek, Ltd.*, 666 Fed. App'x. 925, 930 (Fed. Cir. 2016) (citing *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1368 (Fed. Cir. 2012)).

Finally, as to the '362 Patent, the claims involve performing certain steps involving "desired" and also "undesired" television channels. Dr. Goldberg opines that U.S. Pat. No. 6,704,372 ("Zhang") discloses both "desired" and "undesired" television channels. Op. Rep. ¶¶ 389-90. Zhang contains no such disclosure, and Dr. Goldberg's report provides no clarity on

---

[3] The '826 Patent is a continuation of the '008 Patent; therefore, they share a common specification.

this point. However, at his deposition, Dr. Goldberg confirmed that his opinions as to what Zhang discloses is based on what the '362 Patent itself discloses. Goldberg Tr. at 215:14-217:16 (stating, "I'll go back to Zhang. Yeah . . . of those RF channels, 20 RF channels, D1 to D20, are selected. . . . ***That's exact -- that's not exactly, but that's almost directly what '362 says***.") (emphasis added). Once again, this use of the Patent itself to fill in the gaps of the disclosure of the reference is impermissible hindsight. *See Sensonics,* 81 F.3d at 1570.

### III.    Jury Confusion Due to Vague Analysis (Op. Rep. ¶¶ 389-93)

The Court should strike Paragraphs 389-93 of the Opening Report. These are Dr. Goldberg's opinions regarding validity of claim 11 of the '362 Patent over a reference that Dr. Goldberg does not explicitly assert as an invalidating reference, U.S. Pat. App. Pub. 2007/0098089 A1 ("Li").  *See* Op. Rep. ¶¶ 389-93. This Court "has often barred parties from using unelected [*i.e.* non-asserted] references to discuss the state of the art when the use of those references risks juror confusion." *Better Mouse Co., LLC v. SteelSeries ApS*, No. 2:14-cv-198-RSP, 2016 WL 3611560, *1 (E.D. Tex. Jan. 5, 2016). This risk is especially acute when the unelected reference is a patent or patent publication. *Id.* There is a "substantial risk that jurors will perceive those patents and patent applications as similar to the elected patent and patent applications and thus as unrebutted evidence of invalidity." *Id.* (citing Fed. R. Evid. 403). Confusion is inevitable here, because Dr. Goldberg is trying to have it both ways—he must rely on the Li reference to prop up Zhang, but does not want to assert Li as part of a combination because Charter never disclosed a specific reason to combine Li and Zhang in its invalidity contentions.

Specifically, Dr. Goldberg, on the one hand, purports to opine that claim 11 is invalid in view of Zhang alone and Li only "confirm[s] [his] understanding" of Zhang. Op. Rep. ¶¶ 376, 393. On the other hand, Dr. Goldberg focuses on Li as disclosing a mixer, which is a claim element

missing from Zhang. *Id.* at ¶¶ 389-93. Thus, Dr. Goldberg appears to be both using Li as a state-of-the-art reference and as an asserted reference to be combined with Zhang; at his deposition he reiterated that Li confirmed his understanding of Zhang, but also stated that "***Li was brought in as support for the use of a mixer***." Goldberg Tr. at 213:23-215:1 (emphasis added). Precision matters. Either Li is part of a combination supporting Dr. Goldberg's opinion, or it is not. If it is, the opinion should be stricken as Dr. Goldberg failed to provide a motivation to combine Zhang and Li and Charter did not disclose a specific motivation to combine in its P-R 3-3 contentions. If it is not, the risk that the jury will believe Li ***is*** part of a proper combination is high given the ambiguity of Dr. Goldberg's opinions. This could result in the jury invalidating claims of the '362 Patent based on a non-asserted combination of Li and Zhang. To avoid this outcome, the Court should exclude Dr. Goldberg's opinions as to Li in full: Paragraphs 389-93 of the Opening Report.

## IV.    Violations of Local Patent Rule 3-3

Local Patent Rule 3-3 requires that invalidity contentions disclose "[w]hether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified." P.R. 3-3(b). This Court has held that Local Patent Rule 3-3(b) "requires disclosure of combinations, not just references, and thus does not expect the patentee to consider every possible combination of the references disclosed." *LML Patent Corp. v. JPMorgan Chase & Co.*, No. 2:8-cv-448, 2011 WL 5158285, *4 (E.D. Tex. Aug. 11, 2011). Local Patent Rule 3-3 also requires "[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." P.R. 3-3(c).

When determining whether to exclude evidence based on a party's failure to comply with the Local Patent Rules, a nonexclusive list of factors considered by courts includes:

1. The danger of unfair prejudice to the non-movant; 2. The length of the delay and

its potential impact on judicial proceedings; 3. The reason for the delay, including whether it was within the reasonable control of the movant; 4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's Scheduling Orders, Local Rules, and the Federal Rules of Civil Procedure; and 5. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

*Tyco Healthcare Grp. LP v. Applied Med. Resources Corp.*, No. 9:06-cv-151, 2009 WL 5842062,

*1-2 (E.D. Tex. Mar. 30, 2009).

Here, Dr. Goldberg's Opening Report and Supplemental Report went beyond what was included in Charter's Third Supplemental Invalidity and Subject-Matter Eligibility Contentions ("Invalidity Contentions") and prior versions of Charter's contentions in several respects. Specifically: (1) by relying on certain prior art references against the '690, '826, or '682 Patents for obviousness grounds that were not previously included in the charts accompanying Charter's Invalidity Contentions; and (2) by including theories on why a POSITA would be motivated to combine certain pieces of prior art that allegedly render obvious the Patents-In-Suit outside of what Charter disclosed in its Invalidity Contentions. Given the resulting prejudice from the belated disclosure of these theories, the Court should strike these opinions.

**A.    Improperly Disclosed References as to the '690, '826, and '682 Patents (Op. Rep. ¶¶ 195-209, 316-24, and 551-58)**

First, the Court should strike Dr. Goldberg's opinions at Paragraphs 195-209, 316-24, and 551-58 of the Opening Report because Dr. Goldberg offers opinions based on references (*i.e.*, **Ciciora**[4], **DOCSIS 2.0**[5], **Payne**[6], and **Prodan '921**[7]) that were not disclosed specifically as

---

[4] "Modern Cable Television Technology - Video, Voice, and Data Communications" by Walter Ciciora, et al. (2nd Ed.) ("Ciciora").
[5] Data-Over-Cable Service Interface Specifications, DOCSIS 2.0, Radio Frequency Interface Specification, Document Control No. CM-SP-RFIv2.0-I12-071206 ("DOCSIS 2.0").
[6] U.S. Pat. App. Pub. 2007/0052406 A1 ("Payne")
[7] U.S. Pat. App. Pub. 2013/0107921 A1 ("Prodan '921")

anticipatory or obviousness references against the '690, '826, or '682 Patents. While Entropic does not dispute that these references were present among the 182 references listed in Charter's Invalidity Contentions, **Ciciora** was not specifically included in "the prior art references identified in the claim charts included in Exhibits B1 through B7" for the '690 Patent, **DOCSIS 2.0** and **Payne** were not specifically included in "the prior art references identified in the claim charts included in Exhibits E1 through E5" for the '826 Patent, and **Prodan '921** was not specifically included in "the prior art references identified in the claim charts included in Exhibits F1 through F6" for the '682 Patent. *See* Ex. D, Inv. Cont. at 34, 120, 140; *see also id.* at 36, 121, 142. Instead, these references were either used in invalidity grounds for other Patents-in-Suit, or listed in the catch-all section titled, "Other Relevant References," which contains a list of nearly 150 other references. *See* Inv. Cont. at 35, 157, 160, 162, 165. Listing the references this way did not put Entropic on notice that **Ciciora**, **DOCSIS 2.0**, **Payne**, **Prodan '921** would be asserted as obviousness references.

Dr. Goldberg now relies on these references as part of the proposed obviousness combinations. For example, Dr. Goldberg opines that claim 11 of the '690 Patent is invalid in view of DOCSIS 2.0 and **Ciciora**. Op. Rep. ¶¶ 195-209. Given that **Ciciora** was not previously included in the claim charts "identify[ing] specific examples of where each limitation of the asserted claims is found in the prior art references" for the '690 Patent (*see* Inv. Cont. at 34-35), Dr. Goldberg's entire opinion regarding the combination including **Ciciora** should be stricken.

Similarly, Dr. Goldberg opines that claims 4 and 7 of the '826 Patent are obvious over **DOCSIS 2.0** combined with Coyne, U.S. Pat. No. 5,874,992 ("Caporizzo"), and U.S. Pat. No. 7,403,486 ("Flask"), and that claim 6 is obvious over **Payne** combined with Coyne, Caporizzo, and Flask. Op. Rep. ¶¶ 316-24. Given that **DOCSIS 2.0** and **Payne** were not previously included

in the claim charts "identify[ing] specific examples of where each limitation of the asserted claims is found in the prior art references" for the '826 Patent (*see* Inv. Cont. at 120), Dr. Goldberg's entire opinions regarding **DOCSIS 2.0** or **Payne** in combination with Coyne, Caporizzo, and Flask should be stricken.

Lastly, Dr. Goldberg opines that claim 3 of the '682 Patent is invalid in view of the combination of U.S. Pat. App. Pub. 2013/0041990 A1 ("Thibeault"), U.S. Pat. App. Pub. 2012/0269242 A1 ("Prodan '242"), and **Prodan '921**. Op. Rep. ¶¶ 551-58. Given that **Prodan '921** was not previously included in the claim charts "identify[ing] specific examples of where each limitation of the asserted claims is found in the prior art references" for the '682 Patent (*see* Inv. Cont. at 140-41), Dr. Goldberg's opinion regarding the combination of Thibeault, Prodan '242, and **Prodan '921** should be stricken.

This Court's rules are clear that patent owners are not responsible for unearthing all potential combinations from a disclosed pile of references. Again, this Court requires all combinations to be disclosed and a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found. P.R. 3-3(b)-(c). Charter did neither, even though it had plenty of time to do so. **Prodan '921** and **Ciciora** were included in Charter's original invalidity contentions, served over a year ago, and **DOCSIS 2.0** and **Payne** were included in Charter's first supplemental invalidity contentions, served in June 2023. Ex. E, Initial Inv. Cont. (dated Sept. 2, 2022) at 129, 133; Ex. F, 1st Supp. Inv. Cont. at 34, 146. They were not, however, included in the new combinations. Therefore, The Court should exclude these opinions in full: Paragraphs 195-209, 316-24, and 551-58 of the Opening Report.

### B. Dr. Goldberg Offers New Motivations To Combine Not Previously Disclosed (Op. Rep. ¶¶ 207-208, 270, 289, 293, 422, 454, 494, 529, 539, and 555; Supp. Rep. ¶¶ 36 and 45)

Second, the Court should strike Paragraphs 207-208, 270, 289, 293, 422, 454, 494, 529,

539, and 555 of the Opening Report and Paragraphs 36 and 45 of the Supplemental Report because Dr. Goldberg offers opinions on the motivation to combine prior art references that go beyond what was disclosed in Charter's Invalidity Contentions. The ***only*** references to motivation to combine in Charter's Invalidity Contentions are entirely generic:

> [B]ecause the identified references are directed to similar devices and techniques in similar fields of endeavor, a person of ordinary skill in the art would have been motivated to combine the teachings of two or more references with a reasonable expectation of success.

> [I]t would have been obvious to a person of ordinary skill in the art to combine one or more of the above references with any reference that allegedly lacks disclosure of the claimed feature. Further, a person of ordinary skill in the art would have been motivated to do so with a reasonable expectation of success.

*See* Inv. Cont. at 15, 18; *see also id.* at 23, 28, 31, 39, 42, 45, 48, 52, 54, 55, 57-58, 59, 69, 70, 73, 75, 78, 81, 84, 86, 87, 88, 89-90, 91, 93, 94, 95-96, 97, 101, 109, 111, 113, 115, 116-117, 125, 127, 129, 131-32, 133, 134, 135, 136-137, 138, 144, 146, 148, 150, 152, 154, 155.

In contrast, Dr. Goldberg has now opined with the granularity to support the reasons to combine specific combinations that should have been disclosed in Charter's P.R. 3-3 disclosures, but were not. For example, as to the '362 Patent, he now opines that a POSITA would be "motivated to implement Favrat's[8] serial interface in Zhang's digital multi-channel demodulator" in order to "further Zhang's interest in reducing power consumption . . . ." Op. Rep. ¶ 422. Since Charter's Invalidity Contentions give no notice that reducing power consumption would be the motivation to combine Zhang and Favrat, Dr. Goldberg cannot introduce this new theory now. *See LML Patent*, 2011 WL 5158285, *4. Other places where Dr. Goldberg's opinion goes into specifics beyond what Charter provided for P.R. 3-3(b) include: (1) for claim 11 of the '690 Patent, that a POSITA would be motivated to combine DOCSIS 2.0 with Ciciora, Op. Rep. ¶¶ 207-208; (2) for

---

[8] U.S. Pat. No. 7,145,972 ("Favrat")

claim 12 of the '362 Patent, that a POSITA would be motivated to combine Zhang and Favrat or combine U.S. Pat. No. 7,522,901 ("Dauphinee") and Favrat, *id.* at ¶¶ 422, 454; (3) for claims 1-2 of the '682 Patent that a POSITA would be motivated to combine Thibeault with Prodan '242, *id.* at ¶¶ 494, 529, 539; (4) for claim 3 of the '682 Patent, that a POSITA would be motivated to combine Thibeault and Prodan '921, *id.* at ¶ 555; and (5) for claims 1-6 of the '008 Patent and claims 1-4 and 6-9 of the '826 Patent, that a POSITA would be motivated to combine Coyne and Caporizzo. *Id.* at ¶¶ 270, 289, 293; *also* Supp. Rep. at ¶¶ 36, 45. Charter failed to disclose these theories as to specifically ***why*** a POSITA would be motivated to combine these references. The Court should exclude these opinions in full: Paragraphs 207-208, 270, 289, 293, 422, 454, 494, 529, 539, and 555 of the Opening Report and Paragraphs 36 and 45 of the Supplemental Report.

### C.    The *Tyco* Factors Weigh In Favor Of Striking Dr. Goldberg's Theories That Go Beyond What Was Disclosed in Charter's Invalidity Contentions

Here, the *Tyco* factors weigh in favor of striking Dr. Goldberg's opinions, discussed in the prior two subsections, that go beyond what was disclosed in Charter's Invalidity Contentions.

Starting with prejudice, Entropic is prejudiced by the late disclosure of Dr. Goldberg's new theories. As discussed above, Local Patent Rule 3-3 requires a party to disclose early in the case its invalidity theories. P.R. 3-3. As to the new combinations, Charter was aware of these references—which are publicly available—well before Dr. Goldberg's expert report but failed to comply with P.R. 3-3 nonetheless. Of the four offending combinations, Charter was aware of one of the references long before filing of the suit; two references a year before expert reports were served; and one at least a month before expert reports were served. Charter's failure to specify that these references would be combined as Dr. Goldberg now proposes, "severely curtailed" Entropic's ability to develop its response to these new invalidity theories. *Tyco*, 2009 WL 5842062, at *3; *also LML Patent*, 2011 WL 5158285, *4.

13

As to Dr. Goldberg's new motivation to combine opinions, the prejudice is particularly apparent as they require a very detailed understanding of how a POSITA would understand the underlying technology at the relevant time period. For example, Dr. Goldberg opines "a POSITA would have been motivated to implement Favrat's serial interface in Zhang's digital multi-channel demodulator with a reasonable expectation of success" to reduce power consumption. Op. Rep. ¶ 422. Without notice of this theory, Entropic was denied the opportunity to investigate whether, as of the priority date of the '362 Patent, a POSITA would understand that power consumption was in fact an issue in the art, or alternatively, if integrating a serial interface into Zhang would in fact reduce power consumption.

Regarding the length of the delay and potential impact, Charter's initial invalidity contentions were served on September 2, 2022 and opening expert reports were served on July 21, 2023. *See* Dkt. 89. Therefore, Charter had over ten months to supplement its invalidity contentions with these new theories, but failed to do so. This ten-month delay weighs in favor of exclusion.

Next, Charter cannot justify its delay. As noted previously, as to **Prodan '921** and **Ciciora**, Charter was aware of these over a year ago, and therefore, there is no excuse as to why these references were not listed as invalidating references as to the '682 and '690 Patents respectively. Initial Inv. Cont. at 129, 133. As to **DOCSIS 2.0**, Charter first asserted this reference against the '690 Patent in June 2023. 1st Supp. Inv. Cont at 34. However, Charter was aware of DOCSIS standards long before the filing of this suit as DOCSIS is the standard underlying data transmission over the cable network (**DOCSIS 2.0** was released around 2001). Finally, **Payne** was first disclosed in June 2023, over a month before Dr. Goldberg's report was served. *Id.* at 146. Again, this weighs in favor of exclusion. *Tyco*, 2009 WL 5842062, at *4.

As for the importance of the particular matter, Entropic recognizes that these new opinions

14

are potentially important to Charter's invalidity theories. However, like this Court recognized in *LML Patent*, Entropic does not understand how anything short of exclusion would adequately deter future violations of the Patent Rules and address the prejudice against Entropic. *LML Patent*, 2011 WL 5158285, at *6. If Charter is allowed to present Dr. Goldberg's new theories at trial, future defendants would be encouraged to withhold key invalidity theories until expert reports. This creates "a loophole through which parties may practice litigation by ambush . . . ." *Id*. As the only appropriate remedy is to exclude these new theories, this factor weighs in favor of exclusion.

Finally, Charter cannot claim it was diligent in disclosing these new theories. As already discussed, Charter had plenty of time to comply with P.R. 3-3 but failed to do so. Charter alone controlled its access to the material—such public prior art is entirely available to Charter and in no way depends on Entropic providing discovery. Ultimately, Charter was aware of the prior art and the potential combinations of the prior art it would assert. Entropic is aware of no evidence that, or instance in which, Charter lacked sufficient information to timely supplement. Charter has not demonstrated diligence in disclosing the new theories identified above. Like in *Tyco*, these facts weigh in favor of exclusion. *Tyco*, 2009 WL 5842062, at *4.

As all *Tyco* factors weigh in favor of exclusion, this Court should exclude Dr. Goldberg's new theories that go beyond what was disclosed in Charter's Invalidity Contentions.

V.     **Conclusion**

For the reasons expressed above, Dr. Goldberg's opinions at Paragraphs 65-67, 74, 77, 79, 80, 83, 195-209, 254-55, 207-08, 270, 289, 292-93, 316-24, 348, 351, 389-93, 422, 434, 454, 480-81, 494, 507, 516, 520, 529, 534, 539, 542, 551-58, and 573 of the Opening Report and Paragraphs 14, 36, and 45 of the Supplemental Report should be excluded. Furthermore, any opinions that rely upon the identified paragraphs should be similarly stricken if the Court strikes the identified paragraphs.

Dated: September 11, 2023

Respectfully submitted,

*/s/ James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**
**ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on this eleventh day of September, 2023.

*/s/ James A. Shimota*
James A. Shimota

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties personally conferred by videoconference on September 1, 2023 regarding Entropic's intent to file a motion to exclude opinions of Steven Goldberg.

*/s/ James A. Shimota*
James A. Shimota
