**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff*, v. CHARTER COMMUNICATIONS, INC., *Defendant*. | Case No. 2:22-cv-00125-JRG **JURY TRIAL DEMANDED** |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY UNDER 35 U.S.C. §§ 102 AND 103**

**<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION ............................................................................................ 1

II.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ....................................... 1

III.  STATEMENT OF UNDISPUTED FACTS ........................................................................ 2

IV.  LEGAL STANDARD .............................................................................................. 4

    A.   Summary Judgment .................................................................................... 4

    B.   Invalidity .................................................................................................. 5

    1.   Anticipation .............................................................................................. 5

    2.   Obviousness .............................................................................................. 5

V.   ARGUMENT .......................................................................................................... 5

    A.   Charter Cannot Demonstrate by Clear and Convincing Evidence that the Patents-In-Suit are Invalid Without Dr. Goldberg's Opinions ................................................................. 6

    B.   Claims 18 and 19 (All Asserted Claims) of the '775 Patent Are Valid Under § 103 as There is No Evidence that a POSITA Would Combine Brooks and Dong ................... 6

    C.   Claims 1 and 2 of the '008 Patent Are Valid Under § 103 as There is No Evidence that a POSITA Would Combine Coyne and Narita ............................................................. 9

    D.   The Asserted Claims of the '008, '826, and '682 Patents Are Valid under § 103 if the Court Strikes Dr. Goldberg's New Reasons to Combine ............................................. 10

    E.   Claims 11 and 12 (All Asserted Claims) of the '362 Patent are Valid Under §§ 102 and 103 as There is No Evidence that All Elements are Disclosed or Rendered Obvious by the Prior Art of Record ................................................................................................ 10

    1.   No Invalidity in View of Zhang and/or Favrat ........................................................ 11

    2.   No Invalidity in View of Dauphinee ...................................................................... 14

VI.  CONCLUSION ...................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                                                    PAGE(S)

*Allergan, Inc. v. Apotex Inc.*,
    754 F.3d 952 (Fed. Cir. 2014)....................................................................................5

*Anderson v. Liberty Lobby, Inc.*,
    466 U.S. 242 (1986)...........................................................................................4, 5

*Bettcher Indus., Inc. v. Bunzl USA, Inc.*,
    661 F.3d 629 (Fed. Cir. 2011)..............................................................................11, 13

*Cont'l Can Co. USA v. Monsanto Co.*,
    948 F.2d 1264 (Fed. Cir. 1991)................................................................................15

*Duffy v. Leading Edge Prods., Inc.*,
    44 F.3d 308 (5th Cir. 1995) .....................................................................................5

*Function Media, L.L.C. v. Google, Inc.*,
    No. 2:07-cv-279-CE, 2011 WL 4017953 (E.D. Tex. Sept. 9, 2011) .......................................6

*Graham v. John Deere Co.*,
    383 U.S. 1 (1966).................................................................................................5

*Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*,
    869 F.3d 1336 (Fed. Cir. 2017)..................................................................................6

*InTouch Techs., Inc. v. VGO Comms., Inc.*,
    751 F.3d 1327 (Fed. Cir. 2014).........................................................................7, 8, 9, 14

*MEHL/Biophile Int'l Corp. v. Milgraum*,
    192 F.3d 1362 (Fed. Cir. 1999)................................................................................11

*Microsoft Corp. v. i4i Ltd. P'ship*,
    131 S. Ct. 2238 (2011)...........................................................................................5

*PAR Pharm., Inc. v. TWI Pharms., Inc.*,
    773 F.3d 1186 (Fed. Cir. 2014)..............................................................................11, 13

*Perfect Web Techs., Inc. v. InfoUSA, Inc.*,
    587 F.3d 1324 (Fed. Cir. 2009)..................................................................................6

*Seacor Holdings, Inc. v. Commonwealth Ins. Co.*,
    635 F.3d 680 (5th Cir. 2011) ....................................................................................5

*Securus Techs., Inc. v. Global Tel\*Link Corp.*,
    701 F. App'x 971 (Fed. Cir. 2017) ...............................................................................9

**Statutes**

35 U.S.C. § 102 ...................................................................................................... *passim*

35 U.S.C. § 103 ...................................................................................................... *passim*

35 U.S.C. § 282 .............................................................................................................. 5

**Other Authorities**

Fed. R. Civ. P. 56(a) ...................................................................................................... 4

## TABLE OF EXHIBITS

| Exhibit | Title |
|---------|-------|
| A | Opening Expert Report of Steven H. Goldberg Regarding Invalidity ("Opening Report" or "Op. Rep.") |
| B | Supplemental Expert Report of Steven H. Goldberg Regarding Invalidity ("Supplemental Report" or "Supp. Rep.") |
| C | U.S. Pat. No. 7,522,901 ("Dauphinee") (CHARTER_ENTROPIC00380676) |
| D | Deposition Transcript of Steven H. Goldberg ("Goldberg Tr.") |

## I.      INTRODUCTION

Plaintiff Entropic Communications, LLC ("Entropic") respectfully moves for summary judgment of:

- no invalidity under §§ 102 and 103 as to claims 18 and 19 of U.S. Patent No. 8,223,775 (the "'775 Patent");

- no invalidity under §§ 102 and 103 as to claims 1 and 2 of U.S. Patent No. 8,792,008 (the "'008 Patent"); and

- no invalidity under §§ 102 and 103 as to claims 11 and 12 of U.S. Patent No. 9,210,362 (the "'362 Patent").

There are no issues of fact for trial with respect to the moved-upon issues because the expert evidence of invalidity is deficient as a matter of law, entirely lacking the required analysis under §§ 102 and 103. As Defendant Charter Communication, Inc. ("Charter") must rely on expert testimony to carry its burden of proving invalidity under 35 U.S.C. §§ 102 and 103 by clear and convincing evidence, the Court should find that Charter cannot carry its burden at trial given Dr. Goldberg's deficient opinions and therefore, grant summary judgment of no invalidity under §§ 102 and 103.

Furthermore, to the extent the Court grants Entropic's Motion to Strike Opinions of Dr. Steven Goldberg because of Charter's failure to timely disclose its invalidity theories, the Court should also grant summary judgment of:

- no invalidity under § 103 as to claims 1–6 of the '008 Patent; and

- no invalidity under § 103 as to claims 1–3 of U.S. Patent No. 10,135,682 (the "'682 Patent").

Again, without Dr. Goldberg's opinions, Charter cannot carry its burden at trial.

## II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether the Court should grant summary judgment of no invalidity for the '775 Patent over the combination of U.S. Pat. App. Pub. No. 2004/0160945 A1 ("Dong") and U.S. Pat. App.

Pub. No. 2001/0039600 A1 ("Brooks") based on Charter's failure to provide an articulated reason to combine.

Whether the Court should grant summary judgment of no invalidity over the combination of U.S. Pat. App. Pub. No. 2007/0286311 A1 ("Coyne") and U.S. Pat. No. 7,528,888 ("Narita") for the '008 Patent, based on Charter's failure to provide an articulated reason to combine.

Whether the Court should grant summary judgment of no invalidity under § 103 as to claims 1–6 of the '008 Patent and claims 1, 6, 8 and 9 of the '826 Patent as Charter has provided no reason to combine Coyne and U.S. Pat. No. 5,874,992 ("Caporizzo"); and claims 1–3 of the '682 Patent as Charter has provided no reason to combine U.S. Pat. App. Pub. No. 2013/0041990 A1 ("Thibeault"), U.S. Pat. App. Pub. No. 2012/0269242 A1 ("Prodan '242"), and/or U.S. Pat. App. Pub. No. 2013/0107921 A1 ("Prodan '921").

Whether the Court should grant summary judgment of no invalidity under §§ 102 and 103 for the '362 Patent based on Charter's failure to provide any evidence that certain claim elements are explicitly or inherently disclosed in the prior art.

## III.    STATEMENT OF UNDISPUTED FACTS

1.      The Patents-in-Suit are U.S. Patent No. 8,223,775 (the "'775 Patent"); U.S. Patent No. 8,284,690 (the "'690 Patent"); U.S. Patent No. 8,792,008 (the "'008 Patent"); U.S. Patent No. 9,210,362 (the "'362 Patent"), U.S. Patent No. 9,825,826 (the "'826 Patent"); and U.S. Patent No. 10,135,682 (the "'682 Patent"). *See* Dkts. 97-1 to 97-6.

2.      The Asserted Claims are claims 18 and 19 of the '775 Patent; claims 7 and 8 of the '690 Patent; claims 1–6 of the '008 Patent; claims 11 and 12 of the '362 Patent; claims 1, 6, 8 and 9 of the '826 Patent; and claims 1–3 of the '682 Patent.

3.      On July 21, 2023, Charter served the Opening Expert Report of Dr. Steven H. Goldberg Regarding Invalidity ("Opening Report" or "Op. Rep."). Dr. Goldberg's Opening Report provides opinions as to the validity of the Patents-In-Suit. Ex. A[1], Op. Rep. ¶¶ 36-578.

4.      On August 14, 2023, Charter served the Supplemental Expert Report of Steven H. Goldberg Regarding Invalidity ("Supplemental Report" or "Supp. Rep."). Dr. Goldberg's Supplemental Report provides opinions as to the validity of claims 3-6 of the '008 Patent. Ex. B, Supp. Rep. ¶¶ 6-66.

5.      As to the '775 Patent, Dr. Goldberg opines that claims 18 and 19 are invalid under §§ 102 and 103 in view of Dong in combination with Brooks. Op. Rep. ¶¶ 49–76.

6.      With respect to Brooks and Dong, Dr. Goldberg opines that a person of ordinary skill in the art ("POSITA") would understand certain functions of Brooks could be integrated into Dong. Op. Rep. ¶ 64.

7.      As to the '008 Patent, Dr. Goldberg opines that claims 1 and 2 are invalid under §§ 102 and 103 in view of Coyne in combination with Narita and Caporizzo. Op. Rep. ¶¶ 248–82.

8.      With respect to Narita and Coyne, Dr. Goldberg discusses both references with respect to the signal monitor in claim 1 of the '008 Patent. Op. Rep. ¶¶ 256–65.

9.      For claims 1–6 of the '008 Patent and claims 1, 6, 8 and 9 of the '826 Patent, Dr. Goldberg opines that a POSITA would be motivated to combine Coyne and Caporizzo. Op. Rep. ¶¶ 270, 289, 293; Supp. Rep. at ¶¶ 36, 45.

10.     For claims 1–2 of the '682 Patent, Dr. Goldberg opines that a POSITA would be motivated to combine Thibeault and Prodan '242. Op. Rep. ¶¶ 494, 529, 539.

---

[1] The exhibits cited herein are attached to the declaration of James Shimota submitted herewith.

11.     For claim 3 of the '682 Patent, Dr. Goldberg opines that a POSITA would be motivated to combine Thibeault, Prodan '242, and Prodan '921. Op. Rep. ¶ 555.

12.     As to the '362 Patent, Dr. Goldberg opines that claims 11 and 12 are invalid under §§ 102 and 103 in view of U.S. Pat. No. 6,704,372 ("Zhang") alone or in combination with U.S. Pat. No. 7,265,792 ("Favrat"). Op. Rep. ¶¶ 376–424.

13.     Dr. Goldberg cites to the disclosure of a reference, U.S. Pat. App. Pub. 2007/0098089 A1 ("Li"), concerning a "mixer" to support his opinion on claim 11 of the '362 Patent, and he does not specifically opine that Li is part of a combination with Zhang that he is asserting against claims 18 and 19 of the '775 Patent. Op. Rep. ¶¶ 391–93.

14.     Dr. Goldberg also opines, as to the '362 Patent, that claim 11 is invalid in view of U.S. Pat. No. 7,522,901 ("Dauphinee") (Ex. C) alone and claim 12 of the '362 Patent is invalid in view of Dauphinee in view of Favrat. Op. Rep. ¶¶ 425–69.

## IV.     LEGAL STANDARD

### A.     Summary Judgment

Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 466 U.S. 242, 248 (1986). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prod., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citing *Liberty Lobby*, 477 U.S. at 247). All evidence is viewed in the light most favorable to the party resisting the motion. *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011). The standard for summary judgment is two-fold: (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law.

4

## B.    Invalidity

As a patent is presumed valid, the burden of establishing invalidity of any of a patent's claims is borne by the party challenging validity. 35 U.S.C. § 282. The party challenging the patent bears the burden of overcoming the presumption of validity by clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).

### 1.    Anticipation

For a claim to be invalid for anticipation, Charter must show by clear and convincing evidence that all of the claim's limitations were disclosed in a single prior art reference. *Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952, 958 (Fed. Cir. 2014).

### 2.    Obviousness

Under 35 U.S.C. § 103, a patent may not issue "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. Obviousness is a question of law based on underlying factual determinations, including: (1) the scope and content of prior art; (2) differences between prior art and claims; (3) the level of ordinary skill in the art; and (4) objective indicia of nonobviousness. *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966).

## V.    ARGUMENT

Charter cannot carry its burden to prove by clear and convincing evidence that claims 18 and 19 of the '775 Patent; claims 1 and 2 of the '008 Patent, and claims 11 and 12 of the '362 Patent are invalid under §§ 102 or 103. For the claims of the '775 and '008 Patents, Dr. Goldberg failed to articulate a reason to combine the asserted prior art, and therefore, he failed to demonstrate the claims are invalid in view of the asserted prior art. For the '362 Patent, Dr. Goldberg fails to identify where Zhang or Dauphinee disclose or render obvious an element of claim 11, either

explicitly or inherently. Therefore, Charter has no evidence that each and every element of claim 11 is anticipated or rendered obvious by the prior art. As Charter has failed to provide evidence to carry its burden on invalidity, the Court should grant summary judgment of no invalidity under §§ 102 or 103 as to claims 18 and 19 of the '775 Patent, claims 1 and 2 of the '008 Patent, and claims 11 and 12 of the '362 Patent.

### A. Charter Cannot Demonstrate by Clear and Convincing Evidence that the Patents-In-Suit are Invalid Without Dr. Goldberg's Opinions

Where technology is complex, as in this case, expert testimony is required if Charter is to carry its burden at trial. *See Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1330 (Fed. Cir. 2009) ("If the relevant technology were complex, the court might require expert opinions.") (citing *Procter & Gamble Co. v. Teva Pharms. USA, Inc.,* 566 F.3d 989, 996–98 (Fed.Cir.2009); *see also Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, 869 F.3d 1336, 1348 (Fed. Cir. 2017). Likewise, this Court has found that expert testimony is required to establish invalidity on the grounds of anticipation and obviousness if the technology at issue is complex. *See Function Media, L.L.C. v. Google, Inc.*, No. 2:07-cv-279-CE, 2011 WL 4017953, at *2 (E.D. Tex. Sept. 9, 2011). As there are crucial gaps in the opinion evidence offered by Charter's sole invalidity expert Dr. Goldberg (discussed below), Charter cannot demonstrate by clear and convincing evidence that the Patents-In-Suit are invalid under §§ 102 and 103. Given Dr. Goldberg's deficient analysis, Charter's §§ 102 and 103 defenses are doomed as a matter of law.

### B. Claims 18 and 19 (All Asserted Claims) of the '775 Patent Are Valid Under § 103 as There is No Evidence that a POSITA Would Combine Brooks and Dong

"A reason for combining disparate prior art references is a critical component of an obviousness analysis; 'this analysis should be made explicit.'" *InTouch Techs., Inc. v. VGO Comms., Inc.*, 751 F.3d 1327, 1351 (Fed. Cir. 2014) (quoting *KSR Int'l Co. v. Teleflex, Inc.*, 550

6

U.S. 398, 418 (2007)). "It can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does." *Id.* (quoting *KSR*, 550 U.S. at 418–19). Furthermore, the Federal Circuit has held that vague or conclusory expert testimony as to why a POSITA would combine prior art references is not sufficient to carry an accused infringer's burden of proving invalidity by clear and convincing evidence. *See id.* (holding that accused infringer's expert, Dr. Yanco, "failed to provide the necessary ***articulated reasoning with some rational underpinning*** to support a conclusion of invalidity based on these combinations" as the testimony was "vague and did not articulate reasons why a person of ordinary skill in the art at the time of the invention would combine these references.") (citing *KSR*, 550 U.S. at 418; *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373–74 (Fed. Cir. 2008)) (emphasis added).

Here, Dr. Goldberg opines that claims 18 and 19 of the '775 Patent are invalid in view of Dong in combination with Brooks. SUF 5. Specifically, Dr. Goldberg opines that a "POSITA would understand that [Brooks'] remote programmability functionality to deliver software upgrades could easily be integrated into the DOCSIS Interface of Dong." Op. Rep. ¶ 64; *also* SUF 6. When asked where he provided his reasoning to combine Brooks and Dong, Dr. Goldberg identified Paragraphs 63 and 64 of his Opening Report. *See* Ex. D, Goldberg Tr. at 98:4–25 (stating, after reviewing his report for 15 minutes, that he would direct the Court to Paragraphs 63 and 64). However, there is not a sufficiently articulated reason to combine provided in those paragraphs:

> 63. Dong instructs that the cable modem "may include a DOCSIS Interface 40, a QoS module 42, a service flow module 38, a datalink layer router 41, and a communication link interface 36." Dong [¶ 0043]. Dong also states that the "DOCSIS Interface 40 utilizes known DOCSIS protocols for communicating with the CMTS over the HFC network." Dong [¶ 0046]. A POSITA would understand

that the DOCSIS Interface of Dong would also contain the DOCSIS Controller functions taught in the '775 Patent.

64.     The prior art, Brooks, discloses that cable modems were able to upgrade themselves independent of the data networking engine. Brooks, for example, discloses "a cable modem [that has] a programmable media access controller (MAC). In one embodiment of the invention, a single cable modem device is provided that includes all necessary MAC functions. The cable modem device advantageously allows the MAC functions to be programmed to support evolving standards (e.g., DOCSIS) without requiring expensive hardware upgrades." Brooks [¶ 0013], *see also id.* [¶¶0016, 0024]. A POSITA would understand that this ability to program the MAC functions to support evolving standards to disclose "the cable modem engine configured to enable upgrades to its software in a manner that is independent of upgrades to the software of the data networking engine." A POSITA would understand that this remote programmability functionality to deliver software upgrades could easily be integrated into the DOCSIS Interface of Dong. Remote software upgrades were well known to the industry far in advance of the priority date of this patent.

Op. Rep. ¶¶ 63–64.

Thus, Dr. Goldberg fails to articulate **why** a POSITA would make the proposed combination; he explains only that it "could" be done. But **could** is not enough. A POSITA "could easily" integrate a plethora of features into Dong, but that is legally inapposite to the issue. The issue that Dr. Goldberg fails to address is **why** a POSITA would find it obvious to add this particular feature. When addressing similar opinions offered by a Dr. Yanco in *InTouch* as to what a POSITA **could** do, the Federal Circuit found that her testimony failed to "articulate reasons why a [POSITA] at the time of the invention **would** combine these references." *InTouch*, 751 F.3d at 1351 (emphasis added). Furthermore, the Federal Circuit found that by only addressing what a POSITA **could** do, Dr. Yanco had "succumbed to hindsight bias," and therefore her opinions were not sufficient to support a conclusion of invalidity. *Id.* at 1352 (citing *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012)). The problem here is the same— Dr. Goldberg allowed hindsight reconstruction to guide his selection of what features to add to Dong, but then does not articulate a reason with some rational underpinning as to **why** a POSITA

would combine Brooks and Dong. Like the Federal Circuit in *InTouch*, this Court should find Dr.

Goldberg's opinions here are not sufficient to support a conclusion of invalidity.

To the extent Charter argues that the reason to combine is Brooks and Dong are in the same

field of endeavor, the Federal Circuit has held that this is not a sufficient reason to combine. *See*

*Securus Techs., Inc. v. Global Tel\*Link Corp.*, 701 Fed. App'x. 971, 977 (Fed. Cir. 2017) (holding

that because two references fell within the same alleged field of endeavor "without more, [was]

not enough for [patent challenger] to meet its burden of presenting a sufficient rationale to support

an obviousness conclusion.") (citing *Microsoft Corp. v. Enfish, LLC*, 662 Fed. App'x. 981, 990

(Fed. Cir. 2016)).

Given the lack of an articulated reason to combine Brooks and Dong, Entropic is entitled

to summary judgment of no invalidity as to claims 18 and 19 of the '775 Patent under § 103.

### C.      Claims 1 and 2 of the '008 Patent Are Valid Under § 103 as There is No Evidence that a POSITA Would Combine Coyne and Narita

Even more deficient than his opinions on Brooks and Dong is Dr. Goldberg's failure to

provide ***any*** reason to combine Narita with Coyne. In his Opening Report, Dr. Goldberg discusses

Narita with respect to the signal monitor recited in claim 1. SUF 8. However, Dr. Goldberg never

articulates a reason to combine Coyne and Narita. He even confirmed that he provided no reason

to combine at his deposition. Goldberg Tr. at 150:13–21 ("Q. Is it fair to say, then, that you don't

explicitly say in your report that one of ordinary skill-in-the-art would be motivated to combine

Coyne with Narita? A. Let me just -- I understand your question. . . . ***I don't explicitly talk about***

***a motivation to combine Narita and Coyne***.") (emphasis added). Given this admission that he did

not even attempt to provide a reason to combine Narita with Coyne, the Court should find Dr.

Goldberg's opinions as to claims 1 and 2 of the '008 Patent, which rely on this combination (SUF

9

7), are not sufficient to support a conclusion of invalidity, and therefore, Entropic is entitled to summary judgment of no invalidity under § 103.

### D. The Asserted Claims of the '008, '826, and '682 Patents Are Valid under § 103 if the Court Strikes Dr. Goldberg's New Reasons to Combine

Finally, Dr. Goldberg's opinions include several reasons to combine combinations that Charter failed to disclose in its P.R. 3-3 invalidity contentions. Entropic has moved to strike these new reasons to combine. *See* Dkt. 168, Motion to Strike Opinions of Dr. Steven Goldberg at Section V.B. To the extent the Court grants that motion and strikes Paragraphs 207-208, 270, 289, 293, 422, 454, 494, 529, 539, and 555 of the Opening Report and Paragraphs 36 and 45 of the Supplemental Report, the Court should subsequently grant summary judgment of no invalidity under § 103 as to: claims 1–6 of the '008 Patent and claims 1, 6, 8 and 9 of the '826 Patent as Charter has provided no reason to combine Coyne and Caporizzo; and claims 1–3 of the '682 Patent as Charter has provided no reason to combine Thibeault, Prodan '242, and/or Prodan '921. Charter has no alternative invalidity theories to present for these claims and as such, summary judgment of no invalidity is proper.

### E. Claims 11 and 12 (All Asserted Claims) of the '362 Patent are Valid Under §§ 102 and 103 as There is No Evidence that All Elements are Disclosed or Rendered Obvious by the Prior Art of Record

Here, Charter asserts, through Dr. Goldberg, that claim 11 of the '362 Patent is invalid in view of Zhang alone or in combination with Favrat, or Dauphinee alone. SUFs 12, 14. However, Charter fails to provide evidence that all of the elements of claim 11 is disclosed, either explicitly or inherently, by the prior art. Because Charter fails to provide evidence that claim 11 is invalid under §§ 102 or 103, Charter has likewise failed to provide evidence that dependent claim 12 is invalid. Therefore, this Court should grant summary judgment of no invalidity as to the asserted claims of the '362 Patent.

### 1.     No Invalidity in View of Zhang and/or Favrat

Beginning with the lack of disclosure, under § 102, "[t]o anticipate a claim, a prior art reference must disclose every limitation of the claimed invention, ***either explicitly or inherently***." *E.g.*, *MEHL/Biophile Int'l Corp. v. Milgraum*, 192 F.3d 1362, 1365 (Fed. Cir. 1999) (emphasis added). "Inherency can be established when prior art necessarily functions in accordance with, or includes, the claimed limitations. Inherency, however, may not be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient." *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 639 (Fed. Cir. 2011) (citing *In re Oelrich*, 666 F.2d 578, 581 (CCPA 1981); *In re Cruciferous Sprout Litig.*, 301 F.3d 1343, 1349 (Fed. Cir. 2002)) (internal quotation marks omitted).

Turning to § 103, the Federal Circuit has "recognized that inherency may supply a missing claim limitation in an obviousness analysis." *PAR Pharm., Inc. v. TWI Pharms., Inc.*, 773 F.3d 1186, 1194-95 (Fed. Cir. 2014) (collecting cases). However, "the use of inherency, a doctrine originally rooted in anticipation, must be carefully circumscribed in the context of obviousness" and inherency "is present only when the limitation at issue is the 'natural result' of the combination of prior art elements." *Id.* at 1195 (citing *Oelrich*, 666 F.2d at 581). "A party must, therefore, meet a high standard in order to rely on inherency to establish the existence of a claim limitation in the prior art in an obviousness analysis—the limitation at issue necessarily must be present . . . ." *Id.* at 1195–96.

The legal requirements are exacting for a reason—vague, imprecise statements cannot supply clear and convincing evidence of invalidity. However, that is what Dr. Goldberg offers: vague, imprecise statements that fail to meet the legal standard and risk jury confusion. This failure of Dr. Goldberg is clear with respect to claim element [11a1]: "downconverting, by a mixer module of said wideband receiver system, a plurality of frequencies that comprises a plurality of desired

television channels and a plurality of undesired television channels." Ultimately, Dr. Goldberg fails to show that this element is disclosed in the prior art, either explicitly or inherently.

For claim element [11a1], Dr. Goldberg first cites three pieces of art: **Zhang**, **Favrat**, and **Li**. To start, Dr. Goldberg acknowledges that **Zhang** does not explicitly disclose a mixer module. Op. Rep. ¶ 391. Turning to **Favrat** and **Li**, Dr. Goldberg provides no opinion that either reference discloses this claim element in its entirety. He has nothing to say at all about **Favrat** for this element, and as to **Li**, he provides no opinions that **Li** discloses "a plurality of desired television channels and a plurality of undesired television channels" that are objects of the "downconverting" element. Dr. Goldberg has failed to identify where any of the three references alone disclose this element explicitly. This leaves only two possibilities—either Dr. Goldberg must find element [11a1] is *inherent* in a reference, or he must demonstrate that a combination somehow renders the element obvious.

Starting with inherency, it appears that Dr. Goldberg will opine to the jury that this element is disclosed or suggested by **Zhang** alone. *See id.* at ¶ 394. But any such opinion fails as a matter of law because Dr. Goldberg readily admits he *did not* analyze whether the mixer module is necessarily present in **Zhang**. Goldberg Tr. at 210:3–9 ("Q. So you're just – you're saying it likely would be, *but you're not saying it would necessarily have to be a mixer in the architecture of Zhang, correct?* A. *Yeah.* I've said it in other places in the report. *If I meant inherent necessarily, I would have said it. I didn't say that.*") (emphasis added); *see also id.* at 203:24–204:24, 205:22–206:20. At best, Dr. Goldberg opines it is possible, or even probable, that **Zhang** utilized a mixer module for downconverting. "Inherency, however, may not be established by probabilities or possibilities." *Bettcher*, 661 F.3d at 639; *also PAR*, 773 F.3d at 1195.

That leaves Dr. Goldberg with obviousness as a final resort. However, his pursuit of obviousness is vague and internally inconsistent, making a hash of the precision required by the legal doctrines. First consider **Favrat**. Dr. Goldberg opines that "**Zhang** in combination with **Favrat** discloses or suggests this limitation [11a1]." Op. Rep. at ¶ 386. But, as mentioned above, **Favrat** is entirely absent from the actual analysis of element [11a1], *see id.* at ¶¶ 386-94, and is not mentioned in Dr. Goldberg's ultimate conclusion, which is that **Zhang** alone discloses element [11a1]. *Id.* at ¶ 394 ("Accordingly, in my opinion, Zhang discloses or suggests this limitation."). Thus, Dr. Goldberg is not asserting that claim element [11a1] is obvious in view of the combination of **Zhang** and **Favrat**.

Turning to **Li**, Dr. Goldberg alludes to **Li**, apparently to supply the "mixer module" missing from **Zhang**. *See* SUF 13. However, Dr. Goldberg confirmed at his deposition that he is not opining **Zhang** and **Li** would be combined under the doctrine of obviousness. Goldberg Tr. at 215:2–6 ("Q: You're not offering an opinion that one of ordinary skill-in-the-art would combine Zhang and Li to find that the '362 claims 11 and 12 are obvious, right? A. I don't think that's anywhere in my report."). If it is true that Dr. Goldberg is not combining **Li** and **Zhang**, then it is unclear what role under the law is **Li** playing given Dr. Goldberg cites to **Li** for the very element that he admits **Zhang** is missing.

If all of this seems confusing, it is. This amalgamation of references, untethered to the legal doctrines, is nowhere near "clear and convincing" evidence. The Court should grant summary judgment of no invalidity under §§ 102 and 103 because none of these references anticipate or render obvious claim element [11a1]. While it is true that cross-examination could tease out these inconsistencies, a jury should not be charged with disentangling an expert's vague and unhelpful opinions. Precision is required, and Charter, through Dr. Goldberg, has to supply it, not the jury.

Finally, perhaps there is a reason for the obfuscation. Dr. Goldberg nowhere provided any opinion of a reason to combine of **Zhang** with **Favrat** or **Li** with respect to claim element [11a1], presumably because he could not find one. That would be a good reason to avoid formally invoking the obviousness doctrine. The lack of any articulated reason to combine means that summary judgment is appropriate on obviousness for this reason as well, regardless whether Charter argues what it or Dr. Goldberg "really meant" all along was obviousness. As stated above, an articulated reason to combine is a "critical component of an obviousness analysis." *InTouch*, 751 F.3d at 1351. Thus, the Court should grant summary judgment, even in the event Charter attempts to argue a mixer module is disclosed by a combination of **Zhang** and/or **Favrat** and/or **Li**.

### 2.      No Invalidity in View of Dauphinee

Dr. Goldberg also asserts that Dauphinee invalidates claim 11 of the '362 Patent. SUF 14. Like Dr. Goldberg's opinions discussed above, he fails to provide opinions that all portions of claim element [11a1] are disclosed either explicitly or inherently. *See* Op. Rep. ¶¶ 433–38. Dr. Goldberg provides no opinions as to where Dauphinee discloses "downconverting, by a mixer module…" and instead focuses his opinions on the "desired" and "undesired" television channels portion of the claim element. *See id.* at ¶¶ 436–37.

If Charter attempts to argue that Dauphinee inherently discloses a mixer module, this argument fails because the reference is not silent as to downconverting using a mixer. *See Cont'l Can Co. USA v. Monsanto Co.,* 948 F.2d 1264, 1268 (Fed. Cir. 1991). In fact, Dauphinee specifically seeks to avoid downconverting using a mixer. *See* Dauphinee at 1:30-32, 2:63-66; *also id* at 3:25-27, 3:32-35. As Dauphinee expressly describes avoiding downconverting using a mixer module, Charter cannot argue that Dauphinee inherently discloses this. This would also, of course, doom any obviousness assertion as a POSITA would not look to Dauphinee for downconverting

using a mixer as Dauphinee is clearly teaching a system that specifically does not include downconverting using a mixer.

Dr. Goldberg failed to identify anywhere Dauphinee explicitly discloses downconverting using a mixer module and, given the express disclosure of Dauphinee, Charter cannot argue that Dauphinee inherently discloses this portion of claim 11. Given that Charter has failed to provide evidence that shows each and every element of claims 11 and 12 are anticipated under § 102 or rendered obvious under § 103, the Court should grant summary judgment of no invalidity under §§ 102 and 103 as to claims 11 and 12 of the '362 Patent.

## VI.   CONCLUSION

The Court should grant summary judgment of no invalidity under §§ 102 and 103 as to claims 18 and 19 of the '775 Patent; claims 1 and 2 of the '008 Patent, and claims 11 and 12 of the '362 Patent as Charter has failed to provide evidence to carry its burden.

To the extent the Court grants Entropic's Motion to Strike Opinions of Dr. Steven Goldberg and strikes Paragraphs 207-208, 270, 289, 293, 422, 454, 494, 529, 539, and 555 of the Opening Report and Paragraphs 36 and 45 of the Supplemental Report, the Court should also grant summary judgment of no invalidity under § 103 as to claim 11 of the '690 Patent, claims 1–6 of the '008 Patent, claims 1, 6, 8, and 9 of the '826 Patent, and claims 1–3 of the '682 Patent. *See* Dkt. 168.

Dated: September 11, 2023                    Respectfully submitted,

                                             */s/ James A. Shimota*
                                             James Shimota
                                             Jason Engel
                                             George Summerfield
                                             Katherine L. Allor
                                             Samuel P. Richey
                                             Ketajh Brown
                                             **K&L GATES LLP**

15

70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220

peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**
**ENTROPIC COMMUNICATIONS, LLC**

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on this eleventh day of September, 2023.

*/s/ James A. Shimota*
James A. Shimota
