# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Civil Action No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** |

## CHARTER'S MOTION TO STRIKE DR. SOURI'S IMPROPER OPINIONS

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A.     Dr. Souri's Improper New Infringement Theories Should Be Stricken ........................................................................................................................ 1

    B.     Dr. Souri's Improper Opinions Should Be Stricken ............................................... 3

        1.     Dr. Souri's Opinions Regarding Charter's Intent ....................................... 3

        2.     Dr. Souri's Opinions Regarding Indirect Infringement .............................. 6

            a.     Dr. Souri Provides No Opinions Regarding The Intent Element Of Indirect Infringement ........................................ 6

            b.     Dr. Souri's Opinions That [REDACTED] Directly Infringe Are Legally Insufficient. .................................... 7

        3.     Dr. Souri's Legal Conclusions Regarding Contracts ................................. 8

        4.     Dr. Souri's Legal Conclusions Regarding Joint Infringement .................................................................................................. 10

III. CONCLUSION .................................................................................................................. 11

## **TABLE OF AUTHORITIES**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015).................................................................................................. 10

*Allscripts Healthcare, LLC v. Andor Health, LLC*,
   No. 21-704-MAK, 2022 WL 3021560 (D. Del. July 29, 2022) .................................................. 9

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*,
   No. 2:21-CV-00430-JRG-RSP, 2023 WL 4847343 (E.D. Tex. July 28, 2023) ......................... 5

*Better Mouse Company, LLC v. SteelSeries APS*,
   No. 2:14-cv-198, 2016 WL 7665892 (E.D. Tex. Jan. 8, 2016) .................................................. 2

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
   631 F.3d 1279 (Fed. Cir. 2011).................................................................................................... 7

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)..................................................................................................................... 8

*Dow Chem. Can., Inc. v. HRD Corp.*,
   656 F. Supp. 2d 427 (D. Del. 2009).......................................................................................... 10

*DSU Medical Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006).................................................................................................... 7

*Enplas Display Device Corp. v. Seoul Semiconductor Co.*,
   909 F.3d 398 (Fed. Cir. 2018)...................................................................................................... 7

*Fisher v. Halliburton*,
   No. H-05-1731, 2009 WL 5216949 (S.D. Tex. Dec. 21, 2009) ................................................. 5

*Gree, Inc. v. Supercell Oy*,
   Case No. 2:19-cv-00071-JRG-RSP, 2020 WL 4059550 (E.D. Tex. July 20, 2020) .............. 5, 6

*In re Complaint of C.F. Bean L.L.C.*,
   841 F.3d 365 (5th Cir. 2016) ....................................................................................................... 4

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017).................................................................................................... 7

*KlausTech, Inc. v. Google LLC*,
   No. 10-cv-05899, 2018 WL 5109383 (N.D. Cal. Sept. 14, 2018).............................................. 2

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014) ........................................................................................................... 7

*Marchlewicz v. Brothers Xpress, Inc.*,
    No. SA-19-CV-00996-DAE, 2020 WL 7319550 (W.D. Tex. Dec. 10, 2020) .......................... 9

*McGuire v. Cirrus Design Corp.*,
    No. 1:07-CV-683, 2009 WL 10709145 (E.D. Tex. Feb. 5, 2009) .............................................. 9

*McManaway v. KBR, Inc.*,
    852 F.3d 444 (5th Cir. 2017) .................................................................................................. 4

*Opal Run LLC v. C & A Mktg., Inc.*,
    No. 2:16-CV-24-JRG-RSP, 2017 WL 3381344 (E.D. Tex. May 15, 2017) ......................... 2, 10

*Orion IP, LLC v. Staples, Inc.*,
    407 F. Supp. 2d 815 (E.D. Tex. 2006) ................................................................................... 1

*Owen v. Kerr-McGee Corp.*,
    698 F.2d 236 (5th Cir. 1983) .................................................................................................. 5

*Pipitone v. Biomatrix, Inc.*,
    288 F.3d 239 (5th Cir. 2002) .................................................................................................. 8

*Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*,
    No. 4:15-CV-307, 2018 WL 626355 (E.D. Tex. Jan. 30, 2018) ............................................... 5

*Realtime Data, LLC v. Packeteer, Inc.*,
    No. 6:08-cv-144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ............................................. 1

*Retractable Techs. Inc. v. Abbott Labs., Inc.*,
    No. 5:05-CV-157, 2010 WL 11531436 (E.D. Tex. June 18, 2010) ..................................... 5, 10

*ROY-G-BIV Corp. v. ABB, Ltd.*,
    63 F. Supp. 3d 690 (E.D. Tex. 2014) .......................................................................... 1, 2, 10

*Salas v. Carpenter*,
    980 F.2d 299 (5th Cir. 1992) .................................................................................................. 5

*Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*,
    CV 17-1734-RGA, 2021 WL 982732 (D. Del. Mar. 16, 2021) ................................................ 9

*Thomas v. PFG Transco, Inc.*,
    501 F. Supp. 3d 437 (E.D. Tex. 2020) .................................................................................. 4

*United States v. Hicks*,
  389 F.3d 514 (5th Cir. 2004) ............................................................................................... 8

*United States v. Reed*,
  908 F.3d 102 (5th Cir. 2018) ............................................................................................... 8

*Williams v. Manitowoc Cranes, L.L.C.*,
  898 F.3d 607 (5th Cir. 2018) ............................................................................................... 8

**Statutes**

35 U.S.C. § 271(b) ...................................................................................................................... 7

**Rules**

Fed. R. Evid. 702 ........................................................................................................................ 8

L. Pat. R. 3-1 .............................................................................................................................. 1

I.  **INTRODUCTION**[1]

Entropic Communication, LLC's ("Entropic") technical expert, Dr. Souri, introduces new theories of infringement for the '682 patent that were not disclosed in Entropic's infringement contentions.[2] He further improperly opines, without any evidence and contrary to all facts in the record, about Charter's intentions with two accused technologies.[3] Additionally, Dr. Souri includes improper opinions regarding indirect infringement,[4] contracts,[5] and joint infringement.[6] As such, the Court should strike these portions of Dr. Souris' expert reports.

II. **ARGUMENT**

A.  **Dr. Souri's Improper New Infringement Theories Should Be Stricken**

Under the Local Patent Rules, Entropic, as the party asserting infringement, must "serve infringement contentions on each defending party." *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 698 (E.D. Tex. 2014). These contentions must "set forth specific theories of infringement," *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006), and "must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement," *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009). *See* L. PAT. R. 3-1.

---

[1] Unless otherwise noted, all emphasis in quotes added.

[2] *See* Ex. A (Souri Infringement Report) at ¶¶ 312, 314–15, 317, 319, 325, 327, 331, 333, 335, 355, 358–59, 364–65, 373–74, 383, 407–08, 419, 444, 499, and 507) ("Ex." refers to Exhibits to the Declaration of Elizabeth Long In Support Of Charter's Motion To Strike Dr. Souri's Improper Opinions, filed herewith).

[3] *See* Ex. B (Souri Supp. Report) at ¶¶ 19, 23, and 30.

[4] *See* Ex. A (Souri Infringement Report) at ¶¶ 79 and 431–34.

[5] *See id.* at ¶¶ 426–27 and 433.

[6] *See id.* at ¶ 425.

While the "scope of infringement contentions and expert reports are not [] coextensive" (e.g., infringement contentions need not disclose "specific evidence nor do they require a plaintiff to prove its infringement case"), "[e]xpert infringement reports may not introduce theories not previously set forth in infringement contentions." *ROY-G-BIV*, 63 F. Supp. 3d at 699; *see Better Mouse Company, LLC v. SteelSeries APS*, No. 2:14-cv-198, 2016 WL 7665892, at *1 (E.D. Tex. Jan. 8, 2016) (explaining that the purpose of the Local Patent Rules is "to require the parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed"); *KlausTech, Inc. v. Google LLC*, No. 10-cv-05899, 2018 WL 5109383, at *3 (N.D. Cal. Sept. 14, 2018) (explaining the inquiry is whether the undisclosed material "is in fact a new theory or new element of the accused product alleged to practice a particular claim that was not previously identified in the plaintiff's contentions, or whether the theory is instead the identification of additional evidentiary proof showing that the accused element did in fact practice the limitation"). When new theories are presented in expert reports, they should be stricken. *See Opal Run LLC v. C & A Mktg., Inc.*, No. 2:16-CV-24-JRG-RSP, 2017 WL 3381344 (E.D. Tex. May 15, 2017) (striking infringement theories introduced for the first time in an expert report).

In its infringement contentions, which were supplemented several times, █████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████ The former should be stricken because it was never disclosed in discovery.[7]

Dr. Souri also newly presents a second infringement theory in his expert report: ████

███████████████████████████████████████

███████████████████████████████████████

████████████ Entropic acknowledges that this theory is new, and moved for leave to amend its infringement contentions on the final day of fact discovery, which the Court denied without prejudice and Entropic declined to refile within the Court's deadline. (*See* Dkts. 135 and 158.) However, Entropic's current infringement contentions, upon which the parties relied throughout fact discovery, ████████████████████ Thus, the Court should strike these portions of Dr. Souri's expert report as well.

### B.  Dr. Souri's Improper Opinions Should Be Stricken

#### 1.  Dr. Souri's Opinions Regarding Charter's Intent

Charter ████████████████████ accused of infringing some of the asserted patents in this case: ████████████████████████ ████). Nevertheless, Dr. Souri provides opinions suggesting that Charter ████████

---

[7] Charter is separately moving for summary judgment because Charter ████████████ ███. *See* Charter's Motion For Partial Summary Judgment Of Non-Infringement Of The Asserted Claims Of The '682 Patent.



These opinions should be excluded for three reasons.

*First*, conclusory opinions "connected to existing data only by the *ipse dixit* of the expert" are routinely excluded. *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 370 (5th Cir. 2016) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)); *see McManaway v. KBR, Inc.*, 852 F.3d 444, 449 (5th Cir. 2017) ("A claim cannot stand or fall on the mere *ipse dixit* of a credentialed witness."); *Thomas v. PFG Transco, Inc.*, 501 F. Supp. 3d 437, 444 (E.D. Tex. 2020) (excluding testimony where the "analytical gap between the documents reviewed by [the expert] and that opinion is too great to be reliable"). Here, Dr. Souri's opinions are unconnected to ***any*** data. He

provides absolutely no evidence, nor is there any, to support his explicit and implicit assertions ███████████████████████████████████████████████. Such conclusory opinions are of no assistance to the jury and should be excluded.

*Second*, expert testimony must "have a basis in [the expert's] body of expertise." *Retractable Techs. Inc. v. Abbott Labs., Inc.*, No. 5:05-CV-157, 2010 WL 11531436, at *6 (E.D. Tex. June 18, 2010). Dr. Souri's claimed expertise in communications systems does not qualify him to draw conclusions regarding Charter's intent. *See Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, No. 4:15-CV-307, 2018 WL 626355, at *3 (E.D. Tex. Jan. 30, 2018) ("An expert's credentials do not place him in a better position than the [trier of fact] to draw conclusions about a defendant's state of mind." (quoting *Fisher v. Halliburton*, No. H-05-1731, 2009 WL 5216949, at *2 (S.D. Tex. Dec. 21, 2009)). Dr. Souri's opinions should be excluded for this additional reason. *See Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, No. 2:21-CV-00430-JRG-RSP, 2023 WL 4847343, at *5 (E.D. Tex. July 28, 2023) ("[T]he experts are precluded from testifying as to whether Defendants possessed the requisite knowledge or intent for indirect infringement."); *Gree, Inc. v. Supercell Oy*, Case No. 2:19-cv-00071-JRG-RSP, 2020 WL 4059550, at *2 (E.D. Tex. July 20, 2020) (explaining that it would be improper for the expert to "opine that '[Defendant] actively and intentionally induced' infringement, and thereby opine as to the ultimate issue of intent reserved for the factfinder").

*Third*, Dr. Souri's baseless opinions are unreliable, not helpful to the jury, and draw improper legal conclusions because they go to Charter's state of mind—something that Dr. Souri cannot possibly know and is ultimately for the jury to decide. *See Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (holding that expert's "conclusory assertions regarding [Defendant's] state of mind would not be helpful to a jury [and] were not admissible"); *Owen v. Kerr-McGee*

*Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant."). Indeed, "it is undisputed that it is improper for an *expert* to opine as to the subjective belief or intent of a corporate entity." *Gree,* 2020 WL 4059550, at *2 (emphasis in original).

Thus, any opinion by Dr. Souri that Charter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, such as those noted above, should be excluded.

### 2. Dr. Souri's Opinions Regarding Indirect Infringement

Dr. Souri argues that, if Charter itself does not directly infringe, ▮▮▮▮▮▮



Dr. Souri's opinions on indirect infringement are legally insufficient for two reasons. First, he fails to provide any opinions regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as required by 35 U.S.C. § 271(b). Second, at least as to asserted system claims, he fails to show ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which is another predicate for indirect infringement. Accordingly, Dr. Souri should not be permitted to opine on indirect infringement at trial.

    *a.*  *Dr. Souri Provides No Opinions Regarding The Intent Element Of Indirect Infringement*

Dr. Souri opines only with respect to inducement, which requires a showing of scienter from the accused infringer:

> [T]he intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement. In the words of a recent decision, inducement requires "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."

*DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (internal citations omitted). When opining that Charter purportedly induces infringement, Dr. Souri ignores this element of indirect infringement—his report is silent on it. (Ex. A (Souri Infringement Report) at ¶¶ 79, 431–434.)  Therefore, he cannot opine that Charter indirectly infringes and those portions of his report should be stricken.

                b.      *Dr. Souri's Opinions That* ▮▮▮▮▮▮▮▮ *Directly Infringe Are Legally Insufficient.*

Indirect infringement requires underlying direct infringement of others. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[L]iability for inducement must be predicated on direct infringement."); *see also Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407 (Fed. Cir. 2018); 35 U.S.C. § 271(b).

Dr. Souri contends that ▮▮▮▮▮▮▮▮ directly infringe system claims 1–2 of the '008 patent, but he failed to apply the proper legal standard. To prove such direct infringement, Entropic must demonstrate that ▮▮▮▮▮▮▮▮ both control and benefit from their use of every element of the claimed system. *Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("[P]roof of an infringing 'use' of the claimed system under § 271(a) requires the patentee to demonstrate that the direct infringer obtained 'benefit' from each and every element of the claimed system.") (citing *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011)).

Claims 1–2 of the '008 patent describe a system for digitizing television signals, analyzing characteristics of the signal, and processing television channels. (Ex. F, ('008 patent) at 7:15–34.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████.

Thus, because these claims inure to the cable provider's benefit rather than the customer's, there can be no finding of customer direct infringement and, therefore, no indirect infringement by Charter. For this additional reason, the Court should strike this portion of Dr. Souri's expert report.

### 3. Dr. Souri's Legal Conclusions Regarding Contracts

Rule 702 allows an expert to provide an opinion if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702. Expert testimony must therefore be both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Courts should act in a gate-keeping role to make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93; *see also Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002). The proponent of expert testimony has the burden to show that the testimony is reliable. *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004). If not, district courts have "'wide latitude' and 'broad discretion' to exclude expert testimony." *United States v. Reed*, 908 F.3d 102, 117 (5th Cir. 2018) (quoting *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 615 (5th Cir. 2018)).

Dr. Souri opines that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ These opinions are improper and should be stricken.

*First*, Dr. Souri lacks the qualifications to opine about the legal relationship between ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄. Dr. Souri has a Ph.D. in Electrical Engineering and 25 plus years of experience in telephony, Internet communications technologies, messaging platforms, and software development. (*Id.* at ¶¶ 7 and 11.) He is not in any way qualified to opine on a legal contract. *See Marchlewicz v. Brothers Xpress, Inc.*, No. SA-19-CV-00996-DAE, 2020 WL 7319550, at *5 (W.D. Tex. Dec. 10, 2020) (excluding expert testimony on a contractual relationship because the expert "is not a lawyer or any other sort of legal expert, and his interpretations are not borne out of legal training or expertise and will not assist the factfinder but may confuse them"); *McGuire v. Cirrus Design Corp.*, No. 1:07-CV-683, 2009 WL 10709145, at *5 (E.D. Tex. Feb. 5, 2009) (excluding expert testimony where the expert "is not offered as an expert on agency law" and "spends the entire section opining on issues beyond the scope of his expertise").

*Second*, these opinions constitute legal conclusions that are improper for any expert testimony. ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ The Court should strike them. *See, e.g.*, *Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-704-MAK, 2022 WL 3021560, at *27 (D. Del. July 29, 2022) ("We will not permit an expert to testify as to the meaning of, and rights and obligations arising from, the Merger Agreement or any other contract."); *Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*, CV 17-1734-RGA, 2021 WL 982732, at *16 (D. Del. Mar. 16, 2021) ("Experts are prohibited from testifying 'as to the legal duties, standards or ramifications

arising from a contract.'" (quoting *Dow Chem. Can., Inc. v. HRD Corp.*, 656 F. Supp. 2d 427, 435 (D. Del. 2009))).

### 4. Dr. Souri's Legal Conclusions Regarding Joint Infringement

Dr. Souri also opines that Charter jointly infringes the '690 patent with ▮▮▮, alleging that Charters 

▮▮▮) This opinion is improper and should be stricken.

*First*, Entropic never disclosed a joint infringement theory in its infringement contentions. As noted above, "[e]xpert infringement reports may not introduce theories not previously set forth in infringement contentions." *ROY-G-BIV*, 63 F. Supp. 3d at 699. When new theories are presented in expert reports, they should be stricken. *See Opal Run*, 2017 WL 3381344, at *2 (striking infringement theories introduced for the first time in an expert report).

*Second*, whether Charter "directs or controls" ▮▮▮—as is required for joint infringement—is not a technical question requiring expert testimony to assist the jury. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022–23 (Fed. Cir. 2015). Indeed, the jury can decide for themselves whether Charter exhibits the type of direction or control necessary for joint infringement. Couching Dr. Souri's personal beliefs regarding this issue as expert testimony will only confuse and mislead the jury.

*Third*, Dr. Souri does not have any special training, education, or experience that qualifies him as an expert on whether Charter "directs or controls" ▮▮▮. *See Retractable*, 2010 WL 11531436, at *6 (Expert testimony must "have a basis in [the expert's] body of expertise."). Dr. Souri—an expert in telephony, Internet communications technologies, messaging platforms,

and software development—is therefore not in a better position than the jury to make this determination and thus these opinions should be stricken.

## III.    CONCLUSION

For the foregoing reasons, Charter respectfully requests that the Court strike the improper opinions in Dr. Souri's infringement report.

Dated: September 11, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email:  ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email:  daniel.reisner@arnoldporter.com
Email:  david.benyacar@arnoldporter.com
Email:  elizabeth.long@arnoldporter.com
Email:  albert.boardman@arnoldporter.com
Email:  melissa.brown@arnoldporter.com
Email:  jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743

Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served September 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long



**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), the undersigned counsel hereby certifies that counsel for the parties met and conferred by telephone on September 1, 2023, and Plaintiff has stated that it opposes this motion.

/s/ Elizabeth Long
Elizabeth Long