## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Civil Action No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** <br><br> ▬▬▬▬▬▬▬▬▬ |

## CHARTER'S MOTION TO STRIKE DR. KRAMER'S IMPROPER OPINIONS

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................. 1 | |
| II. | LEGAL STANDARD ........................................................................................... 1 | |
| III. | ARGUMENT ......................................................................................................... 2 | |
| | A. | Dr. Kramer's Improper Opinions In His Opening Infringement Report Should Be Stricken ................................................................................... 2 |
| | | 1. Dr. Kramer's Legal Conclusions Regarding Contracts ............................. 2 |
| | | 2. Dr. Kramer's Opinions Regarding Charter's State Of Mind ...................... 3 |
| | | 3. Dr. Kramer's Opinions Regarding Joint Infringement ............................... 5 |
| | B. | Dr. Kramer's Rebuttal Opinions On Secondary Considerations As To The '775 Patent Lack Any Discussion Of Nexus And Are Therefore Insufficient ....... 6 |
| | C. | Dr. Kramer's New Arguments In His Deposition Are Outside The Scope Of His Rebuttal Report ...................................................................................... 9 |
| IV. | CONCLUSION .................................................................................................... 10 | |

# **TABLE OF AUTHORITIES**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) ............................................................................................... 6

*Allscripts Healthcare, LLC v. Andor Health, LLC*,
   No. 21-704-MAK, 2022 WL 3021560 (D. Del. July 29, 2022) ................................................ 3

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*,
   No. 2:21-CV-00430-JRG-RSP, 2023 WL 4847343 (E.D. Tex. July 28, 2023) ......................... 4

*Better Mouse Co., LLC v. SteelSeries APS*,
   No. 2:14-cv-198, 2016 WL 7665892 (E.D. Tex. Jan. 8, 2016) ................................................. 5

*DataTreasury Corp. v. Wells Fargo & Co.*,
   No. 2:06-CV-072, 2010 WL 11475580 (E.D. Tex. Feb. 26, 2010) ........................................... 8

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) .............................................................................................................. 1, 2

*Demaco Corp. v. F. Langsdorff Licensing Ltd.*,
   851 F.2d 1387 (Fed. Cir. 1988) ................................................................................................. 7

*Dow Chem. Can., Inc. v. HRD Corp.*,
   656 F. Supp. 2d 427 (D. Del. 2009) .......................................................................................... 3

*Effective Expl., LLC v. BlueStone Nat. Res. II, LLC*,
   Case No. 2:16-CV-00607-JRG-RSP, 2017 WL 5895164 (E.D. Tex. Nov. 13, 2017) ............... 9

*Fisher v. Halliburton*,
   No. H-05-1731, 2009 WL 5216949 (S.D. Tex. Dec. 21, 2009) ................................................ 4

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) .................................................................................................................. 3

*Gree, Inc. v. Supercell Oy*,
   Case No. 2:19-cv-00071-JRG-RSP, 2020 WL 4059550 (E.D. Tex. July 20, 2020) .............. 4, 5

*In re Complaint of C.F. Bean L.L.C.*,
   841 F.3d 365 (5th Cir. 2016) ..................................................................................................... 3

*In re DBC*,
   545 F.3d 1373 (Fed. Cir. 2008) ................................................................................................. 7

*In re Huang*,
    100 F.3d 135 (Fed. Cir. 1996) .............................................................................................. 7

*KlausTech, Inc. v. Google LLC*,
    No. 10-cv-05899, 2018 WL 5109383 (N.D. Cal. Sept. 14, 2018) ............................................... 5

*Marchlewicz v. Brothers Xpress, Inc.*,
    No. SA-19-CV-00996-DAE, 2020 WL 7319550 (W.D. Tex. Dec. 10, 2020) .......................... 2

*McGuire v. Cirrus Design Corp.*,
    No. 1:07-CV-683, 2009 WL 10709145 (E.D. Tex. Feb. 5, 2009) ............................................ 2

*McManaway v. KBR, Inc.*,
    852 F.3d 444 (5th Cir. 2017) ........................................................................................... 3, 7

*Opal Run LLC v. C & A Mktg., Inc.*,
    No. 2:16-CV-24-JRG-RSP, 2017 WL 3381344 (E.D. Tex. May 15, 2017) ...................... 6, n.7

*Ormco Corp. v. Align Tech., Inc.*,
    463 F.3d 1299 (Fed. Cir. 2006) ........................................................................................... 7

*Owen v. Kerr-McGee Corp.*,
    698 F.2d 236 (5th Cir. 1983) ............................................................................................... 5

*Pipitone v. Biomatrix, Inc.*,
    288 F.3d 239 (5th Cir. 2002) ............................................................................................... 2

*Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*,
    No. 4:15-CV-307, 2018 WL 626355 (E.D. Tex. Jan. 30, 2018) ............................................ 4

*Retractable Techs. Inc. v. Abbott Labs., Inc.*,
    No. 5:05-CV-157, 2010 WL 11531436 (E.D. Tex. June 18, 2010) ..................................... 4, 6

*ROY-G-BIV Corp. v. ABB, Ltd.*,
    63 F. Supp. 3d 690 (E.D. Tex. 2014) ................................................................................... 5

*Salas v. Carpenter*,
    980 F.2d 299 (5th Cir. 1992) ............................................................................................... 4

*Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*,
    CV 17-1734-RGA, 2021 WL 982732 (D. Del. Mar. 16, 2021) ............................................. 3

*Thomas v. PFG Transco, Inc.*,
    501 F. Supp. 3d 437 (E.D. Tex. 2020) ................................................................................. 4

*United States v. Hicks*,
  389 F.3d 514 (5th Cir. 2004) ............................................................................................... 2

*United States v. Reed*,
  908 F.3d 102 (5th Cir. 2018) ............................................................................................... 2

*Williams v. Manitowoc Cranes, L.L.C.*,
  898 F.3d 607 (5th Cir. 2018) ............................................................................................... 2

**Rules**

FED. R. CIV. P. 26 ........................................................................................................................ 9

FED. R. CIV. P. 37 ........................................................................................................................ 9

FED. R. EVID. 702 ........................................................................................................................ 1

## I. INTRODUCTION[1]

Dr. Kramer includes improper opinions regarding contracts,[2] Charter's state of mind,[3] and joint infringement[4] in his opening expert report. In addition, Dr. Kramer's secondary considerations opinions in his rebuttal report lack nexus with the claimed technology,[5] and new opinions elicited by Entropic's counsel during his deposition[6] exceed the scope of that report. As such, the Court should strike these portions of the expert reports and preclude Dr. Kramer from providing opinions outside of his reports.

## II. LEGAL STANDARD

Rule 702 allows an expert to provide an opinion if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702. Expert testimony must therefore be both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Courts should act in a gate-keeping role to make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or

---

[1] Unless otherwise noted, all emphasis in quotes added.

[2] *See* Ex. A (Kramer Op. Report) at ¶¶ 88–89 and 221–22 ("Ex." refers to Exhibits to the Declaration of Elizabeth Long In Support Of Charter's Motion To Strike Dr. Kramer's Improper Opinions, filed herewith).

[3] *See id.* ( Kramer Op. Report ) at ¶¶ 93–94 and 247–48.

[4] *See id.* (Kramer Op. Report) at ¶¶ 241–45.

[5] *See* Ex. B (Kramer Reb. Report) at ¶¶ 83–89.

[6] *See* Ex. C (Kramer 8/24/23 Tr.) at 134:24–136:12, 136:17–139:10, 139:17–142:17.

methodology properly can be applied to the facts in issue." *Id.* at 592–93; *see also Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002). The proponent of expert testimony has the burden to show that the testimony is reliable. *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004). If not, district courts have "'wide latitude' and 'broad discretion' to exclude expert testimony." *United States v. Reed*, 908 F.3d 102, 117 (5th Cir. 2018) (quoting *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 615 (5th Cir. 2018)).

### III.   ARGUMENT

#### A.   Dr. Kramer's Improper Opinions In His Opening Infringement Report Should Be Stricken

##### 1.   Dr. Kramer's Legal Conclusions Regarding Contracts

Dr. Kramer opines that  These opinions are legal conclusions and should be stricken.

*First*, Dr. Kramer lacks the qualifications to opine about the legal relationship between ▬▬▬▬. ) He is a technical expert with no legal training. *See Marchlewicz v. Brothers Xpress, Inc.*, No. SA-19-CV-00996-DAE, 2020 WL 7319550, at *5 (W.D. Tex. Dec. 10, 2020) (excluding expert testimony on a contractual relationship because the expert "is not a lawyer or any other sort of legal expert, and his interpretations are not borne out of legal training or expertise and will not assist the factfinder but may confuse them"); *McGuire v. Cirrus Design Corp.*, No. 1:07-CV-683, 2009 WL 10709145, at *5 (E.D. Tex. Feb. 5, 2009) (excluding expert testimony where the expert

"is not offered as an expert on agency law" and "spends the entire section opining on issues beyond the scope of his expertise").

*Second*, regardless of Dr. Kramer's qualifications, legal conclusions about ownership and contractual relationships are not appropriate for expert opinions. *See, e.g.*, *Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-704-MAK, 2022 WL 3021560, at *27 (D. Del. July 29, 2022) ("We will not permit an expert to testify as to the meaning of, and rights and obligations arising from, the Merger Agreement or any other contract."); *Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*, CV 17-1734-RGA, 2021 WL 982732, at *16 (D. Del. Mar. 16, 2021) ("Experts are prohibited from testifying 'as to the legal duties, standards or ramifications arising from a contract.'" (quoting *Dow Chem. Can., Inc. v. HRD Corp.*, 656 F. Supp. 2d 427, 435 (D. Del. 2009))).

### 2. Dr. Kramer's Opinions Regarding Charter's State Of Mind

Dr. Kramer opines that Charter ████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████ These opinions are improper and should be stricken.

*First*, conclusory opinions "connected to existing data only by the *ipse dixit* of the expert," such as Dr. Kramer's opinions here, are routinely excluded. *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 370 (5th Cir. 2016) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)); *see McManaway v. KBR, Inc.*, 852 F.3d 444, 449 (5th Cir. 2017) ("A claim cannot stand or fall on the mere *ipse dixit* of a credentialed witness."); *Thomas v. PFG Transco, Inc.*, 501 F. Supp. 3d

- 3 -

437, 444 (E.D. Tex. 2020) (excluding testimony where the "analytical gap between the documents reviewed by [the expert] and that opinion is too great to be reliable"). Dr. Kramer does not cite any evidence (because there is none) to support his assertions that ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████ These opinions should be excluded.

*Second*, expert testimony must "have a basis in [the expert's] body of expertise." *Retractable Techs. Inc. v. Abbott Labs., Inc.*, No. 5:05-CV-157, 2010 WL 11531436, at *6 (E.D. Tex. June 18, 2010). Dr. Kramer's technical expertise does not qualify him to opine on Charter's state of mind, and his personal views about Charter's state of mind are unhelpful to the jury. *See Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, No. 4:15-CV-307, 2018 WL 626355, at *3 (E.D. Tex. Jan. 30, 2018) ("An expert's credentials do not place him in a better position than the [trier of fact] to draw conclusions about a defendant's state of mind." (quoting *Fisher v. Halliburton*, No. H-05-1731, 2009 WL 5216949, at *2 (S.D. Tex. Dec. 21, 2009)). Dr. Kramer's testimony should be excluded for this additional reason. *See Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, No. 2:21-CV-00430-JRG-RSP, 2023 WL 4847343, at *5 (E.D. Tex. July 28, 2023) ("[T]he experts are precluded from testifying as to whether Defendants possessed the requisite knowledge or intent for indirect infringement."); *Gree, Inc. v. Supercell Oy*, Case No. 2:19-cv-00071-JRG-RSP, 2020 WL 4059550, at *2 (E.D. Tex. July 20, 2020) (explaining that it would be improper for the expert to "opine that '[Defendant] actively and intentionally induced' infringement, and thereby opine as to the ultimate issue of intent reserved for the factfinder").

*Third*, his opinions are unreliable because they relate to things that Dr. Kramer cannot possibly know. *See Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (holding that expert's

"conclusory assertions regarding [Defendant's] state of mind would not be helpful to a jury [and] were not admissible"); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant."). Indeed, "it is undisputed that it is improper for an *expert* to opine as to the subjective belief or intent of a corporate entity." *Gree,* 2020 WL 4059550, at *2 (emphasis in original). Thus, Dr. Kramer's opinions should be excluded.

### 3. Dr. Kramer's Opinions Regarding Joint Infringement

Dr. Kramer opines that Charter and its ▬▬▬ jointly infringe claims 11 and 12 of the '362 patent. In particular, Dr. Kramer opines that Charter  These opinions are untimely and improper for other reasons; they should be stricken.

*First*, Entropic never disclosed a joint infringement theory in its infringement contentions. It is well settled in this Court that "[e]xpert infringement reports may not introduce theories not previously set forth in infringement contentions." *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014); *see Better Mouse Co., LLC v. SteelSeries APS*, No. 2:14-cv-198, 2016 WL 7665892, at *1 (E.D. Tex. Jan. 8, 2016) (explaining that the purpose of the Local Patent Rules is "to require the parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed"); *KlausTech, Inc. v. Google LLC*, No. 10-cv-05899, 2018 WL 5109383, at *3 (N.D. Cal. Sept. 14, 2018) (explaining the inquiry is whether the

undisclosed material "is in fact a new theory or new element of the accused product to practice a particular claim that was not previously identified in the plaintiff's contentions, or whether the theory is instead the identification of additional evidentiary proof showing that the accused element did in fact practice the limitation"). When new theories are presented in expert reports, they should be stricken. *See Opal Run LLC v. C & A Mktg., Inc.*, No. 2:16-CV-24-JRG-RSP, 2017 WL 3381344, at *2 (E.D. Tex. May 15, 2017) (striking infringement theories introduced for the first time in an expert report). This alone justifies striking Dr. Kramer's joint infringement opinions.

*Second*, whether Charter ███████████████████—as is required for joint infringement—is not a technical question requiring expert testimony to assist the jury. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022–23 (Fed. Cir. 2015). Dr. Kramer does not have any special training, education, or experience that qualifies him as an expert on whether Charter "directs or controls" ███████. *See Retractable*, 2010 WL 11531436, at *6 (Expert testimony must "have a basis in [the expert's] body of expertise."). Dr. Kramer—an expert in communications systems—is therefore not in a better position than the jury to make this determination and thus these opinions should be stricken.

**B.  Dr. Kramer's Rebuttal Opinions On Secondary Considerations As To The '775 Patent Lack Any Discussion Of Nexus And Are Therefore Insufficient**

Dr. Kramer opines that secondary considerations of non-obviousness related to the '775 patent include ██████████████████████████████████████████████████████████████████████████████████████)[7] Dr. Kramer's

---

[7] As noted in the contemporaneously filed Charter's Motion To Strike Entropic's Improper Secondary Considerations Positions, Entropic's untimely interrogatory response on secondary considerations only references the commercial success of the '775 patent. When new theories are presented in expert reports, such as here with the addition of praise by others and unexpectedly

report, however, fails even to attempt to draw a nexus between the alleged invention of the '775 patent and these secondary considerations. Therefore, the Court should strike these opinions. (*Id.* at ¶¶ 83–89.)

"Evidence of commercial success, or other secondary considerations, is only significant if there is a nexus between the claimed invention and the commercial success." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311–12 (Fed. Cir. 2006). To establish a nexus for commercial success, "the proponent [here, Entropic] must offer proof 'that the sales were **a direct result of the unique characteristics of the claimed invention**—as opposed to other economic and commercial factors unrelated to the quality of the patented subject matter.'" *In re DBC*, 545 F.3d 1373, 1384 (Fed. Cir. 2008) (quoting *In re Huang*, 100 F.3d 135, 140 (Fed. Cir. 1996)). If commercial success is due to an unclaimed feature, or if the feature driving commercial success is known in the prior art, then commercial success is not relevant. *Ormco*, 463 F.3d at 1312. The patentee bears the burden of demonstrating the required nexus. *See Demaco Corp. v. F. Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988).

Dr. Kramer's opinions regarding secondary considerations are legally flawed for three reasons. *First*, Dr. Kramer's opinions on commercial success, praise by others, and unexpectedly superior results are conclusory. *See McManaway*, 852 F.3d at 449 ("A claim cannot stand or fall on the mere *ipse dixit* of a credentialed witness."). Dr. Kramer contends that █████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████

---

superior results, they should be stricken. *See Opal Run LLC*, 2017 WL 3381344, at *2 (striking infringement theories introduced for the first time in an expert report).

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████ *In re DBC*, 545 F.3d at 1384. Certainly, there is no dispute that Charter ████

███████████████████████████████████████████████████

████████████████████████████████████████ But this is a sideshow without any connection to the asserted claims. As to "praise by others," Dr. Kramer does not provide a single example of such "praise," much less attempt to tie it to the asserted claims. Without any opinions on nexus, Dr. Kramer's opinions on secondary considerations are legally deficient and should be stricken.

*Second*, Dr. Kramer does not show that use of the '775 patent's invention, and its alleged benefit of faster internet speeds, drove commercial success. *See DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-072, 2010 WL 11475580, at *6 (E.D. Tex. Feb. 26, 2010) ("[U]se does not necessarily indicate commercial success of the claimed invention because what is claimed may not necessarily drive what is sold or what is commercially successful."). Dr. Kramer states that

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██ ████████████████████████████████████████████████

████████████████████████████████ *see also DataTreasury*, 2010 WL 11475580, at *6 ("Commercial success may also be due to innovative marketing or advertising."). Because Dr. Kramer fails even to try to find the reasons for Charter's commercial success and tie them to the asserted claims, his opinions on commercial success should be stricken.

### C. Dr. Kramer's New Arguments In His Deposition Are Outside The Scope Of His Rebuttal Report

In response to leading redirect questions from Entropic's attorneys, which were intended to elicit brand new opinions that were not in his rebuttal expert report, Dr. Kramer improperly testified beyond the scope of that report during his deposition on August 24, 2023. As such, the Court should strike these opinions.

Rule 26 requires an expert witness to disclose in his report "a complete statement of all opinions the witness will express and the *basis* and *reasons* for them." FED. R. CIV. P. 26(a)(2)(B)(i). When a party fails to provide these disclosures, Rule 37(c) permits the Court to exclude the undisclosed information. FED. R. CIV. P. 37 (c)(1). Specifically, Rule 37(c)(1) provides, "the party is not allowed to use [undisclosed] information . . . at a trial, unless the failure was substantially justified or is harmless." *Id.* Rule 26 "does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony." *Effective Expl., LLC v. BlueStone Nat. Res. II, LLC*, Case No. 2:16-CV-00607-JRG-RSP, 2017 WL 5895164, at *3 (E.D. Tex. Nov. 13, 2017), *report and recommendation adopted*, No. 2:16-CV-00607-JRG-RSP, 2017 WL 5890082 (E.D. Tex. Nov. 29, 2017) (Gilstrap, J.).

Charter's expert, Dr. Goldberg, opined in his opening report that claims 11 and 12 of the '362 patent were anticipated by the Zhang prior art and therefore invalid. In rebuttal, Entropic's expert, ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ This

testimony is well outside the scope of Dr. Kramer's report, which does not even use the word ▮▮▮▮ in respect to the Zhang prior art. Accordingly, the Court should strike any opinions of Dr. Kramer regarding whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

## IV. CONCLUSION

For the foregoing reasons, Charter respectfully requests that the Court strike the improper opinions in Dr. Kramer's infringement report and rebuttal invalidity report. The Court should also preclude Dr. Kramer from relying on his improper deposition testimony.

Dated: September 11, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email:  ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email:  daniel.reisner@arnoldporter.com
Email:  david.benyacar@arnoldporter.com
Email:  elizabeth.long@arnoldporter.com
Email:  albert.boardman@arnoldporter.com
Email:  melissa.brown@arnoldporter.com
Email:  jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email:  marc.cohn@arnoldporter.com
Email:  amy.dewitt@arnoldporter.com
Email:  paul.margulies@arnoldporter.com

*Attorneys for Defendant*
*Charter Communications, Inc.*

- 11 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served September 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long



## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned counsel hereby certifies that counsel for the parties met and conferred by telephone on September 1, 2023, and Plaintiff has stated that it opposes this motion.

*/s/ Elizabeth Long*
Elizabeth Long