**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-00125-JRG |
| | ) | |
| CHARTER COMMUNICATIONS, INC. | ) | ████████████ |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CHARTER'S MOTION TO EXCLUDE**
**THE EXPERT OPINIONS OF STEPHEN DELL**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

GLOSSARY ................................................................................................................... iv

I.     INTRODUCTION ............................................................................................. 1

II.    FACTUAL BACKGROUND ........................................................................... 1

    A.    The Asserted Patents And Accused Products/Services ......................... 1

    B.    The Dell Reports ................................................................................... 2

        1.    The '775 Patent .......................................................................... 2

        2.    The '008/'826 Patents ................................................................ 3

        3.    The '362 Patent .......................................................................... 4

        4.    The '682 Patent .......................................................................... 6

        5.    The '690 Patent .......................................................................... 7

III.    LEGAL STANDARDS .................................................................................... 7

IV.    ARGUMENT .................................................................................................... 8

    A.    Dell Failed To Apportion ..................................................................... 8

    B.    Dell's Lump Sum Royalties Based On Infringement Of Method Claims Are Unreliable, Speculative, And Should Be Excluded ............................ 12

    C.    Dell's Other "Lump Sum" Royalty Opinions Are Unreliable, Speculative, And Should Be Excluded .............................................................................. 14

    D.    Dell's Application Of A "Benefit Share" From The ███ Is Unreliable And Should Be Excluded .......................................................................... 15

    E.    Dell Should Be Precluded From Making Credibility Determinations ................. 15

V.    CONCLUSION ................................................................................................ 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allergan Sales, LLC v. UCB, Inc.*,
    No. 2:15-cv-01001-JRG, 2016 WL 8222619 (E.D. Tex. Nov. 7, 2016) ................................13

*Bmc Software, Inc. v. Servicenow, Inc.*,
    No. 2:14-CV-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) ....................................10

*Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*,
    576 F.3d 1348 (Fed. Cir. 2009) ..........................................................................................13

*CSIRO v. Cisco Sys., Inc.*,
    809 F.3d 1295 (Fed. Cir. 2015) ............................................................................................8

*CSIRO v. Cisco Sys., Inc.*,
    No. 6:11-cv-343, 2014 WL 3805817 (E.D. Tex. July 23, 2014), *vacated on
    other grounds*, 809 F.3d 1295 (Fed. Cir. 2015) ...................................................................8

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ..........................................................................................7, 8, 11, 12

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
    No. 2:15-CV-00011-RSP, 2018 WL 3089701 (E.D. Tex. Mar. 7, 2018).........................13, 14

*Finjan, Inc. v. Sophos, Inc.*,
    No. 14-CV-01197-WHO, 2016 WL 4268659 (N.D. Cal. Aug. 15, 2016) .............................14

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997) .............................................................................................................10

*IP Innovation L.L.C. v. Red Hat, Inc.*,
    705 F. Supp. 2d 687 (E.D. Tex. Mar. 2, 2010) .........................................................................9

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ...............................................................................................................8

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    694 F.3d 51 (Fed. Cir. 2012) ......................................................................................9, 10, 14

*Oasis Rsch., LLC v. Adrive, LLC*,
    No. 4:10-CV-435, 2013 WL 12156381 (E.D. Tex. Mar. 1, 2013) .........................................15

*Opticurrent, LLV v. Power Integrations, Inc.*,
    2018 WL 6727826 (N.D. Cal. Dec. 21, 2018) .......................................................................11

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
711 F.3d 1348 (Fed. Cir. 2013)......................................................................................15

*ROY-G-BIV Corp. v. ABB, Ltd.*,
No. 6:11-cv-622-LD, 2014 WL 12465449 (E.D. Tex. Aug. 1, 2014) ....................................11

*Skidmore v. Precision Printing & Pkg., Inc.*,
188 F.3d 606 (5th Cir. 1999) ......................................................................................15

*Uniloc USA Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011).....................................................................................15

*VirnetX, Inc. v. Cisco Sys., Inc.*,
767 F.3d 1308 (Fed. Cir. 2014).................................................................................8, 11

## GLOSSARY

| Term | Description |
|---|---|
| CCAP | Converged Cable Access Platform |
| CM | Cable Modem |
| CMTS | Cable Modem Termination System |
| CPE | Customer Premise Equipment |
| FBC | Full Band Capture |
| Gigabit | Gigabits per second |
| Mbps or Mbit | Megabits per second |
| MoCA | Multimedia over Coaxial Alliance |
| PMA | Profile Management Application |
| PNM | Proactive Network Monitoring |
| STB | Set-Top Box |
| '775 patent | Asserted U.S. Patent No. 8,223,775 |
| '008 patent | Asserted U.S. Patent No. 8,792,008 |
| '826 patent | Asserted U.S. Patent No. 9,825,826 |
| '362 patent | Asserted U.S. Patent No. 9,210,362 |
| '682 patent | Asserted U.S. Patent No. 10,135,682 |
| '690 patent | Asserted U.S. Patent No. 8,284,690 |

Defendant Charter Communications, Inc. ("Charter") respectfully submits this opening brief in support of its motion to exclude the damages opinions of Stephen Dell submitted on behalf of Plaintiff Entropic Communications, LLC ("Entropic").

## I.    INTRODUCTION

Entropic's damages expert, Stephen Dell, opines that Entropic is owed no less than ██████████████████████. In arriving at this vastly inflated damages amount, Dell (i) fails to apportion for the incremental value of the asserted patents, (ii) improperly calculates damages for method claims, (iii) improperly calculates future damages by applying his running royalty through patent expiration based on unrealistic and speculative projections, (iv) opines on a "benefit share" akin to a profit split based on ████████████████████████████████████, and (v) improperly makes credibility determinations of Charter's witnesses. Dell's reasonable royalty opinions are fundamentally flawed and unreliable, and should be excluded in their entirety.

## II.    FACTUAL BACKGROUND

### A.    The Asserted Patents And Accused Products/Services



---

[1] "Ex." refers to Exhibits to the Declaration of Elizabeth Long In Support Of Charter's Motion To Exclude The Expert Opinions Of Stephen Dell, filed herewith.
[2] The Asserted Patents are the '775 patent, the '008 patent, the '826 patent, the '362 patent, the '682 patent, and the '690 patent.

██ ███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

**B.    The Dell Reports**

On July 21, 2023, Dell served an expert report opining that Entropic is entitled to damages

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████    Below is a description of each of Dell's damages theories for the asserted patents.

**1.    The '775 Patent**

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

_____

██ ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

**2.      The '008/'826 Patents**

Dell's report asserts that the claimed technology in the '008/'826 patents ███████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████

Dell then purports to ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████

---

[4] ████████████████████████████████████████

████████████████████████████



### 3.     The '362 Patent

Dell claims,

███████████████████ .

### a.   Theory 1 [Subset of '008/'826]

For this theory, Dell uses the same methodology for the '008/'826 patents described above, but instead of ████████████████████████████████████████████
███████████████████████ █████████████████████████████████
████████████████████████████

### b.   Theory 2 [███████████]

Dell claims that █████████████████████████████████
███████████████████████ ██████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████

### c.   Theory 3 [██████████]

As support for the claim that ████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████

      **4.**       **The '682 Patent**

According to ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██ ████████████████████████████████

To calculate his reasonable royalty, ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

6



### 5.    The '690 Patent

Regarding the '690 patent, alleged to be infringed ███████████████████

## III.    LEGAL STANDARDS

An expert witness may provide opinion testimony only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Rule 702 requires the district court to act as a gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant but reliable." *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592 (1993). This "basic gatekeeping obligation" applies to all expert testimony, including damages

experts. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999); *VirnetX, Inc. v. Cisco Sys., Inc.,* 767 F.3d 1308, 1328 (Fed. Cir. 2014).

## IV.    ARGUMENT

### A.    Dell Failed To Apportion

The Federal Circuit has "repeatedly held, the essential requirement for reliability under *Daubert* is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product. In short, apportionment." *CSIRO v. Cisco Sys., Inc.*, 809 F.3d 1295, 1301 (Fed. Cir. 2015) (cleaned up). As established below, for each of the asserted patents, Dell failed to apportion to isolate the incremental value of the claimed invention.

**The '775 Patent and The '362 Patent (Theory 2).** Dell's use of



*See, e.g., CSIRO v. Cisco Sys., Inc.*, No. 6:11-cv-343, 2014 WL 3805817, at *6–7 (E.D. Tex. July 23, 2014) (rejecting expert's reliance on profit margins that were not specific to the accused products), *vacated on other grounds*, 809 F.3d 1295 (Fed. Cir. 2015).

For the '775 patent,

,



For the '362 patent, ██████████████████████████████████████

████████████████████████████████████████████████████ Dell

"made no effort to factor out of his proffered royalty base [those] products which do not even

feature the claimed invention." *IP Innovation L.L.C. v. Red Hat, Inc.*, 705 F. Supp. 2d 687, 690

(E.D. Tex. Mar. 2, 2010). █████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████; *see*

*LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 69 (Fed. Cir. 2012).

**The '008/'826 Patents And The '362 Patent (Theory 1).** Dell's first ████████

████████████████████████████████████████████████████

[8] ████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████.)



Because he "failed to specify, distinguish, and then separate the value" of ███████████

████████████████████ Dell's opinions should be excluded. *See Bmc*

*Software, Inc. v. Servicenow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 379620, at \*3 (E.D. Tex. Feb.

1, 2016).

████████████████ suffers from a "complete lack of economic analysis to quantitatively

support" the allocation. *LaserDynamics*, 694 F.3d at 69. Dell's apportionment opinions are little

---

10

---

10

more than *ipse dixit*, and should be excluded. *See, e.g., Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 137 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

**The '682 Patent And The '690 Patent.** As noted above, 

*See VirnetX, Inc.,* 767 F.3d at 1326 ("No matter what the form of royalty, a patentee must take care to seek only those damages attributable to the infringing features."). For the '690 patent,

. *See, e.g., ROY-G-BIV Corp. v. ABB, Ltd.*, No. 6:11-cv-622-LD, 2014 WL 12465449, at *3 (E.D. Tex. Aug. 1, 2014) (excluding opinion on apportionment that "lack[ed] any objective or even substantial qualitative analysis to demonstrate *why* 70% is the proper apportionment"). Dell has no expertise to opine on the relative values of patents, and the fact that he discussed his                           does not supply a reliable foundation. There is "no apparent basis for [Dell's] conclusory approximation of a percentage value," such as a "reference to specific portions of [the technical

expert's] technical opinion." *See Opticurrent, LLV v. Power Integrations, Inc.*, 2018 WL 6727826, at *12 (N.D. Cal. Dec. 21, 2018).

      **The '362 Patent (Theory 3).** As noted above, ██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████, does not rest "on a reliable foundation,"

and should be excluded. *See Daubert*, 509 U.S. at 597–98.

    **B.**    **Dell's Lump Sum Royalties Based On Infringement Of Method Claims Are Unreliable, Speculative, And Should Be Excluded**

      Each of the asserted claims for the '682 and '690 patents are method claims, and Entropic claims that ████████████████████████████████████████████████████████

████████████████████████████████████████████) Dell's calculation of a lump sum

reasonable royalty for both patents is unreliable and speculative because ████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████

      *First*, as Dell admits, ████████████████████████████████████████████

████████████████████████████████████████████████████████████



██████ ███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████ Dell has failed to "establish that but-for infringement that

has already occurred with respect to a certain product, the infringer would have paid a lump sum

royalty for a license to keep selling that certain product through the life of the patent." *Ericsson*

*Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2018 WL 3089701, at *7

(E.D. Tex. Mar. 7, 2018). █████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████ accordingly, are nothing more than pure speculation. *See, e.g.*,

*Allergan Sales, LLC v. UCB, Inc.*, No. 2:15-cv-01001-JRG, 2016 WL 8222619, at *2 (E.D. Tex.

Nov. 7, 2016) (excluding opinions of plaintiff's damages expert "based on a running royalty

applied to future acts of infringement that have not yet occurred").

    *Second*, Dell's projection of royalties through patent expiration that assume no change to

█████████████████████████████████████████████ is unreliable

---

11 ██████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
██████████████

because it ignores the dynamic nature of the cable industry. Dell cites no treatises, textbooks, or journals that support an assumption of entirely static economic outcomes (including inflation and interest rates) over the next decade. By assuming no changes to ███████████████ in this constantly-evolving industry, Dell's royalties for future infringement are not based on "sound economic and factual predicates" and should be excluded. *LaserDynamics*, 694 F.3d at 67.

### C.   Dell's Other "Lump Sum" Royalty Opinions Are Unreliable, Speculative, And Should Be Excluded

In addition to the unreliable opinions on future infringement for the '682 and '690 patents, Dell also provides unreliable opinions that he characterizes as a █████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████ Dell's static future projections are far from the type of "realistic" projections that may be presented. *See, e.g.*, *Ericsson,* 2018 WL 3089701, at *7; *see also Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2016 WL 4268659, at *5 (N.D. Cal. Aug. 15, 2016) ("Layne-Farrar's estimate of steady sales through the end of 2025 and 2032, based only on current growth, is too speculative to assist the jury in assessing a reasonable future damage amount."). In short, Dell's opinions are "derived from unreliable data

and built on speculation," and should not be admitted. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1374 (Fed. Cir. 2013).

### D.   Dell's Application Of A "Benefit Share" From ███████ Is Unreliable And Should Be Excluded

For all of the asserted patents, Dell's justification ████████████████████████



. Accordingly, Dell's split is indistinguishable from the 25% rule of thumb that has been rejected by the Federal Circuit. *Uniloc USA Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011).

### E.   Dell Should Be Precluded From Making Credibility Determinations

Dell, as damages expert, should be precluded from making credibility determinations regarding Charter's corporate representatives, particularly on technical matters for which he is entirely unqualified. (*See*, *e.g.*, Ex. B ¶¶ 54, 57, 66–67.) "Credibility determinations, of course, fall within the jury's province." *Skidmore v. Precision Printing & Pkg., Inc.*, 188 F.3d 606, 618 (5th Cir. 1999); *see also Oasis Rsch., LLC v. Adrive, LLC*, No. 4:10-CV-435, 2013 WL 12156381, at *2 (E.D. Tex. Mar. 1, 2013) (precluding expert from "testifying as to any witness's credibility").

## V.   CONCLUSION

For the foregoing reasons, Charter respectfully requests exclusion of Dell's opinions regarding a reasonable royalty.

Dated: September 11, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email:  ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email:  daniel.reisner@arnoldporter.com
Email:  david.benyacar@arnoldporter.com
Email:  elizabeth.long@arnoldporter.com
Email:  albert.boardman@arnoldporter.com
Email:  melissa.brown@arnoldporter.com
Email:  jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email:  marc.cohn@arnoldporter.com
Email:  amy.dewitt@arnoldporter.com
Email:  paul.margulies@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served September 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long



## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned counsel hereby certifies that counsel for the parties met and conferred by telephone on September 1, 2023, and Plaintiff has stated that it opposes this motion.

*/s/ Elizabeth Long*
Elizabeth Long