**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

Civil Action No. 2:22-cv-00125-JRG

**JURY TRIAL DEMANDED**

**CHARTER'S MOTION TO STRIKE ENTROPIC'S IMPROPER SECONDARY CONSIDERATIONS POSITIONS**

**TABLE OF CONTENTS**


I. INTRODUCTION ........ 1

II. LEGAL STANDARD ........ 2

III. ARGUMENT ........ 3

A. Entropic Failed To Comply With Its Discovery Obligations And Its Failures Are Not Substantially Justified Or Harmless ........ 3

1. Factual Background ........ 3

2. The Court Should Strike Entropic's Secondary Considerations Positions ........ 5

IV. CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Cases**

*Andover Healthcare, Inc. v. 3M Co.*,
No. 13–843–LPS, 2016 WL 6404111 (D. Del. Oct. 27, 2016) ............ 6

*Brazos River Auth. v. GE Ionics, Inc.*,
469 F.3d 416 (5th Cir. 2006) ............ 5

*CQ, Inc. v. TXU Min. Co.*,
565 F.3d 268 (5th Cir. 2009) ............ 8

*Function Media, L.L.C. v. Google, Inc.*,
No. 2:07–CV–279–CE, 2010 WL 276093 (E.D. Tex. Jan. 15, 2010) ............ 6

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
No. 2:16-CV-00134-JRG, 2017 WL 2869365 (E.D. Tex. May 18, 2017) ............ 2

*Hernandez v. Results Staffing, Inc.*,
907 F.3d 354 (5th Cir. 2018) ............ 7

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
No. 2:16-CV-00055-JRG-RSP, 2017 WL 5165606 (E.D. Tex. Oct. 15, 2017) ............ 7, 8

*Innogenetics, N.V. v. Abbott Labs.*,
512 F.3d 1363 (Fed. Cir. 2008) ............ 7

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
10 F.4th 1358 (Fed. Cir. 2021) ............ 6, 7

*Moore v. CITGO Refining & Chemicals. Co.*,
735 F.3d 309 (5th Cir. 2013) ............ 2

*Passmore v. Baylor Health Care System*,
823 F.3d 292 (5th Cir. 2016) ............ 2

*Payne v. Brayton*, No. 4:15-CV-00809,
2017 WL 194210 (E.D. Tex. Jan. 18, 2017) ............ 3

*Rainey v. Am. Forest & Paper Ass'n, Inc.*,
26 F. Supp. 2d 82 (D.D.C. 1998) ............ 6

*Semcon IP Inc. v. MediaTek USA Inc.*,
No. 2:16-cv-00437-JRG-RSP, 2018 WL 4501871 (E.D. Tex. Feb. 28, 2018) ............ 5, 6

*Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*,
No. 3: 06-CV-0271-B, 2007 WL 4410370 (E.D. Tex. Dec. 14, 2007) ..................................... 6

*Tex. A&M Rsch. Found. v. Magna Transp., Inc.*,
338 F.3d 394 (5th Cir. 2003) ..................................................................................... 2

*TQP Dev., LLC v. Merrill Lynch & Co., Inc.*,
No. 2:08-CV-471–WCB, 2012 WL 3283356 (E.D. Tex. Aug. 10, 2012)................................. 3

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
No. 2:17-CV-00651-JRG, 2019 WL 2267212 (E.D. Tex. May 28, 2019)................................ 8

*Wilson v. Lakner*,
228 F.R.D. 524 (D. Md. 2005)...................................................................................... 6

*Woods v. DeAngelo Marine Exhaust, Inc.*,
692 F.3d 1272 (Fed. Cir. 2012)..................................................................................... 7

*ZUP, LLC v. Nash Mfg., Inc.*,
896 F.3d 1365 (Fed. Cir. 2018)..................................................................................... 3

**Rules**

FED. R. CIV. P. 26 ................................................................................................ 2, 7

FED. R. CIV. P. 37 ............................................................................................. 2, 6, 8

## I. INTRODUCTION[1]

As is standard practice in any patent case, Charter Communications, Inc. ("Charter") propounded an interrogatory on Entropic Communications, LLC ("Entropic") asking it to identify all bases for "secondary considerations of non-obviousness"—an issue for which Entropic, not Charter, bears the burden of proof. In its original response in December 2022, Entropic identified [redacted] with no further details whatsoever. Charter later propounded a Rule 30(b)(6) deposition topic on this issue, and on July 19, 2023, the designee, Entropic's CEO, was deposed. The witness relied on the interrogatory response and could not identify any further information. Just two days later, however, on July 21, 2023—the very last day of fact discovery—Entropic supplemented its interrogatory response with detailed contentions and factual allegations regarding secondary considerations, despite the 30(b)(6) witness having testified that there were none. Because opening expert reports on invalidity were also due that day, Charter's invalidity expert was unable to address Entropic's newly-served secondary considerations contentions. Entropic's experts then addressed secondary considerations in their rebuttal validity reports, despite Entropic having the burden of proof.

In view of the 30(b)(6) testimony and Entropic's untimely supplementation, the belated secondary considerations contentions and all expert opinions flowing therefrom should be stricken.[2] Entropic should be held to its original interrogatory response and to the 30(b)(6) testimony. Entropic's actions turned the burden of proof on its head and foreclosed Charter's discovery into the issue, substantially prejudicing Charter with no apparent justification.

---

[1] Unless otherwise noted, all emphasis in quotes added.

[2] *See* Ex. A (Pl.'s Third Suppl. Resps. to Defs.' First Set of Interrogs.) at 41–44; Ex. B (Kramer Reb. Report) at ¶¶ 20, 23, 83–89, and 157–59; Ex. C (Pooley Reb. Report) at ¶¶ 24, 27, and 200–209; Ex. D (Holobinko Reb. Report) at ¶¶ 26, 29, 118–121, and 192–200) ("Ex." refers to Exhibits to the Declaration of Elizabeth Long In Support Of Charter's Motion To Strike Entropic's Improper Secondary Considerations Positions, filed herewith).

## II. LEGAL STANDARD

Rule 26(e) requires a party "who has responded to an interrogatory" to "supplement or correct its disclosure or response . . . ***in a timely manner if the party learns that in some material respect the disclosure or response is incomplete*** or incorrect." FED. R. CIV. P. 26(e); *see* FED. R. CIV. P. 26 advisory committee's note (1993 Amendment, Subdivision (e)) ("The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect."). When a party fails to timely supplement interrogatory responses according to Rule 26(e), "the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Although district courts have broad discretion in discovery matters, *Moore v. CITGO Refining & Chemicals. Co.*, 735 F.3d 309, 315 (5th Cir. 2013), including over "control of timing and sanctions for noncompliance" with Rules 26 and 37, *Passmore v. Baylor Health Care System*, 823 F.3d 292, 295 (5th Cir. 2016), exclusion of improperly disclosed evidence under Rule 37(c) is "automatic and mandatory" unless the failure is substantially justified or harmless, *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-00134-JRG, 2017 WL 2869365, at *2 (E.D. Tex. May 18, 2017).

Courts consider four factors when determining if a violation is harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). "The purpose of Rule 26 is to prevent unfair surprise at trial and to permit the opposing party to prepare for rebuttal reports, to depose the expert in advance of trial, and to prepare for cross-examination." *Payne v. Brayton*, No. 4:15-CV-00809, 2017 WL 194210, at *2

(E.D. Tex. Jan. 18, 2017). Among other problems, Entropic's actions prevented Charter from taking deposition discovery regarding the supplemental secondary considerations contentions and preparing its expert reports on secondary considerations.

It is also relevant to the present motion that Entropic bears the burden of proof on secondary considerations. *See ZUP, LLC v. Nash Mfg., Inc.*, 896 F.3d 1365, 1373 (Fed. Cir. 2018) ("While this burden of persuasion remains with the challenger, ***a patentee bears the burden of production with respect to evidence of secondary considerations of nonobviousness.***"); *TQP Dev., LLC v. Merrill Lynch & Co., Inc.*, No. 2:08-CV-471–WCB, 2012 WL 3283356, at *3 (E.D. Tex. Aug. 10, 2012) ("Although the burden of proof as to obviousness is always on the accused infringer, ***the burden of production with regard to secondary consideration evidence rests on the patentee***.").

## III. ARGUMENT

### A. Entropic Failed To Comply With Its Discovery Obligations And Its Failures Are Not Substantially Justified Or Harmless

#### 1. Factual Background

In November 2022, Charter served Entropic with Interrogatory 15, which required Entropic to "[d]etail all bases, on a claim-by-claim basis for each of the Asserted Claims, for any and all secondary considerations/objective indicia of nonobviousness of the claims." (*See* Ex. E (Defs.' First Set of Interrogs.) at 11.) In its December 2022 response, [REDACTED]

Charter served a Rule 30(b)(6) deposition notice in April 2023 that included a topic directed specifically to [REDACTED]



The deposition did not occur until July 19, 2023. Entropic's 30(b)(6) designee,

The final day of fact discovery was July 21, 2023, just two days later. Dkt. 89. Opening expert reports were also due that day. *Id.* Despite having the burden of proof on secondary considerations, none of Entropic's opening expert reports addressed them. Nevertheless, on that day, Entropic supplemented its response to Interrogatory

Then, on August 11, 2023, Entropic went a step further by submitting three rebuttal expert reports on validity that include previously undisclosed positions on secondary considerations.[3]

3

[redacted]

As a result of Entropic ignoring its burden of proof, failing to produce a knowledgeable Rule 30(b)(6) witness, improperly using of the attorney-client privilege as a shield, and failing to timely notify Charter of its positions through supplementation as required by Rule 26(e), Charter's ability to take discovery on Entropic's secondary considerations theories and to have its experts respond to Entropic's experts on this topic was completely thwarted.

### 2. The Court Should Strike Entropic's Secondary Considerations Positions

Entropic's actions are not substantially justified or harmless; they reflect gamesmanship. At the time of the 30(b)(6) deposition on July 19, Entropic certainly knew of the facts that it added to its interrogatory supplement two days later on July 21. Accordingly, Rule 30(b)(6) obligated Entropic to provide a reasonably knowledgeable designee on these facts and to allow him to testify about them. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition."). Entropic did neither, choosing instead [redacted] Charter was thus prevented from taking any discovery into secondary considerations. *See Semcon IP Inc. v. MediaTek USA Inc.*, No. 2:16-cv-00437-JRG-RSP, 2018 WL 4501871, at *4 (E.D. Tex. Feb. 28, 2018) (striking portions of an expert's report regarding secondary considerations; "[I]t is simply not credible that [plaintiff] suddenly decided to rely on secondary considerations during or shortly after [a fact] deposition. Accordingly, [the] late deposition does not excuse [plaintiff's] failure to adequately respond to [defendant's] interrogatory.").

Entropic should be bound to the evidence it provided at the Rule 30(b)(6) deposition. *See* FED. R. CIV. P. 37(c)(1), (d); *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1372–73 (Fed. Cir. 2021) (affirming partial exclusion of expert testimony on reasonable royalty where defendant "repeatedly asked" the plaintiff through interrogatories and a 30(b)(6) deposition "for the factual basis of its reasonable royalty claim" and the plaintiff "consistently failed to disclose its contention" (quoting the district court decision)); *Function Media, L.L.C. v. Google, Inc.*, No. 2:07–CV–279–CE, 2010 WL 276093, at *1 (E.D. Tex. Jan. 15, 2010) ("When the 30(b)(6) representative claims ignorance of a subject during the deposition, courts have precluded the corporation from later introducing evidence on that subject."); *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, No. 3: 06-CV-0271-B, 2007 WL 4410370, at *8 (E.D. Tex. Dec. 14, 2007) ("Federal courts have interpreted [Rule 30(b)(6)] as prohibiting a 30(b)(6) representative from disclaiming the corporation's knowledge of a subject at the deposition and later introducing evidence on that subject.").[4]

Entropic was also "obligated to provide the factual basis for any secondary considerations, and include this factual basis in [its] interrogatory response," but it hid the ball until the very last day of discovery with no justification and to Charter's prejudice. *Semcon*, 2018 WL 4501871, at *4; *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00055-JRG-RSP, 2017 WL 5165606,

[4] *See also Andover Healthcare, Inc. v. 3M Co.*, No. 13–843–LPS, 2016 WL 6404111, at *2 (D. Del. Oct. 27, 2016) (excluding infringement testimony which "would impermissibly permit [the party] to use privilege (which [the party] repeatedly asserted in its Rule 30(b)(6) deposition) as both a sword and shield"); *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005) ("[D]epending on the nature and extent of the obfuscation, the testimony given by the non-responsive deponent (*e.g.* 'I don't know') may be deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial."); *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998) ("Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition.").

at *7 (E.D. Tex. Oct. 15, 2017) (explaining that interrogatories are important "not only to ascertain facts but also to 'determine what the adverse party contends they are, and what purpose they will serve, so that the issues may be narrowed, the trial simplified, and time and expense conserved'" (citation omitted)). The fact that Entropic eventually showed its hand at the latest possible moment does not cure its failure to have disclosed the information "in a timely manner" as required by the Rules. FED. R. CIV. P. 26(e)(1); *see Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282 (Fed. Cir. 2012) ("[Rule 26] prohibits parties who are aware of their deficient response from 'hold[ing] back material items and disclos[ing] them at the last moment.'" (citation omitted)); *MLC Intell. Prop.*, 10 F.4th at 1372 ("Rule 26(e) expressly requires that as theories mature and as the relevance of various items of evidence changes, responses to interrogatories, and particularly contention interrogatories, must be corrected or supplemented to reflect those changes.").

Supplementing an interrogatory at the end of fact discovery when Entropic had known the pertinent facts for months does not constitute "timely" disclosure. If it did, then every party in every federal litigation would simply wait until the end of fact discovery to provide any detailed responses, which would undermine the fundamental purpose of the Federal Rules. *See Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1376 (Fed. Cir. 2008) (affirming exclusion of an anticipatory prior art reference disclosed "on the very last day of discovery" because it "stripped [the opposing party] of any meaningful opportunity to prepare an adequate cross-examination"); *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 363 (5th Cir. 2018) ("Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case.").

Entropic's actions have significantly prejudiced Charter in several ways. *First*, Charter was unable to take a Rule 30(b)(6) deposition on the facts and contentions in Entropic's supplemental interrogatory response. *Second*, Charter's invalidity experts could not prepare opinions on secondary considerations in their opening reports because Entropic, with the burden of proof, had not identified any facts to support those considerations. *Third*, Entropic's validity experts provided extensive opinions on secondary considerations for the first time ***in their rebuttal reports***, again despite Entropic's burden of proof on this issue, which foreclosed Charter's experts from providing responses to those opinions.

Accordingly, the Court should strike Entropic's belated supplementation of its interrogatory response regarding secondary considerations, as well as all positions on secondary considerations set forth in Entropic's expert reports. *See* FED. R. CIV. P. 37(c)(1); *CQ, Inc. v. TXU Min. Co.*, 565 F.3d 268, 280 (5th Cir. 2009) ("[G]iven the advanced stage of the litigation, permitting the new evidence would not have been harmless."); *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, at *3 (E.D. Tex. May 28, 2019) ("A party's failure to provide *any* justification for its untimely disclosure weighs heavily in favor of striking the disclosure, and may even be sufficient standing alone to support exclusion."); *Huawei*, 2017 WL 5165606, at *6 (excluding supplemental interrogatory response where the prejudice was substantial, a continuance would delay trial, and there was no explanation for why the interrogatory response was not supplemented earlier).

## IV. CONCLUSION

For the foregoing reasons, Charter respectfully requests that the Court strike the positions regarding secondary considerations in Entropic's Third Supplemental Responses to Defendant's First Set of Interrogatories (No. 15) and in the rebuttal expert reports of Dr. Kramer, Dr. Pooley, and Mr. Holobinko.

Dated: September 11, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served September 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long



**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), the undersigned counsel hereby certifies that counsel for the parties met and conferred on September 11, 2023 by telephone, and Plaintiff has stated that it opposes this motion.

*/s/ Elizabeth Long*
Elizabeth Long