**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ENTROPIC COMMUNICATIONS, LLC,

    Plaintiff

      v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Civil Action No. 2:22-cv-00125-JRG

**JURY TRIAL DEMANDED**

███████████████

**CHARTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**OF NO PRE-SUIT DAMAGES**

## TABLE OF CONTENTS

I.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .................................... 1

II.    STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 1

III.   LEGAL STANDARD ................................................................................................... 5

IV.    ARGUMENT ................................................................................................................ 5

      A.     Charter Met Its Burden Under *Arctic Cat* ................................................. 6

      B.     Entropic Asserted Apparatus Claims For The Marking Patents,
             Triggering The Marking Statute. ................................................................ 7

      C.     Entropic Failed As A Matter Of Law To Provide Actual Notice Of
             The Alleged Infringement ........................................................................ 8

      D.     Entropic Failed As A Matter Of Law To Provide Constructive
             Notice Of The Marking Patents ................................................................ 9

V.     CONCLUSION ........................................................................................................... 11

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns., Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012)........................................................................ 10, 11

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993)................................................................... 5, 7, 9, 10

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)................................................................... *passim*

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)........................................................................ 5

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)................................................................ 6, 9

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)........................................................................ 5

*Devices for Med., Inc. v. Boehl*,
   822 F.2d 1062 (Fed. Cir. 1987)................................................................ 10

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001)................................................................ 8

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
   No. 2:16-CV-00055-JRG-RSP, 2017 WL 5165606 (E.D. Tex. Oct. 15, 2017) ....................... 7

*K&K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.*,
   52 F. App'x 135 (Fed. Cir. 2002) ............................................................. 10

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001)................................................................ 8

*Loral Fairchild Corp. v. Victor Co. of Japan*,
   906 F. Supp. 813 (E.D.N.Y. 1995) ............................................................ 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)........................................................................ 5

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
   138 F.3d 1437 (Fed. Cir. 1998)................................................................ 6

*Northbrook Digital Corp. v. Browster, Inc.*,
   No. CIV. 06-4206, 2008 WL 4104695 (D. Minn. Aug. 26, 2008) .......................................... 10

*Ormco Corp. v. Align Tech., Inc.*,
   463 F.3d 1299 (Fed. Cir. 2006) .................................................................................................. 7

*Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*,
   No. CV 16-284-LPS-CJB, 2018 WL 7893901 (D. Del. Dec. 17, 2018) .................................. 7

*Soverain Software LLC v. Amazon.com, Inc.*,
   383 F. Supp. 2d 904 (E.D. Tex. 2005) ...................................................................................... 10

*Toshiba Corp. v. Imation Corp.*,
   681 F.3d 1358 (Fed. Cir. 2012) .................................................................................................. 5

*Unwired Planet, LLC v. Apple Inc.*,
   No. 13-CV-04134-VC, 2017 WL 1175379 (N.D. Cal. Feb. 14, 2017) ..................................... 7

**Statutes**

35 U.S.C. § 287 .......................................................................................................................... 8, 9

**Rules**

FED. R. CIV. P. 56 ........................................................................................................................... 5

Plaintiff Entropic Communications, LLC ("Entropic") initially asserted apparatus claims against Charter Communications, Inc. ("Charter") from United States Patent Nos. 8,223,775 (the "'775 patent"), 8,792,008 (the "'008 patent"), 9,210,362 (the "'362 patent"), and 9,825,826 (the "'826 patent") (collectively, the "Marking Patents"). As a matter of law, Entropic cannot recover damages from Charter's alleged infringement prior to April 27, 2022—the date this lawsuit was filed. There is no genuine dispute of fact that both Entropic, ███████████████████ ███████████████████, failed to put Charter on either actual or constructive notice of the asserted Marking Patents, as required to recover pre-suit damages. Based on these undisputed facts, Charter respectfully submits that it is entitled to judgment as a matter of law that Entropic may not recover pre-suit damages for the Marking Patents.

## I.       STATEMENT OF ISSUES TO BE DECIDED BY THE COURT[1]

Whether summary judgment should be granted in Charter's favor on the issue of no pre-suit damages for alleged infringement of the Marking Patents.

## II.      STATEMENT OF UNDISPUTED MATERIAL FACTS

1.       Entropic, the owner of the Marking Patents, ███████████████ ████████████████████████████████████  █████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████

---

[1] Emphasis is added herein, unless specified otherwise.
[2] "Ex." refers to Exhibits to the Declaration of Elizabeth Long In Support Of Charter's Motion For Partial Summary Judgment Of No Pre-Suit Damages, filed herewith.

1

2. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

3. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

4. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

5.      On April 27, 2022, Entropic sued Charter in this District, alleging infringement of six patents, including the Marking Patents. Dkt. 1.

6.      On June 27, 2023, Charter served Entropic with a notice, pursuant to *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017), identifying products that, based on Entropic's allegations, should have been marked with particular Marking Patents, but were not. Ex. E (Reisner Letter, dated June 27, 2023). Those products included:



7.      On June 30, 2023, Entropic responded to the *Arctic Cat* notice, arguing that only method claims were asserted for the '362 and '826 patents. Ex. F (Soskin Letter, dated June 30,

2023). Entropic's response was otherwise silent with respect to the remaining two Marking Patents, the '775 and '008 patents. *Id.*

8.      On July 17, 2023, Charter identified additional products that, based on Entropic's infringement allegations, should have been marked with particular Marking Patents, but were not. Ex. G (Email chain from P. Margulies, dated July 17, 2023). Those products included:

- ███████████████████████

▌ ████████████████████████████████████████

████████████████████████████

9.   ███████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████)[3].

10.    Entropic has not provided any evidence or opinions rebutting Charter's expert opinion that ███████████████ should have been marked.

11.    Entropic currently asserts at least one apparatus claim in each of the '775 and '008 patents. ██████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████

12.    Entropic originally asserted at least one apparatus claim in each of the '826 and '362 patents by accusing Charter of direct infringement of these patents by "using, importing, selling, and/or offering for sale" the accused products. Dkt. 1 at ¶¶ 69, 78. Entropic alleged the same in its first and second amended complaints. Dkt. 12; Dkt. 53.

13.    There is no evidence that ██████████ marked any of its products with patent numbers, including the Marking Patents, either directly or ████████████████████████ under 35 U.S.C. § 287. ███████████████████

14.    Additionally, Entropic does not know whether its ██████████████████ ████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████

---

[3] ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

## III.    LEGAL STANDARD

"Summary judgment is appropriate when, drawing all justifiable inferences in the non-movant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1361 (Fed. Cir. 2012) (citing FED. R. CIV. P. 56 and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). When the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986); *Anderson*, 477 U.S. at 257. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

## IV.    ARGUMENT

35 U.S.C. § 287(a) provides that a patent owner that makes, offers for sale, or sells within the United States any patented article, or imports any patented article into the United States, may recover damages for patent infringement only after providing (1) actual notice to the accused infringer or (2) constructive notice to the public through marking the patented article or its package with the applicable patent number(s). *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1535 (Fed. Cir. 1993). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). "The marking statute serves three related purposes: 1) helping to avoid innocent infringement, []; 2) encouraging patentees to give notice to the public that the article is patented, []; and 3) aiding the public to identify whether an article is

5

patented []." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998) (citations omitted). As a result, the law focuses on the patentee's actions, and "[t]he patentee bears the burden of pleading and proving" compliance with the marking requirement. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). "A patentee's licensees must also comply with § 287." *Id.*; *see also Amsted Indus.*, 24 F.3d at 185.

### A.    Charter Met Its Burden Under *Arctic Cat*

Entropic, the owner of the Marking Patents, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Because the evidence shows, and Entropic has not rebutted, that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Entropic was required to ensure its ██████ "mark [its products] or notify infringers of [its] patent in order to recover damages." *Arctic Cat*, 876 F.3d at 1365. To satisfy its initial burden of production, Charter needed only to "articulate the products it believes are unmarked 'patented articles' subject to § 287," which is "a low bar." *Id.* at 1368; *see also id.* ("The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent. The alleged infringer's burden is a burden of production, not one of persuasion or proof.").

Here, it is undisputed that Charter provided notice on June 27, 2023, identifying products that, based on Entropic's allegations, should have been marked, but were not, thereby satisfying its burden under *Arctic Cat*. SUF ¶ 6. Charter subsequently notified Entropic that additional products were identified that should have been marked. SUF ¶ 8. Those notices included products

███████████████████████████████████████

████████████████████████

### B.   Entropic Asserted Apparatus Claims For The Marking Patents, Triggering The Marking Statute.

If a patentee "initially assert[s] an apparatus claim" then "the marking statute is applicable to that patent." *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. CV 16-284-LPS-CJB, 2018 WL 7893901, at *4 (D. Del. Dec. 17, 2018); *see also Am. Med.*, 6 F.3d at 1538. "To further conclude that application of the statute turns on a patent holder's decision to drop apparatus claims at some point during litigation defies logic." *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-CV-00055-JRG-RSP, 2017 WL 5165606, at *3 (E.D. Tex. Oct. 15, 2017); *see also Unwired Planet, LLC v. Apple Inc.*, No. 13-CV-04134-VC, 2017 WL 1175379, at *4 (N.D. Cal. Feb. 14, 2017). Here, Entropic's initial assertion of apparatus claims triggered the marking statute for the Marking Patents.

Entropic currently asserts at least one apparatus claim in each of the '775 and '008 patents. SUF ¶ 11. Entropic concedes this point. *See* SUF ¶ 7. Entropic also asserted at least one apparatus claim in each of the '826 and '362 patents. SUF ¶ 12. By repeatedly alleging direct infringement through Charter's "importing, selling, and/or offering for sale," Entropic has accused Charter of infringing apparatus claims because method claims can only be infringed through use, not importing, selling, and offering for sale. *See, e.g.*, *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."). Entropic could have limited its allegations to method claims but it did not. Entropic's actions triggered the marking statute's requirements, and Entropic's later narrowing of its claims in the '826 and '362 patents to method only claims does not change that result. *Huawei*, 2017 WL 5165606, at *3 ("To further conclude

that application of the statute turns on a patent holder's decision to drop apparatus claims at some point during litigation defies logic."). Thus, Entropic's assertion of apparatus claims for the Marking Patents triggers the Marking Statute.

**C.     Entropic Failed As A Matter Of Law To Provide Actual Notice Of The Alleged Infringement**

Under Section 287(a), failure to mark precludes the patentee from recovering pre-suit damages prior to the time when the infringer received actual notice; if the patentee never provided actual notice to the accused infringer before filing suit, no pre-suit damages are recoverable. *Amsted*, 24 F.3d at 187–88. The statute states in pertinent part:

> In the event of failure to [] mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was ***notified of the infringement*** and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.

35 U.S.C. § 287(a) (emphasis added). "The requirement of actual notice is designed to assure that the accused infringer knew of the adverse patent and the alleged infringement during the period in which its liability accrues." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). Mere "notice of the patent's existence or ownership" is insufficient to constitute actual notice. *Id.*

To comply with the statute, the patentee must inform the recipient of the identity of the patent and the activity believed to be an infringement. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327 (Fed. Cir. 2001). The notice requirement is "met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer." *Id.* (citations omitted). Accordingly, "[a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product[.]" *Amsted*, 24 F.3d at 187 (patentee's general notice letter advising entire industry of patent and instructing industry not to infringe did not provide actual notice because it was not notice of the "infringement").

8

The filing of a complaint for patent infringement provides the alleged infringer with actual notice. 35 U.S.C. § 287(a).

Prior to filing this lawsuit, neither Entropic nor ██████████ provided notice of the Marking Patents. SUF ¶ 4. In fact, Entropic never contacted Charter prior to filing this case. *Id.* Nor is there any evidence of record suggesting actual notice was provided. Thus, Entropic cannot bear its burden of proving actual notice under § 287(a) prior to filing suit. *Arctic Cat*, 876 F.3d at 1366.

### D.   Entropic Failed As A Matter Of Law To Provide Constructive Notice Of The Marking Patents

Absent actual notice, and with a few exceptions not applicable here, to recover past damages for infringement the patentee must have given constructive notice to the public in the form of patent marking.

A patentee fails to comply with the marking provision of Section 287(a)—and thus has not given the public constructive notice of the patent—unless it has properly marked "substantially all" of its patented products. *Am. Med.*, 6 F.3d at 1538. It is not enough to mark merely some products: "once marking has begun, it must be substantially consistent and continuous in order for a party to avail itself of the constructive notice provisions of the statute." *Id.* at 1537.

"A licensee who makes or sells a patented article does so 'for or under' the patentee, thereby limiting the patentee's damage recovery when the patented article is not marked." *Amsted*, 24 F.3d at 185. In other words, a licensee's failure to mark patented products prior to suit may limit the patentee's recovery of damages. *Id.* ("Since there is no dispute that the patented articles sold by Amsted's customers were never marked, Amsted is precluded from recovering damages prior to the date that Buckeye, the accused infringer, 'was notified of the infringement.'").

To ensure compliance with the marking statute, patentees often include express provisions on marking in license agreements and also police their licensees' marking efforts. *See, e.g.*, *K&K*

*Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.*, 52 F. App'x 135, 141 (Fed. Cir. 2002). A patentee's failure to include a marking requirement in a license agreement or failure to show any actual marking by its licensees is evidence of the patentee's failure to meet its marking obligations. *See Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) (plaintiff had "burden of convincing the jury that it had performed affirmative acts in compliance with § 287" with respect to marking by its licensees); *Loral Fairchild Corp. v. Victor Co. of Japan*, 906 F. Supp. 813, 817 (E.D.N.Y. 1995) (plaintiff unable to show compliance with marking requirement where license agreement imposed no duty to mark and plaintiff never contended any products sold by the licensee were marked); *Northbrook Digital Corp. v. Browster, Inc*., No. CIV. 06-4206, 2008 WL 4104695, at *2 (D. Minn. Aug. 26, 2008) (plaintiff failed to comply with marking requirement where license agreement imposed no duty to mark and there was no evidence that plaintiff ever raised the issue of marking with the licensee). But even where a patentee has included a marking requirement in a license, the patentee must show that licensees complied with that requirement. *See Soverain Software LLC v. Amazon.com, Inc*., 383 F. Supp. 2d 904, 911 (E.D. Tex. 2005).

Where a patentee asserts both apparatus and method claims, "the marking requirement applies to ***all the claims***" so long as there is a "tangible item to mark." *ActiveVideo Networks, Inc. v. Verizon Commc'ns., Inc*., 694 F.3d 1312, 1334 (Fed. Cir. 2012) (citing *Am. Med.*, 6 F.3d at 1538). Put slightly differently, "[w]here the patent contains both apparatus and method claims, . . . to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *Am. Med.*, 6 F.3d at 1538–39 (marking requirement applied where patentee asserted both apparatus and method claims).

Here, there can be no dispute that Entropic's ████████████, failed to mark products that appear to practice the Marking Patents. Indeed, Entropic ████████████████████



This case is thus on all fours with *Amsted*: "Since there is no dispute that the patented articles sold by [████████████] were never marked, ████████ is precluded from recovering damages prior to the date that ████████], the accused infringer, 'was notified of the infringement.'" 24 F.3d at 185. Entropic asserts both apparatus and method claims and, because there were "tangible items to mark," the marking requirement applies to all asserted claims. *ActiveVideo*, 694 F. 3d at 1334.

There is thus no triable issue of fact as to whether Entropic or its ████████ complied with the marking requirement of Section 287. As a matter of law, they did not, and Entropic failed to provide constructive notice of the Marking Patents.

## V.    CONCLUSION

For these reasons, Charter respectfully asks that the Court grant summary judgment in its favor and find that Entropic may not recover damages for any alleged infringement prior to the filing of its Complaint on April 27, 2022, for at least the '775, '008, '826, and '362 patents.

Dated: September 11, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served September 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long