# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

## CHARTER'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '682 AND '690 PATENTS

## TABLE OF CONTENTS

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ........................................ 1
II. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................... 1
    A. Entropic's Infringement Allegations .......................................................................... 1
    B. ███████████████████████████████ ................................................................... 2
    C. ██████████████████████ ................................................................................... 4
III. LEGAL STANDARD ......................................................................................................... 4
IV. ARGUMENT ...................................................................................................................... 5
    A. ███████████████████████████████ ........................................................................ 6
        1. ███████████████████████████████ .............................................................. 6
        2. ███████████████████████████" ................................................................... 10
    B. ████████████████████ ................................................................................... 11
V. CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)) .................................................................................................. 5

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ................................................................................................... 5

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ................................................................................ 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ................................................................................................... 5

*Toshiba Corp., v. Imation Corp.*,
    681 F.3d 1358 (Fed. Cir. 2012) .................................................................................. 5

**Rules**

Fed. R. Civ. P. 56 ............................................................................................................. 5

## I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT[1]

1. Whether the Court should grant summary judgment of non-infringement with respect to claims 1–3 of U.S. Patent No. 10,135,682 (the "'682 patent").

2. Whether the Court should grant summary judgment of non-infringement with respect to claims 7 and 8 of U.S. Patent No. 8,284,690 (the "'690 patent").

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. Entropic's Infringement Allegations

1. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████

2. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████

3. ███████████████████████████████████████
███████████████████████████████████████
█████

---

[1] Emphasis is added herein, unless specified otherwise.

[2] "Ex." refers to Exhibits to the Declaration of Elizabeth Long In Support Of Charter's Motion For Summary Judgment Of Non-Infringement Of The Asserted Claims Of The '682 And '690 Patents, filed herewith.

[3] ███████████████████████████████████████
███████████████████████████████████████

1

4. The steps of claim 1 of the '682 patent must be performed "by a cable modem termination system (CMTS)" and "by said CMTS." Ex. B ('682 patent) at 8:2–23.

5. Entropic accuses ▮ infringing the Asserted Claims of the '682 patent▮

▮

**B.** ▮

6. Of the ▮

7. ▮

8. ▮

9. ▮

3

10. ■■■

11. For the steps of claim 1 of the '682 patent requiring "assigning," "generating," and "selecting" "by said CMTS," ■■■ ■■■.

12. ■■■

13. ■■■

14. ■■■

---

[4] ■■■

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████

    15. ████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████

    C. ██████████████████████████████████

    16. ████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████

## III. LEGAL STANDARD

"Summary judgment is appropriate when, drawing all justifiable inferences in the non-movant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Toshiba Corp., v. Imation Corp.*, 681 F.3d 1358, 1361 (Fed. Cir.

---

<sup>5</sup> ████████████████████████████████████

2012) (citing FED. R. CIV. P. 56 and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). When the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986); *Anderson*, 477 U.S. at 257. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

IV. **ARGUMENT**

Entropic accuses Charter of infringing claims 1–3 of the '682 patent through its



The '682 patent claims an alleged invention that differs fundamentally from ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As a result, Charter does not infringe claim 1 of the '682 patent, and its dependent claims, and also does not infringe any asserted claim of the '690 patent based on ▇▇▇▇▇▇▇▇▇.

5

A. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████, does not infringe any asserted claim of the '682 patent; therefore, Charter is entitled to summary judgment of non-infringement for each of the following independent reasons.

    1.    *The required steps are not performed "by a cable modem termination system (CMTS)" in* ███████████████████

Each step of claim 1 of the '682 patent must be performed by a cable modem termination system ("CMTS"). The claims require "[1] determining, **by a cable modem termination system (CMTS)**," "[2] assigning, **by said CMTS**,**" "[3] generating, **by said CMTS**," "[3] selecting, **by said CMTS**" and "[4] communicating, **by said CMTS**." Ex. B ('682 patent) at 8:2–23. For steps 2–4, ███████████████████████████████████, of performing the steps. Because that is not what the claims cover, the Court should enter summary judgment of non-infringement for ███ ████████████████████.

A CMTS is a device that communicates with cable modems and helps "connect[]" the operator's "core network with the HFC [hybrid fiber coax (cable)] network." *See, e.g.*, Ex. U (DOCSIS 3.1 Specifications) at -1891; Ex. B ('682 patent) at 2:61–3:17, Fig. 2a; ████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████████████████ "Its main function is to forward packets between these two domains . . . ." Ex. U (DOCSIS 3.1 Specifications) at -1891. ███████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████

The CableLabs DOCSIS 3.1 Profile Management Application Technical Report describes PMA's "architecture," explaining that its "functionality [can] be moved *out of a CMTS* and implemented as an 'application' running outside the CCAP. Here the idea is to move the profile creation process and an application *external to the CMTS*." Ex. V (DOCSIS 3.1 Technical Report) at -289; *see also id.* at -293 ("a Profile Management Application (PMA) *external to the CMTS* has been envisioned").[6] ████████████████

████████████████████████████████████████████████████████
██████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████

---

[6] "By deploying the PMA application external to any one CMTS, the operator will be able to deploy one PMA application solution across different CMTS platforms . . . ." Ex. V (DOCSIS 3.1 Technical Report) at -293.



███████████████████████████████████████

███████████████████████████

In step 2, claim 1 requires the CMTS to "assign[] . . . each cable modem" to a "service group" based on an "SNR-related metric." ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████

In step 3, claim 1 requires the CMTS to "generat[e]" for each service group "a composite SNR-related metric." ██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████

In step 4, claim 1 requires the CMTS to "select[] . . . one or more physical layer communication parameter" for each "service group." ████████████████████

███████████████████████████████████████

███████████████████████████████████████

---

7 ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████

9

███████████████████████████████████████████
████████████████████

Because the accused steps of "assigning," "generating," and "selecting" in claim 1 were not performed "by a CMTS," Charter does not infringe any asserted claim of the '682 patent for this reason alone.

2. ████████████████████████████████████████

Claim 1 requires that a CMTS "determine[e] . . . for *each cable modem*" it serves, a corresponding SNR-related metric. The claim further requires "assigning . . . *each cable modem* among a plurality of service groups" based on that "corresponding SNR-related metric." Charter does not infringe in ████████████████████ for the additional independent reason that it has never ████████████████ with "each cable modem served" by any CMTS. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

10

Because Charter did not use ▇ for "each cable modem served by" a CMTS, it cannot meet either the "determining" or "assigning" steps of claim 1 (and its dependents) of the '682 patent for this reason alone.

**B.** ▇▇▇▇▇▇▇▇▇▇



A method claim is not infringed unless someone "practiced all [the] steps." *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009). Because Charter ▇ ▇▇▇▇▇▇▇, the Court should grant summary judgment of non-infringement for method claims 1, 2, and 3 of the '682 patent and method claims 7 and 8 (which depend on claim 1) of the '690 patent with respect to ▇▇▇.

## V.  CONCLUSION

For these reasons, Charter respectfully asks that the Court grant summary judgment in its favor and find that (1) claims 1, 2, and 3 of the '682 patent are not infringed; and (2) claims 7 and 8 of the '690 patent are not infringed by ▇▇▇.

Dated: September 11, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

**Attorneys for Defendant
Charter Communications, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served September 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long

13