IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> *Defendant*. | Case No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S OPPOSITION TO DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES**

# **TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................................. 1

II.  RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ............ 1

III. RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUF") ........... 2

IV. LEGAL STANDARD............................................................................................................ 4

V.  ARGUMENT ......................................................................................................................... 4

VI. CONCLUSION ...................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  466 U.S. 242 (1986) ............................................................................................................4

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
  559 F.3d 1308 (Fed. Cir. 2009) ........................................................................................4, 7

*Duffy v. Leading Edge Prod., Inc.*,
  44 F.3d 308 (5th Cir. 1995) ................................................................................................4

*Hanson v. Alpine Valley Ski Area, Inc.*,
  718 F.3d 1075 (Fed. Cir. 1983) ..........................................................................................4

*Hantz Software, LLC v. Sage Intacct, Inc.*,
  No. 2022-1390, 2023 WL 2569956 (Fed. Cir. Mar. 20, 2023) ...........................................7

*Mobile Equity Corp. v. Walmart Inc.*,
  No. 2:21-cv-00126, 2022 WL 4587746 (E.D. Tex. Sept. 9, 2022) .................................6, 7

*Ormco Corp. v. Align Tech., Inc.*,
  463 F.3d 1299 (Fed Cir. 2006) ............................................................................................6

*Seacor Holdings, Inc. v. Commonwealth Ins. Co.*,
  635 F.3d 675 (5th Cir. 2011) ..............................................................................................4

**Statutes**

35 U.S.C. § 287(a) .....................................................................................................................4, 7

**Other Authorities**

Fed. R. Civ. P. 56(a) .......................................................................................................................4

## **TABLE OF EXHIBITS**

| Exhibit | Title |
|---|---|
| A | Exhibit D to Plaintiff's Initial Infringement Contentions |
| B | Exhibit D to Plaintiff's First Supplemental Infringement Contentions |
| C | Exhibit E to Plaintiff's Initial Infringement Contentions |
| D | Exhibit E to Plaintiff's First Supplemental Infringement Contentions |
| E | Exhibit E to Plaintiff's Second Supplemental Infringement Contentions |
| F | Opening Expert Report of Dr. Richard A. Kramer Concerning Infringement of U.S. Patent No. 8,223,775 and U.S. Patent No. 9,210,362 ("Kramer Op. Rep.") |
| G | Opening Expert Report of Dr. Shukri Souri, Ph.D Regarding Infringement of U.S. Patent Nos. 8,792,008, 10,135,682, 8,284,690, 9,825,826 ("Souri Op. Rep.") |
| H | Original Complaint filed by Mobile Equity Corp. in *Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126, Dkt. 1 (E.D. Tex. Apr. 7, 2021) |

**I.      INTRODUCTION**

Plaintiff Entropic Communications, LLC ("Entropic") submits this response in opposition to Defendant Charter Communications, Inc.'s ("Charter") Motion for Partial Summary Judgment of No Pre-Suit Damages ("Motion") (Dkt. 172). In its Motion, Charter seeks summary judgment that Entropic is not entitled to recover pre-suit damages for U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), and 9,825,826 (the "'826 Patent") (collectively, the "Marking Patents"). Motion at 1.

Entropic does not contest Charter's Motion as it relates to the '008 and '775 Patents. Entropic is not seeking pre-suit damages for those patents. However, as to the '362 and '826 Patents, Charter's Motion is wrong, both factually and legally. Entropic has never asserted any apparatus claims of the '362 and '826 Patents against Charter, not in its Complaint, in its P.R. 3-1 infringement contentions, or in its expert reports on infringement. Because only method claims are asserted, the marking requirement is inapplicable as well-settled in case law. Therefore, the Court should deny Charter's Motion as it relates to the '362 and '826 Patents.

**II.    RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

To the extent Charter's "Statement of Issues" is not commensurate with the relief requested by the Motion, Entropic opposes all relief requested by the Motion as to the '362 and '826 Patents regardless of whether Charter has identified such relief in its "Statement of Issues." Entropic further responds to Charter's "Statement of Issues" (Motion at 1), respectfully submitting as follows:

Whether partial summary judgment of no pre-suit damages should be denied with respect to the '362 and '826 Patents as Entropic has only ever asserted method claims of these patents throughout the entirety of this suit.

### III.  RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUF")

The Motion includes a "Statement of Undisputed Material Facts" ("SUF") numbered 1 through 14. *See* Motion at 1–4. Entropic responds to Charter's SUF as follows:[1]

1. Entropic agrees that it is the current assignee of the Marking Patents and that it does not produce commercial products.

2. Entropic agrees that MaxLinear is the previous owner and current licensee of the Marking Patents. Entropic also agrees that the Patent Purchase Agreement does not contain a requirement to mark products with the numbers of the Marking Patents.

3. Entropic agrees that MaxLinear sells products commercially and that those products may be integrated into cable modems that are used in Charter's network.

4. Entropic agrees that it did not provide actual notice to Charter of its infringement of the Patents-in-Suit, including the Marking Patents, prior to the filing of this suit. Although Charter asserts in its SUF No. 4 that MaxLinear provided no actual notice, Charter does not cite any documents or testimony to support this assertion. However, for the purposes of this Motion, Entropic does not contest the assertion.

5. Entropic agrees it filed the present suit on April 27, 2022 and asserted in its Complaint that Charter infringes the six patents, which included the four Marking Patents. *See* Dkt. 1.

6. Entropic agrees that Charter sent a letter dated June 27, 2023 in which Charter identified the products listed in Charter's SUF No. 6 as products "Charter reasonably believes to be unmarked." Dkt. 172-6.

---

[1] The numbering of Entropic's responses to Charter's SUF tracks the numbering of the SUF in the Motion.

7.	Entropic agrees that it responded with a letter dated June 30, 2023 in which it sought clarification as to why Charter believed the marking requirement applied to the '362 and '826 Patents because Entropic only asserted method claims of the '362 and '826 Patents. Dkt. 172-7.

8.	Entropic agrees that Charter identified the additional products listed in Charter's SUF No. 8 as products that it believed to be unmarked.

9.	Entropic agrees that Dr. Almeroth provided the opinions cited in Charter's SUF No. 9. Entropic also agrees that Charter's Motion contains an accurate reproduction of the cited testimony of Messrs. Henricks and Dani and Dr. Kramer. However, the cited testimony is not relevant to the '362 and '826 Patents as Entropic never asserted any apparatus claims of these patents.

10.	Entropic agrees as it relates to the '008 and '775 Patents. However, as to the '362 and '826 Patents, Entropic was not required to produce any evidence or opinions relevant to the marking requirement because the marking requirement was never triggered for these patents.

11.	Entropic agrees that Charter has identified asserted apparatus claims for the '008 and '775 Patent.

12.	Entropic disagrees that this is an undisputed fact. In Entropic's original Complaint, it specifically asserted only method claims for the '362 and '826 Patents. Dkt. 1 at ¶¶ 70 (specifically identifying method claim 11 of the '362 Patent), 80 (specifically identifying method claim 1 of the '826 Patent). Entropic has consistently only asserted method claims throughout the entirety of this case. *See* Dkt. 12 at ¶¶ 89–96, 106–113; *also* Dkt. 53 at ¶¶ 90–97, 107-14.

13.	Entropic does not contest this SUF as to the '008 and '775 Patents. However, Charter's SUF No. 13 is irrelevant to the issue before the Court with respect to the '362 and '826 Patents as Entropic never asserted any apparatus claims for these patents.

3

      14.    Entropic does not contest this SUF as to the '008 and '775 Patents. However, Charter's SUF No. 14 is irrelevant to the issue before the Court with respect to the '362 and '826 Patents as Entropic never asserted any apparatus claims for these patents.

## IV. LEGAL STANDARD

Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 466 U.S. 242, 248 (1986). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prod., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citing *Liberty Lobby*, 477 U.S. at 247). All evidence is viewed in the light most favorable to the party resisting the motion. *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011). The standard for summary judgment is two-fold: (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law.

## V. ARGUMENT

The law is settled that where only method claims of a patent are asserted, the marking requirement of § 287(a) is not triggered. *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316–17 (Fed. Cir. 2009). In *Crown Packaging*, the Federal Circuit held that it was "bound by the rule of *Hanson* [*v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983)]" and therefore the marking requirement of "35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims." *Crown Packaging*, 559 F.3d at 1316.

Entropic has never asserted apparatus claims of the '362 and '826 Patents. Starting with

the original Complaint and amendments thereto (collectively, "Complaints"), Entropic specifically pled and charted infringement of method claims:

- For the '362 Patent: "As set forth in the attached non-limiting *claim chart (Exhibit J)*, Charter has directly infringed and is infringing *at least [method] Claim 11 of the '362 Patent* by using, selling, and/or offering for sale the Accused Services." Dkt. 1 at ¶ 70 (emphasis added).

- For the '826 Patent: "As set forth in the attached non-limiting *claim chart (Exhibit K)*, Charter has directly infringed and is infringing *at least [method] Claim 1 of the '826 Patent* by using, selling, and/or offering for sale the Accused Services." Dkt. 1 at ¶ 80 (emphasis added).

Throughout all Amended Complaints, Entropic has asserted only method claims for the '362 and '826 Patents. *See* Dkt. 12 at ¶¶ 89–96, 106–113; *also* Dkt. 53 at ¶¶ 90–97, 107–114.

Moving to Entropic's P.R. 3-1 infringement contentions, Entropic has consistently only asserted method claims:

- For the '362 Patent: claims 11 and 12 asserted, which are both method claims. (Ex. A[2] (Ex. D to Pl. Initial Inf. Cont.); Ex. B (Ex. D to Pl. 1st Supp. Inf. Cont.)).

- For the '826 Patent: claims 1-4 and 6-9 asserted, which are all method claims. (Ex. C (Ex. E to Pl. Initial Inf. Cont.); Ex. D (Ex. E to Pl. 1st Supp. Inf. Cont.); Ex. E (Ex. E to Pl. 2nd Supp. Inf. Cont.)).

Finally, Entropic's experts have opined that Charter infringed various claims of the '362 and '826 Patents, every one of which are method claims. *See* Ex. F (Kramer Op. Rep.) at ¶¶ 254–325 (opining on infringement of method claims 11 and 12 of the '362 Patent); Ex. G (Souri Op. Rep.) at ¶¶ 225–308 (opining on infringement of method claims 1 and 6-9 of the '826 Patent). Given this consistent and deliberate assertion of method claims, Charter is wrong that Entropic asserted *any* apparatus claim of the '362 and '826 Patents. *See* Motion at 7.

Against a clear record that only method claims have ever been asserted, Charter argues that by "alleging direct infringement through Charter's 'importing, selling, and/or offering for sale,'"

---

[2] The exhibits cited herein are attached to the declaration of James Shimota submitted herewith.

5

Entropic asserted the apparatus claims of the '362 and '826 Patents. Motion at 7 (citing *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed Cir. 2006)). However, *Ormco* is wholly irrelevant to the issue before the Court as it merely confirms the basic rule that method claims can only be infringed through use. *See Ormco*, 463 F.3d at 1311 ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use.").

The relevant case law is not cited by Charter because it confirms Charter is wrong. This Court addressed an analogous situation in *Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126, 2022 WL 4587746 (E.D. Tex. Sept. 9, 2022). In *Mobile Equity*, the Court was confronted with the issue of whether the marking requirement was triggered even though the plaintiff only asserted method claims. *Id.* at *2. In its complaint, the plaintiff alleged that the accused product "is covered by at least [method] claim 1" and that the defendant infringed the asserted patents by "making, using, selling, and/or offering to sell" the accused product. Ex. H (Mobile Equity Complaint) at ¶¶ 77–78, 107–108. Although the specific issue before the Court related to the defendant's counterclaim seeking a declaration of invalidity, the Court ultimately found that the plaintiff never asserted apparatus claims even after specifically considering how the plaintiff alleged direct infringement in its complaint. *Mobile Equity*, 2022 WL 4587746, *1, 3 (citing to the plaintiff's complaint in the "Background" and concluding that "there [was] no controversy as to the unasserted claims and that there was no controversy as to these claims ***at any point in the suit.***") (emphasis added); *see also id.* at *4 (finding plaintiff only asserted method claims for the purpose of marking).

The Federal Circuit has similarly held that, when a complaint alleges infringement of specific patent claims, other claims are not asserted by the complaint. For example, in *Hantz*

6

*Software, LLC v. Sage Intacct, Inc.*, the Federal Circuit held that the plaintiff only asserted claims 1 and 31-33, stating: "[a]lthough Hantz's operative complaint alleged that Sage infringed 'one or more claims' of each asserted patent, it also stated that Sage's infringement was 'detailed in Exhibit C' to the complaint—an exhibit that supplied infringement claim charts for only claims 1 and 31–33 of the asserted patents." No. 2022-1390, 2023 WL 2569956, at *1 (Fed. Cir. Mar. 20, 2023) (non-precedential).

Here, Entropic's Complaints specifically alleged infringement solely of the specifically identified and charted claims—method claim 11 of the '362 Patent and method claim 1 of the '826 Patent. *See* Dkt. 1 at ¶¶ 70, 80. No other claims of the '362 and '826 Patents were pled nor charted. *Id.* Charter's allusions to general allegations of "making, using, selling, and/or offering to sell" are not enough to trigger the marking requirement. *See Mobile Equity*, 2022 WL 4587746, *1, 3–4. Nor was marking triggered later. Entropic never added apparatus claims as the case progressed. Only method claims have been asserted in Entropic's P.R. 3-1 initial and supplement infringement contention, and each respective expert report opines there is infringement solely of method claims.

In summary, apparatus claims are not and have never been part of this case for the '362 and '826 Patents. As such, the marking requirement is not triggered, and there is no limitation on pre-suit damages for the '362 and '826 Patents.

VI.   **CONCLUSION**

As Entropic only asserted method claims of the '362 and '826 Patents, the marking requirement of § 287(a) was never triggered. *Crown Packaging*, 559 F.3d at 1316–17. Therefore, the Court should not only deny Charter's Motion as to the '362 and '826 Patents, but the Court should find that Entropic is not precluded from pre-suit damages related to Charter's infringement of the '362 and '826 Patents.

Dated: September 25, 2023

Respectfully submitted,

*/s/ James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on this twenty-fifth day of September, 2023.

*/s/ James A. Shimota*
James A. Shimota

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing the included exhibits under seal has been previously granted by the Court in the Protective Order (Dkt. 36) entered in this case on August 10, 2022.

*/s/ James A. Shimota*
James A. Shimota
