# EXHIBIT E

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ENTROPIC COMMUNICATIONS, LLC,

        Plaintiff,    Case No.

  vs.                 2:22-cv-00125-JRG

CHARTER COMMUNICATIONS, INC.,

        Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

REMOTE VIDEO DEPOSITION OF
RICHARD A. KRAMER

August 24, 2023
10:08 a.m. Central

Stenographically Reported By:
Deanna Amore - CRR, RPR, CSR - 084-003999

Page 2

1  APPEARANCES OF COUNSEL
   (All Participants Appeared Remotely.)
2
   On Behalf of the Plaintiff, ENTROPIC
3  COMMUNICATIONS, LLC:
4      K&L GATES LLP
       CONNOR MEGGS
5      70 West Madison Street
       Suite 3300
6      Chicago, Illinois 60602
       connor.meggs@klgates.com
7
   On Behalf of the Defendant, CHARTER COMMUNICATIONS,
8  INC.:
9      ARNOLD & PORTER
       MARC COHN
10     601 Massachusetts Avenue NW
       Washington, D.C. 20001
11     marc.cohn@arnoldporter.com
12
   ALSO PRESENT:
13     Tim Tupiak, Legal Videographer
       Matthew Laurence, Concierge-Technician
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1          I N D E X
2  WITNESS                    EXAMINATION
3  RICHARD A. KRAMER
4      EXAMINATION BY MR. COHN         6
5      EXAMINATION BY MR. MEGGS      133
6          EXHIBITS
7  Exhibit 1    U.S. Patent 8,223,775      8
8  Exhibit 2    U.S. Patent 9,210,362      8
9  Exhibit 3    Richard Kramer Curriculum   8
10             Vitae
11 Exhibit 4    Materials Considered to    8
12             Expert Report of Dr.
13             Richard Kramer
14 Exhibit 5    Dong - U.S. Patent         8
15             Application 2004/0160945;
16             CHARTER_ENTROPIC00381592-
17             1607
18 Exhibit 6    Brooks - U.S. Patent       9
19             Application 2001/0039600;
20             CHARTER_ENTROPIC00217633-
21             -646
22 Exhibit 7    Zhang - U.S. Patent        9
23             6,704,372
24 Exhibit 8    Favrat U.S. Patent         9
25             7,265,792

Page 4

1          EXHIBITS
2  NUMBER      DESCRIPTION              PAGE
3  Exhibit 9   Li - U.S. Patent          9
4              Application 2007/0098089;
5              CHARTER_ENTROPIC00035923-
6              939
7  Exhibit 10  Dauphinee U.S. Patent     9
8              7.522.901;
9              CHARTER_ENTROPIC00380676-
10             681
11 Exhibit 11  8.11.2023 Expert Rebuttal  9
12             Report of Richard A.
13             Kramer
14 Exhibit 12  Errata to Expert Report   10
15             of Dr. Richard A. Kramer
16 Exhibit 13  Asserted Patents Claim    11
17             Language
18 Exhibit 14  7.12.2023 Deposition      83
19             Transcript of Curtis
20             Ling, Ph.D.
21 Exhibit 15  October 1989 Networking  103
22             Working Group Internet
23             Engineering Task Force;
24             ENTROPIC_CHARTER0018562-
25             677

Page 5

1      THE VIDEOGRAPHER:  Good morning.  We are going
2  on the record.  The time is 10:08 a.m. Central Time
3  on August 24, 2023.
4      Quality of recording depends on quality of
5  camera and Internet connection of participants.
6  What is heard from the witness and seen on the
7  screen is what will be recorded.
8      Audio and video recording will continue to
9  take place unless both parties agree to go off the
10 record.                        10:08:18
11     This is Media Unit No. 1 in the
12 video-recorded deposition of Dr. Richard Kramer,
13 taken in the matter of Entropic Communications, LLC
14 versus Charter Communications, Incorporated, filed
15 in the United States District Court for the
16 Eastern District of Texas Marshall Division,
17 Case No. 2:22-cv-00125-JRG.
18     My name is Tim Tupiak.  I'm the
19 videographer.  The court reporter is Deanna Amore.
20 We are both with the firm Veritext Legal Solutions.   10:08:53
21     I am not related to any party in this
22 action, nor am I financially interested in the
23 outcome.
24     If counsel will now state their
25 appearances and affiliations for the record,

|  | Page 86 |
|---|---|
| 1 | in that Q & A that I just read; right? |
| 2 | A. To the extent that Dr. Ling wasn't asked |
| 3 | to consider the Court's claim construction and |
| 4 | consider the claims, he was just simply giving his |
| 5 | opinion related to figures. |
| 6 | Q. You don't disagree with what he said -- |
| 7 | right? -- based on your analysis that the tuners 1 |
| 8 | and 2 in Figure 6 perform similar functions to the |
| 9 | radio front end of the previous figures? |
| 10 | A. I mean, it speaks for itself what it says.   14:15:07 |
| 11 | I really don't have an opinion. |
| 12 | Q. You don't disagree with that answer of |
| 13 | Dr. Ling; right? |
| 14 | MR. MEGGS: Objection. Form. |
| 15 | THE WITNESS: I didn't say that. |
| 16 | BY MR. COHN: |
| 17 | Q. Do you disagree with Dr. Ling when he said |
| 18 | that -- |
| 19 | (Simultaneous speaking.) |
| 20 | THE WITNESS: I don't have an opinion. I mean,   14:15:45 |
| 21 | it speaks for itself. He's entitled to have his |
| 22 | own opinion and describe what he feels is his |
| 23 | opinion. |
| 24 | BY MR. COHN: |
| 25 | Q. In the course of your analysis, did you |

|  | Page 87 |
|---|---|
| 1 | come to an opinion that the tuners 1 and 2 of |
| 2 | Figure 6 perform different functions than the radio |
| 3 | front end of the previous figures? |
| 4 | MR. MEGGS: Objection. Form. |
| 5 | BY MR. COHN: |
| 6 | Q. Do you recall whether you gave that |
| 7 | opinion or not? |
| 8 | A. In my analysis I was rebutting |
| 9 | Dr. Goldberg and Dr. Almeroth's reports. |
| 10 | I disagree with their opinions. I was focused on   14:16:34 |
| 11 | the claims, the evidence they provided. I didn't |
| 12 | go through people's transcripts line by line |
| 13 | forming opinions. I don't have one. |
| 14 | Q. Now, if we could turn in your expert |
| 15 | report to page 41, please. |
| 16 | A. Okay. I'm there. |
| 17 | Q. Now, heading D(1) on page 41 of your |
| 18 | report, you say that "Claim 11 Is Valid in View of |
| 19 | Zhang Either Alone Or in Combination With Favrat." |
| 20 | Do you see that?   14:17:51 |
| 21 | A. What paragraph again, please? |
| 22 | Q. It's the heading just before |
| 23 | paragraph 120. |
| 24 | A. Okay. |
| 25 | Q. And in this section you're responding to |

|  | Page 88 |
|---|---|
| 1 | Dr. Goldberg's analysis of the invalidity of |
| 2 | claim 11 in view of Zhang; right? |
| 3 | A. It appears so, yes. |
| 4 | Q. And in your response you see the |
| 5 | subheading (a) refers to claim element 11a3. And |
| 6 | then you quote the element? |
| 7 | A. Yes. |
| 8 | Q. And that element corresponds to |
| 9 | element 11d in Kramer Exhibit 13 that you brought |
| 10 | this morning; is that right?   14:19:00 |
| 11 | A. I think that's correct, yes. |
| 12 | Q. And after this section on element 11d, |
| 13 | your report then turns to the validity of claim 12; |
| 14 | correct? |
| 15 | A. So after this section, paragraphs 120 |
| 16 | including Subsections 121 through paragraphs 120 -- |
| 17 | forgive me -- paragraph 121 through paragraph 128, |
| 18 | then starting with paragraph 129 is a12. |
| 19 | Q. And in your -- in paragraphs 120 to 128 of |
| 20 | your report, the only claim element that you   14:20:05 |
| 21 | discuss is what's labeled as element 11d on the |
| 22 | chart you brought with you this morning; is that |
| 23 | right? |
| 24 | A. So the heading over paragraph 121 appears |
| 25 | to correspond to what I have marked on my note |

|  | Page 89 |
|---|---|
| 1 | sheet here as 11d, correct. |
| 2 | Q. And you don't discuss any of the other |
| 3 | elements of claim 11 besides 11d in paragraphs |
| 4 | 120 to 128; correct? |
| 5 | A. I'm going by the headings. (a) is what is |
| 6 | marked as 11a3, and then it goes into claim 12. |
| 7 | That appears to be correct. |
| 8 | Q. Let's go back to Figure 2, please. |
| 9 | A. Of the '362 patent? |
| 10 | Q. Yes. Of the '362 patent.   14:23:17 |
| 11 | A. Okay. I'm there. |
| 12 | Q. Do you see, at the right side of Figure 2, |
| 13 | it says "serial or parallel data interface to |
| 14 | demodulator"? |
| 15 | A. So it says "serial or parallel data |
| 16 | interface to demodulator." Yes. I see that. |
| 17 | Q. Okay. And there were commonly known |
| 18 | methods for serial or parallel data interfaces at |
| 19 | the time of the '362 patent; right? |
| 20 | A. I was asked to analyze the '362 patent in   14:24:24 |
| 21 | the context of the claim terms. If we want to talk |
| 22 | about hypotheticals, was there a parallel and |
| 23 | serial interfaces, yes, there was. |
| 24 | Claim 12 is not a hypothetical. It is |
| 25 | just not serial. So the serial interface -- I just |

23 (Pages 86 - 89)

Page 142

1  subscriber would be again the same. So there
2  wouldn't be any undesired channels, and it's being
3  selected from undesired.
4  BY MR. MEGGS:
5  Q. And then what happens when n is greater
6  than m?
7  MR. COHN: Same objections.
8  THE WITNESS: So n could be any number, and so
9  then it would be some sort of a selection of n is
10 greater than m.                                    16:42:26
11 MR. MEGGS: No further questions.
12 MR. COHN: Okay. I don't have any questions.
13 I object to that entire redirect as outside of
14 scope of his report and outside of scope of my
15 questioning, but I don't have any questions.
16 MR. MEGGS: Your objection is noted, sir, but
17 I obviously disagree.
18 THE VIDEOGRAPHER: Are we ready to go off the
19 record?
20 MR. COHN: We sure are.                            16:42:50
21 THE VIDEOGRAPHER: We are going off the record.
22 The time is 4:42 p.m. This concludes today's
23 testimony by Rich Kramer. The total number of
24 media unit used was six and will be retained by
25 Veritext Legal Solutions. Thank you.

Page 143

1        C E R T I F I C A T E
2
3     I, DEANNA AMORE, a Shorthand Reporter and
4  notary public, within and for the State of
5  Illinois, County of DuPage, do hereby certify:
6     That RICHARD A. KRAMER, the witness whose
7  examination is hereinbefore set forth, was first
8  duly sworn by me and that this transcript of said
9  testimony is a true record of the testimony given
10 by said witness.
11    I further certify that I am not related to
12 any of the parties to this action by blood or
13 marriage, and that I am in no way interested in the
14 outcome of this matter.
15
16    IN WITNESS WHEREOF, I have hereunto set my
17 hand this 28th day of August 2023.
18
19
20 _____
21    Deanna M. Amore, CRR, RPR, CSR
22
23
24
25

Page 144

1  CONNOR MEGGS
2  connor.meggs@klgates.com
3        August 28, 2023
4  Entropic Communications v Charter Communications, Inc., Et Al
5    8/24/2023, Richard Kramer (#6067726)
6    The above-referenced transcript is available for
7  review.
8    Within the applicable timeframe, the witness should
9  read the testimony to verify its accuracy. If there are
10 any changes, the witness should note those with the
11 reason, on the attached Errata Sheet.
12   The witness should sign the Acknowledgment of
13 Deponent and Errata and return to the deposing attorney.
14 Copies should be sent to all counsel, and to Veritext at
15 cs-ny@veritext.com.
16
17  Return completed errata within 30 days from
18 receipt of testimony.
19  If the witness fails to do so within the time
20 allotted, the transcript may be used as if signed.
21
22       Yours,
23       Veritext Legal Solutions
24
25

Page 145

1  Entropic Communications v Charter Communications, Inc., Et Al
2  Richard Kramer (#6067726)
3        E R R A T A   S H E E T
4  PAGE_____ LINE_____ CHANGE_____
5  _____
6  REASON_____
7  PAGE_____ LINE_____ CHANGE_____
8  _____
9  REASON_____
10 PAGE_____ LINE_____ CHANGE_____
11 _____
12 REASON_____
13 PAGE_____ LINE_____ CHANGE_____
14 _____
15 REASON_____
16 PAGE_____ LINE_____ CHANGE_____
17 _____
18 REASON_____
19 PAGE_____ LINE_____ CHANGE_____
20 _____
21 REASON_____
22
23 _____   _____
24 Richard Kramer                Date
25