# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S BRIEF IN OPPOSITION TO ENTROPIC'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT DEVICES WITH MAXLINEAR CHIPS ARE NOT NON-INFRINGING ALTERNATIVES <u>AFFECTING THE REASONABLE ROYALTY RATE</u>**

## **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................... 1

II. RESPONSE TO ENTROPIC'S STATEMENT OF THE ISSUE .......................................... 1

III. RESPONSE TO ENTROPIC'S STATEMENT OF UNDISPUTED FACTS....................... 1

IV. ADDITIONAL FACTS THAT WARRANT DENIAL OF ENTROPIC'S MOTION ......................................................................................................................... 2

V. LEGAL STANDARD............................................................................................................ 3

VI. ARGUMENT.......................................................................................................................... 4

    A. There Is A Genuine Dispute Of Material Fact Whether Devices ▮▮▮▮▮▮▮▮▮▮ Were Non-infringing Alternatives For The '775 Patent ........................................................................................................ 4

    B. A Fact Issue Exists As To Whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Are Non-Infringing Alternatives........................................................................................... 5

    C. Entropic's Motion Directed To the '682 Patent Is Moot ....................................... 10

VII. CONCLUSION..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  No. 11-CV-1846-LHK, 2016 WL 524904 (N.D. Cal. Feb. 10, 2016) ......................................... 4

*Aptargroup, Inc. v. Summit Packaging Sys., Inc.*,
  No. 94-C-2304, 1996 WL 114781 (N.D. Ill. Mar. 14, 1996) ..................................................... 7

*Aqua Shield v. Inter Pool Cover Team*,
  774 F.3d 766 (Fed. Cir. 2014) .................................................................................................. 5

*AstraZeneca AB v. Apotex Corp.*,
  782 F.3d 1324 (Fed. Cir. 2015) ................................................................................................ 4

*Broadcom Corp. v. Emulex Corp.*,
  No. CV-10-3963-JVS-ANX, 2011 WL 13133846 (C.D. Cal. Aug. 2, 2011) ............................ 7

*Datascope Corp. v. SMEC, Inc.*,
  879 F.2d 820 (Fed. Cir. 1989) .............................................................................................. n.2

*Grain Processing Corp. v. Am. Maize-Prod. Co.*,
  185 F.3d 1341 (Fed. Cir. 1999) ............................................................................................ 3, 4

*Impression Prod., Inc. v. Lexmark Int'l, Inc.*,
  581 U.S. 360 (2017) ............................................................................................................. 6, 8

*ION, Inc. v. Sercel, Inc.*,
  No. 5:06-CV-236-DF, 2010 WL 3913596 (E.D. Tex. Sept. 16, 2010) ................................. 3, 8

*Micro Chem., Inc. v. Lextron, Inc.*,
  318 F.3d 1119 (Fed. Cir. 2003) ................................................................................................ 4

*Nichia Corp. v. Feit Elec. Co., Inc.*,
  CV-20-359-GW-EX, 2022 WL 17222250 (C.D. Cal. Oct. 12, 2022) ...................................... 5

*Pall Corp. v. Micron Separations, Inc.*,
  66 F.3d 1211 (Fed. Cir. 1995) ........................................................................................ 4, 7, 8

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*
  875 F.3d 1369, 1381 (Fed. Cir. 2017) ................................................................................. n.3

*Salazar v. HTC Corp.*,
  No. 2:16-CV-1096-JRG-RSP, 2018 WL 2033709 (E.D. Tex. Mar. 28, 2018) .................... n.3

*Sinclair Ref. Co. v. Jenkins Petroleum Process Co.*,

    289 U.S. 689 (1933) ............................................................................................................. 5

*SmithKline Diagnostics, Inc. v. Helena Lab'ys. Corp.*
    926 F.2d 1161 (Fed. Cir. 1991) ......................................................................................... 7

*SSL Servs., LLC v. Citrix Sys., Inc.*,
    No. 2:08-CV-158-JRG, 2012 WL 1995514 (E.D. Tex. June 4, 2012) ....................................... 5

*Traxcell Techs., LLC v. Huawei Techs. USA Inc.*,
    No. 2:17-CV-42-RWS-RSP, 2019 WL 6002202 (E.D. Tex. May 1, 2019) ........................... 3, 5

*Tubular Rollers, LLC v. Maximus Oilfield Prod., LLC*,
    No. 4:19-CV-3113, 2021 WL 5987092 (S.D. Tex. Dec. 16, 2021) ........................................... 3

## TABLE OF EXHIBITS[1]

| Exhibit | Description |
|---|---|
| A | Opening Expert Report of Dr. Kevin Almeroth Regarding Licenses and Non-Infringing Alternatives, served on July 21, 2023. Dkt. 179-2. |
| B | Rebuttal Expert Report of W. Christopher Bakewell Regarding Damages, served on August 11, 2023. Dkt. 179-3. |
| C | Excerpts of the deposition transcript of ▉, dated August 11, 2023. Dkt. 179-4. |
| D | Excerpts of the deposition transcript of ▉, dated September 6, 2023. Dkt. 179-5. |
| E | Excerpts of the deposition transcript of ▉ dated May 25, 2023. Dkt. 179-6. |
| F | Excerpts of the deposition transcript of ▉, dated May 11, 2023. Dkt. 179-7. |
| G | Excerpts of the deposition transcript of ▉ dated May 25, 2023. |
| H | PDF of Exhibit 2, an excel spreadsheet, from the May 25, 2023 deposition of Jason Henricks |
| I | Excerpts of the deposition transcript of ▉ dated July 20, 2023. |
| J | CHARTER_ENTROPIC00047278 |
| K | CHARTER_ENTROPIC00382132 |
| L | CHARTER_ENTROPIC00382808 |
| M | CHARTER_ENTROPIC00383619 |
| N | CHARTER_ENTROPIC00383989 |

---

[1] Exhibits A–F were filed with Entropic's motion for partial summary judgment that devices with MaxLinear chips are not non-infringing alternatives affecting the reasonable royalty rate (Dkt. 179).

Charter respectfully submits this Opposition to Entropic's motion for partial summary judgment that devices with ▮▮▮▮▮▮▮▮ are not non-infringing alternatives affecting the reasonable royalty rate ("Motion" or "Mot.").

I. INTRODUCTION

As set forth in Charter's Opposition to Entropic's Motion to Strike Opinions of Christopher Bakewell, submitted contemporaneously with this Opposition, Entropic's motions demonstrate a misunderstanding of the opinions Charter's experts intend to offer regarding ▮▮▮▮▮▮▮▮ Bakewell's rebuttal opinions, including his discussion of ▮▮▮▮▮▮▮▮, criticize the analysis of Entropic's damages expert, Stephen Dell, because Dell failed to consider the presence of non-infringing alternatives. Entropic has failed to show absence of a material fact in dispute concerning Dell's failure to consider the availability of ▮▮▮▮▮▮▮▮ as a non-infringing option.

II. RESPONSE TO ENTROPIC'S STATEMENT OF THE ISSUE

Disputed. Charter disputes that its experts' opinions and other facts regarding ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are proffered for the purpose of affecting the reasonable royalty rate. Charter's damages expert, Christopher Bakewell, does not rely on the presence of non-infringing alternatives in quantifying his adjustments and/or corrections to the royalty amounts proffered by Entropic's damages expert, Stephen Dell.

III. RESPONSE TO ENTROPIC'S STATEMENT OF UNDISPUTED FACTS

1. Undisputed.

2. Disputed, incomplete. Dr. Almeroth's opinion with respect to non-infringing alternatives for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

3. Disputed, incomplete. Entropic omits relevant portions of the excerpts it quotes from Dr. Almeroth's report. In summarizing the reasons for his opinions, Dr. Almeroth explains:

1

2

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

    4-8.    Undisputed.

**IV.  ADDITIONAL FACTS THAT WARRANT DENIAL OF ENTROPIC'S MOTION**

    9.    ████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████

    10.    ███████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████

    11.    ███████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████

    12.    ███████████████████████████████████████
████████████████████████████



13.

14.

15.

## V. LEGAL STANDARD

The Federal Circuit has explained that whether a non-infringing alternative is "in fact 'available'" and whether "consumers would consider [it] an acceptable substitute" are questions of fact. *Grain Processing Corp. v. Am. Maize-Prod. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999); *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-CV-42-RWS-RSP, 2019 WL 6002202, at *1 (E.D. Tex. May 1, 2019) ("Whether an alternative is commercially acceptable is a highly factual inquiry. In this case, the jury should determine this issue."); *ION, Inc. v. Sercel, Inc.*, No. 5:06-CV-236-DF, 2010 WL 3913596, at *9 (E.D. Tex. Sept. 16, 2010) ("[W]hether an acceptable non-infringing substitute exists for [an] accused device is a question of fact and within the province of the jury."); *Tubular Rollers, LLC v. Maximus Oilfield Prod., LLC*, No. 4:19-CV-3113, 2021 WL 5987092, at *3–4 (S.D. Tex. Dec. 16, 2021) (product availability is a fact issue).

## VI. ARGUMENT

### A. There Is A Genuine Dispute Of Material Fact Whether Devices With ▬▬▬▬▬ Were Non-infringing Alternatives For The '775 Patent

Entropic's first argument is that, at the time of the hypothetical negotiation for the '775 Patent, devices incorporating ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Mot. at 8–9. However, contrary to Entropic's suggestion, the Federal Circuit has not held as a matter of law that "[a]n alternative product offered by a third-party cannot be a non-infringing alternative if it only later became licensed or adjudged as non-infringing." (*Id.* at 8 (citing *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1340 (Fed. Cir. 2015)). As one court found, "*Astrazeneca* cannot be read more broadly than affirming the district court's factual finding that a non-infringing alternative was unavailable on the facts in that case." *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-1846-LHK, 2016 WL 524904, at *8 (N.D. Cal. Feb. 10, 2016).[2] In *Grain Processing*, the Federal Circuit explained that "[t]he critical time period for determining availability of an alternative is the period of infringement for which the patent owner claims damages, *i.e.*, the 'accounting period.'" *Grain Processing*, 185 F.3d at 1353; *see also Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003) ("In *Grain Processing*, this court reaffirmed its earlier precedent stating that a technology not on the market at the time of

---

[2] Entropic's reliance on *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211 (Fed. Cir. 1995) is distinguishable. In that case, the third-party product was accused of infringement prior to settlement. In remanding for a recalculation of damages, this fact underpinned the *Pall Corp.* Court's analysis. *Id.* at 1222-23 ("The voluntary settlement of litigation does not retrospectively transform an ***accused infringing*** product into a 'noninfringing substitute.'"); *see also Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 824–25 (Fed. Cir. 1989) (The finding that there was an acceptable noninfringing alternative cannot be supported by the ongoing litigation between the Patentee and a third party).

4

infringement can, in certain circumstances, constitute an available, noninfringing alternative."). The consideration of available non-infringing alternatives through the damages period is also consistent with the well-established "book of wisdom" principle, which provides that reasonable royalty damages can be informed by post-negotiation information. *See Sinclair Ref. Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 698 (1933); *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 772 (Fed. Cir. 2014). There is no dispute that the ▓▓▓▓▓ were sold during the damages period claimed by Entropic, and Bakewell correctly used the Book of Wisdom to consider facts and events occurring during that period in rebuttal to Dell's royalty opinion. *See SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 1995514, at *3 (E.D. Tex. June 4, 2012) (denying motion to strike damages expert's opinions on NIAs "on the market during the period of infringement"). Accordingly, there is a disputed question of fact regarding whether these cable modems and set-top boxes incorporating MaxLinear chips should in fact be considered "available." *See, e.g., Traxcell Techs.*, 2019 WL 6002202, at *1 ("Whether an alternative is commercially acceptable is a highly factual inquiry. In this case, the jury should determine this issue."); *Nichia Corp. v. Feit Elec. Co., Inc.*, CV-20-359-GW-EX, 2022 WL 17222250, at *24 (C.D. Cal. Oct. 12, 2022) ("[W]hether a proposed alternative 'was in fact available' to the accused infringer during the relevant period of infringement, and whether 'consumers would consider it an acceptable substitute' are questions of fact."). Accordingly, Entropic's motion for summary judgment as to this issue should be denied.

    **B.**    **A Fact Issue Exists As To Whethe▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Are Non-Infringing Alternatives**

Even if a fact issue did not exist for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Mot. at 9. Thereafter, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓-

5

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████

Entropic's argument that, █████████████████████████████████

████████████████████████████████████████ is unsupported by the law and facts of this case. Entropic relies largely on attorney argument and hypotheticals for this assertion, stating that it "████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████ This is perhaps because Entropic has relegated key distinguishing information to a footnote. *Id.* at 12 n.4. That is, █████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████. r. *See Impression Prod., Inc. v. Lexmark Int'l, Inc.*, 581 U.S. 360, 374–75, 377 (2017) (faulting the Federal Circuit's "misstep in [its] logic," and clarifying that "[a]s a result [of Patent Exhaustion], the sale [of a patented item] transfers the right to use, sell, or import [that item]." … "Once a patentee decides to sell—whether on its own or through a licensee—that sale exhausts its patent rights, regardless of any post-sale restrictions the patentee purports to impose, either directly or through a license."). The Federal Circuit, in remanding for recalculation of damages, has explained that such third-party

products, whether by non-infringing because of a settlement or some other means, become non-infringing alternatives. *See Pall Corp.*, 66 F.3d at 1222–23 (explaining that "after Pall settled with [the third-party,] the district court correctly held that [it]s presence in the marketplace could not be ignored," and that its products became non-infringing substitutes.). As one district court found, "[d]evices produced by a third party licensee of the patentee . . . are considered to be acceptable non-infringing substitutes." *Aptargroup, Inc. v. Summit Packaging Sys., Inc.*, No. 94-C-2304, 1996 WL 114781, at *5 (N.D. Ill. Mar. 14, 1996) (citing *Pall Corp.*, 66 F.2d at 1222), *aff'd,* 178 F.3d 1306 (Fed. Cir. 1998); *see also Broadcom Corp. v. Emulex Corp.*, No. CV-10-3963-JVS-ANX, 2011 WL 13133846, at *3 (C.D. Cal. Aug. 2, 2011) (finding a factual issue existed on lost profits where accused infringer argued, among other things, that it "could have purchased non-infringing current steering circuitry from a Broadcom-licensed supplier[.]").

To support its position, Entropic relies on *SmithKline Diagnostics, Inc. v. Helena Lab'ys. Corp.* for the proposition that "by definition, noninfringing products do not represent an embodiment of the invention." Mot. at 10–11 (quoting 926 F.2d 1161, 1166 (Fed. Cir. 1991)). Entropic takes this quote out of context, ignoring that it was made to rebut the *plaintiff's* position that, "the noninfringing products [at issue] lacked one or more features of the patented invention and, therefore, would not be deemed part of the market." *SmithKline,* 926 F.2d at 1166. Thus, the *SmithKline* court disapproved of the patentee's position as **too restrictive**, leading to its dicta that non-infringing alternatives are often missing features of the invention. This does not in any way detract from the Federal Circuit's subsequent holding in *Pall Corp.* that previously infringing products which ***did*** embody the invention can be transformed into non-infringing alternatives by a

7

license or settlement. *See Pall Corp.*, 66 F.3d at 1222–23.[3]

Finally, even applying Entropic's reasoning, its logic is flawed. Not only is there no evidence that, as Entropic claims, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," (Mot. at 12, n.4), this position is contrary to law. *Impression Prod.*, 581 U.S. at 377 ("Once a patentee decides to sell—whether on its own or through a licensee—that sale exhausts its patent rights, regardless of any post-sale restrictions the patentee purports to impose, either directly or through a license."). Thus, once ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[4] At a minimum, whether the third-party products are non-infringing alternatives is a genuine dispute of material fact not resolvable on summary judgment. *See ION*,

---

[3] Entropic also cites *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.* for the proposition that "[t]he correct inquiry under *Panduit* is whether a non-infringing alternative would be acceptable *compared to* the patent owner's product." 875 F.3d 1369, 1381 (Fed. Cir. 2017). But *Presidio* is irrelevant when Entropic's *factual* error is corrected—namely, a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Indeed, it is not even clear that *Panduit* applies in the reasonable royalty context. *See Salazar v. HTC Corp.*, No. 2:16-CV-1096-JRG-RSP, 2018 WL 2033709, at *3 (E.D. Tex. Mar. 28, 2018) (explaining that, in the reasonable royalty context, "courts consider the *next-best* available alternative, which is not necessarily an "acceptable" alternative that precludes recovery of lost profits under *Panduit*.").

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

*Inc.*, 2010 WL 3913596, at *9 ("[W]hether an acceptable non-infringing substitute exists for [an] accused device is a question of fact and within the province of the jury."); *accord Tubular Rollers*, 2021 WL 5987092, at *3–4 (finding that whether an alternative product was available raised a question of fact).

Entropic's final argument is that, if this Court were to strike Dr. Almeroth's and Mr. Bakewell's opinions on non-infringing alternatives (*e.g.*, based on its concurrently-filed motions), then it should grant summary judgment for Entropic on this issue. Mot. at 13–14. As set forth in the opposition briefs filed by Charter contemporaneously with this opposition, there is no basis to exclude either expert's opinions regarding the ▮▮▮▮▮. Regardless, the record is replete with additional evidence as to whether non-infringing alternatives exist that would preclude summary judgment. For example, there is undisputed evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. A reasonable jury can look at the purchase agreements, documents, and witness testimony in this case and conclude that ▮▮▮▮▮▮▮▮▮ were on the market and available to Charter.

Ultimately, whether a non-infringing alternative is "in fact 'available'" and whether "consumers would consider [it] an acceptable substitute" are questions of fact. *Grain Processing Corp.*, 185 F.3d at 1353. In this case, these questions are subject to a genuine dispute. And, with or without the benefit of expert testimony, such a dispute regarding "whether an acceptable non-infringing substitute exists for [an] accused device is a question of fact and within the province of the jury." *See ION, Inc.*, 2010 WL 3913596, at *9. Thus, because there is ample documentary

evidence and witness testimony from which a jury could conclude that there are available non-infringing alternatives, summary judgment should be denied.

### C.  Entropic's Motion Directed To the '682 Patent Is Moot

Entropic admits it no longer accuses any ▓▓▓▓▓▓▓ of infringing the '682 patent. *See* Mot. at 10. Because no ▓▓▓▓▓▓▓ are accused of infringing the '682 patent, ▓▓▓▓▓▓▓ need not enter into the non-infringing alternative analysis for the '682 patent hypothetical negotiation. Thus, the Court should deny this portion of Entropic's motion as moot.

### VII.  CONCLUSION

Charter respectfully requests that the Court deny Entropic's motion for summary judgment.

| | |
|---|---|
| Dated: September 25, 2023 | Respectfully submitted, |

*/s/Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

11

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served September 25, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long

12