# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

**CHARTER'S BRIEF IN OPPOSITION TO ENTROPIC'S MOTION FOR SUMMARY JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..................................................................................................... 1

II.     RESPONSE TO ENTROPIC'S STATEMENT OF THE ISSUE ............................. 1

III.    RESPONSE TO ENTROPIC'S STATEMENT OF UNDISPUTED FACTS
        ("RESP. SUF") ........................................................................................................ 1

IV.     ADDITIONAL FACTS THAT WARRANT DENIAL OF ENTROPIC'S MOTION
        ("ADD. SOF") ......................................................................................................... 4

V.      ARGUMENT ........................................................................................................... 6

        A.    Whether Charter Has A License Is A Question Of New York Contract Law, Not
              Federal Patent Law As Entropic Urges ......................................................... 6

        B.    Both Parties' Experts Provide Ample Evidence For A Jury To Conclude That
              the '690, '008, '826 and '682 Patents Are "Essential for Compliance" ...................... 10

              1.    '690 ...................................................................................................... 10

              2.    '008 / '826 ............................................................................................. 12

              3.    '682 ...................................................................................................... 13

        C.    Entropic's Reliance On Some ███████████████ In Its Infringement
              Contentions Does Not Undermine The Essentiality Of The Asserted Patents ............. 15

VI.     CONCLUSION ......................................................................................................... 15

US 174553318v13

# TABLE OF AUTHORITIES

**Cases**

*Amaranth LLC v. J.P. Morgan Chase & Co.*,
    888 N.Y.S.2d 489 (N.Y. App. Div. 2009) ............................................................ 9

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
    598 F.3d 1336 (Fed. Cir. 2010) (en banc) ......................................................... 9

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
    967 F.3d 1380 (Fed. Cir. 2020) ......................................................................... 7

*Greenfield v. Philles Records, Inc.*,
    780 N.E.2d 166 (N.Y. 2002) ............................................................................. 8

*Huawei Techs., Co. v. Samsung Elecs. Co.*,
    340 F. Supp. 3d 934 (N.D. Cal. 2018) ............................................................. 8

*INVT SPE LLC v. Int'l Trade Comm'n*,
    46 F.4th 1361 (Fed. Cir. 2022) ......................................................................... 7

*LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*,
    424 F.3d 195 (2d Cir. 2005) ............................................................................. 9

*Microsoft Corp. v. Motorola, Inc.*,
    No. C10-1823JLR, 2013 WL 2111217 (W.D. Wash. Apr. 25, 2013) ................ 8

*Mohawk Valley Water Auth. v. State*,
    74 N.Y.S.3d 430 (N.Y. App. Div. 2018) ......................................................... 8

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
    No. 2:17-CV-123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) ............ 7

*Stormer v. Cnty. of Oneida*,
    886 N.Y.S.2d 298 (N.Y. App. Div. 2009) ....................................................... 7

US 174553318v13

**TABLE OF EXHIBITS**[1]

| Exhibit | Description |
|---------|-------------|
| A | ██████████████████████████████████████). Dkt. 177-2. |
| B | Excerpts of the deposition transcript of ████████████, dated August 11, 2023. Dkt. 177-3. |
| C | Excerpts of the deposition transcript of Dr. Kevin Almeroth, dated August 23, 2023. Dkt. 177-4. |
| D | Opening Expert Report of Dr. Kevin Almeroth Regarding Licenses and Non-Infringing Alternatives, served on July 21, 2023. Dkt. 177-5. |
| E | Opening Expert Report of David O. Taylor Regarding Charter's Defenses, served on July 21, 2023. |
| F | Rebuttal Expert Report of Dr. Shukri Souri Regarding Licensing And Non-Infringing Alternatives, served on August 11, 2023. |
| G | Excerpts of the deposition transcript of ████████████, dated August 11, 2023. Dkt. 177-3. |
| H | Opening Expert Report of Dr. Shukri Souri Regarding Infringement of the '008, '682, '690, and '826 Patents, served on July 21, 2023. |
| I | CHARTER_ENTROPIC00214282 |
| J | CHARTER_ENTROPIC00290917 |
| K | Excerpts of the deposition transcript of ████████████████ dated June 6, 2023. |
| L | Excerpts of the deposition transcript of ████████████████, dated June 27, 2023. |
| M | CHARTER_ENTROPIC00244578 |
| N | CHARTER_ENTROPIC00291564 |
| O | CHARTER_ENTROPIC00476675 |
| P | Excerpts of the deposition transcript of Dr. Kevin Almeroth, dated August 23, 2023. Dkt. 177-4. |
| Q | Excerpts of the Declaration of Dr. Kevin Almeroth Regarding Claim Construction, dated April 4, 2023. |
| R | Opening Expert Report of Dr. Richard A. Kramer Regarding Infringement, dated July 21, 2023. |
| S | United States Patent No. 8,792,008. |
| T | United States Patent No. 9,825,826. |
| U | CHARTER_ENTROPIC00369071 |
| V | Excerpts of the deposition transcript of Dr. Shukri Souri, dated August 18, 2023. |
| W | Rebuttal Expert Report of Dr. Kevin Almeroth Regarding Non-Infringement, dated August 11, 2023. |
| X | Exhibit F from Entropic's 2nd Supplemental Infringement Contentions, dated June 23, 2023. |

---

[1] Exhibits A–D were filed with Entropic's opening motion (Dkt. 177).

US 174553318v13

## I.      INTRODUCTION

Entropic's infringement contentions rely on ███████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████ Entropic's motion for

summary judgment (Dkt. 177, the "Motion" or "Mot.") should, therefore, be denied.

Entropic fails to cite a single case supporting its theory that a license can only be shown if

████████████████████████████████████████████████████████████████

██████████ Nor does it even attempt to offer an interpretation of the contract that would support

its fabricated element-by-element test. ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

## II.     RESPONSE TO ENTROPIC'S STATEMENT OF THE ISSUE

Charter accepts Entropic's statement of the question to be decided.

## III.    RESPONSE TO ENTROPIC'S STATEMENT OF UNDISPUTED FACTS ("RESP. SUF")

1–2.    Undisputed.

---

[2] ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

US 174553318v13

3.      Undisputed, other than that ███████████████████████████████████ ███████████████████ (Dkt. 177-2 at Section 1.2.)

4–5.    Undisputed.

6.      Disputed, argumentative, incomplete. Charter relies on two experts: Kevin Almeroth and David Taylor. (Dkt. 177-5 at ¶¶ 21–74; Ex. E at ¶¶ 112–50.) Their opinions are based in part on the testimony of Charter's employees and other witnesses, who may testify at trial. (*See* Dkt. 177-3 at 157:6–14 ███████████████████████████████ ██████████████████████████████████████████████████████ ███████████████████████████████████████████████.");  (Dkt. 177-5 at ¶¶ 33, 45, 59, 64, 70 (citing witness testimony).)

7.      Disputed, argumentative, incomplete. Almeroth considered Entropic's infringement contentions in determining ███████████████████████████. (Dkt. 177-4 at 21:24–22:2; Dkt. 177-5 at ¶¶ 34 ████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████

8.      Disputed, incomplete. Entropic's expert Shukri Souri states that he is █████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████

9.      Disputed,  incomplete.  ████████████████████████████

█████████████████████████████████

10.      Disputed, argumentative, incomplete. Almeroth's opinions on the ███████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████

11.      Disputed, argumentative, incomplete. Almeroth's opinions on the ████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████

12.      Disputed, argumentative, incomplete. Almeroth's opinions on the ████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

US 174553318v13

██████████████████████████████████████████████████████████████

███████████████████████████████████████.

    13.    Disputed, argumentative, incomplete. Almeroth's opinions on the ███████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████

    14.    Disputed, argumentative, incomplete. Almeroth does not render any opinion on the

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

## IV.  ADDITIONAL FACTS THAT WARRANT DENIAL OF ENTROPIC'S MOTION ("ADD. SOF")

    1.    ████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████

    2.    ████████████████████████████████████████████

████████████████████████████████████████████

    3.    ████████████████████████████████████████████

██████████████████████████████████████████

    4.    ████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████

4

5. ███████████████████████████████████████████
████████████████████████████

6. ███████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
███████████████████████████████ █ ██ ████████████

7. ███████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
███████████████████████████████████████████████

8. ███████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
███████████████████████████████

9. ███████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████

---

[3] Emphasis added.

US 174553318v13

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

10.   ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

11.   ████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

## V.   ARGUMENT

### A.   Whether Charter Has A License Is A Question Of New York Contract Law, Not Federal Patent Law As Entropic Urges

Entropic's motion asserts that, to prove ████████████████████████████████

██████████████████████████████████████████████████████

████████████ Entropic is wrong on the facts and the law. In particular, Entropic confuses the issue

of patent infringement, which requires proof that every claim element is present in an accused

device, █████████████████████████████████████████. The former is a question of

federal patent law, while the latter is a question of contract interpretation under state law.

Every one of Entropic's cited cases relates to proving infringement based on compliance with a standard, not on interpretation of any license agreements. *See INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1377 (Fed. Cir. 2022) ("Infringement can be proven based on an accused product's use of an industry standard if the asserted claim is standard essential."); *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1383 (Fed. Cir. 2020) ("[W]e have endorsed standard compliance as a way of proving infringement."); *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-CV-123-JRG-RSP, 2018 WL 3375192, at *2 (E.D. Tex. July 11, 2018) (denying motion to strike expert opinion because contentions adequately put defendant on notice of infringement theory). Obviously, when a plaintiff points to the defendant's compliance with a technical standard as a proxy for showing that the defendant's products infringe, the plaintiff must show that the standard meets every claim element. ████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████, which has nothing to do with what it takes to prove infringement under the patent laws.

The question presented, therefore, is one of contract interpretation under New York law: ████████████████████████████████████████████████████████████████ ████████████████████████████ ████████████████████████. In New York, "[t]o be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] is the only construction [that] can fairly be placed thereon." *Stormer v. Cnty. of Oneida*, 886 N.Y.S.2d 298, 299 (N.Y. App. Div. 2009) (quotation omitted). Where "ambiguity or equivocation exists and the extrinsic evidence presents a question of credibility or a choice among reasonable inferences, the case should not be resolved by way of summary judgment." *Mohawk*

US 174553318v13

*Valley Water Auth. v. State*, 74 N.Y.S.3d 430, 432 (N.Y. App. Div. 2018) (quotation omitted). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002).

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████ *See Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 WL 2111217, at *1 (W.D. Wash. Apr. 25, 2013) (patents that "must be practiced to accomplish the standard[] are called standard essential patents"). "To determine which patents are actually essential, a qualified technical expert must examine the declared essential patent and compare it to the relevant standard." *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 994 (N.D. Cal. 2018).

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████ However, Charter does not need to go this far to defeat Entropic's Motion. All that must be shown is that Charter's interpretation is, at the very least, reasonable. Because it is, Entropic's Motion must be denied.

Entropic does not cite a single case or point to any language in the ████████████ ███████████████████████████████████████████████████ . In fact, Entropic's ███████████████████████████████████████████████████

US 174553318v13



*See Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1353 (Fed. Cir. 2010) (en banc) ("a written description of the invention" requires disclosure of "all its claimed limitations"). If, as Entropic argues, the same showing is required for the essentiality clause, then it would render the separate disclosure clause meaningless. "[A] court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect." *Amaranth LLC v. J.P. Morgan Chase & Co.*, 888 N.Y.S.2d 489, 493 (N.Y. App. Div. 2009) (quotation omitted); *see also LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) ("In interpreting a contract under New York law, words and phrases . . . should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions.") (quotation omitted).

Accordingly, Entropic's interpretation of the ▮▮▮▮▮▮▮▮ as requiring an element-by-element analysis of each asserted claim is not support by fact or law. And, because this interpretation underlies its entire argument, the Motion should be denied.

---

[4]

**B.      Both Parties' Experts Provide Ample Evidence For A Jury To Conclude That the '690, '008, '826 and '682 Patents Are ███████████████████"**

Genuine disputes of material fact about essentiality preclude summary judgment for

Entropic. ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

**1.      '690**

Almeroth opined that '690 claim 1 was essential to the ██████████████

████████████████████████████████████████████) Entropic argues

this showing is insufficient because claim 1 is no longer asserted and Almeroth did not expressly

address the currently asserted claims, such as dependent claims 7 and 8. (Mot. at 11–12.) Because

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[5] Almeroth's opening report relied on Entropic's contentions, because Entropic had not served its infringement expert reports at the time.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████, and summary

judgment on the '690 license defense should be denied.

Furthermore, even if—████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

11

### 2.   '008 / '826

Each of the asserted claims of the '008 and '826 patents 

_____

US 174553318v13

Entropic further argues that █████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████

Almeroth conducted the analysis required to determine whether the '008 and '826 patents are ████████████████████████████████████." His testimony far exceeds what is necessary to create a genuine issue of fact. ████████████████████████████████ ██████████████████████████████████ cannot, according to Entropic, do so without infringing its '008 and '826 patents. If true, as it asserts, then Entropic's patents are ██████████████████████████████████████.

### 3.      '682

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

---
[7] ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████

Entropic asserts that ██████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

Entropic asserts that Charter's ability ███████████████████████████

██████████████████ defeats Charter's license defense. (Mot. at 10–11.) As it did with the '008

and '826 patents, Entropic misreads the █████████████████████████████████

██████████████████████████████. *See, supra*. It also asserts that Almeroth relied on

technical report, not a specification. (Mot. at 10.) Both assertions are ████████████████████

████████████████████████████████████████████.) At the least, who is right on

this issue presents a genuine dispute of material fact precluding summary judgment.

Thus, Entropic reliance on Charter's use of the ██████████████████ feature to prove

infringement raises genuine disputes of fact between the experts as to whether the '682 patent is

14

licensed by the ███████████ Entropic's Motion as to the '682 license should be denied.

**C.     Entropic's Reliance On ████████████████**
**        ███████ Does Not Undermine The Essentiality Of The Asserted Patents**

Entropic argues that because it relied on some ████████████████████ ████████████████ Charter's license defense is "far-fetched." (Mot. at 13–15.) Again, Entropic conflates the issues of infringement and license. The issue here is whether Entropic's patents are essential to DOCSIS Specifications, ██████████ ████████████. (*Supra,* V.A.) Entropic's table also misleadingly omits its reliance on ██████████, such as Entropic's assertion that ██████████ ████████████████████████████████████████ ████████████████████████████████████ In any event, Entropic's reliance on some ██████████ has absolutely no bearing on whether the its patents are essential for compliance with the DOCSIS Specifications. Essentiality is demonstrated by evidence that the asserted patents are necessary for any cable operator who chooses to comply with the relevant provisions of a DOCSIS Specification.

## VI.   CONCLUSION

Charter respectfully requests that the Court deny Entropic's motion for summary judgment.

US 174553318v13

Dated:  September 25, 2023

Respectfully submitted,

*/s/Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

16

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served September 25, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long



17