**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC | |
| *Plaintiff,* | Civil Action No. 2:22-CV-00125-JRG |
| v. | |
| CHARTER COMMUNICATIONS, INC., | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

**PLAINTIFF ENTROPIC COMMUNICATIONS LLC'S REPLY IN SUPPORT OF ITS
MOTION TO STRIKE OPINIONS OF STEVEN GOLDBERG**

Plaintiff Entropic Communications, LLC ("Entropic") respectfully submits this reply in support of its Motion to Strike Opinions of Steven Goldberg (Dkt. 168 or "Motion").

## I.      Improper Use of Claim Construction Order, Evidence, Arguments

Charter does not contest that Dr. Goldberg improperly relied on the reasoning in the Court's Claim Construction Order (Dkt. 123 or "CC Order") in its Opposition (Dkt. 214 or "Opp"). Charter therefore concedes, as it must, that Dr. Goldberg will not testify about claim construction at trial. *See* Opp. at 1-4. However, Charter confusingly argues that Dr. Goldberg's improper opinions may be used to support "summary judgment motions or other motions involving non-jury issues." Opp. at 2. Dr. Goldberg's report "must contain a complete statement of all opinions the witness ***will express*** and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). Thus, it makes no sense to allow opinions that Charter concedes he will not "express" before the jury. Charter then proceeds to offer a series of unpersuasive arguments to salvage what it can:

Paragraphs 65-67: Contrary to Charter's Opposition (Opp. at 2), the only other evidence cited in these paragraphs is the '775 Patent, and Dr. Goldberg's citation to this intrinsic evidence merely confirms that he is attempting to engage in claim construction. *See* Dkt. 168-2 (Goldberg Op. Rep.) ¶¶ 65-67. Moreover, Charter does not refute that these opinions are Charter's rejected indefiniteness arguments raised at claim construction. Mot. at 2. As all evidence cited in these paragraphs should be excluded, Dr. Goldberg's unsupported opinions will not be helpful to the jury. *See, e.g.*, *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005) (holding where the opinion "is fundamentally unsupported, then it offers no expert assistance to the jury.").

Paragraph 77: This paragraph cites only to the reasoning of the Court's CC Order, not the constructions the Court adopted. Goldberg Op. Rep. ¶ 77. Therefore, it should be excluded entirely.

Paragraphs 434, 534, 542: Charter argues that it may rely on these paragraphs "in briefing to the Court on non-jury issues." Opp. at 3, 4. However, Charter does not and cannot explain what

issues an expert's improper claim construction opinions may be relevant to. As Charter has conceded these opinions are improper for a jury, the Court should strike these paragraphs entirely.

Paragraphs 480-81: Charter tacitly admits that Dr. Goldberg engaged in claim construction by stating "Dr. Goldberg cites the inventor testimony *to support his views* as to what [the] plain meaning is." Opp. at 3 (emphasis added). By Dr. Goldberg providing his own view of the plain and ordinary meaning based on inventor testimony, he is engaging in claim construction. *See Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.,* 540 F.3d 1337, 1347 n.5 (Fed. Cir. 2008) (citing *Phillips v. AWH Corp.,* 415 F.3d 1303, 1318 (Fed. Cir. 2005).

Paragraph 520: Dr. Goldberg relies on evidence presented to the Court for the purposes of claim construction. Goldberg Op. Rep. ¶ 520 (citing Kramer Decl. ¶ 169).

Paragraphs 79-80, 83, 351, 516, 573: For all of these paragraphs, Dr. Goldberg refers to nothing beyond the Court's reasoning in its CC Order or the parties claim construction positions— neither of which can be presented to the jury. To the extent there is anything left in these paragraphs, it is merely an unsupported, conclusory assertion regarding the term's meaning, which is equally improper. *See Guile*, 422 F.3d at 227. These paragraphs should be stricken entirely.

Paragraphs 348, 507, 14: Dr. Goldberg relies heavily on the CC Order with only a single citation to other sources in each paragraph. These additional citations are inextricable intertwined with Dr. Goldberg's improper claim construction opinions and should be excluded entirely.

## II.     Impermissible Use of Hindsight

'362 Patent: Charter offers four arguments, all of which are unpersuasive. Opp. at 5-7. ***One***, Entropic's argument is that Dr. Goldberg leverages the disclosure of the '362 Patent, which is not prior art, to argue that a POSITA would understand the D and C channels disclosed in Zhang to correspond to the types of "desired" and "undesired television channels" that claim 11 requires. Mot. at 6-7. Dr. Goldberg makes this clear in his deposition testimony by comparing Zhang's

disclosure against column 1 of the '362 Patent's specification. *Id.* (citing Ex. B (Dkt. 168-3) Goldberg Tr. at 216:17-217:16). Accordingly, Dr. Goldberg's opinions regarding Zhang's relevance to the '362 Patent are directly informed by the disclosure of the '362 Patent itself, which is the definition of impermissible hindsight analysis. As Dr. Goldberg's opinions are legally deficient, the Court should exclude these opinions.

*Two*, Charter's argument is unpersuasive because Entropic cannot cite to disclosure in Zhang that is not there. Furthermore, as discussed above, Dr. Goldberg stated in his deposition, his understanding of undesired and desired television channels allegedly disclosed in Zhang was informed by the '362 Patent's specification. Mot. at 6-7 (citing Goldberg Tr. at 215:14-217:16).

*Third* and *Fourth*, Charter offers irrelevant arguments, both in the body and in the footnotes. First, what is or is not included in Dr. Kramer's report is irrelevant to whether Dr. Goldberg conducted a reliable analysis. Second, Entropic's arguments across its motions are not inconsistent with each other: here, Entropic asserts that the Court should exclude Dr. Goldberg's opinions because of his unreliable analysis. In its MSJ on no invalidity under 102/103 (Dkt. 170), Entropic argues that Charter failed to identify where Zhang discloses part of a claim element.

'775 Patent: Charter's Opposition only brings more uncertainty as to what Dr. Goldberg is relying on for his opinions as to claim element 18[b] of the '775 Patent. Putting aside Charter's rewriting of Dr. Goldberg's Opening Report, Dr. Goldberg cannot offer his "re-definition" opinions to the jury as they solely rely on the reasoning in the Court's CC Order. Ex. A (Dkt. 168-2) Goldberg Op. Rep. ¶ 66 (citing CC Order at 24). As Charter has conceded that it will not discuss the CC Order in front of the jury (Opp. at 2), Dr. Goldberg can only offer unsupported opinions as to how Dong supposedly discloses the "forwards the processed packets" element. *Guile*, 422 F.3d at 227.

'008 and '826 Patent: Charter fails to address Entropic's Motion, which argues that Dr. Goldberg only *assumes* television channels are disclosed in Coyne. Mot. at 6. Charter's Opposition does not address this assumption as it only rehashes Dr. Goldberg's opinions about the television spectrum or relies on general statements in Coyne that do not disclose anything related to television, let alone television channels. Opp. at 8-9. Thus, Charter has again failed to show where Dr. Goldberg identifies television channels in Coyne.

## III.    Jury Confusion Due to Vague Analysis

Contrary to Charter's Opposition, Entropic is not arguing unelected prior art cannot be used to establish the knowledge of a POSITA. However, Entropic is arguing that, Dr. Goldberg's juxtaposition of Zhang and Li—where Charter agrees Li is an unelected reference (Opp. at 10)—will lead to jury confusion. Mot. at 7-8 (citing *Better Mouse Co. v. SteelSeries ApS*, No. 2:14-cv-198-RSP, 2016 WL 3611560, at *1 (E.D. Tex.  Jan. 5, 2016)). Charter's attempt to distinguish *Better Mouse* is unpersuasive. Opp. at 11. Dr. Kramer did not provide opinions addressing Li's mixer, which is the subject of the challenged paragraphs. Thus, if the Court does not exclude this improper use of unelected prior art, Entropic will not have a fair opportunity to rebut Li, which is supposed to be an unelected patent application.

## IV.    Violations of Local Patent Rule 3-3

New Motivations to Combine: Charter does not dispute that Dr. Goldberg went beyond what was disclosed in Charter's contentions. *See* Opp. at 12. Instead, Charter mischaracterizes Entropic's Motion to argue that Entropic should have sought clarification. *See id.* This argument is unpersuasive because Entropic is not arguing that Charter's invalidity contentions were deficient. Rather, Entropic is arguing that Charter added new theories that were not among the motivations to combine disclosed in its invalidity contentions. If Charter wanted to go beyond

what was disclosed, it was Charter's responsibility to seek leave to amend, not Entropic's responsibility to ask whether Charter was sure it did not have any other theories to disclose.

In its Opposition, focusing on Zhang and Favrat, Charter argues that Entropic did not suffer any prejudice as Dr. Kramer provided rebuttal opinions as to reducing power consumption and Charter disclosed a motivation to combine these references in its initial invalidity contentions. Opp. at 13. First, of the cited paragraphs in Charter's Opposition, only Paragraph 131 mentions reducing power consumption in passing. Dkt. 214-2 ¶ 131. As Dr. Kramer had only three weeks to respond to Dr. Goldberg's new theories, this was the best he could do. If these opinions had been presented in Charter's contentions, Entropic could have sought discovery on these new theories. *See* Mot. at 14. Furthermore, the fact Dr. Kramer provided a rebuttal opinion to address these new theories "does not foreclose prejudice" because he could not rebut them with "the degree of detail possible with proper time to conduct" his analysis. *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00311-JRG-RSP, 2021 WL 518462, at \*9 (E.D. Tex. Feb. 11, 2021). Second, Charter did not disclose anything related to power consumption in its invalidity contentions. *See* Dkt. 168-6.

<u>New Combinations:</u> Charter confirms that the identified combinations were not properly disclosed as asserted combinations. *See* Opp. at 13-14. As to Charter's first argument, these undisclosed combinations are not "vital" for, if they were, Charter should have properly disclosed them as asserted combinations, not just list the individual references in the Other Relevant References section. Mot. at 11, 13-15. Second, even though Entropic was able to provide rebuttal opinions, this does not foreclose prejudice as discussed above and in Entropic's Motion. *GREE*, 2021 WL 518462, at \*9. Therefore, Dr. Goldberg should not be able to present these new combinations given the extensive prejudice to Entropic. *See* Mot. at 11, 13-15.

## V.    Conclusion

For the reasons expressed above, the Court should grant Entropic's Motion.

Dated: October 3, 2023

Respectfully submitted,

*/s/ James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

6

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**
**ENTROPIC COMMUNICATIONS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on this third day of October, 2023.

*/s/ James A. Shimota*
James A. Shimota