# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>*Defendant*. | Case No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S**
**REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO**
**INVALIDITY UNDER 35 U.S.C. §§ 102 AND 103**

Plaintiff Entropic Communications, LLC ("Entropic") replies in support of its Motion for Summary Judgment of No Invalidity under §§ 102 and 103 (Dkt. 170 or "Motion").[1]

## I.   ARGUMENT

As an initial matter, Charter argues that Entropic's Motion asks this Court to weigh expert testimony. Dkt. 206 ("Opp.") at 5 (citing cases). However, Entropic's Motion simply seeks to demonstrate that Charter's expert, Dr. Goldberg, has failed to provide opinions that are necessary for Charter to carry its burden to prove that the Patents-in-Suit are invalid by clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Charter tries to address its failures by rewriting Dr. Goldberg's Opening Report, but the Court should reject these revised opinions.

### A.   As to the '362 Patent, Charter Confuses the Issue Before the Court and Rewrites Dr. Goldberg's Opinions as to Zhang

Throughout Charter's Opposition, it argues that the Court should grant its MSJ of Invalidity of the Asserted Claims of the '362 Patent (Dkt. 173). *See* Opp. at 1-7. However, Charter's MSJ presents numerous genuine disputes regarding material facts related to issues not raised in Entropic's Motion. Therefore, Charter's MSJ should be denied for the reasons provided in Entropic's Opposition (*see* Dkt. 207).

Turning to Charter's Opposition to this Motion, Charter engages in two misleading tactics: (1) Charter confuses the issue before the Court; and (2) rewrites Dr. Goldberg's Opening Report as to Zhang. Focusing on (1), Charter makes much ado about the fact that Dr. Kramer, one of Entropic's validity experts, did not address claim element 11a1 in his validity report. Opp. at 6-7. Although true, this argument is legally irrelevant to the issue presented by Entropic's Motion as

---

[1] Although claim 11 of the '690 Patent was identified in Entropic's Motion, the issue is moot as Entropic is no longer asserting claim 11 of the '690 Patent.

Dr. Kramer is not required to provide opinions addressing whether every claim element is or is not present in a given piece of prior art. Nor is Entropic seeking summary judgment based on Charter's failure to carry its burden via a "belated argument." *See id.* It is Charter's burden to prove invalidity (*Microsoft Corp.*, 564 U.S. at 95), and it must do so through its expert, Dr. Goldberg. Mot. at 6.

Turning to (2), Dr. Goldberg does not identify a mixer as recited in claim element 11a1 but rather a multiplier, which is different than a mixer. *See* Dkt. 207 at 21. Although the prior art reference need not use the same language as a patent claim, the Federal Circuit requires "strict identity" between the terms used in a prior art reference and the claimed invention for a finding of anticipation. *Trintec Indus., Inc. v. Top–U.S.A. Corp.*, 295 F.3d 1292, 1296 (Fed. Cir. 2002). Thus, Dr. Goldberg's identification of a multiplier in Zhang does not anticipate the mixer of claim 11. As Charter concedes it is not arguing inherency (Opp. at 8), Charter has failed to prove that claims 11 and 12 are anticipated by Zhang.

Finally, it is not clear why Dr. Goldberg relies on Li. *See* Ex. A (Dkt. 170-2) Goldberg Op. Rep. ¶¶ 392-393.[2] If Li is being used to disclose a limitation missing from Zhang, then this forecloses any argument of anticipation. *See Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1335 (Fed. Cir. 2002) ("anticipation does not permit an additional reference to supply a missing claim limitation"). As to obviousness, Charter does not argue that Li is part of a combination with Zhang (Opp. at 9); therefore, Entropic is entitled to summary judgment of no invalidity under § 103. In sum, Charter fails to prove claim element 11a1 is anticipated or rendered obvious by Zhang, and therefore, summary judgment that claims 11 and 12 of the '362 Patent are not invalid

---

[2] In its Opposition, Charter states it is unclear why Entropic addresses Favrat. Opp. at 9. Entropic discusses Favrat because Dr. Goldberg opines that claim element 11a1 is disclosed or suggested by Zhang in combination with Favrat. Goldberg Op. Rep. ¶ 386. However, based on Charter's Opposition, Charter is not asserting this combination invalidates claim 11. Thus, the Court should grant summary judgment of no invalidity under § 103 in view of Zhang and Favrat.

is appropriate.

### B. As to the '362 Patent, Charter Rewrites Dr. Goldberg's Opinions as to Dauphinee

In its Opposition, Charter attempts to argue that Dr. Goldberg identified downconverting by a mixer in Dauphinee by pointing to Entropic's infringement contentions. Opp. at 10 (citing Goldberg Op. Rep. ¶ 435). This argument fails for two reasons: (1) Charter fails to identify any opinions that Dr. Goldberg offers regarding Dauphinee's supposed disclosure of a mixer and (2) it is not a proper expert opinion. As to (1), Dr. Goldberg does not identify where Dauphinee discloses downconverting using a mixer because he cannot: Dauphinee teaches away from downconverting using a mixer. Mot. at 14 (citing Dauphinee at 1:30-32, 2:63-66; 3:25-27, 3:32-35). As to the second, "if an expert disagrees with the principles and methods embodied in an adverse party's infringement theory, that expert is not permitted under Rule 702 to apply the adverse party's infringement theory to affirmatively conclude that the patent is invalid." *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33, 2015 WL 12911530, at *3 (E.D. Tex. Sept. 30, 2015). Here, Charter's Opposition is based on disagreeing with Entropic's infringement theories. Opp. at 10 (citing Goldberg. Op. Rep. ¶ 436). Therefore, Charter cannot rely on this evidence to support its invalidity theory. As Charter's argument fails, Entropic is entitled to summary judgment of no invalidity in view of Dauphinee under §§ 102 and 103.

### C. As to the '775 Patent, Charter Rewrites Dr. Goldberg's Opinions as to Dong and Brooks

In Charter's Opposition, Charter presents a new invalidity theory as to claim 18 of the '775 Patent: Dong anticipates or alone renders obviousness claim 18. Opp. at 11. As an initial matter, this argument conflicts with Dr. Goldberg's Opening Report, which clearly entitles the section "Claims [sic] 18 is Invalid in View of **Dong in Combination with Brooks**." Goldberg Op. Rep. at p. 14 (emphasis added). Moreover, Dr. Goldberg relies solely on Brooks, not Dong, for the

3

following portion of claim element 18[b]: "the cable modem engine configured to enable upgrades to its software in a manner that is independent of upgrades to the software of the data networking engine." *See* Goldberg Op. Rep. ¶ 64 (citing to Brooks alone). As Charter relies solely on Brooks for a portion of claim element 18[b], Charter has failed to show that Dong alone anticipates or renders obvious claim 18 of the '775 Patent.

Turning to the reason to combine Dong and Brooks, Charter rewrites Paragraphs 63 and 64 of Dr. Goldberg's Opening Report to state that software upgrades were known in the art. Opp. at 12 (citing Goldberg Op. Rep. at ¶ 64 n.4). This is not a sufficient reason to combine as a matter of law: "there is no basis for concluding that an invention would have been obvious solely because it is a combination of elements that were known in the art at the time of the invention." *Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1356 (Fed. Cir. 1999). "Instead, the relevant inquiry is whether there is a reason, suggestion, or motivation in the prior art that would lead one of ordinary skill in the art to combine the references . . . ." *Id.* Thus, even Charter's reinterpretation of Dr. Goldberg's Opening Report offers a legally insufficient reason to combine Brooks and Dong. Even accepting Charter's revised opinions, combining Dong with a POSITA's knowledge that cable modems could receive software updates fails to render obvious claim element 18[b], which requires that the cable modem engine be configured to enable upgrades to its software in a manner *that is independent* of upgrades to the software of the data networking engine. Charter's new opinions do not address this as Dr. Goldberg relies on Brooks for this.

Finally, Charter's Opposition is silent on Entropic's argument that Dr. Goldberg used hindsight as his motivation to combine Brooks and Dong. Mot. at 8-9. Therefore, the Court should grant summary judgment of no invalidity under § 103 based on Dr. Goldberg's use of hindsight when combining Brooks and Dong. *Id*.

    **D.**    **As to the '008 Patent, Charter Rewrites Dr. Goldberg's Opinions as to Narita and Coyne**

Charter attempts to rewrite Dr. Goldberg's Opening Report based on his deposition testimony. Opp. at 13-14. Charter argues that a POSITA would be motivated to combine Narita and Coyne because they both address a similar problem in the same area of technology. *See id.* Not only was this not in Dr. Goldberg's Opening Report, but the proffered reasons to combine have been recognized as insufficient as a matter of law. *See Securus Techs., Inc. v. Global Tel*Link Corp.*, 701 Fed. App'x. 971, 977 (Fed. Cir. 2017) (citing *Microsoft Corp. v. Enfish, LLC*, 662 Fed. App'x. 981, 990 (Fed. Cir. 2016)). Thus, Entropic is likewise entitled to summary judgment of no invalidity based on a combination of Narita and Coyne under § 103.

    **E.**    **Entropic is Entitled to Summary Judgment if the Court Strikes Dr. Goldberg's Opinions as to Motivation to Combine**

At the end of Charter's Opposition, it includes a section of pure attorney argument, which asserts that Entropic is not entitled to a "blanket declaration of validity" based on gaps in Dr. Goldberg's analysis. Opp. at 14. This is wrong. It is Charter's burden to prove invalidity. *Microsoft Corp.*, 564 U.S. at 95. Failure to do so means that Entropic is entitled to summary judgment of no anticipation and obviousness. Thus, Charter fails to provide any meaningful opposition to the section of Entropic's Motion seeking summary judgment of no invalidity if the Court excludes Dr. Goldberg's opinions. Mot. at 10 (Section V.D). Furthermore, Charter cites no case law for the ridiculous assertion that "claim elements can be shown clearly and convincingly in the prior art without expert testimony, particularly when the prior art uses the exact same words as the claim." Opp. at 14. This unsupported argument stands in sharp contrast to Entropic's position that if technology is complex (which it is here), expert testimony is required. Mot. at 6 (collecting cases).

**II.**    **CONCLUSION**

For the reasons above and in the Motion, the Court should grant Entropic's Motion.

Dated: October 3, 2023                                   Respectfully submitted,

/s/ James A. Shimota
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on this third day of October, 2023.

*/s/ James A. Shimota*
James A. Shimota

8