# EXHIBIT C

```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE EASTERN DISTRICT OF TEXAS

 3                   MARSHALL DIVISION

 4  ENTROPIC COMMUNICATIONS, LLC, )(

 5       PLAINTIFF,                )(   CIVIL ACTION NO.

 6                                 )(   2:22-CV-125-JRG

 7  VS.                           )(   MARSHALL, TEXAS

 8                                 )(

 9  CHARTER COMMUNICATIONS, INC., )(  JUNE 13, 2023

10       DEFENDANT.               )(   9:02 A.M.

11

12              CLAIM CONSTRUCTION HEARING

13          BEFORE THE HONORABLE RODNEY GILSTRAP

14          UNITED STATES CHIEF DISTRICT JUDGE

15

16  FOR THE PLAINTIFF:        Mr. James A. Shimota
                              Ms. Katherine L. Allor
17                            Mr. Jason A. Engel
                              K&L Gates, LLP
18                            70 West Madison Street
                              Suite 3100
19                            Chicago, IL 60602

20  COURT REPORTER:           Ms. Shelly Holmes, CSR, TCRR
                              Official Court Reporter
21                            Honorable Robert W. Schroeder III
                              United States District Judge
22                            Eastern District of Texas
                              Texarkana Division
23                            500 North State Line Avenue
                              Texarkana, TX 75501
24                            shelly_holmes@txed.uscourts.gov

25  (Proceedings recorded by mechanical stenography, transcript
    produced on a CAT system.)
```

```
 1   FOR THE PLAINTIFF:          Mr. Kenneth H. Bridges
                                 Bridges IP Consulting
 2                               2113 19th Avenue S
                                 Nashville, TN 37212
 3
                                 Mr. Matthew A. Blair
 4                               K&L Gates, LLP
                                 2801 Via Fortuna
 5                               Suite 650
                                 Austin, TX 78746
 6
                                 Mr. Connor J. Meggs
 7                               K&L Gates, LLP
                                 10100 Santa Monica Boulevard
 8                               8th Floor
                                 Los Angeles, CA 90067
 9
                                 Mr. J. Wesley Hill
10                               Ward, Smith & Hill, PLLC
                                 1507 Bill Owens Parkway
11                               Longview, TX 75604

12
     FOR THE DEFENDANT:          Mr. David S. Benyacar
13                               Kaye Scholer
                                 425 Park Avenue
14                               New York, NY 10022

15                               Mr. Deron R. Dacus
                                 The Dacus Firm, PC
16                               821 ESE Loop 323
                                 Suite 430
17                               Tyler, TX 75701

18

19

20

21

22

23

24

25
```

10:39:26    1              MR. ENGEL:  Yeah.

10:39:27    2              THE COURT:  -- "data processor," "channelizer"?

10:39:31    3              MR. ENGEL:  That is correct.  And the -- we're on

10:39:37    4    Slide 33 of our presentation.

10:39:40    5              If I could have the next slide, please.  I'm

10:39:43    6    sorry.  Slide 34, please.

10:39:46    7              So I think this gets down to the heart of the

10:39:52    8    dispute because we're not entirely sure what is being

10:39:56    9    proposed by Charter.  Their construction is three separate

10:40:01   10    pieces of hardware configured to perform the functions the

10:40:04   11    claim ascribes to the signal monitor, data processor, and

10:40:10   12    channelizer, respectively.

10:40:11   13              Now, they've cited case law that talks about

10:40:13   14    distinctness, and I think distinctness is, you know, a

10:40:16   15    degree of something that could be put to the jury to decide

10:40:19   16    or put to the -- you know, the factfinder to decide.

10:40:23   17              But when you're saying that it's three separate

10:40:25   18    pieces of hardware, Charter seems to be implying that you

10:40:29   19    could not have some type of, you know, single integrated

10:40:33   20    circuit or single silicon die that has those three, you

10:40:39   21    know, functional blocks or components.  They can still be

10:40:43   22    distinct if they're on the same integrated circuit.

10:40:46   23              And that's what we pointed to at the '008 patent,

10:40:48   24    Column 4, Lines 51 to 62.  It says:  The various modules of

10:40:52   25    the subassembly 174 -- which includes the channelizer, the

| | | |
|---|---|---|
| 10:40:56 | 1 | signal monitor, and the data processor -- may reside in one |
| 10:41:00 | 2 | or more housings on one or more printed circuit boards |
| 10:41:03 | 3 | and/or one or more integrated circuits, e.g., one or more |
| 10:41:08 | 4 | silicon dice. |
| 10:41:09 | 5 | So if you have one integrated circuit that |
| 10:41:12 | 6 | includes those three components, that clearly should meet |
| 10:41:15 | 7 | the claim as set forth in the specification, but this |
| 10:41:17 | 8 | requirement that they be separate hardware units, I think, |
| 10:41:20 | 9 | is reading something into the claim language and is going |
| 10:41:23 | 10 | to be a little bit confusing down the road to say what's |
| 10:41:27 | 11 | separate hardware. |
| 10:41:27 | 12 | Again, I believe the case law they cited is |
| 10:41:30 | 13 | distinct, and I think we agree that there's argument as to |
| 10:41:34 | 14 | what's going to be distinct when we identify things for |
| 10:41:37 | 15 | infringement down the road.  But requiring that it be three |
| 10:41:39 | 16 | separate pieces of hardware, I think, is reading |
| 10:41:42 | 17 | limitations into the claim. |
| 10:41:43 | 18 | THE COURT:  All right.  Let me hear from the |
| 10:41:47 | 19 | Defendant, please.  What's Charter's position on this, |
| 10:42:04 | 20 | Counsel? |
| 10:42:05 | 21 | MR. BENYACAR:  Charter's position on this, Your |
| 10:42:06 | 22 | Honor, is that they have to be three separate pieces of |
| 10:42:09 | 23 | hardware, three distinct structural elements, however you |
| 10:42:13 | 24 | want to say it. |
| 10:42:14 | 25 | The reason for that is they're called out |

| | | |
|---|---|---|
| 10:42:18 | 1 | separately in the claim.  As I show on Slide 52, it's a |
| 10:42:25 | 2 | signal monitor, a data processor, and a channelizer. |
| 10:42:28 | 3 | And the law is clear, and this is the law that |
| 10:42:30 | 4 | counsel was pointing to, if you list elements separately, |
| 10:42:35 | 5 | they're presumed to be distinct components, distinct |
| 10:42:40 | 6 | structural elements. |
| 10:42:41 | 7 | And by the way, as the Federal Circuit said in the |
| 10:42:49 | 8 | Kyocera case, even if you disclose different embodiments, |
| 10:42:53 | 9 | one where they're combined and one where they're separate, |
| 10:42:58 | 10 | you're free to claim the one where they're separate. |
| 10:43:00 | 11 | Here, there is no embodiment disclosed where |
| 10:43:04 | 12 | they're combined.  But there is a presumption, if you call |
| 10:43:08 | 13 | them out separately, that they're distinct structural |
| 10:43:11 | 14 | elements.  That is our position.  Our position is not just |
| 10:43:14 | 15 | relying on the presumption that they're distinct structural |
| 10:43:17 | 16 | elements, but there is no way to understand the |
| 10:43:20 | 17 | specification or the claims unless they're distinct |
| 10:43:24 | 18 | structural elements. |
| 10:43:25 | 19 | THE COURT:  How do you get away from the problem |
| 10:43:28 | 20 | you can say on the one hand, there's three separate |
| 10:43:31 | 21 | components, on the other hand, there's one component with |
| 10:43:36 | 22 | three different subparts?  I mean, how do you -- how do you |
| 10:43:40 | 23 | not just go down the pyramid far enough to where you have |
| 10:43:45 | 24 | all these functions within one component, even though |
| 10:43:49 | 25 | you're calling them separate things? |

10:43:51   1          MR. BENYACAR:  So we're not saying that you can't

10:43:53   2   have discreet structural elements on some bigger device.

10:43:58   3   We're not -- we're not saying that.

10:43:59   4          But it can't just all be, well, it's one

10:44:03   5   processor, and it's just performing different functions,

10:44:05   6   for example.  If you have distinct pieces of hardware all

10:44:09   7   on the same chip that sends information to each other,

10:44:12   8   we're not saying that that's not covered.  But they have to

10:44:14   9   be distinct hardware, distinct structural elements.

10:44:17  10          If they're on some bigger thing, that's okay.

10:44:20  11   That's not our argument.  But the only way the

10:44:23  12   specification and claims make sense is if they're different

10:44:27  13   hardware and if they're different --

10:44:29  14          THE COURT:  So are we back to talking about

10:44:32  15   physical separation versus functional separation?

10:44:36  16          MR. BENYACAR:  So functional separation, yes.  In

10:44:38  17   this particular case, it has to be physical separation.

10:44:41  18   One, because the claim -- the case law we just looked at

10:44:43  19   says distinct structural components; and, number two, is,

10:44:49  20   as I'm about to talk about, there's no way to understand

10:44:51  21   the specification or the claims unless they're distinct

10:44:53  22   structural claims.

10:44:57  23          The claims show -- I mean, I'm sorry, the figure

10:44:59  24   shows the channelizer, the monitor, and the data processor

10:45:04  25   in Figure 1B.  Now, you can look at Figure 1B and say,

Case 2:22-cv-00125-JRG   Document 243-2   Filed 06/20/23   Page 8 of 8 PageID #: 18595

12:50:24

## CERTIFICATION

     I HEREBY CERTIFY that the foregoing is a true and correct transcript from the stenographic notes of the proceedings in the above-entitled matter to the best of my ability.


_/S/ Shelly Holmes_____                6/27/2023__
SHELLY HOLMES, CSR, TCRR                    Date
CERTIFIED SHORTHAND REPORTER
State of Texas No.: 7804
Expiration Date: 10/31/2023