# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff*, v. CHARTER COMMUNICATIONS, INC., *Defendant*. | Case No. 2:22-cv-00125-JRG **JURY TRIAL DEMANDED** |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES**

Plaintiff Entropic Communications, LLC ("Entropic") responds to Charter Communications, Inc.'s ("Charter") Reply in Support of its Motion for Partial Summary Judgment of No Pre-Suit Damages (Dkt. 218 or "Reply").

Charter does not dispute that if a party asserts only method claims, the marking requirement of 35 U.S.C. § 287(a) is not triggered. Nor does it identify any allegations in Entropic's Original Complaint as to the '362 and '826 Patents that identify any apparatus claims as being asserted.

Instead, Charter fixates on a single phrase from Entropic's Original Complaint and subsequent amendments (collectively, "Complaints")—that Charter infringes by "using, importing, selling, and/or offering for sale." *See* Reply at 1 (citing Dkt. 1 ¶¶ 69, 78). But this is simply a recitation of the statutory test for patent infringement set forth in 35 U.S.C. § 271(a). In the Complaints as a whole, and Entropic's infringement contentions, Entropic only ever asserted method claims with respect to the '362 and '826 Patents. Dkt. 197 (Entropic's Opposition) at 5. Charter again fails to identify any caselaw suggesting that reciting the generic standard for infringement equates to an assertion of an unspecified apparatus claim. Nor does it explain how a general assertion of patent law—that method claims can only be infringed by "use"—compels the Court to find that Entropic asserted apparatus claims in its Complaints. Thus, Charter's arguments based on *Ormco* and *Ericsson* are still wholly irrelevant.

In contrast to Charter's cases, the cases cited by Entropic—*Mobile Equity v. Walmart Inc.*, No. 2:21-cv-126, 2022 WL 4587746 (E.D. Tex. Sept. 9, 2022) and *Hantz Software, LLC v. Sage Intacct, Inc.*, No. 2022-1390, 2023 WL 2569956 (Fed. Cir. Mar. 20, 2023)—address situations analogous to the one here. *See* Opp. at 6-7. In *Mobile Equity*, contrary to Charter's arguments, the Court reviewed all of the pleadings, including the original complaint, as shown by the Court's reference to the complaint's "willfulness and pre-suit knowledge allegations." 2022 WL 4587746,

at *3. After reviewing the plaintiff's complaint and other pleadings, "the Court found that there was no controversy as to the apparatus claims at any point in this suit, thus the apparatus claims were never asserted." *Id.* at *4. Thus, Charter's assertion that "there is no indication" that the *Mobile Equity* Court considered the plaintiff's complaint is demonstrably false. *See id*. at *3.

As for *Hantz*, Charter's attempts to distinguish this case are unpersuasive. First, Charter argues that *Hantz* does not apply because Entropic called the claim charts it attached to its complaint "non-limiting" instead of "detailed." Reply at 3. This is a distinction without a difference—both the exhibits to Entropic's Complaints and the exhibits cited in *Hantz* "suppl[y] infringement claim charts for only" the claims asserted in the respective complaints. *See Hantz*, 2023 WL 2569956, *1 & Dkts. 1-11, 1-12. Second, Charter faults Entropic for "making the same assertions in its subsequent amended complaints," while the plaintiff in *Hantz* "later dispelled" any ambiguity. Reply at 3. As an initial matter, this "dispell[ing]" of ambiguity occurred at a hearing in *Hantz*, not any written submission. 2023 WL 2569956, at *1. In fact, Entropic's consistency underscores that it has only ever asserted method claims for the '362 and '826 Patents. Entropic never asserted apparatus claims in its Original Complaint, and has never asserted apparatus claims in any subsequent Complaint. Appropriately, they all use the same language, generally reciting the infringement statute. *Compare* Dkt. 1, *with* Dkt. 12 & Dkt. 53. Moreover, nothing dispels ambiguity like the P.R. 3-1 infringement contentions and expert reports Entropic has served, each of which assert infringement solely of method claims. Opp. at 5.

Because Charter only offers irrelevant authority and unpersuasive distinctions, Charter has failed to show that Entropic asserted any apparatus claims of the '362 and '826 Patents. Therefore, the Court should, not only deny Charter's Motion, but also find that Entropic is not precluded from pre-suit damages related to Charter's infringement of the '362 and '826 Patents.

| | |
|---|---|
| Dated: October 10, 2023 | Respectfully submitted, |

/s/ *James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

3

        Fax: (310) 552-5001
        christina.goodrich@klgates.com
        connor.meggs@klgates.com

        Peter E. Soskin
        **K&L GATES LLP**
        Four Embarcadero Center, Suite 1200
        San Francisco, CA 94111
        Tel: (415) 882-8046
        Fax: (415) 882-8220
        peter.soskin@klgates.com

        Wesley Hill
        Texas Bar No. 24032294
        Andrea Fair
        Texas Bar No. 24078488
        Charles Everingham, IV
        Texas Bar No. 787447
        **WARD, SMITH & HILL, PLLC**
        1507 Bill Owens Pkwy
        Longview, TX 75604
        Tel: (903) 757-6400
        wh@wsfirm.com
        andrea@wsfirm.com
        ce@wsfirm.com

        **ATTORNEYS FOR PLAINTIFF**
        **ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on this tenth day of October, 2023.

*/s/ James A. Shimota*
James A. Shimota
