UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE
<u>DR. KRAMER'S IMPROPER OPINIONS</u>**

I.  **Dr. Kramer's Opinions On The Legal Effect Of Contracts Should Be Stricken**

Charter moved to strike Dr. Kramer's opinions that Charter ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. (Dkt. 167 ("Mot.") at 7.) Entropic does not dispute that Dr. Kramer is unqualified to provide legal opinions about the effect of contracts. (Dkt. 196 ("Opp.") at 6–7.) Rather, Entropic asserts the implausible proposition that opinions about the meaning and effect of Charter's contracts are not legal opinions.

Having no basis in law or logic for its position, Entropic tries to deflect the Court's attention by pointing to passages in which Dr. Kramer describes ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ While Dr. Kramer recites such "basic facts," those facts are unrelated to Dr. Kramer's opinions that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. When Dr. Kramer opines that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Those are legal conclusions about contractual rights and obligations about which technical experts may not testify. *See, e.g., Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-704-MAK, 2022 WL 3021560, at *27 (D. Del. July 29, 2022) ("We will not permit an expert to testify as to the meaning of, and rights and obligations arising from, the Merger Agreement or any other contract."); *Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*, CV 17-1734-RGA, 2021 WL 982732, at *16 (D. Del. Mar. 16, 2021) ("Experts are prohibited from testifying as to the legal duties, standards or ramifications arising from a contract." (internal quotation omitted)).

Entropic seeks to distinguish *Sprint* by arguing it applies only to contracts lacking "self-explanatory" features, aiming to reimagine Dr. Kramer's opinions as permissible factual observations. But whether a contract involving a ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is a legal conclusion on which Dr. Kramer is not qualified to opine. Entropic asserts that

it is ▮

▮

▮

▮ His opinions about "ownership" should be stricken.

II.  **Dr. Kramer's Opinions On Charter's State Of Mind Should Be Stricken**

Dr. Kramer impermissibly opines as to two aspects of Charter's state of mind. *First*, he speculates that ▮

▮ This is unsupported by any facts in the record and is contradicted by Charter's interrogatory responses. Entropic sidesteps the fact that these opinions are baseless speculations about Charter's mental state, and asserts that "▮

▮

Not true. Dr. Kramer opined—with no evidence and contrary to Charter's sworn testimony—that Charter knew of the '775 and '362 patents ▮. Those opinions combined with Entropic's caveat of ▮" are designed to permit Dr. Kramer to make the unfounded accusation that Charter had pre-suit knowledge of the patents. This is improper expert testimony. (Mot. at 8–10.)

*Second*, Entropic argues that Dr. Kramer may opine that Charter ▮

▮ While Dr. Kramer can testify as to whether Charter's statements to

▮

▮, which is a necessary element of induced infringement as set forth in the Motion. No expert is permitted to testify about anyone else's subjective beliefs, human or corporate.

The case law quoted by Entropic in its Opposition actually supports Charter. *Atlas* stated that the expert may testify as to "underlying facts" but not to a defendant's state of mind. *Gree*

2

stated that the expert may testify that the defendant directed users to perform a claim limitation, but the expert could not opine that the defendant intended there be infringement. Entropic's contention that Charter's other cited cases are inapposite because they do not pertain to induced infringement misses the point—these cases show that experts may not render opinions on a party's mental state *in any kind of case*.

At bottom, Entropic attacks issues not raised in the Motion, and it does not dispute that Dr. Kramer has provided opinions about what Charter knew and what it intended. These are impermissible and should be stricken, at least under FRE 403. The prejudice to Charter from placing an expert's imprimatur on Entropic's speculation about Charter's mental state outweighs any relevance to the case, of which there is none.

### III. Joint Infringement

Entropic concedes that the joint infringement theory presented in Dr. Kramer's opening infringement report was not disclosed in Entropic's infringement contentions. It tries to justify this tactic by citing a case involving a motion to amend infringement contentions (Opp. at 11), but Entropic has not sought to amend its contentions. Once fact discovery closed, it was too late for Entropic to assert new theories for the first time in an expert report. *See, e.g.*, *Realtime Data, LLC v. T-Mobile, U.S.A., Inc.*, No. 6:10CV493 RC-JDL, 2013 WL 12149180, at *3 (E.D. Tex. Feb. 8, 2013) ("[T]he purpose of invalidity contentions is to provide notice while discovery is intended to develop details so that legal theories become more concrete as the litigation progresses." (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006))).

### IV. Dr. Kramer's Secondary Considerations Opinions Should Be Stricken

Although Entropic alleges that ████████████████████████████████████████████████████████████████████████████████████████," it does not provide a single example where he even attempts to establish such a nexus. (Opp. at 14.) In fact, the only

3

example Entropic provides is Dr. Kramer's assertion that  An expert's *ipse dixit* that there is a nexus is not enough to establish a nexus. Entropic insists that but none of these citations have anything to do with the '775 patent. That evidence refers to the —nowhere does Entropic point to any attempt by Dr. Kramer to tie this cited evidence to the claims of the '775 patent. The most Dr. Kramer says is that he believes the '775 patent permits . But, that's it. No explanation of why the '775 patent permits faster operation, much less why it is the '775 patent specifically that permits . Dr. Kramer's conclusory assertions are not sufficient to satisfy Entropic's burden of proving nexus for purposes of secondary considerations.

**V.     New Arguments Regarding The Zhang Prior Art And The '362 Patent**

Entropic insists that "Charter has not shown that Dr. Kramer's opinions regarding the 'downconverting' step are outside the scope of his Rebuttal Report." (Opp. at 18.) But Entropic does not cite a single passage in Dr. Kramer's report in which he opines that the Zhang prior art is lacking the "downconverting" step or the "mixer module" of '362 claim 11. It does not because it cannot. Dr. Kramer admitted at deposition that, as to Zhang and '362 claim 11, his report addressed only the "selecting" step element. (Dkt. 167-4 (Kramer Tr.) at 87:14–89:7 ("Q. And you don't discuss any of the other elements of claim 11 besides 11d [the "selecting" step] in paragraphs 120 to 128; correct? A. I'm going by the headings. (a) is what is marked as 11a3, and then it goes into claim 12. That appears to be correct.").) Indeed, a review of the nine paragraphs of Dr. Kramer's report regarding Zhang and '362 claim 11 plainly shows that he does not address the "downconverting" step or the "mixer module." (Dkt. 167-3 at ¶¶ 120–28.)

4

As justification for its contention that its expert should be entitled to testify to opinions which appear nowhere in his report, Entropic relies on Dr. Kramer's observation that '362 claim 11 recites a downconverting step. It is true that Dr. Kramer acknowledged that limitation of the claim in his report. This is irrelevant, of course, because *Dr. Kramer never alleged that this limitation was missing from Zhang and never disputed Dr. Goldberg's opinion that Zhang **does** disclose that limitation*. In fact, although the claimed downconverting step must be performed by a "mixer module," Dr. Kramer does not once recite the word "mixer" in his discussion of Zhang.

The rest of Entropic's argument amounts to no-harm-no-foul because "Charter is undeniably on notice of the opinions of its own expert" and because "the Zhang reference is disclosed and discussed in Dr. Kramer's (and Dr. Goldberg's report)." (Opp. at 18.) But the prejudice stems from Dr. Kramer's testimony on mixer modules and downconverting. (Opp. at 17.) Dr. Kramer already responded to Dr. Goldberg in a **rebuttal report**, which was Dr. Kramer's one and only chance to address Dr. Goldberg's views on invalidity.[1] Prior to Dr. Kramer's redirect testimony, Charter had no notice that he intended to challenge the mixer element and downconverting step as to Zhang. If "testif[ying] as to [the expert's] understanding of [the other side's] opinions" were an acceptable excuse (Opp. at 17), then there would be no limit to any expert's ability to testify outside the scope of his report. Because Dr. Kramer failed to address the "downconverting" step in his report, his testimony on redirect at deposition that Zhang does not disclose downconverting using a mixer should be stricken, and he should not be permitted to render such an opinion at trial.

## VI. Conclusion

For these reasons and those in the Motion, the Court should grant Charter's Motion.

---

[1] As Entropic points out (Opp. at 18), Dr. Kramer did challenge Dauphinee's disclosure of mixers, which only serves to underscore his failure to address the issue as to Zhang.

5

| | |
|---|---|
| Dated: October 2, 2023 | Respectfully submitted,<br><br>/s/ Daniel Reisner by permission Elizabeth Long<br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Phone: (903) 705-1117<br>Fax: (903) 581-2543<br>Email: ddacus@dacusfirm.com<br><br>Daniel L. Reisner<br>David Benyacar<br>Elizabeth Long<br>Albert J. Boardman<br>Melissa Brown<br>Jacob Bass<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York, 10019-9710<br>Telephone: (212) 836-8000<br>Email: daniel.reisner@arnoldporter.com<br>Email: david.benyacar@arnoldporter.com<br>Email: elizabeth.long@arnoldporter.com<br>Email: albert.boardman@arnoldporter.com<br>Email: melissa.brown@arnoldporter.com<br>Email: jacob.bass@arnoldporter.com<br><br>Marc A. Cohn<br>Amy L. DeWitt<br>Paul I. Margulies<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br>Email: marc.cohn@arnoldporter.com<br>Email: amy.dewitt@arnoldporter.com<br>Email: paul.margulies@arnoldporter.com<br><br>***Attorneys for Defendant***<br>***Charter Communications, Inc.*** |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 2, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long

7