UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES**

It is undisputed that (1) Entropic did not provide actual pre-suit notice to Charter for the patents-in-suit (Response to SOF ¶ 4); and (2) there is no evidence that ▬▬▬▬ marked any of its products with patents numbers. Opening SOF ¶ 13; Response to SOF ¶ 13. Entropic concedes no pre-suit damages for the '008 and '775 patents on these facts; therefore, summary judgment should be entered with respect to these patents. Entropic argues marking is inapplicable for the '362 and '826 patents because it never asserted apparatus claims. Because Entropic's original and amended complaints did in fact assert apparatus claims against Charter, summary judgment should be granted with respect to those patents as well.

## I. SUMMARY JUDGMENT FOR THE '008 AND '826 PATENTS IS UNCONTESTED

Entropic "does not contest" Charter's motion for summary judgment of no-pre suit damages with respect to the '008 and '775 patents (Opp. at 1); therefore the Court should enter summary judgment of no pre-suit damages for those patents. Although Entropic states it "is not seeking pre-suit damages for those patents" (Opp. at 1), its damages expert included pre-suit damages in his report, therefore summary judgment is necessary. *E.g.,* Ex. Q[1] (calculating damages back to 2016).

## II. ENTROPIC'S COMPLAINTS ASSERTED APPARATUS CLAIMS OF THE '362 AND '826 PATENTS

The only disputed issue is whether the allegations of Entropic's complaint, amended complaint, and second amended complaint constitute an assertion of apparatus claims giving rise to a marking obligation. *See* Opening SOF ¶ 12. Entropic's complaint alleges that Charter directly infringes the "'362 Patent" and "'826 Patent," not limited to any specific claim, "by using, importing, selling, and/or offering for sale" accused products. Dkt. 1 ¶¶ 69, 78; Opening SOF ¶ 11.

---

[1] "Ex." refers to Exhibits to the Declaration of Elizabeth Long In Support Of Charter's Reply Brief In Support Of Its Motion For Partial Summary Judgment Of No Pre-Suit Damages, filed herewith.

Entropic does not dispute that method claims can only be infringed through use, not importing, selling, and offering for sale (*see* Mot. at 7), and fails to provide any explanation of how the language of its three complaints does not allege apparatus claims for these patents.

Instead, Entropic argues that the *Ormco* case Charter relies on is "wholly irrelevant," but ultimately quotes the same language, showing that method claims cannot be infringed through importing, selling, and offering for sale. Opp. at 6 (quoting *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006)); Mot. at 7. This is not a controversial proposition. *See, e.g., Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1222 (Fed. Cir. 2014) ("[N]one of our decisions have found direct infringement of a method claim by sales of an end user product which performs the entire method[.]"). In light of this, the allegations that Charter directly infringes "by using, importing, selling, and/or offering for sale" necessarily implicate apparatus claims.

The other cases Entropic relies upon do not dictate a different result. First, Entropic is wrong that *Mobile Equity Corp. v. Walmart Inc.* is "analogous." Opp. at 6. In that case, Mobile Equity's complaint asserted "at least claim 1" of the '236 and '058 patents against Walmart. Case No. 2:21-cv-00126-JRG-RSP, 2022 WL 4587746, at *1 (E.D. Tex. Sept. 9, 2022). Walmart counterclaimed for declaratory judgment of non-infringement, seeking a "declaration of the Court that Walmart does not infringe and has not infringed **each and every claim** of the" '236 and '058 patents. *Id.* (emphasis added). In its answer to the declaratory judgment counterclaim, Mobile Equity generally "denie[d] the allegations" without any comment as to particular claims. *Id.* Walmart sought summary judgment, arguing "primarily that by denying Walmart's declaratory counterclaim of non-infringement, Mobile Equity effectively asserted all the claims of the asserted patents, thus implicating the marking requirement." *Id.* at *2; *id.* at *4 ("Walmart argues that Mobile Equity effectively asserted apparatus claims through its denial of Walmart's declaratory

2

counterclaim"). The situation in *Mobile Equity* is far removed from the present case. Here, Entropic is the one who made broad affirmative infringement allegations against Charter, on three occasions, that implicate apparatus claims. There is no attempt to read into a general denial of counterclaims, as in *Mobile Equity*. Indeed, the Court in *Mobile Equity* concluded that there was not even a case or controversy as to the apparatus claims, because "a mere denial of Walmart's counterclaim does not create a controversy as to the unasserted claims." *Id.* at *3. And while Entropic points to "making, using, selling, and/or offering to sell" language in Mobile Equity's complaint (Opp. at 6 (citing Mobile Equity's complaint)), there is no indication that issue was before the Court.

Second, *Hantz Software, LLC v. Safe Inacct, Inc.*, which Entropic relies on, is similarly inapplicable. In *Hantz*, the Court found that a judgment of invalidity under 35 U.S.C. § 101 should apply only to "claims 1 and 31-33" of each asserted patent because, although the body of plaintiff's complaint recited "one or more claims" of each asserted patent, the complaint also specified they were "detailed" in claim charts attached to the complaint. 2022-1390, 2023 WL 2569956, at *1 (Fed. Cir. Mar. 20, 2023). Here, Entropic attached what it called "**non-limiting** claim chart[s]" showing how Charter has infringed "at least" one claim of each of the '362 and '826 patents. Dkt. 1 ¶¶ 70, 80 (emphasis added). But in the context of the complaints, these were merely exemplary. And while the plaintiff in *Hantz* later dispelled "any lack of clarity persisted as to the specific claim the operative complaint was and wasn't asserting," Entropic continued making the same assertions in its subsequent amended complaints. Dkt. 12 ¶¶ 89, 106; Dkt. 53 ¶¶ 90, 107.

For the foregoing reasons, and as set forth in Charter's motion (Dkt. 172), the Court should also grant summary judgment of no pre-suit damages for the '362 and '826 patents.

| | |
|---|---|
| Dated: October 2, 2023 | Respectfully submitted, |

*/s/Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 2, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long