# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　Plaintiff<br><br>　　v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>　　Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>▮▮▮▮▮▮▮▮▮<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT OF
THE ASSERTED CLAIMS OF THE '682 AND '690 PATENTS**

Charter purchased ███████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████████.

Entropic's infringement theory for the '682 patent depends on use of ████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

█████ Entropic never sought such a construction, nor any construction of CMTS, because it agreed the term has a plain meaning—CMTS is specified, for example, by the DOCSIS standard. Entropic cannot now simply contort its plain meaning to avoid summary judgment.

Summary judgment is also warranted for another independent reason. The claims require the "determining" and "assigning" steps be performed "for each cable modem served by said CMTS." ████████████████████████████████

█████████ there can be no infringement. Again, Entropic resorts to rewriting the claims. It says "each cable modem served" no longer means what it says, and instead means something like "each cable modem for which the claim steps are performed"—in other words changing "each" into "one or more." No justification is possible and none is offered by Entropic, other than it would be unfair to permit avoidance of infringement by limiting the claim to performance of these steps for "each cable modem served." What would be unfair is any other result that would leave the public unable to rely on the plain and unambiguous meaning of the claims the patentee drafted.

1

I.  **REPLY IN SUPPORT OF STATEMENT OF FACTS**[1]

1.  [redacted]

2.  [redacted]

---

[1] Charter replies only where Entropic has purported to raise a dispute.

[2] "SOF" refers to Charter's original Statement of Undisputed Materials Facts (Mot. at 4–7).

[3] Unless indicated, emphasis has been added. [redacted]

3. █████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

4. █████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

5. █████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████



6. Entropic identifies no facts contradicting the evidence Charter relies on in support of SOFs ¶¶ 13, 14, and 15. Instead, it makes the unsupported suggestion that ▌ ▌ concerning the number of various devices and components. (Opp. at 10–11.) This is not true. (*See* Mot. at 6–7.) But either way, Entropic's complaints do not raise a dispute of material fact. *See, e.g., Enzo Biochem, Inc. v. Gen-Probe, Inc.*, 424 F.3d 1276 (Fed. Cir. 2005) ("the nonmoving party" must "produce some evidence refuting" the claim). As for SOF ¶ 15, the Court need not decide whether ▌ ▌.

7. ▌

---

5 ▌

## II. ENTROPIC CANNOT AVOID SUMMARY JUDGMENT BY REDEFINING A "CMTS"

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████ Neither party sought construction of CMTS, nor does Entropic offer a construction now. Instead, it merely relies on language from the patent to argue a CMTS can be implemented in a "distributed fashion." (*See* Opp. at 5, 13–14 (quoting Dkt. 176-3 at 7:31–38).) The patent never says this about a CMTS. What it says is that "the present invention," not the CMTS, may be implemented in a variety of ways, including in a "distributed fashion." (Dkt. 176-3 at 7:33–41.) This does not purport to re-define the plain meaning of a "CMTS" so that it can include anything in communication with the CMTS.

The patent's use of CMTS is consistent with its plain meaning as referring to the device that serves as the terminal point, located at a nearby headend or hub, for communications with cable modems using DOCSIS. (*See id.* at Figs. 1, 2A, 4A, 4B; *see also id.* at 2:11–27.)  CMTS stands for "cable modem termination system." (Dkt. 176-3 at 2:57–58.) ████████████████████████

██████████████████████████████████████████████████████████████

5

██████████████████████████████████████████████████████████

██ The patent also makes clear that the CMTS is a distinct piece of equipment that does not include every server with which it interacts. The CMTS, it explains, "manage[s] connections" to the cable modems, which may include "forwarding of dynamic host configuration protocol (DHCP) messages between a DHCP server and the CMs" and "forwarding of time of day messages between a time of day server and the CMs." (Dkt. 176-3 at 2:61–3:8.) This confirms that other servers, such as the "DHCP" and "time of day" servers, interact with the CMTS but do not thereby become part of the CMTS. Any other result would render the term meaningless. ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Nor would there be any understandable limit to what that would include.

*Second*, Entropic asserts a factual dispute ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[6] "Ex." refers to Exhibits to the Declaration of Elizabeth Long In Support Of Charter's Reply Brief In Support Of Its Motion For Summary Judgment Of Non-Infringement Of The Asserted Claims Of The '682 And '690 Patents, filed herewith.

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

Because there is no genuine dispute of fact, summary judgment is appropriate.

### III. THE PLAIN CLAIM LANGUAGE OF "FOR EACH CABLE MODEM SERVED BY SAID CMTS" COMPELS SUMMARY JUDGMENT

Entropic asserts that Charter's argument that the steps are not performed for ███████ ████████████████████████████████████████████ Charter, however, is not proposing any new construction. The claim language is clear that infringement requires "determining . . . for *each cable modem served* by said CMTS" and "assigning . . . *each cable modem*." (Dkt. 176-3 at 8:2–24 (claim 1).) Summary judgment is warranted because Entropic does not dispute Charter ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

While Entropic says it is ███████ that these steps must be applied to ███████████ (Opp. at 16), patentees are "bound by" claim terms that "are clear and distinct." *See, e.g., Markman v. Westview Instruments, Inc.* 52 F.3d 967, 986 (Fed. Cir. 1995).[7] Entropic proposes that the claim language be read to mean that, ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ █████████████████████████████ This turns the claim phrase "each cable modem served by said

---

[7] If the "each" limitation is applied, Entropic argues, the claims could be "circumvented" by not serving all cable modems. (Opp. at 16–17.) Nothing, however, requires claims to be construed more broadly than written to make it difficult for the public to "circumvent" a claim.

7

CMTS" into "each cable modem for which the claimed steps are performed." The construction would effectively and impermissibly rewrite "each" into "one or more," contrary to plain meaning.

Finally, Entopic contends that there is a ▮▮▮▮▮▮" precluding summary judgment. (Opp. at 17.) It argues that ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The evidence, however, is undisputed that this is not so. (*Supra* at Section I, ¶ 6 (discussing SOFs ¶¶ 13–14).) But even if it were true, it would not change the fact that the claimed method steps are not performed for ▮▮



▮▮▮▮▮▮ Doing so would simply rewrite the claim the way Entropic proposes but cannot support. Accordingly, summary judgment should be granted for this reason whether or not the Court finds there is no genuine fact dispute over whether ▮▮▮▮▮▮▮▮▮▮.

## IV.  ENTROPIC CONCEDES SUMMARY JUDGMENT AS TO ▮▮▮▮▮▮

The parties are in agreement that Charter has not infringed any asserted claim of the '682 patent or the '690 patent through ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g., Nat'l Oilwell DHT, L.P. v. Amega W. Servs., LLC*, No. CV 2-14-1020, 2020 WL 1890631, at *1 n.1, *7 (E.D. Tex. Apr. 16, 2020) (granting motion for partial summary judgment as to particular claims within a patent).

## V.  CONCLUSION

Accordingly, the Court should grant Charter's motion.

Dated: October 3, 2023

Respectfully submitted,

*/s/Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

9

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 3, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long<br>Elizabeth Long

