UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff<br><br>    v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>███████████<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE
<u>DR. SOURI'S IMPROPER OPINIONS</u>**

I.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Entropic concedes that it did not disclose ▇▇▇▇▇▇▇ in its infringement contentions. Nevertheless, Entropic tries to justify this in two ways. *First*, Entropic argues that it effectively disclosed this distinction because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This is false. Entropic focuses on the ▇▇▇▇▇▇▇▇▇" in its infringement contentions. ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ But ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thus, Entropic could only have disclosed ▇▇▇▇▇▇▇▇ in its contentions. Indeed, Entropic points to nothing in its contentions relating to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

*Second*, Entropic argues that Souri's opinions on the hypothetical ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Opp. at 7.) But Entropic's own cited case law only states that the parties "***may*** . . . consider the expected or estimated usage . . . ***assuming*** proof is presented to support the expectation." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327 (Fed. Cir. 2009) (emphasis added). Contrary to law, Entropic's argument is pure conjecture. Entropic makes the bold claim that ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Opp. at 7.) Not so. The record shows this assertion is completely false. ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

As a final measure, Entropic argues that there is no prejudice resulting from Souri's new infringement theories because they were presented in his opening report. (Opp. at 9–10.) Entropic's no-harm-no-foul approach (as evident across all of Entropic's oppositions including,



1

for example, Charter's motion to strike similar opinions of Kramer and Charter's motion to strike Entropic's untimely secondary considerations opinions) is not an acceptable excuse to flout the rules of discovery. Because Entropic did not disclose ▇▇▇▇▇ in its infringement contentions, and because upstream is irrelevant to damages, Souri should not be permitted to render such an opinion at trial.

II.     ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Entropic provides no response, thereby conceding that the Court should strike the portions of Souri's expert report regarding the newly alleged ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ," as set forth in Charter's opening brief. (Mot. at 8.)

III.    **Souri's Opinions On the Legal Effect Of Contracts Should Be Stricken**

Charter moved to strike Souri's opinions that Charter ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Entropic does not dispute that Souri is not qualified to provide legal opinions about the effect of a contract. (Opp. at 15–17.) Rather, it argues that his opinions about Charter's contracts are not legal in nature. (*Id.*) Because opinions about the effect of a contract are obviously legal in nature, Entropic argues that Souri merely provides statements ▇▇▇▇▇▇▇▇▇

Entropic glosses over Souri's opinions that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ For that proposition, Souri cites only to contracts. Thus, he renders legal conclusions about contractual rights and obligations about which technical experts may not testify. *See, e.g.*, *Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-704-MAK, 2022 WL 3021560, at *27 (D. Del. July 29, 2022) ("We will not permit an expert to testify as to the meaning of, and rights and obligations arising from, the Merger Agreement or any other contract."); *Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*, No. 17-1734-RGA, 2021 WL 982732, at *16 (D. Del. Mar. 16, 2021) ("Experts are prohibited from

testifying 'as to the legal duties, standards or ramifications arising from a contract.'" (quoting *Dow Chem. Can., Inc. v. HRD Corp.*, 656 F. Supp. 2d 427, 435 (D. Del. 2009))).

Entropic seeks to distinguish *Sprint*, cited by Charter in its Motion, by arguing that *Sprint* applies only to contracts lacking "self-explanatory" features, aiming to reinterpret Souri's opinions as permissible factual observations. But whether a contract involving a ▮▮▮▮ ▮▮▮▮ are legal nuances that Souri is not qualified to explain. Entropic asserts that it is ▮▮▮▮ ▮▮▮▮ and further cites to deposition testimony from Charter witnesses, but this does not mean Souri can construe the effect of ▮▮▮▮ ▮▮▮▮ His opinions about ▮▮▮▮ based on contracts should be stricken.

## IV.    Joint Infringement

Entropic concedes that the joint infringement theory presented in Souri's opening infringement report was not disclosed in Entropic's infringement contentions. Once fact discovery closed, it was too late for Entropic to assert new theories for the first time in an expert report. *See, e.g.*, *Realtime Data, LLC v. T-Mobile, U.S.A., Inc.*, No. 6:10CV493 RC-JDL, 2013 WL 12149180, at *3 (E.D. Tex. Feb. 8, 2013) ("[T]he purpose of invalidity contentions is to provide notice while discovery is intended to develop details so that legal theories become more concrete as the litigation progresses." (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006))).

Entropic's other arguments—▮▮▮▮ ▮▮▮▮ ▮▮▮▮ not validate Souri's improper joint infringement opinions.

3

V. **Souri's Opinions On Charter's State Of Mind Should Be Stricken**

Souri impermissibly opines as to two aspects of Charter's state of mind. *First*, he speculates that Charter ■■■. This is unsupported by any facts in the record and in fact is contradicted by Charter's deposition testimony. ■■■ Entropic sidesteps the fact that these opinions are baseless speculations about Charter's mental state, and asserts that ■■■ Not true. Souri opined—without any evidence and contrary to Charter's sworn testimony—■■■. Those opinions combined with Entropic's contention that ■■■, are designed to permit Souri to make unfounded suggestions about Charter's mental state. This is improper expert testimony. (Mot. at 8–11.)

*Second*, Entropic maintains that Dr. Souri's opinions on indirect infringement are admissible because he does not opine on Charter's state of mind. (Opp. at 13.) While Dr. Souri can argue that Charter ■■■, he cannot conclude that Charter induced infringement, which requires a showing of intent that he did not and cannot make. No expert is permitted to testify about anyone else's subjective beliefs, human or corporate.

The case law quoted by Entropic in its Opposition actually supports Charter. *Atlas* stated that the expert may testify as to "underlying facts" but not to defendant's state of mind. *Gree* stated that the expert may testify that defendant directed users to perform a claim limitation, but the expert could not opine that the defendant intended that there be infringement. Entropic's contention that Charter's other cited cases are inapposite misses the point—these cases show that experts may not render opinions on a party's mental state ***in any kind of case***.

4

At bottom, Entropic attacks issues not raised in the Motion, and it does not dispute that Souri has provided opinions about what Charter intended. These are impermissible and should be stricken, at least under FRE 403. The prejudice to Charter from placing an expert's imprimatur on Entropic's speculation about Charter's mental state outweighs any relevance to the case, of which there is none.

**VI.     Conclusion**

For these reasons and those in the Motion, the Court should grant Charter's Motion.

Dated: October 3, 2023                               Respectfully submitted,

                                                       /s/ *Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

**Attorneys for Defendant
Charter Communications, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 3, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long

7