# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 2:22-cv-00125-JRG |
| CHARTER COMMUNICATIONS, INC. | ) ) ) |
| Defendant. | ) ) ) |

**CHARTER'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE**
**THE OPINIONS OF STEPHEN DELL**

As explained below, nothing in Entropic's Opposition supports denying Charter's motion.

A.     **Dell's Apportionment Is Unreliable**

**'775 and '362 (Theory 2) Patents.** Charter established in its opening brief that Dell's use ███████████████████████████████████████████████████████████████████████████████████████—is unreliable and should be excluded. (Dkt. 169 at 8–9.) In response, Entropic cites just one inapposite case for its claim that an expert's reliance on a company-wide profit margin as a proxy for the claimed invention is "routine." (Opp. at 1.) In *Metaswitch*, the expert at least attempted to isolate the claimed invention by comparing the profitability of accused vs. unaccused products. *Metaswitch Networks, Ltd. v. Genband US, LLC*, No. 2:14-cv-744-JRG-RSP, 2016 WL 874737, at *5 (E.D. Tex. Mar. 5, 2016). Dell never conducted such an analysis here. Charter also established that Dell's use of a ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ In response, Entropic can only cobble together disparate parts of Dell's opinion or rely on attorney argument to try and demonstrate that Dell somehow apportioned, which he did not.[1] For the '362 patent ████████████████ Entropic, not Charter has the burden to show that █████████████████████ *IP Innovation L.L.C. v. Red Hat, Inc.*, 705 F. Supp. 2d 687, 690 (E.D. Tex. Mar. 2, 2010). Entropic's attempt to distinguish *IP*

---

[1] Entropic's characterization of *PersonalWeb Techs. LLC v. IBM Corp.*, No. 16-cv-0126, 2017 WL 3476082 (N.D. Cal. Aug. 14, 2017) is misleading. There, the expert was required to submit a supplemental report to "clarify his methodology and conclusion that there should be a 'substantial downward adjustment' that is 'not necessarily ... too large' to account for apportionment." *Id.* at *1. The expert conducted a "forward citation analysis to derive a quantitative factor by which the value of the '420 patent could be apportioned." *Id.* Thus, the "sufficiently reasoned" approach was not, as Entropic implies, simply an adjustment. (Opp. at 3.)

1

*Innovation* by claiming that case involved "inclusion of non-infringing features" is a distinction without a difference. (Opp. at 3.) In both cases, the expert "made no effort to factor out of his proffered royalty base [those] products which do not even feature the claimed invention." *Id.*

**'008/'826 and '362 (Theory 1) Patents.** Entropic takes great lengths to describe the supposed consideration by Dell of the document he relies on for his ███████████ ███ That document, however, is not identical to the one ██████████████ ██ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████ But nowhere does Dr. Souri provide any assessment of the relative contribution other than the vague statement that the patents' contribution is ████████████████████████ Dell's resulting assignment of equal value is arbitrary, unreliable and should be excluded. *See, e.g.*, *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421-TD, 2014 WL 1389304, at *4 (E.D. Tex. Mar. 6, 2014) ("Mr. Vellturo's attribution of equal value to all 19 RAS features is not based on any theory that meets the *Daubert* criteria of verifiability, peer review or publication, an acceptable error rate, or general acceptance in the scientific community.").

**'682 and '690 Patents.** ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████ The issue is, however, that Dell did not disclose any ***analysis*** that led him to that conclusion in his report (*see* Dkt. 169 at 11), and thus his conclusory opinion cannot be subject to meaningful examination, challenge, or reproduction, warranting exclusion.

---

[2] *Compare* Dkt. 203, Ex. D *with* Dkt. 169, Ex. H at ████████████

2

'362 Patent (Theory 3). As Charter set forth in its opening brief, Dell provided no justification for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[3] This post-hoc attempt to fix Dell's flawed opinions remains unreliable, because he still only compares ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and thus "there is simply too great an analytical gap between the data and the opinion proffered," rendering Dell's conclusions unreliable. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 136 (1997).

### B. Dell's Lump Sum Royalties For Method Claims

Entropic claims over ▮▮▮▮▮▮▮▮▮▮ in damages based on infringement of the method claims asserted in the '682 and '690 patents. As Charter demonstrated in its opening brief, Charter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Charter further demonstrated that Dell's lump sum royalties based on speculative future use was directly contrary to the Federal Circuit's decision in *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, in which

---

[3] Entropic claims that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Of course, Charter argued Dell's original method was unreliable and performed incorrectly in its Opening Brief. For Entropic's new theory disclosed for the first time on September 19, Charter's rebuttal expert, Christopher Bakewell, provides extensive rebuttal criticizing Dell's methodology and opinions. (Ex. M.)

[4] "Ex." refers to Exhibits to the Declaration of Elizabeth Long In Support Of Charter's Reply In Support Of Its Motion To Exclude The Opinions Of Stephen Dell, filed herewith.

the court held that a patentee "can only receive infringement damages on those devices that actually performed the patented method during the relevant infringement period." 576 F.3d 1348, 1359 (Fed. Cir. 2009); *see also Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1357 (Fed. Cir. 2022) ("Rather, where the only asserted claim is a method claim, the damages base should be limited to products that were actually used to perform the claimed method."). Ignoring the *Cardiac Pacemakers* decision entirely, Entropic claims that the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Opp. at 10, citing *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed Cir. 2009).) The *Lucent* court noted, however, that "case law affirms the availability of post-infringement evidence as probative" and "[c]onsideration of evidence of usage after infringement started can, under appropriate circumstances, be helpful to the jury . . . ." 580 F.3d at 1333-34. Here, there was little to no use of the claimed methods during pre- or post-infringement, and Dell's methodology—which disregards actual use—is contrary to the law and unreliable.

C.   **Dell's Alternative Lump Sum Royalties**

Charter does not argue, as Entropic claims, that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Rather, as Charter showed in its opening brief, Dell's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In response, Entropic relies on *Red Rock Analytics, LLC v. Samsung Elecs. Co.*, No. 2:17-cv-00101-RWS-RSP, 2019 WL 13212713, at *2–3 (E.D. Tex. Feb. 6, 2019), which is distinguishable. *First*, the court noted that the expert intended to amend his projections to "make a realistic projection of future sales, a period of 7 years, by using the additional sales data" supplied by Samsung. *Id.* at *3. Here, Dell made no attempt at a "realistic projection." *Second*, the court found that "Samsung makes no showing as to why Weinstein's methodology is purely speculative." *Id.* In contrast here,

4

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2018 WL 3089701, at *7 (E.D. Tex. Mar. 7, 2018). Entropic has not presented evidence sufficient to show that Dell's static forecast for future damages is "based on sound economic models and evidence," instead of "pure guesswork." *Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1362 (Fed. Cir. 2001).

   **D.   Dell's** ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, is exactly the type of arbitrary opinion rejected by courts. Entropic fails to show how ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ In *Personalized Media Commc'ns, LLC v. Apple Inc.*, No. 2:15-CV-01366-JRG-RSP, 2021 WL 969271, at *3 (E.D. Tex. Mar. 14, 2021), the expert performed an analysis not at all related to Dell's reliance on a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ here. In *Pavo Sols. LLC v. Kingston Tech. Co.*, No. 8:14-CV-0135, 2020 WL 9158697, at *9 (C.D. Cal. Aug. 7, 2020), which did not involve a motion to exclude, there was no dispute that the license was comparable.

   **E.   Opinions On Credibility**

   Dell has no technical background to make any determination on whether ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ Yet, that's exactly what he does (Dkt. 169 at 15), and these opinions should be excluded.

5

Dated: October 3, 2023                                  Respectfully submitted,

                                                                                       */s/ Daniel Reisner by permission Elizbeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email:  ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email:  daniel.reisner@arnoldporter.com
Email:  david.benyacar@arnoldporter.com
Email:  elizabeth.long@arnoldporter.com
Email:  albert.boardman@arnoldporter.com
Email:  melissa.brown@arnoldporter.com
Email:  jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Email:  marc.cohn@arnoldporter.com
Email:  amy.dewitt@arnoldporter.com
Email:  paul.margulies@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV 5(a). As such, this document is being served October 3, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV 5(a)(3)(A).

/s/ *Elizabeth Long*
Elizabeth Long