# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendants. | Civil Action No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** |

# ENTROPIC'S REPLY TO DEFENDANT CHARTER COMMUNICATIONS, INC.'S OPPOSITION TO STRIKE THE EXPERT REPORT OF DAVID O. TAYLOR

I.      **INTRODUCTION**

Perhaps recognizing the futility of its position, Charter's opposition sounds retreat: rewriting and narrowing Professor Taylor's Report. Charter is doing so in hopes that the testimony can fit within this Court's prior guidance in the *Mobile Telecommunications* case. It doesn't.

After Charter's opposition, Professor Taylor now purportedly is being offered only "as an expert in intellectual property transactions" to offer "affirmative factual testimony" on:

(1) whether Charter is licensed under the ███████████████████████ ;

(2) whether Charter's use of ██████████████████████████████████████
████████████████████ ; and

(3) whether Charter's use of ██████████████████████████████████████
████████████████████

Charter claims these narrow issues "might" be disputed at trial. They won't be, at least not as relevant to anything on which Professor Taylor could testify. But moreover, Charter apparently concedes that Professor Taylor's opinions regarding non-infringing alternatives should be stricken—that is not a factual issue Charter lists, and Charter makes no effort at all to defend Professor Taylor's qualifications to offer opinions regarding non-infringing alternatives relevant to a reasonable royalty analysis other than an apparent effort to draw a straight line between "licensed" and "non-infringing alternative" with no support or analysis. For these reasons, Professor Taylor's opinions regarding non-infringing alternatives should be stricken.

But of course, Professor Taylor's Report is not as Charter describes. Professor Taylor's Report does not contain "affirmative factual testimony." Instead, the facts Charter identifies (which are not actually contested as relevant to Professor Taylor) instead are predicates for Professor Taylor's ultimate legal conclusions—that Charter is licensed ████████████████
████████████████████████████████████████████████████████████████████ . To arrive at

1

these conclusions, Professor Taylor provides no reliable analysis at all, instead he cites to Dr. Almeroth's report, quotes various agreements or recites uncontested facts, and then announces his ultimate legal conclusions. Such testimony will confuse, not aid, the jury and is not the proper subject of expert testimony. The Court should strike Professor Taylor's Report in its entirety.

### A. Professor Taylor's Expert Report contains no testimony that will assist the jury.

Charter purportedly has offered Professor Taylor's Report for the sole purpose of providing "affirmative factual testimony." Here, that "affirmative factual testimony" takes the form of citing Dr. Almeroth's report, reciting the language from various licensing agreements, and rendering legal conclusions. Because such testimony will not assist the trier of fact, no specialized knowledge has been used to render that "affirmative factual testimony," and no principles or methods at all were used to arrive at Professor Taylor's legal conclusions, the Report should be excluded.

#### i. There is no "analysis" within Professor Taylor's summary of Charter's license defense.

Just because Charter describes Professor Taylor's Report as containing "analysis" does not make it so. What testimony is Professor Taylor actually seeking to offer? Based on the Report, that testimony apparently is limited simply to restating Dr. Almeroth's conclusions, reading the relevant licenses to the jury, and then stating an ultimate legal conclusion—that Charter is licensed. For example, Charter cites to paragraphs 114–19 and 125–31 of Professor Taylor's Report to show that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. 144 at 3. However, these paragraphs only recite language in the licensing agreements and Dr. Almeroth's report. Professor Taylor offers nothing more. Instead, Professor Taylor's licensing "analysis" follows a simple formula (1) direct quote from the ▉▉▉▉▉▉▉ ▉▉▉▉▉▉ (2) reliance on Dr. Almeroth's Report; and (3) a conclusory announcement of

2

Professor Taylor's conclusion that Charter's actions were shielded by a license. *See* Dkt. 141, Ex. A, ¶¶ 117, 122, and 131. These conclusions will not assist the jury because Professor Taylor provides no information on how he reached his legal conclusions other than simply reading the license agreement. All of the above is true as well for Professor Taylor's "analysis" as to an ███████████████████████, which follows the same simple formula.

████████████████████████████████████████████████████████████████

██, Professor Taylor follows the same formula, but this time there's no contract for him to quote. Instead, Professor Taylor simply recites the ownership history of the patents and states that he understands from Dr. Almeroth that ████████████████████████████

Professor Taylor then appears to derive from that information that the ██████████████

████████████████████████████████ (that conclusion actually is entirely absent from his Report). Such testimony is improper and offers nothing for the jury.

### ii. There is no "analysis" within Professor Taylor's summary of Charter's non-infringing alternatives argument.

As an initial matter, Professor Taylor's opinions as to non-infringing alternatives should be stricken because Charter appears to concede as much. Specifically, Charter now asserts that Professor Taylor is being offered on three narrow factual issues—none of which are non-infringing alternatives, and the attendant economic and technical analysis needed to offer an opinion on non-infringing alternatives.[1] Charter offers no defense at all of Professor Taylor's non-infringing alternatives conclusions, other than to tacitly draw a straight line between "licensed" and "non-infringing alternative," with no support. But a license does not a non-infringing alternative make—as discussed in Entropic's motion, far more analysis, both technical and economic, is necessary to

---

[1] In case there was any doubt that Professor Taylor is attempting to offer opinions as to damages, his legal standards section includes relevant case law on lost profits and reasonable royalties.

3

determine whether any specific product is a feasible, available, and acceptable non-infringing alternative relevant to the hypothetical negotiation for any particular patent (including consideration of whether the purported product is even an "alternative" to the patentee's product when the proper hypothetical negotiation date is considered). Professor Taylor offers none of that required analysis, and is not qualified to make it. Indeed, Charter concedes that Professor Taylor is only being offered "as an expert in intellectual property transactions." Dkt. 144 at 5.

On the substance, however, Professor Taylor's opinions regarding available non-infringing alternatives suffers from the same defect above—there is no actual analysis aside from legal conclusions. Stripping away the quotations from the Patent Purchase Agreement and Dr. Almeroth's report, there remains only a few paragraphs that are simple conclusory statements. *See* Dkt. 141, Ex. A, ¶¶ 180, 181, 184, 203, 204, 207, and 208. These conclusions fail to address whether the allegedly non-infringing alternatives were available at the time of the hypothetical negotiation, at what time the hypothetical negotiation would occur, and which parties were engaged in the hypothetical negotiation. *See* Dkt. 141, § A(ii). Because Professor Taylor's conclusions lack reliable principles and methods, such as the basic determinations that must be made regarding the hypothetical negotiation, and Professor Taylor is not qualified to offer such opinions, Professor Taylor's opinions on non-infringing alternatives must be excluded.

### B. The factual issues Charter identifies are not actually disputed.

Charter asserts that Professor Taylor's testimony is limited to three factual issues which Charter states "*might* be disputed issues of fact." Dkt. 144 at 2. The word "might" is doing a lot of work. Entropic has never disputed any of these issues, as relevant to Professor Taylor's testimony.

As to the first issue, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Professor Taylor has no testimony to offer on the actual disputes between the parties—whether the asserted patents qualify ▮▮▮▮▮▮

4



▆▆▆▆ Dkt. 141, Ex. A, ¶ 66. Entropic does not dispute that Charter would be licensed if an asserted patent qualified as ▆▆▆▆ ▆▆▆▆. Professor Taylor's testimony therefore offers nothing of use to the jury because he has nothing to say about the actual disputed issues. Dkt. 144 at 6.

As to the second and third issue, ▆▆▆▆ ▆▆▆▆—facts Charter has acknowledged.[2] Again, there is nothing of use Professor Taylor can offer the jury on these uncontested issues.

## II.   CONCLUSION

Professor Taylor's Report provides nothing useful for the jury. His testimony will only serve to confuse the jury and waste valuable time. His Report is not, as Charter attempts to assert, directed to "disputed facts" or issues like "ultimate determinations of control and affiliate status" like the Court permitted in *Mobile Telecomms*. Entropic respectfully requests that Charter's Expert Report of David O. Taylor be excluded in its entirety. In the alternative, if the Court does not exclude Professor Taylor's Report in its entirety, Entropic requests that the Court grant Entropic leave to file a rebuttal report in response to the Report.

---

[2] ▆▆▆▆ ▆▆▆▆ *See* Exhibit A, Defendant's First Supplemental Objections and Responses to Plaintiff's Second Set of Interrogatories No. 18 (July 3, 2023).

Dated: August 18, 2023                              Respectfully submitted,

*/s/ James Shimota by permission Wesley Hill*
James Shimota - LEAD ATTORNEY
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on this eighteenth day of August, 2023.

               /s/ Wesley Hill
               Wesley Hill



## CERTIFICATE OF CONFERENCE

I hereby certify that the parties personally conferred by telephone on July 27, 2023 regarding Entropic's intent to file a motion to exclude the Expert Report of David O. Taylor.

               /s/ James A. Shimota
               James A. Shimota

# EXHIBIT A
# FILED UNDER SEAL