UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER COMMUNICATIONS, INC.'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY UNDER 35 U.S.C. §§ 102 AND 103**

I.  **Entropic's '362 Motion As To Zhang And/Or Favrat Should Be Denied**

Entropic concedes that Dr. Kramer "did not address claim element 11a1 in his validity [rebuttal] report." (Reply at 2.) Everything else Entropic offers on this point is attorney argument. Thus, as set out in Charter's opposition, in the face of Dr. Goldberg's ***unrebutted testimony*** and the language of Zhang itself, Entropic's reliance only on attorney argument cannot establish summary judgment of validity, and hence, Entropic's motion should be denied. (Opp. at 11–12.)

Entropic falsely accuses Charter of engaging in "misleading tactics" by purportedly "rewrit[ing] Dr. Goldberg's Opening Report as to Zhang." (Reply at 2.) This is not true. Dr. Goldberg acknowledged that Zhang does not use the word "mixer" but he then explained that it uses the term "multiply," which is a synonym for "mixer" to a POSITA. (Opp. at 12 (citing Dkt. 170-2 at ¶¶ 392–93); *see also id.* at 13–14 (citing Dkt. 170-4 at 203:24–204:24, 204:8–205:9, 205:22–206:20, 207:3–18, 210:3–9).) The '362 patent itself also equates multiplying with mixing: "Each of the mixers 211 and 221 ***multiplies (mixes)*** an amplified RF signal 203 with a respective first oscillator frequency signal 205 and a second oscillator frequency signal 207 . . . ." ('362 patent at 4:41–46.) Thus, Zhang describes a mixer module.

Charter provided cases showing that an anticipating reference need not use words of the claim *in haec verba* but may use other words if they mean the same thing to a POSITA. (Opp. at 13 (quoting, among other cases, *Google Inc. v. Intell. Ventures II LLC*, 701 Fed. Appx. 946, 953 (Fed. Cir. 2017) ("To anticipate a patent, a reference 'need not satisfy an *ipsissimis verbis* test.'")).) Entropic ignores these cases in its reply, citing instead to *Trintec* for the proposition that "strict identity" must exist between the anticipating reference and the claims. *Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002). This is misleading, as the lone clause cited by Entropic in *Trintec* was never meant to abrogate decades of precedent holding that anticipating references "need not satisfy an *ipsissimis verbis* test." *Adasa Inc. v. Avery Dennison Corp.*, 55

1

F.4th 900, 911 (Fed. Cir. 2022) ("[An anticipatory prior art] reference need not satisfy an *ipsissimis verbis* test.") (quoting *In re Gleave*, 560 F.3d 1331, 1334 (Fed. Cir. 2009)). Instead, the Federal Circuit ruled that the claim term "color photocopier" was mistakenly construed as "color printer," which in turn led to the incorrect finding that a prior art "color laser printer" could anticipate a "color photocopier." *Trintec*, 295 F.3d at 1295. It was important that the patent in *Trintec* expressly distinguished between photocopiers and laser printers, establishing that the term "printer" did not refer to a photocopier. *Id.* at 1295–96. The exact opposite is present here—the '362 patent equates, rather than distinguishes, the terms "multiplies" and "mixer." ('362 patent at 4:41–46.)

Entropic provides no evidence to support its motion—not a document nor any testimony. Dr. Kramer's report makes no mention of a "mixer," and Dr. Goldberg's expert opinion is totally unrebutted. (Opp. at 12 (citing Dkt. 170-2 at ¶ 392 (stating that the "multiplying" function of the Zhang "down converter" "is known in the art as 'mixing'")); *see also id.* at 13–14 (citing Dkt. 170-4 at 203:24–204:24, 204:8–205:9, 205:22–206:20, 207:3–18, 210:3–9).) Accordingly, Entropic's motion should be denied, and Charter's motion regarding '362 claims 11–12 should be granted.

**II.   Entropic's '362 Motion As To Dauphinee Should Be Denied**

Entropic argues that: (1) Charter does not identify opinions of Dr. Goldberg regarding Dauphinee's "mixer"; and (2) Dr. Goldberg's opinions improperly "disagree[] with Entropic's infringement theories." (Reply at 4.) As to the first argument, Charter cited ¶¶ 435–36 of Dr. Goldberg's report discussing Dauphinee's mixer. (Opp. at 15; *id.* at 9 (Resp. to SUF ¶ 14).)

Turning to the second argument, Entropic relies on *Genband US LLC v. Metaswitch Networks Corp.*, for the proposition that experts cannot "apply the adverse party's infringement theory ***to affirmatively conclude*** that the patent is invalid." No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530, at *3 (E.D. Tex. Sept. 30, 2015). But that is not what Dr. Goldberg does. As set out in its opposition motion, Charter explained that "Dr. Goldberg believes the digital tuner in the Charter

2

products does ***not*** meet the 'downconverting, by a mixer module . . .' limitation of '362 claim 11, but, if it does, then the digital tuner in Dauphinee would also meet the same claim element." (Opp. at 15 (citing Dkt. 170-2 at ¶ 436).) Dr. Goldberg's opinions comport with *Genband*, which further holds that "an expert is permitted to opine that a party's infringement theories are incorrect" and may "also point out contradictions or inconsistencies between a party's infringement and validity theories." *Genband*, 2015 WL 12911530, at *3. Indeed, if a digital tuner meets the "downconverting, by a mixer module . . ." limitation, then the digital tuner of Dauphinee would necessarily meet the same claim element, else it would be a contradiction between Entropic's infringement and validity theories.

Accordingly, Entropic's motion should be denied, and Charter's motion that '362 claims 11 and 12 are invalid in view of Dauphinee should be granted.

### III.     Entropic's '775 Motion As To Dong And Brooks Should Be Denied

Dr. Goldberg's opinion that Dong ***alone*** invalidates '775 claim 18 is not a "new" invalidity theory. (Reply at 4.) Entropic's argument is based on the heading in Dr. Goldberg's report (titled "Dong in Combination with Brooks") and the fact that he discusses Brooks. (*Id.* at 4–5.) Whatever the heading says, Dr. Goldberg clearly argues invalidity of claim 18 based on Dong alone. (Opp. at 16 (citing Dkt. 170-2 (citing the specific paragraphs where Dr. Goldberg concludes that Dong alone discloses or suggests each and every limitation of claim 18)).) Entropic cites ¶ 64 to say that Dr. Goldberg relies on "Brooks alone" for limitation 18[b] (Reply at 4–5), but this is not true. Dr. Goldberg looks to Brooks to show an example of what he says is clearly suggested by Dong, *i.e.*, the ability to upgrade one part of the device independently of other parts. (Dkt. 170-2 at ¶ 46.) He concludes "[i]t is therefore my opinion that Dong discloses or renders this limitation obvious." (*Id.* at ¶ 68.)

3

Entropic argues that "Charter rewrites Paragraphs 63 and 64 of Dr. Goldberg's Opening Report to state that software upgrades were known in the art." (Reply at 5.) This is not at all what Charter argued in its opposition. Charter quoted and cited Dr. Goldberg's report verbatim. (Opp. at 17 (citing Dkt. 170-2 at ¶ 64 n.4).) Entropic is the only one trying to rewrite things.

Entropic also argues that Charter is silent on Entropic's hindsight argument. (Reply at 5.) Not so. In its motion, Entropic equated Dr. Goldberg to the expert from *InTouch* (Dr. Yanco) to imply that hindsight reconstruction guided his analysis. (Mot. at 13.) Charter responded that, in contrast to Dr. Yanco, whose "testimony was plagued with numerous problems," "Dr. Goldberg provided ample reasons in his report to combine the art, which he intends to explain to the jury at trial." (Opp. at 18.)

Entropic now abandons its reliance on *InTouch*, citing instead *Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc.*, 183 F.3d 1347 (Fed. Cir. 1999), to suggest that summary judgment is appropriate. *Smiths* was decided on appeal after a complete record had been made at trial. And, like *InTouch*, the circumstances in this case differ significantly. For example, the district court "never identified the source of the various claim limitations in the prior art, much less a motivation, teaching or suggestion to combine them." *Id.* at 1356. The defendants argued only "that the suggestion to combine references may come from the knowledge and common sense of a person of ordinary skill in the art." *Id.* By contrast, Goldberg identifies the claim limitations in the prior art and provides reasons in his report to combine the art into the claimed invention. As such, there is evidence on which a jury could find a rationale for combining Dong with Brooks. *See TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1341 (Fed. Cir. 2010).

**IV.    Entropic's '008 Motion As To Narita And Coyne Should Be Denied**

Entropic ignores Charter's argument that Dr. Goldberg opines that Coyne itself inherently discloses the "signal monitor" element. (Opp. at 18.) For this reason alone, Entropic's motion

4

should be denied. Entropic again accuses Charter of rewriting Dr. Goldberg's opinions based on his deposition testimony. (Reply at 6.) But his deposition simply follows what is in his report. (Opp. at 18.)

None of the cases Entropic cites supports a summary judgment of no invalidity. Both *Securus Techs., Inc. v. Glob. Tel*Link Corp.*, 701 Fed. Appx. 971 (Fed. Cir. 2017) and *Microsoft Corp. v. Enfish, LLC*, 662 Fed. Appx. 981 (Fed. Cir. 2016) were decided on appeal from *inter partes* reviews in the Patent Office. In *Securus*, the court held "that a broad characterization of [two pieces of prior art] as both falling within the same alleged field . . . without more, is not enough for Securus to meet its burden of presenting a sufficient rationale to support an obviousness conclusion." *Securus*, 701 Fed. Appx. at 977. In *Microsoft*, the court reached a similar conclusion. *Microsoft*, 662 Fed. Appx. at 990. Here, Dr. Goldberg did not base his opinions only on an assertion that Narita and Coyne are both within in the same field as the patent (though they are). Rather, he also opined that Narita focuses on "very much the [same] problem" addressed in Coyne including "characteristic[s] of signals, signal strength, . . . desired signal to unwanted signal ratio, [and] the carrier noise ratio." (Dkt. 170-4 at 149:19–150:12.)

## V. Entropic Is Not Entitled To A Blanket Declaration Of Validity

Entropic sought a blanket declaration of validity in its motion based on its motion to strike Dr. Goldberg's opinions. (Mot. at 11.) Charter showed how Entropic failed to tie any testimony it sought to strike to any specific issue that would require expert testimony to avoid summary judgment. (Opp. at 19.) Charter gave an example of an issue that would survive summary judgment even without Dr. Goldberg's testimony. (*Id.*) In reply, Entropic still fails to connect its motion to strike to any specific summary judgment arguments. Entropic's motion should be denied.

## VI. CONCLUSION

Charter respectfully asks the Court to deny Entropic's motion for summary judgment.

5

Dated: October 11, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

                                                   */s/ Elizabeth Long*
                                                   Elizabeth Long