# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S SUR-REPLY IN OPPOSITION TO ENTROPIC'S MOTION FOR
SUMMARY JUDGMENT OF VALIDITY UNDER 35 U.S.C. § 101**

## I.     '690 CLAIMS 1, 7–9, 15–16 ARE DIRECTED TO ABSTRACT IDEAS

Entropic is correct that the purpose of the claimed probe "is stated clearly in the Court's construction for 'probe'" (Dkt. 243 ("Reply") at 2), but this does not save the claims from being abstract. The Court's construction defines a "probe" as a signal *capable* of being used to determine channel characteristics, there is nothing in the claims requiring the probe to actually *be used for anything*, much less to determine such channel characteristics. (*See* Dkt. 209 ("Opp.") at 7.) Entropic does not dispute this. It concedes that the claims recite only "generating and transmitting network probes" and do not recite any elements involving using the probes to determine characteristics of a communication channel. (*See* Reply at 2.) Thus, "[t]he claims are not directed to a technological solution to a technological problem." *First-Class Monitoring, LLC v. United Parcel Serv. of Am., Inc.*, 389 F. Supp. 3d 456, 466 (E.D. Tex. 2019).

Entropic does not dispute "the fact that [the claims] are performed by generic computing devices." (Opp. at 8.) Accordingly, Entropic's Motion should be denied as to the '690 claims. *See BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1285 (Fed. Cir. 2018) ("If a claimed invention only performs an abstract idea on a generic computer, the invention is directed to an abstract idea at step one."); *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 611–12 (Fed. Cir. 2016).

## II.    '008 CLAIMS 1–6 AND '826 CLAIMS 1–4, 6, 8–9 ARE DIRECTED TO ABSTRACT IDEAS

Entropic argues that the '008 and '826 claims are not directed to an abstract idea because they claim "a specific, structured, combination of defined physical elements." (Reply at 3.) This is a red herring, because Entropic does not contest that these "physical elements" are generic "circuits of a receiver" or generic computing devices, including "an analog-to-digital converter, a signal monitor, a data processor, and a channelizer." (Opp. at 10.) The Federal Circuit has rejected claims under *Alice* step one where, despite reciting "concrete, tangible components," "the recited physical

1

components merely provide a generic environment in which to carry out the abstract idea" *In re TLI*, 823 F.3d at 611; *BSG Tech*, 899 F.3d at 1285 ("If a claimed invention only performs an abstract idea on a generic computer, the invention is directed to an abstract idea at step one."). Here, Entropic's "specific, structured, combination of defined physical elements" "merely provide a generic environment in which to carry out the abstract idea." *In re TLI*, 823 F.3d at 611–12.

Entropic argues that the '008 and '826 patent claims "solve[] a technical problem—how to analyze the network's operation and report results without interrupting user service—thus providing a specific improvement to the performance of set top boxes and cable modems." (Reply at 3.) Whether Entropic's purported invention solved a problem does not make it non-abstract; this is an *Alice* step two argument, not an *Alice* step one argument. At any rate, as Charter already explained (Opp. at 10–11), Entropic's own definition of its purported solution was already described in the prior art Caporizzo patent:

| *Entropic's description of the '008/'826 invention* | *Caporizzo prior art (Dkt. 209-6 (Ex. G))* |
|---|---|
| • "analyze the network's operation and report results without interrupting user service" (Reply at 3.) | • "The system of the present invention detects problems with the CATV transmission network 5 before a subscriber is aware of the problem." (3:39–41)<br><br>• "Accordingly, the CATV network provider will be able to diagnose and correct many CATV system faults even before subscribers notice a degradation in service." (6:40–43) |

### III. '362 CLAIMS 11 AND 12 ARE DIRECTED TO AN ABSTRACT IDEA

Entropic argues that the '362 claims are not directed to an abstract idea because they recite "the use of a specific tuner architecture." (Reply at 4.) While the specification may describe some specific components that can be used, the claims do not receive **any** specific tuner architecture. Rather, the only structure recited is "in a wideband receiver" and the remaining elements are simply steps or functional blocks (e.g., a mixer module) performed by any generic structures. A claim fails *Alice* step one if it is directed only to "generic/conventional components performing their generic/conventional functions." (Opp. at 12–13.) In the '362 claims, "the recited physical components merely provide a generic environment in which to carry out the abstract idea" of downconverting, digitizing, selecting (filtering), and outputting television channels. *In re TLI*, 823 F.3d at 611 (Fed. Cir. 2016).

### IV. '682 CLAIMS 1–3 ARE DIRECTED TO AN ABSTRACT IDEA

Entropic does not dispute that the asserted claims recite only functional, results-oriented steps "without any detail as to how these results are achieved in a non-abstract way." (Opp. at 15; *see also* Reply at 5 (stating that the claims "recite **functions** of a CMTS").) Entropic's attempt to distinguish *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329 (Fed. Cir. 2017), is not persuasive. Entropic argues that, in *Two-Way Media*, "[t]here is no recitation of structure aside from 'a communications network' and 'users,' hence why the claims amounted to nothing more than 'functional results.'" (Reply at 5.) But the facts here are similar. There is no recitation of structure aside from a CMTS, and the claims merely "recite functions of a CMTS." (*See* Reply at 5; Opp. at 14–15.) The CMTS is simply a generic computer that sends and receives information to and from cable modems. (*Id.*). As in *Two-Way Media*, the '682 claims are abstract.

Entropic asserts that Charter argued ineligibility because the claims do not involve a "physical change." (Reply at 5.) This is not what Charter argued. In fact, it was Entropic who

3

argued that "[t]he claimed subject matter 'purposefully arranges the components in a distributed architecture'" and was, therefore, patent eligible. (Dkt. 181 at 15–16.) Charter then explained that there was "no purposeful arrangement of various components" and that "every step of the asserted claims is performed by a conventional component of a cable network" (Opp. at 15), neither of which Entropic disputes in its Reply. The '682 claims are abstract under *Alice* step one.

## V. CONCLUSION

Charter respectfully requests that the Court deny Entropic's motion for summary judgment.

Dated: October 11, 2023
Respectfully submitted,

*/s/Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long