# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff*, v. CHARTER COMMUNICATIONS, INC., *Defendant*. | Case No. 2:22-cv-00125-JRG **JURY TRIAL DEMANDED**  |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S MOTION FOR SUMMARY JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS**

**TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | STATEMENT OF ISSUES TO BE DECIDED BY THE COURT | | 1 |
| II. | STATEMENT OF UNDISPUTED FACTS ("SUF") | | 1 |
| III. | LEGAL STANDARD | | 3 |
| | A. | Summary Judgment | 3 |
| | B. | Standards Essentiality | 4 |
| IV. | ARGUMENT | | 5 |
| | A. | Dr. Almeroth Fails to Perform an Element-By-Element Analysis | 5 |
| | | i. The '008 and '826 Patents | 6 |
| | | ii. The '682 Patent | 7 |
| | B. | Dr. Almeroth Lacks Analysis on Essentiality for the '776, '690, '008,'362, '826, and '682 Patents | 8 |
| | | i. The '775 and '362 Patents | 8 |
| | | ii. The '690 Patent | 8 |
| | | iii. The '008 and '826 Patents | 9 |
| | | iv. The '682 Patent | 9 |
| | C. | Entropic's Infringement Contentions Show How Far-Fetched Charter's License Defense Is | 10 |
| V. | CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  466 U.S. 242 (1986) ..................................................................................................................4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ..................................................................................................................4

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
  No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963 (E.D. Tex. July 12, 2016) ............................5

*Duffy v. Leading Edge Prods., Inc.*,
  44 F.3d 308 (5th Cir. 1995) .......................................................................................................4

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
  967 F.3d 1380 (Fed. Cir. 2020) .........................................................................................passim

*INVT SPE LLC v. Int'l Trade Comm'n*,
  46 F.4th 1361 (Fed. Cir. 2022) ...............................................................................................4, 5

*Optis Wireless Tech., LLC v. Huawei Techs. Co. Ltd.*,
  2:17-cv-123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) ......................5, 7, 9, 10

*Seacor Holdings, Inc. v. Commonwealth Ins. Co.*,
  635 F.3d 675, 680 (5th Cir. 2011) .............................................................................................4

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*,
  103 F.3d 1571 (Fed. Cir. 1997) .................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 56(a) .......................................................................................................................4

Local Rule CV-5(a) .......................................................................................................................15

Defendant Charter Communication, Inc. ("Charter") has asserted that it is entitled to a free license to *all* of the Patents-in-Suit, by way of the intellectual property rules of the DOCSIS cable standards group. DOCSIS members voluntarily agree to provide a free license, which states that "'<u>Licensed Products</u>' means ███████████████████████████████████████ ███████████████████████████████████████" Ex. A, DOCSIS License at 2 (emphasis added). Accordingly, Charter's DOCSIS license defense cannot succeed without proving essentiality to the DOCSIS Specifications. However, none of the Patents-in-Suit are essential to any DOCSIS Specification, and it is not close. *See infra* at § V.C.

Charter's license affirmative defense rests solely upon the opinions of Charter's technical expert, Dr. Kevin Almeroth. But Dr. Almeroth fails to perform the required element-by-element comparison of any claim of any Patent-in-Suit to the DOCSIS Specifications necessary to show essentiality. *See* Dkt. 175, Mot. to Strike Almeroth at II.a.i-iv. Thus, Charter lacks competent summary judgment evidence that any claim of any Patent-in-Suit is essential to any DOCSIS Specifications. In turn, Charter's DOCSIS license defense fails as a matter of law and Plaintiff Entropic Communications, LLC ("Entropic") is entitled to summary judgment.

I.  **STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

Whether the Court should grant summary judgement that Charter's license defense fails as a matter of law.

II.  **STATEMENT OF UNDISPUTED FACTS ("SUF")**

1. The Patents-in-Suit are U.S. Patent No. 8,223,775 (the "'775 Patent"); U.S. Patent No. 8,284,690 (the "'690 Patent"); U.S. Patent No. 8,792,008 (the "'008 Patent"); U.S. Patent No. 9,210,362 (the "'362 Patent") U.S. Patent No. 9,825,826 (the "'826 Patent"); and U.S. Patent No. 10,135,682 (the "'682 Patent"). *See* Dkts. 97-1 to 97-6.

2. The Asserted Claims are claims 18 and 19 of the '775 Patent; claims 7 and 8 of the '690 Patent; claims 1, 2, 3, 4, 5 and 6 of the '008 Patent; claims 11 and 12 of the '362 Patent; claims 1, 6, 8 and 9 of the '826 Patent; and claims 1, 2, and 3 of the '682 Patent.



3. The ███████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████" Ex. A, ██████████ at 2.

4. The ███████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████" *Id*.

5. The ███████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████" *Id*.

6. ███████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████

7. In order to reach his conclusion that certain of the Patents-in-Suit were essential to the alleged DOCSIS specifications, Dr. Almeroth compared the claims of the Patents-in-Suit to Entropic's infringement contentions. Ex. C, Almeroth Tr. at 49:8–11.

8. Charter is able to deploy DOCSIS compatible cable modems without utilizing ██████████████████ Boglioli Tr. at 163:10–25, 164:12–166:10.

9. Charter is able to deploy DOCSIS compatible cable modems without utilizing

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ("PMA"). *Id*. at 167:22–168:2.

10. Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address Asserted Claims (claims 7 and 8) of the '690 Patent. Ex. D, Opening Expert Report of Dr. Almeroth ("Almeroth Rep.") ¶¶ 34–41.

11. Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address Asserted Claims 2–6 of the '008 Patent. Almeroth Rep. ¶¶ 46–52, 58–61.

12. Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address Asserted Claims 6, 8 and 9 of the '826 Patent. Almeroth Rep. ¶¶ 46–47, 53–61.

13. Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address Asserted Claims 2 and 3 of the '682 Patent. *Id*. at ¶¶ 64–73.

14. Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address '775 Patent or the '362 Patent. Almeroth Rep. ¶ 74.

### III.   LEGAL STANDARD

#### A.   Summary Judgment

Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 466 U.S. 242, 248 (1986). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citing *Liberty Lobby*, 477 U.S. at 247). All evidence is viewed in the light most favorable to the party resisting the motion. *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011). The standard for summary judgment is two-fold: (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law. A defendant must prove a license defense by a

preponderance of the evidence. *See Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1576 (Fed. Cir. 1997) (requiring defendant to prove its license defense by a preponderance of the evidence). When the party seeking summary judgment demonstrates the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show that there is a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is mandated when there is "a complete failure of proof concerning an essential element of the nonmoving party's case [which] necessarily renders all other facts immaterial." *Id*. at 323.

  **B. Standards Essentiality**

"Claims are standard essential if 'the reach of the claims includes any device that practices the standard.'" *INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1377 (Fed. Cir. 2022) (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010)). In other words, "all implementations of a standard infringe the claim" and the "patent covers every possible implementation of a standard." *Id*. "Claims are standard essential if 'the reach of the claims includes any device that practices the standard.'" *INVT SPE*, 46 F.4th at 1377 (quoting *Fujitsu*, 620 F.3d at 1327). According to the Federal Circuit, "[e]ssentiality is, after all, a fact question about whether **the claim elements** read onto mandatory portions of a standard that standard-compliant devices must incorporate." *See Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1385 (Fed. Cir. 2020) (emphasis added). The Federal Circuit has further advised that the essentiality inquiry "is more akin to an infringement analysis (comparing claim elements to an accused product) than to a claim construction analysis (focusing, to a large degree, on intrinsic evidence and saying what the claims mean)." *Id*. Thus, showing that a claim is standard essential requires an element-by-element analysis of the claim language. *See generally Optis Wireless Tech., LLC v. Huawei Techs. Co. Ltd.*, 2:17-cv-123-JRG-RSP, 2018 WL 3375192,

4

*1 (E.D. Tex. July 11, 2018) (describing proving infringement of a standard essential patent "by showing that (1) the standard necessarily meets the elements of the claim").

IV. ARGUMENT

For Charter's license defense, it asserts that certain of the Patents-in-Suit are standard-essential with respect to certain alleged DOCSIS Specifications, and therefore, Charter is licensed to all of the Patents-in-Suit. Dr. Almeroth, however, failed to conduct the proper analysis in multiple respects. Because essentiality depends on objective findings, *i.e.*, whether practicing the relevant standard in fact infringes the Patents-in-Suit, and it is Charter's burden to prove essentiality to support its license defense, no reasonable juror could find that Charter has satisfied its burden of proving essentiality. Finally, Charter has admitted that it has no information regarding the essentiality of any Patent-in-Suit to the alleged DOCSIS Specifications outside of its expert witnesses' opinions, and thus Charter is unable to present any other evidence to support its license defense. *See* SUF 6.

A. Dr. Almeroth Fails to Perform an Element-By-Element Analysis

To demonstrate a patent is essential to a standard, Charter must show that all of the "***the claim elements*** read onto mandatory portions of a standard." *Godo Kaisha*, 967 F.3d at 1385. Dr. Almeroth failed to perform an element-by-element analysis of the Patents-in-Suit against the alleged DOCSIS Specifications; thus, Charter's claim of essentiality and license defense fails. Instead, Dr. Almeroth compared Entropic's ***infringement contentions*** to the alleged DOCSIS Specifications. SUF 7. Dr. Almeroth confirmed his essentiality analysis is ▬▬▬▬ ▬▬▬▬ and ▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Almeroth Tr. at 21:18–22:2. This is insufficient for Charter to meet its burden. Indeed, an "expert may not propound a theory he or she considers unreliable (*i.e.*, Plaintiff's infringement theory) in attempting to meet Defendants' burden of proof

5

on the issue of invalidity." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963, at *3 (E.D. Tex. July 12, 2016). The same rationale applies here.

            **i.**        **The '008 and '826 Patents**

Dr. Almeroth provides the opinion that "the '008 and '826 patents would be essential for compliance with the DOCSIS standard." Almeroth Rep. ¶ 61. Nowhere does Dr. Almeroth provide an element-by-element analysis comparing the claim language of the '008 and '826 Patents to the DOCSIS Specifications he alleges are essential. Specifically, Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address whatsoever the claim elements "a data processor operable to process a television channel to recover content carried on the television channel" and "a channelizer operable to: . . . concurrently output said first portion of said digitized signal to said signal monitor and said second portion of said digitized signal to said data processor" of the '008 Patent. Almeroth Rep. ¶¶ 48–52. Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS Specifications with respect to claim 1 of the '826 Patent also fails to address the claim elements "selecting a second portion of said digitized signal" and "processing said selected second portion of said digitized signal to recover information carried in said plurality of channels." Almeroth Rep. ¶¶ 53–57. This alone is a reason to grant summary judgement for Entropic on Charter's license defense with respect to the '008 and '826 Patents. *See Godo Kaisha*, 967 F.3d at 1385; *Optis Wireless*, 2018 WL 3375192 at *1.

Additionally, in reaching his conclusion, Dr. Almeroth generally points to █████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████████████ Almeroth Rep. ¶¶ 48–58. Dr. Almeroth alleges that █████████████████████████████████████████ █████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ Almeroth Rep. ¶ 61.

6

Even more egregious than failing to do an element-by-element analysis is the fact that the Charter has stated it can deploy DOCSIS compatible cable modems ▉▉▉▉▉▉▉▉▉▉▉▉. SUF 8. This undeniably demonstrates that Dr. Almeroth is relying on functionality for his essentiality analysis that is not "necessary for purposes of conforming to the Specifications." DOCSIS License at 2.

      **ii.**      **The '682 Patent**

Dr. Almeroth provides the opinion that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Almeroth Rep. ¶ 73. However, Dr. Almeroth fails to address the following elements of claim 1: "generating, by said CMTS for each one of said plurality of service groups, a composite SNR-related metric based at least in part on a worst-case SNR profile of said SNR-related metrics corresponding to said one of said plurality of service groups"; and "selecting, by said CMTS, one or more physical layer communication parameter to be used for communicating with said one of said plurality of service groups based on said composite SNR-related metric." Almeroth Rep. ¶¶ 64–73. This alone is a reason to grant summary judgement for Entropic on Charter's license defense with respect to the '682 Patent. *See Godo Kaisha*, 967 F.3d at 1385; *Optis Wireless*, 2018 WL 3375192 at *1.

Dr. Almeroth, in reaching these conclusions, relies solely on a DOCSIS technical report, as opposed to a DOCSIS specification – DOCSIS 3.1 Profile Management Application Technical Report (CM-TR-PMA-V01-180530). Almeroth Rep. ¶¶ 67–73. Specifically, Dr. Almeroth points to the use of PMA in DOCSIS compliant devices in reaching his conclusion. Almeroth Rep. ¶¶ 59–60. Dr. Almeroth alleges that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Almeroth Rep. ¶ 73. However, Charter has stated that it is able to deploy DOCSIS compatible cable modems ▉▉▉▉▉▉▉▉▉▉▉▉. SUF 9. Like with the '008 and '826 Patents,

this definitively demonstrates that Dr. Almeroth is relying on functionality for his essentiality analysis that is not "necessary for purposes of conforming to the Specifications." DOCSIS License at 2.

> **B.  Dr. Almeroth Lacks Analysis on Essentiality for the '776, '690, '008,'362, '826, and '682 Patents**

Even if the Court were to overlook Dr. Almeroth's incorrect comparison of Entropic's infringement contentions to the alleged DOCSIS Specifications, instead of comparing the claims of the Patents-in-Suit to the alleged DOCSIS Specifications, he completely ignores and provides no analysis whatsoever of certain elements of claim 1 of the '008 Patent, claim 1 of the '826 Patent, and claim 1 of the '682 Patent. He also provides no analysis for the entirety of claims 18 and 19 of the '775 Patent; claims 7 and 8 of the '690 Patent; claims 2–6 of the '008 Patent; claims 11 and 12 of the '362 Patent; claims 6, 8 and 9 of the '826 Patent; and claims 2 and 3 of the '682 Patent. For these, Entropic automatically defeats Charter's license defense since Charter cannot show that those Asserted Claims are "necessary for purposes of conforming to the Specifications." *See* DOCSIS License at 2.

> **i.  The '775 and '362 Patents**

Charter's expert does not offer the opinion that claims 18 and 19 of the '775 Patent and claims 11 and 12 of the '362 Patent are essential. *See* SUF 14. Since these are all of the Asserted Claims for the '775 and '362 Patents, Entropic is entitled to summary judgment that Charter does not have a license defense as to the '775 and '362 Patents.

> **ii.  The '690 Patent**

Dr. Almeroth provides the opinion that ███████████████████████████████████████████████████████████████████████████████████████████████████ Almeroth Rep. ¶ 41. Dr. Almeroth alleges that ██████

8

██████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████ *Id.* This demonstrates that his opinion is based solely on his analysis of claim 1 of the '690 Patent, which is not an Asserted Claim. Dr. Almeroth fails to provide *any* analysis of the Asserted Claims of the '690 Patent (claims 7 and 8). *See* SUF 10. Because Dr. Almeroth failed to conduct an element by element analysis of these claims to the DOCSIS Specification, he cannot demonstrate essentiality of the DOCSIS Specification as to the Asserted Claims of the '690 Patent. *See Godo Kaisha*, 967 F.3d at 1385; *Optis Wireless*, 2018 WL 3375192 at *1.

### iii. The '008 and '826 Patents

Dr. Almeroth fails to specifically address two limitations from claim 1 of the '008 Patent, two limitations from claim 1 of the '826 Patent, and all limitations of claims 2–6 of the '008 Patent and claims 6, 8, and 9 of the '826 Patent. *See* SUF 11–12. Because Dr. Almeroth failed to conduct an element by element analysis to the DOCSIS Specification for certain elements of claim 1 of the '008 Patent, the entirety of claims 2–6 of the '008 Patent, certain elements of claim 1 of the '826 Patent, and the entirety of claims 6, 8 and 9 of the '826 Patent, he cannot demonstrate essentiality of the DOCSIS Specification as to the Asserted Claims of the '008 and '826 Patents. *See Godo Kaisha*, 967 F.3d at 1385; *Optis Wireless*, 2018 WL 3375192 at *1. Furthermore, Charter has admitted that it is able to deploy DOCSIS compatible cable modems ███████████████, which forms the basis of Dr. Almeroth's opinion on essentiality for the '008 and '826 Patents. *See* SUF 8.

### iv. The '682 Patent

Dr. Almeroth fails to address every element of claim 1 of the '682 Patent and does not even attempt to address claims 2 and 3. *See* SUF 13. Because Dr. Almeroth failed to conduct an element by element analysis of these claims to the DOCSIS Specification, he cannot demonstrate

9

essentiality of the DOCSIS Specification as to the Asserted Claims of the '682 Patent. *See Godo Kaisha*, 967 F.3d at 1385; *Optis Wireless*, 2018 WL 3375192 at *1. Furthermore, Charter had admitted it is able to deploy DOCSIS compatible cable modems ▓▓▓▓▓, which forms the basis of Dr. Almeroth's opinion on essentiality for the '682 Patent. *See* SUF 9.

### C. Entropic's Infringement Contentions Show How Far-Fetched Charter's License Defense Is

Entropic's infringement contentions demonstrate that no reasonable juror would find the Asserted Claims of the Patents-in-Suit are essential to the alleged DOCSIS Specifications relied on by Dr. Almeroth. As shown in the table below, for many of the elements, DOCSIS specifications or documentation created by CableLabs are not mentioned or relied upon:

| Claim Element[1] | Documents Cited In Infringement Contentions |
|---|---|
| '008 Patent 1(g) - "a channelizer operable to:" | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Aside from ENTROPIC_CHARTER_0002505, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ▓▓▓. |
| '008 Patent 3(c) - "receiving a signal having a bandwidth that spans from a first frequency, $F_{lo}$, to a second frequency, $F_{hi}$, wherein said signal carries a plurality of channels;" | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Aside from BCM0000153, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ▓▓▓. |
| '826 Patent 1(h) - "analyzing said selected first portion of said digitized signal to measure | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |

---

[1] Dr. Almeroth does not analyze the '775 or '362 Patents for essentiality, and thus they are not addressed in this chart.

| | |
|---|---|
| a characteristic of said received signal; and" |   Aside from ENTROPIC_CHARTER_0002505 and BCM0000153, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ▮. |
| '826 Patent 1(h) - "controlling the transmission of network management messages back to said headend based on said measured characteristic of said received signal, wherein said measured characteristic is different than said network management messages." | ▮  Aside from ENTROPIC_CHARTER_0002505 and BCM0000153, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ▮. |
| '682 Patent 1(c) - "assigning, by said CMTS, each cable modem among a plurality of service | ▮ |



| | |
|---|---|
| groups based on a respective corresponding SNR-related metric;" | All of the above documents were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ▇ |
| '682 Patent 1(d) - generating, by said CMTS for each one of said plurality of service groups, a composite SNR-related metric based at least in part on a worst-case SNR profile of said SNR-related metrics corresponding to said one of said plurality of service groups; | The two documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ▇. |
| '690 Patent 15 - "The method of claim 9, wherein the probe request is configured to diagnose a network problem." | Aside from COMM00010008, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ▇ |

Thus, Dr. Almeroth's reliance on Entropic's infringement contentions is inadequate and fails to show essentiality.

## V.  CONCLUSION

For the foregoing reasons, Entropic respectfully requests that the Court grant summary judgment in favor of Entropic dismissing Charter's license defense.

12

Dated: September 11, 2023                                    Respectfully submitted,

/s/ *James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

14

15

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on September 11, 2023.

                                                */s/ James Shimota*
                                                James Shimota



15

# EXHIBIT A - D

# FILED UNDER SEAL