**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| *Plaintiff*, | Case No. 2:22-cv-00125-JRG |
| v. | **JURY TRIAL DEMANDED** |
| CHARTER COMMUNICATIONS, INC., | ███████████████ |
| *Defendant*. | |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S MOTION FOR SUMMARY**
**JUDGMENT OF NO UNCLEAN HANDS DEFENSE**

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................................ 1

II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .................................. 1

III.    STATEMENT OF UNDISPUTED FACTS ................................................................... 1

IV.    LEGAL STANDARD ..................................................................................................... 3

       A.      Summary Judgment ............................................................................................ 3

       B.      Unclean Hands .................................................................................................... 4

V.      ARGUMENT ................................................................................................................... 4

       A.      Charter's Defense of Unclean Hands ................................................................. 4

              i.      Charter Improperly Relies on Acts of a Third Party ................................. 4

              ii.     Charter Fails to Point to Any Egregious Conduct to Support its Defense .. 6

VI.    CONCLUSION ................................................................................................................ 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alcatel USA, Inc. v. DGI Techs., Inc.*,
    166 F.3d 772 (5th Cir. 1999) ...............................................................................4, 5

*Allergan, Inc. v. Teva Pharms. USA, Inc.*,
    2017 WL 119633 (E.D. Tex. Jan. 12, 2017)............................................................4

*Anderson v. Liberty Lobby, Inc.*,
    466 U.S. 242 (1986).................................................................................................3

*Aptix Corp. v. Quickturn Design Sys., Inc.*,
    269 F.3d 1369 (Fed. Cir. 2001)...........................................................................1, 5

*Duffy v. Leading Edge Prods., Inc.*,
    44 F.3d 308 (5th Cir. 1995) ....................................................................................3

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
    No. 15-1202, 2017 WL 275465 (E.D. Tex. Jan. 20, 2017) (Bryson, J.)..................4

*iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*,
    No. 14-1080, 2016 WL 3675136 (E.D. Tex. Mar. 25, 2016) ...............................4, 5

*Keystone Driller Co. v. Gen. Excavator Co.*,
    290 U.S. 240 (1933).................................................................................................4

*In re Omeprazole Patent Litig.*,
    483 F.3d 1364 (Fed. Cir. 2007)...............................................................................4

*Seacor Holdings, Inc. v. Commonwealth Ins. Co.*,
    635 F.3d 675, 680 (5th Cir. 2011) ...........................................................................3

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011)...............................................................................4

**Other Authorities**

Fed. R. Civ. P. 56(a) ....................................................................................................3

Local Rule CV-5(a)........................................................................................................8

## I.      INTRODUCTION

Defendant Charter Communications, Inc. ("Charter") seeks to avoid liability for its significant infringement by claiming that Plaintiff Entropic Communications, LLC ("Entropic") should be equitably estopped from enforcing the Patents-in-Suit because of unclean hands. This defense, laid out in Charter's answer, interrogatory responses, and corporate testimony, rests on Charter's contention that conduct of the prior patent owner, MaxLinear, Inc. ("MaxLinear"), should be attributed to Entropic even though this conduct occurred over three months ***after*** the Patents-in-Suit were sold to Entropic. This is contrary to the law as unclean hands is limited to the wrongdoer. *See Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1375 (Fed. Cir. 2001). Moreover, the MaxLinear conduct that Charter relies upon fails to rise to a level of unconscionablity required for a finding of unclean hands. Entropic is entitled to summary judgment because the undisputed facts establish that the conduct Charter relies upon for its defense of unclean hands was not Entropic's conduct and does not rise to the level necessary for a finding of unclean hands.

## II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether the Court should grant summary judgement that Charter's defense of unclean hands fails as a matter of law.

## III.    STATEMENT OF UNDISPUTED FACTS

1.  ███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████

---

[1]   The exhibits cited herein are attached to the declaration of James Shimota submitted herewith.

2.      Charter's defense of unclean hands is based completely on ███████████ ███████████████████████ Dkt. 101 at 15; *see also* Charter's Supp. Resp. to Rog No. 37 at 47-49.

3.      ████████████████████████████████████ ███████████████████████████

4.      ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████

5.      ████████████████████████████████████ ███████████████████████████

6.      ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████ Charter's Supp. Resp. to Rog No. 37 at 47-49; Boglioli Tr. at 187:17-193:17.

7.      ████████████████████████████████

8.      Charter's corporate witness testified that Charter has no facts to suggest that ██████████████████████████. *See* Boglioli Tr. at 190:3-191:18.

9.      Charter has not identified ███████████████████████ ███████████████████  ████████████████████████████████" Boglioli Tr. at 191:9-18.

10.  Boglioli

Tr. at 193:3-5.

11. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ *Id.*

12. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See*

Boglioli Tr. at 191:19-25.

13. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Boglioli Tr. at 191:25-193:2.

14. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.*

## IV.    LEGAL STANDARD

### A.    Summary Judgment

Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 466 U.S. 242, 248 (1986). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citing *Liberty Lobby*, 477 U.S. at 247). All evidence is viewed in the light most favorable to the party resisting the motion. *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011). The standard for summary judgment is two-fold: (1) there is no genuine dispute of material fact; and (2) the

movant is entitled to judgment as a matter of law.

### B.      Unclean Hands

Unclean hands is an "equitable issue[] for the Court to decide." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, 2017 WL 119633, at *6 n. 2 (E.D. Tex. Jan. 12, 2017). An unclean hands defense requires that there be a nexus between the improper conduct and the legal issues in the case. To invoke the unclean hands doctrine, the defendant must point to an unconscionable act by the patentee that has an "immediate and necessary relation to the equity" of the relief that the patentee seeks. *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933); *see also Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 796 (5th Cir. 1999) ("To invoke the doctrine [of unclean hands] a defendant must show that he was injured by the plaintiff's acts.").

In patent cases, unclean hands applies only in "extreme circumstances." *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 15-1202, 2017 WL 275465, at *7 (E.D. Tex. Jan. 20, 2017) (Bryson, J.); *see Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011). Such circumstances are those that "shock the moral sensibilities of the judge" or are "offensive to the dictates of natural justice." *iFLY Holdings LLC v. Indoor Skydiving Germany GmbH*, No. 14-1080, 2016 WL 3675136, at *1 (E.D. Tex. Mar. 25, 2016). The accused infringer bears the burden of proving unclean hands by clear and convincing evidence. *In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1374 (Fed. Cir. 2007).

## V.      ARGUMENT

### A.      Charter's Defense of Unclean Hands

#### i.      Charter Improperly Relies on Acts of a Third Party

Charter's unclean hands defense should be dismissed because Charter has articulated insufficient evidence to support this defense. Specifically, ███████████████████████

███████████████████████████████████████████████████          *See* SUF 1-14. "To

invoke the doctrine [of unclean hands] a defendant must show that he was injured by the ***plaintiff's*** acts." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 796 (5th Cir. 1999) (emphasis added). The Federal Circuit made clear that the doctrine of unclean hands operates to check the actions of the malfeasant, not innocent third parties:

> The doctrine of unclean hands does not reach out to extinguish a property right based on misconduct during litigation to enforce the right….'The governing principle is "that whenever a party who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy.'"…Thus, the remedies for litigation misconduct bar the malfeasant who committed the misconduct. The property right itself remains independent of the conduct of a litigant.

*Aptix Corp.*, 269 F.3d at 1375 (quoting in part *Keystone*, 290 U.S. at 240); *see also iFLY Holdings LLC v. Indoor Skydiving Germany Gmbh*, No. 2:14-CV-1080-JRG-RSP, 2016 WL 3675136, at *2 (E.D. Tex. Mar. 25, 2016) ("If the wrongdoing occurs during the prosecution of the patent, in the furtherance of obtaining a patent right, then it can render the patent unenforceable. Alternatively, if unclean hands occurs during litigation, it bars any recovery by the offending party."). Thus, outside of patent prosecution, the effect of unclean hands is limited to the wrongdoer. This comports with the equitable and remedial nature of the doctrine: "the remedies for litigation misconduct differ from the remedies for misconduct in acquisition of a property right. While inequitable conduct before the PTO renders the patent unenforceable by any party, the unclean hands doctrine bars only the offending party. Moreover, a finding of unclean hands generally does not prejudice the offending party in subsequent cases, but only provides a bar to relief in the case at hand." *Aptix Corp.*, 269 F.3d at 1376 (internal citations omitted). Rather than targeting the patent right at issue, "the relief for unclean hands targets specifically the misconduct, without reference to the property right that is the subject of the litigation." *Id.*

Here the acts Charter relies on for its defense are not acts of Entropic, nor can they be attributed to Entropic. *See* SUF 6-9. Indeed, Charter's own corporate witness testified that Charter has no facts to suggest ███████████████████████████████████████████████ ████████████████████████████████████████. *See* SUF 8. Contrary to *Aptix*, ████████ ███████████████████████████████████████████████████ Because Charter seeks to impermissibly penalize Entropic for third party acts it was not involved in, no reasonable juror could find in favor of Charter on its defense of unclean hands.

### ii.    Charter Fails to Point to Any Egregious Conduct to Support its Defense

Charter fails to articulate any facts that are so egregious that they would support its unclean hands defense ██████████████████████████. *See* SUF 1-3, 6-14. ████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████. *See* SUF 1, 2, 6, 12. But Charter's own corporate witness could not say whether any expectation ████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████. *See* SUF 10-14. Indeed, ████████████ ████████████████████████████. *See* SUF 10. In short, Charter presents no facts to support its unclean hands defense ██████████████████████████████████████████ ████████████, and thus no reasonable juror could find in favor of Charter on its defense of unclean hands.

## VI.    CONCLUSION

For the foregoing reasons, Entropic respectfully requests that the Court grant summary judgment in favor of Entropic dismissing Charter's unclean hands defense.

Dated: September 12, 2023

Respectfully submitted,

*/s/ James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on September 12, 2023.

*/s/ James Shimota*
James Shimota

# EXHIBIT A- C
# FILED UNDER SEAL