# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff*, v. CHARTER COMMUNICATIONS, INC., *Defendant*. | Case No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED**<br> |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S REPLY
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF
<u>NO LICENSE DEFENSE BASED ON DOCSIS</u>**

**I.      INTRODUCTION**

Charter's Opposition (Dkt. 215, "Opp.") to Entropic's Motion for Summary Judgment of No Defense Based on DOCSIS (Dkt. 177, the "Motion" or "Mot.") admits that (1) Charter's DOCSIS defense depends on what "essential" means, and (2) Charter's expert, Dr. Almeroth, did not do the requisite element-by-element analysis for any claim of any Asserted Patent. Charter's arguments fail and Entropic's Motion should be granted because:

1. A patent cannot be essential to a standard unless that standard infringes the claims of that patent.

2. Infringement (and thus essentiality) is analyzed on an element-by-element basis.

3. Charter admits that its expert did not perform an element-by-element essentiality analysis, and Charter cannot proffer any other evidence to support its defense.

Charter tries to confuse the issue with an erroneous definition of "essential." The Court can and should reject Charter's definition of "essential" as a matter of law because it contradicts Federal Circuit precedent. The Court can also grant summary judgment against Charter because Charter cannot meet its burden to prove its license defense even under its own preferred definition of essential. Thus, the Court should grant Entropic's Motion on Charter's license defense.

**II.     ARGUMENT**

    **A.      Federal Circuit Precedent Defines "Essential" As Used in the DOCSIS License Agreement to Require an Element-by-Element Analysis**

Charter spends a great deal of time on New York law regarding contract interpretation. But the question of whether a patent is "essential" to a standard is one of substantive patent law governed by Federal Circuit precedent. That precedent requires an element-by-element analysis, akin to infringement. Although Charter attempts to evade this requirement, Charter concedes that "essential" must mean "infringed by" in the context of a standards license for a patent.

1

Essentiality requires comparing the standard to each of the claim elements, just like infringement. *See Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1385 (Fed. Cir. 2020) ("Essentiality is, after all, a fact question about whether the claim elements read onto mandatory portions of a standard…. This inquiry is more akin to an infringement analysis (comparing claim elements to an accused product)…"). Infringement, in turn, requires an element-by-element analysis of a claim. *See Bayer AG v. Elan Pharm. Rsch. Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000) ("Literal infringement requires the patentee to prove that the accused device contains each limitation of the asserted claim(s)."). Charter cites no authority that suggests otherwise. Indeed, Charter's citation to *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 994 (N.D. Cal. 2018) further supports the proposition that a patent is essential to a standard only if the standard practices (*i.e.*, **infringes**) the asserted patent. *See id.*; *see also* Opp. at 8.

Charter cannot meet the Federal Circuit's requirement for showing essentiality on an element-by-element basis, so it attempts to reframe the dispute as one of New York contract law. Charter is wrong for several reasons. First, the interpretation of "essential" in the context of a license for standards-essential patents is "intimately bound with an issue of patent law," i.e., the question of infringement and whether a standard practices all elements of a claim. *Fraunhofer-Gesellschaft zur Forderung der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, 940 F.3d 1372, 1380 (Fed. Cir. 2019); *see Godo Kaisha*, 967 F.3d at 1385. Charter concedes that essentiality turns on the question of infringement. (Opp. at 8) (proposing to define "essential" based on whether compliance is "infringing Entropic's patents"). There can be no dispute here that Federal Circuit law governs what it means for a patent to be "essential" under the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). *Sirius*, 940 F.3d at 1380. Accordingly, essentiality is a question of substantive patent law governed by Federal Circuit

precedent, and that precedent requires an element-by-element analysis, just as infringement does.

Second, Charter misapplies New York law on contract interpretation. ██████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████ Charter concedes, as it must, that the latter requires analysis "on an element-by-element basis." Opp. at 9. But then Charter leaps to the conclusion that the "essential" clause cannot require such an analysis or else it would be rendered superfluous of the "described" clause. Opp. at 9. Charter is wrong because there are multiple differences between the two clauses. The "essential" clause refers to mandatory portions of the standard, while the "described" clause refers to the standard more broadly. *See Godo Kaisha*, 967 F.3d at 1385. Conversely, an invention can be essential to practice a standard without being explicitly described. Contrary to Charter's argument, requiring an element-by-element analysis for both "essential" and "described" inventions does not render the "essential" clause superfluous because the two clauses have different scope. *See Kamchi v. Weissman*, 125 A.D.3d 142, 155, 1 N.Y.S.3d 169, 179 (2014).

Third, Charter contradicts its own formulation of what it wants "essential" to mean. Charter proposes to define essential in terms of infringement. Opp. at 9. It is an uncontroversial tenet of patent law that an infringement analysis must be on an element-by-element basis. *Bayer AG*, 212 F.3d at 1217. Thus, even if Charter's meaning of "essential" were accepted, it must still make a showing that the DOCSIS Specifications infringe on an element-by-element basis.

    **B.**    **Charter Cannot Meet its Burden to Show Essentiality Because Its Expert Did Not Perform the Requisite Element-by-Element Analysis**

Charter bears the burden of proof on its licensing defense. As shown above, that burden requires proof on an element-by-element basis that the ████████████████ infringe the claims

3

of the asserted patents. As Charter admits, the testimony of "a qualified technical expert" is required to make that showing. Opp. at 8 (citing *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 994 (N.D. Cal. 2018)). Charter cannot meet that burden because it did not offer the expert testimony necessary to meet its burden for any asserted patent.

      For the '008 and '826 Patents, Dr. Almeroth fails to provide the requisite analysis of every claim limitation for any claim. Dr. Almeroth purports to address only claim 1 of these patents but ignores multiple limitations of those claims. For instance, he provides no basis to conclude that the DOCSIS standard requires "a channelizer operable to: . . . concurrently output said first portion said digitized signal to said signal monitor and said second portion of said digitized signal to said data processor," as recited in claim 1 of the '008 Patent. Dr. Almeroth recognizes that practicing claim 1 requires meeting this limitation because he expresses non-infringement opinions based on it. *See* Ex. E to Shimota Decl. (Almeroth Rebuttal Rep.) ¶¶ 94-102. Yet he failed to do so for essentiality. Similarly, Dr. Almeroth offers no opinions with respect to multiple elements in claim 1 of the '826 Patent: "selecting a second portion of said digitized signal" and "processing said selected second portion of said digitized signal to recover information carried in said plurality of channels." *Id.* at ¶¶ 55-56 (skipping from "selecting a first portion" to "analyzing said selected first portion"). Charter does not dispute this. Accordingly, Charter lacks the testimony of a qualified technical expert to meet its burden for its licensing defense for the '008 and '826 Patents.

      For the '682 Patent, Dr. Almeroth again ignores multiple limitations of the only claim he analyzes. Dr. Almeroth quotes claim 1 of the '682 Patent in full (*id.* at ¶ 65), but he then ignores two of its limitations: "generating, by said CMTS for each one of said plurality of service groups, a composite SNR-related metric based at least in part on a worst-case SNR profile of said SNR-related metrics corresponding to said one of said plurality of service groups" and "selecting, by

4

said CMTS, one or more physical layer communication parameter to be used for communicating with said one of said plurality of service groups based on said composite SNR-related metric." *Id.* at ¶¶ 68-69 (jumping from the "assigning" limitation to the "communicating" limitation). Charter's Opposition points to nothing in Dr. Almeroth's report that contains the requisite analysis of these limitations. Without this analysis, Charter cannot meet its burden for the '682 Patent.

For the '690 Patent, Dr. Almeroth looks only to claim 1, which is not asserted. As Entropic argued in its Motion, this is legally insufficient to show that Charter is licensed to practice the distinct inventions recited in asserted claims 7 and 8. *See* Mot. at 8-9.

### C. The Remainder of Charter's Argument Is A Failed Attempt To Generate Disputes of Fact Based On The Same False Premise

Charter's Opposition discusses the accused products and DOCSIS at length. *See* Opp. at 10-15. None of this discussion matters because none of it meets the requisite element-by-element analysis. Charter instead doubles down and focuses only on what it views as the heart of the invention of each patent. Again, Charter forgets that the "invention is defined by the claims." *See Allen Eng'g Corp.*, 299 F.3d at 1345. Charter's lengthy discussion of ▮▮▮▮▮▮▮▮ impermissibly relies on Entropic's infringement contentions and the accused products, rather than the language of the claim elements. This is the wrong analysis and is an improper attempt to dodge the requirement of an element-by-element comparison. *See* Standing Order on Motions *in Limine* at 3, MIL 19 ("The parties shall be precluded from introducing evidence, testimony, or argument for purposes of non-infringement comparing the accused product or method to . . . or any non-accused product or method."). Charter cannot meet its burden to show essentiality by focusing on the accused products and asking the jury to ignore or overlook the actual elements of the claims.

### III. CONCLUSION

In light of the foregoing, Entropic respectfully requests that the Court grant its Motion.

5

Dated: October 3, 2023

Respectfully submitted,

*/s/ James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on October 3, 2023.

/s/ *James Shimota*
James Shimota

8

# EXHIBIT E

# FILED UNER SEAL