# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff*, v. CHARTER COMMUNICATIONS, INC., *Defendant*. | Case No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** <br>  |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO UNCLEAN HANDS DEFENSE**

**I.     INTRODUCTION**

Charter's Opposition (Dkt. 202, "Opp.") to Entropic's Motion for Summary Judgment of No Unclean Hands Defense (Dkt. 180, the "Motion" or "Mot.") does not raise a single factual issue or legal precept that could preclude this Court from granting summary judgment. Charter does not genuinely dispute Entropic's statement of undisputed facts ("SUF")—instead, Charter "disputes" them as "incomplete" and clutters the record with immaterial and irrelevant background. *See* Opp. at 1-2. Charter also adds *thirty* so-called "additional undisputed material facts" that burden the Court with the irrelevant details of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Charter's Opposition then fails to apply law to those facts, citing only two cases in its entire Opposition and failing to apply either of them.

Charter's Opposition merely crystalizes why the Motion should be granted: Charter's unclean hands defense depends on (1) a specious argument that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and (2) an argument unsupported by any case law that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Charter does not contend (nor could it) that Entropic has engaged in any misconduct. There is no dispute about whether Entropic's hands are clean—a fact that is dispositive here. Charter has identified no genuine dispute of material fact, and thus its unclean hands defense fails as a matter of law.

**II.    ARGUMENT**

    **A.    Charter's Argument That ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Is Specious And Irrelevant**

Charter's central argument is that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ as Entropic alleges, as ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Opp. at 8. This is pure attorney argument devoid of case law and unsupported by the facts. Charter cannot escape the reality that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

1

███████████████████. But even if Charter's theory were true, its defense still fails because ███████████████████████████████████████

Charter's attempt to twist the ███████████████████████████████ ███████████████████████████████ *See id.* Charter does not (and cannot) allege that MaxLinear holds title to any of the Patents-in-Suit, nor does Charter allege that ████████ is the alter-ego of Entropic (or vice versa). Nor does it suggest that ███████████████ ███████████████████████████████████████████████ Similarly, Charter does not suggest that ███████████████████████████ ███████████████████████—because it does not. And Charter does not allege that ███████████████████████████████████████████. *See generally id.* Charter has done nothing more than show that ████████████████ ███████████████████ But it cites—and Entropic is aware of—no case law suggesting that this would allow Charter to ████████████████████

Charter's Opposition does not attempt to explain the law regarding unclean hands, much less address or distinguish the case law cited by Entropic, because it knows that it cannot meet its burden to show acts of ***plaintiff*** to support an unclean hands defense. *See Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) ("The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the ***plaintiff's conduct***.") (emphasis added); *see also*, cases cited in Mot. at 5. Indeed, Charter's Legal Standard section quotes *Gilead Scis., Inc. v. Merck & Co.*, 888 F.3d 1231 (Fed. Cir. 2018) for the proposition that the unclean hands doctrine only bars recovery "when misconduct of a party seeking relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation." *Id.* at 1239. But this case (one of just two cited in the Opposition) supports

2

Entropic's position that only misconduct of the *party seeking relief* from the court can be used as the basis of the unclean hands defense. *See id.* Charter fails to point to any acts of Entropic to support its defense, and therefore summary judgment is appropriate.

    **B.    Charter's Argument Regarding Egregious Conduct Is Unsupported By Either Law or Fact Because** ██████████████████████████

However, even assuming ███████████████████████████████████ (which they are not), Charter's argument still fails. As an initial matter, Charter has failed to cite a single case suggesting that ████████████████████████████████████████ ███████████████████████████████ use. Further, Charter's argument makes no sense because ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████ a patent owner enforcing its rights against an infringing customer does not alone constitute egregious conduct. *See Mitchell Bros. Film Grp.,* 604 F.2d at 863 ("The maxim of unclean hands is not applied where plaintiff's misconduct is not directly related to the merits of the controversy between the parties") (internal quotations omitted). Because █████████████████████████ ███████████████████████████████████████████████. There is no material dispute of fact on this issue, and summary judgment is therefore appropriate.

**III.    CONCLUSION**

In light of the foregoing, Entropic respectfully requests that the Court grant its Motion.

3

Dated: October 3, 2023                                   Respectfully submitted,

/s/ *James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

4

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on October 3, 2023.

/s/ *James Shimota*
James Shimota