**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ENTROPIC COMMUNICATIONS, LLC,

      *Plaintiff*,

   v.

CHARTER COMMUNICATIONS, INC.,

      *Defendant*.

Case No. 2:22-cv-00125-JRG

**JURY TRIAL DEMANDED**

████████████████

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S REPLY**
**IN SUPPORT OF PARTIAL SUMMARY JUDGMENT**
**THAT DEVICES WITH MAXLINEAR CHIPS ARE NOT NON-INFRINGING**
**ALTERNATIVES AFFECTING THE REASONABLE ROYALTY RATE**

## I.    INTRODUCTION

For Charter to successfully defend against Entropic's Motion, it must show a genuine dispute of *material* fact exists. "Only facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, (1986). "Factual disputes that are irrelevant or unnecessary will not." *Id.* Because Charter has only introduced irrelevant facts that will not affect the outcome, Entropic's Motion should be granted.

### A.    Charter offers *no* analysis of whether the MaxLinear-powered devices were available at the time of the hypothetical negotiation.

The correct inquiry is whether the "accused infringer had acceptable non-infringing alternatives available to it *at the time of the hypothetical negotiation*." *LaserDynamics, Inc. v. Quanta Comput.*, No. 2:06-CV-348, 2011 WL 197869, at *2 (E.D. Tex. 20, 2011) (emphasis added); *see also DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2011 WL 8810604, at *9 (E.D. Tex. Aug. 2, 2011) (quoting *Fresenius Med. Car Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-01431 SBA, 2006 WL 1646113, at *1 (N.D. Cal. June 12, 2006) ("[A] key part of the reasonable royalty determination under *Georgia Pacific* is whether the accused infringer had acceptable non-infringing alternatives available to it at the time of the hypothetical negotiation."); *see also AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1340 (Fed. Cir. Apr. 7, 2015) (assessing availability "as of the beginning of [the defendant's] infringement"). Charter's expert admits this. Mot., Ex. B, ¶ 226 ("the analysis of [NIAs] occurs at the time of the hypothetical negotiation(s)."). Because reasonable royalty cases specifically identify the relevant timeframe for the availability of non-infringing alternatives ("NIAs"), Charter's reliance on lost profits cases for its assertion that the "critical time period . . . is the period of infringement for which the patent owner claims damages" is misguided. Opp. at 4–5. Charter has failed to offer *any* evidence that

███████████████████████████████████

████████████

To prove availability, the infringer must show that the NIA was on the market at the time of the hypothetical negotiation or that it was "available" to the defendant because (1) "the defendant could readily obtain all of the material needed to implement the [NIA]," (2) "the [NIA] was well-known in the field at the time of infringement," and (3) the defendant had the necessary "equipment, know-how, and experience to use the [NIA]." *LaserDynamics, Inc.*, 2011 WL 197869, at 3. However, Charter has not identified any evidence that would allow it to meet its burden. Charter's opinions on NIAs contain no evidence that these supposed alternatives were available for each product at the time of the hypothetical negotiation, and its opposition does not attempt to identify any evidence that this is the case. Instead, Charter has taken the position that if any of these products were available at any time during the damages period that is sufficient. Opp. at 4–5. But this is not the law.

Charter's discussion on the book of wisdom does not create a genuine dispute of material fact. The book of wisdom is used "to correct uncertain prophec[ies]," not cure a party's failure to provide ***any*** evidence of a product's availability at the time of a hypothetical negotiation. *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 698 (1933). Charter's reliance on *Traxcell* and *Nichia* is also misguided. Opp. at 5. *Traxcell* involved a fact dispute over whether an NIA was "commercially acceptable"—not when it was available. *Traxcell Techs.*, 2019 WL 6002202, at *1. And in *Nichia*, the factual dispute was whether manufacturers could "design and implement" the NIA. *Nichia Corp.*, 2022 WL 17222250, at *6. Regardless, the NIA's availability was analyzed "***at the time of the hypothetical negotiation***." *Id.* at *7 (emphasis added). None of these cases create a material dispute of fact here, where Charter offers no evidence that MaxLinear-

powered devices were available at the time of the hypothetical negotiations.

**B.     Charter's broad statements that Charter** ███████████████████
███████████████████████████████ **does not create a genuine dispute.**

In an attempt to create a dispute, Charter points to the fact that ███████████████
██████████████████████████████████████████ Opp. at 5–10. Critically missing from
Charter's discussion is any citation to evidence that ████████████████████████████
███████████████████████. The lack of such evidence is the exact basis for Entropic's
Motion. Mot. at 7–10. Because there is no evidence in the record that the presence of ██████████
███████████████████████████████████████, the introduction of
opinions about these products will only confuse the jury.

**C.     If Dr. Almeroth is excluded, Charter has no basis for its non-infringing
alternatives.**

Charter only offers Dr. Almeroth's opinions for the proposition that ███████████████
██████████████ Without Dr. Almeroth's testimony, there will be no basis for the jury to
conclude that ████████████████████████████████████████. If
Dr. Almeroth's opinions on NIAs are stricken, this Court should grant partial summary judgment
in favor of Entropic.

**D.     Summary judgment should be granted for the '682.**

Charter admits "cable modems need not enter into the non-infringing alternative analysis
for the '682 Patent hypothetical negotiation." Opp. at 10. This does not mean Entropic's Motion
is moot. It means for the '682 Patent, the ████████████████████████████ and
Entropic's Motion should be granted.

## II.     CONCLUSION

Because there is no genuine dispute of material fact, Entropic respectfully requests that the
Court grant Entropic's Motion.

Dated: October 3, 2023

Respectfully submitted,

*/s/ James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on October 3, 2023.

/s/ James A. Shimota
James A. Shimota