UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ENTROPIC COMMUNICATIONS, LLC,

     Plaintiff

     v.

CHARTER COMMUNICATIONS, INC.,

     Defendant.

Civil Action No. 2:22-cv-00125

**JURY TRIAL DEMANDED**

███████████████

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S OPPOSITION TO
DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO
<u>STRIKE DR. KRAMER'S OPINIONS</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ....................................................................................................... 1

    A.  Dr. Kramer's Opinions in His Opening Infringement Report are Proper ........................... 1

            1.      Paragraphs 88–89, 221–222: Dr. Kramer's Opinions Allegedly Concerning the ███████████████████ are Proper ............................ 1

            2.      Paragraphs 93–94 and 247–248: Dr. Kramer's Opinions Regarding Charter's Knowledge Are Proper ................................................. 4

            3.      Paragraphs 241–245: Dr. Kramer's Opinions Regarding Joint Infringement are Proper ................................................. 6

    B.  Rebuttal Report, Paragraphs 83–89: Dr. Kramer's Rebuttal Opinions on Secondary Considerations as to the '775 Patent are Proper ................................. 9

    C.  Deposition Testimony (at 134:24–135:11): Dr. Kramer's Testimony Is Not a "Brand New Opinion" ................................................................. 12

III.    CONCLUSION .................................................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015)....................................................................................6, 8

*Allscripts Healthcare, LLC v. Andor Health, LLC*,
   21-cv-704-MAK, 2022 WL 3021560 (D. Del. July 29, 2022) ..................................4

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*,
   2:21-cv-00430-JRG-RSP, 2023 WL 4847343 (E.D. Tex. July 28, 2023) ..........................5, 8

*Better Mouse Co., LLC v. SteelSeries APS*,
   2:14-cv-198, 2016 WL 7665892 (E.D. Tex. Jan. 8, 2016) .....................................7

*COMMIL USA, LLC v. Cisco Sys., Inc.*,
   575 US 632 (2015).........................................................................................5

*Effective Expl., LLC v. BlueStone Nat. Res. II, LLC*,
   2:16-CV-00607-JRG-RSP, 2017 WL 5895164 (E.D. Tex. Nov. 13, 2017),
   report and recommendation adopted, No. 2:16-CV-00607-JRG-RSP, 2017
   WL 5890082 (E.D. Tex. Nov. 29, 2017) (Gilstrap, J.) ..........................................13

*Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc*.,
   6:10-cv-379, 2012 WL 12911055 (E.D. Tex. Aug. 10, 2012)................................6

*Fenner Invs., Ltd. v. Hewlett-Packard Co.*,
   6:08-CV-273, 2010 WL 786606 (E.D. Tex. Feb. 26, 2010).....................................6

*Gree, Inc. v. Supercell Oy*,
   2:19-cv-00071-JRG-RSP, 2020 WL 4059550 (E.D. Tex. July 20, 2020) ...............5

*In re Complaint of C.F. Bean L.L.C.*,
   841 F.3d 365 (5th Cir. 2016) ..................................................................5

*In re DBC*,
   545 F.3d 1373 (Fed. Cir. 2008)................................................................11

*KlausTech, Inc. v. Google LLC*,
   10-cv-05899, 2018 WL 5109383 (N.D. Cal. Sept. 14, 2018)................................7

*Marchlewicz v. Brothers Xpress, Inc.*,
   SA-19-cv-00996-DAE, 2020 WL 7319550 (W.D. Tex. Dec. 10, 2020)...............3–4

*McGuire v. Cirrus Design Corp.*,
   1:07-cv-683, 2009 WL 10709145 (E.D. Tex. Feb. 5, 2009)..................................4

*Music Choice v. Stingray Digital Group Inc.*,
    2:16-cv-586, 2019 WL 5721821 (E.D. Tex. Nov. 5, 2019).....................................................13

*Opal Run LLC v. C & A Mktg., Inc.*,
    2:16-cv-24-JRG-RSP, 2017 WL 3381344 (E.D. Tex. May 15, 2017) .................................7–8

*Owen v. Kerr-McGee Corp.*,
    698 F.2d 236 (5th Cir. 1983) ....................................................................................................6

*Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*,
    4:15-cv-307, 2018 WL 626355 (E.D. Tex. Jan. 30, 2018) ...................................................5–6

*Realtime Data, LLC v. Packeteer, Inc.*,
    6:08-cv-144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009)....................................................7

*Retractable Techs. Inc. v. Abbott Labs., Inc.*,
    5:05-cv-157, 2010 WL 11531436 (E.D. Tex. June 18, 2010) ..............................................5, 8

*RightQuestion, LLC v. Samsung Elecs. Co.*,
    2:21-cv-00238-JRG, 2022 WL 507487 (E.D. Tex. Feb. 18, 2022) ..........................................5

*ROY-G-BIV Corp. v. ABB, Ltd.*,
    63 F. Supp. 3d 690 (E.D. Tex. 2014) .......................................................................................7

*Salas v. Carpenter*,
    980 F.2d 299 (5th Cir. 1992) ....................................................................................................6

*Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*,
    17-cv-1734-RGA, 2021 WL 982732 (D. Del. Mar. 16, 2021) ............................................2, 4

*Thomas v. PFG Transco, Inc.*,
    501 F. Supp. 3d 437 (E.D. Tex. 2020) .....................................................................................5

*Tyco Healthcare Grp. LP v. Applied Medical Resources Corp.*,
    6:06-cv-151, 2009 WL 5842062 (E.D. Tex. Mar. 30, 2009).....................................................7

**TABLE OF EXHIBITS**

| Exhibit | Title |
|---------|-------|
| A | Excerpts from the December 13, 2022 Deposition Transcript of Daniel Boglioli ("Boglioli Tr.") |
| B | Excerpts from the May 25, 2023 Deposition Transcript of Jason Henricks ("Henricks Tr.") |
| C | Excerpts from the June 20, 2023 Deposition Transcript of Cathy Ubben ("Ubben Tr.") |
| D | Excerpts from Charter's Sixth Supplemental Objections and Responses to Plaintiff's Second Set of Interrogatories (No. 7) |
| E | U.S. Patent No. 8,223,775 |
| F | U.S. Patent No. 9,210,362 |
| G | Opening Expert Report of Steven H. Goldberg Regarding Invalidity of U.S. Patent Nos. 8,223,775; 8,284,690; 8,792,008; 9,210,362; 9,825,826; and 10,135,682 |

## I.      INTRODUCTION

Defendant Charter Communications, Inc. ("Charter") moves to strike certain opinions from the opening and rebuttal reports of Plaintiff Entropic Communications, LLC's ("Entropic") technical expert, Dr. Richard Kramer ("Kramer Op. Rep." and "Kramer Reb. Rep.," respectively)[1], as well as strike certain deposition testimony that, according to Charter, introduces new opinions which were not previously disclosed in the reports. *See* Dkt. 167 ("Motion"). Charter's Motion suffers from repeatedly mischaracterizing Dr. Kramer's opinions, often failing to distinguish between the opinions which are allegedly improper and the factual evidence that Dr. Kramer cites in support of those opinions. Charter also dismisses many of Dr. Kramer's opinions as mere *ipse dixit* or nothing more than "bald assertion," when in reality the statements by Dr. Kramer are either incontrovertible or are supported by thorough citations to factual evidence. Finally, Charter relies on inapplicable case law, in particular with respect to its arguments that certain opinions are untimely. These flaws add up to a motion without merit. Accordingly, the Court should deny Charter's motion to strike in its entirety.

## II.     ARGUMENT

### A.      Dr. Kramer's Opinions in His Opening Infringement Report are Proper

#### 1.      Paragraphs 88–89, 221–222: Dr. Kramer's Opinions Allegedly Concerning the ███████████████ are Proper

Charter characterizes the disputed paragraphs (¶¶ 88–89, 221–222)[2] as offering legal opinions. That misunderstands the nature of a legal conclusion. Dr. Kramer is a technical expert who has offered his opinion regarding the nature of the infringing acts themselves—namely, ***who***

---

[1]   Kramer Op. Rep. is attached to the Motion as Ex. A (*see* Dkt. 167-2) and Kramer Reb. Rep. is attached to the Motion as Ex. B (*see* Dkt. 167-3).

[2]   Paragraphs 88–89 and 221–222 of the Kramer Opening Report are substantially the same, except that Paragraphs 88–89 concern ███████████████████ while Paragraphs 221–222 concern ████████████████████.

commits the infringing acts of use. This goes to the question of direct infringement. Dr. Kramer has reviewed the facts surrounding the issue of what entity uses the claimed inventions, and he concludes Charter itself directly infringes. Dr. Kramer bases his conclusions on a variety of facts. Charter's ███████████████████ are evidence of some of those facts, **not** because of any legal interpretation of the ████████ but because of what they indicate about the real-world division of actions between Charter and ███████████ . Dr. Kramer merely states basic facts in evidence relating to Charter's business practices—facts that are not in dispute.

In Paragraph 88 of his Opening Report, Dr. Kramer states that ████████████████



████████████████ To illustrate this point, Dr. Kramer includes a string cite to Charter's various ██████████████████ , but his statement is one of pure fact, not contract interpretation. That a person cannot obtain Charter ████████████████████████ is not a conclusion of law about the contract. It is a fact about **Charter's behavior**. To the extent Charter's complaint is that Dr. Kramer observes that ██████████████████████ ████████ , that is a self-evident effect of the contract and therefore not improper. *See Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*, No. 17-CV-1734-RGA, 2021 WL 982732, at *16 (D. Del. Mar. 16, 2021) (excluding expert testimony about the legal effects of a contract "to the extent the contract is not self-explanatory").

It is, in fact, indisputable that Charter ████████████████████████ ████████ . This has been repeatedly confirmed by deposition testimony from Charter's corporate witnesses. *See e.g.*, Ex. A[3], Boglioli Tr. (Dec. 13, 2022) at 54:13–55:14 ██████████████

---

[3]   The exhibits cited herein are attached to the declaration of James Shimota submitted herewith.



It is for this reason that Dr. Kramer states in Paragraph 89 of his Opening Report, ▮

These factual statements do not require any legal analysis of the contracts—they only require a basic understanding of the difference between ▮,

something Dr. Kramer is more than qualified to opine on given his vast time and experience in the industry. Moreover, Paragraph 89 of his Opening Report continues:

Kramer Op. Rep. ¶ 89. These statements do not involve any legal analysis of the ▮ ▮ or any other legal principles.

Therefore, there is no basis to exclude these statements as improper legal conclusions as requested by Charter.

Finally, the cases cited by Charter are inapposite precisely because Dr. Kramer is only relying on what legal documents indicate about who-does-what; he is not opining on the legal effect of the contracts. *See Marchlewicz v. Brothers Xpress, Inc.*, No. SA-19-CV-00996-DAE,

3

2020 WL 7319550, at *5 (W.D. Tex. Dec. 10, 2020) (expert not qualified to testify as to "the ultimate legal question of whether Dhaliwal was Singh's statutory employer"); *McGuire v. Cirrus Design Corp.*, No. 1:07-CV-683, 2009 WL 10709145, at *5 (E.D. Tex. Feb. 5, 2009) (striking expert opinion that "[n]o company, including Cirrus Design, can delegate their responsibility for flight safety to another company to avoid liability"); *Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-cv-704-MAK, 2022 WL 3021560, at *26–27 (D. Del. July 29, 2022) (excluding opinions about the legal effect of a merger agreement, but "to the extent their opinions about who owns the Azure tenant are based on sources other than the Merger Agreement, we do not exclude the opinion"); *Sprint Commc'ns*, 2021 WL 982732 at *15–16 (excluding expert opinion that "N2P was contractually bound to provide PSTN interconnectivity").

Because Charter has not shown that Dr. Kramer offers any improper opinions regarding the ███████████████████, and in particular Charter's practice of ████████████████ ████████, the Court should deny Charter's motion to strike Paragraphs 88–89 and 221–222 of the Kramer Opening Report.

### 2.     Paragraphs 93–94 and 247–248: Dr. Kramer's Opinions Regarding Charter's Knowledge Are Proper

Next Charter takes issue with Dr. Kramer's statement that ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████). Charter mischaracterizes this as *ipse dixit* or nothing more than "[Dr. Kramer's] personal views about Charter's state of mind." *See* Motion at 3–4; *see also id.* at 4–5 ("his opinions are unreliable because they relate to things that Dr. Kramer cannot possibly know"). But all Dr. Kramer has done is state a truism: that Charter became aware of possible infringement no later

than the date the complaint was filed and served. *See e.g.*, *RightQuestion, LLC v. Samsung Elecs. Co.*, No. 2:21-cv-00238-JRG, 2022 WL 507487 at *3 (E.D. Tex. Feb. 18, 2022) (defendant "undisputedly had actual knowledge of the Asserted Patents as of the service of the Complaint").

Moreover, the cases cited by Charter confirm that experts "may testify as to the underlying facts that in his opinion may show Defendants' state of mind." *Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, No. 2:21-CV-00430-JRG-RSP, 2023 WL 4847343, at *5 (E.D. Tex. July 28, 2023); *see also Gree, Inc. v. Supercell Oy*, No. 2:19-cv-00071-JRG-RSP, 2020 WL 4059550, at *2 (E.D. Tex. July 20, 2020) (it is proper for an expert to "provide his expert opinion that certain of [defendant's] ads or marketing materials direct users to perform a claim limitation"). That is, Dr. Kramer may testify as to the facts that show Charter ███████████████████" by ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████." █████████ ███████████████████████████████████████████████████████████ *see also COMMIL USA, LLC v. Cisco Sys., Inc.*, 575 US 632, 642 (2015) ("Section 271(b) requires . . . intent to 'bring about the desired result,' which is infringement").

The other cases cited by Charter are inapposite as they do not relate to induced infringement. *See In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 370 (5th Cir. 2016) (excluding expert report that opined on products liability claim but "made no substantive reference to the design or warnings associated with the [product]"); *Thomas v. PFG Transco, Inc.*, 501 F. Supp. 3d 437, 444 (E.D. Tex. 2020) (excluding unsupported expert opinion that discrepancies in recorded logs were the result of illegal editing); *Retractable Techs. Inc. v. Abbott Labs., Inc.*, No. 5:05-CV-157, 2010 WL 11531436, at *6 (E.D. Tex. June 18, 2010) (expert economist was unqualified to opine on the legal meaning of "good faith"); *Quintel Tech. Ltd. v. Huawei Techs.*

*USA, Inc.*, No. 4:15-CV-307, 2018 WL 626355, at *3 (E.D. Tex. Jan. 30, 2018) (excluding expert opinions "as they relate to Defendants' 'thoughts and beliefs via interpretation of various documents'"); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (expert in hostage negotiation was unqualified to opine on whether defendant acted with deliberate indifference); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (concerning expert in petroleum engineering and questions relating to the ultimate cause of an accident).

Therefore, the Court should deny Charter's motion to strike Paragraphs 93–94 and 247–248 of the Kramer Opening Report.

### 3. Paragraphs 241–245: Dr. Kramer's Opinions Regarding Joint Infringement are Proper

Charter raises two objections against Dr. Kramer's opinions regarding joint infringement. First, Charter argues that the theory is untimely because "Entropic never disclosed a joint infringement theory in its infringement contentions." Motion at 5. This argument fails as this Court does not require infringement contentions to disclose details specific to joint infringement: "infringement contentions serve a notice function and . . . as evident by the text of P.R. 3-1 itself, infringement contentions are focused on notice of the underlying direct infringement and are not the forum for explaining such issues as joint liability, mastermind, or indirect infringement." *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-cv-379, 2012 WL 12911055, *3 n.2 (E.D. Tex. Aug. 10, 2012); *see also Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010) ("Thus, Defendants assertion that P.R. 3–1 requires explicit disclosure of inducement allegations in the infringement contentions is incorrect.").This is also consistent with Federal Circuit precedent that joint or "divided" infringement is simply a form of direct infringement under 35 U.S.C. § 271(a). *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022–23 (Fed. Cir. 2015) ("Direct infringement under § 271(a)

occurs where all steps of a claimed method are performed by or attributable to a single entity. . . .
[L]iability under § 271(a) can also be found when an alleged infringer conditions participation in
an activity or receipt of a benefit upon performance of a step or steps of a patented method and
establishes the manner or timing of that performance."). Because Entropic was not required to
disclose its specific joint infringement theories in its contentions, Charter's Motion on this point
is moot.

Even if Entropic was required to disclose its specific joint infringement theories, Charter
has identified no prejudice associated with Dr. Kramer's opinions. Charter appears to assert that
any theory first introduced in an expert report should ***automatically*** be struck. *See* Motion at 3
(citing *Opal Run LLC v. C & A Mktg., Inc.*, No. 2:16-cv-24-JRG-RSP, 2017 WL 3381344 (E.D.
Tex. May 15, 2017)). Such is not the practice of this Court, which often analyzes whether the
introduction of new theories should be excused. *See e.g. Realtime Data, LLC v. Packeteer, Inc.*,
No. 6:08-cv-144, 2009 WL 2590101, at *3–9 (E.D. Tex. Aug. 18, 2009); *see also Tyco Healthcare
Grp. LP v. Applied Medical Resources Corp.*, No. 6:06-cv-151, 2009 WL 5842062, at *3-4 (E.D.
Tex. Mar. 30, 2009).

Moreover, the cases cited by Charter are easily distinguishable. In two of the cases, the
Court actually ***denied*** the motion to strike. *See ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d
690, 699 (E.D. Tex. 2014); *Better Mouse Co., LLC v. SteelSeries APS*, No. 2:14-cv-198, 2016 WL
7665892, at *2 (E.D. Tex. Jan. 8, 2016). In the other two, the Court struck expert testimony that
sought to change plaintiff's infringement read, *i.e.* by re-mapping certain claim elements to
previously unidentified features. *See KlausTech, Inc. v. Google LLC*, No. 10-cv-05899, 2018 WL
5109383 (N.D. Cal. Sept. 14, 2018); *Opal Run LLC v. C & A Mktg., Inc.*, No. 2:16-CV-24-JRG-

RSP, 2017 WL 3381344, at *2 (E.D. Tex. May 15, 2017) (excluding expert opinions based on publicly available information).

Charter's second argument is that it is legally improper for Dr. Kramer to opine on whether Charter ███████████████. Charter cites no case law holding or even suggesting that an expert cannot opine as to whether defendant "directs or controls" the infringing conduct. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022–23 (Fed. Cir. 2015) (describing the law of divided infringement generally); *Retractable*, 2010 WL 11531436, at *6 (expert economist unqualified to opine on the legal meaning of "good faith"). In this case there are complicated technologies at issue, and precisely what steps must be performed to infringe, whether Charter or the ███████ performs particular steps, and the influence Charter exerts over those steps (even if performed by a ███████) involve questions of operation of the products and how that connects to the claim elements. As such, whether Charter directs or controls the infringing steps *is* a technical question that Dr. Kramer is qualified to opine on.

Regardless, Charter's objection is without substance. Dr. Kramer is clearly permitted to "testify as to the underlying facts" indicating direction and control. *See Atlas Glob. Techs.*, 2023 WL 4847343 at *5. All the facts including who performs each step, how those connect to the steps of infringement, and what instruction or compulsion Charter supplies for each step, are proper testimony. In that regard, Charter's motion to strike Paragraphs 241–245 of the Kramer Opening Report is without question overbroad.

With respect to Paragraphs 242–244 of the Kramer Opening Report, Charter fails to provide any specific analysis as to why these paragraphs are improper.  For example:

**Kramer Op. Rep. ¶ 242.** Kramer describes how ████████████████████ ████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████

**Kramer Op. Rep. ¶ 243.** Kramer describes how Charter ██████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████

**Kramer Op. Rep. ¶ 244.** Kramer shows an example of a ████████████████████

█████████████████████████████████████████████

These paragraphs simply describe documents provided by Charter and how a user would rely on them. Charter has not shown that any of this testimony is improper for a technical expert. Therefore, the Court should deny Charter's motion to strike Paragraphs 241–245 of the Kramer Opening Report.

**B.** **Rebuttal Report, Paragraphs 83–89: Dr. Kramer's Rebuttal Opinions on Secondary Considerations as to the '775 Patent are Proper**

Contrary to what Charter contends, Dr. Kramer *does* establish nexus between the claimed features of the '775 Patent and secondary considerations of non-obviousness. Dr. Kramer opines that ███████████████████████████████████████████████████████████████ ████████████████████████████████████████ Charter characterizes this as nothing more than a "single, bald assertion" (Motion at 7), but Dr. Kramer plainly supports his statement by citing to Charter documents as well as testimony from █████████████████████. *See* Kramer Reb. Rep. ¶ 84 (citing CHARTER_ENTROPIC00285205 at 285216–28217, CHARTER_ENTROPIC00274772, CHARTER_ENTROPIC00124915 at 124919, Farhat Tr. at 92:12–93:15). In particular, Dr. Kramer relies on the testimony of █████████████████████

who testified that in the ███████████████ that Charter uses, ███████████████

███████████████████████ *See id.*

     In his Opening Report, Dr. Kramer already discussed at length the connection between the

necessity of this particular ████████ of the processing and the claimed feature of the '775 Patent

requiring ███████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

███████████████. For the customer to experience ███████████, each one of these components

must be capable of achieving ██████████, otherwise that component acts as a bottleneck. *See id.*

████████████████████████████████

██████████████████████████ In the cable modem, ███████ speeds are

not achievable without the claimed architecture and packet forwarding feature of the '775 Patent.

████████████████████████████████

████████████████████████████████

██████████████████████████████

     According to ███████████████████████), ███████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████.

---

4    Charter's Motion makes no mention of these paragraphs, and Charter has not moved to strike
them.

█████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████ Thus, even though █████ ████ is

not itself a claimed feature of the '775 Patent, Dr. Kramer has opined and pointed to evidence that

████ ████ is "a direct result of the unique characteristics of the claimed invention." *In re DBC*,

545 F.3d 1373, 1384 (Fed. Cir. 2008).

Dr. Kramer then points out various pieces of evidence showing the commercial success

and industry praise of the ████████ enabled by the '775 Patent. *See* Kramer Reb. Rep. ¶ 86

(citing Charter documents that ████████████████████████████

███████████████████████████████████████████

█████████████████████████ ¶ 87 (citing ████████████████████

██████████████████████████ ¶ 88 (citing a ████████████

█████████████████████████████████████████

████████████████ and ¶ 89 (citing ████████████████

█████████████████████████████████████████

████████████████████████ While it is true Charter also advertises

other features in addition to its fast internet speeds, the evidence cited by Dr. Kramer confirms that

Charter █████████████████████████████████████████

████████████ by implementing the '775 Patent.

Therefore, Charter has not shown that Dr. Kramer's opinions regarding secondary

considerations are improper, and the Court should deny Charter's motion to strike Paragraphs 83–

89 of the Kramer Rebuttal Report.

**C.      Deposition Testimony (at 134:24–135:11): Dr. Kramer's Testimony Is Not a "Brand New Opinion"**

The battle here for trial is whether prior art reference Zhang discloses "downcoverting, by a mixer module" as required by the claims. Dr. Kramer opines that the "downconverting" element in claim 11 of the '362 Patent "is explicitly enabled with a mixer." *See* Kramer Reb. Rep. ¶ 162 *see also* Ex. F, '362 Patent, cl. 11 ("downconverting, by a mixer module").

Charter's expert on validity issues, Dr. Goldberg, concedes two points about Zhang. First, "the specification of Zhang does not use the term 'mixer' in connection with its frequency block down converters, such as frequency block down converter 210." Ex. G, Goldberg Op. Rep. ¶ 391. Second, instead of a mixer, Zhang performs downconversion "by multiplying the RF signal 'to a lower frequency band,'" *i.e.* by using a multiplier. *See id.* at ¶ 392.

At his deposition, on redirect examination Dr. Kramer was asked his understanding of Dr. Goldberg's position on Zhang:

> Q.      Did Dr. Goldberg admit in his report that Zhang, the prior art reference, does not disclose a mixer?
>
> A.      Absolutely.
>
> Q.      Does Zhang disclose downconversion using a multiplier?
>
> A.      He discloses a multiplier, not a mixer for counsel.

Dkt. 167-4, Ex. C to Motion, Kramer Tr. (Aug. 24, 2023) at 134:24–135:11.[5] Charter attacks this exchange as "brand new opinions that were not in [Dr. Kramer's] rebuttal expert report." *See* Motion at 9. Untrue—Dr. Kramer merely testified as to his understanding of Dr. Goldberg's opinions.

---

[5]      Charter objects to these questions as "leading." Motion at 9. However, the record speaks for itself. *See* Kramer Tr. (Aug. 24, 2023) at 136:2–6 (Charter counsel objecting to the question "*[a]re you familiar with any other techniques for analog signal multiplication?*" as leading).

Assuming that testifying as to his understanding of the counterpart expert's opinion is potentially a sin, the Motion still fails. The principle of expert reports is to provide the opposing party with notice. *See Music Choice v. Stingray Digital Group Inc.*, No. 2:16-cv-586, 2019 WL 5721821, at *3 (E.D. Tex. Nov. 5, 2019) (denying motion to strike expert deposition testimony because "[t]he relevant portions of the report and invalidity charts sufficiently provide notice"). Charter is undeniably on notice of the opinions of its own expert. To the extent Dr. Kramer's deposition testimony implicates his view that "downconversion" requires a mixer, that was disclosed in Dr. Kramer's report as noted at the outset. Kramer Reb. Rep. ¶ 162. Dr. Kramer also addresses the "downconverting" step with respect to the Dauphinee reference, where he opines that this element is not present for the very reason that Dauphinee does not use mixers. *See* Kramer Reb. Rep. ¶¶ 142–143.

Charter cites to a single case in support of its argument, but that case is readily distinguishable because there the expert relied on various publications that were not disclosed in his report *at all*. *See Effective Expl., LLC v. BlueStone Nat. Res. II, LLC*, No. 2:16-CV-00607-JRG-RSP, 2017 WL 5895164, at *3 (E.D. Tex. Nov. 13, 2017), report and recommendation adopted, No. 2:16-CV-00607-JRG-RSP, 2017 WL 5890082 (E.D. Tex. Nov. 29, 2017) (Gilstrap, J.) ("Dr. Enick admitted during his deposition that he reviewed publications at the University of Pittsburgh's online library while he was formulating his opinions. Yet Dr. Enick did not disclose these publications in his report.") (citations omitted). Here, the Zhang reference is disclosed and discussed in Dr. Kramer's (and Dr. Goldberg's) report.

Charter has not shown that Dr. Kramer's opinions regarding the "downconverting" step are outside the scope of his Rebuttal Report, nor has Charter shown that it was not on notice of the

issues relating to the claim element. Therefore, the Court should deny Charter's motion to strike this deposition testimony.

## III.    CONCLUSION

For the reasons above, the Court should deny in its entirety Charter's motion to strike the opinions of Dr. Kramer.

Dated: September 25, 2023                                   Respectfully submitted,

_/s/ James A. Shimota_
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746

14

Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via electronic mail on all counsel of record on this twenty-fifth day of September, 2023.

*/s/ James A. Shimota*
James A. Shimota