UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| *Plaintiff*, | Case No. 2:22-cv-00125-JRG |
| v. | **JURY TRIAL DEMANDED** |
| CHARTER COMMUNICATIONS, INC., | ███████████ |
| *Defendant*. | |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S OPPOSITION TO
DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE
<u>ASSERTED CLAIMS OF THE '682 AND '690 PATENTS</u>**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION .................................................................................................. 1

II.    RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ........ 2

III.   RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUF") ....... 2

IV.   LEGAL STANDARD ............................................................................................. 7

V.    ARGUMENT ........................................................................................................ 8

      A.    There is a Genuine Dispute of Material Fact Regarding Whether Charter's ▮▮▮▮▮▮▮▮▮▮▮ Infringed the Asserted Claims of the '682 Patent ........... 8

           1.    The Motion should be denied because there is a genuine dispute of material fact regarding whether Charter's ▮▮▮▮▮▮▮▮▮ performs the required steps of the '682 Patent "by a CMTS" .................................... 8

           2.    There is a genuine dispute of material fact regarding whether Charter ▮▮▮▮▮▮▮▮ "for each cable modem served by said CMTS" ........ 12

      B.    Charter's Motion as to ▮▮▮▮▮▮▮▮ Misses the Point—the Fact There May Not Be More Infringement Than There Is, Does Not Create an Issue For Summary Judgment ............................................................... 13

      C.    Charter's Motion Regarding the '690 Patent Similarly Asks For a Holding That Non-Existent Acts Are Not Acts of Infringement .................................................. 15

VI.   CONCLUSION .................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    466 U.S. 242 (1986) ................................................................................................................. 7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ................................................................................................................. 7

*Duffy v. Leading Edge Products, Inc.*,
    44 F.3d 308 ............................................................................................................................... 7

*Kennett-Murray Corp. v. Bone*,
    622 F.2d 887 (5th Cir. 1980) ................................................................................................. 11

*MacDonald v. Monsanto*,
    68 F.3d 470 (5th Cir. 1995) ................................................................................................... 11

*Pitney Bowes, Inc. v. Hewlett-Packard Co.*,
    182 F.3d 1298 (Fed. Cir. 1999) ............................................................................................... 8

*Seacor Holdings, Inc. v. Commonwealth Ins. Co.*,
    635 F.3d 680 (5th Cir. 2011) ................................................................................................... 7

**Other Authorities**

Fed. R. Civ. P. 56(a) ..................................................................................................................... 7

## TABLE OF EXHIBITS

| Exhibit | Title |
|---------|-------|
| A | Excerpt of COMM00010008-COMM00011301 - E6000 User Guide |
| B | July 21, 2023 Expert Report of Dr. Shurki Souri re Infringement |
| C | Excerpt of CHARTER_ENTROPIC00101872-CHARTER_ENTROPIC00102673 - DOCSIS 3.1 MAC and Upper Layer Protocols Interface Specification |
| D | CHARTER_ENTROPIC00290917- CHARTER_ENTROPIC00290931 - ██████ ███████████████ documents by Roger Stafford, Principal Architect, Charter Communications Inc. |
| E | August 29, 2023 Supplemental Report of Dr. Shukri Souri |
| F | July 21, 2023 Expert Report of Stephen Dell |
| G | Excerpts of Transcript of August 11, 2023 Deposition of Daniel Boglioli |

## I.      INTRODUCTION

Plaintiff Entropic Communications, LLC ("Entropic") submits this response in opposition to Defendant Charter Communications, Inc.'s ("Charter") Motion for Summary Judgment of Non-Infringement of the Asserted Claims of U.S. Patent No. 10,135,682 (the "'682 Patent") and U.S. Patent No. 8,284,690 (the "'690 Patent") (the "Motion"). *See* Dkt. 176. The primary thrust of Charter's motion revolves around a cable modem termination system or CMTS. The method claims at issue require steps performed by a CMTS. Charter never sought claim construction of "CMTS." But now Charter moves for summary judgment based on precisely that—a very narrow claim construction of CMTS restricting the CMTS to being a single "box" or piece of hardware. Charter does not come clean about the nature of its motion, dressing it up as merely a conclusion based on allegedly undisputed facts. But the true nature of the argument is claim construction.

The inescapable problem for Charter is that the plain meaning of CMTS is not so restricted. Indeed the specification of the '682 Patent itself notes the CMTSs using the invention are not restricted to particular hardware:

> [T]he present invention ***may be realized in hardware, software, or a combination of hardware and software.*** The present invention may be realized in a centralized fashion in at least one computing system, ***or in a distributed fashion where different elements are spread across several interconnected computing systems.*** Any kind of computing system or other apparatus adapted for carrying out the methods described herein is suited.

'682 Patent, 7:31-38 (emphasis added). Thus, Charter's entire argument falls apart. Whether or not Charter's infringing CMTSs are embodied in one or more than one piece of hardware, or one or more than one pieces of software, does not wipe away the infringement. The evidence offered by Plaintiff's expert Dr. Souri is extensive on this point. *See infra* Entropic's Response to Charter's Statement of Facts.

Charter attempts to recast its argument for a narrowing claim construction as merely

facts—allegedly undisputed facts, at that. But the "facts" are anything but undisputed. Charter cannot meet its burden because of the multitude of material facts that are still hotly disputed and should be decided by the trier of fact.

## II.    RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

To the extent Charter's statement of issues is not commensurate with the relief requested by the Motion, Entropic opposes all relief requested by the Motion regardless of whether Charter has identified such relief in its statement of issues. Entropic further responds to Charter's statement of issues as follows:

1.    The Court should deny Charter's request for summary judgment of non-infringement with respect to claims 1–3 of the '682 Patent.

2.    The Court should deny Charter's request for summary judgment of non-infringement with respect to claims 7 and 8 of the '690 Patent.

Additionally, the relief sought in Charter's Motion relating to issue number 2 differs significantly from Charter's statement of issues to be decided by the Court. Although Charter's statement of issues asks the Court "[w]hether the Court should grant summary judgment of non-infringement with respect to claims 7 and 8" of the '690 Patent, Charter's actual argument relates to Charter's use (or alleged lack thereof) of ██████████████████████████████ as it relates to the receiver-determined probes that are claimed by the '690 Patent. *Compare* Motion at I.2 *with* Motion at IV.B. This is a significantly narrower issue than infringement of the '690 Patent generally.

## III.   RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUF")

The Motion includes a "Statement of Undisputed Material Facts" ("SUF") numbered 1

through 16. *See* Motion at 1–4. Entropic responds to Charter's SUF as follows:[1]

1.      Entropic agrees that it accuses Charter of infringing claims 1–3 of the '682 Patent.

2.      Entropic agrees that it accuses Charter of infringing claims 7–8 of the '690 Patent.

3.      Entropic agrees that it has not asserted infringement under the doctrine of equivalents as to the Asserted Claims of the '682 and '690 Patents; however, Entropic notes that Charter's SUF 3 is phrased more broadly and therefore disagrees to the extent Charter's SUF 3 is interpreted more broadly than Entropic agrees to above.

4.      Entropic agrees that the steps of claim 1 of the '682 Patent must be performed "by a cable modem termination system ("CMTS") and "by said CMTS."

5.      Entropic agrees that it has accused ███████████████ of infringing the Asserted Claims of the '682 Patent.

6.      SUF 6 is disputed in part. Entropic agrees that only certain ████████████
████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████

7.      SUF 7 is not undisputed. Entropic disagrees that the ███████████████
██████████████████ as described in SUF 7. *See* Ex. B, Expert Report of Dr. Souri re Infringement ("Souri Infring. Rep.") ¶ 321: ████████████████
████████████████████████████████████████
████████████████████ Charter's SUF 7 describing ████████████████

---

[1]    The numbering of Entropic's responses to Charter's SUF tracks the numbering of the SUF in the Motion.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████ *See* Ex. C,

CHARTER_ENTROPIC00101872 at CHARTER_ENTROPIC00101891 ████████

████████████████████████████ Furthermore, Entropic disagrees with SUF 7 to

the extent Charter attempts to generalize the ████████████████ generally, which it has

not offered sufficient support to show.

8.    SUF 8 is not undisputed. Entropic disagrees with SUF 8 to the extent that Charter

refers to the CMTS system as a whole, which would include various software and servers that the

physical hardware needs for operation on an HFC network that may not be located at the headend.

*See* Ex. C, CHARTER_ENTROPIC00101872 at CHARTER_ENTROPIC00101891. Entropic

agrees that some portion of the ***physical hardware*** component of the ████████████████

████████████████ which is significantly different from Charter's SUF 8. However, the CMTS

may be embodied and executed in different devices or servers (as described in the DOCSIS

standards and in the '682 patent itself), and thus Entropic generally disagrees with Charter's SUF

8. *See e.g.* Ex. B, Souri Infring. Rep. ¶¶ 321, 345.

9.    SUF 9 is not undisputed. Entropic disagrees with SUF 9 that the ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████



10.    SUF 10 is not undisputed. Entropic disagrees because ████████████ ████████████████████████████████████████████████████████ ███████████████████████████ *See supra* Response to SUF 7–9.

11.    SUF 11 is not undisputed. Dr. Souri's Infringement Report specifically discusses additional portions of the ████████████████ that perform the "assigning," "generating," and "selecting" steps of the claims:

Ex. B, Souri Infring. Rep. ¶ 368. Furthermore, Dr. Souri's Infringement Report notes that "[t]he

████████████████████ Ex. B, Souri Infring. Rep. ¶ 388.

12.    SUF 12 is not undisputed. Entropic disagrees with SUF 12. Charter's real argument here, as noted in the Introduction *supra*, is for an erroneous, narrowing claim construction of "CMTS." At best for Charter, SUF 12 is a disputed "fact." Entropic reiterates that the accused CMTSs include software and servers located at various places, including locations other than the

headend itself. *See supra* SUF 6–11. As for the particulars alleged in SUF 12, Entropic agrees that

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████ *see also* Ex. B, Souri Infring. Rep. ¶¶ 343–351. Second, the ███████████

███████████████████████████████████████████████. *See* Ex. D,

CHARTER_ENTROPIC00290917 at CHARTER_ENTROPIC00290920 █████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ ) (emphasis added).

13.     SUF 13 is not undisputed. Charter has neither produced nor proffered sufficient evidence to show the exact number of ████████████████████████████████████

14.     SUF 14 is not undisputed. Charter has neither produced nor proffered sufficient evidence to show the exact number of ██████████████████████████████████████████

15.     SUF 15 is not undisputed. Charter has proffered no evidence other than an interrogatory response regarding the ████████████████████████████████████

█████████████████ *See* Motion at SUF 15. Furthermore, Charter has failed to provide discovery or evidence comprising any substantive information apart from its single interrogatory response

regarding the details of the 

16.     SUF 16 is not undisputed. Charter misunderstands Entropic's infringement theory regarding the '682 Patent. Based on the present factual record, Entropic has not accused Charter of infringing the '682 Patent by

*see also id.* at ¶¶ 314, 383, 408 and documents cited therein; s*ee also* Ex. E, Supplemental Report of Dr. Souri. ¶¶ 16–27. This evidence is important to the question of value of the invention to Charter and would directly feed into the hypothetical negotiation and thus the reasonable royalty. *See, e.g.,* Ex. F, Expert Report of Stephen Dell ¶¶ 480–505.

## IV.     LEGAL STANDARD

Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 466 U.S. 242, 248 (1986). The moving party has the initial burden of demonstrating the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and inferences are viewed in the light most favorable to the non-moving party. *See Anderson* 466 U.S. at 247-48; *see also Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 680 (5th Cir. 2011). The standard for summary judgment is

---

2

two-fold: (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

"Summary judgment of non-infringement requires a two-step analytical approach. First, the claims of the patent must be construed to determine their scope. Second, a determination must be made as to whether the properly construed claims read on the accused device." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999) (internal citations omitted). The "step two" determinations are questions of fact, and on summary judgment, the issue is whether there is no genuine issue of material fact regarding non-infringement. *See id.* As such, "summary judgment of non-infringement can only be granted if, after viewing the alleged facts in the light most favorable to the non-movant, there is no genuine issue whether the accused device is encompassed by the claims." *Id.*

## V.     ARGUMENT

### A.     There is a Genuine Dispute of Material Fact Regarding Whether Charter's ▉▉▉▉▉▉▉▉▉▉▉▉ Infringed the Asserted Claims of the '682 Patent

Charter's use of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, infringes the '682 Patent. Nonetheless, at a minimum there are several genuine disputes of material facts regarding whether Charter infringes the '682 Patent that preclude a grant of summary judgment.

#### 1.     The Motion should be denied because there is a genuine dispute of material fact regarding whether Charter's ▉▉▉▉▉▉▉▉ performs the required steps of the '682 Patent "by a CMTS"

Charter's argument that the "steps [of claim 1 of the '682 Patent] are not performed by a cable modem termination system (CMTS)" relies on an unstated, never-before-disclosed, and erroneous narrowing construction of the claims. At most, Charter's motion identifies factual disputes and disagreements as to whether ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Because that is an issue for the jury, not for summary judgment, Charter's motion should be denied.

Claim 1 of the '682 Patent recites a novel way for a CMTS to determine a metric about the channel connecting it to certain cable modems, and use that metric to group the modems so it can efficiently communicate with them. *See* '682 Patent, cl. 1; *see also* Ex. B, Souri Infring. Rpt. ¶¶ 309–311. As Entropic's expert, Dr. Shukri Souri, explained, Charter implements claim 1 through ███████████████████████████████████ Ex. B, Souri Infring. Rpt. ¶¶ 336–399. As with many modern computing systems, the Charter ██████████████ ███████████████████████████████ *See id.* ¶¶ 345–350. Rather, ██████████ ███████████████████████████████████████████ ███████████████████████████████████. *See, e.g., id.* ¶ 334. ██████ ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████ *E.g., id.* ¶¶ 345, 348, 350.

Charter's non-infringement argument depends on construing "CMTS" to refer to the single physical box that is located at the cable headend—and nothing more. In other words, Charter's motion draws a boundary around the ████████████████████████████████████ █████ The only reason that—in Charter's view—██████████████████████████ ████████████████████████████████

But Charter's belated attempt at claim construction fail. The Court has never construed the term "CMTS" as Charter proposes. And the '682 Patent itself makes clear that the plain meaning of CMTS is not restricted as Charter desires. Indeed, the specification notes that the enhanced CMTSs of the invention can be implemented "in a distributed fashion where different elements are spread across several interconnected computing systems"—just as Charter does:

> [T]he present invention ***may be realized in hardware, software, or a combination of hardware and software.*** The present invention may be realized in a centralized

fashion in at least one computing system, *or in a distributed fashion where different elements are spread across several interconnected computing systems.*

'682 Patent, 7:31-36 (emphasis added). Accordingly, the claim construction argument—improper at this stage anyway—fails. With it goes the basis for Charter's entire Motion.

Even if Charter's argument were not inconsistent with the plain meaning of "CMTS," its motion should still be denied because there is a factual dispute as to whether ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

Indeed, Entropic's evidence shows that the "distributed" architecture that Charter used to

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████



██████████████████████████████████████████

████████████████████ *See generally* Ex. B, Souri Infring. Rep. ¶¶ 309–410; *see also* '682 Patent, cl. 1. This is more than enough for a jury to conclude that the steps taken by the ██████████ ████████████████████████████

None of Charter's arguments change this basic fact. Charter argues for several paragraphs about what constitutes a CMTS and claims that the CMTS (which Charter reduces to merely the ████████████████████████████████████████████████████ ███████████████████████████████████████████ *See* Motion at IV.A.1, SUF 10. But the only "evidence" it cites that a ████████████████████████ is its own interpretation of a figure in Dr. Suori's report and an unexplained reference to a single document. *See* Charter SUF 10. And its only basis for arguing that it is "undisputed" that ███████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ █████████████████████████████████████████. B, Suori Infring. Rep. ¶¶ 349–350.

Thus, at most, Charter's Motion presents the Court with conflicting evidence about whether ████████████████████████████████████. This is a factual dispute that the jury needs to resolve, which means summary judgment should be denied. *See, e.g., Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980) ("the district court must not resolve factual disputes by weighing conflicting evidence . . . since it is the province of the jury to assess the probative value

of the evidence" (internal citation omitted)); *MacDonald v. Monsanto*, 68 F.3d 470 (5th Cir. 1995).

  **2.**  **There is a genuine dispute of material fact regarding whether Charter ███████████████ "for each cable modem served by said CMTS"**

   Charter also argues that its ██████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████" *See* Motion at IV.A.2. Charter's argument either presents another new,

unsupported, and narrowing claim construction or simply a "battle-of-the-experts" dispute

regarding the evidence which is properly a jury issue for trial.

   Claim 1 of the '682 Patent requires "determining . . . for each cable modem served by [the]

CMTS, a corresponding signal-to-noise ratio (SNR) related metric." '682 Patent, cl. 1. It then

requires "assigning, by [the] CMTS, each cable modem" to a group, selecting parameters to

communicate with that group, and "communicating . . . with one or more cable modems

corresponding to" the group. *Id.* The claim thus recites a specific series of steps that describe what

functionality the cable modem must be "served" with in order to meet the claim.

   Charter's argument seems to be predicated on a new construction of "served" by the CMTS

that is divorced from this language. As set forth *supra* at V.A.1, Charter improperly construes

"CMTS" as limited to a single physical box. Building on this erroneous construction, Charter now

appears to argue that a cable modem "served by the CMTS" means "any modem connected to the

physical box," regardless of whether it is "served" any particular functionality. *See* Motion at

IV.A.2. Charter provides no support for this argument, and for good reason: it is absurd. Under

Charter's position, it can perform all steps of the claimed method on every cable modem within

the set that a ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

circumvented.  Charter points to no evidence—and none exists—that the patentee intended this

result or that a POSITA would read the claims that way.  The more logical reading is that, for

whatever modems are "served" with the claimed method, every one will have an SNR-related

metric determined (first element) and be sorted into a group based on it (second element). "Each"

means that the method operates on a per-modem basis and no cable modem being served with the

method falls through the cracks.

In any case, Charter's argument presents a simple conflict in the evidence to be resolved at

trial and not grounds for summary judgment. As set forth *supra* at V.A.1, Entropic has presented

evidence, including expert testimony, that Charter's █████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████ *See supra at id.* It is **this** CMTS that must infringe, and Entropic has offered

evidence that it does. For instance, Dr. Souri opined that the step of calculating an SNR-related

metric ████████████████████████████████████████████████████████████████

███████████████████. *See* Ex. B, Suori Infring. Rpt. ¶ 357 ██████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████

**B.**     **Charter's Motion as to █████████████ Misses the Point—the Fact There May Not Be More Infringement Than There Is, Does Not Create an Issue For Summary Judgment**

Charter argues that it does not use ██████████████ and thus it cannot be liable because

claims 1–3 of the '682 Patent are method claims. Charter appears to ask the Court to declare that any act of using, that does not yet exist, is not an act of infringement. Entropic agrees with that principle of law. However, the question is what precisely does Charter ask the Court to rule on?

The infringement of the '682 Patent is the use of ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████

Charter has ████████████████████████████████ ████████████████████ *See generally* Ex. B, Souri Infring. Rep. ¶¶ 352–399. The evidence produced to date indicates that Charter has not yet ████████████████████████ ████████████████ *see id.*; *see also* Ex. E, Supplemental Report of Dr. Souri. ¶¶ 16–27. Thus the only question implicated here is the ***extent*** of the infringement. As to the extent of infringement, there is as much infringement as the evidence shows. Charter asks for summary judgment that there is not ***more*** infringement by ████ if the evidence does not show it. *See* Motion at IV.B. If that is all the motion requests, Entropic cannot and does not contest that basic principle.

However, in Charter's motion to strike portions of Dr. Souri's testimony, Charter mischaracterizes using ████████████████████████████ as "a new, independent infringement theory." *See* Dkt. 166 at 2. That is incorrect, as explained in Entropic's opposition to that motion, co-filed with this opposition. *See* Dkt. 205 at 1–4, 5–6. The infringement theory is the same. It is all ████

With the above understanding, Entropic does not oppose the principle that acts of infringement that have not occurred are not acts of infringement. That is indeed the law. It remains

unclear how this is summary judgment material, any more than it would make sense to grant "summary judgment" that a defendant who has sold 1,000 infringing products is not infringing for 5,000 (or 500,000) more hypothetical sales that have not yet occurred.

### C. Charter's Motion Regarding the '690 Patent Similarly Asks For a Holding That Non-Existent Acts Are Not Acts of Infringement

Charter also argues that because Entropic's expert cited the '690 Patent as helpful to the ██████████████████████████ it is entitled to summary judgment of non-infringement of the '690 Patent ████████████████████ *See* Motion at IV.B. The receiver-determined probes of the '690 Patent can be put to many uses, one of which is supplying data to the CMTS that is helpful to grouping cable modems in ███. Dr. Souri discussed that issue. *See generally* Ex. B, Souri Infring. Rep. ¶¶ 352–399.

Once again Charter seems to ask for summary judgment that any acts that have not occurred are not acts of infringement. If that is all that is at issue, there seems little to contest. However, as noted above, this is a significantly narrower issue than suggested by Charter's statement of issues in the opening section of its Motion. *See supra* at II (Entropic's response to Charter's Statement of Issues). Assuming the statement of issues is mistaken and Charter moves only for the tautology that non-existent acts are not acts of infringement, there is no debate. It remains unclear how that this is something for which summary judgment is appropriate, but the core issue is not in dispute. Entropic cannot prove at trial acts that do not exist.

## VI.   CONCLUSION

For the reasons discussed above, there are several genuine factual disputes that preclude a determination as a matter of law the issue of infringement as to the '682 and '690 Patents, and therefore Charter's Motion should be denied in full.

Dated: September 25, 2023

Respectfully submitted,

*/s/ James Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine Allor
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Jim.shimota@klgates.com
Jason.engel@klgates.com
George.summerfield@klgates.com
Katy.allor@klgates.com

Nicholas F. Lenning
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
nicholas.lenning@klgates.com

Darlene Ghavimi
Matthew Blair
**K&L GATES LLP**
2801 Via Fortuna
Suite #650
Austin, Texas 78746
Darlene.ghavimi@klgates.com
xMatthew.blair@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via electronic mail on all counsel of record on this twenty-fifth day of September, 2023.

/s/ James A. Shimota
James A. Shimota