IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff*, v. CHARTER COMMUNICATIONS, INC., *Defendant*. | Civil Action No. 2:22-CV-00125-JRG **JURY TRIAL DEMANDED** |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S SUR-REPLY TO DEFENDANT CHARTER COMMUNICATIONS, INC.'S REPLY TO THE <u>MOTION TO STRIKE DR. SOURI'S OPINIONS</u>**

Plaintiff Entropic Communications, LLC ("Entropic") responds to Charter Communications, Inc.'s ("Charter") Reply in Support of its Motion to Strike Dr. Souri's Opinions (Dkt. 233 or "Reply"). As Charter only offers misrepresentations of Dr. Souri's opinions and Entropic's arguments in its Opposition (Dkt. 205), the Court should deny Charter's Motion to Strike Dr. Souri's Opinions (Dkt. 166).

I. ██ **Infringement for** ██████

First, Charter is wrong that Entropic failed to disclose ████████ in its infringement contentions. As stated in Entropic's Opposition, ██ is the functionality that is accused of infringement. ████████ is not a new theory of infringement, it is just one way in which the accused Charter ████████████████. Opp. 1-3. These ████████ perform the steps of the asserted claims in the same way regardless of whether the system is using



. *Id*. Dr. Souri and Mr. Dell provide opinions specific to ████████ simply because that matches the evidence— Charter has ████████████████████████, and Charter separately analyzed the value of each ████████. *Id*.

Second, Charter does not dispute that evidence regarding the ████████ can be relevant to damages even if ████████████████. Reply at 1 (quoting *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327 (Fed. Cir. 2009)). And its argument that Entropic cannot provide "proof" of Charter's ████████████ is incorrect. *Id*. In making this argument, Charter ignores its own documents that clearly show Charter was ████████████████████████████. *See* Dkt. 205-2 (Souri Op. Rep.) ¶ 314 (citing, *e.g.*, Ex. P (CHARTER_ENTROPIC00216413)). Charter's arguments

regarding the status of Charter's ▓▓▓▓▓▓▓▓▓▓ amounts to nothing more than a factual disagreement with Dr. Souri's conclusions based on these documents. *See* Reply at 1 (citing deposition testimony). This is not a proper basis to strike Dr. Souri's opinions. *See*, *e.g. Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony.") (applying Fifth Circuit law). If Charter believes Dr. Souri interpreted its documents incorrectly, that is an issue to be addressed on cross-examination, not by exclusion. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

Finally, Charter again fails to identify any prejudice associated with Dr. Souri's opinions. Therefore, even if the Court finds Entropic's infringement contentions failed to disclose ▓▓▓▓▓▓ ▓▓▓▓, this failure should be excused as Charter did not identify any prejudice in either brief.

## II. Dr. Souri's Opinions Regarding Charter's ▓▓▓▓▓▓▓▓▓▓

Charter's Reply focuses exclusively on Dr. Souri's statement that Charter ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Reply at 2-3. Charter offers no reason why Dr. Souri may not testify i) that Charter ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ Not only are these facts, as opposed to legal opinions, but they are undisputed facts— Charter has admitted as much in deposition testimony and in interrogatory responses. *See* Opp. at 11-12. Similarly, Charter has not offered any reason why Dr. Souri may not testify to the fact evidence in Paragraphs 426-27 and 433 of his Opening Report, where he notes that Charter ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This evidence is basic factual testimony upon which

Dr. Souri relies to support his opinion that Charter is the entity that has infringed the patents-in-suit. Therefore, at least this testimony must be admitted.

As to Dr. Souri's statements that Charter  A lay witness could readily testify to this basic fact under FRE 701. Thus, it is equally appropriate for Dr. Souri to offer similar testimony. Charter asserts that

but they cite nothing in support of that assertion.

### III.   Joint Infringement

While Charter's reply repeats its complaint that Entropic did not use the words "joint infringement" in its contentions, it ignores the caselaw establishing that this was not required. Entropic disclosed what was required by the Local Patent Rules, which only require disclosing the underlying direct infringement theory, not whether a plaintiff is relying on a joint infringement theory. Opp. at 4 (quoting *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-cv-379, 2012 WL 12911055, at *3 n. 2 (E.D. Tex. Aug. 10, 2012) ("as evident by the text of P.R. 3-1 itself, infringement contentions are focused on notice of the underlying direct infringement and are not the forum for explaining such issues as ***joint liability, mastermind, or indirect infringement***.") (emphasis added)). Charter does nothing to address *Eon Corp.* and simply regurgitates its Motion. *See* Reply at 3. Thus, Charter has failed to show that Dr. Souri's opinions include anything that Entropic failed to disclose under the Local Patent Rules.

Furthermore, Charter effectively makes no response to Entropic's argument that Dr. Souri properly opined on technical issues relating to Charter's control over its customers' actions.

3

Instead, Charter only offers a cursory assertion, without any citation to evidence or legal authority, that this "do[es] not validate" Dr. Souri's opinions. *Compare* Reply at 3, *with* Opp. at 10-11. Whatever that means, it is unsupported attorney argument, and not a proper basis to exclude Dr. Souri's opinions.

IV.     **Dr. Souri Does <u>Not</u> Opine As To Charter's State of Mind**

With respect to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, Entropic was explicit in its Opposition that Dr. Souri will not opine about Charter's mental state. Rather, Dr. Souri provides opinions, based on his analysis of Charter's technical documents, rebutting Dr. Almeroth's claim that Charter ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *E.g.* Dkt. 205-6 (Souri Supp. Rep.) ¶ 18. Similarly, Dr. Souri provides technical analysis indicating that—contrary to Dr. Almeroth's claim—▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* ¶¶ 21-22; Opp. at 6-9. Contrary to Charter's claim, Dr. Souri has not opined "that Charter ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ Reply at 4. Rather, he provided technical analysis challenging ***Charter's assertions regarding their alleged*** ▉▉▉▉▉▉▉

Charter's Reply misrepresents Dr. Souri's technical analysis and Entropic's arguments in its Opposition. Charter asserts that Dr. Souri's opinions are "unsupported by any facts in the record and in fact is contradicted by Charter's deposition testimony." Reply at 4. This ignores multiple paragraphs of Dr. Souri's Supplemental Report that are replete with citations to deposition testimony from Charter's witnesses and 13 separate documents relating to the ▉▉▉▉▉▉▉ ▉▉▉▉. Opp. at 7-8 (citing Souri Supp. Rep. ¶¶ 18-23). Further, while Charter cites testimony from its own witnesses that it claims is inconsistent with the evidence Dr. Souri relies on, Dr. Souri is allowed to rely on disputed facts. *See Micro Chem.*, 317 F.3d at 1392. Therefore, Charter has

4

failed to provide a basis to strike Dr. Souri's opinions about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Turning to induced infringement, Charter concedes in its Reply that "Dr. Souri can argue that Charter induced activities of its customers." Reply at 4. Thus, there is no reason to strike Paragraphs 79 and 431-34 of Dr. Souri's Opening Report in their entirety. Portions of these paragraphs provide Dr. Souri's opinions as to how Charter directs or controls its customers' performance of the actions that Entropic accuses of infringement, which Charter has conceded is proper. *E.g.*, Souri Op. Rep. ¶¶ 79 ▮▮▮▮▮▮▮▮▮▮ 432 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These opinions are consistent with this Court's jurisprudence. *See Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, No. 2:21-CV-00430-JRG-RSP, 2023 WL 4847343, at *5 (E.D. Tex. July 28, 2023); *also Gree, Inc. v. Supercell Oy*, No. 2:19-cv-00071-JRG-RSP, 2020 WL 4059550, at *2 (E.D. Tex. July 20, 2020).

Finally, Charter offers a new argument in its Reply, arguing that Dr. Souri's opinions regarding inducement should be excluded under FRE 403. Reply at 5. As an initial matter, Charter forfeited this argument by not raising it earlier. Further, this argument is unpersuasive: these opinions are relevant to infringement and damages, especially with respect to ▮▮. Charter does not explain how these opinions are "unfairly prejudicial." Fed. R. Evid. 403. Nor could it—there is nothing "unfair" about Entropic's offering relevant expert testimony on a central issue in the case. Charter's single sentence request to exclude Dr. Souri's opinions under FRE 403, which was raised for the first time on reply, should therefore be rejected.

### V.  CONCLUSION

For the reasons expressed above, the Court should deny Charter's Motion.

5

Dated: October 11, 2023

Respectfully submitted,

*/s/ James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via electronic mail on all counsel of record on this eleventh day of October, 2023.

/s/ *James A. Shimota*
James A. Shimota

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>*Defendant*. | Civil Action No. 2:22-CV-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF JAMES A. SHIMOTA IN SUPPORT OF ENTROPIC'S
SUR-REPLY OPPOSING CHARTER'S MOTION TO STRIKE
DR. SOURI'S OPINIONS**

I, James A. Shimota, declare:

1. I am a Partner with the law firm of K&L Gates LLP, and I am counsel of record for Plaintiff Entropic Communications, LLC ("Entropic") in the above-captioned matter. I am submitting this declaration in support of Entropic's Sur-Reply Opposing Charter's Motion to Strike Dr. Souri's Opinions. I have personal knowledge of the matters stated herein and, if called to testify to such matters, I could and would testify hereto.

2. Attached as Exhibit P is a true and correct copy of a presentation entitled ▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ bearing Bates numbers CHARTER_ENTROPIC00216143-216447, which was produced on March, 31, 2023.

I certify under penalty of perjury under the laws of the United States that the foregoing statements are true and correct. Signed this 11th day of October, 2023.

                                                                    /s/ James A. Shimota
                                                                    James A. Shimota

# EXHIBIT P