UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC<br><br>    *Plaintiff*,<br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    *Defendant*. | Civil Action No. 2:22-CV-00125-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>█████████ |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S SUR-REPLY
IN OPPOSITION TO CHARTER COMMUNICATIONS, INC.'S
<u>MOTION TO EXCLUDE THE OPINIONS OF STEPHEN DELL</u>**

Every attack Charter levels at Mr. Dell's report goes to the weight of the evidence, not its reliability under the *Daubert* standard or its admissibility otherwise.

A. **Charter's apportionment arguments come down to a matter of degree, which goes to the weight of the evidence.**

    1. **Mr. Dell apportioned for the '775 Patent and '362 Patent (Theory 2).**

Charter does not dispute that Mr. Dell apportioned. Charter's objections are to the details of that apportionment. First, Charter takes issue with Mr. Dell's use of Charter's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 239 ("Reply") at 1. Charter seeks to create a new rule that an infringer's profit margins are *per se* unreliable evidence for apportionment under *Daubert*. Charter offers no support for this new rule, and it runs directly counter to black-letter law that an "infringer's profits or revenues" are relevant to a *Georgia-Pacific* analysis. *See Soverain Software LLC v. Newegg Inc.*, 836 F. Supp. 2d 462, 476 (E.D. Tex. 2010), *rev'd in part on other grounds*, 705 F.3d 1333 (Fed. Cir. 2013). All that is required is that damages are tied "to the claimed invention's footprint in the market place." *Id.* Mr. Dell's analysis does that. Charter's disagreement with Mr. Dell is an issue for trial.

Second, Charter also briefly argues that Mr. Dell had a burden "to show that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Reply at 1. This new argument is irrelevant because Mr. Dell does not use ▮▮▮▮▮▮▮▮▮▮▮▮▮—his analysis is based on the cost savings enabled by Charter's use of the '362 Patent. Specifically, Mr. Dell calculates 

*See* Dkt. 203 ("Opp."), Ex. A at ¶¶ 268, 408, 409. Charter seems to believe that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; again that is a question of weight, not admissibility.

1

### 2. Mr. Dell properly relied on a technical expert for the '008 and '826 Patents.

Next, Charter's comparison of Mr. Dell's analysis to *Stragent* is misguided. Reply at 2. In *Stragent*, the entire analysis was done **without consulting a technical expert**. *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421-TD, 2014 WL 1389304, at *3 (E.D. Tex. Mar. 6, 2014). The damages expert identified nineteen features based on specifications found on the defendant's website. *Id.* The damages expert conceded that the nineteen features' "values cannot be estimated separately." *Id.* Despite this admission, the expert determined that the accused feature contributes 1/19th of the value, with no analysis at all (technical or otherwise) of what the infringing feature contributed to the value of the overall product. *Id.*

This case is completely different. Mr. Dell relied on Dr. Souri, Entropic's technical expert, to isolate the value of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Opp., Ex. K at ¶¶ 71, 74. Based upon Dr. Souri's expert opinions, conversations with Dr. Souri, and his review of Charter's own documents, Mr. Dell concluded that an ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ would be a highly conservative estimate of the technical contribution of the '008/'826 Patents." *Id.*, Ex. A at ¶ 416.[1]

### 3. Mr. Dell properly relied on a technical expert for the '682 and '690 Patents.

Charter's argument that Mr. Dell did not disclose any analysis again is wrong. Mr. Dell relied on Dr. Souri's extensive technical opinions, including specifically that the '682 Patent's contribution is ▮▮▮▮▮▮▮▮▮ of the value and that the '690 Patent's contributions are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 7–9. Indeed, it is common practice for a damages expert to rely on a technical expert when "valuing the importance of the specific, infringing feature[] in

---

[1] Charter asserts that "[Mr.] Dell relies on none of the testimony Entropic cites as purported support." Reply at 2. This is demonstrably false—the deposition citations are not identical solely because Mr. Dell cited to the **rough** transcript, because only that version was available at the time of his report. *See* Opp., Ex. A at ¶ 414 n.656.

2

a complex device." *Salazar v. HTC Corp.*, No. 2:16-CV-01096-JRG-RSP, 2018 WL 1783157, at *3 (E.D. Tex. Apr. 13, 2018) (quoting *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014)). That is precisely what Mr. Dell did here: he directly relied on the technical expert's assessment of the relative technical contributions of the asserted patents and apportioned accordingly.

   4. **Mr. Dell's cost comparisons for the '362 Patent (Theory 3) are applicable to all accused products.**

Mr. Dell has not "abandoned" his analysis about the cost savings between ███ from his initial report as Charter contends. Reply at 3. Instead, upon receiving additional evidence after the close of discovery, Mr. Dell supplemented his expert report based on new documents and deposition testimony from ███. Opp., Ex. L ¶¶ 3–4, n.2. Mr. Dell's supplement continues on the same basic premise. As the technical expert for the '362 Patent, Dr. Kramer, explains, "[t]his new evidence also is consistent with [Dr. Kramer's] prior conversations with Mr. Dell regarding the cost savings between ███ Opp., Ex. M at ¶ 38. It is the same analysis with updated facts.

Charter also faults Mr. Dell for providing no explanation for why the cost savings of two models is proper across every accused product. Reply at 3. Yet Mr. Dell does exactly that. When discussing the overall cost savings attributed to the benefits of the '362 Patent, he cites to Paragraph 48 of Dr. Kramer's supplemental report as the basis for this technical understanding. Opp., Ex. L at ¶ 21, n.44. In turn, that paragraph of the technical expert's analysis concludes:

3

▓▓▓▓▓▓ Opp., Ex. M at ¶ 48. Mr. Dell's opinions are thus reliable and supported by the record.

B.  **The Federal Circuit expressly permits the lump sum analysis that Mr. Dell performs.**

Charter's Reply attacks Mr. Dell's lump sum royalty two ways. First, according to Charter, a lump sum is impermissible because damages can only be awarded on actual use, not anticipated use. According to Charter, its decision during litigation to shut down the infringing use caps damages. That is not the law. *See Amgen Inc. v. Hospira, Inc.*, 944 F.3d 1327, 1341–42 (Fed. Cir. Dec. 16, 2019) (affirming $70 million lump sum royalty award for product based on parties' expectations, even though the product ultimately did not receive FDA approval and was never sold). The law requires an analysis of the extent of actual *and* anticipated use. *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 772 (Fed. Cir. 2014) ("But [the district court] did err in treating the profits IPC actually earned during the period of infringement as a royalty cap. That treatment incorrectly replaces the hypothetical inquiry into what the parties would have anticipated, looking forward when negotiating, with a backward-looking inquiry into what turned out to have happened."). Mr. Dell did that. Opp., Ex. B at ¶¶ 40–56.

Second, Charter asserts that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Charter cites no case law for the extraordinary proposition that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and thus excluded under *Daubert*. The real issue, of course, is not legal admissibility; the issue is the facts themselves. The jury should hear the facts at trial and weigh the economic experts' competing testimony to decide the issue.

Contrary to Charter's characterization, Mr. Dell has marshalled voluminous evidence to support his conclusion that ▓▓▓▓▓▓▓▓▓ would have been what the hypothetical parties

4

would have negotiated. And he provided reliable analysis as to how the parties would have calculated and negotiated that ▮▮▮, including Charter's ▮▮▮▮▮▮▮▮▮▮▮▮. Opp., Ex. A at ¶ 121. Mr. Dell's analysis is reliable under the precedent of the Federal Circuit and this Court. Opp. at 10–11. Charter's arguments about the extent of its ▮▮ are questions of weight, not admissibility.

C.  **Charter's argument that the ▮▮ is "completely non-analogous" goes to the weight of the evidence, rather than admissibility.**

Charter's assertion that Mr. Dell's profit split is based on a "completely non-analogous" agreement is false, but regardless goes to the weight of the evidence rather than admissibility. The ▮▮▮▮▮▮▮▮ relates to the patents-in-suit. "[A]ll of the other differences that [Charter] complains of [can be] presented to the jury, allowing the jury to fully evaluate the relevance of the [agreement]." *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014). Because Charter has failed to show this agreement "has no relationship to the claimed invention" or has no "discernible link to the claimed invention"—indeed, the evidence proves the opposite—this economic-benefits-split should be presented to the fact finder. *Id.*

D.  **Mr. Dell's weighing of the relevant evidence does not require a technical background and even if it did, his opinions are supported by the technical experts.**

Abandoning its opening assertion that Mr. Dell should be barred from making "credibility determinations regarding Charter's corporate representatives," Dkt. 169 at 15, Charter now argues that Mr. Dell needed a "technical background" to observe that Charter's documents contradict its witnesses' testimony. Reply at 5. But Mr. Dell's observations relate to general and economic considerations—a topic about which he is well-qualified to opine. Moreover, Mr. Dell relied directly on Dr. Souri's technical analysis to reach his conclusions. Opp., Ex. B at ¶¶ 74–75, n.126–27 (citing to Souri Supplemental Report, Section VIII); Lenning Decl., Ex. A at § VIII, ¶ 26.

| | |
|---|---|
| Dated: October 11, 2023 | Respectfully submitted,<br><br>/s/ *James A. Shimota*<br>James Shimota<br>Jason Engel<br>George Summerfield<br>Katherine L. Allor<br>Samuel P. Richey<br>Ketajh Brown<br>**K&L GATES LLP**<br>70 W. Madison Street, Suite 3300<br>Chicago, IL 60602<br>Tel: (312) 807-4299<br>Fax: (312) 827-8000<br>jim.shimota@klgates.com<br>jason.engel@klgates.com<br>george.summerfield@klgates.com<br>katy.allor@klgates.com<br>samuel.richey@klgates.com<br>ketajh.brown@klgates.com<br><br>Nicholas F. Lenning<br>Courtney Neufeld<br>**K&L GATES LLP**<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104-1158<br>Tel: (206) 623-7580<br>Fax: (206) 623-7022<br>nicholas.lenning@klgates.com<br>courtney.neufeld@klgates.com<br><br>Darlene Ghavimi<br>Matthew A. Blair<br>**K&L GATES LLP**<br>2801 Via Fortuna, Suite 650<br>Austin, Texas 78746<br>Tel: (512) 482-6800<br>darlene.ghavimi@klgates.com<br>matthew.blair@klgates.com<br><br>Christina N. Goodrich<br>Connor J. Meggs<br>**K&L GATES LLP**<br>10100 Santa Monica Blvd., 8th Floor<br>Los Angeles, CA 90067<br>Tel: (310) 552-5031 |

Fax: (310) 552-5001  
christina.goodrich@klgates.com  
connor.meggs@klgates.com  

Peter E. Soskin  
**K&L GATES LLP**  
Four Embarcadero Center, Suite 1200  
San Francisco, CA 94111  
Tel: (415) 882-8046  
Fax: (415) 882-8220  
peter.soskin@klgates.com  

Wesley Hill  
Texas Bar No. 24032294  
Andrea Fair  
Texas Bar No. 24078488  
Charles Everingham, IV  
Texas Bar No. 787447  
**WARD, SMITH & HILL, PLLC**  
1507 Bill Owens Pkwy  
Longview, TX 75604  
Tel: (903) 757-6400  
wh@wsfirm.com  
andrea@wsfirm.com  
ce@wsfirm.com  

**ATTORNEYS FOR PLAINTIFF**  
**ENTROPIC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on October 11, 2023.

/s/ *James A. Shimota*
James A. Shimota

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff*, v. CHARTER COMMUNICATIONS, INC., *Defendant*. | Case No. 2:22-cv-00125-JRG **JURY TRIAL DEMANDED** **FILED UNDER SEAL** |

**DECLARATION OF NICHOLAS F. LENNING IN SUPPORT OF ENTROPIC COMMUNICATIONS, LLC'S SUR-REPLY IN OPPOSITION TO CHARTER COMMUNICATIONS, INC.'S <u>MOTION TO EXCLUDE THE OPINIONS OF STEPHEN DELL</u>**

1

I, Nicholas F. Lenning, declare:

1.     I am a Partner with the law firm of K&L Gates LLP and counsel of record for Plaintiff Entropic Communications, LLC ("Entropic") in the above-captioned matter. I submit this declaration in support of Entropic's Sur-Reply in Opposition to Charter Communications, Inc.'s ("Charter") Motion to Exclude the Opinions of Stephen Dell. I have personal knowledge of the matters stated herein and, if called to testify to such matters, I could and would testify hereto.

2.     Attached as Exhibit A is a true and correct copy of the Supplemental Expert Report of Shukri Souri, Ph.D. Regarding Infringement of U.S. Patent Nos. 8,792,008 and 10,135,682 and Non-Infringing Alternatives, which was served on Charter on August 29, 2023.

I certify under penalty of perjury under the laws of the United States that the foregoing statements are true and correct. Signed this 11th day of October 2023.

*/s/ Nicholas F. Lenning*  
Nicholas F. Lenning

# EXHIBIT A