# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC | Civil Action No. 2:22-CV-00125-JRG |
| *Plaintiff,* | |
| v. | **JURY TRIAL DEMANDED** |
| CHARTER COMMUNICATIONS, INC., | ██████████ |
| *Defendant.* | |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S SUR-REPLY
IN OPPOSITION TO CHARTER COMMUNICATIONS, INC.'S
MOTION TO STRIKE ENTROPIC'S SECONDARY CONSIDERATIONS
<u>POSITIONS</u>**

Entropic's opposition exposed that Charter has suffered no prejudice and lacked legal support. Charter's reply throws most of the original motion overboard and raises new arguments. These arguments fare no better than Charter's original ones, and its motion should be denied.

**A.  There is no discovery violation.**

Charter's reply raises a new argument that Entropic's experts' secondary considerations evidence should be stricken because it is presented in rebuttal reports, rather than opening reports. But Charter offers no support for this position and this Court has routinely permitted experts to address secondary considerations of non-obviousness in rebuttal reports. *See, e.g.*, *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 WL 11630440, at *2 (E.D. Tex. July 12, 2017) (denying motions to strike rebuttal and sur-rebuttal reports on secondary considerations and finding "[g]iven the burden shifting involved in considerations of obviousness, the Court does not find anything per se wrong about the timing of [the sur-rebuttal] report"); *Personal Audio, LLC v. Togi Ent., Inc.*, No. 2:13-CV-13-JRG-RSP, 2014 WL 4403186, at *2–3 (E.D. Tex. Sept. 5, 2014) (denying motions to strike rebuttal reports on secondary considerations of non-obviousness). This is unsurprising because secondary considerations are rebuttal evidence to an (alleged) *prima facie* assertion of obviousness.

Aside from its new argument, Charter asserts only that Entropic waited too long to supplement its interrogatory response. But here, too, there has been no discovery violation. As Entropic explained in its opposition, Entropic diligently reviewed discovery—both Charter's and that of third parties—and developed its contentions, and supplemented before the close of fact discovery. This case is thus distinguishable from the circumstance where a party entirely fails to respond before the close of discovery. *Cf. Semcon IP Inc. v. MediaTek USA Inc.*, No. 2:16-cv-00437-JRG-RSP, 2018 WL 4501871 (E.D. Tex. Feb. 28, 2018) (striking limited portions of expert report based on failure to respond to interrogatory during fact discovery).

Specifically, Charter asserts that Entropic failed to "provide the information to Charter anytime in the preceding eight months" between Entropic's original December 2022 response and its July 2023 supplemental response. Dkt. 234 ("Reply") at 4. This argument is misleading. Charter admits that some of the documents in Entropic's supplemental interrogatory response on secondary considerations were only "in [Entropic's] possession for a month." *Id.* at 2. For instance, certain documents within Entropic's supplemental interrogatory response were produced by Charter on June 1st, June 6th, June 23rd, and as late as July 12th. Reply, Long Decl. ¶¶ 8–11. The proper timeframe to gauge Entropic's diligence is from June 1 or later, by when Charter had produced the bulk of discovery relevant to secondary considerations (amid tens of thousands of documents). Entropic worked diligently in the weeks that followed, leading to its supplementation in early July.

If anything, the timing of Entropic's supplementation is the result of Charter's own deferred approach to discovery. Charter cites no law for its apparent assertion that a delay of a month or two is untimely in these circumstances. This is especially true given that Charter produced many tens of thousands of documents in the final months of fact discovery. Indeed, this Court has expressly found such delays diligent. *See Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (amending infringement contentions within month of defendant's production was diligent); *Stragent, LLC v. Freescale Semiconductor, Inc.*, No. 6:10cv224 LED-JDL, 2011 WL 13227699, at *2 (E.D. Tex. July 14, 2011) (amending infringement contentions two months after receiving relevant discovery constitutes "sufficient diligence"). As this District and the Federal Circuit have repeatedly acknowledged, "answers to contention interrogatories change over time" and "are often best left until the close of discovery"—exactly what occurred here. *Kaist IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-CV-01314-JRG-RSP, 2017 WL 9937763, at *1 (E.D. Tex. Dec. 15, 2017); *see*

*also Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) ("[A]nswers to [contention] interrogatories may not come into focus until the end of discovery"); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) ("Answers to [contention] interrogatories are often postponed until the close of discovery."); *CyWee Grp. Ltd. v. Samsung Elecs.*, No. 2:17-CV-00140-RWS-RSP, 2018 WL 4112055, at *2 (E.D. Tex. Jan. 24, 2018) (finding no basis to compel response to contention interrogatory and "expecting that [d]efendants will respond at such time as they or their expert actually form such a belief").

## B. There is no harm.

Charter's opening motion identified three purported prejudices: (1) Charter could not respond to Entropic's supplemental interrogatory response; (2) Charter could not respond to Entropic's rebuttal expert reports on validity; and (3) Charter was unable to take a 30(b)(6) deposition regarding Entropic's contentions. The first two, Charter appears to have rightfully abandoned. As Charter now acknowledges, Charter's expert served a supplemental expert report addressing secondary considerations on August 14th, and has not sought further supplementation. Reply at 3.

As for the third ground, Charter admits in reply that it omitted material facts from its original motion—the factual bases for Entropic's contentions are derived from documents and testimony designated Attorneys' Eyes Only under the Protective Order, and thus no Entropic witness could have been educated about them. Retreating, Charter now insists that Entropic's witness could have testified as to "about a quarter of the documents" which Charter claims "were undesignated or were otherwise publicly available." Reply at 4. But the problem is that those documents are not segregable from the ***contentions*** as a whole which are contaminated with AEO information. There was nothing for Entropic's representative to testify about because all factual bases for Entropic's contentions are ***derived*** from AEO material. Charter's own expert appears to

3

agree. Just one of these thirteen undesignated documents was even cited in his supplemental expert report rebutting secondary considerations—and that lone document he characterized as "just an advertisement for Charter's home telecom services." Lenning Decl., ¶ 2, Ex. A at ¶ 106. By contrast, Charter's expert addressed the AEO material at length. *Id*. ¶¶ 67–107. Thus, Entropic's secondary considerations and the bases for them were so hopelessly intertwined with AEO material that its 30(b)(6) designee could not have been prepared to give truthful testimony without violating the Protective Order.

Stepping back, Charter has failed to identify any discovery at all that it was prevented from taking. The publicly available documents are not Entropic's, so Charter could have pursued discovery on them as it pleased. The AEO bases for secondary considerations evidence comes mostly from material ***Charter itself provided*** and thus could have pursued its own further discovery. Entropic's evidence also comes from third party ███████, and Charter had the opportunity to take discovery of ███████ The parties took the deposition of ███████████ ███████ on August 16, long after Entropic served its most recent specific secondary considerations contentions. In short, the timing of Entropic's supplemental response did not prevent Charter from taking the (unspecified) fact discovery it now feels that it needed.

Charter had notice that Entropic was relying on secondary considerations, Entropic properly supplemented before the close of fact discovery, and Charter has had ample opportunity to respond in expert discovery. Charter has suffered no harm at all.

### C. Entropic's secondary considerations should not be stricken because this evidence is important.

Although Charter would suffer no prejudice if Entropic's secondary consideration evidence were permitted, Entropic would be harmed if the evidence were excluded. "[E]vidence of secondary considerations may often be the most probative and cogent evidence in the record."

*Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1391 (Fed. Cir. 1988) (quoting *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538–39 (Fed. Cir. 1983)); *see also Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 667 (Fed. Cir. 2000). This is so because secondary considerations "provide objective evidence of how the patented device is viewed in the marketplace, by those directly interested in the product." *Demaco Corp.*, 851 F.2d at 1391.

Here, almost all of Charter's invalidity challenges to the asserted patents are obviousness. Evidence of praise and commercial success from Charter itself is important evidence to demonstrate the non-obviousness of the claimed inventions to the jury. Charter supplemented its expert reports to address secondary considerations, and most of the evidence comes from Charter itself. In these circumstances, Charter's request to strike Entropic's opinions on secondary considerations in their entirety is extreme and unwarranted. Reply at 5; Dkt. 201 ("Opp.") at 9. The Court should deny Charter's Motion.

Dated: October 11, 2023                              Respectfully submitted,

                                                     */s/ James A. Shimota*
                                                     James Shimota
                                                     Jason Engel
                                                     George Summerfield
                                                     Katherine L. Allor
                                                     Samuel P. Richey
                                                     Ketajh Brown
                                                     **K&L GATES LLP**
                                                     70 W. Madison Street, Suite 3300
                                                     Chicago, IL 60602
                                                     Tel: (312) 807-4299
                                                     Fax: (312) 827-8000
                                                     jim.shimota@klgates.com
                                                     jason.engel@klgates.com
                                                     george.summerfield@klgates.com
                                                     katy.allor@klgates.com
                                                     samuel.richey@klgates.com
                                                     ketajh.brown@klgates.com

                                                     Nicholas F. Lenning
                                                     Courtney Neufeld
                                                     **K&L GATES LLP**
                                                     925 Fourth Avenue, Suite 2900
                                                     Seattle, WA 98104-1158
                                                     Tel: (206) 623-7580
                                                     Fax: (206) 623-7022
                                                     nicholas.lenning@klgates.com
                                                     courtney.neufeld@klgates.com

                                                     Darlene Ghavimi
                                                     Matthew A. Blair
                                                     **K&L GATES LLP**
                                                     2801 Via Fortuna, Suite 650
                                                     Austin, Texas 78746
                                                     Tel: (512) 482-6800
                                                     darlene.ghavimi@klgates.com
                                                     matthew.blair@klgates.com

                                                     Christina N. Goodrich
                                                     Connor J. Meggs
                                                     **K&L GATES LLP**
                                                     10100 Santa Monica Blvd., 8th Floor
                                                     Los Angeles, CA 90067
                                                     Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on October 11, 2023.

*/s/ James A. Shimota*
James A. Shimota

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| *Plaintiff*, | Case No. 2:22-cv-00125-JRG |
| v. | **JURY TRIAL DEMANDED** |
| CHARTER COMMUNICATIONS, INC., | ████████████████ |
| *Defendant*. | |

**DECLARATION OF NICHOLAS F. LENNING IN SUPPORT OF**
**ENTROPIC COMMUNICATIONS, LLC'S SUR-REPLY**
**IN OPPOSITION TO CHARTER COMMUNICATIONS, INC.'S**
**MOTION TO STRIKE ENTROPIC'S SECONDARY CONSIDERATIONS POSITIONS**

I, Nicholas F. Lenning, declare:

1.      I am a Partner with the law firm of K&L Gates LLP and counsel of record for Plaintiff Entropic Communications, LLC ("Entropic") in the above-captioned matter. I submit this declaration in support of Entropic's Sur-Reply in Opposition to Charter Communications, Inc.'s ("Charter") Motion to Strike Entropic's Secondary Considerations Positions. I have personal knowledge of the matters stated herein and, if called to testify to such matters, I could and would testify hereto.

2.      Attached as Exhibit A is a true and correct copy of the Supplemental Expert Report of Steven H. Goldberg Regarding Invalidity of Claims 3–6 of U.S. Patent No. 8,792,008 and Entropic's Contentions Regarding Objective Indicia of Nonobviousness of the Asserted Patents, which Charter served on Entropic on August 14, 2023.

I certify under penalty of perjury under the laws of the United States that the foregoing statements are true and correct. Signed this 11th day of October 2023.


*/s/ Nicholas F. Lenning*
Nicholas F. Lenning

# EXHIBIT A