**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| Plaintiff, | Case No. 2:22-cv-00125-JRG |
| v. | **JURY TRIAL DEMANDED** |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

**CHARTER COMMUNICATIONS, INC.'S**
**REPLY IN FURTHER SUPPORT OF ITS OPPOSED**
**<u>MOTION TO AMEND THE DOCKET CONTROL ORDER</u>**

Charter submits this reply in further support of its motion to amend the Docket Control Order (Dkt. 40), in its current form of the Sixth Amended Docket Control Order (Dkt. 195), to extend the deadline to complete expert discovery by one (1) day for the limited purpose of admitting a previously served, agreed-to supplemental expert report (Dkt. 216).   Entropic's primary argument in opposition is that "Charter has offered no cause for this extension."  (Dkt. 259 at 1.)  But this ignores the entire basis for Charter's motion.

As set forth in the motion, the parties previously agreed that Charter could serve this supplemental expert report in rebuttal to Entropic's own supplemental expert report.  (Dkt. 216 at 1–2.)  Entropic does not complain that Dr. Almeroth's second supplemental expert report was served in violation of the parties' agreement or is per se improper.  Instead, Entropic faults Charter for, and opposes the motion because of, the fact that the current Docket Control Order closes expert discovery one day prior to the report's service.  Good cause exists for a one day extension to the expert discovery deadline precisely because the parties *previously agreed* that, in exchange for Entropic's expert serving a supplemental report, Charter's expert would be able to respond.  (*See* Dkt. 216 at 2.)  That the Court needs to approve amendments to the Docket Control Order does not provide a basis for Entropic to renege on that agreement *after* it has benefitted from the agreement by serving its own supplemental expert report.

Entropic faults Charter for not mentioning the various factors that go in to a determination of "good cause."  (Dkt. 259 at 1.)  But these are evident from the facts Charter provided.  First, as to the "explanation for the party's failure to meet the deadline" factor, the parties had agreed that Entropic "may also serve a short supplemental expert report from Dr. Kramer to address the same limited issues from new discovery" and "that if this occurs then Charter's expert Dr. Almeroth may serve a short rebuttal to Dr. Kramer's report." (Dkt. 182 at 1.)  However, no date was agreed

2

on for Dr. Kramer's and Dr. Almeroth's supplemental reports.  Entropic unilaterally decided to serve Dr. Kramer's supplement on September 19, and Dr. Almeroth served his rebuttal exactly one week later.  (*See* Dkt. 216 at 2.)  Entropic asserts that Charter's argument "appears to be that the parties' previous extensions of the schedule—all done by filing joint motions for leave in advance of the deadlines, which the Court then granted—entitled Charter to ignore the deadline without seeking leave of Court in advance, or that Entropic will suffer no prejudice."  (Dkt. 259 at 1.)  That is wrong.  Given the parties' agreement to allow Dr. Almeroth to respond to Dr. Kramer's supplement, and the parties' past practice of routinely and repeatedly filing joint motions to amend the Docket Control Order to get the Court's imprimatur on their negotiated agreements, Charter had no reason to think that Entropic would renege on the parties' agreement once it became time to submit it to the Court.[1]  Second, as to the "importance" and "potential prejudice" if excluded, as Dr. Almeroth's supplemental report is in rebuttal to Dr. Kramer's own infringement supplemental report, the effect of exclusion would leave those opinions—which Charter only consented to on condition it could provide a response—unrebutted, the only prejudice is to Charter.[2]  Finally, neither side suggests that a continuance is necessary.  (*See* Dkt. 216 at 3 ("This extension will not affect any of the other remaining deadlines or the trial date in this action . . . .").)

---

[1] The record is clear that the parties agreed to allow Charter to serve Dr. Almeroth's supplemental report yet Entropic provides no explanation why this previously agreed to modification to the Docket Control Order, amounting to a one-day extension, is not justified.  In contrast, Entropic believes it is entitled to serve a supplemental expert damages report that ***was not*** previously agreed to in the Docket Control Order and which amounts to an eighteen-day extension of that same order. (*See* Dkt. 303.)

[2] Indeed, Entropic does not identify any prejudice.

Notably, Entropic does not dispute that it previously agreed to Dr. Almeroth's supplemental expert report or that it has chosen to oppose this amendment because Charter would not consent to an unrelated motion to compel.  (*See* Dkt. 216 at 2–3.)  In these circumstances, the Court should find that good cause exists.

Accordingly, Charter respectfully requests that the Court amend its Docket Control Order to extend the deadline to complete expert discovery by one (1) day.

Dated: October 17, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
**ARNOLD & PORTER KAY SCHOLER LLP**
250 West 55th Street
New York, New York 10019-9710
daniel.reisner@arnoldporter.com
david.benyacar@arnoldporter.com
elizabeth.long@arnoldporter.com
albert.boardman@arnoldporter.com
melissa.brown@arnoldporter.com
jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
**ARNOLD & PORTER KAY SCHOLER LLP**
601 Massachusetts Avenue NW
Washington, DC 20001-3743
marc.cohn@arnoldporter.com
amy.dewitt@arnoldporter.com
paul.margulies@arnoldporter.com

***Attorneys for Defendant Charter Communications, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 17th day of October, 2023.

/s/ Elizabeth Long
Elizabeth Long

6