**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

Civil Action No. 2:22-cv-00125-JRG

**JURY TRIAL DEMANDED**

[redacted]

# DEFENDANT'S MOTIONS *IN LIMINE*

  
**TABLE OF CONTENTS**

I. MOTION *IN LIMINE* NO. 1: THE COURT SHOULD PRECLUDE EVIDENCE OR ARGUMENT THAT '362 CLAIM 11 REQUIRES OR IS LIMITED TO [REDACTED] AS WELL AS EVIDENCE OR ARGUMENT BEYOND THE SCOPE OF DR. KRAMER'S REBUTTAL REPORT ............................1

II. MOTION *IN LIMINE* NO. 2: THE COURT SHOULD PRECLUDE EVIDENCE OR ARGUMENT REGARDING LITIGATION OR SETTLEMENT CONDUCT ..........4

A. Allegations Regarding Charter's Litigation Conduct are Unfounded and Prejudicial and Should Excluded ..........4

B. Charter's Good Faith [REDACTED] After Litigation Commenced Should be Excluded ..........6

CONCLUSION..........8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009)....1

*Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*,
No. 10-CV-576-JRG, 2012 WL 2065531 (E.D. Tex. June 7, 2012) ....3

*Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP,
2017 WL 11638984 (E.D. Tex. Sept. 29, 2017) ....3

*Kaufman v. Microsoft Corp.*,
34 F.4th 1360 (Fed. Cir. 2022) ....2

*Markman v. Westview Instruments, Inc.*,
517 U.S. 370 (1996)....1

*Mobile Micromedia Sols., LLC v. Nissan N. Am., Inc.*,
No. 05-CV-0230, 2007 WL 9724764 (E.D. Tex. Oct. 30, 2007) ....6

*Mobile Telecommc'ns Techs., LLC v. Zte (USA) Inc.*,
No. 2:13-CV-946-JRG, 2016 WL 8260584 (E.D. Tex. July 22, 2016) ....2

*Liquid Dynamics Corp. v. Vaughan Co.*,
449 F.3d 1209 (Fed. Cir. 2006) ....1

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) ....2

*Pioneer Corp. v. Samsung SDI Co.*,
No. 06-CV-0384, 2008 WL 11344761 (E.D. Tex. Oct. 2, 2008) ....6

*Realtime Data, LLC v. Actian Corp.*,
No. 6:15-CV-463, 2017 WL 1513098 (E.D. Tex. Apr. 27, 2017) ....3

*Sequoia Tech., LLC v. Dell, Inc.*,
66 F.4th 1317 (Fed. Cir. 2023) ....2

*Shire Dev., LLC v. Watson Pharms., Inc.*,
787 F.3d 1359 (Fed. Cir. 2015) ....2

*Uship Intell. Props., LLC v. United States*,
714 F.3d 1311 (Fed. Cir. 2013) ....1

*Varta Microbattery GmbH v. Audio P'ship LLC*, No. 2:21-CV-00400-JRG-RSP, 2023 WL 5192986 (E.D. Tex. Aug. 11, 2023) ..........2

**Rules**

Federal Rule of Civil Procedure 37(c)(1) ..........3

Federal Rule of Evidence 403..........5, 8

Federal Rule of Evidence 408..........4, 6, 8

**Other Authorities**

The Court's Updated Standing Order on Motions *in Limine*..........4, 5, 6, 8

## I. MOTION *IN LIMINE* NO. 1: THE COURT SHOULD PRECLUDE EVIDENCE OR ARGUMENT THAT '362 CLAIM 11 REQUIRES OR IS LIMITED TO [REDACTED] AS WELL AS EVIDENCE OR ARGUMENT BEYOND THE SCOPE OF DR. KRAMER'S REBUTTAL REPORT

Entropic relies on its expert, Dr. Kramer, to argue that '362 claims 11–12 are not invalid in view of Zhang. The Court should enter an order *in limine* as to two aspects of Dr. Kramer's testimony. *First*, the Court should preclude Entropic from presenting any evidence, testimony, or argument that '362 claim 11 requires or is limited to "hundreds" of channels. In his report, Dr. Kramer does not actually contest that U.S. Patent No. 6,704,372 (Zhang) discloses the "selecting" step; instead, he states the [REDACTED] that it would [REDACTED] for Zhang to output [REDACTED]. Ex. A (Kramer Reb. Rpt.) at ¶¶ 124–25. But there is no such requirement in claim 11, Ex. B ('362 patent) at 12:37–53, or in the Court's claim construction order, Dkt. 123 at 48–52, 63.[1] It is improper for Entropic to unilaterally construe claim 11 to require processing "hundreds" of channels at trial. *See Uship Intell. Props., LLC v. United States*, 714 F.3d 1311, 1313 (Fed. Cir. 2013) ("Claim construction is an issue 'exclusively within the province of the court.'" (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996))); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009) ("Once a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial. No party may contradict the court's construction to a jury."); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed.

---

[1] *See, e.g.*, Dkt. 173 at 32–33 (Charter's motion for summary judgment of invalidity of the '362 patent); Dkt. 228 at 10 (Charter's reply in support of its motion for summary judgment of invalidity of the '362 patent); Dkt. 214 at 10–11 (Charter's opposition to Entropic's motion to strike Dr. Goldberg's opinions).

Cir. 2006) (affirming exclusion of expert testimony based on an impermissible claim construction as irrelevant, prejudicial, and confusing to the jury).[2]

Moreover, a hundred-channel requirement is contrary to the '362 patent specification because it would exclude from claim 11 the '362 preferred embodiment showing an example involving just 10 channels. *Cf. Sequoia Tech., LLC v. Dell, Inc.*, 66 F.4th 1317, 1327 (Fed. Cir. 2023) ("[A] claim construction exclud[ing] a preferred embodiment is rarely, if ever correct." (quoting *Kaufman v. Microsoft Corp.*, 34 F.4th 1360, 1372 (Fed. Cir. 2022))); *Shire Dev., LLC v. Watson Pharms., Inc.*, 787 F.3d 1359, 1365 (Fed. Cir. 2015) ("[A] court should discount any expert testimony that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history, in other words, with the written record of the patent." (internal quotations omitted) (quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (en banc))). And the alleged hundred-channel requirement is also inconsistent with Dr. Kramer's own testimony. *See* Ex. C (Kramer Tr.) at 17:2–22 ("Q. And the total of 80 megahertz [which is 10 channels] is an example of a wideband, is that right? A. I think that's a good way of putting it. It's an example."). For the foregoing reasons, the Court should preclude Entropic from presenting evidence, testimony, or argument that claim 11 of the '362 patent requires or is limited to "hundreds" of channels.

*Second*, the Court should preclude Entropic from offering evidence, testimony, or argument beyond the scope of Dr. Kramer's rebuttal report—including that Zhang is missing a

[2] *See also Varta Microbattery GmbH v. Audio P'ship LLC*, No. 2:21-CV-00400-JRG-RSP, 2023 WL 5192986, at *3 (E.D. Tex. Aug. 11, 2023) ("[E]xpert testimony inconsistent with the court's claim construction should be excluded because it is unreliable and unhelpful to the finder of fact."); *Mobile Telecommc'ns Techs., LLC v. Zte (USA) Inc.*, No. 2:13-CV-946-JRG, 2016 WL 8260584, at *3 (E.D. Tex. July 22, 2016) ("The parties **SHALL NOT** introduce any . . . expert testimony . . . that is inconsistent with the Court's Claim Construction Memorandum and Order . . . .").

"mixer" or "desired" and "undesired" channels. Dr. Kramer's report challenges ***only*** the "selecting" step of claim 11 as to Zhang. Ex. A (Kramer Reb. Rpt.) at ¶¶ 120–28; Ex. C (Kramer Tr.) at 87:14–89:7 ("Q. And you don't discuss any of the other elements of claim 11 besides 11d [the "selecting" step] in paragraphs 120 to 128; correct? A. I'm going by the headings. (a) is what is marked as 11a3, and then it goes into claim 12. That appears to be correct."). His report provides no opinions concerning a "mixer" or "desired" and "undesired" channels.[3] Yet Entropic relies on attorney argument related to these issues in its motion for summary judgment (Dkt. 170) and motion to strike Dr. Goldberg's opinions (Dkt. 168) and intends to argue the same at trial.

It is improper to present at trial any evidence, testimony, or argument related to new issues undisclosed in expert reports. *See* Fed. R. Civ. P. 37(c)(1); *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, 2017 WL 11638984, at *4 (E.D. Tex. Sept. 29, 2017) ("Experts are confined to their written reports. Any expert testimony concerning a new technical theory, for example, or any other expert testimony related to a claim or defense, may not be offered at trial unless it was disclosed in the expert's written report."); *Realtime Data, LLC v. Actian Corp.*, No. 6:15-CV-463, 2017 WL 1513098, at *2 (E.D. Tex. Apr. 27, 2017) ("Of course, both [experts] will be limited to testimony within the scope of their expert disclosures at trial. Because [expert] did not disclose any opinions related to support services in either of his reports, he will not be permitted to opine regarding support services during trial."); *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, No. 2:10–CV–576–JRG, 2012 WL 2065531, at *5 (E.D. Tex. June 7, 2012) (confirming it is "appropriate" to prohibit an expert "from giving opinions before the jury

[3] *See, e.g.*, Dkt. 167 at 14–15 (Charter's motion to strike Dr. Kramer's opinions); Dkt. 217 at 5–6 (Charter's reply in support); Dkt. 206 at 11–15 (Charter's opposition to Entropic's motion for summary judgment of no invalidity); Dkt. 228 at 9–10 (Charter's reply in support of its motion for summary judgment of invalidity of the '362 patent); Dkt. 214 at 8–11 (Charter's opposition to Entropic's motion to strike Dr. Goldberg's opinions).

that went beyond his expert report"). The Court should therefore preclude Entropic from presenting any evidence, testimony, or argument outside the scope of Dr. Kramer's written report—including whether Zhang discloses a "mixer" or "desired" and "undesired" channels.

## II. MOTION *IN LIMINE* NO. 2: THE COURT SHOULD PRECLUDE EVIDENCE OR ARGUMENT REGARDING LITIGATION OR SETTLEMENT CONDUCT



The Court should preclude Entropic from offering any evidence, testimony, or argument concerning litigation conduct—including that Charter allegedly , or settlement conduct—including that Charter . The evidence as it relates to these issues is more prejudicial than probative, and violates Rule 408 and this Court's Updated Standing Order on Motions *in Limine*.

### A. Allegations Regarding Charter's Litigation Conduct are Unfounded and Prejudicial and Should Excluded

In support of its claim of willfulness, Entropic intends to offer evidence that Charter According to Entropic, this is purported proof of knowing infringement and an attempt to impede Entropic's case. The Court should exclude any evidence or argument regarding purported because it lacks evidentiary support and is unduly prejudicial.

As a preliminary matter, to the extent Entropic objected to Charter's expression of , the Court should find that such conduct constitutes

"pretrial . . . issues including . . . discovery disputes" and excluded under this Court's Standing Order on Motions *in Limine* No. 1.

Further, there is no evidentiary support for Entropic's inflammatory allegations that Charter [redacted] [redacted] To the contrary, a [redacted] witness was clear that [redacted] Ex. D, Torgerson Dep., at 74:6-19. Nor is there any evidence that would support the argument that because Charter [redacted] Ex. E, Boglioli Dep., at 65:6-66:13, 66:19-67:15, 71:21-25 Charter *ipso facto* [redacted]. Moreover, Charter [redacted]. Ex. E, Boglioli Dep., at 65:10-66:13. This stands in start contrast to Entropic, whose attorneys [redacted] witnesses. Ex. F, Teksler Dep., at 198:14-199:11 ([redacted]; Ex. G, Ling Dep., at 36:22-39:20 ([redacted]).

Furthermore, this evidence and argument only serves to inflame juror emotions and prejudice the jury against Charter based on conduct that Entropic alone interprets as [redacted]. The risk of jury prejudice to Charter, coupled with Entropic's lack of evidentiary support, outweighs any evidentiary value (none) and should be excluded. *See* Rule 403.

### B. Charter's Good Faith [REDACTED] After Litigation Commenced Should be Excluded

As additional purported evidence of "willful blindness" of infringement, Entropic seeks to introduce evidence that Charter [REDACTED]. According to Entropic, [REDACTED], it was prevented from providing Charter with alleged additional evidence of infringement. Put differently: Entropic seeks to use communications made during attempts to settle this litigation as proof of the "validity . . . of a disputed claim," *i.e.*, willful infringement, in violation of Rule 408. On this basis alone, the Court should preclude Entropic from introducing any such evidence or argument in front of the jury. *Pioneer Corp. v. Samsung SDI Co.*, No. 06-CV-0384(DF), 2008 WL 11344761, at *5 (E.D. Tex. Oct. 2, 2008) (finding "testimony relating to negotiations, offers, and agreement reached under the threat of litigation are properly excludable under Rule 408" and "the parties' negotiations are not in any way probative of [defendant's] objective recklessness with regard to [plaintiff's] patents"); *Mobile Micromedia Sols., LLC v. Nissan N. Am., Inc.*, No. 05-CV-0230, 2007 WL 9724764, at *5 & n.2 (E.D. Tex. Oct. 30, 2007) (granting "motion to exclude any alleged statements made by [counsel] in settlement discussions to establish liability or the validity or amount of plaintiff's claim" of infringement).

Moreover, Charter [REDACTED]. Specifically, Entropic first approached Charter to discuss [REDACTED] the patents-in-suit, among other unrelated patents,[4] only *after* commencing this litigation. At Entropic's request, on

---

[4] As evidence of willful infringement, Entropic also may rely on documents reflecting [REDACTED] concerning patents that are not at issue here, but which patents are at issue in a different litigation commenced by Entropic against Charter. The Court should preclude Entropic from relying on any evidence or testimony regarding those patents that are not at issue in this litigation pursuant to the Court's Standing Order No. 13. *See* Updated Standing Order 13 (precluding parties "from introducing evidence, testimony, or argument regarding either party's other litigations . . . in any other court, tribunal, or forum, including ADR proceedings.").

September 16, 2022, Charter met with Entropic's vice president for patent licensing, during which Entropic represented that [redacted]. *See* Ex. H at 1-2. Entropic never followed up with Charter regarding [redacted] until March 9, 2023, when it accused Charter of [redacted]. *See* Ex. I at 1. On March 29, 2023, Charter reminded Entropic of the September 16, 2022 discussion between the parties, and that because Charter [redacted], it is [redacted] [redacted]. Ex. H at 5 (referencing Ex. J). On March 30, 2023, Charter, through counsel, also requested [redacted]. Ex. K at 1. Entropic refused to provide that information [redacted], *see* Ex. L, and never responded as to whether it was amenable to [redacted] Ex. M at 2. On April 26, 2023, Charter conveyed to Entropic that [redacted], and because Charter [redacted] it would [redacted], [redacted]. *See* Exs. N and O. As such, Charter explained that [redacted]. *Id.*

It follows, therefore, that any probative value of the [redacted] communications between the parties–of which there were none–is far outweighed by the risk of juror confusion, wasting time,

---

[5] [redacted]

and prejudice to Charter. *See* Rule 403. Indeed, the only reason Entropic seeks to introduce these communications is to cast Charter in a negative light in front of the jury. And, because it is Charter's position that it [REDACTED], presenting the issue to the jury would invite a mini-trial on whether [REDACTED]. That is because to rebut this evidence, Charter would have to explain to the jury: [REDACTED] Such evidence would serve only to infuse unnecessary confusion and waste both the Court's and the parties' trial time and resources. Therefore, the Court should preclude this evidence or testimony under Rule 403 and 408.

**CONCLUSION**

For the foregoing reasons, Defendant Charter respectfully requests that the Court grant its Motions *in Limine*.

Respectfully submitted,

Dated: October 10, 2023

/s/ Daniel L. Reisner (with permission)
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

David Benyacar
Daniel L. Reisner
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: david.benyacar@arnoldporter.com
Email: daniel.reisner@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy DeWitt
Paul Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-6990
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

***Attorneys for Defendant Charter Communications, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email and the Court's ECF system on October 10, 2023.

*/s/ Daniel Reisner*
Daniel Reisner

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Plaintiff indicated that it opposes the relief sought in this motion.

*/s/ Daniel Reisner*
Daniel Reisner

