# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>  Plaintiff<br><br>  v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>  Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>█████████ |

**CHARTER'S SUR-REPLY IN OPPOSITION TO ENTROPIC'S MOTION FOR SUMMARY JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS**

Charter's opposition challenged Entropic to provide a single case supporting its test for determining whether the asserted patents fall within the scope of the ███████████████. In reply, Entropic cites no such case, because Entropic's test—requiring a separate showing that every element of each claim is described in the DOCSIS standard—is not the law. The cases it cites (e.g., *Godo*) have nothing to do with the question presented, but instead relate to the use of standards compliance as a proxy for proving infringement, which obviously requires an element-by-element test. Here, by contrast, the question is one of contract interpretation which does ***not*** require an element-by-element comparison between the claims and the DOCSIS standard.

Entropic does not dispute that its infringement contentions are based on Charter's compliance with the DOCSIS standards. Nor could it, as the contentions expressly refer to DOCSIS features like "PMA" and receiver-determined "probes." Charter's expert explained in great detail how the asserted patents are essential for compliance with DOCSIS according to the terms of the ███████████████, and Entropic's expert gave admissions supporting the same. This evidence—the experts' testimony, the ███████████████, and Entropic's infringement contentions—together provide more than enough for a reasonable jury to find the asserted patents licensed. Accordingly, summary judgment should be denied.

I.  **SUMMARY JUDGMENT MUST BE DENIED BECAUSE ENTROPIC'S INTERPRETATION IS NOT THE ONLY REASONABLE INTERPRETATION OF THE ███████████████**

As Charter's opposition showed, the cases cited in Entropic's Motion dealt with using standard compliance to prove infringement, not with the applicability of a license agreement. *See* Dkt. 177 at 4–5; Dkt. 237 at 1; Dkt. 215 at 6–9. Entropic's Reply does not dispute this; it simply cites these cases again without any effort to explain how they are relevant to the issue at hand.

Entropic also does not contest that, under New York law, summary judgment must be denied unless Entropic establishes "that its construction of the [contract] is the only construction

1

[that] can fairly be placed thereon." Dkt. 215 at 7 (quoting *Stormer v. Cnty. Of Oneida*, 886 N.Y.S.2d 298, 299 (N.Y. App. Div. 2009)). Entropic's construction—that every element of each claim must read on the DOCSIS standard in order for that claim to be licensed—is unsupported by law and contradicted by the ███████████████. Therefore, summary judgment must be denied.

Entropic disputes that applicability of New York law and argues that the meaning of "essential" in the ███████████████ is a question of patent law. Dkt. 237 at 2. Entropic's reliance on *Fraunhofer-Gesellschaft zur Forderung der Angewandten Forshung E.V. v. Sirius XM Radio Inc.* is highly misleading. As an initial matter, Entropic puts the word "essential" in quotes, suggesting that essentiality was discussed, when in fact the word "essential" does not once appear in that case. The issue in *Fraunhofer* was whether the district court correctly dismissed a patent case under Federal Rule of Civil Procedure 12(b)(6) based on a determination that a license agreement governed by German law had not been terminated. The court first addressed "what law to apply" and found that Fraunhofer had waived its argument that German law applied by not raising it with the district court. Here, there is no such waiver. 940 F.3d 1372, 1380 (Fed. Cir. 2019). The court then noted as an aside that "we have applied Federal Circuit law in several circumstances where the interpretation of a contract is 'intimately bound up' with an issue of patent law," and it provided four examples, **none of which** involve determining whether a patent is "essential" to a standard. *Id.* at 1380 & n.4. In short, *Fraunhofer* does not remotely support Entropic's contention that an element-by-element infringement analysis under federal patent law is the test for determining whether the asserted patents in this case are covered by the ███████████████.

Beyond the case law, the ███████████████ also makes clear that Entropic's

2

interpretation is wrong. It states that a license is provided for two separate groups of technology:

███████████████████████████████████████████████████████████████

███████████████████████████ Dkt. 177, Ex. A § 1.2. Because the second group involves an

███████████████████████████████, it cannot be the case that the first group involves the same thing, for then one of these clauses would be superfluous. In other words, Entropic's interpretation that every element of a claim (an invention) must be described in the standard in order to be ███████████████████ would render one of these clauses meaningless. This is against New York law. *See Amaranth LLC v. J.P. Morgan Chase & Co.*, 888 N.Y.S.2d 489, 493 (N.Y. App. Div. 2009) ("A court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect.") (quotation omitted).

Entropic argues it does not render contractual language meaningless because "there are multiple differences between the two clauses." Dkt. 237 at 3. However, the only purported difference Entropic identifies is its assertion that "essential" refers to "mandatory" aspects of a standard, while "described" refers to "the standard more broadly." *Id.* This assertion is not only unsubstantiated by any record evidence, but it ignores the fact that the standard itself is optional—there is no requirement that any cable provider comply with the DOCSIS standard. Indeed, the ███████████████████████████ exists so that cable providers have the option to use the standard without fear of patent infringement. This freedom is the *quid pro quo* for the standard's development in the first place. Entropic's interpretation—that a license exists only when a standard has the foresight to describe all the elements of a patent claim—would frustrate the very purpose of the ███████████████████████ as well as standards development in general.

In addition, the ███████████████████████████████████████████ ███████████████████ further undermines Entropic's interpretation. Dkt. 215 at 8. The express

3

language of the ███████████████ gives a license to any ██████ that falls within one of the two groups discussed above. This means that if one claim of a patent is ████████████████████████████████████████████████" then every claim in that patent is licensed, which makes sense because all claims in a patent are presumed to be described by the same written description. Entropic's contention that a license must be determined separate for each claim does not comport with this language in the ████████████████████. Tellingly, Entropic completely ignores this point from Charter's opposition. Dkt. 215 at 8 ("[T]he license is granted on a patent-by-patent, not a claim-by-claim basis.").

While these facts demonstrate why Entropic's position is clearly wrong, Charter does not need to go that far in opposition to summary judgment. What matters it that Entropic's interpretation is clearly not the *only* reasonable one. To show that the ████████████ are ██████████████████████████████████████████████████████████, Charter's expert analyzed the evidence and opined that, if Entropic's infringement theory is correct, then there is no practical way to comply with the DOCSIS Specifications without infringing Entropic's patents. *See* Dkt. 215 at 10–14.[1] Entropic's expert holds the same opinions, which Entropic does not dispute. *See* Dkt. 215, Add. SOF ¶¶ 4–11. For example, Entropic's expert explains in detail how Charter's ████████████████, in his view, relies on the ████████████████████████. *Id.*, Add. SOF ¶¶ 6–11; *id.* at 13–14. This is more than sufficient for a jury to find that a license exists.

For these reasons, Entropic's motion should be denied as to all four Licensed Patents.

---

[1] Entropic argues that Charter's evidence violates the Court's standing MIL 19. *See* Dkt. 237 at 5. Assuming Entropic is really pointing to MIL 18, the Court has limited what the parties may introduce "for purposes of infringement or non-infringement." Standing Order on Motions *in Limine*, No. 18. It has no bearing on Charter's licensing defense.

## II.  CONCLUSION

For the reasons discussed above, as well as in Charter's opposition (Dkt. 215), the Court should deny Entropic's motion to find no licensing defense under the ███████████████ .

| | |
|---|---|
| Dated: October 11, 2023 | Respectfully submitted,<br><br>*/s/ Daniel Reisner by permission Elizabeth Long*<br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Phone: (903) 705-1117<br>Fax: (903) 581-2543<br>Email: ddacus@dacusfirm.com<br><br>Daniel L. Reisner<br>David Benyacar<br>Elizabeth Long<br>Albert J. Boardman<br>Melissa Brown<br>Jacob Bass<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York, 10019-9710<br>Telephone: (212) 836-8000<br>Email: daniel.reisner@arnoldporter.com<br>Email: david.benyacar@arnoldporter.com<br>Email: elizabeth.long@arnoldporter.com<br>Email: albert.boardman@arnoldporter.com<br>Email: melissa.brown@arnoldporter.com<br>Email: jacob.bass@arnoldporter.com<br><br>Marc A. Cohn<br>Amy L. DeWitt<br>Paul I. Margulies<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br>Email: marc.cohn@arnoldporter.com<br>Email: amy.dewitt@arnoldporter.com<br>Email: paul.margulies@arnoldporter.com<br><br>**Attorneys for Defendant**<br>**Charter Communications, Inc.** |

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long