UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Civil Action No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** |

**CHARTER'S SUR-REPLY IN OPPOSITION TO ENTROPIC'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT DEVICES WITH MAXLINEAR CHIPS ARE NOT NON-INFRINGING ALTERNATIVES <u>AFFECTING THE REASONABLE ROYALTY RATE</u>**

**I.      INTRODUCTION**

Entropic has not demonstrated that it is entitled *as a matter of law* to a finding against the use of ▮▮▮▮▮▮ as a non-infringing alternative and its motion for partial summary judgment should be denied.

**II.     ARGUMENT**

    **A.     Products Containing ▮▮▮▮▮▮ Are Not As A Matter of Law Precluded From Being NIAs To The '775 Patent**

For the '775 patent, Entropic criticizes Charter's reliance on lost profits cases relating to NIAs in the reasonable royalty context (Reply at 2), despite its own reliance on such cases throughout its brief. *See, e.g.*, Mot. at 8–9. Entropic's critique of lost profits cases is particularly disingenuous when Entropic itself, in its opening brief, claimed that "[t]he logic underpinning those cases must apply equally to the reasonable royalty context." *Id.* at 11.

But Entropic's **own cases** recognize that the analysis of NIAs in lost profits cases, like *Grain Processing Corp.*, is relevant to the reasonable royalty analysis. *See, e.g., LaserDynamics, Inc. v. Quanta Comput., Inc.*, No. 2:06-CV-348, 2011 WL 197869, at *2 (E.D. Tex. Jan. 20, 2011) (citing and discussing *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341 (Fed. Cir. 1999), a lost profits case); *see also DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2011 WL 8810604, at *13 (E.D. Tex. Aug. 2, 2011) (quoting *Grain Processing* for the very proposition that Entropic attempts to discount, explaining that "[a]cceptable substitutes that the infringer proves were available during the accounting period can preclude or limit lost profits"). Entropic's motion for summary judgment should be denied on this basis alone.

    **B.     There Is Evidence From Which A Jury Could Find A Non-Infringing Alternative, Which Precludes Summary Judgment**

As to the '008, '826, '362, and '690 patents, as well as the '775 patent, there is ample record evidence from which a jury may find that products with ▮▮▮▮▮▮ were non-

infringing alternatives. *See* Opp. at Add'l Facts ¶¶ 9–12. Ignoring this evidence, Entropic erroneously asserts that "Charter has failed to offer *any* evidence that ▇▇▇▇ were *available* at the time of the hypothetical negotiations for any of the patents at issue." Reply at 2–3 (emphasis added). But the very documents attached to Charter's opposition demonstrate availability, as Charter provided ▇▇▇▇ supplying the non-infringing alternatives since 2012 (Opp., Ex. J, M), 2015 (*id.*, Ex. N), 2016 (*id.*, Ex. K), and 2018 (*id.*, Ex. L) and on to 2021–2023, before, during and after the time of the hypothetical negotiations. *See id.*, Ex. H (▇▇▇▇); ▇▇▇▇. Entropic claims that, if Charter's experts' challenged opinions are excluded, "there will be no basis for the jury to conclude that ▇▇▇▇" can serve as NIAs. Reply at 4. But the same evidence—Charter actually using products that implement the same DOCSIS standards in its network—is more than sufficient. In short, this record raises a factual dispute that precludes summary judgment.

Moreover, in its initial brief, Entropic argued that there was no evidence of NIAs "[i]f Dr. Almeroth and Mr. Bakewell's opinions on non-infringing alternatives are stricken," claiming that "there ***would be*** no evidence that [third-party] devices were available, feasible, and non-infringing" if the reports were stricken. Mot. at 13 (emphasis altered). In its reply, Entropic moves the goal post and claims Charter must *also* "cit[e] to evidence that these ▇▇▇▇ would affect the reasonable royalty rate." Reply at 4. Because Entropic never raised this ground for summary judgment, it is waived. *See Hammers v. Mayea-Chang*, No. 2:19-CV-00181-

2

JRG, 2019 WL 6728446, at *8 n.10 (E.D. Tex. Dec. 11, 2019) (collecting cases); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2015 WL 5786501, at *5 (E.D. Tex. Sept. 30, 2015) ("The Court does not consider arguments raised for the first time in a reply brief[.]"). In any event, and as detailed in Charter's Opposition to Entropic's motion to strike the opinions of Charter's damages expert Christopher Bakewell (Dkt. 212 at 13), Entropic is wrong—Bakewell is not offering an affirmative royalty opinion that relies on the price of ▮▮▮▮ (and thus purportedly would require what Entropic claims)—but instead offering rebuttal opinions criticizing Entropic's damages experts' failure to consider product substitution and mitigation, which is perfectly appropriate.

### III. CONCLUSION

Charter respectfully requests that the Court deny Entropic's motion for summary judgment.

Dated: October 11, 2023								Respectfully submitted,

								*/s/ Daniel Reisner by permission Elizabeth Long*
								Deron R. Dacus
								State Bar No. 00790553
								The Dacus Firm, P.C.
								821 ESE Loop 323, Suite 430
								Tyler, TX 75701
								Phone: (903) 705-1117
								Fax: (903) 581-2543
								Email: ddacus@dacusfirm.com

								Daniel L. Reisner
								David Benyacar
								Elizabeth Long
								Albert J. Boardman
								Melissa Brown
								Jacob Bass
								ARNOLD & PORTER KAYE SCHOLER LLP
								250 West 55th Street
								New York, New York, 10019-9710
								Telephone: (212) 836-8000
								Email: daniel.reisner@arnoldporter.com
								Email: david.benyacar@arnoldporter.com
								Email: elizabeth.long@arnoldporter.com
								Email: albert.boardman@arnoldporter.com
								Email: melissa.brown@arnoldporter.com
								Email: jacob.bass@arnoldporter.com

								Marc A. Cohn
								Amy L. DeWitt
								Paul I. Margulies
								ARNOLD & PORTER KAYE SCHOLER LLP
								601 Massachusetts Avenue NW
								Washington, DC 20001-3743
								Telephone: (202) 942-5000
								Email: marc.cohn@arnoldporter.com
								Email: amy.dewitt@arnoldporter.com
								Email: paul.margulies@arnoldporter.com

								**Attorneys for Defendant**
								**Charter Communications, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long