# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER COMMUNICATIONS, INC.'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S MOTION FOR SUMMARY JUDGMENT OF NO UNCLEAN HANDS DEFENSE**

Charter submits this sur-reply in further opposition to Entropic's Motion for Summary Judgment of No Unclean Hands Defense (Dkt. 180, "Mot."). Summary judgment should be denied.

## I.  INTRODUCTION

Entropic argues, without any authority, that any egregious conduct by ▮▮▮▮ concerning the asserted patents, is irrelevant because, ▮▮▮▮

▮▮▮▮

▮▮▮▮ . ▮▮▮▮

▮▮▮▮ . ▮▮▮▮

▮▮▮▮

▮▮▮▮ . *See Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814–15 (1945).

Entropic also argues that ▮▮▮▮ does not support unclean hands because it was not "egregious." In doing so, it simply ignores the fact that ▮▮▮▮

▮▮▮▮

▮▮▮▮ . As explained in Charter' opposition, genuine issues of material fact preclude summary judgment of its unclean hands defense.

## II.  ARGUMENT

### A.  Charter Properly Relies On The Acts Of ▮▮▮▮

Entropic's argument that ▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

█████████████████████████████████████ Entropic points to nothing in its reply to contradict any of this.

Entropic also fails to address the fact that █████████████████████████████████████

█████████████████████████████████████

█████ The record is clear regarding ███████████████ misconduct which Charter may rely on for its unclean hands defense because █████████████████████████

█████████████████████████████████████

███████████████████████████

**B.     Charter's Argument Regarding Egregious Conduct Is Supported**

Entropic's argument that "███████████████████████████████

████████████████████████████ misses the point. (Reply at 4.) Entropic chooses to only focus on ███████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████ (Add'l Facts at ¶¶ 1–9, 26–30.) Similarly, Entropic's argument that █████████████████████████████████████

█████████████████████████████████████

███████████████████████ Entropic's attempt to ignore this by focusing only on one aspect of ███████████████ does not change that Charter has identified egregious conduct by ███████ specifically related to the asserted patents.

**III.    CONCLUSION**

Charter respectfully asks the Court to deny Entropic's motion for summary judgment.

Dated: October 11, 2023                    Respectfully submitted,

<u>/s/ Daniel Reisner by permission Elizabeth Long</u>
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long