# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

ENTROPIC COMMUNICATIONS, LLC,

    Plaintiff

      v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Civil Action No. 2:22-cv-00125-JRG

**JURY TRIAL DEMANDED**

███████████

## CHARTER'S SUR-REPLY IN OPPOSITION TO ENTROPIC'S
## MOTION TO STRIKE OPINIONS OF DR. KEVIN ALMEROTH

Almeroth's opinions regarding Charter's licensing defense and non-infringing alternatives are proper, he has not engaged in claim construction, and there is no basis to strike the evidence relied on in his supplemental report. Entropic's motion should be denied.

## A.    There is no basis to exclude Almeroth's opinions as to the ███████████

Entropic repeats its argument that it "cited to multiple cases which confirm that essentiality requires an element-by-element infringement analysis of the claims." Dkt. 241 at 1. But that misses the point. Regardless of whether proving *infringement* of a standard-essential patent requires such an analysis, Entropic has not identified any case requiring an element-by-element analysis to determine whether patents are "essential for compliance with the Specifications" under the terms of the ██████████████████ governed by New York law.

Contrary to Entropic's suggestion, Charter does not "admit" an infringement analysis is required. Dkt. 241 at 1. Instead, Almeroth opines that Entropic's patents are "███████████ ████████████████████" because, based on *Entropic's infringement allegations*, there is no way to implement the DOCSIS standards without running afoul of the patents. *See, e.g.,* Dkt. 175, Ex. A ¶¶ 41, 61, 73; *see generally id*. ¶¶ 29–73. Showing something is "essential for compliance" with DOCSIS specifications because there is no other way for a cable operator to comply with DOCSIS specifications does not require an explicit claim-by-claim analysis.

Entropic attempts to dismiss in a footnote an important element of the ███████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████" Dkt. 213, Ex. K § 1.2. This language makes clear that "essentiality" differs from a showing that each element of the claimed "invention" is in DOCSIS. Entropic argues that "an invention can be essential for practicing the standard, without necessarily be explicitly described in the standard" (Dkt. 241 at 1 n.1), but provides no basis for this and the logic does not compel use of an element-

by-element analysis. Entropic has not offered any explanation as to why the ███████████ ████████████████████████████████████████████████████████" on the other should not be interpreted differently. Almeroth's opinion is reliable and helpful for a fact finder to consider.

### B.    There is no basis to exclude Almeroth's non-infringing alternatives opinions

Entropic asserts that Almeroth's opinions as to non-infringing alternatives as to the '775 patent cannot be relevant because no licensed ██████████████████████. Entropic is wrong on the law. While Entropic criticizes Charter's citation of *Grain Processing Corporation* as "speaking in terms of lost profits analysis," Entropic itself relied on lost profits cases in its briefings as to non-infringing alternatives, and claimed that "[t]he logic underpinning those cases must apply equally to the reasonable royalty context." Dkt. 174 at 5–6; Dkt. 179 at 8 (same); *see also* Dkt. 175 at 6 (quoting *SmithKline Diagnostics, Inc. v. Helena Lab'ys. Corp.*, 926 F.2d 1161, 1166 (Fed. Cir. 1991)). Moreover, *Grain Processing Corporation* in particular has been regularly cited and relied on in the reasonable royalty context, ***including*** by Entropic's own cases. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, No. 2:06-CV-348, 2011 WL 197869, at *2 (E.D. Tex. Jan. 20, 2011) (citing and discussing *Grain Processing Corp. v. Am. MaizeProds. Co.*, 185 F.3d 1341 (Fed. Cir. 1999)); *see also DataTreasury Corp. v. Wells Fargo & Co.,* No. 2:06-CV-72 DF, 2011 WL 8810604, at *13 (E.D. Tex. Aug. 2, 2011) (A reasonable royalty case, quoting *Grain Processing Corporation* for the very proposition that Entropic cites: "[a]cceptable substitutes that the infringer proves were available ***during the accounting period*** can preclude or limit lost profits.") (emphasis added).

Next, regarding the remaining patents, Entropic argues that "Almeroth fails to [1] tailor his analysis to specific ██████████ and [2] show that they were available as of the relevant dates." Dkt. 241 at 3. As to the first point, Almeroth's opinion is that, rather than using the accused products that incorporate ██████████, a non-infringing alternative would have been for

2

Charter to use accused products that instead incorporate █████████. *See, e.g.,* Dkt. 213, Ex.

L ¶¶ 100–102, 139–141. Almeroth explained that there is ████████████████

████████████████████████████████████████████

██████████████ *Id.* ¶¶ 140–141. Indeed, as Almeroth's opinion is that ██████████

████████████████████████████████████████████

████████████████████████████████. Entropic offers no

rationale, opinion, or evidence to suggest that specific models of ███████████ would not have

been non-infringing alternatives. But even if it had, that would simply be a disagreement with

Almeroth's opinions and not provide a basis to strike them. As to the second point, Charter

identified evidence in the record, including cited in Almeroth's report, showing the availability of

████████████████████████. Dkt 213 at 8. Charter did the same in its

opposition to Entropic's related motion for summary judgment. Dkt. 211, Add. SOF ¶¶ 9–12.

Entropic argues ███████████████████████████████████" (Dkt.

241 at 3), but does not say why.[1] However, the record is clear that ████████████ were

available in the relevant timeframe (and continue to be available), thereby demonstrating the

soundness of Almeroth's methodology.

### C.    Almeroth did not perform "claim construction" analysis

As explained in Charter's Opposition (Dkt. 213 at 12), Almeroth has not and will not

deviate from the Court's claim construction order. However, that provides no basis for striking

Paragraphs 142, 351, and 356. Except as required by the Court's claim construction order,

---

[1] Entropic argues that a failure to delineate which specific ███████████ were non-infringing alternatives "impairs Entropic's ability to cross-examine" Almeroth. Dkt. 241 at 3. But Entropic cites no law suggesting this is a basis for exclusion. Notably, Entropic did not identify any unsuccessful attempt to ask Almeroth about this at his deposition.

Almeroth may otherwise express the opinions in those paragraphs.

Regarding the remaining disputed paragraphs, Entropic argues that the Court should apply *dicta* in *Echologics, LLC v. Orbis Intelligent Systems, Inc.*, Case No.: 21-cv-01147-H-AHG, 2023 WL 2752861 (S.D. Cal. Mar. 27, 2023), to strike Almeroth's opinions because they contain citations to the specification. (Dkt. 241 at 5.) In a footnote, the *Echologics* court noted that "District court[s] have held that it is improper for an expert to opine as to the plain and ordinary meaning of a claim term ***and then support that opinion*** with citations to specification and the prosecution history as that constitutes an impermissible attempt to argue claim construction to the jury." 2023 WL 2752861, at *7 n.2. First, Almeroth does not cite the prosecution history in any of the disputed paragraphs. *See* Dkt. 275, Ex. B ¶¶ 333–336, 345, 351, 385. Second, Almeroth does not rely on the specification in connection with opining on the plain and ordinary meaning of a claim term. In Paragraph 351—the only disputed paragraph that even references a term's plain meaning—he cites the specification in connection with his opinion faulting Kramer for failing to identify any evidence indicating that the ███████ performs any DOCSIS control functions. *See* Dkt. 213 at 16.

### D.  Entropic's arguments as to late-produced documents ignore the timeline

Entropic's reply does not attempt to support its request to strike Almeroth Supp. ¶¶ 28–29, apparently conceding that the new ██████ testimony justified his opinions on a previously referenced document. *See* Dkt. 213 at 15.

Instead, Entropic focuses on ██████ and its request to strike a portion[2] of Almeroth Supp. ¶¶ 11, 20. Entropic's entire argument centers around its final point that ████████████████ ██████████████████████████████████ Dkt. 241 at 5. Charter,

---

[2] As noted, even if the Court sided with Entropic, it would not necessitate striking the entirety of these paragraphs. *See* Dkt. 213 at 14.

however, was entitled to ▬▬▬▬▬▬▬▬▬▬▬▬▬ Until Charter took that action, the documents at issue did not exist and obviously could not be produced.

It is further unreasonable to demand that "Charter should have produced the supplemental discovery on August 9," the same day it took an action in its network. *See* Dkt. 241 at 5. Though Entropic cites to a letter seeking ▬▬▬▬▬▬▬▬▬▬" (Dkt. 241 at 5), numerous of which were produced during fact discovery, Entropic has cited nothing (despite deposing a Charter witness on the issue) suggesting such a ▬▬▬▬▬▬▬▬▬▬▬▬.[3]

Entropic similarly ignores the fact that its expert supplementation 20 days after the ▬▬▬▬ provided the first "request" alerting Charter that additional documentation was needed. Dkt. 213 at 13-14.

Entropic also argues it was prejudiced because it could not question Charter's witnesses about the documentation. Dkt. 241 at 5. However, this ignores the fact that Almeroth and Stafford were both deposed *before* Charter ▬▬▬▬▬▬▬▬. There were no documents to produce, nor did Entropic ever seek any further deposition testimony on ▬▬▬▬▬▬▬.

Finally, Entropic does not dispute the importance of the documentation to Charter. *See* Dkt. 213 at 13–14. Under the circumstances, Charter's production of this information is substantially justified and harmless.

### E.   Conclusion

For the foregoing reasons, and for the reasons set forth in Charter's opposition brief (Dkt. 213), Entropic's motion should be denied.

---

[3] Nor is Almeroth's challenged testimony relying on any such ▬▬▬▬▬▬.

Dated: October 11, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long