██████████████████████████████

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Civil Action No. 2:22-cv-00125-JRG <br><br><br> **JURY TRIAL DEMANDED** <br><br> ███████████████████ <br> ████████████ |

## CHARTER'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME PLAINTIFF'S MOTION TO COMPEL (DKT. 244)

## I. INTRODUCTION

Entropic's Motion (Dkt. 244, "Mot for Leave") fails to show good cause for granting leave to file its motion to compel unspecified privileged testimony and documents long after Charter asserted privilege and the period for fact discovery ended. (Dkt. 245, "Mot. to Compel.")

The Fifth Circuit has set out four factors that trial courts must consider when determining whether good cause exists to allow a deviation from the court's scheduling order: "(1) the explanation for the failure to [meet the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *TravelPass Grp., LLC v. Caesars Entm't*, No. 5:18CV153-RWS-CMC, 2021 WL 4027372, at *3 (E.D. Tex. Feb. 9, 2021) (citing *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) and *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Because each good cause factor weighs in Charter's favor, Entropic's Motion should be denied.

*First*, Entropic filed this motion more than seven weeks after it initially sought attorney-client privileged information from Charter's corporate representative at his deposition, to which Charter rightly objected. Entropic waited more than two weeks before asserting its baseless argument that Charter waived its claim of privilege under a false "sword and shield" theory. (Soskin Decl., Ex. A.) Charter promptly disputed this assertion at a September 1, 2023 meet and confer. Entropic then waited several more weeks before requesting another meet and confer and then filing its Motion, and has no justification for waiting this long.

*Second*, the privileged information that Entropic is moving to compel is not important to any issue in this case, as evidenced in part by Entropic's own delay in seeking it. Although Entropic says the information is "central" to responding to Charter's damages defense, it makes no effort to cite anything in the record to substantiate this assertion.

1

*Third*, Entropic's untimely request is highly prejudicial to Charter because it comes after the parties have exchanged pretrial disclosures and are actively preparing for the pretrial conference, now less than three weeks away. Compelling Charter to respond to its meritless motion to compel while it faces the deadlines leading up to the pretrial conference and prepares for trial would be unduly burdensome.

*Fourth*, a continuance is not available to cure Charter's prejudice because there is no time in the current schedule to accommodate Entropic's request.

Accordingly, Charter respectfully requests that the Court deny Entropic's Motion.

## II.  ARGUMENT

### A.  Entropic Was Not Diligent In Filing Its Motion

With trial less than two months away, Entropic fails to provide an adequate explanation for why it waited seven weeks after first asking for privileged information from Charter's corporate representative.

In seeking leave to modify the Court's Docket Control Order, diligence is of paramount importance. *Adaptix, Inc. v. AT&T Mobility, LLC*, Case No. 6:12-cv-17, 2015 WL 12849143, at *1 (E.D. Tex. Mar. 11, 2015) ("In assessing good cause, the trial court primarily considers the diligence of the party seeking to alter the existing schedule."). At the time Entropic filed its Motion, the parties had already filed reply briefs for their dispositive and *Daubert* motions, exchanged pretrial disclosures, and were in the process of preparing motions *in limine* and preparing for the pretrial conference. (*See* Dkt. 195). These facts alone warrant denial of Entropic's motion. *See Lone Star Tech. Innovations, LLC v. Asustek Computer Inc.*, Case No. 6:19-cv-00059-RWS, ECF No. 197, at 6 (E.D. Tex. May 14, 2021) ("Lone Star's motion was filed less than two months before trial and several months after the close of fact discovery. For that reason alone, the motion is DENIED"); *Adaptix*, 2015 WL 12849143, at *2 (denying motion to compel filed "two months

██████████████████████████████████████

after the close of fact discovery, three months after the exchange of expert reports, and with dispositive and *Daubert* motions having already been filed."); *Alexander v. Martin*, No. 2:08CV400, 2010 WL 1150303, at *4–5 (E.D. Tex. June 2, 2010) (waiting six weeks to file motion for leave to take limited discovery not diligent).

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ which was before the expiration of the Court-sanctioned extension of time—to August 11th—for the parties to complete limited fact discovery. (Dkt. 138.) On August 11, 2023, at the deposition of Charter's corporate witness, Charter rightly asserted privilege in response to questions that sought the disclosure of legal advice. (*See, e.g.*, Long Decl., Ex. A at 126:3–8.)[1]

Instead of filing its (meritless) Motion to Compel promptly, Entropic waited more than seven weeks to do so. In an attempt to justify its delay, Entropic cites Charter's August 28th supplementation of one of its Interrogatory Responses (*see* Mot. for Leave at 2), ██████████ ████████████████████████████████████████████████ ████████████████████████████████ *First*, even assuming Charter's supplemental response gave rise to Entropic's mistaken belief that a waiver occurred, Entropic still waited ***over five full weeks*** from that time to file the present October 3, 2023 Motion and its Motion to Compel, a period during which expert reports were being served; dispositive motions, *Daubert* motions, and motions *in limine* were being filed; and pretrial disclosures were being prepared and exchanged.

---

[1] Indeed, counsel for Entropic even conceded that the information it sought was privileged. (*See* Long Decl., Ex. A at 125:14–25.)

3

███████████████████████████████████████████

*Second*, the fact that Charter supplemented its interrogatory response in late August stems from **Entropic's** delay. Specifically, during the August 11th deposition, counsel for Entropic questioned Charter's witness, ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████ Entropic then waited until August 22nd before it asked Charter to supplement its response in accordance with the August 11th deposition testimony. (*See* Long Decl., Ex. C.)

*Third*, in accordance with Entropic's August 22nd request, Charter's supplemental response does not say anything more than what Charter's witness had already explained during the August 11, 2023 deposition. Charter's supplemental response simply refers back to the testimony provided at that deposition and at earlier depositions conducted on June 27th and August 8th. (Long Decl., Ex. B at 10–11.) Entropic's reliance on the interrogatory response is nothing more than a transparent attempt to justify its own delay.[2]

The only other thing that Entropic offers to show diligence is its unsupported and self-serving statement that it "proceeded carefully and diligently in researching the law and circumstances before filing." (Mot. for Leave at 5.) Entropic's explanation is "tantamount to no explanation at all" and should be disregarded. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Accordingly, the Court should find Entropic was not diligent and its explanation unavailing.

---

[2] Entropic also argues that Charter disclosed additional information on September 7 that evidences ████████████████████████████████ (*See* Mot. for Leave at 2.) It never explains how this non-privileged information which it already has is in anyway relevant to its motion. Moreover, Charter informed Entropic about ███████████████████████████████████████ on August 10, 2023.

████████████████████████████████████████

B. The Information Entropic Seeks Is Not Important

The information that Entropic seeks through its untimely motion to compel is not important.

Entropic attempts to manufacture an issue surrounding the "justification" ████

████████████████████████████████████████

████ (Mot. for Leave at 4.) Entropic alleges, without citing to the record, that Charter's ████████████████████████ is "central" to its damages defense. (*Id.*) All through fact discovery, however, ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████ The sworn testimony of Charter's witnesses is reflected in Charter's supplemental interrogatory responses concerning ████████████████ ████████████████████████ Charter has provided sufficient (and factually complete) ████████████████████████████████████. Nothing in the information Entropic seeks now at the eleventh hour will change these justifications, thus rendering this information irrelevant.

Indeed, the lack of importance of whatever information Entropic is seeking is confirmed by Entropic's delay in filing this Motion. If Entropic truly believed this information was "central" to Charter's defense, it would have acted without delay after the deposition of Charter's corporate representative. Accordingly, this factor also weighs in favor of Charter.

5

### C. Entropic's Request Is Prejudicial

Entropic's conclusory assertion that Charter would not suffer undue prejudice is also entitled to no weight.

Entropic claims that Charter is not prejudiced because it "voluntarily waived privilege through its own affirmative reliance and selective disclosure of attorney-client communications" (Mot. for Leave at 4), which is an improper attempt by Entropic to argue the merits of its motion to compel under the guise of the prejudice factor. Furthermore, Entropic misapprehends the prejudice at issue, which is the prejudice Charter would suffer if Entropic is granted leave to file a motion to compel months after the close of fact discovery and shortly before the pretrial conference.

Entropic's decision to raise its meritless claim of waiver of privilege over seven weeks after the supposed waiver occurred would substantially prejudice Charter. Fact and expert discovery are closed; the parties' fact and expert witnesses have all been deposed, and expert reports served; dispositive and *Daubert* motions have been fully briefed; pretrial disclosures and rebuttals have been exchanged; and motions *in limine* have been filed. The pretrial conference is now less than three weeks away. Forcing Charter to respond to a motion to compel and, potentially, to provide the information sought by Entropic at this late stage as the parties negotiate the pretrial order would reward Entropic's lack of diligence while, at the same time, unduly burden Charter. Entropic's characterizing of the information that it seeks as "limited," *id.*, does not cure the prejudice.

Entropic, on the other hand, would suffer no prejudice if its Motion is denied. As explained above, Charter has already disclosed and ████████████████████████████████ ████████████████████████ Entropic, furthermore, has not explained how any of Charter's privileged information will impact any issues at trial.

6

In view of the above, the prejudice to Charter would be substantial. Entropic's prejudice, by contrast, is non-existent. Therefore, this factor also weighs in Charter's favor.

### D. A Continuance Is Not Feasible and Does Not Cure Prejudice to Charter

A continuance will not cure any prejudice that Charter will suffer. There is no room in the remaining schedule to accommodate Entropic's belated request. Granting Entropic leave would simply reward Entropic's lack of diligence. Accordingly, this factor also weighs in Charter's favor.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Entropic's motion for leave to file its Motion to Compel (Dkt. 244).

Dated: October 18, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
William O. Young, Jr
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com
Email: william.young@arnoldporter.com

**Attorneys for Defendant Charter Communications, Inc.**

8

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 18, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long