# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>　　Plaintiff<br><br>　　v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>　　Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER COMMUNICATIONS, INC.'S OPPOSITION
TO PLAINTIFF'S OPPOSED MOTION TO COMPEL (DKT. 245)**

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD .................................................................................................... 2

III. ARGUMENT .................................................................................................................. 2

    A. Charter Has Not Affirmatively Put Its Own Lawyer's Advice At Issue ................................................................................................................. 2

    B. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ....................... 3

        1. No waiver of privilege .......................................................................... 3

        2. Charter properly asserted privilege in response to questions about legal advice concerning infringement ............................ 4

    C. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ....................... 6

        1. No waiver of privilege .......................................................................... 6

        2. Charter properly asserted privilege in response to questions about legal advice concerning infringement ............................ 7

    D. Reliance On Testimony and Interrogatories Concerning ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ....................... 9

    E. None Of Entropic's Case Law Is On Point ........................................................ 10

IV. CONCLUSION ............................................................................................................. 12

███████████████████████████████

# TABLE OF AUTHORITIES

**Cases**

*Conkling v. Turner*,
   883 F.2d 431 (5th Cir. 1989) .................................................................................... 2, 11

*Hearn v. Rhay*,
   58 F.R.D. 574 (E.D. Wash. 1975) .................................................................................. 11

*Hunt v. Blackburn,*
   128 U.S. 464 (1888) ........................................................................................................ 10

*Mohawk Indus., Inc. v. Interface, Inc.*,
   No. 4:07-CV-0212-HLM, 2008 WL 5210386 (N.D. Ga. Sept. 29, 2008) .......................... 11, 12

*Proctor & Gamble Co. v. S.C. Johnson & Son, Inc.*,
   Civil Action No. 9:08-CV-143, 2009 WL 10677747 (E.D. Tex. May 13, 2009) .................. 2, 9

*United States v. El Paso Co.*,
   682 F.2d 530 (5th Cir. 1982) ............................................................................................ 5

*United States v. Woodall*,
   438 F.2d 1317 (5th Cir. 1970) .......................................................................................... 11

*Upjohn Co. v. United States*,
   449 U.S. 383 (1981) .......................................................................................................... 5

*Willy v. Admin. Review Bd.*,
   423 F.3d 483 (5th Cir. 2005) ............................................................................................. 2

## I.   INTRODUCTION

Charter opposes Entropic's motion to compel privileged testimony and documents (Dkt. 245, "Mot."). Entropic's motion fails because there is no waiver—Charter has not affirmatively put its own lawyer's advice at issue regarding ▮▮▮▮▮ ▮▮▮▮▮ Entropic's entire waiver argument is based on the fact that Charter is *not* relying on advice of counsel and *not* putting legal advice at issue.

Entropic states "that [t]he Fifth Circuit, sitting en banc, has found that where a party testifies that its communications with its lawyer(s) did not contain certain advice, and the party then relies upon that assertion to better its case, the party waives privilege over communications surrounding that subject." (Mot. at 2.) It fails, however, to identify any testimony that "communications with its lawyer(s) did not contain certain advice" or reliance on such assertion. Instead, Entropic merely relies on disclosures such as Charter's interrogatory response explaining ▮▮▮▮▮ Neither even remotely suggests what the substance was of any legal advice Charter received concerning these decisions, nor does it show how Charter itself is attempting to rely on such legal advice.

The rest of Entropic's motion amounts to an irrelevant effort to attack the credibility of Charter's witnesses concerning ▮▮▮▮▮. Entropic argues Charter's story "suddenly changed" and later "changed again." The record, however, will show ▮▮▮▮▮. The mere fact that Entropic believes discovery of privileged Charter communications would aid it in disputing this record is no basis at all for asserting waiver of privilege.

1

Had Charter stated that it *was* relying on advice of counsel in its ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Entropic undoubtably would have argued this put such advice at issue and waived privileged. Instead, Charter did the opposite but Entropic still asserts waiver. Under Entropic's logic, nearly any assertion of privilege concerning a decision constitutes a waiver, whether or not the party asserts that it relied on legal advice or puts the substance of that legal advice at issue. Unsurprisingly, none of its cases support this sweeping proposition because it would effectively eliminate attorney-client privilege.

**II.     LEGAL STANDARD**

In the Fifth Circuit, "when a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege." *Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005). Waiver occurs when a party injects the advice of its counsel as an issue in the litigation. *See Conkling v. Turner*, 883 F.2d 431, 435 (5th Cir. 1989). Merely asserting a defense, however, where a party does not use privileged information in support of that defense does not implicitly waive attorney-client privilege. *Proctor & Gamble Co. v. S.C. Johnson & Son, Inc.*, Civil Action No. 9:08-CV-143, 2009 WL 10677747, at *3 (E.D. Tex. May 13, 2009).

Under this standard, Charter has not waived privilege.

**III.     ARGUMENT**

    **A.     Charter Has Not Affirmatively Put Its Own Lawyer's Advice At Issue**

In order to waive privilege, a party must affirmatively put its own lawyer's advice at issue. *Conkling*, 883 F.2d at 435. Charter has not done so. Charter never put the substance of any legal advice it received ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2

████████████████████████████

B. ████████████████████████████

    *1.    No waiver of privilege*

Entropic asserts that the mere fact that Charter ████████████████ ████████████████████. It relies on Charter's interrogatory response that, on ████████████

████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████, ████████

█ Entropic does not even attempt to explain how this disclosure put at issue the substance of any privilege. The interrogatory response does not refer to any privileged communication, does not imply what the content of any communication was and does not rely on any such communication.

Entropic also asserts that the following August 8, 2023 testimony from ████████████ ████████████████████████ ███

████████████████████████████
████████████████████████████
████████████████████████████

---

[1] Entropic asserts that Charter ████████████████████████████████ ████████████████████████████ but it never points to any contrary evidence. In fact, Charter has provided documentation evidencing, and sworn witness testimony confirming, ████████████████████████. In any event, its assertion that this is not true is no basis to deem Charter to have waived privilege.

3

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████ Again, Entropic fails to explain how this could possibly waive privilege. The record merely shows that ████ ████████████████████ not that Charter put any privileged communications at issue.

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

Lastly, Entropic asserts that Charter waived privilege by ████████████ ████████████████████████████████ Again, Entropic fails to cite any case that finds waiver based on a party *not* relying on legal advice as the basis for a decision.

    2.    *Charter properly asserted privilege in response to questions about legal advice concerning infringement*

Entropic argues, based on its incorrect assertion of waiver, that ████████ ████████████████████████████████ ████████████████████████████████

4



Charter, however, never put its advice as to whether it ▮ at issue. Entropic failed to identify a single instance of Charter taking a position relying on advice ▮

In each instance, Charter's refusal to answer questions was proper because attorney-client privilege applies to confidential communications made for the purpose of obtaining legal advice from counsel. *Upjohn Co. v. United States*, 449 U.S. 383, 389–90 (1981); *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982). Entropic itself conceded this by withdrawing its initial question attempting to obtain privileged information regarding this litigation:



Charter's counsel also made it clear that Entropic could ask the witness questions concerning the *facts* ▮ but that it could not seek legal conclusions regarding infringement of the asserted patents.



▇▇▇▇ Because Charter never put at issue its advice ▇▇▇▇, it is not entitled to any further discovery concerning ▇▇▇▇.

C. ▇▇▇▇

### 1. *No waiver of privilege*

In its July 3, 2023 supplemental response to Entropic's interrogatory 7, Charter stated that ▇▇▇▇



6

██████████████████████████████████████████████████████████████████ Entropic is free to dispute these facts at trial, if it can, but that is no basis for it to obtain Charter's privileged communications.

Unsurprisingly, it cites no case law supporting waiver merely because a party asserts disclosure of privileged information would help it challenge the credibility of the other party's witnesses absent any at-issue waiver.

### 2. *Charter properly asserted privilege in response to questions about legal advice concerning infringement*

Entropic argues, based on its incorrect assertion of waiver, that Charter improperly instructed ████████████████████████████████████████

---

[2] To the extent Entropic's statement that "[o]n August 10, 2023, weeks after the close of fact discovery and one day before the rebuttal expert report deadline, Charter claimed ██████ ████████████████████████████████████████████████████████ Mot. at 4) is intended to imply Charter improperly disclosed this fact late, Charter ████████████ ████████████████████

7

██████████████████████████████████

████████████████████████████████████████

███████████████████████████████

Charter, however, never put its advice as ███████████████████████

███████████████████████████████████████████████████████.

Entropic failed to identify a single instance of Charter taking a position relying on advice as to whether or not █████████████████████████████████

████████████████████

In each instance, Charter's instruction concerning privilege was proper and in no case was Entropic precluded from seeking discovery of non-privileged information:

████████████████████████████

██████████████████████████████
████████████████████

██████████████

█████████████████████████████
████████████████

█

████████████████████████████
██████

████████████████████████████████
████████████████████████████████

████████████████████████████
████████████████████

█

**D.** ▮

Entropic does not even attempt to explain how Charter's experts' reliance on testimony ▮ puts the substance of any legal advice at issue. (Mot. at 7–8.)

Entropic also argues that Charter's interrogatory response stating ▮ somehow puts Charter's legal advice at issue.[3] (Mot. at 7.) Again, Entropic never attempts to explain how this could possibly put Charter's legal advice at issue. Charter's disclosure specifically stated the ▮ This does not in any way depend on whether Charter ▮.

This Court has found no waiver where a defendant's response to a contention interrogatory, such as Charter's, that relies only on non-privileged information. *See, e.g., Procter & Gamble*, 2009 WL 10677747, at *4 ("P&G fails to specifically point out why or where the cited portion of SCH's interrogatory answer—which spans nine pages—constitutes reliance on privileged

---

[3] Entropic also implies that it first leaned of this ▮ "a month after discovery disclosed." (Mot. at 7.) This is not true. ▮

evidence, beyond a statement that the legal positions SCJ takes 'necessarily include advice of patent counsel.'").

### E. None Of Entropic's Case Law Is On Point

Entropic argues that Supreme Court and Fifth Circuit precedent "dictates" a finding of waiver of privilege here. (Mot. at 9.) Entropic is wrong. Each and every case Entropic relies on, and spends pages explaining, leads to the same conclusion—waiver occurs when a party puts advice of its counsel at issue in the case, something that Charter had not done here.

In what is probably the seminal case that speaks to "implied waiver" (or the use of attorney-client privilege as "a sword and a shield"), *Hunt v. Blackburn,* 128 U.S. 464 (1888), the Defendant Mrs. Blackburn raised as a defense her allegedly "misplaced confidence in her counsel, by whom she alleges she was deceived, misadvised, and misled" and "that she was ignorant of her rights" in the matter at issue. *Id.* at 470. In doing this, Mrs. Blackburn injected the advice of her counsel as a central issue in the case. Meanwhile, Mrs. Blackburn, invoking the attorney-client privilege, maintained that her attorney "should not be permitted to defend himself by testifying to the facts and circumstances under which he advised her, and the advice which he actually gave," effectively blocking any inquiry into the factual basis of her defense. *Id.* The Court found the attorney-client privilege waived because "Mrs. Blackburn ***entered upon a line of defense*** which involved what transpired between herself and Mr. Weatherford [her lawyer], and respecting which she testified, she waived her right to object to his giving his own account of the matter." *Id.* at 470–471 (emphasis added).

In *Hunt*, and the other cases Entropic relies upon in which privilege was waived, the party asserting privilege put that privilege at issue by stating or implying that it received specific legal advice which caused it to take some action or led to inaction. Mrs. Blackburn asserted that her counsel "deceived, misadvised, and misled" her. Here, unlike Mrs. Blackburn, Charter has not

10

relied on, cited, or discussed any (alleged) communications with its in-house or outside counsel in any of its defenses. It has not stated or implied that it received advice that any of its activities infringed or did not infringe.

Entropic's cited Fifth Circuit precedent fares no better than *Hunt*. Entropic spends much time on *United States v. Woodall*, 438 F.2d 1317 (5th Cir. 1970), a criminal case that is even less relevant than *Hunt*. (Mot. at 10–11.) The criminal defendant-appellant in *Woodall* raised as his defense "that his pleas were invalid because they were not intelligently made, since he lacked knowledge of the sentence consequences." *Id.* at 1324. "[T]he **heart of his defense** was the assertion that he did not know what sentences could result." *Id.* (emphasis added). And, in raising this defense, he directly placed communications with his attorney (i.e., allegedly misleading advice as to the maximum possible penalty for his offense) at issue. Charter has not injected any advice or communications of counsel into this matter. *Woodall* is plainly inapplicable.

*Conkling v. Turner*, 883 F.2d 431 (5th Cir. 1989) is similarly inapt. The waiver in *Conkling* stemmed from the fact that appellant Conkling "injected" an issue into the case that directly related to advice that his attorneys provided him and that had a direct bearing on his RICO claim, namely, when he knew of (or should have known) that he had been defrauded by the defendant. *Id.* at 435. Thus, as was the case in *Hunt* and *Woodall*, *Conkling* similarly stands for the proposition that a party place privileged information in issue "through some affirmative act for [the party's] own benefit." *Id.* at 434 (quoting *Hearn v. Rhay*, 58 F.R.D. 574, 581 (E.D. Wash. 1975). Here, there is no such "affirmative act" on the part of Charter to put privileged information "in issue."

Entropic's reliance on non-binding, non-Fifth Circuit case law is also off point. Mot. at 11–12. In *Mohawk Indus., Inc. v. Interface, Inc.*, Civil Action File No. 4:07-CV-0212-HLM, 2008 WL 5210386 (N.D. Ga. Sept. 29, 2008), the court found that the defendant in a false patent marking

11

████████████████████████████████████

case "injected an issue into the case that requires disclosure of privileged materials" when its officer testified that he sent instructions to mark certain products after receiving a phone call from in-house counsel, where that issue was the officer's knowledge about which products were covered by the defendant's patent. *Id.* at *13. The officer testified, squarely putting privilege at issue, that he knew "from discussions with attorneys that the first few products in the i2 collection . . . were covered" by the patent and that he had no "other basis" for his belief which led to marking the products. *Id*. at *14. The circumstances here, however, are nothing like those in *Mohawk*. Here, Entropic does not cite any testimony or facts from which can be inferred that any privileged communications occurred in connection with ████████████████████████████████ ██████████████████████████ Nor did Charter put at issue whether any privileged communication does or does not contain advice regarding ██████████████████████████.

## IV.   CONCLUSION

For these reasons, Charter respectfully asks that the Court deny Entropic's motion to compel testimony and documents improperly withheld as privileged.

| | |
|---|---|
| Dated: October 18, 2023 | Respectfully submitted,<br><br>*/s/ Daniel Reisner by permission Elizabeth Long*<br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Phone: (903) 705-1117<br>Fax: (903) 581-2543<br>Email: ddacus@dacusfirm.com<br><br>Daniel L. Reisner<br>David Benyacar<br>Elizabeth Long<br>Albert J. Boardman<br>Melissa Brown<br>Jacob Bass<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York, 10019-9710<br>Telephone: (212) 836-8000<br>Email: daniel.reisner@arnoldporter.com<br>Email: david.benyacar@arnoldporter.com<br>Email: elizabeth.long@arnoldporter.com<br>Email: albert.boardman@arnoldporter.com<br>Email: melissa.brown@arnoldporter.com<br>Email: jacob.bass@arnoldporter.com<br><br>Marc A. Cohn<br>Amy L. DeWitt<br>Paul I. Margulies<br>William O. Young, Jr<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue NW<br>Washington, DC 20001-3743<br>Email: marc.cohn@arnoldporter.com<br>Email: amy.dewitt@arnoldporter.com<br>Email: paul.margulies@arnoldporter.com<br>Email: william.young@arnoldporter.com<br><br>**Attorneys for Defendant**<br>**Charter Communications, Inc.** |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 18, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long