**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC </br></br> Plaintiff, </br></br> v. </br></br> CHARTER COMMUNICATIONS, INC. </br></br> Defendant. | Civil Action No. 2:22-cv-00125-JRG |

**CHARTER'S RESPONSE TO ENTROPIC'S MOTIONS IN LIMINE**

██████████████████████████████████████████

# TABLE OF CONTENTS

I. Entropic's MIL No. 1: Evidence Or Argument That ███████████ ████████ ........................................................................................................ 1

II. Entropic's MIL No. 2: Evidence, Testimony, Or Argument Related To Charter's Contribution To The Accused Technology Based On (1) Charter's Patents, Including The Number Of Patents Charter Owns, (2) The Relative Number Of Patents Between Charter And Entropic, (3) Patents On DOCSIS Owned By Charter And Entropic, And (4) Charter's Overall Technology Expenditures .............................................. 1

    A. Charter's Patents, Including The Number Of Patents Charter Owns ................... 2

    B. Patents On DOCSIS Owned By Charter Or Any Third Party ............................... 3

    C. Charter's Technology Expenditures ........................................................................ 4

III. Entropic's MIL No. 3: Evidence, Testimony, Or Argument About The Value Of ██████████████████████████████████████████████████████████████████████████ .................... 6

IV. Entropic's MIL No. 4: Evidence, Testimony, Or Argument That Charter's Damages ██████████████████████████████████████ ................................................................................ 7

V. Entropic's MIL No. 5: Evidence, Testimony, Or Argument That ████████ "Invented" FBC ........................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Cases**

*Abbott Lab'ys v. TorPharm, Inc.*,
  No. 97-C-7515, 2003 WL 22462614 (N.D. Ill. Oct. 29, 2003) ................................................. 5

*Aqua Shield v. Inter Pool Cover Team*,
  774 F.3d 766 (Fed. Cir. 2014)............................................................................................... n.6

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
  576 F.3d 1348 (Fed. Cir. 2009).................................................................................................. 8

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  No. 2:15-CV-11-RSP, 2018 WL 3089701 (E.D. Tex. Mar. 7, 2018)........................................ 8

*Finjan, Inc. v. Sophos, Inc.*,
  No. 14-CV-1197-WHO, 2016 WL 4560071 (N.D. Cal. Aug. 22, 2016) ................................. 3

*Hernandez v. Gen. Motors Corp.*,
  No. CIV. C-00-332, 2001 WL 36103819 (S.D. Tex. July 3, 2001)........................................ 7, 8

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & PMF Prod. Liab. Litig.*,
  No. 3:09-CV-10012-DRH, 2011 WL 6740391 (S.D. Ill. Dec. 22, 2011).................................. 6

*Interactive Pictures Corp. v. Infinite Pictures, Inc.*,
  274 F.3d 1371 (Fed. Cir. 2001)............................................................................................. n.6

*Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*,
  30 F.4th 1339 (Fed. Cir. 2022) ................................................................................................. 8

*PalTalk Holdings, Inc. v. Microsoft Corp.*,
  No. 2:06-CV-367 (DF), 2009 WL 10677783 (E.D. Tex. Feb. 25, 2009) ............................... n.3

*Realtime Data LLC v. Echostar Corp.*,
  No. 6:17-CV-84-JDL, 2018 WL 10466786 (E.D. Tex. Dec. 17, 2018) ................................. n.3

*Retractable Techs. Inc. v. Becton, Dickinson & Co.*,
  No. 2:07-CV-250, 2009 WL 8725107 (E.D. Tex. Oct. 8, 2009) .............................................. 2

*SB IP Holdings LLC v. Vivint, Inc.*,
  No. 4:20-CV-886, 2023 WL 6799020 (E.D. Tex. Oct. 13, 2023) ............................................ 2

*SB IP Holdings, LLC v. Vivint, Inc.*,
  No. 4:20-CV-886, 2023 WL 6601415 (E.D. Tex. Oct. 11, 2023) ............................................ 8

*Smartflash LLC v. Apple Inc.*,
   No. 6:13-CV-447-JRG-KNM, 2015 WL 11089593 (E.D. Tex. Jan. 29, 2015) ......................... 2

*Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*,
   No. 18-CV-12029-ADB, 2022 WL 10489059 (D. Mass. Oct. 17, 2022).................................. 3

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
   No. 2:20-cv-319-JRG-RSP, 2022 WL 1215242 (E.D. Tex. Apr. 24, 2022)............................ n.5

Charter respectfully submits these responses to Entropic's MILs (Dkt. 258 or "Br.").

I. **Entropic's MIL No. 1: Evidence Or Argument That** ▮▮▮▮▮▮▮▮▮▮

Charter does not intend to proffer at trial the testimony from ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)[1] However, to the extent that Entropic intends this MIL to reach other testimony and evidence that has not been identified, Charter opposes.

II. **Entropic's MIL No. 2: Evidence, Testimony, Or Argument Related To Charter's Contribution To The Accused Technology Based On (1) Charter's Patents, Including The Number Of Patents Charter Owns, (2) The Relative Number Of Patents Between Charter And Entropic, (3) Patents On DOCSIS Owned By Charter And Entropic, And (4) Charter's Overall Technology Expenditures**

Charter does not argue, and will not argue at trial, that the existence of its own patents, or patents held by third parties, suggests or proves non-infringement or invalidity. Nor will Charter compare the number of patents it owns with the number that Entropic owns. Entropic's motion, however, is overbroad in multiple respects. Although Entropic claims that it "is seeking to preclude the use of this evidence to show Charter's purported contribution to the accused technology for apportionment" (*id.* at 8), its motion demonstrates it seeks a more expansive exclusion. (*Id.* at 9 (evidence "suggesting Charter has patent coverage relevant to the technology at issue may confuse the jury into thinking that Charter cannot infringe Entropic's patents because it has patents of its own or because a single technology cannot be covered by more than one patent"); *id.* at 10 ("evidence of Charter's overall technology expenses risks confusing the jury with irrelevant data

---

[1] Page numbers refer to PDF pages, not internal numbers.

██████████████████████████████████████████

and should thus be excluded under Fed. R. Evid. 403").) As shown below, none of Entropic's claims warrant the blanket restriction that it seeks.

A.    **Charter's Patents, Including The Number Of Patents Charter Owns**

As an initial matter, ████████████████████████████████

████████████████████████████████████████████

████ [2] Entropic also does not appear to dispute that Charter is entitled to refer to its patents in the course of introducing the company to the jury and describing its general course of business. (Br. at 4.) Indeed, Charter should be able to show the jury evidence of its own investment in research and development and technical accomplishments, including the number of patents it has been awarded. *See*, *e.g.*, *Smartflash LLC v. Apple Inc.*, No. 6:13-CV-447-JRG-KNM, 2015 WL 11089593, at *1 (E.D. Tex. Jan. 29, 2015) (denying motion to preclude "Apple from testifying generally regarding Apple's ownership of patents and licenses"). Charter's witnesses should also not be prevented from explaining their work and the fact that they have patents on related technologies, which is relevant at least to the credibility of the witnesses. Charter's patents are also relevant to other issues in the case, including willful infringement. Courts within this district and elsewhere have permitted an accused infringer to introduce evidence of its own patents in defense of a willful infringement claim, such as Entropic's claim here. *See*, *e.g.*, *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 WL 8725107, at *8 (E.D. Tex. Oct. 8, 2009) (denying motion in limine in part and allowing defendant to "present evidence of its own development efforts and patents for the limited purpose of rebutting allegations of willfulness"); *SB IP Holdings LLC v. Vivint, Inc.*, No. 4:20-CV-886, 2023 WL 6799020, at *1 (E.D. Tex. Oct. 13, 2023) ("Defendants are allowed, however, to rely on their own patents to rebut alleged

---

[2] Entropic removed the exhibits after it filed its motion. (*See* Ex. O.)

willfulness") (quotation marks and citation omitted); *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, No. 18-CV-12029-ADB, 2022 WL 10489059, at *4 (D. Mass. Oct. 17, 2022) (denying motion to preclude introduction of accused infringer's patents where "the patents, at a minimum, are relevant to . . . whether there was willful infringement"); *Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-1197-WHO, 2016 WL 4560071, at *8 (N.D. Cal. Aug. 22, 2016) (finding that accused infringer's patents "may be relevant to rebut Finjan's claim of willful infringement"). Charter should be permitted to provide the jury with information concerning its patent portfolio and its respect for the intellectual property system in support of its willfulness defense.[3]

### B. Patents On DOCSIS Owned By Charter Or Any Third Party

DOCSIS is relevant to the hypothetical negotiation and apportionment. In discussing *Georgia-Pacific* factor 15 for the '775 patent, Stephen Dell, Entropic's damages expert, opined that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Both parties' technical experts agree that DOCSIS technology contributes to supporting faster speeds. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[3] In *PalTalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-CV-367 (DF), 2009 WL 10677783, at *3 (E.D. Tex. Feb. 25, 2009), Microsoft was excluded from arguing its patents "cover the accused products or that they effect the damage models in this case." Charter makes no such argument here. In *Realtime Data LLC v. Echostar Corp.*, No. 6:17-CV-84-JDL, 2018 WL 10466786, at *1 (E.D. Tex. Dec. 17, 2018), the court provided no explanation or reasoning for its decision.

████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████) Charter should be permitted to offer this evidence to show that "there is a lot of apportionment that has to be done ████████████████████████████████████████████" *Chanbond, LLC v. Atl. Broadband Grp., LLC*, No. CV-15-842-RGA, 2021 WL 1430724, at *2 (D. Del. Apr. 15, 2021) (denying motion *in limine* to exclude "testimony and evidence relating to other patents purportedly covering aspects of DOCSIS 3.0.")

### C. Charter's Technology Expenditures[4]

Entropic's claim that "evidence of Charter's overall technology expenses risks confusing the jury with irrelevant data" (Br. at 10) is contradicted by its own damages expert's acknowledgement that Charter's investment in providing the accused products and services would be relevant at the hypothetical negotiation, consistent with *Georgia-Pacific* factor 15. █████ ███ ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████,

---

[4] Consistent with the Court's Standing MIL No. 3, Charter will only introduce evidence of its investments and expenditures in connection with providing the accused products and services.

████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████ Bakewell

should similarly be permitted to present evidence of Charter's expenditures and investments that are in his report.

Charter's investment in its infrastructure is also directly relevant to apportionment for the '775 Patent, particularly because Dell's analysis is based on the opinions of Entropic's technical expert, Dr. Kramer, who claimed that: ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██ Charter should be permitted to provide the jury with evidence of Charter's investment to exploit the flaws in Dell's analysis. Neither of Entropic's cited cases are remotely relevant. In *Abbott Lab'ys v. TorPharm, Inc.*, No. 97-C-7515, 2003 WL 22462614, at *23 (N.D. Ill. Oct. 29, 2003), the defendant claimed that the "evidence was relevant to understanding why the patent laws granted Abbott a period of market exclusivity." The court granted the motion, finding that "the objective of the patent laws can be generally explained at trial without introducing specific evidence concerning Abbott's research efforts and expense." Likewise, in *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & PMF Prod. Liab. Litig.*, No. 3:09-CV-10012-DRH, 2011

5

WL 6740391, at *20 (S.D. Ill. Dec. 22, 2011), a product liability litigation, the court granted a motion *in limine* to exclude "the amount of money Bayer specifically and the pharmaceutical industry in general spend on research and development of drugs that do not reach the market" because "the issue is not how much money was spent but what actions were taken to insure that the drug was reasonably safe for human consumption." Here, Charter's investment in infrastructure and its expenditures in providing the accused products and services is directly relevant to damages, including apportionment.

### III. Entropic's MIL No. 3: Evidence, Testimony, Or Argument About The Value



To the extent Entropic's motion *in limine* extends only to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Charter agrees not to introduce any of the license or settlement agreements, or any monetary value associated with the licenses or settlement agreements, such as a royalty rate or royalty amount. Consistent with Entropic's motion, however, Charter's expert may introduce evidence or testimony about the "form of these agreements" and the "structure" of the license, such as the agreement "included rights to patents" that are "lump sum in nature" with respect to those enumerated licenses. (Br. at 10–11.) Entropic does not identify any other "unrelated" or "non-consummated licenses" that it seeks to exclude. To the extent it seeks further exclusion beyond the identified agreements, its motion is unsupported. Charter timely disclosed its intent to proffer evidence, testimony, and argument

6

████████ Charter disclosed its intent to proffer evidence, testimony, and argument regarding ████████ Even though the ████████ is the subject of a separate motion filed by Entropic (which should be denied for the reasons presented by Charter), to the extent Entropic extends the instant motion to ████████, and Entropic has identified no additional basis that would warrant blanket exclusion. To the extent this is a motion to exclude Bakewell's opinions disclosed in his reports, the time for such motions passed. *See, e.g., Hernandez v. Gen. Motors Corp.*, No. CIV. C-00-332, 2001 WL 36103819, at *1 (S.D. Tex. July 3, 2001) (striking motion *in limine* challenging expert opinion by finding that "[c]hallenges to expert testimony may be waived for failure to adhere to deadlines.").

IV. **Entropic's MIL No. 4: Evidence, Testimony, Or Argument That Charter's Damages For** ████████

Entropic's MIL 4 is a thinly-guised attempt to circumvent the Court's Docket Control Order for filing motions to strike. Entropic's only basis for exclusion is its claim that Bakewell may potentially proffer opinions that are "contrary to the law." (Br. at 12, 13 ("any testimony, suggestion, or argument that actual use of an accused feature acts as a 'cap' or ceiling, for lump-sum damages is contrary to law"), 14.) Entropic's claims that Bakewell's opinions are "contrary to law" are the very same arguments it made in its motion to strike against Bakewell. (Dkt. 174 at 6 ("contrary to the law"), 8 ("irrelevant as a matter of law"), 12 ("contrary to law").) The deadline

---

[5] Such evidence is relevant and admissible. *See, e.g., United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-cv-319-JRG-RSP, 2022 WL 1215242, at *3 (E.D. Tex. Apr. 24, 2022) (finding expert could rely on proposed offer as "relevant and probative").

7

for motions to strike has long passed, and Entropic's attempt to exclude Bakewell's opinions on purely legal reasons is untimely, improper, and should be denied on that basis alone. *See, e.g., Hernandez*, 2001 WL 36103819, at *1.

Even if Entropic's MIL 4 was proper (it is not), the motion should still be denied. *First*, as set forth in Charter's motion to exclude Dell's opinions, under Federal Circuit precedent, a patentee "can only receive infringement damages on those devices that actually performed the patented method during the relevant infringement period." (Dkt. 169 at 18 (quoting *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009)); *see also* Dkt. 239 at 5 (quoting *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1357 (Fed. Cir. 2022) ("Rather, where the only asserted claim is a method claim, the damages base should be limited to products that were actually used to perform the claimed method.")); *SB IP Holdings, LLC v. Vivint, Inc.*, No. 4:20-CV-886, 2023 WL 6601415, at *8 (E.D. Tex. Oct. 11, 2023) ("[W]here the only asserted claim is a method claim, the damages base should be limited to products that were actually used to perform the claimed method.") (citing *Niazi*, 30 F.4th at 1357).) ███ and thus fails to "establish that but-for infringement that has already occurred with respect to a certain product, the infringer would have paid a lump sum royalty for a license to keep selling that certain product through the life of the patent." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-11-RSP, 2018 WL 3089701, at *7 (E.D. Tex. Mar. 7, 2018). Accordingly, it is Entropic, not Charter, that relies on arguments that are contrary to law.[6]

---

[6] Further demonstrating the inappropriateness of its motion, none of Entropic's cited cases are in the context of a motion *in limine*. Further, neither *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 768 (Fed. Cir. 2014) nor *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1374 (Fed. Cir. 2001), concerned method claims. *In Amgen Inc. v. Hospira, Inc.*, 944 F.3d 1327,

8

██████████████████████████████████████

*Second*, Entropic does not, and cannot, point to any of Bakewell's opinions in which he uses the terms "cap, " "capped", or "ceiling" in offering his rebuttal opinions related to the '682 and '690 patents, or otherwise makes any implication thereof. Rather, Bakewell properly opines, among other things, that Dell's royalty theories on ████████████████████

████████████████████████████████████████████████

████████████████████████████████  ████████████████

████████████████████████████████████████████████

████████████████  ██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████  *See United Servs.*, 2022 WL 1215242, at *2 (denying motion to exclude expert's opinion on a design-around as a purported cap on the amount of damages by finding that expert was not precluded "from opining that during the hypothetical negotiation [the accused infringer] would be unwilling to pay more than the cost associated with designing a NIA"). Entropic's motion should be denied.

### V.     Entropic's MIL No. 5: Evidence, Testimony, Or Argument That ████████ "Invented" FBC

Entropic argues that Charter should be precluded from presenting to the jury that ████████ ██████████████████. Entropic asserts that Charter purportedly didn't make such allegation

---

1341–42 (Fed. Cir. 2019), there is no discussion of any purported "cap" or "ceiling" that an expert proffered as an opinion on a lump sum damages award.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in its validity case and that it's irrelevant to damages. (Br. at 14.) Specifically, Entropic challenges deposition testimony from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and argues that it should be excluded because: (1) it's irrelevant to validity and damages; (2) it violates the Court's MIL Nos. 4 and 23; and (3) even if it's relevant, it could cause jury confusion. Each argument fails, as discussed below.

Entropic's first argument, that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is irrelevant to validity and damages, ignores its relevance to infringement. Dr. Almeroth explains in his non-infringement report that the '362 patent pertains to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dr. Almeroth further supports the argument that the '362 patent didn't constitute the invention of full band capture because that ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dr. Almeroth provides evidence that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Entropic's second argument, that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ violates the Court's Standing Motion In *Limine* Nos. 4 and 23, is incorrect. The Court's MIL No. 4 prohibits parties from introducing prior art not disclosed in an expert report or invalidity contention. Charter's expert, Dr. Almeroth, relies on evidence of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in his non-infringement report, not as prior art. Thus, MIL No. 4 doesn't apply. As for MIL No. 23, which prohibits expert witnesses from exceeding the scope of their expert reports, Entropic argues that Dr. Goldberg doesn't refer to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ or cite to the testimony of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (Dkt. 258 at 15.) However, Dr. Almeroth explicitly opines on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and cites ▇▇▇▇▇▇▇ commensurate testimony in his

10

non-infringement report, allowing him to discuss ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ at trial without violating the Court's MIL No. 23.[7]

Entropic's last argument, that this evidence might confuse the jury, is unfounded. Entropic provides two examples of potential jury confusion: (1) the evidence could improperly suggest that the accused products and services cannot infringe because they use prior art ▮▮▮▮▮▮▮ and (2) the testimony could cause confusion with Dauphinee. Regarding Entropic's first argument, there is no reason why the jury would assume the accused products could not infringe merely because they use ▮▮▮▮▮▮▮ Charter's expert opines they do not infringe because they do not have the required ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As for Entropic's second argument, Entropic does not explain why evidence of non-infringement will confuse the jury over a prior art invalidity combination.

Accordingly, the Court should deny Entropic's motion.

---

[7] Dr. Almeroth does not cite to ▮▮▮▮▮▮▮ testimony, because his deposition was taken five days after Dr. Almeroth submitted his rebuttal report. (*Compare* Dkt. 258-9, *with* Dkt. 258-7.) But this is of no moment. ▮▮▮▮▮▮▮ testimony is duplicative of ▮▮▮▮▮▮▮ testimony.

11

Dated: October 23, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William O. Young, Jr.
Thomas J. Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

12

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 23, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long