# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE OUT OF TIME PLAINTIFF'S SUPPLEMENTAL MOTION TO STRIKE
<u>OPINIONS OF CHRISTOPER BAKEWELL (DKT. 287)</u>**

Entropic has failed to demonstrate good cause for granting leave to file its "Supplemental Motion to Strike Opinions of Christopher Bakewell" (Dkt. 289) more than a month after this Court's September 11, 2023 deadline for filing Motions to Strike Expert Testimony. (*See* Dkt. 319.) Accordingly, Entropic's motion for leave (Dkt. 287) should be denied.[1]

Charter served Mr. Bakewell's Second Supplemental Report Regarding Damages, on September 25, 2023.[2] (Shimota Decl., Ex. A.) Entropic filed its motion for leave to strike that report on October 13, 2023, almost three weeks later.[3] Entropic has no valid explanation as to why it waited so long to do so.

<u>First</u>, Entropic argues that it "could not have filed this motion by the September 11, 2023 deadline because Charter served Mr. Bakewell's Second Supplemental Expert Report two weeks after this deadline." (Dkt. 287 at 1.) This ignores the fact that it still waited almost three more weeks to file its motion. <u>Second</u>, Entropic argues its delay is justified because its motion to strike is "inextricably intertwined" with the parties' dispute regarding the one-day extension of the expert discovery period because if this extension is not granted, Mr. Bakewell, Entropic asserts, will have "no technical basis for certain opinions." (*Id.*; *see also* Dkt. 289 at 1.) This, however, goes to the

---

[1] Although Entropic characterizes the motion that it seeks leave to file as a "supplement" to its previously filed Motion to Strike the Opinions of Christopher Bakewell (Dkt. 289 at 1), it is beyond dispute that this is Entropic's **second** motion to strike Mr. Bakewell's opinions. As such, Entropic is exceeding the limits set forth in this Court's Standing Order on the Number of Motions to Strike Expert Testimony (Including *Daubert* Motions) Filed in Civil Cases Assigned to Judge Rodney Gilstrap in the Marshall and Texarkana Divisions, which was ordered and signed August 25, 2023 (the "Standing Order"). Entropic's motion fails to even acknowledge the existence of the Standing Order, much less address its requirements.

[2] Mr. Bakewell's Second Supplement Report was served in response to the Second Supplemental Expert Report of Stephen Dell Relating to Damages, which was served by Entropic on September 19, 2023. (*See* Shimota Decl., Ex. A at ¶ 1.)

[3] Due to problems with Entropic's filing, service of the present motion was delayed a further three days, to October 16, 2023. (*See* Dkt. 291.)

1

merits of its motion to strike and is not relevant as to whether good cause exists for granting Entropic leave to file its motion to strike here.

"In assessing good cause, the trial court primarily considers the diligence of the party seeking to alter the existing schedule." *Synqor, Inc. v. Artesyn Techs., Inc.*, Civil Action No. 2:11-cv-444, 2013 WL 12138997, at *1 (E.D. Tex. July 11, 2013). Thus, even assuming that the parties' dispute regarding amending the Docket Control Order has any bearing on Entropic's supplemental motion to strike (it does not), Entropic has no excuse for waiting nearly three weeks after it received Mr. Bakewell's second supplemental report (and after Entropic became aware of the purported underlying basis for striking) to file its motion. Entropic waited nearly that long to even notify Charter of its intent to file a motion to strike Mr. Bakewell's second supplement report. (*See* Shimota Decl., Ex. C.) Moreover, during Entropic's delay, the parties were busy preparing pretrial disclosures; rebuttal pretrial disclosures; motions *in limine*; the joint pretrial order; joint proposed jury instructions; and a joint proposed verdict form, all leading up to the rapidly approaching pretrial conference.

Entropic argues that it filed its motion for leave "diligently" right after the parties met and conferred. (Dkt. 287 at 1.) The diligence clock, however, does not start right after the meet-and-confer. The fact is that Entropic waited from September 25 to October 13 to file its motion for leave, which demonstrates its lack of diligence.

Furthermore, Entropic does not even attempt to explain how any of the other good cause factors weigh in its favor. *See Synqor*, 2013 WL 12138997 at *1 ("(2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.").

2

Entropic could not (and made no attempt to) demonstrate "importance." Its delay in bringing this motion demonstrates the opposite. Neither does Entropic attempt to address any "potential prejudice" if its motion for leave is granted, nor does it show the "potential prejudice" it would suffer if its motion is denied. Charter, on the other hand, would suffer substantial prejudice because, should the Court grant Entropic's underlying supplemental motion to strike, it would effectively leave unrebutted the opinions set forth in Mr. Dell's second supplemental report. Finally, with the pretrial conference only a week away and trial less than a month after that, a continuance to cure the substantial prejudice to Charter is not feasible.

Therefore, for the foregoing reasons, the Court should deny Entropic's motion for leave to file out of time its Supplemental Motion to Strike the Opinions of Christopher Bakewell (Dkt. 287).

Dated: October 30, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William O. Young, Jr
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 30, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

<u>/s/ Elizabeth Long</u><br>
Elizabeth Long