UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br><br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO SERVE MR. DELL'S THIRD SUPPLEMENTAL EXPERT REPORT OUT OF TIME
(DKT. 302)**

Entropic has failed to demonstrate good cause for granting its "Motion For Leave To Serve Mr. Dell's Third Supplemental Expert Report Out Of Time" (Dkt. 302), filed on October 16, 2023, three weeks after the close of expert discovery. The Third Supplement Report purports to "address Entropic's position regarding no pre-suit damages for the '008 Patent and '775 Patents." (Dkt. 303-2 ¶ 5.)

Entropic, however, has had notice, pursuant to *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350 (Fed. Cir. 2017), since June 27, 2023, that Charter believed certain products were unmarked, including products related to the '008 and '775 patents. (Long Decl., Ex. C.) In his initial expert report, Mr. Dell noted that "Charter has asserted a marking defense" with respect to the '775 patent, and presented a separate calculation for damages beginning from the date of the filing of the Original Complaint. (Long Decl., Ex. D.) Charter filed its Motion For Partial Summary Judgment Of No Pre-Suit Damages on September 11, 2023. (*See* Dkt. 172.) On September 25, 2023, Entropic abandoned its claim for pre-suit damages for the '008 patent and the '775 patent. (*See* Dkt. 197 at 1; *see also* Mot. at 2.) On September 29, 2023, Charter's counsel emailed Entropic's counsel to confirm its understanding of Dell's opinions given Entropic's concessions, and requested Entropic to "let us know immediately if our understanding is incorrect." (Long Decl., Ex. E.) Entropic never responded to this email to indicate Mr. Dell would be offering supplemental opinions. (Long Decl. at ¶ 5.) Not until October 11, 2023, did Entropic inform Charter that it intended to supplement Mr. Dell's opinions. (Allor Decl., Ex. A at 4.)

Entropic attempts to justify its delay by stating that "[u]pon notification of this concession [in its September 25, 2023 opposition], Entropic's damages expert worked diligently to supplement his expert report to reflect the change in the damages period for these patents." (Dkt. 302 at 3.) This ignores the fact that Entropic was on notice of Charter's marking defense by June

27, 2023. Entropic offers no justification for violating the July 21, 2023 expert discovery deadline or its continued delay after it abandoned its claims for pre-suit damages for the '775 and '008 patents.

At the time Entropic filed this motion, the parties had already filed reply briefs for their dispositive and *Daubert* motions, exchanged pretrial disclosures, and were in the process of preparing oppositions to motions *in limine* and preparing for the pretrial conference. (*See* Dkt. 195). These facts alone, even without Entropic's additional delay, warrant denial of Entropic's motion. *See Lone Star Tech. Innovations, LLC v. Asustek Computer Inc.*, Case No. 6:19-cv-00059-RWS, ECF No. 197, at 6 (E.D. Tex. May 14, 2021) ("Lone Star's motion was filed less than two months before trial and several months after the close of fact discovery. For that reason alone, the motion is DENIED").

Entropic's untimely motion is prejudicial to Charter because it comes after the parties have exchanged pretrial disclosures and are actively preparing for the pretrial conference, now less than two weeks away. A continuance is not available to cure Charter's prejudice because there is no time in the current schedule to accommodate Entropic's request. Granting Entropic leave would simply reward Entropic's lack of diligence.[1]

For the foregoing reasons, the Court should deny Entropic's Motion for Leave to Serve Mr. Dell's Third Supplemental Expert Report Out Of Time (Dkt. 302).[2]

---

[1] Entropic's request is in stark contrast to Charter's motion to amend the Docket Control Order to extend expert discovery (Dkt. 216) where Charter seeks to extend expert discovery by *one* day to serve a supplemental expert report in rebuttal to Entropic's own supplemental expert report that the parties had previously *agreed upon*. (*See id*. at 1–2; *see also* Dkt. 195.) For this reason, Entropic has styled its Motion as seeking leave to serve an expert report out of time, making no mention that it implicitly also seeks to amend the Docket Control Order to extend expert discovery.

[2] Should the Court grant Entropic's motion, Charter requests that it be granted leave to serve a rebuttal damages expert report.

2

| | |
|---|---|
| Dated: October 30, 2023 | Respectfully submitted,<br><br>*/s/ Daniel Reisner by permission Elizabeth Long*<br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Phone: (903) 705-1117<br>Fax: (903) 581-2543<br>Email: ddacus@dacusfirm.com<br><br>Daniel L. Reisner<br>David Benyacar<br>Elizabeth Long<br>Albert J. Boardman<br>Melissa Brown<br>Jacob Bass<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York, 10019-9710<br>Telephone: (212) 836-8000<br>Email: daniel.reisner@arnoldporter.com<br>Email: david.benyacar@arnoldporter.com<br>Email: elizabeth.long@arnoldporter.com<br>Email: albert.boardman@arnoldporter.com<br>Email: melissa.brown@arnoldporter.com<br>Email: jacob.bass@arnoldporter.com<br><br>Marc A. Cohn<br>Amy L. DeWitt<br>William O. Young, Jr<br>Thomas J. Carr<br>Natalie Steiert<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br>Email: marc.cohn@arnoldporter.com<br>Email: amy.dewitt@arnoldporter.com<br>Email: william.young@arnoldporter.com<br>Email: thomas.carr@arnoldporter.com<br>Email: natalie.steiert@arnoldporter.com<br><br>**Attorneys for Defendant**<br>**Charter Communications, Inc.** |

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 30, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

                                                 */s/ Elizabeth Long*
                                                 Elizabeth Long