# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff*, v. CHARTER COMMUNICATIONS, INC., *Defendant*. | Civil Action No. 2:22-cv-00125-JRG **JURY TRIAL DEMANDED** |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S OPPOSITION TO DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT – OPPOSITIONS TO CHARTER'S MOTIONS *IN LIMINE* ................... 1

     Charter MIL No. 1: "Preclude Evidence Or Argument That '362 Claim 11
     Requires Or Is Limited To ███████████████ As Well As Evidence
     Or Argument Beyond The Scope Of Dr. Kramer's Rebuttal Report" .................... 1

     Charter MIL No. 2: "Preclude Evidence Or Argument Regarding Litigation Or
     ███████████████" ............................................................................................ 3

III. CONCLUSION ............................................................................................................ 5

## TABLE OF AUTHORITIES

**Cases**

*Pfizer, Inc. v. Apotex, Inc.*,
  480 F.3d 1348 (Fed. Cir. 2007) ................................................................................................ 3

*Seagen, Inc. v. Daiichi Sankyo Co., Ltd.*,
  2022 WL 2048206 (E.D. Tex. Mar. 15, 2022) ........................................................................ 1

I.  INTRODUCTION

Plaintiff Entropic Communications, LLC ("Entropic") respectfully files the following oppositions to Defendant Charter Communications, Inc.'s ("Charter") Motions *in Limine*.

II. ARGUMENT – OPPOSITIONS TO CHARTER'S MOTIONS *IN LIMINE*

**Charter MIL No. 1: "Preclude Evidence Or Argument That '362 Claim 11 Requires Or Is Limited To ▮▮▮▮▮ As Well As Evidence Or Argument Beyond The Scope Of Dr. Kramer's Rebuttal Report"**

Charter's MIL No. 1 has two parts; both should be denied.

**Evidence Or Argument Regarding ▮▮▮▮▮**

In part one, Charter asks the Court to "[p]reclude evidence or argument that '362 claim 11 requires or is limited to ▮▮▮▮▮" (Dkt. 257 at 1.) As an initial matter, Charter's MIL No. 1 should be denied as an untimely motion to strike. Charter seeks to preclude Entropic's expert, Dr. Kramer, from testifying that it was ▮▮▮▮▮ for the technology disclosed in the Zhang prior art to ▮▮▮▮▮" (*Id.* at 1.) But simultaneously, Charter admits that this exact analysis is part of Dr. Kramer's rebuttal expert report. (*Id.*, admitting that these opinions are disclosed at "¶¶124–25" "of Dr. Kramer's rebuttal report.") Charter's MIL No. 1 is therefore a motion to strike masquerading as a motion *in limine*. Because the challenged opinions were included in Dr. Kramer's report, the proper avenue for Charter to address any concern with this opinion was therefore to move to strike it as part of its dispositive and *Daubert* motions. *See, e.g.*, *Seagen, Inc. v. Daiichi Sankyo Co., Ltd.,* No. 2:20-CV-00337-JRG, 2022 WL 2048206, at n.1 (E.D. Tex. Mar. 15, 2022) ("As a general matter, the Court noted that MILs should not be used as a back-door motion to strike expert opinions or *Daubert* motion."). Charter's failure to do so should result in immediate denial.

Further, Charter's MIL No. 1 attacks a strawman: neither Entropic nor Dr. Kramer is arguing, as Charter contends, that claim 11 of the '362 Patent "requires or is limited to ▮▮▮▮▮

1

███████.” Rather, Dr. Kramer's opinion is part of a battle of experts over what the Zhang prior art actually discloses. Claim 11 includes a "selecting" element, which requires "selecting . . . a plurality of desired television channels from" a wideband range of digitized frequencies. Charter's expert argued that a circuit called a "Digital Channel DeMux" within Zhang performs the "selecting" element. (Ex. P, 7/21/23 Goldberg Rpt., ¶¶ 400–407.) In the opinions at issue, Dr. Kramer ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Dkt. 257 at Ex. A, 8/11/23 Kramer Rpt., ¶ 124.)

Dr. Kramer illustrated the reasons for ████████████████████████████████████████████████████████████████████████████████████. After explaining that this signal would contain ████████████████████, Dr. Kramer discussed ████████████████████████████████████████████████ (*Id.*, ¶¶ 122–126; *see also* Ex. P, 7/21/23 Goldberg Rpt., ¶¶ 358–360 ("total bandwidth BW1 can be 800 MHz or higher").) Thus, Dr. Kramer was not opining that claim 11 requires ████████████████. Instead, he was using an example to illustrate why Charter's expert was wrong and ████████████████████████████████████████████████. This is a classic factual dispute between experts, for which Charter's remedy is cross-examination, not a motion *in limine*. Thus, even if Charter's MIL No. 1 were timely, it should still be denied.

**Evidence Or Argument Regarding Missing Elements In Zhang**

In part two of MIL No. 1, Charter seeks to "preclude Entropic from offering evidence, testimony, or argument beyond the scope of Dr. Kramer's rebuttal report—namely, including that ████████████████████████████████████████████████████" (Dkt. 257 at 2–3.) With respect

2

to Dr. Kramer, this sounds natural.[1] But there is a trap. Charter's MIL No. 1 is not merely seeking to restrict what ***Dr. Kramer*** can say. Rather, Charter seeks to preclude ***any*** "evidence, testimony, or argument" by ***anyone*** on the "mixer" and "channels" issues beyond what Dr. Kramer said in his report. In other words, Charter is seeking to constrain Entropic's entire case—including cross examination of Charter's own experts and critiques of Charter's evidence.

That sweeping request is improper. Charter has the "burden of proving the factual elements of invalidity by clear and convincing evidence." *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007). Entropic can offer "evidence" and "argument" that Charter did not meet its burden of showing that Zhang discloses "a 'mixer' or 'desired' and 'undesired' channels" that need not be the testimony of its own expert. For instance, Entropic can cross-examine ***Charter's*** expert about whether Zhang discloses a "mixer" or the claimed "channels." Charter cites no case, and Entropic is aware of none, holding that a party's cross-examination of an opposing expert is limited by the disclosures of that party's own expert reports—particularly on issues on which the cross-examining party does not bear the burden of proof. Further, Entropic can properly offer argument during closing statements about what that cross-examination revealed or what Charter's expert said on direct. Charter's MIL No. 1 misapplies the rules governing expert reports and should be denied.

### Charter MIL No. 2: "Preclude Evidence Or Argument Regarding Litigation Or Settlement Conduct"

Charter's MIL No. 2 should be denied because it prematurely seeks to preclude evidence or argument that is relevant to rebut evidence or argument that Charter may introduce at trial. In so doing, Charter improperly seeks to inoculate its own witnesses from cross-examination and

---

[1] Dr. Kramer will, of course, comply with Court MIL No. 23, and the Court's rulings regarding his deposition testimony regarding these issues. (*E.g.*, Dkt. 167 at 9–10, Dkt. 196 at 12–14.)

3

impeachment. At a minimum, Entropic should be allowed to offer the evidence at issue if that evidence is relevant to address Charter's trial positions—including several positions Charter has already indicated an intent to take.



Charter's MIL No. 2 first asks the Court to "preclude Entropic from offering any evidence, testimony, or argument concerning litigation conduct—including that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (Dkt. 257 at 4.) Entropic, however, merely seeks to preserve the right to offer evidence of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ if it becomes proper rebuttal to arguments Charter plans to make at trial. For example, Charter has stated it intends to seek to introduce evidence or argument that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[2] If such evidence is permitted, Entropic should be allowed to introduce evidence regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Charter's request to preclude evidence or argument ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is similar. Entropic seeks only the ability to introduce evidence on this point if it becomes proper rebuttal to evidence Charter introduces at trial. (Dkt. 257 at 4.) For example, in defending against Entropic's willfulness claim, Charter has suggested it may argue that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*See* Ex. Q, 10/11/22 Interrog. Resp. at

---

[2] Entropic MIL No. 1 seeks to preclude Charter from introducing evidence or argument that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Dkt. 258 at 1.) In a meet and confer, Charter indicated that it intended to offer such evidence if Entropic's MIL was not granted.

4

15–16; Dkt. 257 at 6–7.) If Charter is permitted to offer this evidence, the fact that ███████████ ████████████████████████████████████████████████████████ would be relevant rebuttal. To be clear, Entropic will not seek to introduce evidence or argument relating to the ████████████████████████████ ███. However, if Charter introduces evidence or argument that opens the door to a discussion regarding ████████████████████, Entropic should not be precluded from raising the issue.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Charter's motions *in limine*.

Date: October 23, 2023

Respectfully submitted,

By:  /s/ *Michael T. Pieja*
Michael T. Pieja (*pro hac vice*)
Alan E. Littmann (*pro hac vice*)
Doug Winnard (*pro hac vice*)
Shaun Zhang (*pro hac vice*)
Jennifer M. Hartjes (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
   BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
dwinnard@goldmanismail.com
szhang@goldmanismail.com
jhartjes@goldmansimail.com

James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602

5

Tel: (312) 807-4299  
Fax: (312) 827-8000  
jim.shimota@klgates.com  
jason.engel@klgates.com  
george.summerfield@klgates.com  
katy.allor@klgates.com  
samuel.richey@klgates.com  
ketajh.brown@klgates.com  

Nicholas F. Lenning  
Courtney Neufeld  
**K&L GATES LLP**  
925 Fourth Avenue, Suite 2900  
Seattle, WA 98104-1158  
Tel: (206) 623-7580  
Fax: (206) 623-7022  
nicholas.lenning@klgates.com  
courtney.neufeld@klgates.com  

Darlene Ghavimi  
Matthew A. Blair  
**K&L GATES LLP**  
2801 Via Fortuna, Suite 650  
Austin, Texas 78746  
Tel: (512) 482-6800  
darlene.ghavimi@klgates.com  
matthew.blair@klgates.com  

Christina N. Goodrich  
Connor J. Meggs  
**K&L GATES LLP**  
10100 Santa Monica Blvd., 8th Floor  
Los Angeles, CA 90067  
Tel: (310) 552-5031  
Fax: (310) 552-5001  
christina.goodrich@klgates.com  
connor.meggs@klgates.com  

Peter E. Soskin  
**K&L GATES LLP**  
Four Embarcadero Center, Suite 1200  
San Francisco, CA 94111  
Tel: (415) 882-8046  
Fax: (415) 882-8220  
peter.soskin@klgates.com  

6

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on October 23, 2023.

                                                     */s/ Michael T. Pieja*
                                                   Michael T. Pieja