# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION TO STRIKE OPINIONS OF CHRISTOPHER BAKEWELL (DKT. 289)**

## I. INTRODUCTION

On September 19, 2023, Entropic served two supplemental expert reports: the Second Supplemental Report of Stephen E. Dell, CVA, Relating to Damages ("Dell Second Supplement"); and the Supplemental Expert Report of Dr. Richard A. Kramer Concerning Infringement of U.S. Patent No. 8,223,775 and U.S. Patent No. 9,210,362 ("Kramer Supplement"). (Long Decl., Exs. A and B.) The parties had agreed that a limited supplementation was necessary to account for information learned in the ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

In response to the Dell Second Supplement, Charter, on September 25, 2023, served Christopher Bakewell's Second Supplemental Rebuttal Expert Report Regarding Damages ("Bakewell Second Supplement"). The Bakewell Second Supplement relies, in part, on Mr. Bakewell's interview of Charter's noninfringement expert, Dr. Kevin Almeroth. (*See, e.g.*, Shimota Decl., Ex. A at ¶ 19.)

Entropic moves to strike every paragraph of the Bakewell Second Supplement that makes any reference, however tangential, to Mr. Bakewell's discussion with Dr. Almeroth. (Dkt. 289.) Entropic explains that its supplemental motion to strike—its second motion directed to Mr. Bakewell—is "contingent" upon denial of Charter's currently pending motion to amend the Docket Control Order, which, Entropic maintains, would result in the exclusion of Dr. Almeroth's Second Supplemental Expert Report, which itself was served as a rebuttal to the Kramer Supplement. (*Id.* at 1.)

Whether or not the Court grants Charter's motion concerning Dr. Almeroth's Second Supplemental Expert Report, there is no basis to strike portions of Mr. Bakewell's opinion. Nothing prohibits Mr. Bakewell from confirming his opinions based on conversations with other experts, including Dr. Almeroth. Entropic's own experts have done the same thing and decisions

1

cited below confirm this practice is not improper. Furthermore, even if Mr. Bakewell could not rely on Mr. Almeroth, his opinions in the identified paragraphs rely on far more than his discussion with Mr. Almeroth and should therefore not be stricken for this reason as well. Accordingly, the Court should deny Entropic's supplemental motion to strike Mr. Bakewell's opinions.

## II. ARGUMENT

### A. Mr. Bakewell's Opinions Based On His Conversation With Dr. Almeroth Are Entirely Appropriate

Even assuming that the paragraphs identified by Entropic did rely "solely" on the conversation between Mr. Bakewell and Dr. Almeroth (they do not), this would not make any difference. It is permissible for one expert to rely on a conversation with another expert. *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, Case No. 2:22-cv-00126-JRG-RSP, 2022 WL 14328350, at *3 (E.D. Tex. Oct. 24, 2022) ("[T]here is no *per se* rules against relying on a conversation between experts."); *VARTA Microbattery GmbH v. Audio P'ship LLC*, Civil Action No. 2:21-CV-00400-JRG-RSP (LEAD CASE), 2023 WL 5434853, at *4 (E.D. Tex. Aug. 22, 2023) ("There is Nothing Inherently Wrong with An Expert Relying on A Conversation with Another Witness"). *See also TQ Delta, LLC v. Commscope Holding Co., Inc.*, Civil Action No. 2:21-CV-00310-JRG, Dkt. 496 at 5 (E.D. Tex. Mar. 9, 2023) (Order on Pretrial Motions and Motions *In Limine*) (denying TQ Delta's motion to strike report of Commscope's damages expert based on discussions with technical experts regarding the SSPPU, concluding that the damages expert "sufficiently relied on technical experts' opinions to adequately discern the SSPPU in his expert report,."); *id.*, Dkt. 357 at 5 (Plaintiff's redacted underlying motion to strike) (alleging "the heart of [damages expert's] expert opinions are grounded in his alleged discussions with three of CommScope's technical experts").

2

Indeed, "[e]xperts routinely rely upon other experts hired by the party they represent for expertise outside of their field." *Apple Inc v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015). In fact, Entropic's own damages expert, Mr. Dell, did just this when he opined on a ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ that was not disclosed anywhere in the report of Entropic's technical expert, Dr. Souri, but which Mr. Dell confirmed only in a discussion he had with Dr. Souri. (Dkt. 169 at 11-12.) Entropic does not identify any opinion in the Bakewell Second Supplement that demonstrates flawed reasoning or methodology, or otherwise does not meet the requirements of Rule 702. The details of the conversation between Mr. Bakewell and Dr. Almeroth "may be fertile ground for cross examination," but any reliance by Mr. Bakewell on such conversations does not provide a basis to strike the Bakewell Second Supplement. *Genband US LLC v. Metaswitch Networks Corp.*, Case No. 2:14-cv-33-JRG-RSP, 2016 WL 125503, at *3 (E.D. Tex. Jan. 9, 2016).

The case law cited by Entropic is not to the contrary. (Dkt. 289 at 1.) For example, in *Finalrod IP, LLC v. Endurance Lift Sols, Inc.*, the court, while precluding the plaintiff's damages expert from offering statements regarding its technical expert's opinions and conclusions on a particular non-infringing alternative, the court did so in view of the fact that the technical expert "had no recollection of [the relevant] part of [the] conversation" with the damages expert, and deemed that the "normal way of dealing with this issue—deposing the technical expert about the conversation with the damages expert—did not work in this case." Case No. 2:20-cv-00189, 2021 WL 4906217, at *3 (E.D. Tex. Oct. 20, 2021). The court, however, did permit the damages expert to rely on the technical expert's opinions regarding technological comparability based on a conversation between the experts, finding that the issue of comparability was "not particularly complex." *Id.* at *4. Likewise here, the issues of comparability between the two ▉▉▉▉▉▉ is

3

"not particularly complex, and Entropic will have the opportunity to cross examine both Mr. Bakewell and Dr. Almeroth at trial.

The Federal Circuit decisions that Entropic cites, without any comment as to their relevance, are not on point. *Cedillo v. Secretary of Health & Human Services* involved proceedings filed under the Vaccine Act, which are "governed by Vaccine Rule 8(b(1) with respect to admission of evidence," and which, unlike here, did not involve standard and routine consultations between experts. 617 F.3d 1328, 1342 (Fed. Cir. 2010).

*ClearValue, Inc. v. Pearl River Polymers, Inc.* also misses the mark. In *ClearValue*, the Federal Circuit upheld a finding that the appellant engaged in **sanctionable** conduct by withholding test results reviewed by its expert. 560 F.3d 1291, 1304 (Fed. Cir. 2009). By contrast, Charter has not withheld *any* information that Mr. Bakewell has relied on, including opinions of Dr. Almeroth.

### B. The Bakewell Second Supplement Sets Out Mr. Bakewell's Own Opinions Based On Facts From Multiple Sources, Not Just the Conversation With Dr. Almeroth

Even if Mr. Bakewell could not rely on his conversations with Mr. Almeroth, that is no reason to strike the challenged paragraphs in his report. Entropic's argument depends on the false premise that, in the several paragraphs identified by Entropic, Mr. Bakewell relies "solely" on a conversation with Dr. Almeroth as the basis for his opinions. (Dkt. 289 at 1.) This is not correct. The paragraphs of the Bakewell Second Supplement identified by Entropic do not rely "solely" on Mr. Bakewell's conversation with Dr. Almeroth. (Dkt. 289 at 1 (identifying paragraphs 17, 19, 24, 26, 30, and 34–36).)

In paragraphs 17, 24, 30, and 35, Mr. Bakewell relies on the deposition testimony of ███████████████████, as evidence that contradicts Mr. Dell's opinions. (Shimota Decl., Ex. A, at ¶¶ 17, 24, 30, 35.)

4

In paragraph 19, Mr. Bakewell makes a general reference to Dr. Almeroth's criticism of Mr. Dell's ▮▮▮, which attempts to ▮▮▮." (*Id.* at ¶ 19 (quoting Mr. Dell's second supplemental report).) A few paragraphs later, however, Mr. Bakewell explains exactly why Mr. Dell's ▮▮▮ is unsound, and provides his own analogy to illustrate his point. (*Id.* at ¶ 26.)

In paragraph 34, Mr. Bakewell explains that Mr. Dell ignores, among other things, the impact of ▮▮▮, which are points that Mr. Bakewell already discussed in his opening expert report. (*Compare id.* at ¶ 34 *with* Long Decl., Ex. E, at ¶ 482.)

Finally, in paragraph 36, Mr. Bakewell discusses the flaws in Mr. Dell's ▮▮▮ to the '362 patent. (Shimota Decl., Ex. A, at ¶ 36.) Dr. Almeroth, however, disclosed his opinion as to why the '362 patent is irrelevant to the ▮▮▮ in his rebuttal report on non-infringement, served over two months ago. (*See* Long Decl., Ex. F, at ¶ 399 (▮▮▮

Thus, the challenged paragraphs of the Bakewell Second Supplement cite numerous sources: Mr. Bakewell's opening report, the testimony of Mr. Kaufman, Dr. Almeroth's prior report, as well as the discussion between Mr. Bakewell and Dr. Almeroth and should therefore not be stricken for this additional reason.

Entropic also asserts that the opinions expressed by Mr. Bakewell "lie within" Dr. Almeroth's Second Supplemental Expert Report, another fiction. (Dkt. 289 at 1.) To the extent

Entropic is trying to argue that Mr. Bakewell did not disclose his opinions, or is trying to offer Dr. Almeroth's opinions as his own, or that his opinions are in Dr. Almeroth's report, none of this is true.

The opinions set forth in Mr. Bakewell's report are his, and his alone.[1]  (*See, e.g.*, Shimota Decl., Ex. A, at ¶ 2 ("Mr. Dell's second supplemental report and his treatment of testimony and related documents from the deposition of ▓▓▓▓ further demonstrates the lack of reasonableness of his opinions, and ***support my opinions***.") (emphasis added).)

### III.  CONCLUSION

For these reasons, Charter respectfully asks that the Court deny Entropic's supplemental motion to strike the opinions of Christopher Bakewell (Dkt. 289).

---

[1] Entropic's allegations that Mr. Bakewell's opinions "lie within" Dr. Almeroth's second supplemental report, and that the Bakewell Second Supplement "backdoor[s] otherwise undisclosed technical opinions in this case," are meritless. (Dkt. 289 at 1–2.) Entropic, which had Dr. Almeroth's second supplemental report in its possession at the time it filed its supplemental motion to strike, does not cite a single sentence of that report which states any of the opinions and conclusions set forth in the Bakewell Second Supplement.

Dated: October 30, 2023

Respectfully submitted,

<u>/s/ Daniel Reisner by permission Elizabeth Long</u>
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Young
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 30, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long