## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00125-JRG-RSP |
| CHARTER COMMUNICATIONS, INC., | § § § | |
| *Defendants*. | § | |

### REPORT AND RECOMMENDATION

Before the Court is Defendant Charter Communications, Inc.'s Motion for Summary Judgment of No Pre-Suit Damages (Dkt. No. 172). After consideration, the Court recommends the motion be **DENIED** as provided below.

I.     BACKGROUND

Entropic Communications, LLC filed its initial complaint on April 27, 2022 asserting that Charter infringes U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), and 10,135,682 (the "'682 Patent") (collectively "the Asserted Patents"). (Dkt. No. 1 at ¶1.) Entropic amended its complaint first on May 24, 2022 and again on January 10, 2023. (*See* Dkt. Nos. 12, 53.)

On July 5, 2022 Entropic served its infringement contentions detailing its infringement theories. (Dkt. No. 14.) On June 27, 2023 Charter served Entropic with an *Arctic Cat I* notice identifying products that it believed should have been marked with the '775 patent, '008 patent, '362 patent and the '826 patent. (Mot. at 2.)

1

## II. APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### A. MARKING

Generally, a patentee can recover damages that occurred up to "six years prior to the filing of the

complaint . . . for infringement in the action." 35 U.S.C. § 286. An exception to this rule is that "[p]ursuant to 35 U.S.C. § 287(a), a patentee who makes or sells a patented article must mark his articles [providing constructive notice] or notify infringers of his patent [providing actual notice] in order to recover damages." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017) ("*Arctic Cat I*") (citing *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)); *see also Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009) ("a party that does not mark a patented article is not entitled to damages for infringement prior to actual notice").

A notable exception to this rule is that "the notice provisions of section 287 do not apply where the patent is directed to a process or method." *Arctic Cat II*, 950 F.3d at 864 (citation omitted); *see also Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) (citations omitted); *Crown Packaging*, 559 F.3d at 1317 ("Because Rexam asserted only the method claims of the '839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply."). "Nor do they apply when a patentee never makes or sells a patented article." *Arctic Cat II*, 950 F.3d at 864 (citation omitted).

### III.   ANALYSIS

The parties do not contest that, if marking is applicable, (1) sufficient notice was provided under *Arctic Cat* by Charter, (2) Entropic cannot show the products listed in Charter's *Arctic Cat* notice were marked or did not require marking, and (3) that any actual notice that would otherwise satisfy §287 was not provided to Charter until Entropic filed its complaint. (Dkt. 218 at 1.) The parties only contest the applicability of marking to Entropic's assertion of the '362 and '826 patents (the "Contested Patents")[1].

---

[1] Charter's motion asserts Entropic was required to but failed to mark the '775, '008, '362, and '826 patents. (Mot. at 1.) However, as Entropic has stipulated it will not seek pre-suit damages as to the '775 and '008 patents, (Dkt. No. 333 at 17), the Court recommends Charter's motion be DENIED as moot as to the '775 and '008 patents.

Central to the parties' dispute is whether Entropic asserted apparatus claims of the Contested Patents. Under *Crown Packaging Tech. Inc. v. Rexam Beverage Can Co.*, §287(a) does "not apply where the patentee only assert[s] the method claims of a patent which include[s] both method and apparatus claims." 559 F.3d 1308, 1316 (Fed. Cir. 2009). However, where a patent owner asserts both apparatus and method claims of a mixed patent, §287(a) is triggered. *See id.* at 1317. As both Contested Patents include method and apparatus claims, if Entropic asserts both method and apparatus claims §287(a) would be triggered.

Charter argues Entropic asserted apparatus claims in both the complaint and amended complaints. (Mot. at 4.) Charter bases this argument on language contained in each complaint providing that Charter infringes by "using, importing, selling, and/or offering for sale" the Accused Products. (*E.g.* Dkt. No. 1 at ¶89, 90.) Charter argues that because method claims cannot be infringed by importing, selling, or offering for sale, Entropic must have asserted apparatus claims. (Mot. at 7.)

Entropic argues Charter reads too much into this language and it is clear in context that Entropic only asserted method claims. (*See* Dkt. No. 197 ("Opp.")). Entropic points out that it provided "non-limiting claim charts" for both the Contested Patents providing its infringement theory as to only the independent method claims it asserts. (Opp. at 5). Further, Entropic points to its infringement contentions that, in both its contentions and supplemental contentions, only provide infringement theories as to method claims of the Contested Patents. (*Id.*)

First, the Court is not convinced this language asserts apparatus claims of the Contested Patents in any of its complaints. Entropic's use of form-letter language, "using, importing, selling, and/or offering for sale," does not suggest an assertion of particular claims. Indeed, Entropic uses the same language when clearly asserting only method claims. (*See* Dkt. No. 1 at ¶90 ("Charter

4

has directly infringed and is infringing at least Claim 11 of the '362 Patent by using, selling, and/or offering for sale the Accused Services.").) This alone indicates the use of the form-letter language is not indicative of which claims are asserted.

Second, even if the Court were to entertain Charter's argument, Entropic's infringement contentions settle the issue. As this Court previously held, even where a complaint asserted both apparatus and method claims but the apparatus claims are quickly withdrawn, marking is not required. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 11089750, at *4 (E.D. Tex. Aug. 10, 2015). Here, Entropic's infringement contentions, served just two months after suit was filed, allege infringement of only the method claims of the Contested Patents. (*See* Dkt. Nos. 14, 198-1.) Even if Entropic asserted apparatus and method claims in its complaint it withdrew any apparatus claims sufficiently quickly.

## IV. CONCLUSION

Having considered the facts, the Court recommends that Charter's motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 16th day of November, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE