IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIOSN, LLC, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>CHARTER COMMUNICATIONS, INC., §<br>§<br>*Defendant*. § | Case No. 2:22-CV-00125-JRG-RSP |

**ORDER ON MOTIONS *IN LIMINE***

The Court held a Pretrial Conference in the above-captioned case on November 15, 2023, and addressed the motions *in limine* filed by Plaintiff Entropic Communications, LLC, (Dkt. No. 258) and Defendant Charter Communications, Inc. (Dkt. No. 257). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

**A.  Entropic's Motions *in Limine* (Dkt. No. 258)**

1. Plaintiff's MIL No. 1: Preclude Charter From Introducing evidence Or Argument That MaxLinear "Regrets" Selling The Patents-In-Suit

This motion *in limine* is **GRANTED** as to "regret." Plaintiff also raises concerns as to evidence and argument going to MaxLinear's state of mind, including any facts that could only be known by hearsay from employees of MaxLinear.  Any such arguments or evidence shall be limited to the fact that a customer relationship existed between Charter and MaxLinear, which is relevant to the hypothetical negotiation.

1

2. Plaintiff's MIL No. 2: Preclude Charter From Offering Evidence, Testimony, Or Argument Related To Charter's Contribution To The Accused Technology Based On (1) Charter's Patents, Including The Number Of Patents Charter Owns, (2) The Relative Number Of Patents Between Charter And Entropic, (3) Patents On DOCSIS Owned By Charter Or Any Third Party, And (4) Charter's Overall Technology Expenditures

This motion *in limine* was narrowed by Plaintiff at the hearing to withdraw the subjects identified above as (1), (2), and (4). Subject (3) is **GRANTED-IN-PART** to prohibit any assertion that Charter has patents covering the Accused Technology, and **DENIED-IN-PART** so as to permit high level reference of the number of patents covered by DOCSIS. The Court notes, however, to the extent any witness goes beyond a high-level reference to the number of patents covered by DOCSIS, such as by describing particular patents or the number of patents owned by Charter in the DOCSIS space, plaintiff may object.

3. Plaintiff's MIL No. 3: Charter Shall Be Precluded From Offering Any Evidence, Testimony, Or Argument About The Value Of Any Licenses Or Settlement Agreements Unrelated To The Asserted Patents, Including The 2007 GPNE – Motorola Agreement, The 2012 Ceres Agreement, The 2013 Globetectrust Agreement, The 2020 Blue Spike Agreement, The 2021 Chanbond Binding Term Sheets, And Any Non-Consummated Licenses

This motion *in limine* is **GRANTED** as to the five agreements identified in Defendant's response (Dkt. No. 323 at 10), as to which no monetary terms shall be mentioned.

4. Plaintiff's MIL No. 4: Preclude Charter From Offering Evidence, Testimony, Or Argument That Charter's Damages For Use Of The Accused PMA Feature Is Capped By Its Actual Use Of That Feature After The Date Of The Hypothetical Negotiation

Plaintiff has **WITHDRAWN** this motion *in limine,* in favor of other motions addressing related issues.

5. <u>Plaintiff's MIL No. 5</u>: Preclude Charter From Introducing Evidence, Testimony, Or Argument That Broadcom "Invented" Full-Band Capture Or Full-Spectrum Capture

This motion *in limine* is **DENIED** based on the representation of Defendant that it will not imply in any way that Broadcom's "invention" of "Full-Band Capture" in any way invalidates the Asserted Patents of Plaintiff. Should Defendant breach that representation, Plaintiff make object and seek relief.

### B.    Charter's Motions *in Limine* (Dkt. Nos. 257)

1. <u>Defendant's MIL No. 1</u>: The Court Should Preclude Evidence or Argument That '362 Claim 11 Requires or Is Limited to "Hundreds" of Channels as Well as Evidence or Argument Beyond the Scope of Dr. Kramer's Rebuttal Report.

This motion *in limine* is **GRANTED BY AGREEMENT OF THE PARTIES**. Thus, there will be no argument that the '362 Patent requires hundreds of channels. Further, while Plaintiff's expert, Dr. Kramer, will be limited by his report as to what elements are missing from the "Zhang" reference, Plaintiff will be allowed to cross-examine Defendant's expert as to any limitations deemed missing from Zhang.

2. <u>Defendant's MIL No. 2</u>: The Court Should Preclude Evidence or Argument Regarding Litigation or Settlement Conduct

This motion *in limine* is **GRANTED BY AGREEMENT OF THE PARTIES**.

 SIGNED this 16th day of November, 2023.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

3