IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00125-JRG-RSP |
| CHARTER COMMUNICATIONS, INC., | § § § | |
| *Defendants*. | § § | |

**REPORT AND RECOMENDATION**

Before the Court is Plaintiff Entropic Communications, LLC's ("Entropic") Motion For Summary Judgment of No Unclean Hands Defense (Dkt. No. 180).  For the reasons that follow, the motion should be **DENIED**.

**I.      BACKGROUND**

Entropic filed its initial complaint on April 27, 2022, asserting that Charter Communications, Inc. ("Charter") infringes U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), and 10,135,682 (the "'682 Patent") (collectively "the Asserted Patents"). (Dkt. No. 1 at ¶1.)

Entropic purchased the Asserted Patents from MaxLinear on March 31, 2021 via a Patent Purchase Agreement. (Mot. at 2.) Entropic also entered into a Service Agreement with MaxLinear the same day. (Opp. at 5.) On July 1, 2021 MaxLinear entered into the NextGen GM Agreement with Charter to develop cable modems compatible with DOCSIS 4.0. (Mot. at 2.) MaxLinear negotiated both agreements around the same time starting in mid-2020. (Opp. at 2.)

## II.     APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III.    ANALYSIS

Entropic argues that Charter's claim of unclean hands is unsupportable as a matter of law. Charter's unclean hands defense rests on the notion that "MaxLinear should have informed Charter that it was selling the asserted patents to Entropic to monetize the patents through suing specific entities named in the Patent Purchase Agreement . . . and retaining a financial interest in the outcome of monetizing the patents while at the same time MaxLinear was engaged in negotiation with Charter for the NextGen CM Agreement." (Opp. at 2.)

Entropic argues that, as a matter of law, Charter cannot base its unclean hands defense on the actions of a third party. (Mot. at 4-5.) Entropic further argues Charter fails to point to any egregious conduct required to support its defense. (*Id*. at 6.) Charter counters that for purposes of its unclean hands defense, MaxLinear should not be considered to be a third party based on the terms of the Patent Purchase Agreement and MaxLinear's continued involvement in this action. (Opp. at 8-9.) Charter points out MaxLinear has a financial interest in this case based on the Patent Purchase Agreement and an obligation to provide personnel with knowledge and to consult regarding the purchased patents. (Opp. at 8-9.) Charter further argues MaxLinear's actions while negotiating both agreements at the same time constitutes egregious conduct. (*Id*. at 9-10.)

The Court recommends finding there is a genuine dispute of material fact as to whether MaxLinear should be considered a third party for purposes of Charter's unclean hands defense and therefore Entropic's motion should be denied.

The Parties do not contest that actions of a third party cannot form the basis of an unclean hands defense, rather their disagreement lies as to what MaxLinear should be considered for purposes of this defense. (*See* Opp. at 8.) Charter has put forth a plausible argument that MaxLinear should not be considered a third party here based on its continued involvement pursuant to

agreements with Entropic. (Opp. at 8-10.) Entropic does not contest MaxLinear's continued involvement in this action, only arguing that MaxLinear does not hold title to the patents and is not a party to this litigation. (Reply at 2-3.) Without contesting Charter's argument in law or fact, the Court finds there is a genuine dispute of material fact as to at least as to what MaxLinear should be considered in this context and if its actions can be imputed to Entropic for purposes of this equitable defense.

## IV.    CONCLUSION

Having considered the facts, the Court recommends that Entropic's motion be **DENIED.**

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than December 7, 2023** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 27th day of November, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE