IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00125-JRG |
| CHARTER COMMUNICATIONS, INC., | § § § | |
| *Defendant.* | § § | |

# MEMORANDUM ORDER

## I. INTRODUCTION

Before the Court is Defendant Charter Communications, Inc.'s ("Charter") Motion to Strike Plaintiff Entropic Communications, LLC's ("Entropic") Secondary Considerations Positions (the "Motion"). (Dkt. No. 171.) In the Motion, Charter seeks to preclude Entropic from offering evidence to support its secondary consideration positions beyond the evidence disclosed in the deposition of Entropic's Rule 30(b)(6) witness pursuant to Rules 26 and 37. (*See id.* at 1– 2.) Entropic opposes the Motion. (*See* Dkt. No. 201.) For the following reasons, the motion is **DENIED**.

## II. BACKGROUND

In November 2022, Charter served Entropic with Interrogatory 15, which required Entropic to "[d]etail all bases, on a claim-by-claim basis for each of the Asserted Claims, for any and all secondary considerations/objective indicia of non[-]obviousness of the claims." (Dkt. No. 171 at 3.) In December 2022, Entropic responded stating that secondary considerations include "long felt need, failure of others, copying, and commercial success," with no further details. (*Id.*)

In April 2023, Charter served a Rule 30(b)(6) deposition notice that included a topic directed to "[a]ny evidence of non-obviousness . . ., including evidence regarding commercial success, long-felt need, licensing, industry respect or acclaim, skepticism, independent development, failure by others, unexpected results, or any other secondary evidence of non-obviousness." (*Id.* at 3–4.) Entropic designated its CEO, Mr. Boris Teksler, as the 30(b)(6) deponent. (*See id.* at 4.)

Mr. Teksler was deposed on July 19, 2023. (*Id.*) When asked about the factual bases for Entropic's secondary considerations position, Mr. Teksler invoked attorney-client privilege and stated that he had "no knowledge about this topic whatsoever that is not informed by attorney-client privileged communications." (*Id.*)

Two days later, on July 21, 2023, the final day of fact discovery and the day opening expert reports were due, Entropic supplemented its response to Interrogatory 15 to provide detailed contentions on secondary considerations. (*Id.*) Entropic's opening expert reports did not contain any secondary considerations positions. (*See id.*)

On August 14, 2023, Charter's expert, Dr. Goldberg, served a supplemental report addressing secondary considerations and objective indicia of non-obviousness. (Dkt. No. 201 at 5.)

On August 22–24, Charter deposed three of Entropic's experts, where it had the opportunity to question them about secondary considerations. (*Id.*)

### III.    LEGAL STANDARD

Rule 26(e) provides that "[a] party … who has responded to an interrogatory … must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. FED. R. CIV. P. 26(e).

2

"A district court has broad discretion in all discovery matters." *Moore v. CITGO Refining & Chemicals. Co.*, 735 F.3d 309, 315 (5th Cir. 2013) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).) However, "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-00134-JRG, 2017 WL 2869365 (E.D. Tex. May 18, 2017) (citing FED. R. CIV. P. 37(c)(1)). Courts consider four factors when determining if a violation is harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

## IV.   ANALYSIS

Charter argues that Entropic should be held to the facts it submitted in the 30(b)(6) deposition. (Dkt. No. 171 at 6.) Charter argues that at the time of the deposition Entropic certainly knew of the facts that it added to its interrogatory supplement two days later. (*Id.* at 5.) As such, Charter contends that Entropic failed to produce a knowledgeable designee. (*Id.* (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition.")).) Charter further argues that "the fact that Entropic eventually showed its hand at the latest possible moment does not cure its failure to have disclosed the information 'in a timely manner' as required by" Rule 26. (*Id.* at 7.)

Charter contends that this late disclosure has prejudiced it in three ways: (1) Charter was unable to take a 30(b)(6) deposition on the facts and contentions in Entropic's supplemental

3

interrogatory response, (2) Charter's invalidity experts could not opine on Entropic's supplemental interrogatory response in their opening reports, and (3) "Entropic's validity experts provided extensive opinions on secondary considerations for the first time in their rebuttal reports … which foreclosed Charter's experts from provided responses to these opinions." (*Id.* at 8.)

In response, Entropic argues that the information sought in the deposition was not known or reasonably available to Entropic. (Dkt. No. 201 at 8 (citing FED. R. CIV. P. 30(b)(6) ("The person[] designated must testify about information *known or reasonably available* to the organization." (emphasis supplied))).) Entropic argues that this is because "substantially all of the materials [in the supplemental response] were designated Attorneys' Eyes Only [("AEO")] under the Protective Order" at the time of the deposition. (*Id.* at 8.)

Entropic also argues that there is no prejudice to Charter for two reasons. (*Id.* at 6–7.) First, Entropic contends that it did not know "the facts and contentions in Entropic's supplemental interrogatory response" at the time of the 30(b)(6) deposition because the facts and contentions in the supplemental response stemmed from documents that were designated AEO under the protective order. (*See id.* at 6.) Second, Charter's validity expert did prepare opinions on secondary considerations and did respond to the opinions of Entropic's experts regarding secondary considerations. (*Id.* at 7.) Entropic also blames Charter for the timing of the supplementation, arguing that Charter's document production was heavily delayed. (*Id.*)

In reply, Charter again requests that Entropic be limited to the testimony of its 30(b)(6) deponent and, for the first time, requests that Entropic also be limited to "whatever was said in its opening expert reports." (Dkt. No. 234 at 1.) Charter also argues for the first time that Entropic was required to, but did not, address secondary considerations in its opening reports. (*Id.* at 1–2.) Charter next contends that Entropic had 51 out of 53 of the documents cited in its supplemental

response in its possession for months yet waited until the last minute to supplement its response. (*Id.* at 3 (citing *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1372 (Fed. Cir. 2021) ("Rule 26(e) expressly requires that as theories mature and as the relevance of various items of evidence changes, responses to interrogatories, and particularly contention interrogatories, must be corrected or supplemented to reflect those changes.")).) Charter also argues that Dr. Goldberg's supplemental report does not cure any prejudice because "[n]o amount of expert supplementation can replace that *fact* discovery that was denied to Charter by Entropic's tactics." (*Id.*) Finally, Charter spends two whole pages arguing that, in fact, the delay between Mr. Teksler's deposition and Entropic's supplemental interrogatory response is Entropic's fault, not Charter's. (*Id.* at 4–5.)

In sur-reply, Entropic notes that experts are routinely permitted to address secondary considerations of non-obviousness in rebuttal reports. (Dkt. No. 282 at 1 (citing, among others, *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 WL 11630440, at *2 (E.D. Tex. July 12, 2017)).) Entropic also argues that there has been no discovery violation—it supplemented its response before the close of fact discovery. (*Id.*) Entropic then spends one-and-a-half pages arguing that, in reality, any delay was caused by Charter, and is not the fault of Entropic. (*Id.* at 1–3.) Entropic also contends that there is no harm to Charter, including because Charter has failed to identify any discovery that it was prevented from taking. (*Id.* at 3–4.) Finally, Entropic argues that it would be prejudiced if its secondary consideration evidence were excluded because it is important. (*Id.* at 4–5.)

Neither side in this dispute has distinguished itself. It is plain to the Court that there was *some* gamesmanship on behalf of Entropic. Entropic's attorneys must have known that a supplemental response would soon be served after Mr. Teskler's deposition yet did not (1) seek to

5

file the response prior to the deposition, or (2) notify Charter's attorneys of the upcoming supplement to allow them to seek leave to take the deposition after the supplement had been served.

Charter is also far from blameless. In fact, it made a clear misrepresentation to the Court when it filed the Motion. Charter argued that "Entropic's validity experts provided extensive opinions on secondary considerations for the first time in their rebuttal reports, again despite Entropic's burden of proof on this issue, ***which foreclosed Charter's experts from providing responses to those opinions***." (Dkt. No. 171 at 8 (emphasis supplied).) Such rebuttal reports from Entropic's experts were served on August 11, 2023. (*See* Dkt. No. 167-3 at 1.) However, as Charter later admits, Dr. Goldberg, its invalidity expert, served a supplemental report responsive to those rebuttal reports. (*See* Dkt. No. 234 at 3.) Dr. Goldberg's supplemental report states that he "ha[s] reviewed the additional materials listed in Exhibit 8." (Goldberg Supp. Rep. at ¶ 3.) Exhibit 8, entitled "Goldberg Materials Considered," lists the rebuttal reports of Dr. Kramer, Mr. Pooley, and Mr. Holobinko, the very reports that Charter asserts Dr. Goldberg did not have a chance to respond to. The Motion was filed on September 11, 2023, nearly a month after Dr. Goldberg served his supplemental report. At that time, the then-current docket control order provided that expert discovery would close on September 21, 2023. (*See* Dkt. No. 165 at 3.) There is no justification for Entropic to have represented to the Court that it was "foreclose[d] from providing responses" to opinions contained in Entropic's rebuttal reports. Expert discovery had not even closed at the time that it made that statement, meaning that if somehow the attorney drafting the Motion was not aware of Dr. Goldberg's supplemental report, there was ample time for Charter to supplement a report or serve a sur-rebuttal report.

6

In light of the fault on both sides, the Court finds that the best course of action is to have the parties simply do this over again. Entropic shall make a 30(b)(6) deponent available for a two-hour deposition within seven (7) days of this Order. Such deposition may take place via videoconference and shall be limited to topic of secondary considerations of non-obviousness.

V.  **CONCLUSION**

For the foregoing reasons, the Motion to Strike (Dkt. No. 171) is **DENIED**.

The Court further **ORDERS** that Entropic shall make a 30(b)(6) deponent available for a two-hour deposition within seven (7) days of this Order. Such deposition may take place via videoconference and shall be limited to topic of secondary considerations of non-obviousness.

**SIGNED this 28th day of November, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE