IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00125-JRG |
| CHARTER COMMUNICATIONS, INC., | § § § | |
| *Defendant.* | § § | |

## **MEMORANDUM ORDER**

### I.   INTRODUCTION

Before the Court are two Motions. The first is Plaintiff Entropic Communications, LLC's Opposed Motion for Leave to File Out of Time Plaintiff's Motion to Compel Testimony and Documents Improperly Withheld as Privileged (the "Motion for Leave"). (Dkt. No. 244.) The Second is Entropic's Opposed Motion to Compel Testimony and Documents Improperly Withheld as Privileged (the "Motion to Compel"). (Dkt. No. 245.)  Defendant Charter Communications, Inc. opposes both motions. (*See* Dkt. Nos. 311, 312.)

For the following reasons, the Court finds that the Motion for Leave should be **DENIED** and that the Motion to Compel should be **DENIED**.

### II.   MOTION FOR LEAVE

#### A.  Background

On July 17, 2023, four days before the close of fact discovery, Charter revealed that it had shut down a system accused of infringement: the "remote spectrum monitoring" or "FBC" system. (Dkt. No. 244 at 1.) On August 10, 2023 Charter revealed that it had shut down another system accused of infringement: the PMA system. (*Id.*) On August 8 a Charter corporate representative

1

testified to the underlying reasons for shutting down the FBC system, and on August 11 a Charter corporate representative testified to the underlying reasons for shutting down the PMA system. (*See id.* at 1–2.)

At these depositions, the corporate representatives testified to the underlying reasons for the shutdowns and testified that legal counsel was uninvolved in the decisions. (*Id.* at 2.) However, when "Entropic inquired as to what counsel *did* say to Charter employees about the accused features that were allegedly shut down, Charter asserted privilege and instructed its witnesses not to answer." (*Id.* (emphasis in original))

On August 28, 2023, over a month after the close of fact discovery, Charter served a supplemental interrogatory response stating that neither shutdown was done "with the specific intent to avoid infringement" but instead for business reasons about the operation of the systems. (*Id.*)

One day later, on August 29, 2023 Entropic contacted Charter to meet and confer regarding a waiver of privilege. (*Id.*) The parties met and conferred regarding this issue on September 1, and Charter indicated that it opposed the motion but did not indicate whether it had withheld any communications on the subject. (*Id.* at 2–3.)

On September 19, Entropic again asked Charter to meet and confer on this issue. (*Id.* at 3.) This time, Entropic also asked Charter to provide a privilege log and to confirm whether privileged communications on this issue existed and had been withheld. (*Id.*) The parties met and conferred on September 22, and counsel for Charter stated that it had not received a response regarding the privilege log from Charter. (*Id.*)

The Motion for Leave was filed on October 3, 2023 (as was the Motion to Compel).

### B. Legal Standard

Federal Rule of Civil Procedure 16(b)(4) allows a case schedule to be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). There are four factors this Court considers when determining whether there is good cause to grant such relief: (1) the explanation for the failure to meet the deadline; (2) the importance of the modification of the deadline; (3) any potential prejudice from allowing the modification; and (4) the availability of a continuance to cure any such prejudice. *See Arigna Tech. Ltd. v. Volkswagen AV*, No. 2:21-CV-00054-JRG-RSP, 2022 WL 2761288, at *1-2 (E.D. Tex. Jan. 19, 2022). The "good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* (quoting *S&W Enters. v. South Trust Bank of Al.*, 315 F.3d 533, 546 (5th Cir. 2003). Moreover, "the 'good cause' standard focuses on the diligence of the party asking the court to modify the scheduling order." *Hereford v. Carlton*, No. 9:15-CV-26, 2016 WL 7080058, *2 (E.D. Tex. May 31, 2016) (citation omitted).

### C. Analysis

#### i. Explanation for Delay / Diligence

Entropic argues that its delay is justified because "Charter's use of privileged communications as a sword and a shield did not take place until well after the close of the discovery period." (Dkt. No. 244 at 3.) Moreover, Charter did not even reveal it had shut down the two systems until "close to or after" the close of fact discovery. (*Id.* at 4.)

In response, Charter argues that Entropic was not diligent. (Dkt. No. 311 at 2–4.) It notes that Charter waited seven full weeks to file the Motions from the time Charter's corporate representatives asserted privilege in their depositions, and five full weeks from Charter's August 28 supplemental interrogatory response. (*Id.* at 3–4.)

3

The Court finds that Entropic has not been sufficiently diligent. At the time the Motions were filed, trial was less than two months away, and the parties were in the midst of preparing for the pre-trial conference. At this stage in the case, diligence requires more urgency, which Entropic has not shown. Indeed, Entropic waited two-and-a-half weeks after first meeting-and-conferring on this issue to *request* to do so again. While the Court appreciates the parties' efforts to resolve issues through the meet and confer process, an issue as urgent as this should have been brought to the Court's attention far sooner. There was no reason for Entropic to delay filing the Motions for over a month after the first meet and confer, where it learned that Charter opposed the Motions.

### ii.  Remaining Factors

Since the Court finds that Entropic was not sufficiently diligent, it need not reach the remaining factors. However, it bears noting that the claim that privilege was used as a sword is unpersuasive.

### D.  Conclusion

For the foregoing reasons, the Court finds that the Motion for Leave (Dkt. No. 244) should be and hereby is **DENIED**.

## III.  MOTION TO COMPEL

Since the Motion for Leave to file the Motion to Compel out of time is denied, so too should the Motion to Compel.

Accordingly, the Court finds that the Motion to Compel (Dkt. No. 245) should be and hereby is **DENIED**.

**SIGNED this 28th day of November, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE