IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00125-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

Before the Court is Plaintiff Entropic Communications, LLC's Opposed Motion for Leave to Serve Mr. Dell's Third Supplemental Expert Report Out of Time. (Dkt. No. 302.) Defendant Charter Communications, Inc. opposes the motion. (*See* Dkt. No. 330.) For the following reasons, the motion is **GRANTED**.

**II.   BACKGROUND**

On September 25, 2023, in response to Charter's motion for partial summary judgment of no pre-suit damages, Entropic conceded in its Opposition Brief that it was not seeking pre-suit damages for U.S. Patent Nos. 8,792,008 (the "'008 Patent) and 8,223,775 (the "'775 Patent"). (*See* Dkt. No. 197 at 1.) Expert discovery closed that same day. (Dkt. No. 195 at 2.) Entropic's damages expert, Mr. Dell, previously included calculations for pre-suit damages in his report for the '008 and '775 Patents. (*See* Dkt. No. 302 at 2.) Entropic served Mr. Dell's supplemental report, containing updated calculations on Charter on October 13, 2023. (*Id.*) Entropic now seeks leave to serve Mr. Dell's supplemental report out of time. (*Id.* at 4.)

1

### III. LEGAL STANDARD

To determine whether a party may supplement an expert report after the close of expert discovery, the Court considers four factors: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witness[] to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witness[]' testimony." *Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:20-cv-00050-JRG-RSP, 2020 WL 2395928, at *2 (E.D. Tex. May 12, 2020) (quoting *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2009 WL 413081, at *1–2 (E.D. Tex. Feb. 18, 2009)).

### IV. ANALYSIS

Entropic argues that there will be no prejudice if the motion is granted because Mr. Dell's supplemental report adjusts his total damages number downwards. (Dkt. No. 302 at 3.) Next, Entropic argues that there will be no delay to the trial. (*Id.*)

In response, Charter argues that Entropic has not been diligent because Entropic has been on notice of Charter's marking defense since June 27, 2023. (Dkt. No. 330 at 1.) Charter argues that it will be prejudiced because the "motion … comes after the parties have exchanged pretrial disclosures and are actively preparing for the pretrial conference." (*Id.* at 2.) Confusingly, Charter also argues that "[a] continuance is not available to cure Charter's prejudice because there is no time in the current schedule to accommodate Entropic's request." (*Id.*)

The Court finds that there is good cause to grant leave. First, there is no prejudice from Entropic adjusting its damages numbers downward. Second, there is therefore no need for a continuance. Third, it is important that accurate damages calculations are presented at trial; thus, Mr. Dell's supplement is important.

The Court finds Entropic's explanation for its delay dubious. Entropic invites the Court to view its decision to drop pre-suit damages for the '008 and '775 Patents as something that could not have been foreseen. Despite this, the other three factors weigh in favor of finding good cause.

## V.   CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 302) should be and hereby is **GRANTED**.

**SIGNED this 28th day of November, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE