### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, § § *Plaintiff*, § § v. § § CHARTER COMMUNICATIONS, INC., § § *Defendants*. § | CIVIL ACTION NO. 2:22-CV-00125-JRG |

### REPORT AND RECOMENDATION

Before the Court is Plaintiff Entropic Communications, LLC's ("Entropic") Motion For Summary Judgment of No License Defense Based on DOCSIS (Dkt. No. 177.) After consideration, the Court recommends the motion be **DENIED-IN-PART** and **GRANTED-IN-PART** as provided below.

### I.  BACKGROUND

Entropic Communications, LLC ("Entropic") filed its initial complaint on April 27, 2022 asserting Charter infringes U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), and 10,135,682 (the "'682 Patent") (collectively "the Asserted Patents"). (Dkt. No. 1 at ¶1.)

The Asserted Patents broadly relate to data transmission over cable. (*See generally* Dkt. No. 1.) The international telecommunications industry has developed a related standard as the Data Over Cable Service Interface Specification, known as the DOCSIS Standard. (Dkt. No. 177 at 1

1

("Mot.").) As part of this standard process DOCSIS members have provided free licenses to technologies needing to conform with the DOCSIS Standard. (*Id.*)

## II.     APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### A. CONTRACT INTERPRETATION UNDER NEW YORK LAW

Contract interpretation is a question of state law. *Molon Motor & Coil Corp. v. Nidec Motor Corp.*, 946 F.3d 1354, 1358 (Fed. Cir. 2020). Here the DOCSIS License's choice of law provision dictates that New York law applies. (Dkt. No. 177-2 at §9.4.) "In interpreting a contract under New York law, 'words and phrases ... should be given their plain meaning,' and the contract 'should be construed so as to give full meaning and effect to all of its provisions.'" *LaSalle Bank Nat. Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) (citing *Shaw Group, Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. 2003)). "[I]f a contract is straightforward and unambiguous, its interpretation presents a question of law for the court. . . [only] when the meaning of the contract is ambiguous . . . [is] a question of fact presented." *Id*.

### III. ANALYSIS

The parties present two issues to the Court regarding application of a "Data Over Cable Service Interface Specifications License Agreement" (the "DOCSIS License"). First, the parties dispute what the DOCSIS License means by "Licensed Technology." And second, the parties dispute whether Charter has plausibly shown any of the Asserted Patents fall within that meaning.

### A. CONTRACT INTERPRETATION

At issue is the clause defining "Licensed Technology" which dictates what patents the license covers. The DOCSIS License provides "Licensed Technology" "means . . . patents, all issued patents, pending applications and subsequently filed applications essential for compliance with the Specifications and any patented inventions described in the Specifications." (Dkt. No. 177-2 at §1.2.)

Entropic argues this language requires a limitation-by-limitation analysis of each claim Charter believes to be covered by the DOCSIS License. (Mot. at 4-5.) Charter counters first that it

3

only needs to show the DOCSIS License applies to the patent, not the particular asserted claim. (Opp. at 5-8.) Charter also counters that the contract is ambiguous and thus a question of fact which precludes granting the instant motion. (Opp. at 8-9.)

Central to Entropic's argument is that the question here of essentiality to the DOCSIS standard is the same as that of infringement. (Reply at 1-3.) Entropic first argues "the question of whether a patent is 'essential' to a standard is one of substantive patent law" not contract interpretation. (*Id.* at 1). Entropic cites *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holding Ltd.* and other Federal Circuit precedent, to suggest the essentiality issue here "requires comparing the standard to each of the claim elements, just like infringement." (*Id.* at 2).

Charter first argues that the "all issued patents" language of the DOCSIS License suggests it applies on a patent-by-patent basis, not a claim-by-claim basis. (Opp. at 8.) Charter next argues that Entropic's interpretation of the two definitions of "Licensed Technology" is not consistent with giving the full meaning to the language used. (*Id*. at 8-9.) Charter contends that under the second meaning, "any patented inventions described in the Specifications," "[f]or an invention to be 'described' in a DOCSIS Specification, one would need to show support for each claim limitation on an element-by-element basis." (*Id*. citing *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1353 (Fed. Cir. 2010).) Charter argues that an interpretation of the first meaning to require an element-by-element analysis would render the second meaning superfluous. (*Id*. at 9.)

The Court recommends finding the essentiality clause applies on a patent-by-patent basis requiring an element-by-element analysis of at least one claim.

First, Entropic is incorrect that the essentiality infringement analysis governs the application of a DOCSIS License. In *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holding Ltd.*, the Federal Circuit reaffirmed its prior ruling that infringement may be shown through

4

standard compliance. 967 F.3d 1380, 1383 (Fed. Cir. 2020). It explained where "an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product." *Id*. (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)). The Federal Circuit in *Ericsson, Inc. v. D-Link Sys., Inc.* explained it is "[b]ecause the standard *requires* that devices utilize specific technology [that] compliant devices *necessarily* infringe certain claims in patents that cover technology incorporated into the standard." 773 F.3d 1201, 1209 (Fed. Cir. 2014). It is not essentiality that requires a claim-by-claim analysis but infringement, essentiality merely provides the link between a patent and the standard.

The use of "patents, all issued patents, pending applications and subsequently filed applications," (Dkt. No. 177-2 at §1.2.), in defining "Licensed Technology" rules here. A claim-by-claim analysis requirement would replace "patents, all issued patents, pending applications and subsequently filed applications" with "all claims." As the grant provides that "patents" and "applications" define the "Licensed Technology" not "claims" the Court must give this meaning.

However, the Court disagrees with Charter that its burden can be satisfied without an element-by-element analysis of at least one claim. (*See* Opp at 8-9.) Charter's argument that there is ambiguity of the first meaning of "Licensed Technology" in light of the second meaning is not convincing. Charter misconstrues the function of "described" here. "Described" relates to the contents of the DOCSIS Specifications, not a written description analysis of the patent as Charter suggests, (Opp. at 9). The phrase "patented invention" itself mandates an element-by-element analysis of at least one claim as it is the claims that describe the scope of the patented invention. *See Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed.Cir.2005) (*en banc* ). Thus "any patented inventions described in the Specifications" is best understood to require an element-by-element

5

analysis of the claims against the DOCSIS Specification. Because the first meaning relates to what is "essential for compliance" with the DOCSIS Specifications rather than what is merely described by the Specifications, an element-by-element analysis requirement for both meanings does not leave the latter "without force and effect."

### B. THE SUFFICIENCY OF CHARTER'S SHOWING

#### i. The '775 and '362 Patents

Entropic argues that Charter's expert does not offer the opinion that the asserted claims of the '775 or '362 Patents are essential. (Mot. at 8.) Charter does not contest this or indeed assert the '775 or '362 Patents are covered by the DOCSIS License. (*See* Dkt. No. 333 at 2.) As such, the question whether the '775 and '362 Patents are covered by the DOCSIS License is not in controversy. The Court recommends that Entropic's motion be **DENIED AS MOOT** as to the '775 and '362 Patents.

#### ii. The '690 Patent

Entropic argues that Charter's expert opines exclusively as to claim 1 of the '690 Patent which it does not currently assert. (Mot. at 9.) Entropic argues this opinion cannot support the conclusion that the asserted claims of the '690 Patent are licensed based on its argument that the DOCSIS License applies on a claim-by-claim basis. (*Id*.)

Because, as noted above, the DOCSIS License applies on a patent-by-patent basis, the Court disagrees with Entropic. The Court recommends that Entropic's motion be **DENIED** as to the '690 Patent.

#### iii. The '008 and '826 Patents

Entropic argues that Charter failed to support its contention that the '008 and '826 Patents are covered by the DOCSIS License. (Mot. at 6-7.) Entropic argues Charter failed to address

certain elements of claim 1, other asserted claims entirely, and Charter's license argument is incompatible with its discussion of full band capture ("FBC"). (*Id.*)

Regarding the first point, Entropic argues that Charter fails to address the elements "a data processor operable to process a television channel to recover content carried on the television channel" and "a channelizer operable to:. . .concurrently output said first portion of said digitized signal to said signal monitor and said second portion of said digitized signal to said data processor" of the '008 Patent and "selecting a second portion of said digitized signal" and "processing said selected second portion of said digitized signal to recover information carried in said plurality of channels." (Mot. at 6.)

Charter responds by arguing that both patents require the use of FBC as the basis of Entropic's infringement contentions and FBC is incorporated in DOCSIS. (Opp. at 12.) Charter argues "[w]ithout the right to use FBC . . . [it] would not be able to use or comply with this portion of DOCSIS." (*Id.*)

Charter's argument here misses the mark. It cannot show what is "essential for compliance" by showing that something that is essential for compliance is also essential to practice the claims. This appears to be what Charter argues here, that because FBC is essential to the '008 and '826 Patents and to compliance with DOCSIS, the patents are likewise essential to DOCSIS. But "essential for compliance with the Specification" cannot be proven solely by showing a common element is essential for both the patent and the standard.

Rather, Charter' argument does not directly respond to Entropic's citation of missing elements. (*See* Opp. at 12.). Indeed, turning to the portion of Charter's expert report that it cites to show the '008 and '826 Patents are licensed, shows that while some limitations are clearly addressed others, including those cited by Entropic, are not. (*See* Dkt. 177-5 at ¶¶48-61.) Without

7

showing all elements of a claim are required for compliance with the DOCSIS standard, Charter has not shown the '008 and '826 Patents are licensed. Entropic's motion should thus be **GRANTED** as to the '008 and '826 Patents.

While the missing elements argument is sufficient to decide this motion, the Court also quickly addresses Entropic's other arguments. First, Charter's failure to address other claims is not dispositive since the DOCSIS License applies on a patent-by-patent basis. Second, Charter clarifies there is nothing inconsistent with its position regarding FBC. Charter does not argue FBC is optional to practice the DOCSIS specification, rather it argues that its use of the FBC is optional, i.e. its cable modems only optionally practice the DOCSIS standard. (Opp. at 13.) At best this would create a question of fact, not grounds to grant Entropic's motion.

### iv. The '682 Patent

Entropic argues Charter failed to support its contention that the '682 Patent is covered by the DOCSIS License. (Mot. at 7-8.) Entropic argues that Charter failed to address certain elements of claim 1, that Charter addressed a technical report outside of the Specifications not the Specifications themselves, and Charter's license argument is incompatible with its discussion of Profile management Application ("PMA").

Regarding the first argument, Entropic argues that Charter fails to address the elements "generating, by said CMTS for each one of said plurality of service groups, a composite SNR-related metric based at least in part on a worst-case SNR profile of said SNR-related metrics corresponding to said one of said plurality of service groups" and "selecting, by said CMTS, one or more physical layer communication parameter to be used for communicating with said one of said plurality of service groups based on said composite SNR-related metric" of claim 1.

Charter responds that Entropic asserts Charter's use of PMA infringes the '682 Patent and relies on the PMA to assert infringement of every element. (Opp. at 14.) Charter argues Entropic's reliance on "the DOCSIS-specified PMA feature to prove infringement" defeats Entropic's instant motion. (*Id*.)

Again, Charter's argument does not directly contest the elements Entropic claims are missing. Pointing to Entropic's infringement arguments does not rescue Charter's own showing. The relevant portions of Charter's expert report fail to address the elements cited by Entropic. (*See* Dkt. No. 177-5 at ¶¶66-73) As such, the Court recommends that Entropic's motion be **GRANTED** as to the '682 Patent.

While the missing elements argument is sufficient to decide this motion, the Court also quickly addresses Entropic's other arguments. First, it is a question of fact whether the technical report Charter relied upon is part of the DOCSIS Specification or not. Second, Charter clarifies there is nothing inconsistent with its position regarding PMA. Charter does not argue PMA is optional to practice the DOCSIS specification, rather it argues that its use of the PMA is optional, i.e. its cable modems only optionally practice the DOCSIS standard. (Opp. at 13.) Even if Charter's arguments were incompatible, this would be a question of fact for the jury.

### IV. CONCLUSION

The Court recommends Entropic's summary judgment motion be **GRANTED** as to the '008, '682, and '826 Patents, **DENIED** as to the '690 Patent, and **DENIED AS MOOT** as to the '775 and '362 Patents.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than December 7, 2023**, bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations

and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 28th day of November, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE