# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Civil Action No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** |

## CHARTER'S OBJECTION TO REPORT AND RECOMMENDATION DENYING CHARTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES (DKT. 172)

I.  **INTRODUCTION**

On September 11, 2023, Charter filed its Motion For Partial Summary Judgment Of No Pre-Suit Damages, seeking judgment as a matter of law that Entropic may not recover pre-suit damages for the '775, '008, '826, and '362 patents. Dkt. 172. Entropic conceded that it cannot and will not seek pre-suit damages as to the '775 and '008 patents and, therefore, Magistrate Judge Payne recommended denying Charter's motion as moot as to these patents. Dkt. 342 at 3 n.1; *see* Dkt. 333 at ¶ 9. Charter does not object to this recommendation.

As to the '826 and '362 patents, Magistrate Judge Payne found in his Report and Recommendation ("R&R") that it was undisputed that "(1) sufficient notice was provided under *Arctic Cat* by Charter, (2) Entropic cannot show the products listed in Charter's *Arctic Cat* notice were marked or did not require marking, and (3) that any actual notice that would otherwise satisfy § 287 was not provided to Charter until Entropic filed its complaint." Dkt. 342 at 3. But despite Entropic's failure to comply with marking requirements and this Court's precedent, the R&R would deny Charter's motion as to the '826 and '362 Patents because of its determination that marking was not required. *Id.* at 4–5. Charter respectfully objects to this recommendation. As discussed below, Entropic was required to mark its products because it asserted apparatus claims in its complaint and amended complaints.

II. **LEGAL STANDARD**

The Federal Rules of Civil Procedures provide that, for dispositive motions, a party may serve and file specific written objections to the proposed findings and recommendations within 14 days. FED. R. CIV. P. 72(b)(2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to[, and] may accept, reject, or modify the recommended disposition." *Id.* at 72(b)(3). "Summary judgment is appropriate when, drawing all justifiable inferences in the non-movant's favor, there exists no genuine issue of

1

material fact and the movant is entitled to judgment as a matter of law." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1361 (Fed. Cir. 2012) (citing FED. R. CIV. P. 56 and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### III.    OBJECTIONS

#### A.    Charter's Motion For Summary Judgment Of No Pre-suit Damages For The '826 and '362 Patents Should Be Granted

As the R&R correctly recognized, the parties agree (1) that Charter provided sufficient notice under *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368, (2) that Entropic cannot show the products identified in Charter's *Arctic Cat* notice were marked or did not require marking, and (3) that Entropic did not provide any actual notice to Charter until filing the complaint. Dkt. 342 at 3. The only question is whether Entropic "initially assert[ed] an apparatus claim" for the '826 and '362 patents. *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. CV 16-284-LPS-CJB, 2018 WL 7893901, at *4 (D. Del. Dec. 17, 2018). If so, then "the marking statute is applicable to that patent." *Id.*; *see Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993). In determining that Entropic did not assert an apparatus claim for either patent, the R&R erred in two ways.

First, the R&R erred in determining that Entropic did not assert apparatus claims for either patent in Entropic's complaint and/or first and second amended complaints. Dkt. 342 at 4–5. By repeatedly alleging direct infringement through Charter's "importing, selling, and/or offering for sale," Entropic has accused Charter of infringing apparatus claims because method claims can only be infringed through use, not importing, selling, and offering for sale. Dkt. 1 at ¶¶ 69, 78; Dkt. 12; Dkt. 53; *see, e.g.*, *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."). Entropic could have limited its allegations to method claims

2

by specifically listing the asserted claims or by specifically accusing acts of infringement applicable only to method claims, but it did not. The R&R discounted the language used in the complaints as "form-letter language," but these were Entropic's own words in its own complaints. Entropic should be held responsible for its actions. Moreover, the R&R's determination plainly contradicts *Ormco*, as discussed above.

Second, the R&R also erred in holding that Entropic's initial assertion of apparatus claims for the '826 and '362 patents is excused because Entropic's later infringement contentions allege infringement of only method claims. Dkt. 342 at 5. In so doing, the R&R relied on *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 11089750, at *4 (E.D. Tex. Aug. 10, 2015), for the proposition that "even where a complaint assert[s] both apparatus and method claims but the apparatus claims are quickly withdrawn, marking is not required." Dkt. 342 at 5. But this decision defies logic and precedent. The marking statute, which is concerned with pre-suit damages and pre-suit behavior, is not bound to the post-complaint actions of the patentee. As the Federal Circuit has said, "[t]he marking statute serves three related purposes: 1) helping to avoid innocent infringement, []; 2) encouraging patentees to give notice to the public that the article is patented, []; and 3) aiding the public to identify whether an article is patented []." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998) (citations omitted). This Court has thus recognized that "[t]o further conclude that application of the statute turns on a patent holder's decision to drop apparatus claims at some point during litigation defies logic." *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-CV-00055-JRG-RSP, 2017 WL 5165606, at *3 (E.D. Tex. Oct. 15, 2017). Thus, any post-complaint behavior by Entropic, such as its decision to narrow the asserted '826 and '362 patent claims to only method claims in its infringement contentions, should not change Entropic's pre-suit marking requirements.

## IV.   CONCLUSION

For the forgoing reasons, Charter respectfully objects to the R&R's decision as to the '826 and '362 Patents, and requests that the Court grant Charter's Motion For Partial Summary Judgment Of No Pre-Suit Damages as to these patents.

Dated: November 30, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William O. Young
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served November 30, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long
