**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00125-JRG-RSP |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMENDATION**

Before the Court is Plaintiff Entropic Communications, LLC's Motion for Summary Judgment of No Invalidity under 35 U.S.C. §§102 and 103 (Dkt. No. 170. After consideration, the motion should be **DENIED-IN-PART** and **GRANTED-IN-PART** as provided below.

## I.      BACKGROUND

Entropic Communications, LLC filed its initial complaint on April 27, 2022 asserting Charter infringes U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), and 10,135,682 (the "'682 Patent") (collectively "the Asserted Patents"). (Dkt. No. 1 at ¶1.)

## II.      APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact.

1

*Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## III.   ANALYSIS

Entropic contends Charter has not met its burden to show invalidity of claims 18 and 19 of the '775 Patent, claims 1 and 2 of the '008 Patent[1], claims 11 and 12 of the '362 Patent are invalid under §§102 and 103 and asks the Court to grant summary judgment of no invalidity.

---

[1] Charter contends Entropic's motion does not address all of its invalidity theories and a blanket ruling of validity is not warranted here. (*See* Dkt. No. 206 ("Opp.") at 11.) As Entropic's motion does not address Charter's other theories, the Court's ruling only addresses the particular invalidity theories raised. The Court also reminds the parties that generally, a ruling of "Validity" is inappropriate, rather the Court will generally limit its ruling to "No Invalidity."

## A.  EXPERT TESTIMONY IS GENERALLY NECESSARY TO SHOW INVALIDITY

Entropic first argues that because the Asserted Patents represent complex technologies, expert testimony is required to carry Charter's burden at trial as to invalidity. (Mot. at 6 (citing *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1330 (Fed. Cir. 2009)). Entropic argues where there are gaps in Dr. Goldberg's opinions, Charter's relevant expert, Charter cannot meet its burden in showing invalidity. (*Id.*)

Charter counters that Entropic has not shown all such issues are complex, requiring expert testimony, in particular noting that Zhang expressly discloses a wideband receiver and an expert is not needed to show this meets the wide band receiver element of claim 11 of the '362 Patent. (Opp. at 14.)

While Charter is correct that there are certain issues within invalidity that may be simple enough to require no opinion testimony, Charter still must present whatever evidence needs be shown. Following Charter's example, it would still need to present that Zhang discloses a wideband receiver via witness testimony. Where Charter has no expert testimony as to an issue and has not otherwise shown that it can raise relevant evidence at trial it cannot meet its burden of proof. In such a situation, the Court may grant summary judgment.

## B.  '775 PATENT

Entropic argues Charter cannot show Claims 18 and 19 of the '775 Patent are invalid under §103 because there is no evidence a POSITA would combine U.S. Pat. App. Pub. No. 2004/0160945A1 ("Dong") and U.S. Pat. App. Pub. No. 2001/0039600A1 ("Brooks"). (Mot. at 6.) Entropic identifies ¶¶63 and 64 of Dr. Goldberg's report as materially deficient, merely providing "A POSITA would understand . . . [certain] software upgrades could easily be

integrated into the DOCSIS Interface of Dong." (*Id*. at 8.) Entropic argues that Dr. Goldberg needed to opine why a POSITA would do this, not merely that one could. (*Id*.)

Charter counters that Dr. Goldberg's rationale is sufficient. (Opp. at 11.) Charter argues Dr. Goldberg articulated a need to upgrade Dong, citing his deposition. (*Id*. at 11-12.) Charter further cites Dr. Goldberg's footnote to ¶64 where he opines "many home computers were using remote software updates at least as early as 1997." (*Id*.) Charter argues Entropic's motion amounts to a disagreement with Dr. Goldberg's conclusion. (*Id*.) Charter argues the question of motivation to combine is reserved for the fact finder. (*Id*. (citing *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1341 (Fed. Cir. 2010).)

The Court agrees with Entropic. A statement that "upgrades could easily be integrated" is not sufficient motivation to combine. Charter's argument that Dr. Goldberg indeed articulated a need to upgrade Dong is not supported by the evidence. Rather, all Charter has shown is that Dr. Goldberg showed "upgrades" were plausible and contemplated in the field, but not that there was any particular motivation to do so, particularly between its cited prior art references.

Charter's citation to *TriMed, Inc. v. Stryker Corp* misses the point. The issue is not the nature of the issue to be decided, indeed motivation to combine is a fact issue. Rather the issue is merely stating there is capacity to combine, as Dr. Goldberg has done here, provides no basis for the fact finder to find a motivation to combine. Such a showing is only a prerequisite, as a motivation to combine where the combination is not possible is irrelevant.

The Court recommends Entropic's motion as to no invalidity based on the combination of Brooks and Dong be **GRANTED**.

### C. '008 PATENT

Entropic argues that Charter cannot show Claims 1 and 2 of the '008 Patent are invalid under §103 because there is no evidence a POSITA would combine U.S. Pat. App. Pub. No. 2007/0286311 A1 ("Coyne") and U.S. Pat. No. 7,528,888 ("Narita"). (Mot. at 9.) Entropic argues here Dr. Goldberg has provided no reason to combine Coyne and Narita. (*Id*.) Entropic cites its deposition of Dr. Goldberg where he testified "I don't explicitly talk about a motivation to combine Narita and Coyne." (*Id*.)

Charter responds that while Dr. Goldberg did not "'explicitly' use the words 'motivation to combine,'" his report explains that Narita focuses on the same problem addressed in Coyne, they are focused on the same signal area, and are both focused on the same area of technology. (Opp. at 13-14 (citing Dr. Goldberg's deposition but not his report).) Charter argues this is sufficient to permit Dr. Goldberg to testify at trail. (*Id*.)

Entropic contends this deposition testimony is nowhere in Dr. Goldberg's opening report and even so is recognized as insufficient as a matter of law. (Reply at 5 (citing *Securus Techs., Inc. v. Glob. Tel\*Link Corp.*, 701 F. App'x 971, 977 (Fed. Cir. 2017)).

The Court agrees with Entropic. Even if Dr. Goldberg's deposition testimony were in his report, the testimony cited by Charter is entirely conclusory and could only form the beginning of a proper motivation to combine analysis. As in *Securus*, there is no explanation of how or why a skilled artisan would combine the references. 701 F. App'x at 977. Merely stating that references focus on "very much the same problem;" are "both focused on the same signal areas;" and both "focused on the same area of technology," as Charter exclusively provides, is deficient.

The Court recommends Entropic's motion as to no invalidity based on the combination of Coyne and Narita be **GRANTED**.

### D.   '362 PATENT

Entropic argues Charter cannot show Claim 11 or 12 of the '362 Patent is invalid under §§102 or 103 because Charter has not shown all limitations are disclosed by U.S. Pat. No. 6,704,372 ("Zhang"), U.S. Pat. No. 7,265,792 ("Favrat"), or U.S. Pat. No. 7,522,901 ("Dauphinee"). (Mot. at 10.)

As to Zhang and Favrat, Entropic argues Charter has not shown the claimed "mixer module." (*Id*. at 12.) The parties' arguments are largely identical to that raised in Charter motion for invalidity on this same ground. (*See* Dkt. Nos. 173, 207, 228, and 256.) The Court finds there are genuine disputes of material fact as to these arguments and recommends both arguments be **DENIED**[2].

Entropic also argues that Dr. Goldberg never expressly or inherently shows Dauphinee discloses downconverting using a mixer module. (Mot. at 14-15.) Charter counters that Dr. Goldberg presents an argument in the alternative, that while he believes a "digital tuner" does not meet the limitation, Entropic does, based on their infringement argument, so if Entropic is correct, Dauphinee invalidates. (Opp. at 10-11.) Entropic contends such an opinion is inconsistent with the Court's prior ruling in *Genband US LLC v. Metaswitch Networks Corp.* which precludes an expert from relying on "the principles and methods embodied in an adverse party's infringement theory" that the expert disagrees with. (Reply at 3.) Charter counters that this misapplies *Genband* and rather Dr. Goldberg's argument comports with *Genband*'s provision that "an expert is permitted

---

[2] As the arguments are largely identical, the Court shall not reproduce its reasoning here and addresses the few differences below: Charter argues in its opposition that Entropic should be barred from raising this argument because Entropic's expert, Dr. Kramer, never raised it in his report. (Opp. at 6.) The Court disagrees. While Dr. Kramer will not be permitted to provide testimony that he did not provide in his report, the burden of showing invalidity is still on Charter. To the extent Entropic feels Charter has not met this burden, as Entropic argues, there is no reason to bar it from raising such an argument.

to opine that a party's infringement theories are incorrect" and "point out contradictions or inconsistencies between a parry's infringement and validity theories." (Sur-Reply at 3.)

The Court agrees with Entropic. Dr. Goldberg's "alternative argument" is exactly the kind of argument *Genband* excluded. The criticism Dr. Goldberg is permitted to make under *Genband* is to show Entropic's positions are inconsistent, not make an invalidity argument based on that inconsistency. Since the issue before the Court is the question whether Dauphinee discloses all claimed limitations, and Dr. Goldberg opines that he believes it does not, the motion should be **GRANTED** as to Dauphinee.

### E.   DR. GOLDBERG'S "NEW REASONS TO COMBINE"

Entropic also argues that if its motion to strike ¶¶ 207-08, 270, 289, 293, 422, 454, 494, 529, 539, and 555 of Dr. Godlberg's Opening Report and ¶¶ 36 and 45 of his Supplemental Report is granted, Charter has no expert opinion that there is a reason to combine certain references and, thus, those obviousness theories cannot be supported. (Mot. at 10.)

This portion of Entropic's motion is not yet ripe. The Court recommends that Entropic's motion for summary judgment as to these "New Reasons to Combine" be **DENIED** with the understanding that Entropic may reurge its motion should its motion to strike be granted.

## IV.   CONCLUSION

Having considered the facts, the Court recommends that Charter's motion be **GRANTED-IN-PART** and **DENIED-IN-PART**, as provided above**.**

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than December 7, 2023,** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 1st day of December, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE