IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00125-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Entropic Communications, LLC's Motion to Strike Opinions of Stephen Goldberg. (Dkt. No. 168.) Defendant Charter Communications, Inc. opposes the Motion. (*See* Dkt. No. 214.) For the following reasons, the motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**I.   BACKGROUND**

Dr. Goldberg is Charter's technical expert who opines on issues of invalidity. Entropic moves to strike various portions of his opening and supplemental reports.

**II.  LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires that judges act as gatekeepers to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow*

1

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). However, "[t]he inquiry envisioned by Rule 702 is ... a flexible one." *Id.* at 594; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"). While the party offering the expert bears the burden of showing that the testimony is reliable, it "need not prove to the judge that the expert's testimony is correct...." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 1999) (citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

### III.  ANALYSIS

#### A.  Use of Claim Construction Order

Entropic seeks to strike paragraphs 65–67, 77, 79, 80, 83, 348, 351, 434, 480–481, 507, 516, 520, 534, 542, and 573 of Dr. Goldberg's opening report and paragraph 14 of his supplemental report. (Dkt. No. 168 at 1–4.)

Entropic argues that these paragraphs improperly reference and rely upon the Court's claim construction order. (*Id.* at 1–2 (citing Dkt. No. 123 at ("The parties are **ORDERED** that they may not refer, directly or indirectly, to each other's claim construction positions in the presence of the jury. Likewise, the parties are **ORDERED** to refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the Court, in the presence of the jury.").)

In response, Charter argues that "Dr. Goldberg will not contradict the Court's claim constructions, refer to the parties' claim construction positions, or mention any portion of the claim construction order, other than the definitions adopted by the Court, in the presence of the jury." (Dkt. No. 214 at 1.) Thus, Charter contends, there is no basis for striking the above-referenced paragraphs. (*Id.* at 1–2.)

2

In reply, Charter notes that Entropic does not dispute that Dr. Goldberg improperly relied on the reasoning in the Court's Claim Construction Order and argues that the above-referenced paragraphs should therefore be struck. (Dkt. No. 235 at 1–2.) Charter also argues that once the improper references are struck, some of the cited paragraphs become unsupported and conclusory such that they should be struck in their entirety. (*Id.* at 2.)

Entropic argues in sur-reply that Dr. Goldberg either provides additional citations or merely cites the Claim Construction Order to confirm his understanding—none of his opinions are conclusory absent references to the Claim Construction Order. (Dkt. No. 262 at 1–2.) Charter concedes that paragraph 434 should not be presented to the jury. (*Id.* at 2.)

The Court will hold Charter to its representations and the directive in the Claim Construction Order. Charter, and specifically Dr. Goldberg, shall not reference the Court's Claim Construction Order, the parties' positions at claim construction, or indicate any disagreement with the Court's Claim Construction Order before the jury. In light of the foregoing, the Court will now analyze whether any of the challenged paragraphs need to be struck in their entirety.

**<u>Opening Report Paragraph 65</u>**

This paragraph need not be struck in its entirety because of its references to Dr. Kramer. This can be explained to the jury without referencing the fact that Dr. Kramer's declaration was submitted at claim construction.

**<u>Opening Report Paragraph 66</u>**

Other than the sentence relying on the reasoning in the Court's Claim Construction Order, there is no opinion in this paragraph other than a recitation of the Court's construction for "DOCSIS MAC" and "DOCSIS Controller." For simplicity, and because Dr. Goldberg elsewhere recites the Court's claim constructions, this entire paragraph should be struck.

**Opening Report Paragraph 67**

This paragraph need not be struck in its entirety because of its references to intrinsic evidence (which will be discussed below) and because there is support for opinions contained in this paragraph that has not been stricken.

**Opening Report Paragraph 77**

There is no need to strike this paragraph in its entirety because it contains analysis that does not stem from the Court's Claim Construction Order.

**Opening Report Paragraph 79**

This paragraph should be stricken in its entirety because it explains why Dr. Goldberg disagrees with the Claim Construction Order. If Charter wants to rely on this opinion from Dr. Goldberg in the future, for non-jury purposes, Charter may have him submit a declaration.

**Opening Report Paragraph 80**

This paragraph should not be stricken because it is almost entirely comprised of Dr. Goldberg's opinion.

**Opening Report Paragraph 83**

This paragraph should not be stricken in its entirety because it contains an opinion separate from Dr. Goldberg's discussion of the Court's Claim Construction Order.

**Opening Report Paragraph 348**

This paragraph contains opinions separate from Dr. Goldberg's discussion of the Claim Construction Order so it should not be stricken in its entirety.

**Opening Report Paragraph 351**

This paragraph should be stricken in its entirety because it does not contain an opinion separate from an analysis or criticism of the Court's Claim Construction Order.

**Opening Report Paragraph 434**

Charter concedes that this paragraph should not be presented to the jury. (Dkt. No. 262 at 2.) Accordingly, it should be struck.

**Opening Report Paragraph 480**

There is no reference to claim construction in this paragraph, so it should not be struck.

**Opening Report Paragraph 481**

There is no reference to claim construction in this paragraph, so it should not be struck.

**Opening Report Paragraph 507**

This paragraph contains analysis and opinion that is separate from the Court's Claim Construction Order. Accordingly, it should not be struck in its entirety.

**Opening Report Paragraph 516**

This paragraph contains opinion that is separate from the Court's Claim Construction Order. Accordingly, it should not be struck in its entirety.

**Opening Report Paragraph 520**

This paragraph contains recitations, opinion, and analysis that is separate from the Court's Claim Construction Order. Accordingly, it should not be struck in its entirety.

**Opening Report Paragraph 534**

This paragraph should be struck in its entirety because it does not contain any non-conclusory opinion separate from a discussion of the Court's Claim Construction Order or the parties' positions at claim construction.

**Opening Report Paragraph 542**

This paragraph should be struck in its entirety because it does not contain any non-conclusory opinion separate from a discussion of the Court's Claim Construction Order or the parties' positions at claim construction.

**Opening Report Paragraph 573**

This paragraph should be struck in its entirety because it does not contain any non-conclusory opinion separate from a discussion of the Court's Claim Construction Order or the parties' positions at claim construction.

**Supplemental Report Paragraph 14**

This paragraph should not be struck in its entirety because it contains opinion and recitations separate from any discussion of the Court's Claim Construction Order.

**Summary**

The following paragraphs of Dr. Goldberg's opening report shall be stricken in their entirety: 67, 79, 351, 434, 534, 542, and 573.

### B. Allegedly Impermissible Use of Hindsight

Entropic argues that paragraphs 67, 74, 254–255, 292–293, and 389–390 of Dr. Goldberg's opening report should be struck for impermissible use of hindsight. (Dkt. No. 168 at 4–5 (citing *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1570 (Fed. Cir. 1996) ("To draw on hindsight knowledge of the patented invention, when the prior art does not contain or suggest that knowledge, is to use the invention as a template for its own reconstruction—an illogical and inappropriate process by which to determine patentability.")).).)

#### i. '362 Patent (¶¶ 389–390)

Dr. Goldberg opines that Zhang discloses both "desired" and "undesired" television channels. Goldberg Opening Report, ¶¶ 389–390.

6

Entropic argues that Zhang contains no such disclosure, Dr. Goldberg's report "provides no clarity on this point," and that Dr. Goldberg testified at his deposition that he gap-filled Zhang with the '362 Patent. (Dkt. No. 168 at 6–7 (citing Dkt. No. 168-3 at 215:14-217:16 ("I'll go back to Zhang. Yeah . . . of those RF channels, 20 RF channels, D1 to D20, are selected. . . . That's exact -- that's not exactly, but that's almost directly what '362 says.").)

In response, Charter argues that Dr. Goldberg is merely comparing the disclosures of Zhang and the ''362 Patent. (Dkt. No. 214 at 4–5.) Charter also urges that Zhang *does* disclose "desired" and "undesired" channels as Dr. Goldberg opines in his report and as Entropic's expert opines. (*Id.* at 5–7.) Charter also argues that Entropic's arguments are contrary to arguments made in a motion for summary judgment. (*Id.* at 7 (referring to Dkt. No. 170).)

In reply, Entropic argues that "Dr. Goldberg's opinions regarding Zhang's relevance to the '362 Patent are directly informed by the disclosure of the '362 Patent itself," as Dr. Goldberg confirmed in his deposition. (Dkt. No. 235 at 2–3.) Entropic then contends that the contents of Dr. Kramer's report are irrelevant, and that its arguments across motions are not inconsistent: in Entropic's motion for summary judgment, it argued that Charter failed to identify where Zhang disclosed part of a claim element.

In sur-reply, Charter re-urges that Dr. Goldberg compares the '362 Patent to Zhang, as he should in an invalidity analysis. (Dkt. No. 262 at 2–3.)

The Court finds that these paragraphs should not be struck. Dr. Goldberg opines that "a POSITA would have understood that the RF signal (here described in the digital domain) is comprised of a plurality of frequencies that contain desired RF channels (i.e., the selected channels $D_1$ to $D_m$) and undesired channels (i.e., the remainder of the channels in $C_1$ to $C_n$ that are not selected into the group $D_1$ to $D_m$)." Goldberg Opening Report, ¶ 389. Dr. Goldberg is not

7

exceedingly clear that the D1 to Dm channels are desired, and that the remaining channels, $C_1$ to $C_n$ are undesirable, but that is an inference that Dr. Goldberg may make using his expertise. Moreover, the Court cannot find in these paragraphs any place that Dr. Goldberg uses impermissible hindsight. Indeed, there is not a single citation to the '362 Patent in these paragraphs.

Dr. Goldberg's testimony in his deposition does not change this analysis. It is his report that matters for the purposes of this analysis, though he may be impeached at trial with his deposition.

### ii.     '775 Patent (¶¶ 67, 74)

Dr. Goldberg opines that a POSITA would understand "that there is no technological reason that the processed PDU packets of this limitation cannot be forwarded, in Dong, directly to the data networking engine without the involvement of DOCSIS controller." Goldberg Opening Report, ¶ 67.

Entropic argues that Dr. Goldberg does not cite any portion of Dong for this assertion, but the specification of the ''775 Patent, and that this constitutes improper hindsight. (Dkt. No 168 at 5.)

In response, Charter argues that Dr. Goldberg's opinions are supported by Dong, and does not represent an impermissible use of hindsight. (Dkt. No. 214 at 7–8.)

In reply, Entropic argues that Dr. Goldberg's opinions in these paragraphs "solely rely" on the Court's Claim Construction Order, as discussed above so they cannot support his final conclusion that Dong discloses the "forwards the processed packets" elements. (Dkt. No. 235 at 3.)

In sur-reply, Charter argues that Entropic's arguments go to weight, not admissibility. (Dkt. No. 262 at 3. Further, Charter argues that Dr. Goldberg cites Dr. Kramer in preceding paragraphs to support his position. (*Id.*)

8

The Court finds that these paragraphs should not be struck. Dr. Goldberg's opinion that "a POSITA would understand that there is no clear functional delineation between [DOCSIS MAC and DOCSIS Controller], when considering Dong, that packet forwarding functionality could be identified as a MAC function" is supported by reference to a declaration rendered by Dr. Kramer. Goldberg Opening Report, ¶¶ 65, 67. However, the sentence referencing the specification of the '775 Patent is plainly meant to support the first sentence. This is plainly impermissible hindsight and thus this sentence should be struck. The remainder of the paragraph shall not be struck.

### iii. '008 and '826 Patents (¶ 254–255, 292–293)

Dr. Goldberg opines that Coyne discloses the element "television channels." *See* Goldberg Opening Report, ¶ 255.

Entropic argues that Coyne does not actually disclose the element "television channels" and that Dr. Goldberg gap-fills Coyne using disclosures of the '008 and '826 Patents. (Dkt. No. 168 at 6.)

In response, Charter argues that "Dr. Goldberg cites examples from Coyne that a POSITA would have understood to disclose 'an entire television spectrum.'" (Dkt. No. 214 at 8–9.)

In reply, Entropic argues that "Charter has … failed to show where Dr. Goldberg identifies television channels in Coyne." (Dkt. No. 235 at 4.)

In sur-reply, Charter argues that Entropic's arguments go to weight, not admissibility. (Dkt. No. 262 at 3.) Charter also re-urges that "Dr. Goldberg cites to concrete examples from Coyne in his report and at deposition which, in his expert opinion, a POSITA would have understood to disclose television channels." (*Id.*)

The Court finds that these paragraphs should not be struck. Here, Dr. Goldberg is simply utilizing the specification of the Patents to determine the meaning of "entire television spectrum" and then comparing that definition to the disclosures of Coyne. *See* Goldberg Opening Report, ¶¶

9

254–255. This is standard practice, not impermissible hindsight. Entropic's remaining challenges can be addressed through robust cross-examination.

### C. Allegedly Vague Opinions

Entropic argues that paragraphs 389–393 of Dr. Goldberg's opening report should be struck because they concern validity over a reference that is not asserted as an invalidating reference. (Dkt. No. 168 at 7 (citing *Better Mouse Co., LLC v. SteelSeries ApS*, No. 2:14-cv-198-RSP, 2016 WL 3611560, *1 (E.D. Tex. Jan. 5, 2016) (noting that this Court "has often barred parties from using unelected references to discuss the state of the art when the use of those references risks juror confusion.")).) Entropic alleges that Dr. Goldberg purports to rely upon unasserted reference, Li, to merely confirm his understanding that Zhang discloses a "mixer," while primarily focusing on Li over Zhang. (*Id.* at 7–8.)

In response, Charter argues that Dr. Goldberg may point to Li as evidence of the state of the art and knowledge of a POSITA at the time. (Dkt. No. 214 at 9–11.)

In reply, Entropic argues that the use of an unelected reference will lead to impermissible jury confusion. (Dkt. No. 235 at 4.)

In sur-reply, Charter argues that there will be no jury confusion because "Dr. Goldberg's use of Li is clear and limited—it simply confirms that, to a POSITA, the term 'multiply' refers to 'mixing.'" (Dkt. No. 262 at 4.)

The Court is not persuaded by Entropic's arguments. As Charter argues, Li is properly used as a state-of-the-art reference. Entropic argues that it will be prejudiced by this, because it has not had a "fair opportunity to rebut Li." (Dkt. No. 235 at 4.) Not so. Dr. Kramer filed a rebuttal report to Dr. Goldberg's opening report. (*See* Dkt. No. 262 at 4.)

10

### D. Opinions Allegedly in Violation of Local Patent Rule 3-3

Entropic argues that various of Dr. Goldberg's opinions go beyond Charter's invalidity contentions and thus should be struck. (Dkt. No. 168 at 8–9.)

Local Patent Rule 3-3 requires that invalidity contentions disclose "[w]hether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified." P.R. 3-3(b). This Court has held that Local Patent Rule 3-3(b) "requires disclosure of combinations, not just references, and thus does not expect the patentee to consider every possible combination of the references disclosed." *LML Patent Corp. v. JPMorgan Chase & Co.*, No. 2:8-cv-448, 2011 WL 5158285, *4 (E.D. Tex. Aug. 11, 2011).

Courts may consider five factors when determining whether to exclude evidence based on non-compliance with the Local Patent Rules:

1. The danger of unfair prejudice to the non-movant;

2. The length of the delay and its potential impact on judicial proceedings;

3. The reason for the delay, including whether it was within the reasonable control of the movant;

4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's Scheduling Orders, Local Rules, and the Federal Rules of Civil Procedure; and

5. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

*Tyco Healthcare Grp. LP v. Applied Med. Resources Corp.*, No. 9:06-cv-151, 2009 WL 5842062, *1-2 (E.D. Tex. Mar. 30, 2009).

### i.  Allegedly Improperly Disclosed References

Entropic argues that paragraphs 195–209, 316–324, and 551–558 should be struck because they contain opinions based on references that were not specifically disclosed as obviousness references. (Dkt. No. 168 at 9–10.) Entropic concedes that the individual references were present in Charter's invalidity contentions but contends that the specific combinations that Dr. Goldberg now relies on were not disclosed. (*Id.* at 10–11.)

Entropic then contends that the *Tyco* factors favor exclusion of these opinions. (*Id.* at 13–15.) Entropic argues that it was prejudiced because its ability to develop responses to these new invalidity theories was "severely curtailed." (*Id.* at 13 (citing *Tyco*, 2009 WL 5842062, at *3).) Entropic also contends that the ten-month delay between Charter's invalidity contentions and its opening expert reports favors exclusion, that there is no excuse for this delay, and that Charter cannot claim it was diligent in disclosing the new theories. (*Id.* at 14–15.) Finally, Entropic argues that any importance does not outweigh the other factors. (*Id.* at 14.)

In response, Charter first notes that paragraphs 195–209 and 321–324 are associated with claims that Entropic has represented it no longer asserts in this litigation. (Dkt. No. 214 at 13.) Charter then contends that the Court should decline to strike these opinions under the *Tyco* factors. (*Id.* at 13–14.) First, Charter argues that the evidence is vital to its novelty and obviousness defenses. (*Id.* at 14.) Second, Charter argues that Entropic has not suffered any unfair prejudice because these references were disclosed in Charter's invalidity contentions and Entropic was able to (1) rebut Dr. Goldberg's expert report, (2) depose him on these issues, and (3) prepare its responses for trial. (*Id.*)

In reply, Entropic first notes that Charter does not dispute that the combinations were not properly disclosed. (Dkt. No. 235 at 5.) If the undisclosed combinations were vital, Entropic

12

argues, Charter would have disclosed them properly. (*Id.*) Entropic then re-urges that it was prejudiced because Dr. Kramer only had three weeks to prepare a rebuttal report. (*Id.*)

In sur-reply Charter re-urges substantially the same arguments regarding the *Tyco* factors. (Dkt. No. 262 at 5.)

The Court finds that these paragraphs should not be struck. First, they are important. The above-cited paragraphs contain opinions central to Charter's novelty and obviousness defenses. Moreover, there is little prejudice to Entropic which was able to rebut these paragraphs and depose Dr. Goldberg. Besides, the specific prior art references were disclosed. Entropic was thus on fair notice of much of the underlying substance of these opinions. The other factors do not outweigh the importance of these opinions and nearly complete lack of prejudice.

### ii.     Allegedly New Motivations to Combine

Entropic argues that the Court should strike paragraphs 207–208, 270, 289, 293, 422, 454, 494, 529, 539 and 555 of Dr. Goldberg's opening report because they contain opinions regarding motivations to combine prior art references that go beyond what was disclosed in Charter's invalidity contentions. (Dkt. No. 168 at 11–12.) Indeed, Entropic asserts, the only references to motivation to combine in Charter's invalidity contentions are entirely generic while Dr. Goldberg's opinions are specific and detailed. (*Id.* at 12–13.)

As before, Entropic then contends that the *Tyco* factors favor exclusion of these opinions. (*Id.* at 13–15.) Entropic argues that it was prejudiced because was "denied the opportunity to investigate" the factual nature of Dr. Goldberg's opinions on the motivation to combine. (*Id.* at 13 (citing *Tyco*, 2009 WL 5842062, at *3).) Entropic then relies on the same arguments regarding delay, justification, diligence, and importance. (*Id.* at 14–15.)

In response, Charter argues that Entropic could have raised its objection as early as September 2022 but chose to wait. (Dkt. No. 214 at 12.) Entropic's motion should be denied on

this basis alone, Charter argues. (*Id.*) Further, Charter urges that contentions are only intended to provide fair notice, which Charter's did (according to Charter). (*Id.* (citing *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 4:18-cv-474, 2020 WL 1275786, at *4 (E.D. Tex. Mar. 17, 2020)).)

Charter then argues the *Tyco* factors do not favor exclusion. (*Id.* at 13.) Charter argues that motivations to combine are vital to its invalidity case and that Entropic has not suffered any unfair prejudice because Entropic has (1) rebutted Dr. Goldberg's report and (2) had the opportunity to depose Dr. Goldberg about his opinions. (*Id.*)

In reply, Entropic argues that it did not need to seek clarification because it is not contending that Entropic's motivation to combine contentions were insufficient. (Dkt. No. 235 at 4–5.) Instead, Entropic contends "it was Charter's responsibility to seek leave to amend, not Entropic's responsibility to ask whether was sure it did not have other theories to disclose." (*Id.* at 5.) Entropic then contends it was prejudiced because (1) Dr. Kramer only had three weeks to rebut these brand new theories and (2) "Charter did not disclose anything related to power consumption in its invalidity contentions." (*Id.*)

In sur-reply, Charter argues that "Entropic makes no showing that Charter's invalidity contentions were insufficient." (Dkt. No. 262 at 4.) Charter then re-urges that Entropic's delay of over one year in complaining about the quality of its infringement contentions warrants denial of its motion to strike. (*Id.* at 4–5 (citing *Ziilabs Inc. v. Samsung Elecs. Co.*, No. 2:14–cv–203–JRG–RSP, 2015 WL 7303352, at *1 (E.D. Tex. Aug. 25, 2015) (denying motion to strike expert reports because "to the extent Defendants' 3–3 disclosures are deficient, the Court finds [Plaintiff] waived any such objections by waiting nearly seven months to act")).) Charter then re-urges that the *Tyco* factors counsel denying Entropic's requests. (*Id.*)

The Court finds that these opinions should not be struck. Charter's invalidity contentions concerning motivations to combine were extremely broad and vague, a deficiency that was as apparent when made as it is now:

> [B]ecause the identified references are directed to similar devices and techniques in similar fields of endeavor, a person of ordinary skill in the art would have been motivated to combine the teachings of two or more references with a reasonable expectation of success.
>
> [I]t would have been obvious to a person of ordinary skill in the art to combine one or more of the above references with any reference that allegedly lacks disclosure of the claimed feature. Further, a person of ordinary skill in the art would have been motivated to do so with a reasonable expectation of success.

(Dkt. No. 168 at 12.)

Entropic did not raise any complaints about the contentions for more than one year. Indeed, Entropic should have known to complain, seeing that Entropic itself notes that the contentions are "entirely generic" (though it later attempts to walk back its stance on the contentions' deficiency). (*Id.*) Given the extreme prejudice that would now be entailed, the Court will not allow Entropic to wait until now to seek a relatively drastic remedy.

### IV.  CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 168) should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**. Specifically, the Court **ORDERS** that paragraphs 67, 79, 351, 434, 534, 542, and 573 of Dr. Goldberg's opening report shall be **struck**.

**SIGNED this 5th day of December, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE