IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00125-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Charter Communications, Inc.'s Opposed Motion to Amend the Docket Control Order. (Dkt. No. 216.) In the motion, Charter seeks to extend the deadline to file rebuttal expert reports by one (1) day. (*Id.* at 1.) Plaintiff Entropic Communications, LLC opposes the motion. (*See* Dkt. No. 259.) Charter filed a reply brief (Dkt. No. 305), but Entropic did not file a sur-reply brief. For the following reasons, the motion is **GRANTED**.

I.  BACKGROUND

On September 18, 2023 the parties jointly moved to modify the then-current DCO (the "Joint Motion to Modify the DCO"), seeking to extend the deadline to complete expert discovery by four (4) days, up to and including September 25, 2023. (Dkt. No. 182 at 1.) In the body of the Joint Motion to Modify the DCO, the parties stated that "Entropic may … serve a short supplementary expert report from Dr. Kramer to address … limited issues from new discovery. The parties agree that if this occurs then Charter's expert[,] Dr. Almeroth[,] may serve a short rebuttal to Dr. Kramer's report." (*Id.* at 1.) However, no dates were agreed upon for Drs. Kramer's and Almeroth's respective reports. (*See id.* at 1–2; Dkt. No. 216 at 2.) The Court granted the Joint Motion to Modify the DCO. (Dkt. No. 195.)

Entropic served the anticipated supplemental report of Dr. Kramer on September 19, 2023. (Dkt. No. 216 at 2.) Charter served the likewise anticipated supplemental report of Dr. Almeroth on September 26, 2023, one day after the deadline for expert discovery in the Joint Motion to Amend the DCO, and now seeks to amend the DCO to allow this report. (*Id.* at 2–3.)

## II.   LEGAL STANDARD

"A party seeking to modify the Court's Docket Control Order must show 'good cause.'" *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 4501952, at *4 (E.D. Tex. July 11, 2018) (quoting FED. R. CIV. P. 16(b)). In evaluating good cause, "the Eastern District of Texas considers (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015)).

## III.   ANALYSIS

Charter argues that there is good cause because the parties previously agreed that Dr. Almeroth could serve a responsive report if Dr. Kramer served a supplemental report. (Dkt. No. 216 at 1–2.) In response, Entropic criticizes Charter for not analyzing the good cause. (Dkt. No. 259 at 1–2.) In reply, Charter notes that Entropic does not contest that it previously agreed to allow Dr. Almeroth's report. (Dkt. No. 305 at 2, 4.) Charter then argues the good cause factors: it failed to meet the September 25 deadline because the parties previously agreed that Charter could serve this report; the report is important because it rebuts Dr. Kramer's supplemental report; there would be prejudice if Dr. Almeroth's report was not allowed because Dr. Almeroth's opinions would be unrebutted; and no continuance is necessary, as Entropic concedes. (*Id.* at 2–3.)

The Court finds that good cause exists to modify the DCO because the parties previously agreed that Dr. Almeroth could serve a rebuttal report to any supplemental report served by Dr. Kramer. (*See* Dkt. No. 182 at 1.) This is also a sufficient explanation for the delay. Entropic has not identified any prejudice stemming from allowing such a report, and it is important that this report be allowed to prevent unrebutted testimony from being presented to the jury. Finally, the Court sees no reason for a continuance by amending the DCO to extend the expert discovery deadline by one day.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 216) should be and hereby is **GRANTED**.

**SIGNED this 6th day of December, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE