IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ENTROPIC COMMUNICATIONS, LLC,

    *Plaintiff*,

v.

CHARTER COMMUNICATIONS, INC.,

    *Defendant.*

Civil Action No. 2:22-CV-00125-JRG

**JURY TRIAL DEMANDED**

## PLAINTIFF'S MOTION TO DISMISS UNDER RULE 41

In an effort to narrow its case and streamline and focus the issues for trial, Plaintiff Entropic Communications, LLC ("Entropic") voluntarily withdrew its assertion of all previously asserted claims of U.S. Patent Nos. 8,284,690 (the "'690 Patent"), 9,210,362 (the "'362 Patent"), and 9,825,826 (the "'826 Patent"). Accordingly, Entropic moves under Rule 41(a)(2) to dismiss without prejudice the Second Amended Complaint's Count II (Infringement of the '690 Patent), Count IV (Infringement of the '362 Patent) and Count V (Infringement of the '826 Patent). *See* Dkt. 53 at ¶¶ 51-66, 84-117. For the avoidance of doubt, Entropic notes that Charter did not file counterclaims related to the asserted patents in this case. *See* Dkt. 101. Thus, Charter's defenses surrounding the '690, '362, and '826 Patents would be moot in light of a Rule 41(a)(2) dismissal.

### I.    BACKGROUND

Entropic notified Charter that it would drop the '690, '362, and '826 Patents as part of its case narrowing efforts in advance of trial. In response, Charter demanded that Entropic file a motion to dismiss these patents with prejudice. Subsequently, Entropic provided several cases from this Court to counsel for Charter which confirm that patents dropped to streamline issues for trial should be dismissed without prejudice. Additionally, Entropic conferred with Charter on

this issue to see if it would reconsider its opposition in light of such precedent. Despite this, Charter again insisted that any dismissal must be with prejudice. Thus, as a result of Charter's disregard of this Court's precedent, Entropic files the present motion.

## II.   ARGUMENT

This Court and others in this District encourage and expect parties to voluntarily narrow their cases for trial by limiting claims and defense. *See, e.g.*, *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 1426451, at \*1 (E.D. Tex. Mar. 1, 2016) ("[T]he Court prefers to rely on the parties, acting in good faith, to voluntarily limit the scope of the case, including the number of asserted claims and prior art references."), *report and recommendation adopted sub nom. Metaswitch Networks Ltd v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 1404214 (E.D. Tex. Apr. 11, 2016); *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013) ("The Court encourages and requires the parties to narrow their case for trial. Accordingly, the Court will not penalize such attempts to narrow issues[.]"), *aff'd in part, vacated in part, rev'd in part sub nom. VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014).

### A. Entropic's claims based on the '690, '362, and '826 Patents should be dismissed without prejudice.

Under Rule 41(a)(2), an action may be dismissed by court order, and unless otherwise stated, the dismissal is without prejudice. Courts in this District have consistently exercised their discretion to grant such requests for dismissal without prejudice. "As this Court has stated, '[a] patentee's voluntary withdraw[al] of previously asserted patent claims' for the purpose of narrowing a case is treated as a dismissal without prejudice." *Oyster Optics, LLC v. Cisco Sys., Inc.*, No. 2:20-CV-00211-JRG, 2021 WL 1530935, at \*5 (E.D. Tex. Apr. 16, 2021) (citations omitted). The Federal Circuit has similarly treated a plaintiff's voluntary withdrawal of patent claims as "akin to either a Federal Rule of Civil Procedure 15 amendment to the complaint, ... or a Rule 41(a) voluntary dismissal of claims without prejudice." *SanDisk Corp. v. Kingston Tech.*

*Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012); *see also Realtime Data LLC v. Echostar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018) (quoting *SanDisk*).

This Court and the Federal Circuit have also both accepted informal withdrawals to remove claims from a case. *See Alcon Research Ltd. v. Barr Labs., Inc.,* 745 F.3d 1180, 1193 (Fed. Cir. 2014) ("[A] patentee's announcement that it was no longer pursuing particular claims, coupled with its ceasing to litigate them, was sufficient to remove those claims from the case even without such formalities [as a motion to dismiss]."); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-0911-JRG-RSP, 2016 WL 1105364, at *1 (E.D. Tex. Feb. 4, 2016) (citing *Alcon*), *report and recommendation adopted,* No. 2:14-CV-911-JRG-RSP, 2016 WL 1106442 (E.D. Tex. Mar. 20, 2016) (finding claims dropped during expert discovery should be treated as dismissed without prejudice). Entropic has both provided Charter notice of its case narrowing as well as filed the instant motion to dismiss without prejudice. Additionally, Entropic will not litigate them at trial. *See Alcon*, 745 F.3d at 1193 (explaining that "[a] court should not render judgment with respect to claims 'reference[d] in the complaint' but not raised in the pretrial statement or litigated at trial") (citation omitted).

Moreover, the current stage of the case does not compel a different result here. As a matter of procedure, in the Fifth Circuit, a voluntary dismissal without prejudice should be granted unless the defendant will lose some substantial right. "In exercising its discretion, the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967) (citation and quotation marks omitted) (finding that district court exceeded its discretion by dismissing complaint with prejudice instead of without prejudice). The possibility of an "annoyance of a second litigation upon the same subject matter" is not sufficient

to show a plain legal prejudice to the defendant. *See id.* Here, Charter can identify no "plain legal prejudice" or loss of a "substantial right" from the dismissal of these counts without prejudice. Charter does not have any counterclaims with respect to these patents. Entropic has simply helped the Court and the parties by narrowing its case and streamlining the issues for trial. Furthermore, dismissing the above-identified counts without prejudice would further serve and promote the Court's and District's policy of encouraging parties to streamline their cases voluntarily.

With Entropic's counts related to the '690, '362, and '826 Patents dismissed without prejudice, Charter's related affirmative defenses will be moot given a lack of jurisdiction under Rule 12(b)(1) as there would be no case or controversy over Charter's related affirmative defenses. *Cf. VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2014 WL 12605380, at *5 (E.D. Tex. Mar. 28, 2014) (dismissing claims and corresponding counterclaims without prejudice and explaining that this "will maintain the fairness necessary to encourage both parties to reduce claims and their related invalidity defenses").

### III.    CONCLUSION

Entropic has withdrawn the previously asserted '690, '362, and '826 Patents to focus and streamline trial presentations. Consistent with precedent from this Court, the Federal Circuit, and the Firth Circuit, Entropic respectfully requests that the Court grant its motion to dismiss Counts II, IV, and V without prejudice pursuant to Rule 41(a)(2) and also Charter's corresponding affirmative defenses.

Dated: December 6, 2023

Respectfully submitted,

*/s/ James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031
Fax: (310) 552-5001

christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Alan Littmann
Michael Pieja
Doug Winnard
Jennifer Hartjes
Shaun Zhang
**GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM, LLP**
200 South Wacker Drive 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
alittmann@goldmanismail.com
mpieja@goldmanismail.com
dwinnard@goldmanismail.com
jhartjes@goldmanismail.com
szhang@goldmanismail.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on this sixth day of December, 2023.

*/s/ James A. Shimota*
James A. Shimota

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties personally conferred by telephone on December 6, 2023 regarding Entropic's intent to file a motion to dismiss the above identified patents without prejudice.

*/s/ James A. Shimota*
James A. Shimota