**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 2:22-CV-00125-JRG |
| CHARTER COMMUNICATIONS, INC., | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Entropic Communications, LLC ("Entropic") respectfully requests that the Court deny Defendant Charter Communications, Inc.'s ("Charter") Motion for Protective Order (Dkt. 371) and enforce its order that Charter present Mr. Roger Stafford and a corporate representative for depositions. Although Charter has agreed that Dr. Almeroth will not present testimony based on the paragraphs at issue, Charter's communications indicate it still intends to present the same information to the jury, an effort to have its cake and eat it too. If Charter wants to disclose the same information to the jury through Mr. Stafford or its corporate representative, which it apparently intends to do, Entropic should be entitled to depose them as provided in the Court's Order. Dkt 358 at 14-15.

## I.        BACKGROUND

On June 27, 2023, Entropic deposed Mr. Stafford about Charter's use of Profile Management Application (PMA) in Charter's network. Ex. A. However, after Mr. Stafford's deposition, Charter allegedly "terminated its development and deployment of all downstream PMA." Dkt. 371-4 at 22. On August 11, 2023, Charter then offered a 30(b)(6) representative—Mr. Daniel Boglioli, who is in-house counsel for Charter with no technical expertise—to discuss the termination of PMA. Ex. B at p.1. However, during his deposition Mr. Boglioli consistently pointed to Mr. Stafford as more knowledgeable about PMA and issues with its implementation. *See id.* at 74:6-17. Entropic did not have the opportunity to question Mr. Stafford before Dr. Almeroth's Supplemental Report, in which Dr. Almeroth relied on a conversation with Mr. Stafford. Dkt. 175 at 14-15. Entropic similarly had no opportunity to question Charter about the late-produced screenshots that allegedly show the termination of PMA upon which Dr. Almeroth relied for his opinions. *Id.* Entropic moved to strike the opinions found at Paragraphs 11 and 20 that relied on the late or undisclosed evidence. *Id.* The Court ultimately denied Entropic's request

1

to strike the paragraphs and instead ordered one-hour depositions of both Mr. Stafford and a Charter corporate representative. Dkt. 358 at 14-15.

Charter is now attempting to circumvent the Court's Order by allegedly dropping Dr. Almeroth's reliance on the paragraphs. Dkt. 371 at 1. According to Charter, the Court's grant of Mr. Stafford's deposition was conditional, and that Charter's agreement to limit Dr. Almeroth at trial obviates the deposition. That is not Entropic's reading. The Court's Order states:

> [T]he Court **ORDERS** that Charter make Mr. Stafford available for a deposition and a corporate designee available for a deposition. Both depositions shall be limited to one hour each and may take place by videoconference. Mr. Stafford's deposition shall be limited to the topic of his conversation with Dr. Almeroth that Dr. Almeroth referenced in his supplemental report. The corporate designee shall be prepared to discuss the screenshots relied upon by Dr. Almeroth in his supplemental report. Both such depositions shall take place within seven (7) days of this Order.

Dkt. 358 at 15. The Court put no conditions on the depositions and was clear that the depositions were to occur by December 6, 2023, which was seven days after the Order issued.

When Entropic reached out to Charter to request the availability of the Charter witnesses ordered to appear for deposition, Charter first responded that it was "working on the availability of Mr. Stafford and the corporate designee." *Id.* at 2-3 (12/1/2023 email from A. DeWitt). But Charter reversed two days later, stating that the Court-ordered depositions were "no longer needed" because Dr. Almeroth would forego reliance on Paragraphs 11 and 20 of his Supplemental Report. *Id.* at 1-2 (12/3/2023 email from D. Reisner).[1]

Concerned that Charter was attempting to make an end run around the Court's Order and still effectively present the same information to the jury under the guise of "fact" testimony, Entropic asked a series of questions to determine what Charter meant when it stated, "Almeroth

---

[1] Charter delayed another three days before filing its motion for protective order, which it filed late in the evening on the day the depositions were ordered to occur on.

will not rely on his supplemental report paragraphs 11 and 20 . . . ." *Id.* at 1 (12/3/2023 email from A. Littmann). Specifically, Entropic asked Charter to confirm that it would "not present any evidence, by any means or witness, regarding the substance of those paragraphs" and to confirm "Charter will withdraw DTX-24 from the exhibit list and will not be using it affirmatively, and that no witness will rely on it." *Id.* Additionally, in the same email, Entropic again raised its request for the witnesses' availability for a deposition. *Id.* Each of these questions related directly to the opinions that Dr. Almeroth expressed in the supposedly withdrawn paragraphs.

 Charter did not respond, so Entropic again reached out. And again, on Tuesday, December 5, 2023, a day before the deadline to comply with the Court's Order, Entropic raised the issue of deposition scheduling. Dkt. 371-3 at 4-5 (12/5/2023 email from K. Allor) ("Fourth, we have not received a response to [A. Littmann's] Sunday evening email to [D. Resiner] regarding the depositions of Mr. Stafford and a corporate representative. The court ordered those depositions to be completed by December 6.").

When Charter did respond, its explanation confirmed Entropic's suspicions. Charter's response stated that "Dr. Almeroth will not rely on paragraphs 11 and 20 as the basis for his opinions. However, Charter reserves the right to have any witness discuss the substance of those paragraphs including experts to the extent otherwise disclosed in their reports. Charter will not agree to not present any evidence, by any means or witness, regarding the substance of those paragraphs nor withdraw DTX-024." *Id.* at 3-4 (12/5/2023 email from B. Long). Based on this, it appears Charter fully intends to present the untimely, prejudicial information to the jury at trial without giving Entropic the Court-ordered opportunity to test that information.

The parties met-and-conferred on Wednesday, at which time Charter made it very clear that it would present the previously undisclosed information at trial, and, indeed, Dr. Almeroth

would be present to hear that information before he took the stand. It then served a copy of the present Motion at 9:21 PM CT on the last day Charter was given to comply with the Court's Order.

## II.    ARGUMENT

Under Federal Rule of Civil Procedure 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 26(c)(1). Here, Charter has failed to provide any basis on which the Court could find good cause to issue a protective order.

Charter's argument that no depositions are required because Charter "will not rely on paragraphs of 11 and 20 of Dr. Almeroth's supplemental report" (Dkt. 371 at 3-4) is belied by Charter's representations in its correspondence and in the parties' meet and confer. When asked to confirm Charter would not rely on the information in the disputed paragraphs, Charter refused to confirm it would not rely on the information, stating: "***Charter reserves the right to have any witness discuss the substance of those paragraphs including experts*** to the extent otherwise disclosed in their reports. Charter will not agree to not present any evidence, by any means or witness, regarding the substance of those paragraphs nor withdraw DTX-024." Dkt. 371-3 at 3-4 (12/5/2023 email from B. Long) (emphasis added). Thus, Charter still intends to present this untimely disclosed information to the jury without allowing Entropic any discovery, even though the Court found "[i]t would be prejudicial to present this information to the jury without providing Entropic an opportunity to test it." Dkt. 358 at 14.

Therefore, even though Charter has represented it intends not to present these opinions and information through Dr. Almeroth, the Court should still allow the deposition of Mr. Stafford and a corporate representative because Charter has clarified its intent to present the information to the jury, thereby prejudicing Entropic. Thus, Entropic needs the Court-ordered deposition in order to

properly address Charter's belated and untimely discovery responses, testimony, and expert opinions. *See* Dkt. 371 at 4 (listing a series of discovery responses and depositions that occurred long after the close of fact discovery that Entropic has not been able to test).

Charter's other arguments are unpersuasive as they ignore the fact the Court *sua sponte* granted leave to Entropic to address the prejudice that resulted from Charter's failure to promptly produce information over the course of this case. *See* Dkt. 358 at 13-14. Thus, Charter's argument that Entropic is improperly seeking a deposition out of time rings hollow.

Furthermore, Charter's decision to deny Entropic the very relief the Court granted has only further exacerbated the prejudice to Entropic. As of filing, opening statements are set to be presented to the jury in four days on Monday, December 11. At best, the deposition may occur a day or two before opening statements. This is extremely prejudicial to Entropic's trial presentation. Thus, to minimize the prejudice, Entropic respectfully submits that the appropriate remedy is to deny Charter's Motion and order the depositions to proceed.

### III.     CONCLUSION

Therefore, the Court should deny Charter's Motion and order the deposition to proceed.

Dated: December 7, 2023

Respectfully submitted,

*/s/ James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Alan Littmann
Michael Pieja
Doug Winnard
Jennifer Hartjes
Shaun Zhang
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM, LLP
200 South Wacker Drive 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
alittmann@goldmanismail.com
mpieja@goldmanismail.com
dwinnard@goldmanismail.com
jhartjes@goldmanismail.com
szhang@goldmanismail.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on this seventh day of December, 2023.

*/s/ James A. Shimota*
James A. Shimota
