**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

**CHARTER'S OBJECTIONS TO REPORT AND RECOMMENDATION (DKT. 363)**
**DENYING CHARTER'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF**
**THE ASSERTED CLAIMS OF THE '362 PATENT (DKT. 173)**

## I.      INTRODUCTION

On September 11, 2023, Charter filed its Motion For Summary Judgment Of Invalidity Of The Asserted Claims Of The '362 Patent, seeking judgment as a matter of law that claims 11 and 12 of the '362 patent are invalid (the "Motion"). Dkt. 173. In a Report and Recommendation ("R&R") dated December 1, 2023, the Magistrate Judge recommended denying Charter's motion. Dkt. 363. Charter objects to the R&R.

## II.     LEGAL STANDARD

Because the R&R is dispositive as to certain defenses, the Court reviews it *de novo*. Fed. R. Civ. P 72(b)(3). "Summary judgment is appropriate when, drawing all justifiable inferences in the non-movant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1361 (Fed. Cir. 2012) (citing FED. R. CIV. P. 56 and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## III.    OBJECTIONS

### A.      The Magistrate Judge Erred By Recommending Summary Judgment That The '362 Asserted Claims Are Not Invalid Under § 112

#### 1.      Enablement

The R&R erred in determining that Charter has not shown the asserted claims of the '362 patent are not enabled. Entropic has not identified any embodiments that digitize the incoming signal before any downconversion or any embodiments that do not transform to I and Q signals before digitization, both of which are covered by the claims as construed. Therefore, the specification does not enable the claims' full scope.

As the Magistrate acknowledged, "[e]nablement asks if 'one of ordinary skill in the art could not practice the[] full scope [of the claim] without undue experimentation.'" Dkt. 363 at 6 (citing *Wyeth & Cordis Corp. v. Abbott Lab'ys*, 720 F.3d 1380, 1384 (Fed. Cir. 2013)). The

"omission of minor details does not cause a specification to fail to meet the enablement requirement. However, when there is no disclosure of any specific starting material or of any of the condition under which a process can be carried out, undue experimentation is required." *ALZA Corp. v. Andrx Pharms.*, LLC, 603 F.3d 935, 941 (Fed. Cir. 2010) (citing *Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1274, 1283 (Fed. Cir. 2007)).

Here, the R&R concluded that Charter did not address the *Wands* factors or undue experimentation, but this was incorrect. As stated in Charter's opening brief, the '362 patent provides "no disclosure of": (1) "digitizing a raw incoming (non-downconverted, non-bandwidth-reduced) analog signal"; (2) "digitizing any signals other than I and Q signals"; (3) "ADCs or digital mixers which process anything other than I and Q signals"; (4) "digital mixers that downconvert undesired channels"; and (5) "digitizing the entire incoming analog signal with no pre-processing." Dkt. 173 at 18–20. Entropic countered by pointing to Figure 4 for the proposition that downconverting *also* occurs after digitization. Dkt. 207 at 14–15. But this argument is a red herring. In *every* figure, the Radio Front End downconverts and transforms to I/Q first, then the ADCs digitize, then the Digital Front End does more downconverting—***this still requires downconverting before digitization***. Thus, because there is zero disclosure of any scenario where digitizing occurs before downconverting, or scenarios where an embodiment does not transform to I and Q signals before digitization, undue experimentation is required under *ALZA Corp.*, and hence, the R&R incorrectly recommended denial.

## 2.    Written Description

The R&R erred in denying the motion as to written description. The R&R interpreted Charter's argument as mandating a "negative limitation" that no downconversion can occur before digitization. The R&R then held that no such limitation was claimed or implied by the Court's claim construction order. Dkt. 363 at 7. However, the R&R misunderstood Charter's argument. In

fact, Charter argued the opposite of a negative limitation—the claim was too broad and its full scope was not described in the specification. Dkt. 173 at 17–20. Specifically, the claim as construed covers embodiments in which the signal is digitized first, before any downconverting, but none of these are described in the specification. *Id.* Moreover, the specification provides downconverting before digitizing was a key part of the invention. Dkt. 173-2 at 4:40–5:12; *see also* Dkt. 173 at 3 (Statement of Undisputed Fact 14). It is the absence of a limitation that renders the claim broad; this is very different than argument for a negative limitation that would narrow the claim, as the R&R had misunderstood.

The Federal Circuit dealt with this exact situation in *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1247 (Fed. Cir. 2002). There, "[t]he district court construed claim 33 as having no limitation concerning the amount of time between the applications of CIPC and a substituted naphthalene." *Id.* The consequence of not having this limitation is that claim 33 "covers the spaced, sequential application of the[se] two separate chemicals." "[N]othing," however, "in the specification indicates that the invention is anything other than a mixture of two chemicals." The Federal Circuit reversed the district court's denial of "a JMOL that claim 33 fails to satisfy the written description requirement of 35 U.S.C. § 112, ¶ 1."

The same is true here. The Court construed '362 claim 11 as having no limitation on the order of steps such that the downconverting step and the analog-to-digital conversion step can be performed in any order. Dkt. 123 at 52. The consequence of not having the steps ordered is that claim 11 (as construed) covers scenarios where no downconverting, no transformation into I and Q signals, no reduction of bandwidth, and no other processing of the incoming analog signal whatsoever needs to be done prior to analog-to-digital conversion. However, such methods are not

3

described or enabled in the specification (as described above). Accordingly, contrary to *PIN/NIP*, the R&R incorrectly recommended denial.

### B. The Magistrate Judge Erred By Recommending Summary Judgment That The '362 Asserted Claims Are Not Invalid Under §§ 102 And 103

The R&R erred in determining that there were genuine disputes of material fact regarding anticipation and obviousness in view of U.S. Pat. No. 6,704,372 ("Zhang"). Dkt. 173 at 21–30. Some of the evidence from Entropic's expert Dr. Kramer cited in the R&R was actually excluded in another ruling. As described below, there are no issues of material fact, and hence, the Magistrate Judge erred in recommending that Charter's motion for summary judgment be denied.

#### 1. Zhang's Disclosure Of The Claimed "Downconverting" Step

The R&R erred in determining that a genuine dispute of material fact exists as to Zhang's disclosure of "downconverting by a mixer." Entropic's expert, Dr. Kramer, did not dispute this element in his expert report, as the Magistrate Judge acknowledged in another ruling. Dkt. 351 at 8 ("Entropic's expert, Dr. Kramer, addressed only a single claim element—the 'selecting' step— and did not address any other claim elements with respect to Zhang."); Dkt. 173-9 at ¶¶ 120–135. Despite this other ruling, the R&R still pointed to Dr. Kramer's deposition testimony regarding this claim element, which was elicited for the first time by Entropic's counsel on redirect and was clearly outside the scope of Dr. Kramer's report. It should be disregarded under Court MIL No. 23, as the Magistrate Judge actually confirmed in its ruling on Charter's motion to strike (*Id.* at 10 ("Dr. Kramer will not be allowed to offer opinions not contained in the four corners of his

report.").[1] It was therefore error for the Magistrate Judge to rely on that very evidence to deny summary judgment.

### 2.    Zhang's Disclosure Of The Claimed "Selecting" Step

The R&R erred in determining that a genuine dispute of material fact exists as to Zhang's disclosure of the "selecting" step. Dr. Kramer purports to dispute this element in a heading of his report, but he does not actually do so in the body of that section. Instead, in a single paragraph, he contends only that it would "not be feasible" to implement Zhang if there are "hundreds" of channels being received. Dkt. 173-9 at ¶ 124. But Dr. Kramer conceded that claim 11 is not limited to processing signals with "hundreds" of channels (*id.*), and the '362 patent expressly discusses an embodiment that involves only 10 channels (Dkt. 173-2 at 4:22–25). Therefore, Dr. Kramer's opinions do not actually show that Zhang is lacking this claim element.

The R&R stated that Entropic presented evidence that Zhang does not disclose selecting desired channels from among a plurality of both desired and undesired channels. Dkt. 363 at 9; *see also* Dkt. 207 at 23. Respectfully, this is completely counterfactual. Zhang shows the incoming signal having channels $C_1$ to $C_N$, and the selected (desired) channels being a smaller number of channels $D_1$ to $D_m$. Dkt. 170-10 at 3:60–4:32. In one example, 20 "D" channels were selected (desired) from among 35 "C" channels (*id.* at 6:29–34), meaning that the "C" channels included 15 channels that were not selected (undesired). There is no evidence Entropic can point to that undermines this common sense disclosure. Accordingly, the R&R incorrectly recommended that Charter's motion for summary judgment be denied.

---

[1] The Court does provide a "quasi-exception" where "Dr. Kramer may testify as to what he heard, and what he did not hear, from other witnesses testifying at trial," but the Court tempered the exception, stating that "[s]uch testimony is not 'expert opinion.'" Dkt. 351 at 10.

### 3.     Zhang And/Or Favrat Invalidate Claim 12

The R&R erred in determining that a genuine dispute of material fact exists as to Zhang's disclosure of outputting a digital datastream and whether serial interfaces were conventional.

Dr. Kramer did not dispute that Zhang discloses outputting a digital datastream, an element of claim 11. Dkt. 173-9 at ¶¶ 120–135. As the '362 patent acknowledges, serial and parallel interfaces were "commonly known" ways of outputting digital datastreams. Dkt. 173-2 at 6:55–58. Charter argued that claim 12 is anticipated by Zhang because the dependent element "outputting a digital datastream via a serial interface" is a species within a small genus that is disclosed in Zhang. *See Bristol-Myers Squibb Co. v. Ben Venue Labs. Inc.*, 246 F.3d 1368, 1380 (Fed. Cir. 2001) ("[T]he disclosure of a small genus may anticipate the species [of that genus even if the species are not themselves recited."). The R&R incorrectly dismisses this argument as attorney argument.

The R&R erroneously stated that whether serial interfaces were conventional is contested. Dkt. 363 at 10–11. The '362 patent admits that serial and parallel interfaces were "commonly known." Dkt. 173-2. at 6:55–58. Favrat discloses outputting serial digital datastreams, and is an example of one of these "commonly known" serial interfaces. Entropic disputed only that Favrat lacks other claim elements, but that is irrelevant. Thus, because Zhang discloses claim 12 and/or renders claim 12 obvious with Favrat, the R&R incorrectly recommended that Charter's motion for summary judgment be denied.

## IV.     CONCLUSION

For the forgoing reasons, Charter respectfully objects to the R&R's decision as to the '362 patent, and requests that the Court grant Charter's Motion For Summary Judgment Of Invalidity Of The Asserted Claims Of The '362 Patent.

Dated:  December 7, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary A. Nemirovsky
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real, Five Palo Alto Sq., #500,
Palo Alto, California 94304

Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 7, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long

9