**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| Plaintiff | |
| v. | Civil Action No. 2:22-cv-00125-JRG |
| CHARTER COMMUNICATIONS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**CHARTER'S OBJECTION TO REPORT AND RECOMMENDATION (DKT. 364)**
**GRANTING ENTROPIC'S MOTION FOR SUMMARY JUDGMENT**
**OF NO INVALIDITY UNDER 35 U.S.C. § 101 (DKT. 181)**

## I.      INTRODUCTION

Entropic moved for summary judgment that the asserted claims of the '690, '008, '826, '362, and '682 patents are not invalid under 35 U.S.C. § 101 because they meet the *Alice* Step One threshold inquiry. *See* Dkt. 181 (the "Motion"). Charter respectfully objects to the December 1, 2023 Report and Recommendation ("R&R") granting Entropic's Motion.[1] *See* Dkt. 364.

## II.     LEGAL STANDARD

Because the R&R is dispositive as to certain defenses, the Court reviews it *de novo*. Fed. R. Civ. P. 72(b)(2). Courts grant summary judgment only when, "drawing all justifiable inferences in the non-movant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1361 (Fed. Cir. 2012) (citing Fed. R. Civ. P. 56 and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## III.    ARGUMENT

The two-step test in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014) governs. First, the court determines "whether the claims at issue are directed to a patent-ineligible concept," *i.e.*, an abstract idea. *Id.* at 218. Second, if the claim is directed to an abstract idea, then the court evaluates whether there is an "inventive concept." *Id.* at 217. A claim may fail Step One even if it recites elements that are not strictly abstract (e.g., transmitting a signal via a radio transmitter). *See BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1287 (Fed. Cir. 2018).

### A.      The Magistrate Judge Erred By Recommending Summary Judgment That The '690 Patent Is Not Directed To An Abstract Idea

The '690 patent is directed to "receiver-determined probes" used for network diagnostics. In contrast to prior art probes, which were pre-determined, the '690 patent's probes are determined

---

[1] Charter acknowledges that "generally, a ruling of 'Validity' is inappropriate," and the Court "limit[ed] its ruling to 'No Invalidity.'" Dkt. 362 at 2 n.1.

by information in the probe request. *See* Dkt. 209 at 6. The R&R erred in determining that "the claims of the '690 Patent are directed to a technical solution—increasing probe parameter variability by allowing probe parameters to be determined based on the request for the probe—to a technical problem, determining characteristics of a communication channel." Dkt. 364 at 6.

The '690 patent claims are merely directed to the abstract idea of data processing. Claim 1(a) describes receiving a probe request in a first node, but it does not identify what sends the probe request. Dkt. 209 at 6. The R&R stated that limitations 1(b) and 1(c) "capture" the advancement of the '690 patent over prior art. Dkt. 364 at 6. But although claim 1(b) includes determining "a second plurality of parameters," it does not explain what determines those parameters. Dkt. 209 at 6–7. And in 1(c), a probe is "generated," but there is no description of what generates the probe. *Id.* at 7. While 1(d) describes transmitting the probe from a first node to a second node, there is no claim element that requires using the probe after it has been transmitted. *Id.*; Dkt. 266 at 2. Generating a signal based on other information and sending the signal around nodes in a network is nothing more than an abstract idea. *Id.* at 8; *see also* Dkt. 123 at 42 (defining "probe" as "a signal transmitted to a network node that the network node can compare to a reference signal having a known form in order to determine characteristics of the channel on which the signal was transmitted"). This is confirmed by the fact that these claims are performed by generic computing devices. *Id.* at 8.

Contrary to the R&R's reasoning, Charter's case law governs the analysis. First, the R&R noted that *Electric Power Group, LLC v. Alstom S.A.* is distinguishable because the claims here are directed to "a novel technique of extracting more information regarding the status of a communication channel." Dkt. 364 at 6. But *Electric Power Group* makes clear that "collecting information, ***including when limited to particular content*** (which does not change its character as

information)" is "within the realm of abstract ideas." 830 F.3d 1350, 1353 (Fed. Cir. 2016). The fact the '690 claims collect *more* information regarding the status of a communication channel does not save the claims from being abstract—they still are directed to information collection. Second, the propositions of law in *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350 (Fed. Cir. 2014), are broader than *buySAFE*'s factual context and they apply in this case, as in all cases. Third, the R&R contends that *First-Class Monitoring, LLC v. United Parcel Service of America, Inc.* does not apply here because the '690 patent "claims a novel technique for transmitting information." Dkt. 364 at 6. But, *First-Class* emphasizes that "[t]he  process of requesting, collecting, analyzing, and transmitting information, without more, is directed to an abstract idea." 389 F. Supp. 3d 456, 467 (E.D. Tex. July 22, 2019). Whether the '690 patent's "technique" for transmitting information is or is not novel is beside the point; it is still not eligible for patenting under the reasoning in *First-Class*. Fourth, the R&R concludes that *Affinity Labs of Tex., LLC v. DIRECTV, LLC* is not applicable because here "the underlying invention is not related to an abstract idea." Dkt. 364 at 7. This reasoning is circular. The Court should sustain the objection and deny Entropic's Motion.

### B. The Magistrate Judge Erred By Recommending Summary Judgment That The '008 And '826 Patents Are Not Directed To An Abstract Idea

The R&R erred by concluding that the asserted claims of the '008 and '826 patents are not directed to an abstract idea because they "provide structural elements to perform their claimed improvement in remote monitoring." Dkt. 365 at 9. The inclusion of structural elements in a claim that is otherwise directed to an abstract does not re-direct the claim to something that is not abstract. The asserted '008 and '826 claims recite receiving a signal, digitizing the signal, extracting information from the signal, analyzing the signal, and sending information based on that analysis back to the source of the signal. *See* Dkt. 209 at 9. These steps are performed by generic structures, *e.g.*, an analog-to-digital converter, a signal monitor, a data processor, a channelizer, or "one or

more circuits of a receiver coupled to a television and data service provider headend." *Id.* at 10. "[C]laims are not saved from abstraction merely because they recite components more specific than a generic computer." *BSG Tech*, 899 F.3d at 1286; *see also* Dkt. 266 at 2.

In *University of Florida*, the Federal Circuit emphasized that the asserted patent "nowhere identifies, and we cannot see in the claims, any 'specific improvement to the way computers operate.'" 916 F.3d 1363, 1368 (Fed. Cir. 2019) (quoting *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016)). Here, the '008 and '826 patent claims also fail to describe how the methods provide an improvement to remote monitoring or to the functionality of any network, system, or device, and the R&R does not point to any. Dkt. 209 at 10. *In re TLI* held that, despite reciting "concrete, tangible components . . .[,] the recited physical components merely provide a generic environment in which to carry out the abstract idea." 823 F.3d 607, 611 (Fed. Cir. 2016). This proposition highlights the R&R's fundamental error of finding the'008 and '826 claims not directed to an abstract idea because they "provide structural elements to perform their claimed improvement in remote monitoring." Dkt. 365 at 9. The Court should sustain the objection and deny Entropic's Motion.

**C.    The Magistrate Judge Erred By Recommending Summary Judgment That The '362 Patent Is Not Directed To An Abstract Idea**

The '362 claims recite a method involving a "wideband receiver system" that performs the steps of downconverting a television signal, digitizing the TV signal, selecting the TV channels the viewer is interested in (the "desired" channels), and outputting those desired channels. *See* Dkt. 209 at 12. The R&R erred in determining that the '362 claims are not "directed to the abstract idea of filtering out portions of a signal . . . [because] the '362 Patent is directed to a concrete improvement to processing wideband signals." Dkt. 364 at 12. Selecting "desired" television channels from among a large number of "desired and undesired channels" is an abstract idea. *Id.*

4

Moreover, each of the '362 claim steps is performed by generic components. *Id.* And the claims do not recite any specific tuner architecture. *See* Dkt. 266 at 4. As discussed above, an abstract idea performed by generic components is a patent-ineligible concept.  The Court should sustain the objection and deny Entropic's Motion.

**D.     The Magistrate Judge Erred By Recommending That The '682 Patent Is Not Directed To An Abstract Idea**

'682 claim 1 generally recites: (i) determining the signal-to-noise ratio (SNR) of a number of cable modems; (ii) assigning each cable modem to a group based on its SNR; (iii) generating an SNR-related "metric" for each group; (iv) determining how to communicate with the cable modems in each group based on the SNR metric for that group, and then (v) communicating with each group accordingly. The focus of this claim is the abstract idea of grouping cable modems based on their SNRs and then communicating with the cable modems in the same group in the same way. Dkt. 209 at 14. The R&R erred by finding that the claims of the '682 patent are not directed to an abstract idea.  Dkt. 364 at 14.

*In re Jobin* and *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC* are both supportive. Though directed at organizing human activity, Dkt. 364 at 15, *In re Jobin* highlighted in its Step One analysis that "[d]espite its expansive language and its recitation of servers and databases, [the patent-ineligible claim] is, at bottom, directed to the collection, organization, grouping, and storage of data using techniques such as conducting a survey or crowdsourcing." 811 Fed. Appx. 633, 637 (Fed. Cir. 2020). In *Two-Way Media*, the Federal Circuit observed that the claim at issue required the "functional results of 'converting,' 'routing,' 'controlling,' 'monitoring,' and 'accumulating records'" without sufficiently describing "how to achieve these results in a non-abstract way." 874 F.3d 1329, 1337 (Fed. Cir. 2017). That *Two-Way Media* involved result-based functional language, Dkt. 364 at 15, does not change its applicability to this

case. Like *Two-Way Media*, the '682 claims merely recite functions of a CMTS and "manipulate[] data but fail[] to do so in a non-abstract way." *Two-Way Media*, 874 F.3d at 1338. The Court should sustain the objection and deny Entropic's Motion.

## IV.    CONCLUSION

For the foregoing reasons, Charter respectfully objects to the Report and Recommendation and requests that the Court sustain the objection and deny Entropic's Motion in its entirety.

Dated:  December 7, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.louden@aporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary A. Nemirovsky
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real, 5 Palo Alto Square, #500

7

Palo Alto, California, 94304
Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 7, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long