# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S OBJECTIONS TO REPORT AND RECOMMENDATION
(DKT. 362) DENYING-IN-PART AND GRANTING-IN-PART
ENTROPIC'S MOTION FOR SUMMARY JUDGMENT OF
<u>NO INVALIDITY UNDER 35 U.S.C. §§ 102 AND 103 (DKT. 170)</u>**

## I. INTRODUCTION

On September 11, 2023, Entropic filed its Motion For Summary Judgment Of No Invalidity Under 35 U.S.C. §§ 102 And 103, arguing that Charter cannot meet its burden to show invalidity of claims 18 and 19 of the '775 patent, claims 1 and 2 of the '008 patent, and claims 11 and 12 of the '362 patent. Dkt. 170. Entropic further argued that because the asserted patents represent complex technologies, alleged gaps in Dr. Goldberg's opinions would negate Charter's ability to show invalidity. Dkt. 170 at 6. In a Report and Recommendation ("R&R") dated December 1, 2023, the Magistrate Judge acknowledged that certain issues may not require expert testimony but that it may grant summary judgment where there is no expert testimony as to an issue and Charter cannot otherwise point to relevant evidence. Dkt. 362 at 3.

As to the '775 and '008 patents, the R&R recommended granting Entropic's motion as to certain prior art combinations, stating that Dr. Goldberg did not provide the requisite motivation to combine. Dkt. 362 at 3-5. As for the '362 patent, the R&R recommended granting Entropic's motion as to the Dauphinee prior art, stating that Dr. Goldberg's invalidity arguments were based on Entropic's infringement theories. Dkt. 362 at 6-7. Charter objects to these aspects of the R&R.

## II. LEGAL STANDARD

Because the R&R is dispositive as to certain defenses, the Court reviews it *de novo*. Fed. R. Civ. P 72(b)(3). "Summary judgment is appropriate when, drawing all justifiable inferences in the non-movant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1361 (Fed. Cir. 2012) (citing FED. R. CIV. P. 56 and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### III.  OBJECTIONS

####   A.   The Magistrate Judge Erred By Recommending Summary Judgment That The '775 and '008 Asserted Claims Were Not Invalid

The R&R erred in determining that no reasonable juror could find for Charter and that there were no genuine disputes of material fact. Charter provided evidence, in the form of its expert's opinions, that there was a rationale for a POSITA to combine U.S. Pat. App. Pub. Nos. 2004/0160945A1 ("Dong") with 2001/0039600A1 ("Brooks") to render the '775 asserted claims obvious, and that there was a rationale for a POSITA to combine U.S. Pat. App. Pub. No. 2007/0286311A1 ("Coyne") with U.S. Pat. No. 7,528,888 ("Narita") to render the '008 asserted claims obvious.[1] In short, the Magistrate Judge erred in determining that these opinions were insufficient as a matter of law.

As to the '775 patent, the R&R acknowledged that "motivation to combine is a fact issue" typically reserved for the jury. Dkt. 362 at 4; *see also TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1341 (Fed. Cir. 2010) (When "determin[ing] whether there was an apparent reason to combine . . . [w]hat a reference teaches, whether there is a trend or demand in the relevant marketplace or design community, the background knowledge of one of skill in the art—these are all questions reserved for the finder of fact." (quotations and citations omitted)). However, the R&R then incorrectly determined that Dr. Goldberg did not provide a basis on which a fact finder could find motivation to combine, because he purportedly did not articulate a need to upgrade Dong. *Id.* The R&R stated that Dr. Goldberg only "showed 'upgrades' were plausible and contemplated in the field, but not that there was any particular motivation to do so." *Id.* Respectfully, the R&R is incorrect. Dr.

---

[1] In view of the Court's rulings, Charter also elected to drop its anticipation and single-reference obviousness grounds based on Dong for the '775 patent and Coyne for the '008 patent, both of which are undisturbed by the R&R. If the Court sustains the objections, Charter reserves the right to reassert its anticipation and single-reference obviousness grounds based on Dong and/or Coyne.

2

Goldberg explained in his report that prior art "cable modems were able to upgrade themselves independent of the data networking engine," that the Brooks "cable modem device advantageously allows the MAC functions to be programmed to support evolving standards (e.g., DOCSIS) without requiring expensive hardware upgrades," and that "[a] POSITA would understand that this ability to program the MAC functions to support evolving standards to disclose [the limitation]." Dkt. 170-2 at ¶ 64. Dr. Goldberg explained what he meant in his report at his deposition:

> And then if you go to paragraph 64, I want to be clear that my intent here in 64, I was discussing motivation to combine. That a POSITA would understand this ability to program the MAC to a form of evolving standards and that a POSITA would understand this.
>
> I'm reading from paragraph 64. And I was just pointing out that this is where I focus on a motivation. A POSITA's motivation to combine these two references. A POSITA would understand that this ability to program the MAC functions to support evolving standards, and then I skip down to the next sentence, a POSITA would understand that this remote programmability functionality to deliver software upgrades could easily be integrated into the DOCSIS interface of Dong. Remote software upgrades were well known to the industry far in advance of the priority date of this patent.

Dkt. 170-4 at 100:22-101:16.

Whether the testimony is consistent with the report is up to the jury to decide. The R&R ignored this point and erroneously acted as factfinder, which contradicts *TriMed*.

Turning to the '008 patent, the R&R determined there is no basis for the jury to find a motivation to combine Narita with Coyne. The R&R relied on *Securus*, in which the court held "that a broad characterization of [two pieces of prior art] as both falling within the same alleged field . . . without more, is not enough for Securus to meet its burden of presenting a sufficient rationale to support an obviousness conclusion." *Securus Techs., Inc. v. Glob. Tel*Link Corp.*, 701 Fed. Appx. 971 (Fed. Cir. 2017). The R&R then stated that Dr. Goldberg's testimony—"that Narita focuses on 'very much the [same] problem' addressed in Coyne including "characteristic[s] of

3

signals, signal strength, . . . desired signal to unwanted signal ratio, [and] the carrier noise ratio" (Dkt. 264 at 6)—was insufficient as a matter of law. Dkt. 362 at 5. But Dr. Goldberg provided more. He opined that Coyne and Narita are more than just two pieces of prior art in the same field; they address ***nearly identical problems*** regarding signals. Thus, the R&R again incorrectly denied the jury from determining whether there was a reason to combine, which is counter to *TriMed*.

### B. The Magistrate Judge Erred By Recommending Summary Judgment That The '362 Asserted Claims Are Not Invalid

Dr. Goldberg opined that if the claims are read broadly enough to cover the accused products, as Entropic contends, then the '362 asserted claims are invalid in view of U.S. Pat. No. 7,522,901 ("Dauphinee"). The R&R stated that these opinions are insufficient as a matter of law because they are raised in the alternative, i.e., based on Entropic's interpretation of the claims as apparent from its infringement contentions.[2] This was error for at least two reasons.

First, the R&R misapplied a motion *in limine* ruling in *Genband* to the question of summary judgment here, where there is a genuine factual dispute. In *Genband*, this Court granted-in-part and denied-in-part a motion *in limine* seeking to preclude evidence and argument comparing prior art to Genband's infringement theories, rather than to the asserted claims and the Court's claim construction. *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530, at *2–3 (E.D. Tex. Sept. 30, 2015). No such motion *in limine* is present here and the underlying portions of Dr. Goldberg's testimony rely on the claims and the Court's claim

---

[2] The R&R also briefly addressed Entropic's argument that claims 11 and 12 of the '362 patent are not invalid under §§ 102 and 103 based on U.S. Pat. Nos. 6,704,372 ("Zhang") and 7,265,792 ("Favrat"). Dkt. 362 at 6. Without getting into the substance, the R&R acknowledged these arguments as largely identical to those raised in Charter's motion for invalidity on the same grounds and recommended both arguments be denied. *Id.* at 6, n. 2. Charter does not object to the recommendation on these grounds for Entropic's motion (Dkt. 362), but does object to the recommendation for Charter's motion (Dkt. 363), filed concurrently herewith.

4

constructions, as well as Entropic's application of both to the accused products. Dr. Goldberg's opinions present genuine disputes of material fact, and summary judgment is not appropriate. *Toshiba*, 681 F.3d at 1361.

Second, Dr. Goldberg's opinions comport with *Genband*, which holds that "an expert is permitted to opine that a party's infringement theories are incorrect" and may "also point out contradictions or inconsistencies between a party's infringement and validity theories." *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530, at *3 (E.D. Tex. Sept. 30, 2015). Indeed, if a digital tuner meets the "downconverting, by a mixer module" limitation, then the digital tuner of Dauphinee would meet the same claim element, else it would be a contradiction between Entropic's infringement and validity theories. Accordingly, contrary to *Genband*, the R&R incorrectly vitiates Dr. Goldberg's alternative argument.

## IV. CONCLUSION

For the forgoing reasons, Charter respectfully objects to the R&R's decision as to the '775, '008 and '362 patents, and requests that the Court deny Entropic's Motion For Summary Judgment Of No Invalidity Under 35 U.S.C. §§ 102 And 103 as to these patents.

Dated: December 7, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.louden@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary A. Nemirovsky
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real, 5 Palo Alto Square, #500

Palo Alto, California, 94304
Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

7

US 175149835v5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 7, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long

US 175149835v5