**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

Civil Action No. 2:22-cv-00125-JRG

**JURY TRIAL DEMANDED**

**CHARTER'S OBJECTIONS TO MEMORANDUM ORDER (DKT. 367) GRANTING-IN-PART AND DENYING-IN-PART ENTROPIC'S MOTION TO STRIKE OPINIONS OF STEVEN GOLDBERG (DKT. 168)**

## I. INTRODUCTION

Pursuant to Local Rule CV-72(b) and 28 U.S.C. § 636(b)(1), Defendant Charter Communications, Inc. ("Charter") respectfully objects to the Magistrate Judge's Memorandum Order (the "Order," Dkt. 367) granting-in-part and denying-in-part Entropic's Motion to Strike Opinions of Steven Goldberg (the "Motion," Dkt. 168).

The Order is clearly erroneous and/or contrary to law for striking several paragraphs of Dr. Goldberg's opening expert report on invalidity (the "Opening Report") in their entirety for purportedly not complying with the requirements set forth in the Court's Claim Construction Order. (Order at 2-6.) In several of the paragraphs struck by the Order, Dr. Goldberg (1) provides his opinions regarding the plain and ordinary meanings of certain claim terms that the Court construed as such, which he then used in his validity analysis or (2) recites the Court's construction and analyzes validity under that construction. There is nothing improper about this.

Charter therefore respectfully requests that the Court sustain Charter's objections to the Order.

## II. ARGUMENT

### A. The Magistrate Judge's grant of Entropic's motion to strike certain paragraphs of Dr. Goldberg's Opening Report was clearly erroneous and/or contrary to law

<u>Paragraphs 67, 79, 351, 434, 534, 542, and 573.</u> The Order strikes several paragraphs of Dr. Goldberg's Opening Report for mentioning or relying on the Court's Claim Construction Order (the "CC Order" (Dkt. 123)). (Order at 6 (summarizing that paragraphs 67, 79, 351, 434, 534, 542, and 573 are stricken).) Charter objects to the Order's findings as clearly erroneous and/or contrary to law. It was appropriate for Dr. Goldberg to rely on the CC Order to form his opinions. *See Ameranth, Inc. v. Menusoft Sys. Corp.*, Case No. 2:07-CV-271-TJW-CE, 2010 WL 11530915, at *1 (E.D. Tex. Sept. 1, 2010) ("[Expert's] use of the court's claim construction order in forming his

opinions was proper”). *See also Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, Civil Action No. 6:11-cv-492-RWS-KNM, 2017 WL 4040591, at *3 (E.D. Tex. Sept. 13, 2017) (“Expert testimony regarding whether an accused device falls within the scope of a court’s claim construction is appropriate.”). Further, the Claim Construction Order limits what the parties may do “***in the presence of the jury***” (Dkt. 123 at 64), and Charter has confirmed that Dr. Goldberg will strictly adhere to that admonition. (Dkt. 214 at 1.) The Order acknowledges this and states that “the Court will hold Charter to its representations” regarding Dr. Goldberg’s courtroom testimony. (Order 3.) There is therefore no need to strike Dr. Goldberg’s opinions because, during trial, the jury will not hear anything other than the actual definitions adopted by the Court.

Paragraph 67.[1] The Order finds that Dr. Goldberg engaged in impermissible hindsight reasoning by referencing the specification of the ’775 Patent. (*Id.* at 9.) Dr. Goldberg, however, refers to the specification here to support his opinion on the plain and ordinary meanings of the terms “DOCSIS MAC processor” and “DOCSIS controller.” This was appropriate. *See, e.g., Aventis Pharms. Inc. v. Amino Chems. Ltd.*, 715 F.3d 1363, 1373 (Fed. Cir. 2013) (“The written description and other parts of the specification, for example, may shed contextual light on the plain and ordinary meaning.”).

Paragraph 79. The Order finds that the paragraph is directed to why Dr. Goldberg disagrees with the CC Order. (Order at 4.) Disagreement with the Court’s construction, however, is not the thrust of this paragraph. Dr. Goldberg refers to the Court’s construction of the terms “DOCSIS MAC processor” and “DOCSIS controller” as having their plain meaning and further opines, based

[1] The Order is inconsistent regarding paragraph 67. The Order states that paragraph 67 “need not be struck in its entirety,” (Order at 4), yet includes paragraph 67 in a summary list of paragraphs that “shall be stricken in their entirety.” (*Id.* at 6.) The Order’s inclusion of paragraph 67 in the summary list contradicts the Order’s prior findings and is a clear error.

on his expertise, that "the industry itself has a general sense of what these terms mean, but provides no clear delineation between the two." Thus, Dr. Goldberg opines on the plain meanings of these terms in the relevant industry, and does not assert a claim construction that is contrary to the Court's. *See Ameranth*, 2010 WL 11530915 at *1.

Paragraph 351. The Order finds that this paragraph "does not contain an opinion separate from an analysis or criticism of the Court's Claim Construction Order" (Order at 4), but Dr. Goldberg does not criticize or analyze the Court's constructions. He simply refers to the Court's definition of the term in question (from claim 1 of the '826 Patent) and uses that definition to determine whether the claim lacks written description and enablement, which is a factual matter appropriate for Dr. Goldberg to opine on. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011) ("Written description is a factual inquiry."). As such, Dr. Goldberg's reference to the Court's claim construction was appropriate in this paragraph. *See id.* at 1319 ("[C]laim construction is inherent in any written description analysis.").

Paragraphs 434, 534, and 542. Charter agrees that the content of these paragraphs will not be presented during the jury trial. (Dkt. 214 at 3, 4.). However, they should not be summarily stricken from Dr. Goldberg's report. As Charter noted, the opinions in these paragraphs are intended to preserve Charter's ability to appeal aspects of the CC Order and/or may be relevant to non-jury issues presented to the Court. (*Id.*) To the extent they are stricken, the Court should deem the arguments set forth in those paragraphs preserved for appeal. *See Tinnus Enters., LLC v. Telebrands Corp.*, Civil Action No. 6:16-CV-00033-RWS, 2017 WL 3457104, at *3 n.1 (E.D. Tex. Aug. 11, 2017) (expert's stricken claim construction arguments deemed preserved for appellate purposes without the need for further articulation in a supplemental report).

Paragraph 573. The Order finds that this paragraph "does not contain any non-conclusory opinion separate from a discussion of the Court's Claim Construction Order or the parties' positions at claim construction." (Order a 6.) The Court construed the term "a composite SNR-related metric based at least in part on a worst-case SNR profile of said SNR-related metrics" as having its plain meaning. (Dkt. 123 at 55.) Dr. Goldberg then applied this plain meaning in his analysis as to whether claim 1 of the '682 Patent meets the written description requirement. Dr. Goldberg was required to use the Court's claim construction in forming his opinions. *See Ameranth*, 2010 WL 11530915 at *1. Therefore, the grant of Entropic's Motion to strike paragraph 573 was clearly erroneous and/or contrary to law.

## III. CONCLUSION

For the foregoing reasons, Charter respectfully requests this Court sustain Charter's objections to the Magistrate Judge's Order granting-in-part and denying-in-part Entropic's Motion.

Dated: December 7, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*

Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young, Jr
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.louden@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary A. Nemirovsky
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real, 5 Palo Alto Square, #500

Palo Alto, California, 94304
Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 7, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long