UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS UNDER RULE 41 (DKT. 373)**

I.  **INTRODUCTION**

On December 1, 2023, Entropic informed Charter that it dropped U.S. Patent Nos. 8,284,690 ("the '690 Patent") and 9,210,362 ("the '362 Patent"). Declaration Of Elizabeth Long In Support Of Charter's Opposition To Plaintiff's Motion To Dismiss Under Rule 41 (Dkt. 373), Ex. A at 3. On December 5, 2023, Entropic informed Charter that it dropped U.S. Patent No. 9,825,826 ("the '826 Patent"). *Id* at 2. Just four days before trial, Entropic seeks leave of the Court to dismiss all claims relating to the '690 Patent, the '362 Patent and the '826 Patent under Federal Rule of Civil Procedure 41(a)(2). Despite the extremely late stage of litigation, Entropic asks the Court to dismiss these claims without prejudice. District courts have the discretion to condition voluntary dismissal on the dismissal being with prejudice where, as here, defendants have expended significant effort and expense and would be unfairly affected if dismissal was without prejudice. As set forth below, the Court should dismiss Entropic's infringement claims for these patents with prejudice.

II.  **ARGUMENT**

  A.  **This Court Has Discretion To Dismiss The '690, '362, And '826 Claims With Prejudice**

Following a defendant's answer or motion for summary judgment, the Court may dismiss a case under Rule 41(a)(2) "upon order of the court and upon such terms and conditions as the court deems proper." *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). "The purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case." *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). The Fifth Circuit has made clear that "typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling." *Id.*; *see also Elbaor*, 279 F.3d at 320; *Highway*

*Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1034. (Fed. Cir. 2006) ("As expressly provided in Rule 41, the district court has discretion to condition the plaintiff's voluntary dismissal on terms that would avert any prejudice to the defendant, including dismissing the case 'with prejudice.'").

### B. Dismissal Without Prejudice Would Severely Harm Charter

Charter has exerted "significant time and effort" in its defense against the three patents, including (1) extensive written and fact discovery, (2) voluminous invalidity contentions, (3) extensive claim construction proceedings, including expert declarations and depositions, (4) multiple rounds of expert reports directed to non-infringement, invalidity, and damages, and expert depositions, (5) voluminous summary judgment briefings and motions to strike, and (6) preparation for trial, all of which weigh in favor of the Court's discretion to grant dismissal with prejudice at this late stage. *See, e.g.*, *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) ("When a plaintiff fails to seek dismissal until a late stage trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal.") (quoting *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)); *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (noting the Fifth Circuit's conclusion in *Davis* that the district court did not abuse its discretion in dismissing with prejudice after the plaintiff moved to dismiss, among other things, "after months of filing pleadings, attending conferences, and submitting memoranda and further"); *Castillo v. Bank of Am., N.A.*, No. SA-11-CA-1011-OG, 2013 WL 12394350, at *6 (April 1, 2013 W. D. Tex.) (dismissal with prejudice after months of filings, motions, and conferences).

2

### C. Entropic's Cases Are Inapposite And Do Not Support Dismissal Without Prejudice In These Circumstances

None of the cases cited by Entropic for the proposition that "[t]his Court and others in this District encourage and expect parties to voluntarily narrow their cases for trial by limiting claims and defense[s]" (Dkt. 373 at 2), were in the context of a Rule 41(a)(2) dismissal. *See*, *e.g.*, *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 WL 1426451, at *1 (E.D. Tex. 2016) (motion for summary judgment on declaratory counterclaim of invalidity); *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013) (post-trial request for attorneys' fees).

Entropic's reliance on *Oyster Optics, LLC v. Cisco Systems, Inc.*, is also inapposite because the claims at issue in *Oyster Optics* were voluntarily dropped a full nine months before partial summary judgment, not four days before trial, as here. No. 2:20-CV-00211-JRG, 2021 WL 1530935, at *1, 5 (E.D. Tex. Apr. 16, 2021). Likewise, the plaintiff in *Realtime Data LLC v. Echostar Corporation* agreed to withdraw claims "prior to a dispositive ruling by the Court." No. 6:17-CV-00084-JDL, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018). Both *Oyster Optics* and *Realtime Data* relied on *SanDisk Corp. v. Kingston Technology Co.*, 695 F.3d 1348 (Fed. Cir. 2012), in which the plaintiff voluntarily withdrew claims after the district court's claim construction order. *See id.* The district court never entered an order dismissing the claims, but it acknowledged at summary judgment that the claims had been withdrawn from the case. *See id.* In those narrow circumstances, for purposes of determining its jurisdiction on appeal, the Federal Circuit treated "withdrawal of the claims as being akin to either a Federal Rule of Civil Procedure 15 amendment to the complaint . . . or a Rule 41(a) voluntary dismissal of claims without prejudice." *See id.*

3

In *Alcon Research Ltd. v. Barr Laboratories, Inc.*, the defendant challenged the district court's failure to grant a Rule 59(e) motion to amend judgment. 745 F.3d 1180, 1192 (Fed. Cir. 2014). The defendant sought an affirmative judgment of noninfringement as to certain unlitigated patent claims, *see id.*, which is distinct from whether the Court should dismiss the claims at issue here with or without prejudice. In *Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, the plaintiff withdrew claims "while expert discovery was ongoing, several months before the pretrial conference and trial." No. 2:14-cv-0911-JRG-RSP, 2016 WL 1105364, at *2 (E.D. Tex. Feb. 4, 2016). This Court noted, however, that "there may be cases where a party has manifestly expressed its intent to litigate a claim in a way that gives rise to a continuing case or controversy and requires that the claim be dismissed with prejudice if the party attempts to withdraw it (e.g. **where the claim is included in the pretrial order** and raised at trial)." *Id.* (emphasis added). Such a situation is present here.

In sum, Charter has expended significant resources towards defending itself against the three patents. If Entropic were allowed to refile at this stage, it would not be a mere "annoyance," *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 369 (5th Cir. 1967), but a severe and undue prejudice to Charter.

### III. CONCLUSION

For the foregoing reasons, Charter respectfully requests this Court dismiss with prejudice all claims relating to the '690 Patent, the '362 Patent, and the '826 Patent.

Dated: December 8, 2023	Respectfully submitted,

/s/ *Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.louden@arnoldporter.com

Zachary A. Nemirovsky
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real, 5 Palo Alto Square, #500
Palo Alto, California, 94304
Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

5

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 8, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

                                               */s/ Elizabeth Long*
                                               Elizabeth Long