IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § § § § | |
| *Plaintiff*, | | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00125-JRG |
| CHARTER COMMUNICATIONS, INC., | § § § § | |
| *Defendants*. | | |

**ORDER**

During the final pretrial conference on December 8, 2023, counsel for Plaintiff noted that it had dismissed its claim of infringement regarding the '690, '362, and '826 Patents, and that Defendant had withdrawn its defense of invalidity as to the remaining three patents. Plaintiff therefore sought an agreement that Defendant would not call as a witness Dr. Goldberg, the expert Defendant disclosed on the topic of invalidity. Defendant refused that agreement, arguing that Dr. Goldberg had testimony, within the scope of his report, that is relevant to damages, in that he explains limitations in the asserted claims that also appear in certain disclosed prior art references. This testimony, Defendant argues, is relevant to damages because it shows that the asserted Patents disclose only limited, incremental advancements over the prior art, which supports the testimony of Defendant's damages expert that Plaintiff did not sufficiently apportion its damages opinions.

It is certainly unusual for a defendant to offer evidence of an "invalidity expert" after withdrawing its invalidity defense. However, having reviewed Dr. Goldberg's report, the Court cannot say that there are no facts and opinions disclosed in the report that are relevant to the issues remaining in this suit. In accordance with the ordinary practice of this Court, Defendant will be held to the scope of the report in offering testimony from Dr. Goldberg. Furthermore, counsel for

1

Defendant must be ready to promptly offer pinpoint citations to the report in the event that an objection is made (and such objections should be made only if they are well-supported and important).  Additionally, while defense counsel can argue the effect of facts elicited from Dr. Goldberg, counsel are not permitted to supply opinions not offered by Dr. Goldberg, such as that the prior art references show that the asserted claims constitute only a minor advance over the prior art.  Such an opinion must first come from an expert witness.

Accordingly, Plaintiff's request to prohibit the testimony of Dr. Goldberg, within the scope of his report, is **DENIED**.

**SIGNED this 8th day of December, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE