**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Civil Action No. 2:22-cv-00125-JRG <br><br><br> **FILED UNDER SEAL** |

**CHARTER COMMUNICATION, INC.'S OPPOSED MOTION FOR PROTECTIVE ORDER FROM THE COURT'S MEMORANDUM ORDER (DKT. 358) GRANTING-IN-PART AND DENYING-IN-PART ENTROPIC'S MOTION TO STRIKE THE EXPERT <u>REPORT OF DR. KEVIN ALMEROTH (DKT. 175)</u>**

## I.  INTRODUCTION

Pursuant to Rule 26 of the Federal Rule of Civil Procedure, Defendant Charter Communications, Inc. ("Charter"), out of an abundance of caution, hereby moves for a protective order to prevent Plaintiff Entropic Communications, LLC ("Entropic") from deposing Charter employee Roger Stafford and a Charter corporate designee pursuant to Judge Payne's Memorandum Order (the "Order," Dkt. 358) granting-in-part and denying-in-part Plaintiff Entropic Communications, LLC's ("Entropic") Motion to Strike the Expert Report of Dr. Kevin Almeroth (the "Motion," Dkt. 175).

The Order states that paragraphs 11 and 20 of Dr. Almeroth's report "should be allowed in, provided that Charter provides a corporate designee to be deposed on the screenshots, and makes available Mr. Stafford to be deposed on his conversation with Dr. Almeroth." (Order at 14.).  Entropic, however, has asserted that the Order requires Charter to provide such deponents even if those paragraphs are stricken as Entropic's motion requested.  Because Entropic never sought such discovery and because Charter will not rely on those paragraphs at trial, no depositions are required.

## II.  BACKGROUND

On September 11, 2023, Entropic filed the Motion seeking to strike, *inter alia*, ¶¶ 11 and 20 of the Supplemental Rebuttal Expert Report of Dr. Kevin Almeroth Regarding Non-Infringement ("Supplemental Report").  (Dkt. at 175 at 14–15.)  After briefing was complete, Magistrate Payne issued an Order stating that "these paragraphs should be allowed in, provided that Charter provides a corporate designee to be deposed on the screenshots, and makes available Mr. Stafford to be deposed on his conversation with Dr. Almeroth. It would be prejudicial to present this information to the jury without providing Entropic an opportunity to test it." (Dkt. 358 at 14.)

1

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

On December 1, 2023, Entropic's counsel emailed Charter's counsel asking for the availability of Charter's witnesses for depositions pursuant to the Order. (Declaration Of Elizabeth Long In Support Of Charter Communications, Inc.'s Opposed Motion For Protective Order From The Court's Memorandum Order (Dkt. 358) Granting-In-Part And Denying-In-Part Entropic's Motion To Strike The Expert Report Of Dr. Kevin Almeroth (Dkt. 175) ("Long Decl."), Ex. A at 4.) On that same Charter responded that it was working on the availability of the Charter witnesses. (*Id.*). On December 3, 2023, Charter informed Entropic via email that Dr. Almeroth would "not rely on his supplemental report paragraphs 11 and 20, therefore the depositions referenced in Dkt. # 358 are not needed." (*Id.* at 3.) Later that same day, Entropic responded that it "appreciate[d] your response and offer to withdraw Dr. Almeroth's reliance on supplemental report paragraphs 11 and 20" but that there were "a few additional questions, however, that will help us understand your proposal." (*Id.*)

On December 5, 2023, Charter provided responses to Entropic's questions and stated again that "Dr. Almeroth will not rely on paragraphs 11 and 20 as the basis for his opinions." (Long Decl., Ex. B at 5.) That same day, Entopic requested that Charter let Entropic know when the Charter witnesses would be available for depositions. (*Id.*)

Again on that same day, Charter responded, stating that because the Court "found that paragraphs 11 and 20 'should be allowed in, provided that Charter provides a corporate designee to be deposed on the screenshots, and makes available Mr. Stafford to be deposed on his conversation with Dr. Almeroth. It would be prejudicial to present this information to the jury without providing Entropic an opportunity to test it.' (Dkt. 358 at 14.) However, as Dr. Almeroth will not rely on paragraphs 11 and 20 as the basis for his opinions, and Charter will not present this information to the jury, the deposition issue is moot." (*Id.*)

On December 6, 2023, Entropic responded stating for the first time that the Order was not moot because it "was not conditioned on any further actions that either party may take. Nor has Charter presented any sufficient explanation for why the depositions are no longer needed." (*Id.*) Entropic's December 6, 2023 communication quoted the Court's order "that Charter make Mr. Stafford available for a deposition and a corporate designee available for a deposition," (Dkt. 358 at 15), while simply ignoring the Court's ruling that the disputed paragraphs should only be allowed "provided that Charters provides" the specified depositions, (*id.* at 14).

## III.   LEGAL STANDARD

A party "from whom discovery is sought may move for a protective order in the court where the action is pending," and a court "may, for good cause, issue an order to protect" the party. Fed. R. Civ. P. 26(c)(1). A court must limit proposed discovery that it determines is not proportional to the needs of the case. "Proportionality is determined by 'considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 259 (5th Cir. 2019) (citing Fed. R. Civ. P. 26(b)(1)).

## IV.   ARGUMENT

Entropic's Motion merely asked the Court to strike various paragraphs. It never filed a motion seeking additional discovery. Here, the Court's order is clear that it would grant Entropic's Motion with respect to paragraphs 11 and 20 of Dr. Almeroth's Supplemental Report unless Charter provides "a corporate designee to be deposed on the screenshots, and makes available Mr. Stafford to be deposed on his conversation with Dr. Almeroth." (Dkt. 358 at 14.)

3

███████████████████████████████████████████████

As Charter has informed Entropic, it will not rely on paragraphs 11 and 20 of Dr. Almeroth's supplemental report. Therefore, no depositions are required.

While Entropic argues the depositions were ordered by the Court unconditionally, it is clear from the Order that if Charter does not rely on paragraphs 11 and 20 of Dr. Almeroth's report, no depositions are required.

Entropic's attempt to convert its Motion To Strike into a motion to take depositions well out of time on the eve of trial is prejudicial to Charter. *See, e.g., Chao v. Tyson Foods, Inc.,* Case No.: 2:02-CV-1174-VEH, 2009 WL 10687774, at *4 (N.D. Ala. Jan. 23, 2009) (denying motion to take a deposition when the plaintiff could not "provide any reasonable explanation for her decision to wait until slightly more than a week before trial to move to depose these witnesses"). Entropic has been aware of Charter's ███████████████ for over four months. In an August 10, 2023 interrogatory response, Charter stated that it had ███████████████ ███████████████. (Long Decl., Ex. C at 3.) On August 11, 2023, Entropic deposed Charter's 30(b)(6) witness who testified that Charter had ███████████████. (Long Decl., Ex. D, Boglioli Tr. at 16:22–24.) On August 29, 2023, Entropic served its Supplemental Expert Report Of Shukri Souri, Ph.D. Regarding Infringement of U.S. Patent Nos. 8,792,008 And 10,135,682 and Noninfringing Alternatives where Dr. Souri opined on infringement based on the termination of PMA. (Long Decl., Ex. E at ¶¶ 17–26.) ███████ ███████████████████████████████████████████████ ███████████████████████████████████████. (Long Decl., Ex. F at 3.) For Entropic to now—three months after receiving ███████████████ and five days before trial, and without ever having filed a motion seeking this relief (timely or otherwise)—decide that a deposition is required is prejudicial to Charter and not warranted.

4

██████████████████████████████████████████

**V.      CONCLUSION**

       For the foregoing reasons, Charter respectfully requests this Court enter a protective order forbidding the deposition of Mr. Stafford and a Charter corporate designee.

|  |  |
|---|---|
| Dated: December 6, 2023 | Respectfully submitted, |

/s/ *Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young, Jr
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.louden@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary Nemirovsky
ARNOLD & PORTER KAYE SCHOLER LLP

████████████████████████████

3000 El Camino Real #500,
Palo Alto, California 94304
Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

## CERTIFICATE OF CONFERENCE

On December 6, 2023, pursuant to Local Rule CV-7(h), counsel for Defendant met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

/s/ Elizabeth Long
Elizabeth Long

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 6, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long