**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S OBJECTIONS TO MEMORANDUM ORDER (DKT. 351) GRANTING-IN-PART AND DENYING-IN-PART CHARTER'S MOTION TO STRIKE DR. KRAMER'S <u>IMPROPER OPINIONS (DKT. 167)</u>**

I.   **INTRODUCTION**

Pursuant to Local Rule CV-72(b) and 28 U.S.C. § 636(b)(1), Defendant Charter Communications, Inc. ("Charter") respectfully objects to Judge Payne's Memorandum Order (the "Order," Dkt. 351) granting-in-part and denying-in-part Charter's Motion to Strike Dr. Kramer's Improper Opinions (the "Motion," Dkt. 167).

First, the Order is clearly erroneous and/or contrary to law for denying Charter's motion to strike the opinions and legal conclusions of Plaintiff Entropic Communications, LLC's ("Entropic") technical expert, Dr. Kramer, regarding customer lease agreements, subject matter on which Dr. Kramer is not qualified to opine. (Order at 3.)

Second, the Order is clearly erroneous and/or contrary to law for denying Charter's motion to strike portions of Dr. Kramer's opening expert report (the "Opening Report") in which Dr. Kramer opines on Charter's knowledge of the patents-in-suit and state of mind regarding induced infringement, all of which comprises subject matter that Dr. Kramer could not possibly know. (*Id.* at 4-5.)

Third, the Order is clearly erroneous and/or contrary to law for denying Charter's motion to strike portions of the Opening Report that set forth a previously undisclosed joint infringement theory, a theory that is completely absent from Entropic's infringement contentions. (*Id.* at 5-6.).

Fourth, the Order is clearly erroneous and/or contrary to law for denying Charter's motion to strike Dr. Kramer's conclusory opinions regarding secondary considerations of nonobviousness for the '775 patent.

Charter respectfully requests that the Court reconsider Charter's Motion and enter Charter's proposed order sustaining its objections to the Order.

1

II.  ARGUMENT

  A.  **The Magistrate Judge's denial of Charter's motion to strike Dr. Kramer's legal opinions regarding customer lease agreements was clearly erroneous and/or contrary to law.**

The Order finds that Dr. Kramer's opinions at paragraphs 88–89 and 221–222 of the Opening Report "are not legal in nature but factual." (*Id.* at 3.) The paragraphs in question, however, make conclusions about Charter's legal interests in certain pieces of customer equipment. For example, Dr. Kramer states that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (Dkt. 167-2 at ¶ 89), and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (*Id.* at ¶ 222.) Whether Charter "owns" these pieces of equipment is a question governed by lease agreements, which Dr. Kramer is not qualified to interpret. His conclusions about property rights are clearly legal in nature. *See Succession of McCord v. Comm'r of Internal Revenue*, 461 F.3d 614, 623 (5th Cir. 2006) ("The determination of the nature of the property rights transferred is a question of state law.").

Contrary to the Magistrate Judge's Order, Dr. Kramer is not merely forming opinions based on contracts—he is interpreting and opining on the rights and obligations of the parties to those contracts. The Order states that "Dr. Kramer is certainly qualified to read the plain language of a contract" (Order at 3), but he does not actually cite to any "plain language" from any specific contract. Instead, he string cites to a list of 17 contracts and then draws a general conclusion about ownership interests in the subject equipment. (Dkt. 167-2 at ¶¶ 88, 221.) If Dr. Kramer wants to rely on evidence that Charter "owns" certain pieces of equipment, then he needs to point to a Charter witness who has a foundation for interpreting the contracts at issue. He cannot himself review these contracts and draw conclusions about their meaning. The denial of the Motion to strike in this regard was clearly erroneous and/or contrary to law. *See Netlist, Inc. v. Samsung*

████████████████████████████

*Elecs. Co., Ltd.*, No. 2:21-cv-00463, ECF No. 432, at 7-8 (E.D. Tex. Apr. 5, 2023) (striking legal conclusions from technical expert's report).

> **B.  The Magistrate Judge's denial of Charter's motion to strike Dr. Kramer's opinions regarding Charter's state of mind was clearly erroneous and/or contrary to law.**

The Magistrate Judge stated that Dr. Kramer's testimony regarding Charters' state of mind is limited to Charter having knowledge of the patents-in-suit once Charter was served with Entropic's complaint. (Order at 5.) However, the Order did not strike the paragraphs of Dr. Kramer's report in which he goes well beyond the Order's limitation. (*See, e.g.*, Dkt. 167-2 at ¶¶ 93 ("Charter has had knowledge of the resulting infringement of the '775 Patent at least as of July 17, 2012 (the issue date of the '775 Patent, if not earlier)"), 94 ███████████████ ███████████████); 247 ███████████████ ███████████████ 248 ███████████████ ███████████████ ███████) Because these paragraphs contain opinions that outside the bounds set by the Magistrate Judge's Order, it was clearly erroneous not to have included them in the list of stricken paragraphs. *See, e.g., Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, Case No. 2:15-cv-00011-RSP, 2017 WL 5137401, at *15 (E.D. Tex. Nov. 4, 2017), *rev'd on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020) (striking portion of paragraph of damages report that discussed opinions defendant was not permitted to rely on).

> **C.  The Magistrate Judge's denial of Charter's motion to strike Dr. Kramer's opinions on a new joint infringement theory was clearly erroneous and/or contrary to law.**

The Magistrate Judge's Order acknowledges that Dr. Kramer's opinions on joint infringement with respect to the '362 patent were not disclosed in Entropic's infringement contentions, which never even mentioned joint infringement. (Order at 6–7.) Entropic failed to

3

provide any notice to Charter of its joint infringement theory until opening expert reports. This deprived Charter of the opportunity for discovery that infringement contentions are designed to provide. As the Federal Circuit has observed, patent local rules "provide early notice of [parties'] infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *Phigenix, Inc. v. Genentech, Inc.*, 783 F. App'x 1014, 1016 (Fed. Cir. 2019) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006)). When a party's infringement theory first appears in an expert report after the close of fact discovery, striking opinions on that theory from the expert report is proper. *See Phigenix*, 783 F. App'x at 1018 (Observing that if plaintiffs can unilaterally change infringement theories after the close of fact discovery, "infringement contentions would provide little relief to defendants."). *See also Fall Line Patents, LLC v. Zoe's Kitchen, Inc.*, Civil Action No. 6:18-CV-00407-RWS, ECF No. 348, at 36 (E.D. Tex. July 11, 2023) (declining to strike joint infringement theory from expert report where infringement contentions "explain[ed] which steps are performed by [Defendant's] application and which steps are performed by a user or other third party."). The Order's denial of Charter's motion to strike Entropic's new joint infringement theory was clearly erroneous and/or contrary to law.

> D. **The Magistrate Judge's denial of Charter's motion to strike Dr. Kramer's opinions on secondary considerations was clearly erroneous and/or contrary to law.**

The Order states that Dr. Kramer's establishes a nexus between secondary considerations and the '775 patent by stating that "Charter's 1 Gbps modems require the use of the technology claimed in the '775 Patent in order to achieve 1 Gbps speeds." The Order then states that Dr. Kramer cites a number of documents from Charter and Broadcom "to support this assertion," but the Order does not cite to any and, with respect, there are none. The Order ignores Charter's main argument,

4

which is that Dr. Kramer never attempted to show how the *asserted claims* are "require[]d" in order to achieve 1 Gbps speeds. To be sure, 1 Gbps speeds are important and successful, but Dr. Kramer makes no effort to tie this to the *claims* of the '775 patent. In fact, Dr. Kramer's opinions fail to reference *any element of any claim* of the '775 patent that purportedly enables 1 Gbps speeds. "Evidence of commercial success, or other secondary considerations, is only significant if there is a nexus between the *<u>claimed invention</u> and the commercial success*." *Ormco Corp. v Align Tech., Inc.*, 463 F.3d 1299, 1311–1312 (Fed. Cir. 2006) (emphasis added). *See also In re Cree*, 818 F.3d 694, 703 (Fed. Cir. 2016) ("When commercial success is cited as a basis for inferring non-obviousness, a nexus must be shown between the commercial success and the claimed features of the patent").

Accordingly, Dr. Kramer's opinions that fail to link 1 Gbps speeds to any claimed feature of the '775 patent should have been stricken. *See Elder v. Tanner*, 205 F.R.D. 190, 194 (E.D. Tex. 2001) ("[E]xpert reports must contain some discussion of [experts'] reasoning and thought process that lead to their ultimate opinions.").

### E. The Magistrate Judge's finding that Dr. Kramer's deposition testimony does not expand his Opening Report

The Order currently held that Dr. Kramer's Opening Report is not expanded by his deposition testimony. (Order at 10.) Charter does not object to this aspect of the Order.

## III. CONCLUSION

For the foregoing reasons, Charter respectfully requests this Court sustain Charter's objections to the Magistrate Judge's Order granting-in-part and denying-in-part Charter's Motion.

|  |  |
|---|---|
| Dated: December 7, 2023 | Respectfully submitted,<br><br>*/s/ Daniel Reisner by permission Elizabeth Long*<br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Phone: (903) 705-1117<br>Fax: (903) 581-2543<br>Email: ddacus@dacusfirm.com<br><br>Daniel L. Reisner<br>David Benyacar<br>Elizabeth Long<br>Albert J. Boardman<br>Melissa Brown<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York, 10019-9710<br>Telephone: (212) 836-8000<br>Email: daniel.reisner@arnoldporter.com<br>Email: david.benyacar@arnoldporter.com<br>Email: elizabeth.long@arnoldporter.com<br>Email: albert.boardman@arnoldporter.com<br>Email: melissa.brown@arnoldporter.com<br><br>Marc A. Cohn<br>Amy L. DeWitt<br>William Louden<br>William O. Young, Jr<br>Thomas Carr<br>Natalie Steiert<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br>Email: marc.cohn@arnoldporter.com<br>Email: amy.dewitt@arnoldporter.com<br>Email: william.louden@arnoldporter.com<br>Email: william.young@arnoldporter.com<br>Email: thomas.carr@arnoldporter.com<br>Email: natalie.steiert@arnoldporter.com<br><br>Zachary A. Nemirovsky<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>3000 El Camino Real, 5 Palo Alto Square, #500 |

██████████████████████████████████

Palo Alto, California, 94304
Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 7, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long