# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S OBJECTIONS TO MEMORANDUM ORDER (DKT. 359) GRANTING-IN-PART AND DENYING-IN-PART CHARTER'S MOTION TO STRIKE DR. SOURI'S IMPROPER OPINIONS (DKT. 166)**

## I.  INTRODUCTION

Pursuant to Local Rule CV-72(b) and 28 U.S.C. § 636(b)(1), Defendant Charter Communications, Inc. ("Charter") respectfully objects to Judge Payne's Memorandum Order (the "Order," Dkt. 359) granting-in-part and denying-in-part Charter's Motion to Strike Dr. Souri's Improper Opinions (the "Motion," Dkt. 166).

First, the Order is clearly erroneous and/or contrary to law for denying the Motion to strike portions of the opening expert report (the "Opening Report") of Plaintiff Entropic Communications LLC's (Entropic) technical expert, Dr. Souri, that set forth previously undisclosed infringement theories. (Order at 3-4, 11.). Second, the Order is clearly erroneous and/or contrary to law for denying the Motion to strike Dr. Souri's opinions regarding on Charter's intent to revive ▇▇▇▇▇▇▇▇. (*Id.* at 6.) Third, the Order is clearly erroneous and/or contrary to law for denying the Motion to strike portions of the Opening Report in which Dr. Souri opines on induced infringement. (*Id.* at 8-9.) Fourth, the Order is clearly erroneous and/or contrary to law for denying the Motion to strike Dr. Souri's legal conclusions regarding customer lease agreements. (*Id.* at 10.)

## II.  ARGUMENT

### A. The Magistrate Judge's denial of Charter's Motion to strike Dr. Souri's opinions regarding previously undisclosed infringement theories was clearly erroneous and/or contrary to law

Entropic's infringement contentions do not disclose infringement of the '682 Patent by ▇▇▇▇▇▇ and do not disclose joint infringement of the '690 Patent. Nonetheless, the Order finds that Entropic's contentions provided "fair notice" of these previously undisclosed infringement theories. (Order at 3-4, 11.)

Entropic's infringement contentions for the '682 Patent broadly refer to ▇▇▇▇▇▇ but only disclose an infringement theory for ▇▇▇▇▇▇ The Order, however,

1



finds that Entropic's reference to ▮▮▮▮▮" was all that was required to put Charter on notice of infringement by ▮▮▮▮. (*Id.* at 4.) This misses the fact that ▮▮▮▮▮ operate differently, as Dr. Souri himself conceded.. (*See* Dkt. 166-2 at ¶¶ 324 (▮▮▮▮

▮▮▮▮

▮▮▮▮

Thus, Entropic's broad reference to the ▮▮▮▮" does not provide Charter with the fair notice that infringement contentions are designed to provide. *See, e.g., Global Sessions IP v. Travelocity.com LP*, No. 6:10cv671 LED-JDL, 2012 WL 1903903, at *6 (E.D. Tex. May 25, 2012) (Finding that a "broad accusation" of infringement "provides little notice" as to which websites are accused and how each satisfies the claims.); *EON Corp. IP Holdings, LLC v Sensus USA Inc.*, No. 6:09-cv-116, 2010 WL 346218, at *3 (E.D. Tex. Jan. 21, 2010) (Plaintiff failed to provide notice of its infringement theories when it failed to "explain its theories of how the accused instrumentalities satisfy the asserted claim elements.").[1] Regarding joint infringement of the '690 Patent, the Opening Report is the first place that Entropic raises this theory. (*See* Dkt. 166-2 at ¶ 425.) The complete absence of this new theory in Entropic's infringement contentions fails to provide Charter with fair notice. *See Phigenix, Inc. v. Genentech, Inc.*, 783 F. App'x 1014, 1016 (Fed. Cir. 2019) (Observing that if plaintiffs can unilaterally change infringement theories after

---

[1] Relatedly, the Order found that "allegations regarding ▮▮▮▮ are … sufficiently relevant to damages." Order at 4. This finding is contrary to law because, as explained in Charter's concurrently filed Objection to the Report and Recommendation Denying Its Motion For Summary Judgment Of Non-Infringement of the Asserted Claims of the '682 and '690 Patents and Objection to the Order Denying Its Motion to Exclude the Expert Opinions of Stephen Dell, for method claims, a patentee "can only receive infringement damages on those devices that actually performed the patented method during the relevant infringement period." *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc* 576 F.3d 1348, 1358-59 (Fed. Cir. 2009). Thus, the Court should strike Dr. Souri's opinions for the additional reason tha ▮▮▮▮ is irrelevant to damages.

the close of fact discovery, "infringement contentions would provide little relief to defendants."). Accordingly the denial of Charter's Motion to strike these new infringement theories was clearly erroneous and/or contrary to law.

### B. The Magistrate Judge's denial of Charter's Motion to strike Dr. Souri's opinion's on Charter's subjective intent was clearly erroneous and/or contrary to law

Dr. Souri's supplemental expert report (the "Supplemental Report") provides opinions regarding Charter's disabling of ▓▓▓▓. The Order finds that Dr. Souri does not opine regarding Charter's intent to reenable these technologies. (Order at 6.) This finding is contrary to the facts and is clearly erroneous and/or contrary to law.

Dr. Souri can "opine ... on the underlying facts that may show a party's state of mind." *GREE, Inc. v. Supercell Oy*, Case No. 2:19-cv-00070-RSP, 2020 WL 4288350, at *3 (E.D. Tex. July 27, 2020). But Dr. Souri goes further than this. Regarding ▓▓▓▓, Dr. Souri opines that "▓▓▓▓ (Dkt. 166-3 at ¶ 19.) Dr. Souri also states his conclusion that Charter ▓▓▓▓ (*Id.* at ¶ 23.) Regarding ▓▓▓▓, Dr. Souri characterizes Charter's code retention decisions and ▓▓▓▓ to imply Charter has the intent to ▓▓▓▓. (*Id.* at ¶ 30.)

Dr. Souri's statements are not opinions based on facts—they are conclusions regarding Charter's intent, which "is a classic jury question and not one for the experts." *Retractable Techs. Inc. v. Abbott Labs., Inc.*, Civil Action No. 5:05-CV-157, 2010 WL 11531436, at *6 (E.D. Tex. June 18, 2010). As such, Dr. Souri's opinions are improper, and the Magistrate's denial of the Motion striking these opinions was clearly erroneous and/or contrary to law.

### C. The Magistrate Judge's denial of Charter's Motion to strike Dr. Souri's opinions on induced infringement was clearly erroneous and/or contrary to law

3

The Order correctly finds that Dr. Souri may not opine that Charter induced infringement due to Dr. Souri's failure to recite any facts to support a finding that Charter had the requisite mental state. (Order at 8.) The Order, however, declines to strike paragraphs of the Opening Report, or even portions of those paragraphs, in which Dr. Souri oversteps the boundary the Order has set. (*See, e.g.*, Dkt. 166-2 at ¶¶ 79 ███████████████████████████████████████████████ Because the Opening Report contains opinions that the Order prohibits, these opinions should have been stricken. *See, e.g., Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, Case No. 2:15-cv-00011-RSP, 2017 WL 5137401, at *15 (E.D. Tex. Nov. 4, 2017), *rev'd on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020) (striking portion of paragraph of damages report that discussed opinions defendant was not permitted to rely on).

The Order is also contrary to law in holding that the *Intellectual Ventures*/*Centillion* framework is inapplicable to the '008 Patent. (Order at 8-9.) Relying on *Grecia v. McDonald's Corp.*, 724 F. App'x 942 (Fed. Cir. 2018), the Order states that "*Centillion* [*Data System, LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279 (Fed. Cir. 2011)] applies only to circumstances where the claimed system include[s] elements in the possession of more than one actor." (*Id.* at 8 (quotations omitted)). But *Grecia* only states that *Centillion* "pertained" to a system having elements in the possession of multiple actors. *Grecia*, 724 F. App'x at 946. It does not interpret *Centillion* as ***requiring*** the possession of claimed elements by multiple actors. Indeed, *Grecia* found *Centillion* inapposite because, unlike here, the *Grecia* defendant did not possess ***any*** element of the claim at issue. *Id.* Further, *Grecia* reaffirmed *Intellectual Ventures*' clarification that "***the infringer*** must 'benefit from each claimed component.'" *Id.* at 947 (quoting *Intellectual Ventures I LLC v. Motorola Mobility LLC,* 870 F.3d 1320, 1329 (Fed. Cir. 2017) (emphasis added)).

### D. The Magistrate Judge's denial of Charter's Motion to strike Dr. Souri's legal conclusions regarding customer lease agreements was clearly erroneous and/or contrary to law

The Order finds that Dr. Souri's opinions "are not legal in nature but factual." (Order at 10.) Dr. Souri, however, makes conclusions about Charter's legal interests in certain pieces of customer equipment. For example, Dr. Souri states that ███████████████████████████████████████████████████████████████ " (Dkt. 166-2 at ¶ 427), and ████████████████████████████████████ (*Id.* at ¶ 433.) Whether Charter ██████ this equipment is a question governed by lease agreements that Dr. Souri is not qualified to interpret. His conclusions about property rights are clearly legal in nature. *See Succession of McCord v. Comm'r of Internal Revenue*, 461 F.3d 614, 623 (5th Cir. 2006) ("The determination of the nature of the property rights transferred is a question of state law.").

Dr. Souri is not merely forming opinions based on contracts—he is interpreting and opining on the rights of the parties to those contracts. Although the Order states that "Dr. Souri is certainly qualified to read the plain language of a contract" (Order at 10), he does not actually cite any "plain language" from the 18 contracts that he string cites, and only draws a general conclusion about ownership interests in the subject equipment. (Dkt. 166-2 at ¶¶ 427, 433.) But Dr, Souri is not qualified to review these contracts and draw conclusions about their meaning. The denial of the Motion to strike in this regard was clearly erroneous and/or contrary to law. *See Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-00463, ECF No. 432, at 7-8 (E.D. Tex. Apr. 5, 2023) (striking legal conclusions from technical expert's report).

### III. CONCLUSION

For the foregoing reasons, Charter respectfully requests this Court enter Charter's proposed order sustaining Charter's objections to the Magistrate Judge's Order granting-in-part and denying-in-part Charter's Motion.

Dated:  December 7, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young, Jr
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email:william.louden@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary A. Nemirovsky
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real, 5 Palo Alto Square, #500

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Palo Alto, California, 94304
Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 7, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long