# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S OBJECTION TO REPORT AND RECOMMENDATION (DKT. 354) DENYING ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '682 AND '690 PATENTS (DKT. 176)**

I.  INTRODUCTION

On September 11, 2023, Charter filed a Motion For Summary Judgment Of Non-Infringement of the Asserted Claims of the '682 and '690 Patents. Dkt. 176. This motion sought summary judgment of non-infringement of claims 1-3 of the '682 Patent, and claims 7 and 8 of the '690 Patent. Magistrate Judge Payne's Report and Recommendation ("R&R") looked at two issues: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dkt. 354 at 2.

With respect to the first issue, the R&R recommended denying Charter's motion because, "[w]orking under the plain meaning of CMTS," it found factual disputes both as to (1) whether a CMTS could include a separate device, located on an entirely different network and executing different software, and (2) whether a single CMTS can be divided into multiple CMTSs. *Id.* at 4–6. But as explained below, under the plain meaning of CMTS, Entropic has not presented sufficient evidence that would permit a jury to find in its favor as to either proposition. Charter respectfully objects to the R&R's denial as to the '682 patent for this reason.

On the second issue, the R&R recommended denying Charter's motion as moot, stating that there is no active controversy as to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 7. However, the R&R also noted that whether Charter would deploy ▬▬▬▬▬▬ in the future was a matter of fact left for the jury. *Id.* But this recommendation is contrary to law because method claim damages are limited to ***actual*** infringement, not any potential future infringement. Charter respectfully objects to the denial as to the '682 and '690 patents for this reason.

II.  LEGAL STANDARD

The Federal Rules of Civil Procedures provide that, for dispositive motions, a party may serve and file specific written objections to the proposed findings and recommendations within 14

1

days. FED. R. CIV. P. 72(b)(2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to[, and] may accept, reject, or modify the recommended disposition." *Id.* at 72(b)(3). Courts grant summary judgment only when, "drawing all justifiable inferences in the non-movant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1361 (Fed. Cir. 2012) (citing FED. R. CIV. P. 56 and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### III. OBJECTIONS

#### A. The Court Should Grant Charter's Motion For Summary Judgment Of Non-Infringement Of The '682 Patent Based On The Plain Meaning Of CMTS

It is undisputed that the Asserted Claims of the '682 patent require that each claim step of "determining," "assigning," "generating," "selecting," and "communicating" be performed "by a cable modem termination system (CMTS)" or "by said CMTS." Dkt. 176-3 at 8:2–23. And, as the R&R recognized, "Entropic concedes that it points to the PMA for many elements and that the CMTS it alleges implements the PMA is not contained in a single physical box." Dkt. 354 (citing Dkt. 210 at 9). The R&R erred, however, in determining that there is a ***genuine*** dispute of material fact regarding whether a CMTS may include a separate device located on an entirely different network and running separate (PMA) software.

It is well-established that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48 (emphasis in original). And a "material fact is 'genuine,' [] if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "If the evidence is merely

2

colorable, or is not significantly probative, summary judgment may be granted." *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1359 (Fed. Cir. 1998) (quoting *id.* at 249–50).

Here, Charter has cited numerous pieces of evidence to show that the plain meaning of a CMTS is an individual device, rather than a distributed device that can include any other equipment with which it communicates. ▮ Dkt. 176-9 at 45:20–25 (▮

By contrast, Entropic cited no evidence to support its argument that a CMTS may include any components in separate devices located on entirely different networks and running separate (PMA) software. *Contra* Dkt. 354 at 4-5. As explained in Charter's reply, Entropic's only "evidence" relates to what Charter's CMTSs *use*, not what Charter's CMTSs *are*. *See* Dkt. 230 at 2–4. For example, ▮

3



. A car uses gas stations, but that does not mean a gas station is part of a car. This "scintilla of evidence" is not enough to defeat Charter's motion for summary judgment. *Pharm. Res., Inc. v. Roxane Lab'ys, Inc.*, 253 F. App'x 26, 29–31 (Fed. Cir. 2007) (affirming grant of summary judgment where "two declarations from [Plaintiff's] expert witnesses on the issue of enablement [were] conclusory and lack[ed] evidentiary support or specifics;" "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to overcome summary judgment.").

Finally, the R&R's reasoning as to claim 1's separate requirement that there be "determining … *for each cable modem served by said CMTS*" and "assigning … *each cable modem* among a plurality of service groups" is similarly in error. The R&R based its recommendation on the fact that it "d[id] not find the term CMTS should be construed as limited to the DOCSIS definition and may be distributed beyond the accused chassis," and thus there is an "open question" as to which cable modems were "served" by the CMTS because an accused chassis could house a PMA-enabled CMTS and a Legacy CMTS. Dkt. 354 at 6. But for all of the reasons explained above, Entropic has not presented evidence sufficient to raise a *genuine* dispute

---

[1] [redacted]

4

of material fact as to whether a single CMTS may be divided into multiple CMTSs. Moreover, other Patents in the '682 Patent's family clearly show that the inventors understood the difference between "determining" and "assigning" for "each cable modem," as opposed to a subset of the cable modems, because those patents claimed "determining" and "assigning" for "*a plurality of cable modems*." Ex. A (U.S. Patent No. 9,419,858) at claim 1 ("determining … for a plurality of cable modems served by said CMTS," and "assigning … said plurality of cable modems."); Ex. B (U.S. Patent No. 9,577,886) at claim 1 (same); Ex. C (U.S. Patent No. 9,866,438) at claim 1 (same).



On these undisputed facts, no reasonable jury could find in Entropic's favor, and so summary judgment should be granted.

**B.     The Court Should Grant Charter's Motion For Summary Judgment Of Non-Infringement Of The '682 And '690 Patents As To** ▮▮▮▮▮

For the '682 and '690 patents, the R&R erred in denying Charter's motion as moot for ▮▮▮▮▮ because, as the R&R recognized, ▮▮▮▮▮ ▮▮▮▮▮ *See* Dkt. 354 at 7. This is erroneous as a matter of law.

For method claims, such as the Asserted Claims of the '682 and '690 patents, a patentee "can only receive infringement damages on those devices that actually performed the patented method during the relevant infringement period." *Cardiac Pacemakers, Inc. v. St. Jude Medical,*

5

*Inc* 576 F.3d 1348, 1358-59 (Fed. Cir. 2009). In *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339 (Fed. Cir. 2022), the Federal Circuit affirmed the exclusion of plaintiff's expert opinions regarding infringement for a method claim where the expert "fail[ed] to limit damages to a reasonable approximation of actual infringing uses of the claimed method." *Id.* at 1357. Citing *Cardiac Pacemakers*, the Federal Circuit held that "where the only asserted claim is a method claim, the damages base should be limited to products that were actually used to perform the claimed method." *Id.*

Moreover, the R&R's reliance on *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1323 (Fed. Cir. 2009), is in error. In *Lucent*, where the plaintiff alleged infringement of two method claims, the jury awarded the plaintiff a single lump-sum amount of $358 million. *Id.* at 1309. The Federal Circuit overturned the jury's award, finding it "based mainly on speculation or guesswork" and thus not supported by substantial evidence *Id.* at 1335. Because there was no evidence at trial to support a conclusion that the accused feature was so valued in the future as to command a lump sum over $350 million, and Lucent's damages expert relied on speculation for future use, the Federal Circuit found the jury's damages award not supported by substantial evidence. *Id.* at 1327, 1335; *see also Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*, No. 6:19-CV-00059-RWS, 2022 WL 1498784, at *8 (E.D. Tex. Mar. 18, 2022) ("*Lucent Techs.* requires concrete evidence, not mere speculation."). [2]

---

[2] Additionally, in his Memorandum Order granting-in-part and denying-in-part Charter's Motion to Strike Dr. Souri's Improper Opinions, (Dkt. 359), Magistrate Judge Payne declined to strike Dr. Souri's opinions regarding ▇▇▇▇▇▇. Dkt. 359 at 4. In doing so, the Memorandum Order found that the ▇▇▇▇▇▇ *Id.* at 4 (relying on *Lucent Techs.*, 580 F.3d at 1327 (Fed. Cir. 2009) and *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003)). As explained above, this finding is contrary to law. Thus, if the Court overrules the R&R and finds that the ▇▇▇▇▇▇ is irrelevant under *Cardiac Pacemakers*, it should also overrule the Memorandum Order and strike Dr. Souri's opinions relating to ▇▇▇▇▇▇.

Thus, any attempt by Entropic to prove infringement or damages based on ▮▮▮▮▮ ▮▮▮▮▮▮▮▮ should not be permitted. Because Entropic has not come forward with **any** evidence that Charter actually used ▮▮▮▮▮▮▮ and because a patentee "can only receive infringement damages on those devices that actually performed the patented method during the relevant infringement period," (*Cardiac Pacemakers*, 576 F.3d at 1358–59), the R&R erred in denying Charter's motion for summary judgment as to this ground.

## IV.   CONCLUSION

For the forgoing reasons, Charter respectfully objects to the R&R's recommendation and requests that the Court grant Charter's Motion For Summary Judgment Of Non-Infringement of the Asserted Claims of the '682 and '690 Patents.

|  |  |
|---|---|
| Dated:  December 7, 2023 | Respectfully submitted,<br><br>*/s/ Daniel Reisner by permission Elizabeth Long*<br>Deron R. Dacus<br>State Bar No. 00790553<br>The Dacus Firm, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Phone: (903) 705-1117<br>Fax: (903) 581-2543<br>Email: ddacus@dacusfirm.com<br><br>Daniel L. Reisner<br>David Benyacar<br>Elizabeth Long<br>Albert J. Boardman<br>Melissa Brown<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York, 10019-9710<br>Telephone: (212) 836-8000<br>Email: daniel.reisner@arnoldporter.com<br>Email: david.benyacar@arnoldporter.com<br>Email: elizabeth.long@arnoldporter.com<br>Email: albert.boardman@arnoldporter.com<br>Email: melissa.brown@arnoldporter.com<br><br>Marc A. Cohn<br>Amy L. DeWitt<br>William Louden<br>William O. Young<br>Thomas Carr<br>Natalie Steiert<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br>Email: marc.cohn@arnoldporter.com<br>Email: amy.dewitt@arnoldporter.com<br>Email: william.louden@arnoldporter.com<br>Email: william.young@arnoldporter.com<br>Email: thomas.carr@arnoldporter.com<br>Email: natalie.steiert@arnoldporter.com<br><br>Zachary A. Nemirovsky<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>3000 El Camino Real #500, |

Palo Alto, California 94304
Telephone:  (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

9

US 175146386v2

▮

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 7, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long

▮

US 175146386v2