# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG |

## MOTION OF THE ELECTRONIC FRONTIER FOUNDATION TO INTERVENE AND TO UNSEAL COURT RECORDS

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................... 1

II. Factual Background ...................................................................................................... 2

   A. Entropic, Charter, Their Dispute, and EFF............................................................... 2

   B. The Parties' Heavily Redacted Motion Papers Emphasize DOCSIS ....................... 3

   C. EFF Asked Parties To Remedy Their Oversecrecy and Was Rebuffed ................... 5

III. Argument ....................................................................................................................... 7

   A. A Strong Presumption of Public Access Attaches to the Sealed Filings, and Protective Orders Do Not Abrogate This Presumption ..................................................... 7

      i. A Strong Presumption of Public Access Attaches to the Sealed Filings ........... 7

      ii. Protective Orders Do Not Abrogate Presumption of Public Access................. 9

   B. The Current State of This Docket Violates the Public Right of Access ................. 10

   C. The Court Should Permit EFF to Intervene for the Limited Purpose of Vindicating the Public's Right of Access ................................................................................... 13

IV. Requested Relief.......................................................................................................... 15

V. Conclusion................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) ................................................. 8

*Bage v. Galveston Cnty.*, No. 3:20-cv-00307, 2022 WL 2954332 (S.D. Tex. July 25, 2022) ..... 10

*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021) .......................................... passim

*Blue Spike, L.L.C. v. Audible Magic Corp.*, No. 6:15-cv-00584, 2016 WL 3870069
   (E.D. Tex. Apr. 18, 2016) ....................................................................................................... 13

*BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209 (5th Cir. 2019) ............ 8, 10, 14

*In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008) ............. 7, 8

*In re Sealing Non-Disclosure Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876 (S.D. Tex. 2008) . 7

*In Re Violation of Rule 28(d)*, 635 F.3d 1352 (Fed. Cir. 2011) ...................................................... 7

*June Med. Servs., LLC v. Phillips*, 22 F.4th 512 (5th Cir. 2022) ....................................... 9, 10, 12

*Newby v. Enron Corp.*, 443 F.3d 416 (5th Cir. 2006) .................................................................. 13

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) .............................................................. 1, 7

*Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555 (1980) ........................................................... 1, 7

*S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993) .......................................................... 9

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) ..................................................................... 9

*Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977) ......................................................... 14

*Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-cv-00713, 2016 WL 3460763
   (E.D. Tex. Apr. 7, 2016) ......................................................................................................... 13

*U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571 (5th Cir. 2023) ................................. 13

*U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, No. 2:16-CV-00432, 2024 WL 1149191
   (E.D. Tex. Mar. 15, 2024) ................................................................................................ 13, 14

*U.S. v. Cianfrani*, 573 F.2d 835 (3d Cir. 1978) ............................................................................ 8

*U.S. v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685 (5th Cir. 2010) .......................... 8, 13

**Other Authorities**

Brief of Public Knowledge et al. as Amici Curiae in Support of Appellant Impression Products,
   *Lexmark Int'l, Inc. v. Impression Prods., Inc.*, 816 F.3d 721 (Fed. Cir. 2016) (Nos. 14-1617,
   14-1619) ................................................................................................................................... 3

Donald S. Chisum, Chisum on Patents § 16.03[2][b] (2024) ......................................................... 3

Federal Rule of Civil Procedure 24(b) ......................................................................................... 13

Federal Rule of Civil Procedure 26(c) ........................................................................................... 9

Hon. Timothy B. Dyk, *Ten Prescriptions for What Ails Patent Law*, 17 Stan. Tech. L. Rev. 345
   (2014) ....................................................................................................................................... 3

Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be
   Presented to the Court During Motion and Trial Practice (E.D. Tex. June 1, 2016) .... 1, 7, 8, 11

## I. Introduction

Under the First Amendment and the common law, the public is guaranteed a right to access court proceedings and records. *Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555, 573–75 (1980); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Electronic Frontier Foundation (EFF) seeks to intervene in this case for the limited purpose of vindicating the public's right to access court records. EFF is a nonprofit organization working to ensure that patent law balances the private grants to patent owners, innovation, and the public interest. Both parties have filed legal memoranda and documentary exhibits to which the public has a presumptive right of access under both the U.S. Constitution and the common law. The parties have filed under seal evidence and arguments concerning a nationally important, precedent-setting case-dispositive defense. The parties placed these documents under seal without seeking permission to do so via motion—without any argument from either party as to why sealing is justified. As a result, there is no Court ruling that the parties' interest in secrecy overcomes the strong presumption of public access.

That is improper. This Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice (E.D. Tex. June 1, 2016) (Standing Order), as well as binding precedents of the various appellate courts, require parties to demonstrate, via motion, that their need for secrecy outweighs the public's right of access. The Standing Order further requires this Court to make specific findings that justify the sealing of every document. Court records cannot be sealed simply because parties agree or because a protective order suggests as much. A protective order is meant to limit disclosure of certain information in discovery, yet the parties relied solely on a protective order to seal documents outside of discovery.

To remedy these violations, the Court can and should order unsealing of the sealed records or, to the extent any party seeking sealing is able to meet its high burden that continued sealing is necessary as to some portion of the sealed records, order the parties to justify their sealing via motions to seal. The Court should then carefully weigh the proffered justifications for secrecy against the strong presumption of public access. To prevent similar violations from occurring in the future, the Court should reaffirm that the requirements of the Standing Order apply to all documents filed under seal on the public docket, and that a protective order cannot relieve parties of the requirements to file motions seeking to justify their sealing requests.

## II. Factual Background

### A. Entropic, Charter, Their Dispute, and EFF

Entropic Communications, LLC (Entropic) filed this case against Charter Communications, Inc., Spectrum Advanced Services, LLC, and Spectrum Management Holding Company, LLC (collectively Charter). No. 2:22-cv-00125 (E.D. Tex. Apr 27, 2022). Entropic is a semiconductor products provider. Charter is one of the nation's largest telecommunications and mass media companies, offering cable television and internet services.

Entropic alleged that Charter infringed its patents (U.S. Patent Nos. 8,223,775, 8,284,690, 8,792,008, 9,210,362, 9,825,826, and 10,135,682), which cover cable modem technology. Dkt. 53 ¶ 1. Entropic alleged that Charter infringed its patents by leasing, selling, and distributing cable modems and set top boxes (STBs) used by millions of customers. Dkt. 53 ¶¶ 5, 11.

On December 10, 2023, the parties announced a settlement and asked that the case be formally closed but that the Court retain jurisdiction. Dkt. 407.

A key issue in the case appears to be the relevance of the industry-leading Data Over Cable Service Interface Specification (DOCSIS) cable data transmission standard. *See* Dkt. 357 at 1–2. This standard is a cornerstone of cable internet in the United States, making it unusually

important. In addition, Charter's license defense based on DOCSIS may implicate a core legal question in patent law: when is a particular patent "essential" to a technical standard and thus encumbered by licensing commitments? Dkt. 357 at 3–9.

EFF is a public interest nonprofit organization that advocates for, among other things, public awareness of the patent system.[1] EFF's interest in patents is based in part on ensuring there is a balance between the private grants to patent owners and the public interest. As part of its public advocacy, EFF publishes a widely read educational blog, files amicus briefs, and submits public comments to the Patent & Trademark Office. Declaration of Aaron Mackey (Mackey Decl.) ¶¶ 5–14. EFF's participation in patent litigation has been recognized favorably by a judge on the Court of Appeals for the Federal Circuit. *See* Hon. Timothy B. Dyk, *Ten Prescriptions for What Ails Patent Law*, 17 Stan. Tech. L. Rev. 345, 352 (2014).

Given this mission, EFF takes interest in the license defense, an important legal defense that recurs in patent cases. *See* Donald S. Chisum, Chisum on Patents § 16.03[2][b] (2024) (summarizing the license defense); Brief of Public Knowledge et al. as Amici Curiae in Support of Appellant Impression Products, *Lexmark Int'l, Inc. v. Impression Prods., Inc.*, 816 F.3d 721 (Fed. Cir. 2016) (Nos. 14-1617, 14-1619) (discussing the defense in an amicus brief of EFF); Mackey Decl. ¶¶ 16–21 (elaborating EFF's interest in the license defense).

### B. The Parties' Heavily Redacted Motion Papers Emphasize DOCSIS

Following the parties' agreed motion, the Court issued a protective order in this case (Protective Order) on August 10, 2022. Dkts. 32, 36. Most of the Protective Order is copied verbatim from this District's Sample Patent Protective Order (Sample Protective Order).

---

[1] *See generally* Electronic Frontier Foundation, Patents, https://www.eff.org/patent.

On September 11, 2023, Entropic moved for summary judgment of no license defense based on the DOCSIS. Dkts. 177, 272. The public version of Entropic's motion is heavily redacted, making it hard to understand. However, based on the case law cited in the motion, it seems Entropic may have argued that Charter is not entitled to a license defense based on DOCSIS because the patents-in-suit are not standard-essential to DOCSIS. Dkt. 272 at 5. Entropic never moved to seal its motion, and thus did not provide any justification for sealing. Every associated exhibit remains sealed. Dkt. 272.

From September to October 2023, Charter and Entropic filed briefs under seal without a motion to seal and without further elaboration. Dkts. 215, 237, 276. They filed heavily redacted public versions of each filing, making it difficult for the public to understand Charter's asserted defense and Entropic's arguments against it. Dkts. 224, 272, 276, 314. Even a portion of a table of contents is redacted. Dkt. 224 at ii. Some exhibit names are, too. Dkt. 224-1 at 1–2.

In November 2023, Magistrate Judge Roy Payne issued a Report and Recommendation (R&R), which explained Charter's DOCSIS defense for the first time. Dkt. 357. Judge Payne recommended denial-in-part and grant-in-part. *Id.* at 9. The Court later adopted the R&R, thus making important precedent on these questions. Dkt. 399. What little the public can now glean about the DOCSIS dispute is through the limited information Judge Payne revealed in his R&R, which was entirely unredacted. In the R&R, the public learned for the first time that the two key issues are (1) what the DOCSIS License means by "Licensed Technology" as a matter of contract interpretation and (2) whether Charter has plausibly shown any of the patents at issue fall within the meaning of "Licensed Technology." Dkt. 357 at 3. The latter issue is of particular importance to the public, as it implicates the legal standard for evaluating whether a given patent is "essential" to a technical standard (and is, therefore, a standard-essential patent).

Consider the first issue: what the DOCSIS License means by "Licensed Technology" as a matter of contract interpretation. The DOCSIS License itself has been filed entirely under seal, with no public version. *See* Dkt. 272. The parties' briefing on how the term "Licensed Technology" should be construed is redacted as to obscure all the contract's language and essentially all the parties' relevant legal argument. *See, e.g.*, Dkts. 272, 224; *see also* Declaration of Christopher Morten (Morten Decl.) Ex. E (collecting examples of heavy redaction).

As for the second issue—whether Charter has plausibly shown any of the patents at issue fall within the meaning of "Licensed Technology"—the parties' briefing and exhibits are again so sealed and so heavily redacted that their arguments are indiscernible. For example, through the R&R, the public learned that Charter argued that two of the asserted patents required the use of something called "full band capture (FBC)," without which Charter would allegedly not be able to use or comply with DOCSIS. Magistrate Judge Payne rejected this argument and granted Entropic's motion because Charter had failed to show that these two patents were licensed by showing all elements of a claim required for DOCSIS compliance. Dkt. 357 at 7–8. Redactions in the sealed papers make it impossible to know what FBC is, why FBC is relevant to infringement of these two patents, and whether Charter's products use FBC.

In December 2023, Charter filed a sealed objection to the R&R. Dkt. 386. The public version was significantly redacted; again, since there was no motion to seal, there was no justification for those redactions. Dkt. 412. The public version of Charter's objection sheds no new light on the two key issues that underlie the DOCSIS License defense.

### C. EFF Asked Parties To Remedy Their Oversecrecy and Was Rebuffed

On January 5, 2024, EFF emailed counsel for Entropic and Charter, flagging widespread violations of the public right of access in this case, including unjustified sealing of the motion papers described above. Morten Decl. ¶ 4; *see also* Morten Decl. Ex. C at 16–18. On January 10,

the parties jointly responded that "[t]he parties' sealed filings in this case contain a statement by counsel pursuant to Local Rule CV-5 that references the protective order. As such, motions to seal are not required." Morten Decl. Ex. C at 15. On January 18, EFF emailed the parties, explaining that this Court's Standing Order and binding case law do not permit unjustified sealing and that the Protective Order cannot supersede these sources of law. *Id.* at 13–14.

On January 26, 2024, EFF met and conferred with Entropic and Charter. Morten Decl. ¶ 8. Counsel for Entropic stated that Entropic does not have a view on whether the information should remain sealed and that Entropic will not take any action. *Id.* Counsel for Charter reiterated that sealing is justified under the Protective Order. *Id.* Shortly after the meet and confer, EFF formally offered to narrow the dispute to a small set of documents, in an effort to resolve the dispute out of court. *Id.* ¶ 9. EFF asked the parties to file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that concern the DOCSIS License defense and one other dispositive motion[2] that the parties wish to keep sealed. *Id.* ¶¶ 8–9. Furthermore, EFF also asked the parties to promptly re-file on the docket any currently sealed records that the parties do not wish to keep sealed, in unsealed, publicly accessible form. *Id.*

Both Entropic and Charter declined to take EFF's requested action. *Id.* ¶¶ 10–15. As such, EFF finds itself at an impasse and files this motion. For the Court's convenience, EFF has compiled a consolidated table of the sealed motion papers that concern Charter's asserted DOCSIS License defense. *See* Morten Decl. Ex. B. For ease of reference, EFF deems these sealed papers the "Sealed Filings." It is these papers' sealing that this motion challenges. Entropic stated that it will not oppose; Charter stated that it will oppose. Morten Decl. ¶¶ 13–14.

---

[2] Dkts. 179, 274 (Entropic's Motion for Partial Summary Judgment That Devices With MaxLinear Chips are Not Non-Infringing Alternatives Affecting the Reasonable Royalty Rate).

6

### III. Argument

#### A. A Strong Presumption of Public Access Attaches to the Sealed Filings, and Protective Orders Do Not Abrogate This Presumption

##### i. A Strong Presumption of Public Access Attaches to the Sealed Filings

Under the First Amendment and the common law, the public is guaranteed a right to access court proceedings and records. *Richmond Newspapers*, 448 U.S. at 573–75; *Nixon*, 435 U.S. at 597. From these sources of law arises a strong presumption in favor of public access to court proceedings and records. Standing Order (citing *In Re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011); *Richmond Newspapers*, 448 U.S. at 595). This right applies to the entire record filed in court, including pleadings, motions, exhibits, court orders, related docket information, "and other materials filed by a party . . . that influence or underpin the judicial decision." *In re Sealing Non-Disclosure Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 890 (S.D. Tex. 2008); *see also In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (applying the presumption of access to court orders, docket minute entry, and related exhibits). The presumption of access is especially strong for material related to judicial decision-making. As the Fifth Circuit has recognized, "materials used by a court in granting . . . a dispositive motion that adjudicates the legal merits of a case . . . present the clearest example of judicial records presumptively subject to public scrutiny." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 n.41 (5th Cir. 2021). This is because "legal arguments, and the documents underlying them, belong in the public domain." *Id.* at 421.

The public's right of access to court records is fundamental to the rule of law. This right (1) serves to hold judges accountable for their actions; (2) provides the public with greater insight into judicial decision-making; and (3) enhances the legitimacy of the judiciary in the eyes of the American people. *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir.

7

2019). "'[P]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors . . . with the record supporting the court's decision sealed from public view.'" *High Sulfur Content Gasoline Prods.*, 517 F.3d at 230 (quoting *U.S. v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978)).

Therefore, the Fifth Circuit requires district courts to exercise "the power to seal court records . . . sparingly in light of the public's right to access." *U.S. v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). This Court's Standing Order reflects this bedrock principle: it asks parties wishing to file material under seal to demonstrate that "the information sought to be protected is of such a sensitive nature that its disclosure creates a risk of harm that outweighs the strong presumption in favor of public access to judicial proceedings." *See* Standing Order at 1. Parties must support their arguments with "specific factual findings [in favor of sealing] that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 3 (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)).

Afterwards, "judges, not litigants must undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure'" to overcome the default expectation of transparency in favor of sealing. *Le*, 990 F.3d at 417, 419. Judges must provide a sealing analysis and explain their reasoning at "a level of detail that will allow for [the Fifth Circuit]'s review." *Id.* at 419. The Fifth Circuit asks judges to grapple with the "public and private interests," consider "less drastic alternatives," and provide "assurance that the extent of sealing was congruent to the need." *Id.* at 420. A court abuses its discretion if it "makes no mention of the presumption in favor of the

8

public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Id.*; *see also S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993).

### ii. Protective Orders Do Not Abrogate Presumption of Public Access

Protective orders govern confidentiality during the discovery process, "prevent[ing] a party from disseminating . . . information obtained through use of the discovery process." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Protective orders have their place: they "honor[] legitimate privacy interests and facilitat[e] the efficient exchange of information," allowing for quicker discovery. *Le*, 990 F.3d at 420. But to obtain the protection of a protective order, a movant must show only "good cause." Fed. R. Civ. P. 26(c)(1). A showing of good cause requires "a particularized factual showing of the harm to be avoided." *Le*, 990 F.3d at 419 n.30.

"[D]ifferent legal standards govern protective orders and sealing orders." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). To seal judicial records district courts must apply a "stricter balancing test." *Le*, 990 F.3d at 419. Whereas protecting "documents produced in discovery" requires only "a finding of 'good cause,'" *id.*, the "exacting standard," *id.* at 418, for "shielding records from public view is far more arduous," *id.* at 420.

And because different legal standards apply, "that a document qualifies for a protective order under Rule 26(c) for discovery *says nothing* about whether it should be sealed once it is placed in the judicial records." *June Med. Servs.*, 22 F.4th at 521 (emphasis added). That is why motions to seal are required to shield judicial records from public view even when those same documents are marked confidential pursuant to a properly entered protective order. Parties who want to seal documents and information in the judicial record must demonstrate to the Court that their interests in secrecy outweigh the presumption of public access. The procedural device required to do so is a motion to seal.

9

Nor do protective orders exempt courts from providing reasons for sealing judicial records. District courts must provide "sufficient reasons for its decisions" concerning sealing of judicial records "to enable appellate review." *Id.* at 519. When a district court fails to do so it "abuses its discretion." *Id*. In *June Medical Services*, the Fifth Circuit held that a district court abused its discretion when the court's only proffered "justification for sealing entire categories of documents was that those documents 'fall[] squarely within the Protective Order.'" *Id.* at 521.

Confidentiality pursuant to protective orders cannot substitute for motions to seal and court orders protecting the public's right of access because "private litigants should not be able to contract [the public's] right [of access] away." *BP Expl. & Prod.*, 920 F.3d at 211. Protective orders are agreements between two (often private) parties to keep certain information and documents confidential during discovery. But a protective order is ultimately an agreement between two private litigants who often "have no incentive to protect the public's right of access." *Id.* To allow such an agreement to seal judicial records "as a matter of course" deprives the public of the independent judicial review required to protect its interests. *Bage v. Galveston Cnty.*, No. 3:20-cv-00307, 2022 WL 2954332 at *1 (S.D. Tex. July 25, 2022).

### B. The Current State of This Docket Violates the Public Right of Access

The docket in this case is replete with violations of the public right of access. A strong presumption of public access attaches to the Sealed Filings because these are case-dispositive motion papers—Entropic's and Charter's evidence and legal arguments on a defense that would exempt Charter of all liability. *See Le*, 990 F.3d at 420.

Yet the Sealed Filings are significantly redacted or sealed entirely. Entropic and Charter each filed their motion, response, reply, and sur-reply under seal without motions to do so. Even the DOCSIS License—the specific, widely important agreement on which Charter's defense rests—is sealed in full and unavailable to the public, save for two sentences quoted by Magistrate

Judge Payne. *See supra* § II.B. EFF and the broader public are thus unable to fully understand the Court's decision on the DOCSIS License defense.

The parties' sealing of the Sealed Filings is entirely unjustified, in violation of the public right of access. After the Protective Order was entered, "judicial records [were] sealed without any showing that secrecy is warranted or why the public's presumptive right of access is subordinated"—a violation of the law. *Le*, 990 F.3d at 421; s*ee also id.* at 418 (stating that "[t]he public's right of access to judicial proceedings is fundamental," and "the working presumption is that judicial records should not be sealed"). Entropic and Charter have not filed a single motion to seal for any of the Sealed Filings. Both parties have failed to articulate "compelling reasons supported by specific factual findings" or demonstrate that "disclosure creates a risk of harm," that outweighs the strong presumption in favor of public access, as is the required standard for sealing by this Court's Standing Order. Standing Order at 2.

Nor was the Court given an opportunity to provide reasons for allowing sealing. Instead, both parties filed under seal without motions to do so and without explanation. As such, this falls short of the Fifth Circuit's requirement that judges explain their reasoning at "a level of detail that will allow for . . . review." *Le,* 990 F.3d at 417, 419. The Court has "ma[d]e no mention of the presumption in favor of the public's access to judicial records" and failed to "articulate any reasons that would support sealing." *Id.*

Like the parties in *Le*, Entropic and Charter interpret the Protective Order—and the Court's Sample Protective Order—to abrogate the parties' obligation to provide reasons "why the public's presumptive right of access [should be] subordinated." *Id.* at 421. The orders state, "Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court." Dkt. 32 at 10; Sample Protective Order at 10. When

11

asked by EFF to justify the sealing of the Sealed Filings, the parties responded that the "sealed filings in this case contain a statement by counsel pursuant to Local Rule CV-5 *that references the protective order*. As such, motions to seal are not required." Morten Decl. Ex. C at 15 (emphasis added). The parties also apparently interpret the Protective Order to absolve the Court of its responsibility to undertake a "case-by-case, 'document-by-document,' 'line-by-line' balancing" analysis. *Le*, 990 F.3d at 419.

As discussed above, the Protective Order cannot exempt Entropic and Charter from their obligation to move to file judicial records under seal and to show "why the public's presumptive right of access is subordinated." *Id.* at 421. Furthermore, the parties redacted the public versions of these dispositive filings significantly rather than sparingly, strongly suggesting that many of their redactions are unjustifiable. *See* Morten Decl. Ex. B (quantifying extent of sealing), Ex. E (highlighting heavy redactions).

The fact that Magistrate Judge Payne revealed information previously filed under seal by the parties underscores the impropriety of their sealing. Judge Payne's R&R summarizes the parties' evidence and arguments, including a few paraphrases and quotations from the DOCSIS License. Dkt. 357 at 3, 7–8. The R&R does not fully illuminate the public, but it provides much more information than the public versions of the parties' filings.

Entropic and Charter have no cognizable interest in continuing to seal any of the evidence and arguments in their briefing and exhibits that Magistrate Judge Payne revealed in his R&R. "Publicly available information cannot be sealed" because "publicly available documents . . . already belong to the people." *June Med. Servs.*, 22 F.4th at 520. In any case, the disclosure of already available information cannot create a risk of harm sufficient to outweigh the strong presumption in favor of public access. This information must be unsealed.

C. **The Court Should Permit EFF to Intervene for the Limited Purpose of Vindicating the Public's Right of Access**

EFF should be permitted to intervene. "Nonparties to a case routinely access documents and records . . . under seal in a civil case through motions for permissive intervention under Rule 24(b)(2)." *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006).

Twice before, courts in this District have permitted EFF to intervene to represent the public's interest in sealing matters. *See Blue Spike, L.L.C. v. Audible Magic Corp.*, No. 6:15-cv-00584, 2016 WL 3870069 at *2 (E.D. Tex. Apr. 18, 2016); *Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-cv-00713, 2016 WL 3460763 at *1 (E.D. Tex. Apr. 7, 2016).

EFF has standing to intervene. Parties have standing to intervene to unseal regardless of whether they are "a third party whose sole interest in litigation is access to the documents." *Holy Land Found. for Relief & Dev.*, 624 F.3d at 690. The Fifth Circuit recognizes "[a]lleged violations of the public right to access judicial records" to be "cognizable injuries-in-fact sufficient to establish standing." *U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023); *see also U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, No. 2:16-CV-00432, 2024 WL 1149191 at *1 (E.D. Tex. Mar. 15, 2024). EFF is harmed by its lack of access to the Sealed Filings, and that harm will continue if intervention is denied. Mackey Decl. ¶¶ 14–21.

This intervention is permissible under Federal Rule of Civil Procedure 24(b)(1). The Fifth Circuit construes the "claim or defense portion of Rule 24(b) . . . liberally," and has, like every other circuit, "permitted intervention by nonparties who seek only to challenge record-related restrictions." *Team Fin.*, 80 F.4th at 577–78.

This motion is timely. It was only on November 29, 2023, that Judge Payne explained Charter's DOCSIS License defense to EFF and the public in his R&R. Dkt. 357. This Court decided Entropic's motion on the defense only on December 8, 2023. Dkt. 399. After discovering

13

the violations in this case, EFF promptly notified counsel for the parties on January 5, 2024. Morten Decl. ¶ 4. Pursuant to Local Rule CV-7, EFF met and conferred and diligently sought to resolve this dispute out of court. EFF exhausted meet and confer and reached an impasse with the parties only in February 2024. *Id.* ¶¶ 10–14. EFF's minimal delay weighs in favor of intervention. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–65 (5th Cir. 1977); *Team Fin.*, No. 2:16-CV-00432, 2024 WL 1149191 at *3–6 (E.D. Tex. Mar. 15, 2024).

Permitting EFF to intervene will not prejudice the parties: EFF does not seek to intervene on the merits of the substantive dispute between Entropic and Charter. EFF's intervention does not require the parties or the Court to revisit substantive issues already decided. Nor does it delay any decision on issues yet to be decided. EFF seeks to intervene only to request the parties to do what the public right of access requires: to seal sparingly and to file accompanying motions to seal. Moreover, the parties themselves have continued to raise and litigate sealing questions after the case was formally closed. Dkts. 415, 417, 420, 421, 422. A joint sealing motion of the parties remains pending. Dkts. 417, 422.

EFF is an appropriate intervenor. EFF is a public interest organization that informs the public on developments in patent law. *See supra* § II.A; *see also* Mackey Decl. ¶¶ 4–13. EFF itself will be prejudiced if the Court denies leave to intervene. Mackey Decl. ¶¶ 14–21.

Without EFF, the public has no champion in this case. The public has a strong interest in understanding the claims and defenses being made in this case. But the public is unable to do so because Entropic and Charter have repeatedly violated the public's right of access, proving themselves incapable of "protect[ing] the public's right of access" on their own, requiring the intervention of EFF to represent the public's interests. *BP Expl. & Prod.*, 920 F.3d at 211.

14

### IV.     Requested Relief

EFF respectfully asks the Court to confirm that the presumption of public access applies to the Sealed Filings (Dkts. 177, 215, 237, 267, 386 and their attachments). EFF asks the Court to affirm that the requirements of the Standing Order apply to all documents filed under seal on the public docket, and that the Protective Order does not absolve the parties of their duty to overcome the presumption of public access before withholding from the public information in dispositive motion papers. Accordingly, EFF asks that the Court unseal the Sealed Filings unless the parties submit accompanying motions to seal, which demonstrate sufficiently compelling reasons for secrecy exist to keep documents or portions thereof under seal. Further, EFF requests that the Court review those motions and make findings regarding whether the parties have met their burden to override the public's right of access before sealing any of those materials.

### V.     Conclusion

For the foregoing reasons, the Court should allow EFF to intervene and grant the relief that EFF seeks.

Dated: March 20, 2024                                     Respectfully submitted,[3]

*/s/ Christopher J. Morten*
Christopher J. Morten (admitted E.D. Tex.)
(NY Bar No. 5428107)
SCIENCE, HEALTH & INFORMATION CLINIC
MORNINGSIDE HEIGHTS LEGAL SERVICES, INC.
Columbia Law School
435 West 116 St, Room 831
New York, NY 10027
Tel: (212) 854-1845
cjm2002@columbia.edu
*Counsel of Record*
*Attorney for Proposed Intervenor*
*The Electronic Frontier Foundation*

---

[3] Counsel wishes to thank Columbia Law School students Sean Hong, Hiba Ismail, Stephanie Lim, and Gloria Yi for their many contributions to this motion.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). To ensure service on all counsel, I also emailed courtesy copies of this motion and associated filings to counsel of record for the parties on March 20, 2024.

*/s/ Christopher J. Morten*
Christopher J. Morten

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), I hereby certify that on January 26, 2024, I, counsel for EFF, conferred by telephone with counsel for the parties in a good faith effort to resolve the issues raised by this motion. Nick Lenning, counsel for Entropic, and Betsy Long, counsel for Charter, conferred with me. The parties and I were unable to resolve the issues raised in this motion, and we are at an impasse. While Entropic takes no position on this motion, Charter indicated that Charter opposes the relief requested in this motion.

*/s/ Christopher J. Morten*
Christopher J. Morten
