# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC<br><br>　Plaintiff,<br><br>　　v.<br><br>CHARTER COMMUNICATIONS, INC.<br><br>　Defendant. | Civil Action No. 2:22-cv-00125-JRG |

**DECLARATION OF CHRISTOPHER J. MORTEN IN SUPPORT OF THE ELECTRONIC FRONTIER FOUNDATION'S MOTION TO INTERVENE AND TO UNSEAL COURT RECORDS**

I, Christopher J. Morten, declare as follows:

1. I am the Director of the Science, Health, and Information Clinic of Morningside Heights Legal Services, Inc. at Columbia Law School, in New York, NY. I legally represent the Electronic Frontier Foundation ("EFF") in this action. I am duly licensed to practice law in the State of New York and am admitted to the bar of the Eastern District of Texas. I am also admitted to the bars of the Southern District of New York, the Eastern District of New York, the District of the District of Columbia, the Second Circuit, the Third Circuit, the Fourth Circuit, the Fifth Circuit, the Federal Circuit, and the United States Supreme Court.

2. This declaration is submitted in support of EFF's motion to intervene and to unseal court records in this case (hereinafter, "EFF's motion").

3. This declaration is made upon personal knowledge, except for those allegations made on information and belief, the sources of which are review of party documents, review of news articles, and investigation. If called upon to do so, I am competent to testify to all matters set forth herein.

**Meet & Confer**

4. On January 5, 2024, I, on behalf of EFF, emailed counsel for Entropic Communications, LLC ("Entropic") and Charter Communications, Inc. ("Charter") (together, "the parties"), to bring to their attention certain apparent violations of the public right of access to court records in this case. I expressed EFF's concern that the parties filed certain court records in this case under seal without any showing by the parties or judicial determination that the presumption of public access to these records was overcome. On behalf of EFF, I requested that the parties take certain remedial steps to resolve the apparent improprieties, including that the parties file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that the parties wish to keep sealed. I also asked the parties to let me know their availability to meet and confer, pursuant to Local Civil Rule 7, if they found themselves unwilling or unable to comply with EFF's requests.

5. On January 10, 2024, Betsy Long, counsel for Charter, responded to my email on both parties' behalf. She wrote the following:

> I respond on behalf of Plaintiff Entropic and Defendant Charter. The parties' filings under seal are proper. Local Rule CV-5 allows filing under seal if the document "contains a statement by counsel following the certificate of service that certifies that (1) a motion to seal the document has been filed, or (2) the court already has granted authorization to seal the document." Here, the protective order (Dkt. 36) states that "Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal." The parties' sealed filings in this case contain a statement by counsel pursuant to Local Rule CV-5 that references the protective order. As such, motions to seal are not required. Further, as the parties complied with the Court's rules, there is no need for a meet and confer.

6. On January 18, 2024, I responded to Betsy Long's email. I expressed EFF's disagreement with the parties' position. I reiterated and elaborated on EFF's position that protective orders do not and cannot exempt parties from their obligations to prove an entitlement to sealing, through motions to seal. I repeated EFF's requests that the parties file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that the parties wish to keep sealed. In an effort to resolve this dispute without requiring the attention of this Court, I emphasized EFF's desire to meet and confer.

7. On January 18, 2024, counsel for Entropic, Nick Lenning, emailed stating that Entropic was willing to meet and confer. On the same day, counsel for Charter, Betsy Long, emailed stating Charter's willingness to meet and confer.

8. On January 26, 2024, I met and conferred with Nick Lenning and Betsy Long, counsel for Entropic and Charter, respectively, over the phone, consistent with Local Civil Rule 7. In this meet and confer, I shared EFF's longstanding interest in reporting the development of precedent in patent cases, expressed EFF's specific interest in this case, expressed EFF's willingness to limit the scope of the dispute, and presented a narrower set of requests to Entropic and Charter, in an effort to reduce burden on the parties and to resolve the dispute without requiring the attention of this Court. I expressed EFF's willingness to focus the dispute on all filings and associated attachments related to just two motions—the license-defense-based-on-DOCSIS issue (raised in Dkt. 177 and related filings) and the devices-with-MaxLinear-Chips-as-noninfringing-alternatives issue (raised in Dkt. 179 and related filings)—rather than challenging all the parties' unsupported and improper sealing across the docket. I asked the parties whether they intend to comply with any part of EFF's requests and whether they would oppose EFF's potential motion to intervene for the limited purpose of unsealing court records. In the same meet and confer, counsel for Entropic stated that the information under seal in connection with these two motions is not Entropic's and that Entropic does not have a view on whether the information should remain sealed. Counsel for Charter stated that the information under seal in connection with these two motions is Charter's and/or one or more third parties', that all information currently under seal in connection with these two motions should remain under seal, and that sealing of all this information is proper, even in the absence of motions to seal, in view of the Protective Order (Dkt. 36).

9. On January 31, 2024, I sent a follow-up email providing a summary of the meet and confer call of January 26, 2024, along with a detailed description of EFF's potential motion to intervene for the limited purpose of unsealing certain court records related to these two motions, on the license-defense-based-on-DOCSIS issue (raised in Dkt. 177 and related filings) and the devices-with-MaxLinear-Chips-as-noninfringing-alternatives issue (raised in Dkt. 179 and related filings).

10. In my email of January 31, 2024, I informed the parties that if I did not hear from them by Friday, February 9, 2024, I would conclude that the parties are declining to take any of the remedial steps requested by EFF and that we are at an impasse.

11. At midnight after Friday, February 9, 2024, neither Entropic nor Charter had responded to my January 31, 2024 email. Thus, on the next business day, Monday, February 12, 2024, EFF and I concluded that Entropic and Charter would not take any of the remedial steps requested by EFF. EFF and I also concluded that we are at an impasse with Entropic and Charter, leaving open issues for the Court to resolve.

12. On February 23, 2024, I wrote to the parties, explaining that EFF and I concluded that we are at an impasse with Entropic and Charter. I stated that EFF intends to move the Court, as I described in my email of January 31. I noted that EFF intends to focus, in this motion, specifically on the Sealed Filings that concern the license-defense-based-on-DOCSIS issue. I noted that EFF reserves the right to challenge the sealing of other Sealed Filings in future motion practice. I asked Entropic and Charter whether each intends to oppose EFF's motion.

13. On February 23, 2024, Nick Lenning, counsel for Entropic, wrote that Entropic does not intend to oppose EFF's motion.

14. On February 26, 2024, Betsy Long, counsel for Charter, wrote that Charter intends to oppose EFF's motion.

15. As of March 19, 2024, neither Entropic nor Charter has complied with any part of EFF's requests, nor have they expressed a willingness to do so.

**News Coverage of This Case**

16. I am aware of the following news coverage of this case:

    a. Michael Shapiro, *Charter Bid to Dismiss Texas Patent Case Rejected by Fed. Cir.*, Bloomberg Law News (Sept. 5, 2023), https://www.bloomberglaw.com/product/blaw/bloomberglawnews/bloomberg-law-news/X4263V8000000.

    b. Eileen McDermott, *Federal Circuit Says Bid to Dismiss Case for Improper Venue Doesn't Meet Mandamus Standard*, IP Watchdog (Sept. 6, 2023), https://ipwatchdog.com/2023/09/06/federal-circuit-says-bid-dismiss-case-improper-venue-doesnt-meet-mandamus-standard/id=166459/.

c. Laurel Brubaker Calkins, *Charter, Entropic Settle Dispute Over Data-Transmission Patents*, Bloomberg Law News (Dec. 11, 2023), https://www.bloomberglaw.com/product/blaw/bloomberglawnews/bloomberg-law-news/X5IL8FEG000000.

**Exhibits**

17. This declaration places before the Court true and correct copies of certain copies of certain documents that are being submitted in support of EFF's motion.

18. Attached hereto as **Exhibit A** is EFF's Proposed Complaint in Intervention for Injunctive Relief, as required by Federal Rule of Civil Procedure 24(c).

19. Attached hereto as **Exhibit B** is an attorney-prepared table listing Sealed Filings that are currently sealed in this Court's docket, the sealing of which EFF now seeks judicial review of.

20. Attached hereto as **Exhibit C** is a true and correct copy of email correspondence between counsel for Entropic and Charter and myself, which shows, *inter alia*, that I first contacted the parties on January 5, 2024, and that I met and conferred with counsel for the parties on January 26, 2024.

21. Attached hereto as **Exhibit D** is EFF's Proposed Order Granting the Motion of the Electronic Frontier Foundation to Intervene and to Unseal Court Records.

22. Attached hereto as **Exhibit E** is an attorney-prepared document that highlights the egregious extent of sealing and redaction among the Sealed Filings defined in Exhibit B.

23. Attached hereto as **Exhibit F** is a true and correct copy of the following news story: Michael Shapiro, *Charter Bid to Dismiss Texas Patent Case Rejected by Fed. Cir.*, Bloomberg Law News (Sept. 5, 2023), https://www.bloomberglaw.com/product/blaw/bloomberglawnews/bloomberg-law-news/X4263V8000000.

24. Attached hereto as **Exhibit G** is a true and correct copy of the following news story: Laurel Brubaker Calkins, *Charter, Entropic Settle Dispute Over Data-Transmission Patents*, Bloomberg Law News (Dec. 11, 2023), https://www.bloomberglaw.com/product/blaw/bloomberglawnews/bloomberg-law-news/X5IL8FEG000000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed March 20, 2024 at New York, New York, USA.

Dated: March 20, 2024

                                                                                                     Respectfully submitted,

                                                                                                     */s/ Christopher J. Morten*
                                                                                                     Christopher Morten (admitted E.D. Tex.)
                                                                                                     (NY Bar No. 5428107)
                                                                                                     SCIENCE, HEALTH, AND
                                                                                                     INFORMATION CLINIC
                                                                                                     MORNINGSIDE HEIGHTS LEGAL
                                                                                                     SERVICES
                                                                                                     Columbia Law School
                                                                                                     Jerome Greene Hall, Room 831
                                                                                                     435 West 116th Street
                                                                                                     New York, NY 10027
                                                                                                     Tel: (212) 854-1845
                                                                                                     Fax: (212) 854-3554
                                                                                                     cjm2002@columbia.edu