# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG |

## COMPLAINT IN INTERVENTION FOR INJUNCTIVE RELIEF

Intervenor Electronic Frontier Foundation, on behalf of itself, by way of this Complaint in Intervention for Injunctive Relief, states and alleges as follows:

### THE INTERVENOR AND PARTIES

1. Intervenor Electronic Frontier Foundation ("EFF") is a registered nonprofit organization based in San Francisco, California, and works to defend civil liberties in the digital world. EFF champions free expression and innovation through impact litigation, policy analysis, grassroots activism, and technology development. EFF works to ensure that rights and freedoms are enhanced and protected as the use of technology grows. EFF is especially concerned with lack of transparency in patent litigation and the resulting inability of the public to fully understand asserted patents' and patent litigation's effects on innovation and creativity.

2. On information and belief, Entropic Communications, LLC ("Entropic") is a Delaware limited liability company headquartered in San Diego, California, with an office in Plano, Texas.

3. On information and belief, Charter Communications, Inc. ("Charter") is a limited

1

liability company incorporated in Delaware and headquartered in Stamford, Connecticut.

## JURISDICTION

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear causes of action brought under the permissive joinder rule of Federal Rule of Civil Procedure 24(b). This Court has federal question jurisdiction over causes of action that concern the public's "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597–98 (1978). This right of access is grounded in both common law and the First Amendment. *Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555, 573–75 (1980). To guarantee this right of access, a federal court possesses enduring jurisdiction over its own records and files and over causes of action that concern this right.

## STATEMENT OF FACTS

5. Entropic, a semiconductor products provider, filed this action against Charter, a leading telecommunications and mass media company, alleging that Charter had infringed its patents U.S. Patent No. 8,223,775, U.S. Patent 8,284,690, U.S. Patent 8,792,008, U.S. Patent 9,210,362, U.S. Patent 9,825,826, and U.S. Patent 10,135,682, all of which cover cable modem technology.

6. Entropic alleged that Charter infringed its patents by leasing, selling, and distributing cable modems and set top boxes ("STBs") widely used by millions of customers and incorporating the industry-leading Data Over Cable Service Interface Specification (DOCSIS) standard. Dkt. 1 at 3.

7. Following the parties' agreed motion (Dkt. 32), this Court issued a protective order on August 10, 2022 (Dkt. 36). Most of the order is copied verbatim from the Sample

Protective Order of This District ("Sample Protective Order").

8. After the Court entered the protective order, both parties filed numerous documents and associated exhibits under seal without motions to seal.

9. On September 11, 2023, Entropic moved for summary judgment of no license defense based on the Data Over Cable Service Interface Specification ("DOCSIS"). Dkts. 177, 272. The public version of Entropic's motion is heavily redacted, making it hard to understand. However, based on the case law cited in the motion, it seems Entropic may have argued that Charter is not entitled to a license defense based on DOCSIS because the patents-in-suit are not standard-essential to the DOCSIS specifications. Dkt. 272 at 5. Entropic never moved to seal its motion, and thus did not provide any justification for sealing. Every associated exhibit remains sealed. Dkt. 272.

10. From September to October 2023, Charter and Entropic filed briefs under seal without a motion to seal and without further elaboration. Dkts. 215, 237, 276. They filed heavily redacted public versions of each filing, making it difficult for the public to understand Charter's asserted defense and Entropic's arguments against it. Dkts. 224, 272, 276, 314. Even a portion of a table of contents is redacted. Dkt. 224 at ii. Some exhibit names are, too. Dkt. 224-1 at 1–2.

11. In November 2023, Judge Roy Payne issued a Report and Recommendation ("R&R"), which explained Charter's DOCSIS defense for the first time. Dkt. 357. Judge Payne recommended denial-in-part and grant-in-part. *Id.* at 9. The Court later adopted the R&R, thus making important precedent on these questions. Dkt. 399. What little the public can glean about the DOCSIS dispute is through the limited information Judge Payne revealed in his R&R, which was entirely unredacted. In the R&R, the public learned for the first time that the two key issues are (1) what the DOCSIS License means by "Licensed Technology" as a matter of contract

3

interpretation and (2) whether Charter has plausibly shown any of the patents at issue fall within the meaning of "Licensed Technology." Dkt. 357 at 3. The latter issue is of particular importance to the public, as it implicates the legal standard to evaluate whether a given patent is "essential" to a technical standard (and is, therefore, a standard-essential patent).

12. In December 2023, Charter filed a sealed objection to the R&R. Dkt. 386. The public version was heavily redacted; since there was no motion to seal, there was no justification for those redactions. Dkt. 412. The public version of Charter's objection sheds no new light on the two key issues that underlie the DOCSIS License defense.

13. For the Court's convenience, EFF has below compiled a consolidated table of the sealed motion papers that concern Charter's asserted DOCSIS License defense. For ease of reference, EFF deems these sealed papers the "Sealed Filings." It is these papers' sealing that EFF now challenges.

| *The "Sealed Filings"* | *Dkt. # of Public Version* | *Sealing Status* |
|---|---|---|
| **Entropic's Summary Judgment Motion** | 272 | Approximately 41% of lines redacted |
| Exhibit A: DOCSIS License | *nonexistent* | Entirely sealed |
| Exhibit B: Daniel Boglioli Deposition | *nonexistent* | Entirely sealed |
| Exhibit C: Dr. Kevin Almeroth Deposition | *nonexistent* | Entirely sealed |
| Exhibit D: Expert Report of Dr. Kevin Almeroth | *nonexistent* | Entirely sealed |
| **Charter's Response** | 224 | Approximately 76% of lines redacted |
| The Declaration of Elizabeth Long, which contains sealed exhibit labels describing the materials attached to Charter's response. | 224-1 | Approximately 23% of lines redacted |
| Exhibit E: Opening Expert Report of David O. Taylor | 224-2 | Entirely sealed |
| Exhibit F: Rebuttal Expert Report of Dr. Shukri Souri | 224-3 | Entirely sealed |
| Exhibit G: [Name redacted] | 224-4 | Entirely sealed |
| Exhibit H: Opening Expert Report of Dr. Shukri Souri | 224-5 | Entirely sealed |
| Exhibit J: [Name redacted] | 224-7 | Entirely sealed |
| Exhibit K: [Name redacted] | 224-8 | Entirely sealed |
| Exhibit L: [Name redacted] | 224-9 | Entirely sealed |
| Exhibit M: [Name redacted] | 224-10 | Entirely sealed |
| Exhibit N: [Name redacted] | 224-11 | Entirely sealed |
| Exhibit O: [Name redacted] | 224-12 | Entirely sealed |
| Exhibit P: [Name redacted] | 224-13 | Entirely sealed |
| Exhibit R: Opening Expert Report of Dr. Richard A. Kramer | 224-15 | Entirely sealed |
| Exhibit V: Dr. Shukri Souri Deposition | 224-19 | Entirely sealed |
| Exhibit W: Rebuttal Expert Report of Dr. Kevin Almeroth | 224-20 | Entirely sealed |
| Exhibit X: Entropic's Second Supplemental Infringement Contentions | 224-21 | Entirely sealed |
| **Entropic's Reply** | 276 | Approximately 7% of lines redacted |
| Declaration of James Shimota | *nonexistent* | Entirely sealed |
| Exhibit E | *nonexistent* | Entirely sealed |
| **Charter's Sur-Reply** | 314 | Approximately 26% of lines redacted |
| **Charter's Objection to Judge Payne's Report and Recommendation** | 412 | Approximately 6% of lines redacted |

14. For all the Sealed Filings, neither party filed a motion to seal nor otherwise demonstrated that the disclosure of any information sought to be protected creates a risk of harm that outweighs the strong presumption in favor of public access to judicial proceedings. This is despite the fact that they contain important legal arguments likely to recur in patent cases.

15. The public versions of the Sealed Filings are so heavily redacted that EFF is unable to understand the parties' arguments.

16. On January 5, 2024, EFF emailed Entropic and Charter, flagging widespread violations of the public right of access in this case, including unjustified sealing of the motion papers described above. Morten Decl. ¶ 4; *see also* Morten Decl. Ex. C at 15.

17. On January 10, 2024, the parties jointly responded that "[t]he parties' sealed filings in this case contain a statement by counsel pursuant to Local Rule CV-5 that references the protective order. As such, motions to seal are not required." Morten Decl. Ex. C at 15.

18. On January 18, 2024, EFF emailed the parties, explaining that this Court's Standing Order and binding case law do not permit unjustified sealing and further explaining that the Protective Order cannot supersede these sources of law. *Id.* at 13–14.

19. On January 26, 2024, EFF met and conferred with Entropic and Charter. Morten Decl. ¶ 8. Counsel for Entropic stated that Entropic does not have a view on whether the information should remain sealed, and that Entropic will not take any action. *Id.* Counsel for Charter reiterated the position that sealing is justified under the Protective Order. *Id.* Shortly after the meet and confer, EFF formally offered to narrow the dispute to a small set of documents, in an effort to resolve the dispute out of court. *Id.* EFF asked the parties to file appropriate motions to seal for all records, or portions thereof, currently under seal in this

6

docket, that concern the DOCSIS License defense and one other dispositive motion[3] and that the parties wish to keep sealed. *Id.* ¶ 9. Furthermore, EFF asked the parties to re-file on the docket any currently sealed records that the parties do not wish to keep sealed promptly, in unsealed, publicly accessible form. *Id.*

20. Both Entropic and Charter declined to take the action requested by EFF. *Id.* ¶¶ 11, 15. As such, EFF remains unable to examine the Sealed Filings.

21. EFF finds itself at an impasse and files this motion challenging the sealing of the Sealed Filings.

## COUNT I

### (Violation of Common Law and First Amendment Right of Access)

22. Intervenor EFF incorporates by reference paragraphs 1 through 21 above, as if fully set forth herein.

23. Federal court records are presumptively open and available to the public.

24. EFF and the public have First Amendment and common law rights to access and to inspect records filed with the federal court, absent a court determination favoring nondisclosure. Courts should exercise their power to seal judicial records sparingly and, to the extent that any sealing is necessary, only permit sealing congruent with need.

25. By excessively sealing court records and related docket information, the parties have violated EFF's First Amendment and common law rights to access information submitted to this Court.

### EFF'S PRAYER FOR RELIEF

EFF incorporates by reference each of the preceding paragraphs as if fully set forth herein. EFF prays for relief as follows and respectfully asks the Court to:

7

a. Enter judgment in favor of Intervenor EFF, and against parties Entropic and Charter, finding that Intervenor's rights have been violated to the extent that the parties do not demonstrate that their interests favoring sealing overcome the presumption of public access for each and every Sealed Filing or portion thereof;

b. Order the unsealing of the Sealed Filings unless the parties submit accompanying motions to seal, which demonstrate sufficiently compelling reasons for secrecy exist to keep documents or portions thereof under seal;

c. In the event that the party or parties file such a motion, review those motions and make findings regarding whether the parties have met their burden to override the public's right of access before sealing any of those materials; and

d. Grant EFF such other and further relief as this Court deems just and proper.

Dated: March 20, 2024

By:
*/s/ Christopher J. Morten*
Christopher Morten (admitted E.D. Tex.)
(NY Bar No. 5428107)
SCIENCE, HEALTH, AND INFORMATION CLINIC
Jerome Greene Hall, Room 831
435 West 116th Street
New York, NY 10027
Tel: (212) 854-1845
Fax: (212) 854-3554
cjm2002@columbia.edu

*Counsel of Record*
*Attorney for Proposed Intervenor*
*Electronic Frontier Foundation*

8