# EXHIBIT  C

**Tuesday, February 27, 2024 at 09:54:27 Eastern Standard Time**

---

| | |
|---|---|
| **Subject:** | RE: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing |
| **Date:** | Monday, February 26, 2024 at 9:14:19 AM Eastern Standard Time |
| **From:** | Long, Betsy |
| **To:** | Christopher Morten, Lenning, Nicholas F., Allor, Katherine, Benyacar, David, Blair, Matthew A., Boardman, Albert, Bridges, Kenneth -EXTERNAL, Brown, Ketajh M., Brown, Melissa, Carr, Thomas, Cohn, Marc A., ddacus@dacusfirm.com, DeWitt, Amy, Engel, Jason A., ce@wsfirm.com, andrea@wsfirm.com, Ghavimi, Darlene F., Goodrich, Christina N., Hartjes, Jennie -EXTERNAL, wh@wsfirm.com, alittmann@goldmanismail.com, Louden, William, Mayani, Palak, Meggs, Connor J., Nemirovsky, Zachary, Neufeld, Courtney A., Pieja, Michael -EXTERNAL, Reisner, Daniel, Richey, Samuel P., Shapland, Eric, Shimota, Jim A., Soskin, Peter E., Steiert, Natalie, Summerfield, George, jw@wsfirm.com, Winnard, Doug -EXTERNAL, Young, Jr., William, Zhang, Shaun -EXTERNAL |
| **CC:** | Hiba Iqbal Ismail, Gloria J Yi, sh4376@columbia.edu |
| **Attachments:** | image001.png, image002.png, image003.png |

Charter opposes the motion.

_____

Betsy Long
Counsel | Bio

## Arnold&Porter

250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.8067
Elizabeth.Long@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Christopher Morten <cjm2002@columbia.edu>
**Sent:** Friday, February 23, 2024 3:30 PM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>; Allor, Katherine <Katy.Allor@klgates.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Blair, Matthew A. <Matthew.Blair@klgates.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Bridges, Kenneth -EXTERNAL <bridgesip@icloud.com>; Brown, Ketajh M. <Ketajh.Brown@klgates.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Carr, Thomas <Thomas.Carr@arnoldporter.com>; Cohn, Marc A. <Marc.Cohn@arnoldporter.com>; zzz.External.ddacus@dacusfirm.com <ddacus@dacusfirm.com>; DeWitt, Amy <Amy.DeWitt@arnoldporter.com>; Engel, Jason A. <jason.engel@klgates.com>; ce@wsfirm.com; zzz.External.andrea@wsfirm.com <andrea@wsfirm.com>; Ghavimi, Darlene

F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N.
<Christina.Goodrich@klgates.com>; Hartjes, Jennie -EXTERNAL
<jhartjes@goldmanismail.com>; zzz.External.wh@wsfirm.com <wh@wsfirm.com>;
zzz.External.alittmann@goldmanismail.com <alittmann@goldmanismail.com>; Louden,
William <William.Louden@arnoldporter.com>; Mayani, Palak
<Palak.Mayani@arnoldporter.com>; Meggs, Connor J. <Connor.Meggs@klgates.com>;
Nemirovsky, Zachary <Zachary.Nemirovsky@arnoldporter.com>; Neufeld, Courtney A.
<Courtney.Neufeld@klgates.com>; Pieja, Michael -EXTERNAL
<mpieja@goldmanismail.com>; Reisner, Daniel <Daniel.Reisner@arnoldporter.com>; Richey,
Samuel P. <Samuel.Richey@klgates.com>; Shapland, Eric
<Eric.Shapland@arnoldporter.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Soskin,
Peter E. <Peter.Soskin@klgates.com>; Steiert, Natalie <Natalie.Steiert@arnoldporter.com>;
Summerfield, George <George.Summerfield@klgates.com>; jw@wsfirm.com; Winnard, Doug
-EXTERNAL <dwinnard@goldmanismail.com>; Young, Jr., William
<William.Young@arnoldporter.com>; Zhang, Shaun -EXTERNAL
<szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>; Gloria J Yi <gjy2110@columbia.edu>;
sh4376@columbia.edu; Christopher Morten <cjm2002@columbia.edu>
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket
No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy
apparent over-sealing

External E-mail

Dear Nick and Betsy,

I write to follow up on our email thread below.

I did not receive any response from you or other counsel for Entropic and Charter to my email
of January 31, 2024.  As such, EFF and I conclude that Entropic and Charter will not take any
of the remedial steps requested by EFF.  EFF and I conclude that we are at an impasse,
leaving open issues for the Court to resolve.

In light of the impasse, EFF intends to move the Court, as I described in my email of January
31.  I note that EFF intends to focus, in this forthcoming motion, specifically on the Sealed
Filings that concern the license-defense-based-on-DOCSIS issue.  EFF reserves the right to
challenge the sealing of other Sealed Filings in a future motion.

Nick and Betsy, please let me know by Thursday, February 29 whether Entropic and Charter,
respectively, intend to oppose EFF's forthcoming motion.

Best regards,

Chris

On Wed, Jan 31, 2024 at 1:10 PM Christopher Morten <cjm2002@columbia.edu> wrote:

> Hi Nick and Betsy,

Thank you for the meet and confer call we held on Friday, January 26. I appreciate your time. Nick spoke on behalf of Entropic, and Betsy on behalf of Charter. I spoke on behalf of EFF.

At the end of our call, I promised to email in follow-up with a summary of Friday's call and a detailed description of EFF's potential motion to intervene for the limited purpose of unsealing certain court records related to the two summary judgment motions we discussed. Please find both below.

***Summary of Friday's call***

On Friday's call, I explained EFF's longstanding interest in reporting the development of precedent in patent cases. I explained that the *Entropic v. Charter* case struck EFF's interest in part because of two important legal issues recently decided by Judge Gilstrap on summary judgment. These two issues are the license-defense-based-on-DOCSIS issue (raised in Dkt. #177) and the devices-with-MaxLinear-Chips-as-noninfringing-alternatives issue (raised in Dkt. #179) that I flagged in emails earlier this month. I explained that EFF and the broader public have difficulty understanding Judge Payne's recommendations and Judge Gilstrap's ultimate decisions on these important issues because so much of the evidence and so much of the parties' argumentation is currently redacted or otherwise excluded from the public versions of the relevant documents.

On Friday's call, Nick, you said that the information under seal in connection with these two issues is not Entropic's and that Entropic does not have a view on whether the information should remain sealed. Betsy, you said that the information under seal in connection with these two issues is Charter's and/or one or more third parties'. Betsy, you also said that it is Charter's view that all information currently under seal in connection with these two issues should remain under seal. Betsy, you reiterated Charter's view that sealing of all this information is proper, even in the absence of motions to seal, in view of the Protective Order (Dkt. #36). I reiterated EFF's view to the contrary, laid out in my emails of January 5 and January 18, below, that sealing absent motions to seal and judicial review is improper. I reiterated EFF's view that the Protective Order does not control here. More specifically, I reiterated EFF's view that any language in the Protective Order that can be read to purport to exempt the parties from any obligation to justify sealing is overridden by Judge Gilstrap's [Standing Order Regarding Protection of Proprietary and/or Confidential Information](#) as well as binding case law (cited in my emails below), which require that the proponent of sealing prove an entitlement to sealing that overcomes the presumption of public access, via a motion to seal.

Nick, Betsy, if I misunderstand any part of what you said on Friday, please let me know.

***Description of EFF's potential motion***

As we discussed on Friday, EFF is willing to limit the scope of the dispute, in the interest of narrowing this dispute to specific information of high importance to EFF

and the broader public and reducing burden on the parties (and potentially the Court). Rather than challenge unsupported and improper sealing across the docket, EFF is willing to focus the dispute on the following redacted and sealed filings, all of which (to EFF's understanding) concern the license-defense-based-on-DOCSIS issue or the devices-with-MaxLinear-Chips-as-noninfringing-alternatives issue. Specifically, EFF challenges the unsupported sealing of the following filings, which I'll refer to hereafter as the "Sealed Filings":

- Filings concerning the license-defense-based-on-DOCSIS issue:

    - Entropic's summary judgment motion and associated attachments, Dkt. #177 (sealed version) and Dkt. #272 (redacted public version).

        - I note that Dkt. #272-1, the public version of a Declaration of James A. Shimota in support of Entropic's motion, references Exhibits A-D. No public versions of any of Exhibits A-D appear to exist. EFF challenges the unsupported sealing of Exhibits A-D.

    - Charter's response and associated attachments, Dkt. #215 (sealed version) and Dkt. #224 (redacted public version).

        - I note that Dkt. #224-1, the public version of a Declaration of Elizabeth Long in support of Charter's opposition, references Exhibits E-X. Exhibits E, F, G, H, J, K, L, M, N, O, P, R, V, W, and X are sealed entirely, with no public versions (even in partially redacted form). In addition, redactions to the declaration redact even the names of some exhibits. EFF challenges the unsupported redactions made to the declaration and challenges the unsupported sealing of Exhibits E, F, G, H, J, K, L, M, N, O, P, R, V, W, and X.

    - Entropic's reply and associated attachments, Dkt. #237 (sealed version) and Dkt. #276 (redacted public version).

        - I note that the PACER docket entry for Dkt. #237 references a Declaration of James Shimota and an Exhibit E. The public version, Dkt. #276, lacks the declaration and Exhibit E. EFF challenges the unsupported sealing of the declaration and Exhibit E.

    - Charter's sur-reply, Dkt. #267 (sealed version) and Dkt. #314 (redacted public version).
    - Charter's objection to Judge Payne's report & recommendation, Dkt. #386 (sealed version) and Dkt. #412 (redacted public version).

- Filings concerning the devices-with-MaxLinear-chips-as-noninfringing-alternatives issue:

    - Entropic's summary judgment motion and associated attachments, Dkt. #179 (sealed version) and #274 (redacted public version).

- I note that Dkt. #274-1, the public version of a Declaration of James A. Shimota in support of Entropic's motion, references Exhibits A-F. No public versions of any of Exhibits A-F appear to exist. EFF challenges the unsupported sealing of Exhibits A-F.

    - Charter's response and associated attachments, Dkt. #211 (sealed version) and Dkt. #221 (redacted public version).

        - I note that Dkt. #221-1, the public version of a Declaration of Elizabeth Long in support of Charter's opposition, references Exhibits G-N. Exhibits G-N are sealed entirely, with no public versions (even in partially redacted form). In addition, redactions to the declaration redact the names of all these exhibits. EFF challenges the unsupported redactions made to the declaration and challenges the unsupported sealing of Exhibits G-N.

    - Entropic's reply, Dkt. #242 (sealed version) and Dkt. #280 (redacted public version).
    - Charter's sur-reply, Dkt. #268 (sealed version) and Dkt. #315 (redacted public version).

EFF's request to the parties vis-à-vis these Sealed Filings is the same request I made in my emails of January 5 and 18 and again on our call on Friday:
EFF requests that Entropic and Charter file appropriate motions to seal any of the Sealed Filings that they wish to keep sealed. Motions to seal should establish that legally sufficient reasons exist to justify ongoing secrecy. Any of the Sealed Filings that Entropic and Charter do not wish to keep sealed should be re-filed on the docket, promptly, in unsealed, publicly accessible form.

Based on our call on Friday, I understand it's unlikely that either Entropic or Charter will take this step. But, to be sure: Nick and Betsy, please confirm whether Entropic and Charter will take these steps.

In the event that Entropic and Charter do not take the steps requested by EFF and we find ourselves at an impasse, EFF is prepared to move. Specifically, EFF would file a motion to intervene in the case for the limited purpose of challenging the sealing of the Sealed Filings enumerated above. EFF would ask the Court to clarify what the law is. The specific relief that EFF's motion would seek mirrors what EFF has requested directly from the parties: EFF would ask the Court to order the parties to identify filings among the Sealed Filings that they wish to keep sealed and to order any party seeking ongoing secrecy to file appropriate motions to seal these filings. EFF would ask the Court to decide those motions to seal, weighing the interest in secrecy against the presumption of public access, and then take appropriate steps to vindicate the public right of access, such as asking the parties to re-file unsealed or less heavily redacted versions. If there is any information among the Sealed Filings that neither party wishes to keep sealed and that neither party moves to seal, EFF would ask the Court to order that information unsealed.

Nick, Betsy, please let me know whether Entropic and Charter would oppose such a motion from EFF. Please also let me know of any questions you have. I would be glad to talk again, in an effort to resolve this dispute out of court.

If I do not hear from Entropic or Charter by February 9, I will conclude that the party is declining to take the steps requested by EFF and conclude that we are at an impasse.

One last administrative point: I'm CCing here two Columbia Law students in my clinic who now represent EFF with Hiba and me. They are Gloria Yi and Sean Hong.

Thanks again, and best,

Chris

---

**From:** Christopher Morten <cjm2002@columbia.edu>
**Date:** Saturday, January 20, 2024 at 9:50 AM
**To:** "Lenning, Nicholas F." <Nicholas.Lenning@klgates.com>, "Long, Betsy" <Elizabeth.Long@arnoldporter.com>, "Allor, Katherine" <Katy.Allor@klgates.com>, "Benyacar, David" <David.Benyacar@arnoldporter.com>, "Blair, Matthew A." <Matthew.Blair@klgates.com>, "Boardman, Albert" <Albert.Boardman@arnoldporter.com>, "Bridges, Kenneth -EXTERNAL" <bridgesip@icloud.com>, "Brown, Ketajh M." <Ketajh.Brown@klgates.com>, "Brown, Melissa" <Melissa.Brown@arnoldporter.com>, "Carr, Thomas" <Thomas.Carr@arnoldporter.com>, "Cohn, Marc A." <Marc.Cohn@arnoldporter.com>, "Dacus, Deron (EXTERNAL)" <ddacus@dacusfirm.com>, "DeWitt, Amy" <Amy.DeWitt@arnoldporter.com>, "Engel, Jason A." <jason.engel@klgates.com>, "ce@wsfirm.com" <ce@wsfirm.com>, "andrea@wsfirm.com" <andrea@wsfirm.com>, "Ghavimi, Darlene F." <Darlene.Ghavimi@klgates.com>, "Goodrich, Christina N." <Christina.Goodrich@klgates.com>, "Hartjes, Jennie -EXTERNAL" <jhartjes@goldmanismail.com>, "wh@wsfirm.com" <wh@wsfirm.com>, "Littmann, Alan E (EXTERNAL)" <alittmann@goldmanismail.com>, "Louden, William" <William.Louden@arnoldporter.com>, "Mayani, Palak" <Palak.Mayani@arnoldporter.com>, "Meggs, Connor J." <Connor.Meggs@klgates.com>, "Nemirovsky, Zachary" <Zachary.Nemirovsky@arnoldporter.com>, "Neufeld, Courtney A." <Courtney.Neufeld@klgates.com>, "Pieja, Michael -EXTERNAL" <mpieja@goldmanismail.com>, "Reisner, Daniel" <Daniel.Reisner@arnoldporter.com>, "Richey, Samuel P." <Samuel.Richey@klgates.com>, "Shapland, Eric -EXTERNAL" <Eric.Shapland@arnoldporter.com>, "Shimota, Jim A." <Jim.Shimota@klgates.com>, "Soskin, Peter E." <Peter.Soskin@klgates.com>, "Steiert, Natalie" <Natalie.Steiert@arnoldporter.com>, "Summerfield, George"

<George.Summerfield@klgates.com>, "jw@wsfirm.com" <jw@wsfirm.com>, "Winnard, Doug -EXTERNAL" <dwinnard@goldmanismail.com>, "Young, Jr., William" <William.Young@arnoldporter.com>, "Zhang, Shaun -EXTERNAL" <szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

Hi Nick,

I'm glad to hear Entropic can join.  I just sent a calendar invite with the dial-in info.  I look forward to speaking on the 26th.

Hope you and your teams have a great weekend.

Chris

---

**From:** "Lenning, Nicholas F." <Nicholas.Lenning@klgates.com>
**Date:** Friday, January 19, 2024 at 5:51 PM
**To:** "cjm2002@columbia.edu" <cjm2002@columbia.edu>, "Long, Betsy" <Elizabeth.Long@arnoldporter.com>, "Allor, Katherine" <Katy.Allor@klgates.com>, "Benyacar, David" <David.Benyacar@arnoldporter.com>, "Blair, Matthew A." <Matthew.Blair@klgates.com>, "Boardman, Albert" <Albert.Boardman@arnoldporter.com>, "Bridges, Kenneth -EXTERNAL" <bridgesip@icloud.com>, "Brown, Ketajh M." <Ketajh.Brown@klgates.com>, "Brown, Melissa" <Melissa.Brown@arnoldporter.com>, "Carr, Thomas" <Thomas.Carr@arnoldporter.com>, "Cohn, Marc A." <Marc.Cohn@arnoldporter.com>, "Dacus, Deron (EXTERNAL)" <ddacus@dacusfirm.com>, "DeWitt, Amy" <Amy.DeWitt@arnoldporter.com>, "Engel, Jason A." <jason.engel@klgates.com>, "ce@wsfirm.com" <ce@wsfirm.com>, "andrea@wsfirm.com" <andrea@wsfirm.com>, "Ghavimi, Darlene F." <Darlene.Ghavimi@klgates.com>, "Goodrich, Christina N." <Christina.Goodrich@klgates.com>, "Hartjes, Jennie -EXTERNAL" <jhartjes@goldmanismail.com>, "wh@wsfirm.com" <wh@wsfirm.com>, "Littmann, Alan E (EXTERNAL)" <alittmann@goldmanismail.com>, "Louden, William" <William.Louden@arnoldporter.com>, "Mayani, Palak" <Palak.Mayani@arnoldporter.com>, "Meggs, Connor J." <Connor.Meggs@klgates.com>, "Nemirovsky, Zachary" <Zachary.Nemirovsky@arnoldporter.com>, "Neufeld, Courtney A." <Courtney.Neufeld@klgates.com>, "Pieja, Michael -EXTERNAL" <mpieja@goldmanismail.com>, "Reisner, Daniel" <Daniel.Reisner@arnoldporter.com>, "Richey, Samuel P." <Samuel.Richey@klgates.com>, "Shapland, Eric -EXTERNAL" <Eric.Shapland@arnoldporter.com>, "Shimota, Jim A." <Jim.Shimota@klgates.com>, "Soskin, Peter E." <Peter.Soskin@klgates.com>, "Steiert, Natalie" <Natalie.Steiert@arnoldporter.com>, "Summerfield, George" <George.Summerfield@klgates.com>, "jw@wsfirm.com" <jw@wsfirm.com>,

"Winnard, Doug -EXTERNAL" <dwinnard@goldmanismail.com>, "Young, Jr., William" <William.Young@arnoldporter.com>, "Zhang, Shaun -EXTERNAL" <szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

Entropic can make that work. Please send a calendar invite. Thank you.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

**From:** cjm2002@columbia.edu <cjm2002@columbia.edu>
**Sent:** Friday, January 19, 2024 2:30 PM
**To:** Long, Betsy <Elizabeth.Long@arnoldporter.com>; Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Allor, Katherine <Katy.Allor@klgates.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Blair, Matthew A. <Matthew.Blair@klgates.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Bridges, Kenneth -EXTERNAL <bridgesip@icloud.com>; Brown, Ketajh M. <Ketajh.Brown@klgates.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Carr, Thomas <Thomas.Carr@arnoldporter.com>; Cohn, Marc A. <Marc.Cohn@arnoldporter.com>; Dacus, Deron (EXTERNAL) <ddacus@dacusfirm.com>; DeWitt, Amy <Amy.DeWitt@arnoldporter.com>; Engel, Jason A. <jason.engel@klgates.com>; ce@wsfirm.com; andrea@wsfirm.com; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>; Hartjes, Jennie -EXTERNAL <jhartjes@goldmanismail.com>; wh@wsfirm.com; Littmann, Alan E (EXTERNAL) <alittmann@goldmanismail.com>; Louden, William <William.Louden@arnoldporter.com>; Mayani, Palak <Palak.Mayani@arnoldporter.com>; Meggs, Connor J. <Connor.Meggs@klgates.com>; Nemirovsky, Zachary <Zachary.Nemirovsky@arnoldporter.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Pieja, Michael -EXTERNAL <mpieja@goldmanismail.com>; Reisner, Daniel <Daniel.Reisner@arnoldporter.com>; Richey, Samuel P. <Samuel.Richey@klgates.com>; Shapland, Eric -EXTERNAL <Eric.Shapland@arnoldporter.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Soskin, Peter E. <Peter.Soskin@klgates.com>; Steiert, Natalie <Natalie.Steiert@arnoldporter.com>; Summerfield, George <George.Summerfield@klgates.com>; jw@wsfirm.com; Winnard, Doug -EXTERNAL <dwinnard@goldmanismail.com>; Young, Jr., William <William.Young@arnoldporter.com>; Zhang, Shaun -EXTERNAL <szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket

No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

Hi Betsy,

Thanks for your availability, and for letting me know that Charter is willing to meet and confer.

Betsy, Nick, It looks like Friday Jan. 26 at 9:30 Pacific / 11:30 Central / 12:30 Eastern works for everyone.  Let's please plan to talk then.  Here is a dial-in we can use:

> Topic: Entropic-Charter-EFF discussion of sealed court records
> Time: Jan 26, 2024 12:30 PM Eastern Time (US and Canada)
> +1 646 876 9923 US (New York)
> Meeting ID: 914 7635 5970
> Passcode: 560911

Please let me know of any questions.  I look forward to speaking on the 26th.

Best regards, and thanks again,

Chris

---

**From:** Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Date:** Thursday, January 18, 2024 at 6:25 PM
**To:** Christopher Morten <cjm2002@columbia.edu>, Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>, Allor, Katherine <Katy.Allor@klgates.com>, Benyacar, David <David.Benyacar@arnoldporter.com>, Blair, Matthew A. <Matthew.Blair@klgates.com>, Boardman, Albert <Albert.Boardman@arnoldporter.com>, Bridges, Kenneth -EXTERNAL <bridgesip@icloud.com>, Brown, Ketajh M. <Ketajh.Brown@klgates.com>, Brown, Melissa <Melissa.Brown@arnoldporter.com>, Carr, Thomas <Thomas.Carr@arnoldporter.com>, Cohn, Marc A. <Marc.Cohn@arnoldporter.com>, ddacus@dacusfirm.com <ddacus@dacusfirm.com>, DeWitt, Amy <Amy.DeWitt@arnoldporter.com>, Engel, Jason A. <jason.engel@klgates.com>, ce@wsfirm.com <ce@wsfirm.com>, andrea@wsfirm.com <andrea@wsfirm.com>, Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>, Goodrich, Christina N. <Christina.Goodrich@klgates.com>, Hartjes, Jennie -EXTERNAL <jhartjes@goldmanismail.com>, wh@wsfirm.com <wh@wsfirm.com>, alittmann@goldmanismail.com <alittmann@goldmanismail.com>, Louden, William <William.Louden@arnoldporter.com>, Mayani, Palak <Palak.Mayani@arnoldporter.com>, Meggs, Connor J. <Connor.Meggs@klgates.com>, Nemirovsky, Zachary <Zachary.Nemirovsky@arnoldporter.com>, Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>, Pieja, Michael -EXTERNAL <mpieja@goldmanismail.com>, Reisner, Daniel <Daniel.Reisner@arnoldporter.com>, Richey, Samuel P. <Samuel.Richey@klgates.com>, Shapland, Eric <Eric.Shapland@arnoldporter.com>, Shimota, Jim A. <Jim.Shimota@klgates.com>, Soskin, Peter E. <Peter.Soskin@klgates.com>, Steiert, Natalie

<Natalie.Steiert@arnoldporter.com>, Summerfield, George
<George.Summerfield@klgates.com>, jw@wsfirm.com <jw@wsfirm.com>, Winnard,
Doug -EXTERNAL <dwinnard@goldmanismail.com>, Young, Jr., William
<William.Young@arnoldporter.com>, Zhang, Shaun -EXTERNAL
<szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al,
Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier
Foundation to remedy apparent over-sealing

Charter is available Friday at 9:30-10:30 Pacific / 11:30-12:30 Central / 12:30-1:30 Eastern.

---

Betsy Long
Counsel | Bio

Arnold&Porter

250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.8067
Elizabeth.Long@arnoldporter.com
www.arnoldporter.com | LinkedIn

**From:** Christopher Morten <cjm2002@columbia.edu>
**Sent:** Thursday, January 18, 2024 4:08 PM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Long, Betsy
<Elizabeth.Long@arnoldporter.com>; Allor, Katherine <Katy.Allor@klgates.com>;
Benyacar, David <David.Benyacar@arnoldporter.com>; Blair, Matthew A.
<Matthew.Blair@klgates.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>;
Bridges, Kenneth -EXTERNAL <bridgesip@icloud.com>; Brown, Ketajh M.
<Ketajh.Brown@klgates.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Carr,
Thomas <Thomas.Carr@arnoldporter.com>; Cohn, Marc A.
<Marc.Cohn@arnoldporter.com>; zzz.External.ddacus@dacusfirm.com
<ddacus@dacusfirm.com>; DeWitt, Amy <Amy.DeWitt@arnoldporter.com>; Engel, Jason
A. <jason.engel@klgates.com>; ce@wsfirm.com; zzz.External.andrea@wsfirm.com
<andrea@wsfirm.com>; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich,
Christina N. <Christina.Goodrich@klgates.com>; Hartjes, Jennie -EXTERNAL
<jhartjes@goldmanismail.com>; zzz.External.wh@wsfirm.com <wh@wsfirm.com>;
zzz.External.alittmann@goldmanismail.com <alittmann@goldmanismail.com>; Louden,
William <William.Louden@arnoldporter.com>; Mayani, Palak
<Palak.Mayani@arnoldporter.com>; Meggs, Connor J. <Connor.Meggs@klgates.com>;
Nemirovsky, Zachary <Zachary.Nemirovsky@arnoldporter.com>; Neufeld, Courtney A.
<Courtney.Neufeld@klgates.com>; Pieja, Michael -EXTERNAL
<mpieja@goldmanismail.com>; Reisner, Daniel <Daniel.Reisner@arnoldporter.com>;
Richey, Samuel P. <Samuel.Richey@klgates.com>; Shapland, Eric
<Eric.Shapland@arnoldporter.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>;
Soskin, Peter E. <Peter.Soskin@klgates.com>; Steiert, Natalie
<Natalie.Steiert@arnoldporter.com>; Summerfield, George
<George.Summerfield@klgates.com>; jw@wsfirm.com; Winnard, Doug -EXTERNAL
<dwinnard@goldmanismail.com>; Young, Jr., William <William.Young@arnoldporter.com>;
Zhang, Shaun -EXTERNAL <szhang@goldmanismail.com>

**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

External E-mail

Hi Nick,

Thanks for your email.  Here are some windows next week that I'm available to meet and confer.  Please let me know if any of these work for you and other attorneys for Entropic.


1. Wednesday 1/24

    1. 7-9 Pacific / 9-11 Central / 10-noon Eastern
    2. 10:30-11:30 Pacific / 12:30-1:30 Central / 1:30-2:30 Eastern

2. Thursday 1/25

    1. 11:30-12:30 Pacific / 1:30-2:30 Central / 2:30-3:30 Eastern

3. Friday 1/26

    1. 9:30-10:30 Pacific / 11:30-12:30 Central / 12:30-1:30 Eastern
    2. 1-2 Pacific / 3-4 Central / 4-5 Eastern


Best regards, and thanks,

Chris

---

**From:** "Lenning, Nicholas F." <Nicholas.Lenning@klgates.com>
**Date:** Thursday, January 18, 2024 at 2:06 PM
**To:** "cjm2002@columbia.edu" <cjm2002@columbia.edu>, "Long, Betsy" <Elizabeth.Long@arnoldporter.com>, "Allor, Katherine" <Katy.Allor@klgates.com>, "Benyacar, David" <David.Benyacar@arnoldporter.com>, "Blair, Matthew A." <Matthew.Blair@klgates.com>, "Boardman, Albert" <Albert.Boardman@arnoldporter.com>, "Bridges, Kenneth -EXTERNAL" <bridgesip@icloud.com>, "Brown, Ketajh M." <Ketajh.Brown@klgates.com>, "Brown, Melissa" <Melissa.Brown@arnoldporter.com>, "Carr, Thomas" <Thomas.Carr@arnoldporter.com>, "Cohn, Marc A." <Marc.Cohn@arnoldporter.com>, "Dacus, Deron (EXTERNAL)" <ddacus@dacusfirm.com>, "DeWitt, Amy" <Amy.DeWitt@arnoldporter.com>, "Engel, Jason A." <jason.engel@klgates.com>, "ce@wsfirm.com" <ce@wsfirm.com>, "andrea@wsfirm.com" <andrea@wsfirm.com>, "Ghavimi, Darlene F." <Darlene.Ghavimi@klgates.com>, "Goodrich, Christina N." <Christina.Goodrich@klgates.com>, "Hartjes, Jennie -EXTERNAL"

<jhartjes@goldmanismail.com>, "wh@wsfirm.com" <wh@wsfirm.com>, "Littmann, Alan E (EXTERNAL)" <alittmann@goldmanismail.com>, "Louden, William" <William.Louden@arnoldporter.com>, "Mayani, Palak" <Palak.Mayani@arnoldporter.com>, "Meggs, Connor J." <Connor.Meggs@klgates.com>, "Nemirovsky, Zachary" <Zachary.Nemirovsky@arnoldporter.com>, "Neufeld, Courtney A." <Courtney.Neufeld@klgates.com>, "Pieja, Michael -EXTERNAL" <mpieja@goldmanismail.com>, "Reisner, Daniel" <Daniel.Reisner@arnoldporter.com>, "Richey, Samuel P." <Samuel.Richey@klgates.com>, "Shapland, Eric -EXTERNAL" <Eric.Shapland@arnoldporter.com>, "Shimota, Jim A." <Jim.Shimota@klgates.com>, "Soskin, Peter E." <Peter.Soskin@klgates.com>, "Steiert, Natalie" <Natalie.Steiert@arnoldporter.com>, "Summerfield, George" <George.Summerfield@klgates.com>, "jw@wsfirm.com" <jw@wsfirm.com>, "Winnard, Doug -EXTERNAL" <dwinnard@goldmanismail.com>, "Young, Jr., William" <William.Young@arnoldporter.com>, "Zhang, Shaun -EXTERNAL" <szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

Chris,

Entropic is willing to meet and confer. Please propose some times and I will confirm Entropic's availability, including our local counsel. I believe all of the redactions that you have identified are Charter's alleged confidential information, not Entropic's, but I will confirm before the meet and confer. If there are other redactions that are of concern, please let us know so we can review in advance. Thank you.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

**From:** cjm2002@columbia.edu <cjm2002@columbia.edu>
**Sent:** Thursday, January 18, 2024 8:53 AM
**To:** Long, Betsy <Elizabeth.Long@arnoldporter.com>; Allor, Katherine <Katy.Allor@klgates.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Blair, Matthew A. <Matthew.Blair@klgates.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Bridges, Kenneth -EXTERNAL

<bridgesip@icloud.com>; Brown, Ketajh M. <Ketajh.Brown@klgates.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Carr, Thomas <Thomas.Carr@arnoldporter.com>; Cohn, Marc A. <Marc.Cohn@arnoldporter.com>; Dacus, Deron (EXTERNAL) <ddacus@dacusfirm.com>; DeWitt, Amy <Amy.DeWitt@arnoldporter.com>; Engel, Jason A. <jason.engel@klgates.com>; ce@wsfirm.com; andrea@wsfirm.com; Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>; Hartjes, Jennie -EXTERNAL <jhartjes@goldmanismail.com>; wh@wsfirm.com; Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Littmann, Alan E (EXTERNAL) <alittmann@goldmanismail.com>; Louden, William <William.Louden@arnoldporter.com>; Mayani, Palak <Palak.Mayani@arnoldporter.com>; Meggs, Connor J. <Connor.Meggs@klgates.com>; Nemirovsky, Zachary <Zachary.Nemirovsky@arnoldporter.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Pieja, Michael -EXTERNAL <mpieja@goldmanismail.com>; Reisner, Daniel <Daniel.Reisner@arnoldporter.com>; Richey, Samuel P. <Samuel.Richey@klgates.com>; Shapland, Eric -EXTERNAL <Eric.Shapland@arnoldporter.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Soskin, Peter E. <Peter.Soskin@klgates.com>; Steiert, Natalie <Natalie.Steiert@arnoldporter.com>; Summerfield, George <George.Summerfield@klgates.com>; jw@wsfirm.com; Winnard, Doug -EXTERNAL <dwinnard@goldmanismail.com>; Young, Jr., William <William.Young@arnoldporter.com>; Zhang, Shaun -EXTERNAL <szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

Dear Betsy,

I hope you and your teams enjoyed the holiday weekend. Many thanks for your prompt and helpful response.

Based on your email, I understand that both Entropic's and Charter's position is that motions to seal are not required in this docket because a protective order (Dkt. #36) is in place. I appreciate you providing the parties' position so clearly.

However, EFF disagrees as to what the law is, in E.D. Tex. and elsewhere. I'll reiterate and elaborate on EFF's position on what the law is and requires:

Protective orders do not and cannot exempt parties from their obligations to prove an entitlement to sealing, via motions to seal. Protective orders govern confidentiality during the *discovery* process, and to obtain the protection of a protection order, litigants need only "good cause." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021);  Fed R. Civ. P. 26(c)(1). But, to seal court records filed on the public court docket, courts must apply a stricter balancing test that requires a more arduous "exacting standard." *Binh Hoa Le*, 990 F.3d at 418-20. And because different legal standards apply, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is

placed in the *judicial record.*" *June Med. Servs. LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (emphasis in original). That is why motions to seal are required to shield judicial records from public view even when those same documents are marked confidential pursuant to a protective order. Parties who want to seal documents and information in the judicial record must demonstrate to the court that their interests in secrecy outweigh the presumption of public access. *See, e.g.,* Judge Gilstrap's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice at 3 ("In order to overcome the strong presumption of access, courts have held that a party seeking to seal judicial records must provide 'sufficiently compelling reasons that override the public policies favoring disclosure….'" (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)). The procedural device required to do so is a motion to seal. And the court must then weigh the interests in secrecy against the strong presumption of public access.

With this in mind, EFF's position remains the same: There are numerous violations of the public right of access in this docket. Among the violations are the heavy, unjustified redactions of certain dispositive motion papers I flagged in my first email, including Dkts. #272 (the public version of Entropic's motion for summary judgment of no license defense based on DOCSIS, Dkt. #177), #224 (the public version of Charter's response to Entropic's motion for summary judgment of no license defense based on DOCSIS, Dkt. #215), #274 (the public version of Entropic's motion for partial summary judgment that devices with MaxLinear Chips are not non-infringing alternatives affecting the reasonable royalty rate, Dkt. #179), and #221 (the public version of Charter's response to Entropic's motion for partial summary judgment that devices with MaxLinear Chips are not non-infringing alternatives affecting the reasonable royalty rate, Dkt. #211), and their associated exhibits.

I reiterate EFF's request that Entropic and Charter file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that Entropic and Charter wish to keep sealed.

I know you mentioned that the parties perceive no need to meet and confer, but EFF and I would like to talk, in an effort to resolve this dispute out of court. Please let me know. If I do not hear from you, I will assume that both Entropic and Charter have conclusively declined to meet and confer on these issues. EFF may then proceed to raise its concerns with the Court.

I look forward to hearing from you.

Best regards, and thanks again,

Chris

---

**From:** Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Date:** Wednesday, January 10, 2024 at 2:29 PM
**To:** Christopher Morten <cjm2002@columbia.edu>, katy.allor@klgates.com <katy.allor@klgates.com>, Benyacar, David <David.Benyacar@arnoldporter.com>, matthew.blair@klgates.com <matthew.blair@klgates.com>, Boardman, Albert

<Albert.Boardman@arnoldporter.com>, bridgesip@icloud.com
<bridgesip@icloud.com>, ketajh.brown@klgates.com <ketajh.brown@klgates.com>,
Brown, Melissa <Melissa.Brown@arnoldporter.com>, Carr, Thomas
<Thomas.Carr@arnoldporter.com>, Cohn, Marc A. <Marc.Cohn@arnoldporter.com>,
ddacus@dacusfirm.com <ddacus@dacusfirm.com>, DeWitt, Amy
<Amy.DeWitt@arnoldporter.com>, jason.engel@klgates.com
<jason.engel@klgates.com>, ce@wsfirm.com <ce@wsfirm.com>,
andrea@wsfirm.com <andrea@wsfirm.com>, Darlene.Ghavimi@klgates.com
<Darlene.Ghavimi@klgates.com>, christina.goodrich@klgates.com
<christina.goodrich@klgates.com>, jhartjes@goldmanismail.com
<jhartjes@goldmanismail.com>, wh@wsfirm.com <wh@wsfirm.com>,
nicholas.lenning@klgates.com <nicholas.lenning@klgates.com>,
alittmann@goldmanismail.com <alittmann@goldmanismail.com>, Louden, William
<William.Louden@arnoldporter.com>, Mayani, Palak
<Palak.Mayani@arnoldporter.com>, connor.meggs@klgates.com
<connor.meggs@klgates.com>, Nemirovsky, Zachary
<Zachary.Nemirovsky@arnoldporter.com>, courtney.neufeld@klgates.com
<courtney.neufeld@klgates.com>, mpieja@goldmanismail.com
<mpieja@goldmanismail.com>, Reisner, Daniel <Daniel.Reisner@arnoldporter.com>,
samuel.richey@klgates.com <samuel.richey@klgates.com>, Shapland, Eric
<Eric.Shapland@arnoldporter.com>, jim.shimota@klgates.com
<jim.shimota@klgates.com>, peter.soskin@klgates.com
<peter.soskin@klgates.com>, Steiert, Natalie <Natalie.Steiert@arnoldporter.com>,
george.summerfield@klgates.com <george.summerfield@klgates.com>,
jw@wsfirm.com <jw@wsfirm.com>, dwinnard@goldmanismail.com
<dwinnard@goldmanismail.com>, Young, Jr., William
<William.Young@arnoldporter.com>, szhang@goldmanismail.com
<szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al,
Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier
Foundation to remedy apparent over-sealing

Dear Chris,

I respond on behalf of Plaintiff Entropic and Defendant Charter.

The parties' filings under seal are proper.  Local Rule CV-5 allows filing under seal if the
document "contains a statement by counsel following the certificate of service that certifies
that (1) a motion to seal the document has been filed, or (2) the court already has granted
authorization to seal the document."  Here, the protective order (Dkt. 36) states that "Any
DESIGNATED MATERIAL that is filed with the Court shall be filed under seal."  The parties'
sealed filings in this case contain a statement by counsel pursuant to Local Rule CV-5 that
references the protective order.  As such, motions to seal are not required.  Further, as the
parties complied with the Court's rules, there is no need for a meet and confer.

Best,
Betsy

———————————
Betsy Long
Counsel | Bio

## Arnold & Porter

250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.8067
Elizabeth.Long@arnoldporter.com
www.arnoldporter.com | LinkedIn

**From:** Christopher Morten <cjm2002@columbia.edu>
**Sent:** Friday, January 5, 2024 11:19 AM
**To:** katy.allor@klgates.com; Benyacar, David <David.Benyacar@arnoldporter.com>; matthew.blair@klgates.com; Boardman, Albert <Albert.Boardman@arnoldporter.com>; bridgesip@icloud.com; ketajh.brown@klgates.com; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Carr, Thomas <Thomas.Carr@arnoldporter.com>; Cohn, Marc A. <Marc.Cohn@arnoldporter.com>; zzz.External.ddacus@dacusfirm.com <ddacus@dacusfirm.com>; DeWitt, Amy <Amy.DeWitt@arnoldporter.com>; jason.engel@klgates.com; ce@wsfirm.com; zzz.External.andrea@wsfirm.com <andrea@wsfirm.com>; Darlene.Ghavimi@klgates.com; christina.goodrich@klgates.com; jhartjes@goldmanismail.com; zzz.External.wh@wsfirm.com <wh@wsfirm.com>; nicholas.lenning@klgates.com; zzz.External.alittmann@goldmanismail.com <alittmann@goldmanismail.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>; Louden, William <William.Louden@arnoldporter.com>; Mayani, Palak <Palak.Mayani@arnoldporter.com>; connor.meggs@klgates.com; Nemirovsky, Zachary <Zachary.Nemirovsky@arnoldporter.com>; courtney.neufeld@klgates.com; mpieja@goldmanismail.com; Reisner, Daniel <Daniel.Reisner@arnoldporter.com>; samuel.richey@klgates.com; Shapland, Eric <Eric.Shapland@arnoldporter.com>; jim.shimota@klgates.com; peter.soskin@klgates.com; Steiert, Natalie <Natalie.Steiert@arnoldporter.com>; george.summerfield@klgates.com; jw@wsfirm.com; dwinnard@goldmanismail.com; Young, Jr., William <William.Young@arnoldporter.com>; szhang@goldmanismail.com
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

External E-mail

**Re: *Entropic Communications, LLC v. Charter Communications, Inc. et al*, Docket No. 2:22-cv-00125 (E.D. Tex.)**

Counsel,

I am an attorney writing on behalf of my client, the Electronic Frontier Foundation (EFF). I practice as director of Columbia Law School's Science, Health, and Information Clinic, a student clinic. This clinic is part of Morningside Heights Legal Services, Inc., a not-for-profit law firm that provides pro bono legal services to EFF and other clients. I CC here a clinic student working with me, Hiba Ismail.

I write to you in your capacities as counsel of record for parties Entropic Communications, LLC (Entropic) and Charter Communications, Inc. (Charter) in the case *Entropic Communications, LLC v. Charter Communications, Inc. et al*, Docket No. 2:22-cv-00125 (E.D. Tex. Apr 27, 2022).

As you know, "the public's right of access to judicial records is a fundamental element of the rule of law." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). EFF has a longstanding interest in preserving the public right of access, and an established history of vindicating this right, including in E.D. Tex. *See Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-cv-584, 2016 WL 3870069 (E.D. Tex. Apr. 18, 2016); *Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-cv-713-RWS-RSP, 2016 WL 3460763 (E.D. Tex. Apr. 7, 2016); *see also* Matthew Bultman, *EFF Gets Docs Unsealed in 'Opaque' East Texas Patent Case*, Law360 (May 18, 2016), https://www.law360.com/articles/797681/eff-gets-docs-unsealed-in-opaque-east-texas-patent-case.

EFF is concerned that Entropic and Charter have filed certain court records in this case under seal without any showing by the parties or judicial determination that the strong presumption of public access to these records has been overcome. Examples of such records include Dkts. #272 (the public version of Entropic's motion for summary judgment of no license defense based on DOCSIS, Dkt. #177), #224 (the public version of Charter's response to Entropic's motion for summary judgment of no license defense based on DOCSIS, Dkt. #215), #274 (the public version of Entropic's motion for partial summary judgment that devices with MaxLinear Chips are not non-infringing alternatives affecting the reasonable royalty rate, Dkt. #179), and #221 (the public version of Charter's response to Entropic's motion for partial summary judgment that devices with MaxLinear Chips are not non-infringing alternatives affecting the reasonable royalty rate, Dkt. #211), and their associated exhibits, all of which contain heavy redactions not supported by any motions to seal, orders on sealing, or other justifications for secrecy.

Both the initial and ongoing sealing of these records is therefore improper. *See* Judge Gilstrap's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice (recognizing that requests to seal must demonstrate "that the information sought to be protected is of such a sensitive nature that its disclosure creates a risk of harm that outweighs the strong presumption in favor of public access to judicial proceedings").

EFF hereby requests that Entropic and Charter file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that Entropic and Charter wish to keep sealed. Motions to seal should establish that legally sufficient reasons exist to justify ongoing secrecy. Any currently sealed records that Entropic and Charter do not wish to keep sealed should be re-filed on the docket, promptly, in unsealed, publicly accessible form.

Please let us know whether Entropic and Charter will comply with the above request.

We would be glad to discuss specific filings we consider over-sealed and potential remedies. If Entropic or Charter is not willing or able to comply, please let us know when counsel is available to meet and confer, pursuant to E.D. Tex. Local Rule CV-7, on a date on or before January 26, 2024.

Best regards,

Chris

-------------------------
Christopher Morten
Director, Science, Health & Information Clinic
Columbia Law School
Office: (212) 854-1845
Email: cjm2002@columbia.edu

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com