# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S OPPOSITION TO ELECTRONIC FRONTIER FOUNDATION'S MOTION TO INTERVENE AND TO UNSEAL COURT RECORDS (DKT. 425)**

**I.     INTRODUCTION**

Defendant Charter Communications, Inc. ("Charter") opposes the Motion to Intervene and to Unseal Court Records[1] ("Motion") (Dkt. 425) filed by the Electronic Frontier Foundation ("EFF").  The court should deny EFF's motion to intervene as untimely and, even if the Court grants EFF's motion to intervene, the Court should deny EFF's request to unseal court records because the parties' filings comply with the Court's rules.

**II.    BACKGROUND**

On September 11, 2023, plaintiff Entropic Communications, LLC's ("Entropic") filed its Motion For Summary Judgment of No License Defense Based on DOCSIS (Dkt. 177). Charter filed a brief in opposition to the motion (Dkt. 215) on September 25, 2023; Entropic filed a reply (Dkt. 237) on October 3, 2023; Charter filed a sur-reply (Dkt. 267) on October 11, 2023; and on December 7, 2023, Charter filed its objections to the Court's report and recommendation granting Entropic's motion (all five filings and associated exhibits, collectively, "DOCSIS motion papers"). Pursuant to this Court's Local Rule CV-5(a)(7)(B), the DOCSIS motion papers were filed under seal based on the Protective Order (Dkt. 36) granted by the Court. As required, the parties subsequently filed public versions of the DOCSIS motion papers. *See* Dkts. 224, 272, 276, 314, and 412.

On December 10, 2023, the parties filed a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). Dkt. 407. That same day, the Court dismissed the case with prejudice and closed the case. Dkt. 408. Almost four months after this case was dismissed with prejudice and closed, EFF now seeks to intervene and to direct the Court to unseal the DOCSIS motion papers.

---

[1] EFF's motion violates Local Rule CV-7(a) which states that each motion "must be filed as a separate document." L.R. CV-7(a). EFF's failure to adhere to the rule is prejudicial because it requires Charter to oppose relief that EFF has not yet proved it is in a position to seek. Nevertheless, Charter addresses EFF's motion to unseal.

### III.     LEGAL STANDARD

Courts may permit intervention in a civil action on an applicant's timely motion if the applicant: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). A threshold issue regarding an applicant's motion to intervene permissively under Rule 24(b) is that the application must be timely. *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973). Timeliness under the permissive intervention standard is evaluated more strictly than under mandatory intervention. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977); *see also Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021). "[T]imeliness is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth*, 558 F.2d at 263. The Fifth Circuit "assesses [timeliness] through the factors set forth in *Stallworth*: (1) the length of time the movant waited to file, (2) the prejudice to the existing parties from any delay, (3) the prejudice to the movant if the intervention is denied, and (4) any unusual circumstances." *U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023) (citing *Stallworth*, 558 F.2d 257). "Permissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471–72 (5th Cir. 1984)).

This Court's Local Rule CV-5(a)(7)(B) directs the parties how to file documents under seal, stating that "a document in a civil case shall not be filed under seal unless it contains a statement by counsel following the certificate of service that certifies that (1) a motion to seal the document has been filed, or (2) the court already has granted authorization to seal the document." L.R. CV-5(a)(7)(B). The Protective Order in this case states that "[a]ny DESIGNATED

MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court." Dkt. 36 at ¶ 16.

IV.     **ARGUMENT**

    A.     **This Court Should Deny EFF's Motion to Intervene**

Under the *Stallworth* factors, EFF's intervention is untimely.

Factor 1: The length of time the movant waited to file. EFF argues that its motion is timely because it "was only on November 29, 2023, that Judge Payne explained Charter's DOCSIS License defense to EFF and the public in his R&R." Mot. at 13. Here, Charter's DOCSIS license defense is pled in its redacted Answer filed on May 24, 2023. Dkt. 105 at 14 (Entropic's claims are barred "to the extent that Charter's use of the Accused Cable Modem Products, Accused Set Top Products, and Accused Services are subject to MaxLinear's license of any patent needed to practice the DOCSIS standards to CableLabs and its members."). As such, EFF should have been aware no later than May 24, 2023 that Charter was asserting a DOCSIS license defense.[2] While the intervenor's general awareness of the case is "not the appropriate starting point by which to measure" delay "it sets boundaries for determining what 'actions of the litigants'" the intervenor "was or should have been aware of to put him on notice that the litigants became non-adversarial and complacent as to his interests." *U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, No. 2:16-CV-00432, 2024 WL 1149191 at *3 (E.D. Tex. Mar. 15, 2024).

The next step is to look to "the actions of the litigants" and "to determine when [EFF] knew or reasonably should have known 'that [its] interests would no longer be protected.'" *U.S. ex rel. Hernandez,* 2024 WL 1149191 at *4. Here, EFF states that on November 29, 2023, "Judge Payne

---

[2] Based on EFF's self-professed interest in DOCSIS, "the license defense," and its past interventions in this Court, it would be reasonable to assume EFF would keep apprised of cases in this Court related to these issues. *See* Mot. at 1–2, 3, 13; *see also* Dkt. 425-9 at ¶ 16 ("EFF is specifically interested" in DOCSIS.).

3

explained Charter's DOCSIS License defense to EFF and the public." Mot. at 13. EFF should have been aware no later than this date that its interests in would go unprotected. Based on this date, EFF unreasonably delayed for almost four months before filing its motion. EFF states that it "*promptly* notified counsel for the parties on January 5, 2024." Mot. at 14 (emphasis added). EFF cannot argue that waiting more than a month (36 days)—and 26 days after the case was dismissed—after Judge Payne's Report and Recommendation to contact the parties and then delaying another two-plus months before filing its motion shows that its motion is timely. This factor weighs against EFF.

Factor 2: The prejudice to the existing parties from any delay. EFF's delay in filing its petition creates an almost four-month window between the disbanding of the case and the parties having to revisit confidentiality issues they reasonably believed were settled. This delay is prejudicial to the parties. *See U.S. ex rel. Hernandez,* 2024 WL 1149191 at *7 ("When parties settle a case, they do not expect to get pulled back into that same case many months later after all business has been concluded, the parties have made their peace, and their respective trial teams have disbanded and moved on."). This factor weighs against EFF.

Factor 3: The prejudice to the movant if the intervention is denied. EFF only argues that it "will be prejudiced if the Court denies leave to intervene" without any elaboration and then cites an attached declaration. Motion at 14. While it is not Charter's burden to articulate EFF's argument based on its declaration, nonetheless, to the extent EFF believes it will be prejudiced without unsealing the DOCSIS motion papers, the Court's November 29, 2023 Report and Recommendation provides a thorough recitation of and analysis of the issues. EFF has failed to articulate any prejudice. This factor weighs against EFF.

Factor 4: Any unusual circumstances. EFF has presented no argument regarding any unusual circumstances that militate in favor of a determination of timeliness.

Because the first three *Stallworth* factors weigh against intervention and EFF presents no argument regarding the fourth *Stallworth* factor, EFF's motion to intervene is untimely. Accordingly, the Court should exercise its discretion and deny EFF's motion to intervene.

**B.     If the Court Grants EFF's Motion to Intervene, the Court Should Deny EFF's Motion to Unseal**

The Court should deny EFF's motion to unseal the DOCSIS motion papers because the parties have complied with the Court's requirement for filing under seal. While EFF's motion devotes almost four pages to reciting case law regarding public access to records, *see* Motion at 7–10, EFF provides no argument why the DOCSIS motion papers should be unsealed outside of the public's right access to records, *see id.* at 10–12.³

EFF's argument that the parties have not articulated reasons for sealing the DOCSIS motion papers and that the Court has not been given the opportunity to provide reasons for allowing sealing entirely ignores this Court's procedure for filing under seal. *See* Mot. at 11. Local Rule CV-5(a)(7)(B) states that "a document in a civil case shall not be filed under seal unless it contains a statement by counsel following the certificate of service that certifies that (1) a motion to seal the document has been filed, or (2) the court already has granted authorization to seal the document." L.R. CV-5(a)(7)(B). As the rule plainly states, there are two options for a party to file under seal. EFF argues that only the first part of the rule should apply but provides no authority why the Court's rule is incorrect nor why the second part of the rule is not applicable. *See* Fed. R. Civ. P. 83(a)(1) ("A local rule takes effect on the date specified by the district court and remains

---

³ To the extent EFF believes that the amount of redactions correlates to EFF's presumption that the redactions are unjustified, this is speculative and irrelevant. *See* Mot. at 12.

5

in effect unless amended by the court or abrogated by the judicial council of the circuit."). In fact, EFF does not discuss Local Rule CV-5 and entirely ignores this Court's procedure for filing under seal.

EFF's reliance on the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice (E.D. Tex. June 1, 2016) ("Standing Order") as support for unsealing the DOCSIS motion papers is misplaced. Mot. at 8, 11. The Standing Order's title clearly states that it is applicable to "Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice" and clearly orders parties appearing *before the Court* that requests "to seal or otherwise protect certain information of a confidential and/or proprietary nature from public disclosure *during a hearing or trial* should be made before the public disclosure of the information." Standing Order at 1 (emphasis added). Nothing in the Standing Order refers to parties *filing* documents with the Court. EFF provides no explanation why this Standing Order is applicable to filing documents under seal with the Court. Further, EFF provides no explanation why the Standing Order should be followed and Local Rule CV-5 should be ignored.

The DOCSIS motion papers were properly filed under seal pursuant to this Court's rules. Further, the parties have filed redacted public versions of the DOCSIS motion papers. EFF has failed to show why deviation from the Court's procedure for filing documents under seal is warranted.

V.     **CONCLUSION**

For the foregoing reasons, Charter respectfully requests that the Court deny EFF's motion to intervene and motion to unseal.

Dated: April 3, 2024                                             Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young
Thomas Carr
Natalie Steiert
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.louden@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary A. Nemirovsky
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real, 5 Palo Alto Square, #500

Palo Alto, California, 94304
Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served April 3, 2024, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long
