# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-CV-00125-JRG |

**THE ELECTRONIC FRONTIER FOUNDATION'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO INTERVENE AND TO UNSEAL COURT RECORDS**

I. Introduction

Charter's opposition to EFF's motion to intervene and unseal records concedes that it and Entropic violated the public's qualified First Amendment and common law rights of access to court records by filing under-seal documents concerning a case-dispositive defense without justification for sealing. Charter's opposition makes no effort to engage with the public's presumptive rights to access records in this case. Charter's opposition ignores the binding precedents of the U.S. Supreme Court, Fifth Circuit, and Federal Circuit discussed in EFF's motion that explicate the public's presumptive rights.

Instead, Charter's opposition attempts to protect the status quo of unjustified sealing by advancing a set of narrow arguments to deny EFF's intervention. The Court should reject those arguments and grant EFF the relief it seeks in its motion.

II. Argument[1]

A. The Court Should Grant EFF Leave to Intervene

EFF's motion, Dkt. 425, is timely, and the *Stallworth* factors weigh in its favor. *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977).

Factor 1: The earliest EFF could have reasonably known that its interests in the case would go unprotected was February 2024. Dkt. 425 at 13–14. EFF moved timely, approximately one month later. *See Stallworth*, 558 F.2d at 264–65.

Charter misrepresents the standard for timeliness. Dkt. 427 at 3–4. The relevant moment is when EFF knew or had reason to know that *the parties would not protect EFF's interests*, not

---

[1] Charter argues in a footnote that EFF's motion violates Local Rule CV-7(a) because EFF moved for leave to intervene and for unsealing of the Sealed Filings in a single filing. Dkt. 427 at 1 n.1. EFF's motion is proper; EFF's interest in and qualifications for intervention require explication of its interest in the Sealed Filings and the prejudice caused by their continued sealing. EFF will gladly re-file its motion as separate filings if the Court prefers.

1

when it first knew or had reason to know about the issues in the case. *Id.*; *U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023). The *Stallworth* standard must be construed in connection with the rules of this Court, including Local Rule CV-7, which requires a robust, good-faith meet-and-confer practice. EFF diligently followed Local Rule CV-7: After EFF learned of precedent created on the DOCSIS License defense in December 2023, it promptly approached the parties in January 2024 and diligently sought resolution of this dispute out of Court. Declaration of Christopher Morten, Dkt. 425-1 ¶¶ 4–10. EFF could not have moved prior to February 2024, when the meet-and-confer process ended in an impasse. *Id.* ¶ 11.

Even if the relevant moment were December 2023 (the moment of Judge Gilstrap's decision on summary judgment or first notice of the parties' settlement) or, at earliest, November 2023 (the moment of Judge Payne's Report & Recommendation (R&R)), EFF moved in less than four months, well within the bounds of timeliness. *Cf. U.S. ex rel. Hernandez v. Team Fin.*, No. 2:16-cv-00432-JRG, 2024 WL 1149191, at *6, *10 (finding ten months to be untimely).

Factor 2: Charter asserts that EFF's alleged delay is prejudicial without providing any evidence of actual prejudice or harm. Dkt. 427 at 4. The absence of such evidence weighs in EFF's favor. Additionally, that Entropic has not opposed EFF's motion is evidence of the absence of prejudice. The steps to fulfill EFF's requested relief are minimal, nothing more than what is required by the Standing Order and background law on sealing.

The parties have demonstrated that they are capable of litigating sealing disputes in this case, as they moved jointly after case closure to litigate a sealing motion that remains pending. Dkts. 417, 422. Charter cannot argue that it is prejudiced by EFF's request to revisit sealing in a recently closed case when it is asking the Court to do the same.

Factor 3: EFF will suffer prejudice if intervention is denied. Declaration of Aaron

2

Mackey, Dkt. 425-9 ¶¶ 14–21. EFF has a strong interest in understanding and reporting on the DOCSIS License and DOCSIS License defense, and sealing prevents EFF from carrying out this reporting. *Id.* EFF plans to report on this case to the public but has been unable to do so because of the sealing of the Sealed Filings. *Id*. Judge Payne's R&R is not a substitute for the underlying evidence and arguments submitted to the Court.

<u>Factor 4:</u> An unusual circumstance weighs in favor of permitting EFF to intervene. To deny EFF leave to intervene in this case could have harmful consequences in future cases before the Court. Charter's position would essentially force EFF and other members of the public interested in court records, such as journalists and academic researchers, to file motions early in litigation, before case-dispositive issues are decided or even briefed. To deny EFF's motion would encourage "fishing expeditions"—intervenors intervening in numerous cases that have the *potential* to implicate important case-dispositive issues—and so increase the burden on parties, third parties, and the Court alike. "[T]he need for intervention is not immediately apparent at the onset of litigation, and encouraging premature action is not in the parties', or the court's, interest." *Team Fin.*, 80 F.4th at 578.

## B. The Local Rules and Standing Order Do Not Authorize the Parties' Sealing

Charter relies on the Protective Order to justify sealing of the Sealed Filings. Dkt. 427 at 2–3, 5–6. That reliance is misplaced.

As EFF explained in its motion, a protective order governs discovery; it cannot authorize secrecy once information is filed on the public court docket. Dkt. 425 at 9–10. Yet Charter argues that the Protective Order somehow works in concert with Local Rule CV-5(a)(7)(B)(2) to authorize sealing absent motions to seal or an order of the Court. Dkt. 427 at 2–3.

Charter misreads the Protective Order and the Local Rule. The rule allows parties to file

3

materials under seal via a statement by counsel that "the court already has granted authorization to seal the document." L.R. CV-5(a)(7)(B)(2). The authorization contemplated by the rule is a Court order sealing "the document"—in short, the type of order entered by a court after reviewing a motion to seal a specific document. Based on the plain text of the rule, a protective order is not authorization to seal any particular document. Thus the plain meaning of Local Rule CV-5(a)(7)(B)(2) is that once the Court has entered an order sealing *a particular document*, the parties do not have to move to seal that same document in the future. Charter's reading requires the Court to interpret "the document" as referring to all documents subject to a protective order. That reading stretches the rule beyond its plain meaning.

Even if Charter's reading of the Protective Order and the Local Rule were reasonable, the Court should avoid adopting it because it conflicts with the First Amendment. Charter's interpretation of Local Rule CV-5(a)(7)(B)(2) is that protective orders can create blanket "authorization" to seal, exempting parties from any obligation to justify sealing records via motions. Dkt. 427 at 5–6. To interpret the Local Rule in this way would violate the First Amendment, as construed by the U.S. Supreme Court, Fifth Circuit, and Federal Circuit. *See* Dkt. 425 at 7–12; *see also Globe Newspaper Co. v. Superior Court of Norfolk Cnty.*, 457 U.S. 596, 602 (1982) (holding that a state law excluding the public from judicial proceedings violated the First Amendment). When an interpretation of a rule would create significant constitutional problems, courts should construe the rule to avoid that result. *See Hersh v. U.S. ex rel. Mukasey*, 553 F.3d 743, 754 (5th Cir. 2008).

Charter also argues that "[n]othing in the Standing Order refers to parties *filing* documents with the Court." Dkt. 427 at 6. Charter misreads the Standing Order. The Court's Standing Order expressly covers all motion practice before the Court, not just hearings and trials:

4

The title and the commentary of the Standing Order refer to both motion practice and trial practice. *See* Standing Order at 1, 2–4. Case law incorporated by the Standing Order recognizes the public right of access to dispositive motion papers. *See, e.g.*, *id.* at 3 (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)). *Apple v. Samsung* reaffirmed the public right of access to dispositive motion papers, including evidence essential to courts' and juries' disposition of key issues. *See* 727 F.3d at 1223, 1226. The Standing Order's plain text also refers repeatedly to "judicial records" and "court records" broadly. Standing Order at 3.

Even if Charter were correct and the Court's Standing Order were limited to public disclosures made during a hearing or trial, the parties and the Court are still bound by the U.S. Supreme Court, Fifth Circuit, and Federal Circuit precedents that recognize that the public right of access attaches to dispositive motion papers—including the Sealed Filings. "The standards for sealing and redaction are well-established, … and the above standing order makes no substantive change to them…." *Id.* at 4. Charter does not and cannot dispute this point.

In contrast with Charter's, EFF's interpretation of the Local Rules and the Standing Order harmonizes those authorities with precedent that establishes what is required by parties seeking to seal court documents in connection with a case-dispositive motion. Dkt. 425 at 7–10.

Finally, because Charter concedes that EFF has shown repeated violations of the public's First Amendment and common law rights to access records in this case, the Court should grant EFF's motion to unseal for all the reasons stated therein.

### III. Conclusion

The Court should allow EFF to intervene and grant the relief EFF seeks.

Dated: April 10, 2024                                      Respectfully submitted,[2]

---

[2] Counsel wishes to thank law students Sean Hong, Hiba Ismail, and Gloria Yi for their many contributions to this reply.

5

*/s/ Christopher J. Morten*
Christopher J. Morten (admitted E.D. Tex.)
(NY Bar No. 5428107)
SCIENCE, HEALTH & INFORMATION CLINIC
MORNINGSIDE HEIGHTS LEGAL SERVICES, INC.
Columbia Law School
435 West 116 St, Room 831
New York, NY 10027
Tel: (212) 854-1845
cjm2002@columbia.edu
*Counsel of Record*
*Attorney for Proposed Intervenor*
*The Electronic Frontier Foundation*

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). To ensure service on all counsel, I also emailed courtesy copies of this motion and associated filings to counsel of record for the parties on April 10, 2024.

*/s/ Christopher J. Morten*
Christopher J. Morten

7