# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED** |

**CHARTER'S SUR-REPLY IN OPPOSITION TO ELECTRONIC FRONTIER FOUNDATION'S MOTION TO INTERVENE AND TO UNSEAL COURT RECORDS**

Charter submits this sur-reply in further opposition to EFF's Motion to Intervene and to Unseal Court Records. (*See* Dkts. 425, 427, and 428.) The motion should be denied.

## I.  INTRODUCTION

EFF's motion does not even attempt to demonstrate that Charter failed to comply with the Court's rules. Instead, its motion seeks to have the Court modify its rules and then demand Charter's retroactive, post-dismissal compliance with the previously non-extant rule nearly five months after Charter resolved the case. EFF's motion should be dismissed for two separate reasons.

***First***, EFF's motion to intervene is untimely under the *Stallworth* factors because three of the factors weigh against EFF's intervention and the fourth one is neutral. EFF's reply brief points to no evidence to the contrary.

***Second***, contrary to EFF's argument, (Dkt. 428 at 1), Charter has not conceded that the parties filed the DOCSIS motion papers under seal without proper justification for sealing. To the contrary, as Charter has clearly stated, the parties followed this Court's procedure for filing documents under seal and EFF has failed to show otherwise.

## II.  ARGUMENT

### A.  EFF Has Failed to Show that Leave to Intervene Should be Granted

EFF's intervention is untimely under three of the *Stallworth* factors.

Factor 1: EFF incorrectly argues that the earliest it "could have reasonably known that its interests in the case would go unprotected was February 2024." (Dkt. 428 at 1.) However, as detailed in Charter's opposition brief, EFF should have been aware of "the actions of the litigants" no later than May 24, 2023 when Charter asserted a DOCSIS license defense, and known its interests would go unprotected as of November 29, 2023, the date of Judge Payne's Report and Recommendation. (*See* Dkt. 427 at 3–4.)

1

EFF's argument that "Charter misrepresents the standard for timeliness" is wrong. (Dkt. 428 at 1.) Charter specifically stated that "the intervenor's general awareness of the case is 'not the appropriate starting point by which to measure' delay." (Dkt. 427 at 3.) Instead, Charter focused on when EFF knew or reasonably should have known that its interests would no longer be protected—November 29, 2023. (*Id.*) EFF's four-month delay after that date weighs against EFF.

<u>Factor 2:</u> Contrary to EFF's argument, (Dkt. 428 at 2), Charter has shown prejudice. As stated in Charter's opposition, EFF's delay in filing its motion created an almost four-month window between the end of the case and the parties having to revisit the confidentiality issues they reasonably believed were settled. This court has found this very delay prejudicial. *See U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, No. 2:16-CV-00432, 2024 WL 1149191 at *7 (E.D. Tex. Mar. 15, 2024) ("When parties settle a case, they do not expect to get pulled back into that same case many months later after all business has been concluded, the parties have made their peace, and their respective trial teams have disbanded and moved on.").

EFF's argument that Entropic's failure to "oppose[] EFF's motion is evidence of the absence of prejudice" is not persuasive. (Dkt. 428 at 2.) Not included in EFF's reply (but recited in EFF's counsel's declaration) was Entropic's position that the information under seal is "not Entropic's and that Entropic does not have a view on whether the information should remain sealed." (Dkt. 425-1 at ¶ 8.) Thus, Entropic's position does not show an absence of prejudice to Charter.

Finally, EFF has pointed to no authority that the parties' prior motion practice is relevant to this factor. (*See* Dkt. 428 at 2.)

Thus, Charter has demonstrated prejudice and this factor also weighs against EFF.

Factor 3: EFF's argument that it needs access to the DOCSIS motions papers to "report on this case to the public" (Dkt. 428 at 3), ignores that the Court's November 29, 2023 Report and Recommendation provides a thorough recitation and analysis of the issues. Thus, EFF cannot demonstrate prejudice and this factor weighs against EFF.

Factor 4: EFF's argument that denying it "leave to intervene in this case could have harmful consequences in future cases before the Court" is an unusual circumstance (Dkt. 428 at 3) is misplaced. This factor "focuses on the existence of unusual circumstances militating for or against the timeliness of a motion to intervene, *not for or against intervention*." *Lyttle v. Trulieve, Inc.,* Case No. 8:19-cv-2313-CEH-TGW, 2021 WL 2379395 at *6 (M.D. Fla. June 10, 2021) (emphasis added). As such, EFF has presented no argument regarding any unusual circumstances that militate in favor of a determination of timeliness. This factor is neutral.

Because the first three *Stallworth* factors clearly weigh against intervention and the fourth is, at best, neutral, the Court should exercise its discretion and deny EFF's motion to intervene.

**B.      EFF Has Failed to Show that Its Motion to Unseal Should be Granted**

EFF's reply brief again misses the point—the parties have complied with the Court's requirement for filing under seal.

As Local Rule CV-5(a)(7)(B)(2) plainly states, there are two options for a party to file under seal. EFF's reply ignores this Court's procedure for filing under seal when it "already has granted authorization to seal the document," without providing any authority that the Court's rule is incorrect or the second part of the rule is inapplicable. (*See* Dkt. 428 at 3–4.)

EFF's attempt to parse the Standing Order to support its argument that it only applies to filing motion papers ignores its clear reference to "Confidential Information *To Be Presented to the Court* During Motion and Trial Practice." Standing Order at 1 (emphasis added). Further, contrary to EFF's argument that the Standing Order's "plain text also refers repeatedly to 'judicial

3

records' and 'court records' broadly" (Dkt. 428 at 5), the Standing Order references judicial records twice and court records once—both in the background section of the footnote. Standing Order at n.1.  Thus, EFF has failed to show why this Court should deviate from its procedure for filing documents under seal.

### III.   CONCLUSION

For the reasons discussed above, as well as in Charter's opposition (Dkt. 427), the Court should deny EFF's motion to intervene and motion to unseal.

Dated: April 17, 2024                                   Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
Elizabeth Long
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: elizabeth.long@arnoldporter.com

**Attorneys for Defendant**
**Charter Communications, Inc.**

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served April 17, 2024, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long