IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00125-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is third party Electronic Frontier Foundation's ("EFF") Motion to Intervene and to Unseal Court Records (the "Motion") (Dkt. No. 425). Having considered the Motion and briefing, the Court finds that it should be **DENIED** for the reasons set forth herein.

### I. BACKGROUND

On April 27, 2022, Plaintiff Entropic Communications, LLC ("Plaintiff" or "Entropic") filed a Complaint against Defendant Charter Communications, Inc. ("Defendant" or "Charter") alleging infringement of six U.S. patents. (Dkt. No. 1.) In December 2023, the parties settled the case (Dkt. No. 407.) The Court accepted and acknowledged the Parties' Stipulation of Dismissal and closed the case on December 10, 2023. (Dkt. No. 408.)

On March 20, 2024, third party EFF moved to intervene "for the limited purpose of vindicating the public's right to access court records." (Dkt. No. 425 at 1.) That motion is now before the Court.

### II. LEGAL STANDARD

Courts may permit intervention in a civil action on an applicant's timely motion if the applicant: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or

defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). A threshold issue regarding an applicant's motion to intervene, whether as of right under Rule 24(a) or permissively under either prong of Rule 24(b), is that the application must be timely. *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973). Timeliness under the permissive intervention standard is evaluated more strictly than under mandatory intervention. *Stallworth*, 558 F.2d at 266; *see also Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021).

"[T]imeliness is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth*, 558 F.2d at 263. The Fifth Circuit "assesses [timeliness] through the factors set forth in *Stallworth v. Monsanto Co.*: (1) the length of time the movant waited to file, (2) the prejudice to the existing parties from any delay, (3) the prejudice to the movant if the intervention is denied, and (4) any unusual circumstances." (Dkt. No. 471-1 at 8-9) (citing 558 F.2d 257).

Further, "[p]ermissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471–72 (5th Cir. 1984)).

### III. DISCUSSION

#### A. The Motion to Intervene

EFF seeks permissive intervention in this case and argues that its motion is timely. (Dkt. No. 425 at 13.) The Court addresses each of the *Stallworth* factors on timeliness in turn.

##### 1. The length of delay

To determine timeliness, "[a] court must . . . look to the actions of the litigants" and determine "the moment that the prospective intervenor knew that his interest would 'no longer be

protected.'" *U.S. ex rel Hernandez v. Team Fin.*, 80 F.4th 571, 578 (5th Cir. 2023).  EFF argues that this moment occurred on November 29, 2023, when Magistrate Judge Payne issued his Report and Recommendation ("R&R") on Charter's DOCSIS license defense. (*Id.* at 13; Dkt. No. 482 at 1-2.)  Alternatively, EFF argues that the relevant moment is December 8, 2023, when this Court adopted Magistrate Judge Payne's R&R.  (Dkt. No. 425 at 13.)  According to EFF, under either date, EFF filed its motion in less than four months, which is "well within the bounds of timeliness." (Dkt. No. 428 at 2.)

While Charter observes that EFF should have been aware of the DOCSIS license defense generally no later than May 24, 2023, the date of Charter's redacted Answer containing the defense (Dkt. No. 427 at 3), it does not appear to dispute that November 29, 2023 is the relevant moment for the timeliness inquiry.  However, it argues that EFF's four-month delay cannot be timely. (*Id.* at 3-4; Dkt. No. 429 at 1-2.)

Having considered the above arguments, the Court finds that the length of delay in this case weighs against timeliness.  EFF seeks the unsealing of the briefing and exhibits relating to Plaintiff's Motion for Summary Judgment of No License Defense Based on DOCSIS. (Dkt. No. 425 at 15.)  That motion was filed on September 11, 2023 and became fully briefed on October 11, 2023.  (Dkt. No. 177; Dkt. No. 267.)  The Court notes that EFF repeatedly characterized the DOCSIS license defense as a "key issue in this case." (Dkt. No. 425 at 2.)  Furthermore, Charter put the public on notice of the defense almost four months before Plaintiff filed its summary judgment motion.  In light of these circumstances, this Court believes that EFF likely followed the filings in this case and had a particular interest in this summary judgment motion.  As such, common sense indicates that EFF would have known by the time the motion was fully briefed (October 11, 2023) *at the latest* that the documents were sealed without accompanying motions to

3

seal—*i.e.*, that its interest "would no longer be protected." *Hernandez*, 80 F.4th at 578. EFF may even have attempted to access the sealed material on the docket before the issuance of Magistrate Judge Payne's R&R. If it did, such shows earlier notice. If it did not, such reveals a lack of diligence. Based on the relevant date of October 11, 2023, EFF waited more than five months to file this Motion. That filing is not timely.

Out of an abundance of caution, the Court conducts the same analysis under EFF's proposed date of November 29, 2023. In light of EFF's characterization of the license defense as a "nationally important, precedent-setting case-dispositive defense" (Dkt. No. 425 at 1), the Court finds that a four-month delay is likewise untimely.

Accordingly, in the totality of the circumstances, the Court finds that the delay by EFF weighs against timeliness.

### 2.     The prejudice to the existing parties

EFF argues that permitting it to intervene will not prejudice the parties because EFF does not seek to revisit substantive issues already decided by the Court. (*Id.* at 14.) EFF points out that the parties have continued to raise sealing questions after the case was closed. (*Id.*)

In response, Charter argues that allowing EFF to intervene would be prejudicial to the parties because the case team has already disbanded, and the parties would have to revisit confidentiality issues they reasonably believed were settled. (Dkt. No. 427 at 4.)

The Court agrees with Charter. Pulling the parties back into this case months after they had settled, after they have disbanded their case teams, and well after an Order of Dismissal directing the case be closed, is prejudicial. Moreover, lawyers necessarily move onto the next case and familiarity with the issues and documents immediately begins to wane. EFF's delay resulted in a four-month gap between the settlement and this Motion. Had EFF intervened when the motion at issue became fully briefed, its Motion could have been contemporaneous with the settlement

4

when knowledge surrounding the relevant documents was fresh and the trial teams were engaged and focused.

Accordingly, the prejudice to the parties weighs against the timeliness of EFF's motion.

### 3.     The prejudice to the movant if intervention is denied

EFF contends that it has a "strong interesting in understanding and reporting on the DOCSIS License and DOCSIS License defense, and sealing prevents EFF from carrying out this reporting." (Dkt. No. 428 at 3.) EFF further argues that Magistrate Judge Payne's R&R is not "a substitute" for the underlying motions and exhibits submitted to the Court. (*Id.*)

Charter responds that Magistrate Judge Payne's R&R provides a thorough recitation and analysis of the license defense. (Dkt. No. 427 at 4.) Therefore, EFF would suffer no prejudice if intervention is denied. (*Id.*)

Having reviewed the briefing and the R&R, this Court agrees with Charter and finds that EFF will suffer little, if any, material prejudice if the Motion to Intervene is denied. As EFF admitted, Magistrate Judge Payne's R&R is entirely unredacted and summarizes the key issues relating to Charter's DOCSIS license defense. (Dkt. No. 425 at 4-5.) Despite EFF's complaints about how "little the public can [] glean about the DOCSIS dispute," EFF was able to clearly explain the two key license issues in its briefing. (*Id.*) While the Court is cognizant of the public's right to access court records, the decision to seal or unseal records is best left to the trial court "in light of the relevant facts and circumstances of the particular case." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019). Litigants must have assurance that their confidential information will not be exposed to everyone who believes their own professional interests might benefit. The Court must strike a fair balance between the competing interests of the public's right to access and the protection of confidentiality. In light of Magistrate Judge Payne's publicly available, unredacted summary of the key issues relating to

the license defense, this Court finds that EFF would suffer little, if any, material harm if intervention is denied.

### 4. Any unusual circumstances

EFF argues that denying it leave to intervene in this case would "force EFF and other members of the public interested in court records [] to file motions early in litigation, before case-dispositive issues are decided or even briefed." (Dkt. No. 428 at 3.)

In response, Charter points out that this factor focuses on any "unusual circumstances militating for or against the timeliness of a motion to intervene," not for or against intervention in general. (Dkt. No. 429 at 3.)

The Court finds that EFF has not shown any unusual circumstances that militate in favor of a *determination of timeliness*. Accordingly, this factor is neutral.

Having weighed the four *Stallworth* factors relevant to the timeliness inquiry under a totality of the circumstances, the Court finds that EFF's Motion to Intervene was not timely. Accordingly, the Court finds that EFF's Motion to Intervene should be and hereby is **DENIED**.

### B. The Motion to Unseal

The Court next turns to the Motion to Unseal.

EFF argues that the parties improperly filed the briefings and exhibits relating to Plaintiff's Motion for Summary Judgment of No License Defense Based on DOCSIS (Dkt. Nos. 177, 215, 237, 267, 386 and their attachments) under seal without accompanying motions to seal. (Dkt. No. 425 at 10-12; Dkt. No. 428 at 3-5.) In support, EFF cites Local Rule CV-5(a)(7)(B)(2) and this Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to be Presented to the Court During Motion and Trial Practice. (Dkt. No. 425 at 11; Dkt. No. 428 at 3-4.) EFF further contends that the Protective Order in this case "cannot exempt Entropic and

6

Charter from their obligation to move to file judicial records under seal and to show why the public's presumptive right of access is subordinated." (Dkt. No. 425 at 12.)

In response, Charter contends that Local Rule CV-5(a)(7)(B)(2) allows parties to file documents under seal without a motion to seal when the Court "has already granted authorization to seal the document." (Dkt. No. 427 at 5-6.) Charter argues that the Protective Order in this case grants such authorization by requiring that "[a]ny designated material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court." (Dkt. No. 427 at 2-3.) In addition, Charter contends that EFF improperly relies on a Standing Order that only applies to sealing confidential information during a public hearing or trial. (*Id.* at 6.) Therefore, according to Charter, the parties followed the proper procedures for sealing confidential documents. (*Id.* at 6.)

The Court agrees with Charter and finds that the parties properly filed under seal the confidential documents relating to Plaintiff's Motion for Summary Judgment of No License Defense Based on DOCSIS (Dkt. Nos. 177, 215, 237, 267, 386 and their attachments). As Charter correctly noted, the Protective Order in this case requires that any "designated material" under the Protective Order be filed under seal. (Dkt. No. 36 at 10.) In this context, the Court had already granted authorization to seal confidential information designated under the Protective Order under Local Rule CV-5(a)(7)(B)(2). As such, the parties need not file additional motions to seal such confidential information.

In addition, the Court notes that EFF's reliance on this Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice is misplaced. By its own terms, that Standing Order applies to the sealing of confidential information *during a public hearing or trial*, not during motion practice.

Accordingly, the Court finds that EFF's Motion to Unseal Court Records should be and hereby is **DENIED**.

IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** EFF's Motion to Intervene and to Unseal Court Records (Dkt. No. 425).

**So ORDERED and SIGNED this 2nd day of May, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE